# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE OPENAI, INC. COPYRIGHT INFRINGEMENT LITIGATION | MDL No. 1:25-md-03143-SHS-OTW<br><br>Hon. Sidney H. Stein<br>Hon. Ona T. Wang |
| THIS DOCUMENT RELATES TO:<br><br>Case No. 1:23-cv-08292-SHS (OTW)<br>Case No. 1:23-cv-10211-SHS (OTW) | |

**OPENAI DEFENDANTS' OPPOSITION TO *AUTHORS GUILD & ALTER* PLAINTIFFS'**
**MOTION FOR LEAVE TO AMEND THE COMPLAINT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     INTRODUCTION ...................................................................................................1

II.    BACKGROUND .....................................................................................................2

    A.    The MDL Proceedings ...............................................................................2

    B.    Pending Motions to Amend .......................................................................3

        **1.**    The Present Motion to Amend.........................................................3

        **2.**    The Northern District of California Plaintiffs' Motion to Amend..............5

III.    LEGAL STANDARD...............................................................................................6

IV.    ARGUMENT ...........................................................................................................7

    A.    This Court Should Not Drastically Expand the Scope of This Case, Particularly When Overall Case Management Remains in Flux ...........................8

    B.    Plaintiffs Cannot Unilaterally Withdraw A Named Plaintiff................................10

V.    CONCLUSION......................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### CASES

*AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*,
626 F.3d 699 (2d Cir. 2010)...........................................................................6

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)........................................................................................8

*E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*,
No. 17-cv-00808, 2018 WL 3062160 (E.D. Cal. June 19, 2018) ...............9

*Foman v. Davis*,
371 U.S. 178 (1962).......................................................................................6

*H.L. Hayden Co. v. Siemens Med. Sys., Inc.*,
112 F.R.D. 417 (S.D.N.Y. 1986) ................................................................9

*In re General Motors LLC Ignition Switch Litig.*,
Nos. 14–md–2543-JMF, 2015 WL 3619584 (S.D.N.Y. June 10, 2015) .................................3

*In re Taxotere (Docetaxel) Prods. Liab. Litig.*,
No. MDL 16-2740, 2019 WL 13504849 (E.D. La. Dec. 12, 2019).........................................10

*Lesnik v. Lincoln Fin. Advisors Corp.*,
No. 1:18-cv-03656, 2019 WL 6169971 (S.D.N.Y. Nov. 20, 2019) ..........................9

*Rowe Plastic Surgery of N.J., LLC v. Aetna Health & Life Ins.*,
No. 23-cv-8504, 2025 WL 1004730 (S.D.N.Y. Apr. 2, 2025) (Wang, J.) ..............9

*State Teachers Ret. Bd. v. Fluor Corp.*,
654 F.2d 843 (2d Cir. 1981)...........................................................................6

### TREATISES

Manual for Complex Litigation (Fourth) § 21.25 (2004) ........................................1, 3, 7

## I.    INTRODUCTION

Plaintiffs assert that their proposed amended complaint merely seeks to refine the operative pleading in the case.  But the import of the proposed amendment is far broader.  At the outset, the amendment quietly removes a key named Plaintiff whose attempt to unilaterally withdraw from this case was hotly contested and remains pending before this Court.  Worse, while Plaintiffs do not say so in their Motion, their proposed amendment appears to be an attempt to vastly expand the substantive scope of this case to an entirely new category of OpenAI large language models— without adding *any* new factual allegations about those models.  In so doing, the amendment threatens to open the door to unending discovery far beyond the limits that this Court has previously imposed.  The Motion is, in that sense, similar to another motion pending before this Court: a motion to amend by the plaintiffs in the now-transferred *In re OpenAI ChatGPT* case, in which those plaintiffs seek to convert that two-year-old case from a single-claim action about copyright infringement to a twelve-count proceeding about everything from "larceny" to an alleged violation of the Computer Fraud and Abuse Act.

These proposed amendments come before this Court at the very moment that calls for both coordination and careful case management.  Less than a month ago, the Judicial Panel on Multidistrict Litigation ("JPML") consolidated twelve different cases against OpenAI with instructions to "steer this litigation on a prudent and expeditious course."  Transfer Order, MDL No. 3143, Dkt. 85 at 4 ("JPML Transfer Order").[1]  Doing so will require, at a minimum, carefully delimiting the substantive and temporal boundaries of this litigation so that it does not become unmanageable.  *See* Manual for Complex Litigation (Fourth) § 21.25 (2004) (MDL transferee

---

[1] "ECF" citations herein refer to docket entries in *Authors Guild et al. v. OpenAI Inc. et al.*, No. 1:23-cv-08292-SHS-OTW (S.D.N.Y.).  "Dkt." citations refer to docket entries in other cases.

courts may order "consolidated pleadings" and leverage other mechanisms to "resolve competing claims for certification[] [and] appointment of class counsel.").

Plaintiffs seem to hope the Court will resolve their Motion as if this were still a standalone case, without considering the broader concerns underlying the JPML's decision. Doing so will neither serve the needs of this complex MDL, nor "conserve the resources of the parties, their counsel, and the judiciary." JPML Transfer Order 2. The Court should decline Plaintiffs' apparent attempt to expand this case and pave over this Court's considered rulings as to which OpenAI models are properly at issue. The Court should likewise decline Plaintiffs' invitation to *sub silentio* moot a fully briefed, pending motion on the question of whether a key named plaintiff should be allowed to withdraw from this case without fulfilling her discovery obligations. *See* ECF 173, 174, 178, 181. OpenAI thus respectfully requests that the Court (A) consider Plaintiffs' motion in the context in which it arises—*i.e.*, a complex, multi-action proceeding that will no doubt "involve overlapping, complex, and voluminous discovery" that requires careful cross-case coordination, JPML Transfer Order 2; and (B) deny the Motion.

## II.    BACKGROUND

### A.    The MDL Proceedings

Plaintiffs' action is one of many pending against OpenAI. Numerous other plaintiffs, including newspapers and other groups of book authors, have filed similar suits in this Court and in the Northern District of California. *See generally* Br. Supp. OpenAI's Mot. Transfer, MDL No. 3143, Dkt. 2. On April 3, 2025, the JPML, recognizing that the actions "involve overlapping, complex, and voluminous discovery," ordered the twelve pending cases to be centralized in this Court "to coordinate discovery, streamline pretrial proceedings, and eliminate inconsistent rulings." JPML Transfer Order 2–3. After the JPML ordered centralization, a pending discovery hearing was adjourned "[i]n the interests of judicial economy and coordinating the twelve actions

now pending under MDL No. 3143." ECF 398 at 2. Determining the appropriate scope and coordination of the operative pleadings across the twelve transferred cases will be one of the first issues before the Court in its new role as the MDL transferee. *See In re General Motors LLC Ignition Switch Litig.*, Nos. 14–md–2543-JMF, 2015 WL 3619584, at *2 (S.D.N.Y. June 10, 2015) (discussing the benefits of "a consolidated or master complaint" to "streamline and clarify the claims and help eliminate those that are duplicative, obsolete, or unreflective of developing facts or current law"); Manual for Complex Litigation (Fourth) § 21.25 (2004) (transferee courts to consider whether to "order consolidated pleadings and motions to decide how to resolve competing claims for certification[] [and] appointment of class counsel"). The Court will undoubtedly need to make those determinations as part of its assessment of "pretrial techniques—such as establishing claim-specific or defendant-specific tracks and creating an attorney leadership structure that reflects the differences in the claims—[that will help] manage the differences that these actions may present." JPML Transfer Order 3 (citation omitted).

## B. Pending Motions to Amend

There are two pending motions in the class cases that ask the Court to adjudicate requests to amend the pleadings: this Motion and a motion to amend filed by the plaintiffs in the similar (now-transferred) books class action originally filed in the Northern District of California. *See In re OpenAI ChatGPT*, No. 3:23-cv-03223, Dkt. 370 (Mar. 4, 2025). Those two motions are discussed below.

### 1. *The Present Motion to Amend*

Plaintiffs in this case are book authors who allege that OpenAI infringed Plaintiffs' copyrighted works by using those works to train its "generative artificial intelligence models known as GPT-3, GPT-3.5, GPT-4, and GPT-4 turbo." *See* First Consolidated Class Action Compl. ¶ 4, ECF 69. Plaintiffs' Consolidated Class Complaint centers on OpenAI's alleged

training of its models with two "internet-based books corpora," which allegedly contain pirated copies of their works. *Id.* ¶ 112. As OpenAI has explained, the only models trained using those two corpora were GPT-3 and GPT-3.5. ECF 282 (Decl. of Nick Ryder) ¶ 6. Plaintiffs have not disputed that OpenAI's use of these two corpora was limited to these two models. But in the interest of cooperation and to avoid burdening the Court with discovery disputes, OpenAI agreed to provide discovery into a much broader set of models, including GPT-1, GPT-2, and GPT-3, GPT-3.5, GPT-3.5 Turbo, GPT-4, and GPT-4 Turbo. ECF 281.

On April 11, Plaintiffs moved to amend their complaint. *See* Proposed First Am. Compl., ECF 405-2 ("PFAC"). Plaintiffs assert that, as to OpenAI, the proposed amendment "merely formalize[s] what the Court has already ruled" as to the scope of OpenAI models that are included in the case. *See* Mot. to Amend. at 6, ECF 401 ("Mot."). The proposed amended complaint, however, includes a number of additions that would, in effect, explode the scope of this case to include not only the models identified above but also an infinite number of other OpenAI models, including those that OpenAI may develop in the future. *See* PFAC ¶ 4 (adding the words "derivatives and successors" to the list of models at issue); *see also id.* ¶¶ 99, 102, 105–06, 128, 136, 178.

This is not the first time Plaintiffs have attempted to shoehorn into this case innumerable, future models. Plaintiffs previously sought to do so via a discovery motion, seeking discovery into not just those models that powered OpenAI's commercial products alleged in the Consolidated Class Complaint, but also OpenAI models in development, as well as "research models" and other OpenAI "commercial . . . models." ECF 270. OpenAI objected, citing *inter alia*, lack of relevance and the overly burdensome nature of Plaintiffs' request. *See* ECF 281. The Court largely agreed, denied Plaintiffs' motion, and limited Plaintiffs' discovery into OpenAI's models to "the models

identified in response to interrogatory #11." ECF 293 at 2. The proposed amendment would expand the models at issue beyond this Court's December 6, 2024 Order. *See* ECF 293.

Plaintiffs also note in passing that their proposed amendment would remove Plaintiff Maya Lang—the former President of the Authors Guild who appears to have orchestrated and promoted this lawsuit on behalf of that organization—from the complaint before she satisfies her existing discovery obligations. *See* PFAC at 1; Mot. at 6 n.5. Last summer, Plaintiffs moved to voluntarily dismiss Ms. Lang from the suit without conditions. ECF 173, 174. OpenAI objected, maintaining that Ms. Lang should not be permitted to avoid discovery and should be dismissed only on the condition that she fulfill her discovery obligations. ECF 178. That motion remains pending.

The proposed amended complaint also includes significant changes as to Microsoft, with a new claim, a new "Microsoft class," and additional allegations regarding Microsoft's model training. PFAC ¶¶ 137–38, 141, 150–55, 417, 441–442. It also expands the scope of Microsoft's products and infrastructure at issue. *See, e.g.*, *id.* ¶¶ 68, 137–38.

## 2.    *The Northern District of California Plaintiffs' Motion to Amend*

The plaintiffs in the now-transferred *In re OpenAI ChatGPT* case are, like Plaintiffs here, book authors who seek to represent an overlapping class of similarly situated class members. *See* No. 3:23-cv-03223, Dkt. 120 ¶ 4 (Operative Compl.). Those plaintiffs commenced their action almost two years ago by bringing a number of claims under federal and state law, *see id.* Dkt. 1, which, through extensive Rule 12 briefing, were narrowed to a single claim for direct copyright infringement, *see id.* Dkt. 104 (dismissing vicarious infringement, unfair competition, unjust enrichment, negligence, and Section 1202 claims); *id.* Dkt. 120 ¶¶ 62–74 (realleging claims for direct copyright infringement and unfair competition); *id.* Dkt. 162 at 5 (dismissing unfair competition claim "without leave to amend").

The plaintiffs in that action recently sought to re-open (and materially expand) the scope of their cases by moving for leave to amend. Those plaintiffs sought to redefine and expand the scope of their putative class. *See id.* Dkt. 392-9 at 23 (Redline). They also sought to add a litany of additional claims, *see id.* Dkt. 370 (Mot. to Amend), including (1) a repleaded claim for unfair competition, *see id.* Dkt. 392-8 ¶¶ 131–37;[2] (2) a repleaded claim under Section 1202 of the Digital Millennium Copyright Act, *see id.* ¶¶ 149–56;[3] (3) a repleaded claim for unjust enrichment, *see id.* ¶¶ 157–61;[4] and (4) entirely new claims under the California Comprehensive Computer Data Access and Fraud Act (CDAFA), Section 1201 of the Digital Millennium Copyright Act, the Sherman Act, and the Computer Fraud and Abuse Act (CFAA), along with state-law claims for conversion, breach of contract as a third-party beneficiary, and "larceny/receipt of stolen property," *see id.* ¶¶ 138–48, 157–61, 168–94. OpenAI opposed, arguing that the proposed amendment is prejudicial, untimely, and futile. *Id.* Dkt. 401. That motion remains pending.

## III.    LEGAL STANDARD

Courts consider five factors when deciding whether to grant leave to amend under Rule 15(a)(2): (1) bad faith; (2) undue delay; (3) prejudice to the nonmoving party; (4) futility of the proposed amendment; and (5) whether there have been previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[P]rejudice to the opposing party resulting from a proposed amendment [is] among the 'most important' reasons to deny leave to amend." *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)). "Amendment may be prejudicial when, among other things, it would 'require the opponent to expend significant additional resources to

---

[2] *But see In re OpenAI ChatGPT*, No. 3:23-cv-03223, Dkt. 162 (N.D. Cal. July 30, 2024) (dismissing unfair competition claim).
[3] *But see id.* Dkt. 104 at 5–8 (dismissing similar claims).
[4] *But see id.* Dkt. 104 at 11–12 (dismissing similar claim).

conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Id.* at 725–26.

## IV.    ARGUMENT

This Court should consider Plaintiffs' Motion both alongside the motion to amend brought by the Northern District of California plaintiffs and in conjunction with the Court's overall coordination and/or consolidation case-management efforts. Those efforts will presumably involve considering how to define the scope of the twelve now-transferred cases, how to direct coordination among the plaintiffs, and whether to require consolidated pleadings—all issues that implicate the questions of whether, when, and to what extent the plaintiffs in those twelve cases should be permitted to amend their complaints. *See, e.g.*, Manual for Complex Litigation (Fourth) § 21.25 (2004) ("[T]he transferee court can order consolidated pleadings and motions to decide how to resolve competing claims for certification, appointment of class counsel, and appointment of lead class counsel.").

As explained further below, this amendment—like the expansive amendment proposed by the Northern District of California plaintiffs—directly implicates the substantive scope of this lawsuit. That is precisely the kind of issue that must be managed holistically, rather than on a case-by-case basis, in light of this Court's expanded role as the MDL transferee. Granting the Motion would endorse the infinite and endless expansion of the scope of this litigation—both by these Plaintiffs and by the plaintiffs in the other now-transferred actions. Proceeding on that path would ignore the need for coordination across the twelve now-transferred actions, which necessarily includes setting reasonable and administrable limits on the cases' substantive and temporal scopes. The Motion should also be denied because it seeks to unilaterally withdraw a named plaintiff from this case whose previous attempted withdrawal remains an open and contested issue that the Court has yet to address.

**A.    This Court Should Not Drastically Expand the Scope of This Case, Particularly When Overall Case Management Remains in Flux**

The Motion should be denied because Plaintiffs' proposed amendment goes far beyond the more manageable substantive scope that this Court has already delimited and would frustrate the need to set clear and administrable limits to govern these complex proceedings going forward. Plaintiffs urge the Court to permit the amendment because it "merely formalize[s] what the Court has already ruled: that [certain GPT models] are within the scope of the Complaint."  Mot. at 6. That is simply untrue: by taking aim at model "derivatives" and "successors"—words that Plaintiffs carefully added to their proposed draft (but do not mention once in their Motion)—the amendment implicates additional, *unnamed* OpenAI models, including those not yet in existence. *See* PFAC ¶¶ 4, 99, 102, 105–06, 127–28, 136, 178.

This Court did not "already rule[]" that this open-ended category of models is properly within the scope of this case.  The Court said the opposite: that unidentified models are *not* properly subject to discovery.  *See* ECF 293; *see supra*.  In so concluding, the Court was clear that, if Plaintiffs wished to revisit that ruling, they would need to point to "something specific" or "some reason that is articulable" to justify reopening the issue.  Tr. of 12/3 Hr'g at 101–02.

Plaintiffs have done no such thing.  Indeed, they have not included any allegations supporting the contention that OpenAI trained "derivative" or "successor" models on Plaintiffs' works, or that it plans to use those works to train future models that do not yet exist.  *See* PFAC ¶¶ 120–21.  That alone is reason enough to deny Plaintiffs' attempt to expand their claims: there is simply no "factual matter" in the proposed amendment that would support the expansion.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

Permitting such an unbounded amendment would prejudice OpenAI.  Allowing Plaintiffs to expand the case to new models not even in existence yet would allow them to continually "restart

8

the clock on discovery, [which] undoubtedly prejudice[es] the Defendant." *Lesnik v. Lincoln Fin. Advisors Corp.*, No. 1:18-cv-03656, 2019 WL 6169971, at *3 (S.D.N.Y. Nov. 20, 2019); *see also Rowe Plastic Surgery of N.J., LLC v. Aetna Health & Life Ins.*, No. 23-cv-8504, 2025 WL 1004730, at *3 (S.D.N.Y. Apr. 2, 2025) (Wang, J.) (denying leave to amend where, *inter alia*, "allowing amendment would require Defendant to, again, spend significant resources litigating the same issues across numerous cases"). Relatedly, permitting Plaintiffs to expand their case to an ill-defined and ambiguous category of "successor" models would hinder OpenAI's ability to "prepare its rebuttal" for lack of any "concrete identification of" Plaintiffs' exact allegations. *Cf. E. & J. Gallo Winery v. Instituut Voor Landbouw-En Visserijonderzoek*, No. 17-cv-00808, 2018 WL 3062160, at *5 (E.D. Cal. June 19, 2018) (rejecting "repeated use of the catch-all phrases" because it attempted to "serve[] as a tactical advantage to allow Plaintiffs' expansion of [claims] at a later time, which the Court does not permit").

Plaintiffs also seek to expand the case materially with respect to Microsoft, adding a new claim that appears to put at issue new products and new technological infrastructure. The new allegations will presumably require extensive discovery. *See, e.g.*, PFAC ¶¶ 137–38, 141, 150–55. The proposed amended complaint also adds an entirely new "Microsoft class." *Id.* ¶¶ 417, 441–42. Beginning discovery at this late date on this claim and class, and the corresponding products they appear to put at issue, will prejudice OpenAI because it will significantly delay resolution of the claims against OpenAI and this case more broadly. *See, e.g.*, *H.L. Hayden Co. v. Siemens Med. Sys., Inc.*, 112 F.R.D. 417, 420 (S.D.N.Y. 1986) (denying leave to amend, including because delaying resolution by six months would be prejudicial).

This case is at an important juncture. The JPML's decision to centralize these various actions before this Court reflects an immediate need for manageable, administrable limits to the

9

temporal and substantive scope of the issues.   Plaintiffs' amendment—like the proposed amendment from the Northern District of California plaintiffs, *see supra*—goes in the other direction and threatens to expand the scope of this case without any just cause.  Such amendments will not "streamline pretrial proceedings" but will instead needlessly bog down this case and pose a barrier to the efficient and orderly proceedings the JPML contemplated.  *See* JPML Transfer Order 3; *see also In re Taxotere (Docetaxel) Prods. Liab. Litig.*, No. MDL 16-2740, 2019 WL 13504849, at *2 (E.D. La. Dec. 12, 2019) (denying amendment when it would "negate a significant amount of the work that has been done").

### B.    Plaintiffs Cannot Unilaterally Withdraw A Named Plaintiff

Plaintiffs also quietly seek to withdraw Maya Lang—the former Authors Guild president who appears to have played a critical role in the formulation of this lawsuit—from this case.  *See* PFAC at 1 (removing Ms. Lang from the case caption).  The Motion addresses this subtle move only in a footnote.  Mot. at 6 n.5.  But whether Ms. Lang can unconditionally withdraw from the lawsuit she helped to instigate without fulfilling the basic discovery obligations that attach to all plaintiffs as a matter of course is a question currently pending before the Court.  *See* ECF 173 (Mot. to Withdraw); ECF 178 (OpenAI's Response); ECF 181 (Plaintiffs' Reply).  OpenAI has already explained why unconditional withdrawal would prejudice its defense.  *See* ECF 178 at 9–12.  The same prejudice would apply if the Court were to permit dismissal of Ms. Lang without conditions by allowing the amendment to function as a *de facto* dismissal.  The Court should instead order dismissal with conditions, as OpenAI requested.  *See id.* at 14.

### V.    CONCLUSION

For the foregoing reasons, OpenAI respectfully requests that this Court deny Plaintiffs' Motion for Leave to Amend.

Dated: April 25, 2025

/s/ Elana Nightingale Dawson
**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
 andrew.gass@lw.com
Joseph R. Wetzel
 joe.wetzel@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
 sy.damle@lw.com
Michael A. David
 michael.david@lw.com
Elana Nightingale Dawson (*pro hac vice*)
 elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Allison L. Stillman
 alli.stillman@lw.com
Rachel R. Blitzer
 rachel.blitzer@lw.com
Herman H. Yue
 herman.yue@lw.com
Luke A. Budiardjo
 luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

Allison S. Blanco (*pro hac vice*)
 allison.blanco@lw.com
650 Town Center Drive 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235

*Attorneys for OpenAI Defendants*

/s/ Rose S. Lee
**MORRISON & FOERSTER LLP**
Joseph C. Gratz (*pro hac vice*)
 jgratz@mofo.com
Andrew L. Perito (*pro hac vice*)
 aperito@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Eric K. Nikolaides
 enikolaides@mofo.com
Emily C. Wood
 ewood@mofo.com
Jocelyn E. Greer
 jgreer@mofo.com
250 West 55th Street
New York, NY 10019
Telephone: 212.468.8000

Rose S. Lee (*pro hac vice*)[*]
 roselee@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: 213.892.5200

Carolyn M. Homer (*pro hac vice*)
 cmhomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: 202.650.4597

*Attorneys for OpenAI Defendants*

---

[*] All parties whose electronic signatures are included herein have consented to the filing of this document, as contemplated by Rule 8.5(b) of the Court's ECF Rules and Instructions.

*/s/ Katie Lynn Joyce*
**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
  *rvannest@keker.com*
Paven Malhotra
  *pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
  *mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
  *ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
  *tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)\*
  *kjoyce@keker.com*
Sarah Salomon (*pro hac vice*)
  *ssalomon@keker.com*
R. James Slaughter (pro hac vice)
  *rslaughter@keker.com*
Christopher S. Sun (*pro hac vice*)
  *csun@keker.com*
Andrew F. Dawson (*pro hac vice*)
  *adawson@keker.com*
Andrew S. Bruns (*pro hac vice*)
  *abruns@keker.com*
Edward A. Bayley (*pro hac vice*)
  *ebayley@keker.com*
Ryan K. Wong (*pro hac vice*)
  *rwong@keker.com*
Maile N. Yeats-Rowe (pro hac vice)
  *myeats-rowe@keker.com*
Spencer McManus (*pro hac vice* pending)
  *smcmanus@keker.com*
Olivia C. Malone (*pro hac vice* pending)
  *omalone@keker.com*
633 Battery St.
San Francisco, CA 94111
Telephone: 415.391.5400

*Attorneys for OpenAI Defendants*

## <u>CERTIFICATE OF WORD COUNT COMPLIANCE</u>

I, Elana Nightingale Dawson, an attorney admitted pro hac vice to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1(c), and Rule 2.C of Judge Sidney H. Stein's Individual Practices, that the foregoing OpenAI Defendants' Opposition to *Authors Guild & Alter* Plaintiffs' Motion for Leave to Amend the Complaint was prepared in Microsoft Word and contains 3,205 words. In making this calculation, I have relied on the word and page counts of the word-processing program used to prepare the document.

Dated: April 25, 2025

*/s/ Elana Nightingale Dawson*
Elana Nightingale Dawson