**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In Re: OpenAI, Inc. Copyright Infringement Litigation | 1:25-md-03143-SHS |
| | **This Document relates to:** |
| THE CENTER FOR INVESTIGATIVE REPORTING, INC., | Case No. 1:24-cv-04872-SHS-OTW |
| Plaintiff, | |
| v. | |
| OPENAI, INC., et al., | |
| Defendants. | |

**DEFENDANT MICROSOFT'S ANSWER TO THE CENTER FOR INVESTIGATIVE REPORTING, INC.'S FIRST AMENDED COMPLAINT**

Defendant Microsoft Corporation submits this Answer to the First Amended Complaint ("FAC") filed by Plaintiff on September 24, 2024 in the above-captioned matters. Where the FAC combines allegations about Microsoft and OpenAI together, Microsoft's responses below apply solely to allegations related to Microsoft, and Microsoft states that it lacks sufficient knowledge or information sufficient to form a belief regarding such allegations against OpenAI and on that basis denies them. To the extent not expressly admitted below, Microsoft denies each and every allegation of the FAC.

1

1.      Paragraph 1 states conclusions of law and argument by Plaintiff for which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations of paragraph 1.

## NATURE OF THIS ACTION

2.      Microsoft admits that The Center for Investigative Reporting ("CIR" or "Plaintiff") is a nonprofit newsroom founded in 1975.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore denies them.

3.      Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and therefore denies them.

4.      Microsoft admits that OpenAI created ChatGPT and Microsoft created Copilot, which are both AI products.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies them.

5.      Microsoft admits that large language models ("LLMs") can be trained using works authored by humans, including works of journalism.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 and therefore denies them.

6.      Denied.

7.      Paragraph 7 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations of paragraph 7.

8.      Microsoft admits that the quote in paragraph 8 is from the Copyright Clause of the U.S. Constitution.  Microsoft further admits that the Copyright Act affords certain protections to copyright owners, subject to limitations.  The rest of Paragraph 8 states conclusions of law and

argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the remaining allegations of paragraph 8.

9.      Microsoft admits that Congress passed the Digital Millenium Copyright Act ("DMCA") in 1998, which prohibits the removal of certain information from protected works without requiring that such works be registered with the Copyright Office.  Except as expressly admitted, Microsoft denies the remaining allegations set forth in paragraph 9.

10.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 and therefore denies them.

11.     Paragraph 11 states conclusions of law and argument by Plaintiffs for which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations of paragraph 11.

**PARTIES**

12.     Microsoft admits that CIR is a nonprofit newsroom founded in 1975.  Microsoft further admits that, upon information and belief, CIR runs the brands Mother Jones, Reveal, and CIR Studios.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12 and therefore denies them.

13.     Microsoft admits that Mother Jones is a news magazine.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 and therefore denies them.

14.     Microsoft admits that Reveal produces investigative journalism for national public radio and via podcast and that it operates an online news site.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14 and therefore denies them.

15. Admitted.

16. Microsoft admits that it worked with OpenAI to design supercomputers suitable for training and operating large language models as part of the Azure hosting platform, and that the Azure hosting platform was used by OpenAI to train and operate one or more of its LLMs. Microsoft denies the remaining allegations of paragraph 16.

17. Microsoft admits that some of the Defendants are OpenAI entities. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies them.

18. Admitted.

19. Microsoft admits that OpenAI OpCo LLC is a Delaware limited liability company with a principal place of business in San Francisco, California. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19 and therefore denies them.

20. Microsoft admits that OpenAI GP, LLC is a Delaware limited liability company with a principal place of business in San Francisco, California. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 and therefore denies them.

21. Microsoft admits that OpenAI LLC is a Delaware limited liability company with a principal place of business in San Francisco, California. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies them.

22. Microsoft admits that OpenAI Global LLC is a Delaware limited liability company with a principal place of business in San Francisco, California. Microsoft admits that it is a

4

minority investor of OpenAI Global LLC. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 and therefore denies them.

23.    Microsoft admits that OAI Corporation, LLC is a Delaware limited liability company with a principal place of business in San Francisco, California. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 and therefore denies them.

24.    Microsoft admits that OpenAI Holdings, LLC is a Delaware limited liability company. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 and therefore denies them.

25.    Admitted.

26.    Microsoft admits that its CEO Satya Nadella has stated "something we've been partnered with OpenAI deeply now for multiple years" in reference to OpenAI's LLMs. Except as expressly admitted, Microsoft denies the remaining allegations set forth in paragraph 26.

27.    Microsoft admits that it is a minority investor in OpenAI Global LLC. Except as expressly admitted, Microsoft denies the remaining allegations set forth in paragraph 27.

28.    Microsoft admits that it built and operates the Azure hosting platform, that it worked with OpenAI to design supercomputers suitable for training and operating large language models as part of the Azure hosting platform, and that the Azure hosting platform was used by OpenAI to train and operate one or more of its LLMs. Microsoft further admits that it offered to the public an AI product called Bing Copilot (formerly Bing Chat). Except as expressly admitted, Microsoft denies the remaining allegations set forth in paragraph 28.

29.    Microsoft admits that paragraph 29 reflects a cleaned-up version of statements made by Mr. Nadella in an episode of the podcast On with Kara Swisher.

## JURISDICTION AND VENUE

30.     Admitted.

31.     Microsoft admits that it has made available and sold GPT-based software and services.  Microsoft admits that it maintains offices and employs personnel in New York, including some personnel who are involved in its AI-related operations.  Microsoft denies that Microsoft or OAI committed infringement or removed Plaintiff's copyright management information ("CMI") when OAI trained its models, or that Microsoft assisted in any infringement or CMI removal.  Microsoft does not contest jurisdiction and venue in this Court.  To the extent a further response is required, the remaining allegations are denied.

32.     Microsoft admits that CIR has an office located in this District in New York, NY.  Microsoft denies the remaining allegations in paragraph 32.

33.     Paragraph 33 states conclusions of law for which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft admits that venue is proper in the Southern District of New York.

34.     Paragraph 34 states conclusions of law for which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft admits that it employs staff in New York.  Except as expressly admitted, Microsoft denies the allegations of paragraph 34.

35.     Microsoft admits that venue is proper in the Southern District of New York.

## PLAINTIFF'S COPRIGHT-PROTECTED WORKS OF JOURNALISM[1]

36.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 or as to the content of Exhibit 1 and therefore denies them.

---

[1] The headings and sub-headings used herein are reproduced as they were used in the FAC.  The reproduction of these headings should not be taken as an admission by Microsoft, and to the extent they are intended to convey allegations rather than simply argument, they are denied.

37.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 or as to the content of Exhibit 2 and therefore denies them.

38.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 and therefore denies them.

39.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies them.

40.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 or as to the content of Exhibits 3 or 4 and therefore denies them.

41.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies them.

42.    Paragraph 42 states argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations in paragraph 42.

43.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 and therefore denies them.

44.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and therefore denies them.

45.    Microsoft admits that it did not contact Plaintiff to license its works for purposes of training.  Except as expressly admitted, Microsoft denies the allegations in paragraph 45.

46.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 and therefore denies them.

### DEFENDANTS' UNAUTHORIZED USE OF
### PLAINTIFF'S WORKS IN THEIR TRAINING SETS

47.    Microsoft admits that OpenAI was formed in December 2015 as a "nonprofit artificial intelligence research company."  Microsoft further admits that OpenAI created OpenAI

LP, a for-profit company, in March 2019. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 47 therefore denies them.

48.    Microsoft admits that LLMs are a part of its GenAI products, including Bing Copilot, and that different versions of GPT are LLMs. Microsoft admits that an LLM works by calculating probabilities that a token will follow a given string of text, and that such calculations are made based on the training of the LLM using billions of items of training data. Except as expressly admitted, Microsoft denies the remaining allegations in paragraph 48.

49.    Microsoft admits that an LLM works by calculating probabilities that a token will follow a given string of text, and that such calculations are made based on the training of the LLM using billions of items of training data, some of which was created by humans and some of which may be protected by copyright. Microsoft further admits that discrete collections of training data are sometimes referred to as training sets. Microsoft denies the remaining allegations in paragraph 49.

50.    Microsoft admits that when it assembles a training set for one of its LLMs (which are not at issue in this case), it first identifies the works it wants to include. Microsoft further admits that LLMs are made up of numbers called "parameters" (or "weights") and that repeated runs through the training set adjusts those numbers based on statistical and mathematical modeling. Microsoft denies the remaining allegations in paragraph 50.

51.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore denies them.

52.    Microsoft admits that it created a GenAI product called Bing Copilot, which uses Microsoft's Prometheus technology (which utilizes Bing Search and GPT models) to interact with a component called the Bing Orchestrator. Microsoft admits that sentences and paragraphs are

generated by appending output tokens to the input tokens and feeding it back into the model, and that this LLM operation generates responses to user queries, also known as prompts. Microsoft denies the remaining allegations in paragraph 52.

53.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 53.

54.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 54.

55.    Microsoft admits that the OpenAI Defendants have published a list of the top 1,000 web domains in connection with GPT-2, which also appears to include their frequency. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 55 and therefore denies them.

56.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 56.

57.    Microsoft admits that Joshua C. Peterson and others created OpenWebText, which is available in a GitHub repository. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 57 and therefore denies them.

58.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 and therefore denies them.

59.    Microsoft admits that in a paper titled "Language Models are Unsupervised Multitask Learners," contributors from OpenAI explained that WebText utilized Dragnet and

Newspaper to extract text.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 and therefore denies them.

60.    Microsoft admits that a blog article titled *Benchmarking Python Content Extraction Algorithms: Dragnet, Readability, Goose, and Eatiht* was posted by Matt McDonnell on January 29, 2015.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 60 and therefore denies them.

61.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies them.

62.    Microsoft lacks knowledge or information sufficient to form a belief as to the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 62.

63.    Microsoft lacks knowledge or information sufficient to form a belief as to the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 63.

64.    Paragraph 64 states conclusions of law and argument for which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 64.

65.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 or as to the content of Exhibit 7, including the means or mechanism by which Exhibit 7 was created, and therefore denies them.

66.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 or as to the content of Exhibit 8, including the means or mechanism by which Exhibit 8 was created, and therefore denies them

67.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67, including the means or mechanism by which Exhibits 7 and 8 were created, and therefore denies them.

68.     Paragraph 68 states conclusions of law and argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68, including the means or mechanism by which Exhibits 7 and 8 were created, and therefore denies them.

69.     Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 69.

70.     Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 70.

71.     Microsoft admits that an article titled *Language Models are Few-Shot Learners* by Tom Brown was published in July 2020.  Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 71.

72.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 and therefore denies them.

73.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 and therefore denies them.

74.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 and therefore denies them.

75.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 and therefore denies them.

76.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 or as to the content of Exhibit 9, including the means or mechanism by which Exhibit 9 was created, and therefore denies them.

77.     Denied.

78.     Paragraph 78 states conclusions of law and argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations in paragraph 78.

### DEFENDANTS' UNAUTHORIZED REGURGITATION OF COPYRIGHT-PROTECTED WORKS OF JOURNALISM

79.     Microsoft admits that ChatGPT and Copilot respond to user-created prompts.  The remaining allegations in paragraph 79 state argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations in paragraph 79.

80.     Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 80 and therefore denies them.

81.     Denied.

82.     Denied.

83.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 83 and therefore denies them.

84.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 84 or as to the complete mechanism by which Plaintiff obtained the outputs shown in Exhibit 10 and therefore denies the allegations contained in this paragraph.

85.    Denied.

**DEFENDANTS' UNLAWFUL ABRIDGEMENT OF PLAINTIFFS' WORKS**

86.    Denied.

87.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 and therefore denies them.

88.    Denied.

89.    Paragraph 89 states conclusions of law and argument to which no response is required.   To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations in paragraph 89.

90.    Denied.

91.    Denied.

92.    Microsoft lacks knowledge or information sufficient to form a belief as to the complete mechanism by which Plaintiff obtained the output shown in Exhibit 11 and therefore denies the allegations in paragraph 92 regarding Exhibit 11.   Microsoft denies the remaining allegations in paragraph 92.

93.    Denied.

94.    Denied.

95.    Denied.

13

96.     Denied.

97.     Microsoft admits that an article titled *Sharing on Social Media Makes Us Overconfident in Our Knowledge* was published by The University of Texas at Austin on August 30, 2022.  Except as expressly admitted, Microsoft denies the allegations in paragraph 97.

98.     Denied.

## DEFENDANTS' INTENTIONAL REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION FROM PLAINTIFF'S WORKS IN THEIR TRAINING SETS

99.     Paragraph 99 states argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations in paragraph 99.

100.    Paragraph 100 states argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations in paragraph 100.

101.    Denied.

102.    Denied.

103.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 103.

## DEFENDANTS' COLLABORATION IN INFRINGING PLAINTIFF'S COPYRIGHT, UNLAWFULLY REMOVING COPYRIGHT MANAGEMENT INFORMATION, AND UNLAWFULLY DISTRIBUTING PLAINTIFF'S WORKS WITH COPYRIGHT MANAGEMENT INFORMATION REMOVED

104.    Microsoft admits that its CEO said the following on an episode of *On With Kara Swisher*, "We have the people, we have the compute, we have the data, we have everything. But at the same time, I'm committed to the OpenAI partnership and that's what I expressed to them," among many other statements in the context of a discussion regarding potential business disruption.  Except as expressly admitted, Microsoft denies the allegations in paragraph 104.

14

105.    Microsoft admits that it built and operates the Azure hosting platform, that it worked with OpenAI to design supercomputers suitable for training and operating large language models as part of the Azure hosting platform, and that the Azure hosting platform was used by OpenAI to train and operate one or more of its LLMs.  Microsoft admits that it hosts data centers to develop Bing Copilot.  Except as expressly admitted, Microsoft denies the allegations in paragraph 105.

106.    Microsoft admits that it built and operates the Azure hosting platform, that it worked with OpenAI to design supercomputers suitable for training and operating large language models as part of the Azure hosting platform, and that the Azure hosting platform was used by OpenAI to train and operate one or more of its LLMs.  Except as expressly admitted, Microsoft denies the allegations in paragraph 106.

107.    Denied.

### DEFENDANTS' ACTUAL AND CONSTRUCTIVE KNOWLEDGE OF THEIR VIOLATIONS

108.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108 and therefore denies them.

109.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 and therefore denies them.

110.    Microsoft admits that OpenAI's Chief of Intellectual Property and Content, Tom Rubin, stated in an interview on May 29, 2024 that partnerships between OpenAI and news publishers are "largely not" about training but rather "the display of news content and use of the tools and tech."  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 110 and therefore denies them.

111.    Paragraph 111 states conclusions of law and argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 and therefore denies them.

112.    Paragraph 112 states conclusions of law and argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 112 and therefore denies them.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Microsoft admits that its "Copilot Copyright Commitment" (although the link provided in the FAC is incorrect) applies only if the user "used the guardrails and content filters [Microsoft has] built into [its] products."  Microsoft admits that OpenAI's service terms contain an indemnification carve out if, *inter alia*, a user "disabled, ignored, or did not use any relevant citation, filtering or safety features or restrictions provided by OpenAI."  Microsoft denies the remaining allegations in paragraph 118.

119.    Denied.

**DEFENDANTS' CONTINUING VIOLATIONS**

120.    Denied.

121.    Denied.

122.    Microsoft admits that an article titled *GPT-4 architecture, datasets, costs and more leaked* by Maximillian Schreiner was posted on July 11, 2023.  Microsoft further admits that an article titled *Language Models are Few-Shot Learners* by Tom Brown was published on July 22, 2020.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 122 and therefore denies them.

123.    Paragraph 123 states conclusions of law and argument to which no response is required.  To the extent a response is nonetheless deemed necessary, Microsoft denies the allegations in paragraph 123.

124.    Microsoft admits that Mr. Rubin stated in a May 29, 2024 interview that "It's important to realize that when models are trained, they're trained from scratch, so it means that if a copyright owner has excluded their content from training, that will not appear in the large language model that's being produced."  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 124 and therefore denies them

125.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 125.

## Count I – Violation of 17 U.S.C. § 501 by OpenAI Defendants

126.    Microsoft realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

127.    Microsoft admits that Plaintiff holds certain rights under 17 U.S.C. § 106 in the works which have registered copyrights.

128.    Denied.

129.    Denied.

130.    Denied.

131.    Denied.

132.    Denied.

133.    Denied.

**Count II: Violation of 17 U.S.C. § 501 by Defendant Microsoft**

134.    Microsoft realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

135.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies them.

136.    Denied.

137.    Denied.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

**Count III: Contributory Copyright Infringement by All Defendants**

142.    Microsoft realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

143.    Denied.

144.    Denied.

**Count IV – Violation of 17 U.S.C. § 1202(b)(1) by OpenAI Defendants**

145.    Microsoft realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

146.    Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 and therefore denies them.

147.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 147.

148.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 148.

149.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 149.

150.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 150.

151.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 151.

152.    Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 152.

153.     Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 153.

154.     Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 154.

155.     Microsoft lacks knowledge or information sufficient to form a belief about the particulars of the training of OpenAI's models and on that basis denies the allegations in paragraph 155.

### Count V – Violation of 17 U.S.C. § 1202(b)(3) by OpenAI Defendants

156.     Microsoft realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

157.     No response to this paragraph is required because Count V of the FAC was dismissed with prejudice.  Dkt. No. 259.  To the extent a response is deemed required, Microsoft denies the allegations in paragraph 157.

### Count VI – Violation of 17 U.S.C. § 1202(b)(1) by Defendant Microsoft

158.     Microsoft realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

159.     No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice.  Dkt. No. 259.  To the extent a response is deemed required, Microsoft denies the allegations in paragraph 159.

160.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice. Dkt. No. 259. To the extent a response is deemed required, Microsoft denies the allegations in paragraph 160.

161.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice. Dkt. No. 259. To the extent a response is deemed required, Microsoft denies the allegations in paragraph 161.

162.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice. Dkt. No. 259. To the extent a response is deemed required, Microsoft denies the allegations in paragraph 162.

163.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice. Dkt. No. 259. To the extent a response is deemed required, Microsoft denies the allegations in paragraph 163.

164.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice. Dkt. No. 259. To the extent a response is deemed required, Microsoft denies the allegations in paragraph 164.

165.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice. Dkt. No. 259. To the extent a response is deemed required, Microsoft denies the allegations in paragraph 165.

166.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice. Dkt. No. 259. To the extent a response is deemed required, Microsoft denies the allegations in paragraph 166.

167.    No response to this paragraph is required because Count VI of the FAC was dismissed with prejudice.  Dkt. No. 259.  To the extent a response is deemed required, Microsoft denies the allegations in paragraph 167.

**Count VII – Violation of 17 U.S.C. § 1202(b)(3) by Defendant Microsoft**

168.    Microsoft realleges and incorporates by reference its foregoing responses to the preceding paragraphs as if fully set forth herein.

169.    No response to this paragraph is required because Count VII of the FAC was dismissed with prejudice.  Dkt. No. 259.  To the extent a response is deemed required, Microsoft denies the allegations in paragraph 169.

**PRAYER FOR RELIEF**

Microsoft denies that Plaintiff is entitled to any relief whatsoever, including but not limited to the relief sought in the section of the FAC titled "Prayer for Relief."  To the extent that this section contains any allegations requiring a response, Microsoft denies them.

**JURY DEMAND**

Microsoft hereby demands a trial by jury on all claims, defenses, and issues in this action so triable.

\*      \*      \*

**DEFENSES**

In addition to the above, Microsoft asserts the following defenses.  Each defense is asserted as to all claims for relief against Microsoft, unless otherwise noted.  By setting forth these defenses, Microsoft does not concede that these are affirmative defenses and does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff.  Further, nothing stated herein is intended or shall be construed as an acknowledgement

22

that any particular issue or subject matter necessarily is relevant to Plaintiff's allegations. Microsoft reserves the right to amend its Answer as additional information becomes available and to assert additional defenses to the extent such defenses are or become applicable.

## FIRST DEFENSE
### (Failure to State a Claim)

Plaintiff's claims fail, in whole or in part, because the FAC, and each purported cause of action therein, fails to state a claim upon which relief may be granted and/or to state facts sufficient to constitute a claim for relief against Microsoft.

## SECOND DEFENSE
### (Fair Use)

Plaintiff's claims fail, in whole or in part, because any unauthorized copies of any of Plaintiff's copyrighted works made for the purposes described in the FAC constitute fair use under 17 U.S.C. § 107.

## THIRD DEFENSE
### (Substantial Noninfringing Uses)

Plaintiff's claims fail, in whole or in part, because all of the models accused of infringement, and all of Microsoft's generative AI search products and services offered in connection with those models that are accused of infringement, are capable of substantial noninfringing uses.

## FOURTH DEFENSE
### (Works or Elements of Works Not Protected by Copyright)

Plaintiff's claims fail, in whole or in part, to the extent they claim rights to elements of works or to works which are not protectable under copyright law, such as under the doctrines of *scènes à faire*, merger, or under 17 U.S.C. § 102(b), or that are in the public domain, lack the

requisite originality, are unregistered, or are works to which copyright protection has been abandoned.

## FIFTH DEFENSE
### (Invalid Ownership / Lack of Ownership)

Plaintiff's claims fail, in whole or in part, to the extent they assert copyrights that they do not own or exclusively license in the first instance, including but not limited to purported copyrights in individual newspaper articles, and/or in the full scope of their collective works.

## SIXTH DEFENSE
### (Lack of Standing)

Plaintiff's claims fail, in whole or in part, because they lack standing to bring suit and assert copyrights in any works that they do not own or exclusively license, including pursuant to 17 U.S.C. § 501(b).

## SEVENTH DEFENSE
### (DMCA Safe Harbor)

Plaintiff's claims fail, in whole or in part, because they are barred by the safe harbor provisions of the Digital Millenium Copyright Act, 17 U.S.C. § 512 (a)-(d).

## EIGHTH DEFENSE
### (De Minimis Copying or Use)

Plaintiff's claims fail, in whole or in part, because they are barred by the doctrine of *de minimis* copying or use.

## NINTH DEFENSE
### (Acts of Third Parties)

Plaintiff's claims fail, in whole or in part, because any reproduction, distribution, or display of any allegedly infringing outputs, or copies allegedly made in the generative search process, were caused by the acts or omissions of other persons or entities for whose conduct Microsoft is not legally responsible.

**TENTH DEFENSE**
**(Lack of Injury)**

Plaintiff's claims fail, in whole or in part, because Plaintiff has not suffered and is not likely to suffer any injury or damages as a result of the conduct alleged of Microsoft in the FAC.

**ELEVENTH DEFENSE**
**(Unavailability of Injunctive Relief)**

Plaintiff's claims fail, in whole or in part, because Plaintiff is not entitled to injunctive relief (temporarily, preliminarily, or permanently), including because any injury to it is not immediate or irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

**TWELFTH DEFENSE**
**(Unconstitutional Damages)**

Plaintiff seeks improper damages in violation of the United States Constitution and other applicable law. Any award of statutory or enhanced damages would constitute an unconstitutional penalty under the circumstances of this case and would violate the due process and equal protection guarantees, and other substantive and procedural safeguards afforded by the United States Constitution.

**THIRTEENTH DEFENSE**
**(Implied License)**

Plaintiff's claims fail, in whole or in part, because Plaintiff was actually aware of and chose not to implement tools offered by Microsoft that would have included its copyrighted material in the Bing search index while at the same time readily enabling the exclusion of its copyrighted material from use by Microsoft in connection with its generative AI products and services. Plaintiff's knowing failure to adopt such tools while engaging in ongoing communications and business relations with Microsoft relative to the publication and listing of its works in the Bing search index constitutes an implied license.

## FOURTEENTH DEFENSE
### (Unclean Hands)

Plaintiff's claims fail, in whole or in part, because Plaintiff engaged in inequitable conduct in generating and alleging the outputs described in the FAC.

## RESERVATION OF ADDITIONAL DEFENSES

Microsoft's investigation of the claims and its defenses is continuing.  Microsoft reserves the right to assert additional defenses, such as through amendment of its Answer, that may develop through discovery in this action or otherwise.

## REQUEST FOR RELIEF

Therefore, Microsoft respectfully requests that this Court:

1.  Enter judgment in Microsoft's favor and against Plaintiff;

2.  Dismiss all claims by Plaintiff with prejudice;

3.  Award Microsoft its costs of suit;

4.  Award Microsoft its attorneys' fees to the extent permitted by law; and

5.  Grant Microsoft such other and further relief as this Court deems just and proper.


Dated: April 29, 2025

By:   */s/ Annette L. Hurst*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Annette L. Hurst (admitted *pro hac vice*)
The Orrick Building
405 Howard Street
San Francisco, CA  94105-2669
Telephone:  (415) 773-5700
Facsimile:  (415) 773-5759
ahurst@orrick.com

Christopher J. Cariello
Marc Shapiro
51 West 52nd Street

New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
222 Berkley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
sgarko@orrick.com
lnajemy@orrick.com

FAEGRE DRINKER BIDDLE & REATH LLP
Jeffrey S. Jacobson
1177 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3588
jared.briant@faegredrinker.com

Carrie A. Beyer (admitted *pro hac vice*)
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
carrie.beyer@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant*
*Microsoft Corporation*