May 7, 2025

**VIA ECF**
Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:   *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, No. 1:25-md-3143 (S.D.N.Y.)
      This Document Relates To: All Actions

We write on behalf of all class and individual plaintiffs in the centralized actions ("Plaintiffs") and ask the Court to deny OpenAI's request to continue the May 22, 2025, case management conference.

Even though counsel for Plaintiffs already made plans to attend the May 22, 2025 conference, upon receiving OpenAI's request to postpone the conference due to Mr. Van Nest's schedule, Plaintiffs worked in good faith to try and accommodate it. In particular:

(1) Plaintiffs proposed the conference be moved up, instead of back. OpenAI responded that the earlier dates suggested by Plaintiffs did not work for OpenAI and offered no alternative earlier dates.

(2) Plaintiffs proposed the conference stay as calendared and that counsel for OpenAI appear in person except for Mr. Van Nest, who could appear by Zoom. OpenAI rejected this solution.[1]

(3) Plaintiffs also consulted the schedules of their lead and co-lead lawyers and attempted to identify a date that also worked for Mr. Van Nest. But as we informed OpenAI, a number of the lead lawyers for the various Plaintiff groups also have conflicts during the May 27-June 6 window that OpenAI proposed, including pre-arranged, international travel.[2]

OpenAI's proposal to postpone the conference beyond June 6, 2025 is prejudicial because it results in continued delay in cases that have been pending for more than two years. OpenAI maintains that substantial aspects of discovery are completely stayed until after the Court holds a case management conference. For example, the below email from OpenAI taking all previously-scheduled depositions "off calendar":

---

[1] Plaintiffs are making the same compromises to make the Court's May 22 conference work. For example, as Plaintiffs previously informed OpenAI, The Times's lead attorney—who argued the motion to dismiss on behalf of The Times—is likewise not available on May 22, 2025. But given the difficulties of finding a perfect date across so many parties and lawyers, rather than seek a continuance, The Times will be represented by co-lead counsel on May 22 and that counsel will be prepared to address all the Court's questions. Surely, at least one of OpenAI's 30+ lawyers can do the same, especially since those attorneys—not Mr. Van Nest—have been managing most hearings for OpenAI in these actions to date.

[2] Plaintiffs further note it is inappropriate for OpenAI to demand Plaintiffs disclose potential leadership in advance of the Court-ordered deadlines.

| | |
|---|---|
| **From:** | R. James Slaughter (via NYT-AI-SG-Service list) |
| **To:** | Maxwell Pritt; Aaron Cera; KVP-OAI; OpenAICopyright; openaicopyrightlitigation.lwteam@lw.com; NewYorkTimes_Microsoft_OHS; ai@loevy.com; NYT-AI-SG-Service@simplelists.susmangodfrey.com; DailyNews-AI-RFEM; Alter-AI-TT@simplelists.susmangodfrey.com; mb; bclobes; asweatman; mrathur; kmotta; alee; #NewYorkTimes-Microsoft-FDBR; JSLF ChatGPT Service List; ChatGPT Co-Counsel |
| **Subject:** | [MDL | OpenAI depositions] - Master Deposition Notice/Scheduling -- OpenAI/MSFT Litigation |
| **Date:** | Thursday, April 3, 2025 3:29:35 PM |

**EXTERNAL Email**

Counsel,

In light of today's MDL order, the dates for currently scheduled depositions of OpenAI witnesses, as well as depositions OpenAI has noticed of plaintiffs, are off calendar. We will address rescheduling the depositions after coordination has been completed and the parties have met with the Court and established a schedule for the coordinated actions.

Thanks,

Jamie

**R. James Slaughter**
Keker, Van Nest & Peters LLP
633 Battery Street
San Francisco, CA 94111
o: 415-773-6623
c: 415-244-2205
rslaughter@keker.com

  Because this MDL now involves 14 separate parties, and their counsel, the Court should not postpone the conference based on the availability of a single lawyer who has had very limited involvement to date. While Plaintiffs have worked in good faith to accommodate OpenAI's request, here it is simply not possible. The Court should proceed with the case management conference on May 22, 2025.

Respectfully Submitted,

_/s/ Justin A. Nelson_          _/s/ Rachel Geman_          _/s/ Scott Sholder_

Interim class counsel in *Authors Guild v. OpenAI Inc.*, (No. 1:23-cv-08292-SHS); *Alter v. OpenAI Inc.*, (No. 1:23-cv-10211-SHS)

_/s/ Davida Brook_

Plaintiffs' counsel in *The New York Times Company v. Microsoft Corp.*, (No. 1: 23-cv-11195)

_/s/ Steven Lieberman_

Plaintiffs' counsel in *The New York Times Company v. Microsoft Corp.*, (No. 1: 23-cv11195); *Daily News, LP v. Microsoft Corp.*, (No. 1:24-cv-3285

_/s/ Matthew Topic_

Plaintiffs' counsel in *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, (No. 1:24-cv-04872); *The Intercept Media, Inc. v. OpenAI, Inc.* (No. 1:24-cv-01515); *Raw Story Media, Inc. et al. v. OpenAI, Inc., et al.,* (No. 1:24−01514)

_/s/ Joseph Saveri_          _/s/ Bryan L. Clobes_          _/s/ Maxwell V. Pritt_

Interim class counsel in *Tremblay et al. v. OpenAI, Inc. et al*, (No. 3:23−03223); *Silverman, et al v. OpenAI, Inc. et al,* (No. 3:23−03416); *Chabon et al v. OpenAI, Inc. et al,* (No. 3:23−04625)

_/s/ Julian Diamond_

Plaintiffs' counsel in *Millette v. OpenAI, Inc., et al.*, (No. 5:24−04710)