# EXHIBIT E

# ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Jennifer B. Maisel

Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
An Nguyen
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger*
Mary L. Mullins*
Michael A. Saunders
Stephanie E. Waltersdorff

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
Harry F. Manbeck, Jr.
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

February 5, 2025

**VIA EMAIL**

Elana Nightingale Dawson
elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004

Re:   *The New York Times Company v. Microsoft Corp. et al.*, Case No. 24-cv-11195-SHS; *Daily News, LP et al v Microsoft Corp. et al*, Case No. 24-cv-3285-SHS

Counsel:

I write regarding News Plaintiffs' motion at *Times* Dkt. 379 for OpenAI to preserve output data[1] on a going-forward basis and to identify the nature and extent of output data which it has destroyed (the "Motion"), and the Court's recent order directing the parties to "to meet and confer regarding the privacy and technological considerations implicated in Plaintiffs' request and file a joint status letter on the docket by February 13, 2025, regarding the status of this issue." Dkt. 441 at 2. During the hearing, the Court also asked the parties to keep talking "about the technological and engineering ways to manage this issue," and also about determining "what was deleted or not preserved in the past." *See, e.g.*, Jan. 22, 2025, Hearing Tr., p. 45, 49.

*First*, in view of OpenAI's concerns about privacy, please promptly identify what specific privacy laws you believe are implicated, and whether maintaining log data with personally identifiable information ("PII") redacted, encrypted, or removed is sufficient to address OpenAI's concerns with compliance under any such applicable privacy laws. Plaintiffs are not seeking PII of OpenAI's end users as part of discovery, and OpenAI's custodial 30(b)(6) witness, Mr. Trinh, testified at his deposition that ███████████████████████████████████ M. Trinh Dep. Tr. at 95:2-12.

*Second*, please identify with specificity, on a product-by-product basis, the amount (both in terms of total number of conversations and percentage of total data) of output data that has been deleted since December 27, 2023, when The Times filed its initial complaint, and the date range(s)

---

[1] "Output data" includes, *inter alia*, the prompt(s) from end-users, output(s) from OpenAI's products, any materials referenced in formulating such output(s), including through retrieval augmented generation, and associated metadata.

Elana Nightingale Dawson
February 5, 2025
Page 2

of the deleted output data, the time frame(s) of such deletion, and the contents or portions of the output data that were deleted.

As you are aware, Plaintiffs sought this information as part of their custodial 30(b)(6) deposition of OpenAI, including through Topic 16: "The existence, organization, preservation, storage, and deletion of output data reflecting user sessions on Your Generative AI Products and Services, as well as of reports on, metrics on, or analysis of such output data."[2] Mr. Trinh testified ████████████████████████████████████████████████████████████████████████████████████████████████ *See* M. Trinh Dep. Tr. at 93:8-96:21. ████████████████████████████████████████████████████████████████████████████████ *Id.* at 105:13-106:14. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *Id.* at 96:6-98:6; 103:20-104:11. ████████████████████████████████████████

*Third*, please identify with specificity, on a product-by-product basis, whether the deleted data is recoverable. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ *See, e.g.,* M. Trinh Dep. Tr. at 121:2-136:22.

Finally, while our meet and confer process is ongoing, we expect OpenAI to preserve output logs. There should be minimal privacy and technological considerations implicated in preserving this data during the pendency of the parties' negotiations. We expect that the period of negotiations will not be lengthy, and that storage during this period will preserve our ability to access the data if the parties later agree on preservation—or the Court orders it. But if the data is not preserved, there may be no way to recover it after its deletion.

Please let us know a time this week when we may meet and confer on the issues of: (i) the privacy and technological considerations for ongoing preservation of log data for ChatGPT, SearchGPT, APIs, Browse, and the custom GPTs, and (ii) determining what was deleted or not preserved in the past, as directed by the Court.

---

[2] Through the meet and confer process, Plaintiffs maintained that OpenAI's witness should be prepared to address: "The facts surrounding OpenAI's deletion of output data for ChatGPT, Browse, SearchGPT, APIs, and custom GPTs, including the volume of output data deleted, the date range(s) of the deleted output data, the time frame(s) of such deletion, the contents or portions of the output data that were deleted, and whether the deleted information is recoverable." *See, e.g.*, email from J. Maisel to N. Goldberg dated Jan. 23, 2025.



Elana Nightingale Dawson
February 5, 2025
Page 3

    We look forward to hearing from you.

                                          Respectfully,

                                            */s/ Jennifer Maisel*

CC: All counsel of record