# EXHIBIT G



901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile  (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Brett A. Postal
Aydin H. Harston, Ph.D.

Jennifer B. Maisel
Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Monica Chin Kitts
Nicole M. DeAbrantes
Davide F. Schiavetti
Patrick Moon
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
An Nguyen
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
Harry F. Manbeck, Jr.
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

April 11, 2025

**VIA ELECTRONIC EMAIL**

Elana Nightingale Dawson
elana.nightingaledawson@lw.com
555 Eleventh Street, NW, Suite 1000
Washington, D.C., 20004

Ryan Wong
rwong@keker.com
633 Battery Street
San Francisco, CA 94111

Luke Budiardjo
luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020

Re:     *The New York Times Company v. Microsoft Corp. et al.*, Case No. 24-cv-11195-SHS; *Daily News, LP et al v Microsoft Corp. et al*, Case No. 24-cv-3285-SHS

Counsel:

I write regarding the output logs that Plaintiffs and OpenAI have been discussing with respect to The Times's and Daily News Plaintiffs' (collectively, "News Plaintiffs") requests for inspection. I am specifically following up on the April 9, 2025 call we had with your consultant, Junsu Choi, and News Plaintiffs' technical experts about the output logs. During the call there were several questions and requests that came up which you said you would have to take back and would respond to us separately. We are writing to follow up on those questions. Please provide us with written answers and/or arrange a time for a follow up call with your consultant when he is prepared to address these questions no later than April 16.

I.     **Forthcoming Productions**

Thank you for confirming on the call that OpenAI will produce all of the sample log data produced to us in JSON format to facilitate our review, including for the PDF sample logs bearing

ROTHWELL FIGG

Elana Nightingale Dawson, Ryan Wong, Luke Budiardjo
April 11, 2025
Page 2

bates numbers OPCO_NEWS_0837066, OPCO_NEWS_1139454, OPCO_NEWS_1139472, and OPCO_NEWS_1139483.

You advised that OpenAI will be producing about 3TB of metadata reflecting the volume of user conversation data OpenAI has retained with respect to its ChatGPT Free, Pro, and Plus products (which include Custom GPTs, Browse, and SearchGPT features), and we provided three email accounts that should be granted access to that data. We look forward to receiving the production and will follow up if we have any questions.

## II.    ChatGPT Free, Pro, and Plus Conversation Data

Set forth below are News Plaintiffs' outstanding questions regarding the ChatGPT Free, Pro, and Plus conversation data that Mr. Choi was either not able to answer on the call or that we did not have time to get to on the call.





Elana Nightingale Dawson, Ryan Wong, Luke Budiardjo
April 11, 2025
Page 3

ROTHWELL FIGG

Elana Nightingale Dawson, Ryan Wong, Luke Budiardjo
April 11, 2025
Page 4



**III.    Output Logs for Other OpenAI Products**

Our position is that output logs for OpenAI's API Platform, ChatGPT Enterprise, and Microsoft's Bing Chat/Copilot products are responsive to News Plaintiffs' requests for inspection and should be made available promptly.

(a) <u>OpenAI's API Platform Completions and Bing Chat/Copilot Data</u>

 ROTHWELL FIGG

Elana Nightingale Dawson, Ryan Wong, Luke Budiardjo
April 11, 2025
Page 5



(b) OpenAI's ChatGPT Enterprise Conversations

We may run any business data submitted to OpenAI's services through automated content classifiers and safety tools, including to better understand how our services are used. The classifications created are metadata about the business data but do not contain any of the business data itself. Business data is only subject to human review as described below on a service-by-service basis.

…

RF ROTHWELL FIGG

Elana Nightingale Dawson, Ryan Wong, Luke Budiardjo
April 11, 2025
Page 6

> Authorized OpenAI employees will only ever access your conversations for the
> purposes of resolving incidents, recovering end user conversations with your
> explicit permission, or where required by applicable law.

*See* https://openai.com/enterprise-privacy/. The policy also notes that data may be retained longer than by default if required by law: "Any deleted conversations are removed from our systems within 30 days, unless we are legally required to retain them." *See id.* This is also consistent with the business terms that OpenAI advertises, which state that OpenAI may "use Customer Content as necessary to … comply with applicable law, and enforce OpenAI Policies." *See* https://openai.com/policies/business-terms/, § 3.2.

According to OpenAI's public facing statements, it appears that OpenAI does have access to Enterprise conversations because OpenAI can run the data through classifiers and other safety checks, and OpenAI employees may access the data when required by law. OpenAI also notes that the data may be retained longer than the default policy if OpenAI is legally required to retain the data. ████████████████████████████████████████████████████████████████████████████ " March 19 Letter, p. 2, it seems that OpenAI does have possession of ChatGPT Enterprise user conversation data as described above. OpenAI also appears to have possession of classifications for these user conversations. OpenAI refers to these classifications as "metadata about the business data" that "do[es] not contain any of the business data itself." See https://openai.com/enterprise-privacy/. Please describe the nature of these classifications, and whether OpenAI maintains classification for ChatGPT Enterprise user conversation data that has been deleted.

Given the ability of OpenAI to access this data for purposes of classification, and also for purposes required by law, it is clear that there is no technical limitation preventing your providing access to ChatGPT Enterprise user conversation data. As with the API Platform data, this data is clearly responsive to our requests for inspection; we ask that you reconsider. If you still refuse to provide access to output logs for ChatGPT Enterprise user conversations, please set forth the basis of your refusal no later than April 16.

***

Thank you for your prompt attention to this matter.

Respectfully,

Jennifer Maisel

CC: All counsel of record