**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE OPENAI, INC. COPYRIGHT INFRINGEMENT LITIGATION | Case No. 1:25-md-03143-SHS-OTW |

| | |
|---|---|
| RAW STORY MEDIA, INC., ALTERNET MEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC, <br><br> Defendants. | Case No. 1:24-cv-01514-SHS-OTW |

**OPENAI'S MEMORANDUM OF LAW IN OPPOSITION TO**
**PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISMISSAL AND**
**DENIAL OF LEAVE TO AMEND COMPLAINT**

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ............................................................................................... 1

II.    BACKGROUND ................................................................................................. 1

III.   ARGUMENT ...................................................................................................... 2

     A.    Plaintiffs' motion disregards the local rules. .......................................... 3

     B.    Plaintiffs do not meet the standard for reconsideration of a final order
           under Rule 60(b)(6). .............................................................................. 4

           1.    Rule 60(b)(6) governs. ............................................................... 4

           2.    Plaintiffs do not meet the Rule 60(b)(6) standard. .................... 5

     C.    Nor do Plaintiffs meet the standard for reconsideration of a non-final order
           under Rule 54(b). ................................................................................... 6

     D.    Plaintiffs do not have Article III standing because, unlike every other
           DMCA plaintiff in the MDL, they have not plausibly alleged that
           ChatGPT regurgitated their works. ......................................................... 8

IV.   CONCLUSION ................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advanced Analytics, Inc. v. Citigroup Global Markets Inc.*,
    2022 WL 2529281 (S.D.N.Y. July 7, 2022) ............................................................5

*Aequitron Medical, Inc. v. CBS, Inc.*,
    No. 93 CIV. 950 (SS), 1994 WL 30414 (S.D.N.Y. Feb. 2, 1994) ............................6

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
    684 F.3d 36 (2d Cir. 2012) ......................................................................................9

*Argila v. Mach Group, Inc.*,
    740 F. Sup. 3d 128, 132 (S.D.N.Y. 2024) ..............................................................3

*Clinton v. Brown & Williamson Holdings, Inc.*,
    652 F. Supp. 2d 528 (S.D.N.Y. 2009) ....................................................................3

*Degulis v. LXR Biotech., Inc.*,
    928 F. Supp. 1301 (S.D.N.Y. 1996). .......................................................................8

*Matter of Energetic Tank, Inc.*,
    No. 1:18-cv-1359 (PAC) (RWL), 2020 WL 978257 (S.D.N.Y. Feb. 28, 2020) .....................4

*In re Facebook, Inc., IPO Sec. and Derivative Litig.*,
    43 F. Supp. 3d 369 (S.D.N.Y. 2014)........................................................................3

*Geo-Group Comm., Inc. v. Shah*,
    No. 15 CIV. 1756 (KPF), 2020 WL 5743516 (S.D.N.Y. Sept. 25, 2020) ...............6

*In re Grand Jury Proc. (Kluger)*,
    827 F.2d 868 (2d Cir. 1987)......................................................................................7

*Lopez v. Guziczek*,
    No. 21-CV-10099 (NSR), 2025 WL 1122537 (S.D.N.Y. Apr. 16, 2025) ...............4

*McGee v. Dunn*,
    940 F. Supp. 2d 93 (S.D.N.Y. 2013)........................................................................3

*N.Y. Times Co. v. Microsoft Corp.*,
    No. 23-cv-11195 (SHS), 2025 WL 1009179 (S.D.N.Y. Apr. 4, 2025) ............1, 8, 9

*Nemaizer v. Baker*,
    793 F.2d 58 (2d Cir. 1986)...................................................................................2, 5

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers &*
    *Lybrand, LLP*,
    322 F.3d 147 (2d Cir. 2003)...................................................................................6

*In re OpenAI, Inc. Copyright Infringement Litig*,
    No. 1:25-md-03143-SHS (S.D.N.Y. April 3, 2025) ..................................................2

*Petrello v. White*,
    533 F.3d 110 (2d Cir. 2008)...................................................................................4

*In re Pharmacy Benefit Managers Antitrust Litig.*,
    582 F.3d 432 (3d Cir. 2009). .............................................................................6, 7

*Philadelphia Housing Auth. v. Am. Radiator & Standard Sanitary Corp.*,
    323 F. Supp. 381 (E.D. Pa. 1970) .........................................................................6

*Pinney v. Nokia*,
    402 F.3d 430 (4th Cir. 2005) .............................................................................7, 8

*Sec. and Exchange Comm. v. Amerindo Invest. Advisors Inc.*,
    No. 05-CV-5231 (RJS), 2015 WL 13678844 (S.D.N.Y. Feb. 3, 2015) ...................8

*In re Taneja*,
    No. 17-CV-942 (JGK), 2019 WL 1949839 (S.D.N.Y. April 19, 2019) ...................1

*The Intercept Media, Inc. v. OpenAI, Inc.*,
    No. 24-cv-1515, 2025 WL 556019 (S.D.N.Y. Feb. 20, 2025) ................................8

*U.S. v. Int'l Broth. of Teamsters*,
    247 F.3d 370 (2d Cir. 2001)...................................................................................4

*United Airlines, Inc. v. Brien*,
    588 F.3d 158 (2d Cir. 2009)...................................................................................5

*United States v. Valles*,
    No. 19 CR. 672 (JPC), 2024 WL 1433708 (S.D.N.Y. Apr. 3, 2024) ......................5

**Statutes**

17 U.S.C. § 1202(b)(1) ...............................................................................................1, 8

28 U.S.C. § 1407.........................................................................................................6, 7

TABLE OF AUTHORITIES
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. P. 60(b) ...................................................................................................2, 3, 4, 5, 6

Local Civ. R. 6.3 ...........................................................................................................................3, 4

Fed. R. Civ. P. 54(b) ................................................................................................................4, 6, 7, 8

## I.    INTRODUCTION

Plaintiffs have "not carried the heavy burden to warrant reconsideration." *In re Taneja*, No. 17-CV-942 (JGK), 2019 WL 1949839, at *1 (S.D.N.Y. April 19, 2019).  The order at issue is a final order, and Plaintiffs do not demonstrate the extraordinary circumstances required to revisit it.  Even under the less demanding standard governing non-final orders, Plaintiffs do not justify a departure from the law of the case.  And at any rate, there is no reason for reconsideration because Plaintiffs lack Article III standing under this Court's reasoning in the *New York Times* case: after several tries, they still do not plausibly allege that OpenAI has "provide[d] plaintiffs' works directly to end users through regurgitating outputs." *N.Y. Times Co. v. Microsoft Corp.*, No. 23-cv-11195 (SHS), 2025 WL 1009179, at *15 (S.D.N.Y. Apr. 4, 2025).  Plaintiffs' motion for reconsideration should be denied.

## II.    BACKGROUND

Plaintiffs allege that OpenAI "created copies of Plaintiffs' works of journalism . . . and included them in training sets used to train ChatGPT" with author, title, and copyright notice information removed in violation of 17 U.S.C. § 1202(b)(1).  ECF 1 ¶¶ 49–51.  OpenAI moved to dismiss the complaint on April 29, 2024.  On November 7, 2024, the Court granted OpenAI's motion on Article III grounds.  ECF 117 at 5.  In dismissing Plaintiffs' complaint, the Court concluded that Plaintiffs' asserted harm—i.e., "the unauthorized removal of CMI from their copyrighted work"—was insufficiently concrete in light of Plaintiffs' failure to "allege that a copy of their work from which the CMI has been removed has been disseminated by ChatGPT to anyone in response to any specific query."  ECF 117 at 6.  The Court noted that Plaintiffs had not "alleged any actual adverse effects stemming from this alleged DMCA violation." *Id.* at 7.

The Court allowed Plaintiffs to file a motion that attached the proposed pleading "together with an explanation of why the proposed amendment would not be futile." *Id.* at 1.  Notably, the

Court was "skeptical about Plaintiffs' ability to allege a cognizable injury" but was "prepared to consider" an amended pleading to the extent Plaintiffs could allege "a substantial risk that the *current* version of ChatGPT will generate a response plagiarizing one of *Plaintiffs'* articles." *Id.* at 8-10 (emphasis in original). On November 21, 2024, Plaintiffs filed such a motion. In its Proposed First Amended Complaint ("PFAC"), Plaintiffs realleged the exact same harm the Court already rejected—that OpenAI "injured Plaintiffs by removing CMI from tens of thousands of Plaintiffs' news articles." *See* ECF 119 at 1, 119-1.

On April 3, 2025, the Court once again found that "Plaintiffs assert[ed] the same injury in their [PFAC] as they did in their initial complaint." *See* ECF 137 at 2. The Court also rejected Plaintiffs' standing argument for injunctive relief, noting that "[i]nstead of adding new evidence of any content output by ChatGPT that was plagiarized *from Plaintiffs' works*, Plaintiffs have amended their complaint to include the allegations of plagiarism made by other litigants in other ongoing lawsuits against OpenAI." *Id.* at 3-4 (emphasis added). The JPML then issued its transfer order on the same day, centralizing the pending actions as *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-md-03143-SHS (S.D.N.Y. April 3, 2025) (the "MDL").

## III.    ARGUMENT

Plaintiffs do not meet *any* applicable reconsideration standard. As an initial matter, Plaintiffs have disregarded this District's local rules governing motions for reconsideration. Nor have Plaintiffs demonstrated the "exceptional circumstances" necessary to warrant "extraordinary judicial relief" from a final order under Rule 60(b)(6). *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). Even if the order were non-final, Plaintiffs have failed to justify a departure from the law of the case. Moreover, Plaintiffs still lack Article III standing because they have never identified any regurgitation of any part of their works without CMI, unlike every other DMCA plaintiff in the MDL. Accordingly, Plaintiffs' motion fails.

### A.    Plaintiffs' motion disregards the local rules.

Plaintiffs' motion does not comply with Local Rule 6.3, which governs motions for reconsideration in this District.  Under that rule, a movant must "set[] forth concisely the matters or controlling decisions which the moving party believes the court has *overlooked*."  Local Civ. R. 6.3 (emphasis added); *see also McGee v. Dunn*, 940 F. Supp. 2d 93, 100 (S.D.N.Y. 2013) (movant "must demonstrate that the Court *overlooked* controlling decisions or factual matters that were put before it on the underlying motion" (emphasis added)).  "The reason for the rule confining reconsideration to matters that were *'overlooked'* is to ensure the finality of decisions," and to prevent litigants from "taking a second bite at the apple."  *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014) (emphasis added).  "[A] motion to reargue, modify, or vacate a prior decision must comply with Local Civil Rule 6.3," regardless of how the motion is styled.  *Clinton v. Brown & Williamson Holdings, Inc.*, 652 F. Supp. 2d 528, 530 (S.D.N.Y. 2009); *see also Argila v. Mach Group, Inc.*, 740 F. Sup. 3d 128, 132 (S.D.N.Y. 2024) ("A motion for reconsideration made after a final judgment is governed both by Federal Rule of Civil Procedure 60(b) and by Local Civil Rule 6.3.").

Here, Plaintiffs do not identify any issue that was "overlooked."  Instead, Plaintiffs continue to argue that they have standing for the *exact same* substantive reasons that the Court has already twice considered and rejected.  *Compare, e.g.*, ECF 139-1 at 9 (arguing that Plaintiffs' injury is analogous to property interference or unjust enrichment), *with* ECF 119 at 4-9 (arguing that Plaintiffs' injury is analogous to property interference or unjust enrichment) *and* ECF 70 at 6-7 (arguing that Plaintiffs' injury is analogous to property interference).  Accordingly, their motion should be denied.[1]

---

[1] Plaintiffs' motion may also be denied for the independent reason that it is untimely. Under Local Rule 6.3, "a notice of motion for reconsideration must be served within 14 days after the entry of

**B.** **Plaintiffs do not meet the standard for reconsideration of a final order under Rule 60(b)(6).**

Even if the Court excuses Plaintiffs' noncompliance with Local Rule 6.3, their motion separately fails because it does not "meet[] the demanding bar set for relief under Rule 60(b)." *Matter of Energetic Tank, Inc*., No. 1:18-cv-1359 (PAC) (RWL), 2020 WL 978257, at *3 n.3 (S.D.N.Y. Feb. 28, 2020). Under that rule, "the court may relieve a party or its legal representative from a final judgment, ***order***, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). Reconsideration under Rule 60(b), however, "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *U.S. v. Int'l Broth. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

1.    *Rule 60(b)(6) governs.*

As an initial matter, Plaintiffs are wrong that Rule 54(b) governs their motion because "final judgment has not yet [been] entered." *See* ECF 139 at 6. Instead, as Plaintiffs acknowledge in the alternative, Rule 60(b) governs because the order denying leave to amend was a final order "that conclusively determines all pending claims of all the parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White,* 533 F.3d 110, 113 (2d Cir. 2008); *see also Lopez v. Guziczek*, No. 21-CV-10099 (NSR), 2025 WL 1122537, at *2 (S.D.N.Y. Apr. 16, 2025) (an order dismissing all claims with prejudice is a "final order"). Here, the order denying leave to amend is final because it conclusively determined that Plaintiffs could not proceed with any claim. *See* ECF 137 at 4. Accordingly, Rule 60(b) governs.

---

the court's order being challenged." Local Civ. R. 6.3. Here, Plaintiffs served their notice of motion on April 18, 2025, 15 days after entry of the order denying leave to amend the complaint, *see* ECF 137 (entered on April 3, 2025), and 162 days after entry of the order dismissing the complaint without leave to amend, *see* ECF 117 (entered on November 7, 2024).

>       2.       *Plaintiffs do not meet the Rule 60(b)(6) standard.*

Plaintiffs have not made the "showing of exceptional circumstances" required to warrant Rule 60(b)'s "extraordinary judicial relief." *Nemaizer*, 793 F.2d at 61. Plaintiffs do not even address this requirement in their motion, much less come close to meeting it.

Plaintiffs' reliance on *In re Terrorist Attacks* is misplaced, as that case involved truly exceptional circumstances not present here. In that case, the Second Circuit explicitly found the circumstances to be "extraordinary" due to the case's decade-long procedural history and the risk that denying relief would prevent the plaintiffs from obtaining *any* review of the district court's decision. *See In re Terrorist Attacks on September 11, 2001 (Kingdom of Saudi Arabia))*, 741 F.3d 353, 357 (2d Cir. 2013). This situation placed the plaintiffs in an "impossible bind" because the Second Circuit had never addressed the district court's underlying reasoning. *Id.* at 356.

This is not the case here. Plaintiffs merely point to different results in a different case with different operative pleadings, without identifying any special circumstances that warrant reconsideration. A "mere disagreement with the district court's underlying judgment does not present extraordinary circumstances or extreme hardship." *United States v. Valles*, No. 19 CR. 672 (JPC), 2024 WL 1433708, at *4 (S.D.N.Y. Apr. 3, 2024) (citing *Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010)). But disagreement with Judge McMahon's decision is all Plaintiffs have to offer.

Plaintiffs are free to seek appellate review of the district court's decision, but Rule 60(b) "may not be used as a substitute for a timely appeal." *Advanced Analytics, Inc. v. Citigroup Global Markets Inc.*, No. 04-CV-3531-LTS-SLC, 2022 WL 2529281, at *1 (S.D.N.Y. July 7, 2022) (quoting *Nemaizer*, 792 F.2d at 61); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 176 (2d Cir. 2009) ("We have warned . . . that a Rule 60 motion may not be used as a substitute for appeal and that a claim based on legal error alone is inadequate.") (cleaned up). *See* ECF 137 at 3 ("[i]f

Plaintiffs believe that I got it wrong, and that my esteemed colleague Judge Rakoff got it right, then [a] motion [for reconsideration] is not the place to make that argument.") (cleaned up).

### C. Nor do Plaintiffs meet the standard for reconsideration of a non-final order under Rule 54(b).

Nor do Plaintiffs' arguments satisfy the "strict standard for reconsideration of an interlocutory decision under Rule 54(b)," *Geo-Group Comm., Inc. v. Shah*, No. 15 CIV. 1756 (KPF), 2020 WL 5743516, at *11 (S.D.N.Y. Sept. 25, 2020)—a standard that, while less demanding than Rule 60(b)(6), still imposes a high bar that Plaintiffs have not met. The Second Circuit has "limited district courts' reconsideration of earlier decisions under Rule 54(b) by treating those decisions as law of the case," which means that they "may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 167 (2d Cir. 2003) (cleaned up).

Here, Plaintiffs' motion does not identify any of those things. Instead, the only "changed circumstance" is the recent transfer order and the corresponding reassignment to Judge Stein from Judge McMahon. ECF 139-1 at 6. But "traditional principles of law of the case counsel against the transferee court reevaluating the rulings of the transferor court." *Aequitron Medical, Inc. v. CBS, Inc.*, No. 93 CIV. 950 (SS), 1994 WL 30414, at *6 (S.D.N.Y. Feb. 2, 1994).

This is equally true after an MDL transfer. Indeed, the doctrine "is particularly applicable to multidistrict litigation," and there is no "apparent reason why the rule of the law of the case should not be applied merely because a different judge has now been assigned to this litigation" pursuant to a Section 1407 transfer. *Philadelphia Housing Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 381, 383 (E.D. Pa. 1970). For example, in *In re Pharmacy Benefit*

6

*Managers Antitrust Litigation*, the Third Circuit rejected an MDL transferee court's reconsideration of a transferor court's prior order where the transferee court "did not rely on any of the recognized exceptions to the law of the case doctrine." 582 F.3d 432, 439 (3d Cir. 2009). There, the court could "find nothing in the text of 28 U.S.C. § 1407 . . . that authorizes a transferee judge to vacate or modify an order of a transferor judge" and explained that Congress did not "intend[] that a 'Return to Go' card would be dealt to parties involved in MDL transfer." *Id.* at 440-41. Here, Plaintiffs' motion similarly does not refer to any of the recognized bases for deviating from the law of the case in the Second Circuit—an intervening change of controlling law, new evidence, or a need to correct clear error or prevent manifest injustice. Thus, the MDL transfer does not justify a departure from the law of the case and Plaintiffs' motion under Rule 54(b) should be denied.[2]

Plaintiffs do not identify a single case in which an MDL transfer served as an end-run around the legal standard for reconsideration and warranted departure from the law of the case. *In re Grand Jury Proc. (Kluger)* did not even involve an MDL; the quoted language appears in a footnote distinguishing an out-of-circuit case, and at any rate is discussing which appellate court has jurisdiction after centralization, not whether a standard for reconsideration is met. 827 F.2d 868, 871 n.3 (2d Cir. 1987).

*Pinney v. Nokia* turned on the fact that the transferor court had denied a motion "without prejudice and explicitly acknowledged that the [question of law] could be revisited later in the

---

[2] Plaintiffs also argue that they meet the Rule 54(b) standard because OpenAI is "judicially estop[ped]" from "objecting to" the benefits of discovery efficiencies. ECF 139-1 at 8. But OpenAI's opposition is not based on the absence of some potential discovery efficiencies. Nor do potential discovery (in)efficiencies begin to approach the kind of "manifest injustice" that would be required under Rule 54(b).

litigation." 402 F.3d 430, 453 (4th Cir. 2005). Not so here, as Judge McMahon dismissed Plaintiffs' claims without leave to amend.

Finally, in *Degulis v. LXR Biotech., Inc.*, the transferee court "ha[d] before it motions to dismiss in four of the other related actions, which involve[d] in large part the same facts and legal issues." 928 F. Supp. 1301, 1309 (S.D.N.Y. 1996). Here, by contrast, there are *no* pending motions to dismiss before this Court.

Because Plaintiffs "have not met the demanding standard required for reconsideration" under Rule 54(b), *Sec. and Exchange Comm. v. Amerindo Invest. Advisors Inc.*, No. 05-CV-5231 (RJS), 2015 WL 13678844, at *2 (S.D.N.Y. Feb. 3, 2015), their motion should be denied even under that rule.

> **D.    Plaintiffs do not have Article III standing because, unlike every other DMCA plaintiff in the MDL, they have not plausibly alleged that ChatGPT regurgitated their works.**

Unlike every other DMCA plaintiff in the MDL, and despite several chances to do so, Plaintiffs here have not identified a single example of ChatGPT regurgitating their own works in its outputs. *See* ECF 119-1 ¶¶ 63-78 (alleging regurgitation only of other plaintiffs' works). For example, in the *New York Times* case, this Court found that the other newspaper plaintiffs had Article III standing because they had alleged harms "fairly traceable" to the "removal of CMI from ***plaintiffs' works***". 2025 WL 1009179, at *14 (emphasis added). Similarly, in *The Intercept*, Judge Rakoff noted that the "Intercept's data scientist was able to produce three regurgitations from ChatGPT in response to detailed prompts," which was enough to state a Section 1202(b)(1) claim. *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 24-cv-1515 (JSR), 2025 WL 556019, at *8 (S.D.N.Y. Feb. 20, 2025).

Here, because Plaintiffs have never identified any regurgitation, their allegation of harm is insufficiently concrete to satisfy the injury-in-fact requirement. Unlike the plaintiffs in the other

centralized cases, Plaintiffs here cannot plausibly allege that CMI "removal allows defendants to provide plaintiffs' works directly to end users through regurgitating outputs, while concealing that defendants infringed plaintiffs' copyrights to generate those outputs" because they do not allege an instance of ChatGPT regurgitating their own works. *New York Times*, 2025 WL 1009179 at *15.

Plaintiffs have had ample opportunities to allege this harm. Judge McMahon explicitly informed Plaintiffs of this deficiency and gave them an opportunity to correct it. *See* ECF 117 at 10 ("I am skeptical about Plaintiffs' ability to allege a cognizable injury but, at least as to injunctive relief, I am prepared to consider an amended pleading."). Yet Plaintiffs *still* failed to identify any regurgitation of their works in their proposed amended complaint. As Judge McMahon observed, Plaintiffs "still do not plausibly allege that a copy of their work from which the CMI has actually been removed has been disseminated by ChatGPT to anyone in response to any specific inquiry." ECF 137 at 2. Plaintiffs (again) could not allege regurgitation then—thereby failing to demonstrate Article III standing—so there is no reason to believe they can do so now. The moving party cannot use a motion for reconsideration as an opportunity to take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Here, Plaintiffs failed at their second bite; this Court should not give them a third.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for reconsideration.

Dated: May 27, 2025                          MORRISON & FOERSTER LLP

By:  */s/ Joseph C. Gratz*
      Joseph C. Gratz (*pro hac vice*)
      JGratz@mofo.com
      425 Market Street
      San Francisco, CA  94105-2482
      Telephone:  415.268.7000
      Facsimile:  415.268.7522

      Rose S. Lee (*pro hac vice*)
      Roselee@mofo.com
      707 Wilshire Boulevard, Suite 6000
      Los Angeles, CA  90017-3543
      Telephone:  213.892.5200
      Facsimile:  213.892.5454

      Carolyn M. Homer (*pro hac vice*)
      Cmhomer@mofo.com
      2100 L Street NW
      Washington, D.C. 20037
      Telephone:  202.650.1500
      Facsimile:  202.887.0763

      Jocelyn E. Greer
      JGreer@mofo.com
      Emily C. Wood
      EWood@mofo.com
      Eric K. Nikolaides
      ENikolaides@mofo.com
      250 W. 55th Street
      New York, NY 10019-9601
      Telephone:  212.468.8000
      Facsimile:  212.468.7900

      Drew Alan Hillier
      Dhiller@mofo.com
      12531 High Bluff Dr., Suite 100
      San Diego, CA 92130
      Telephone:  858.314.7711
      Facsimile: 858.720.5125

      Attorneys for Defendants
      OPENAI, INC., OPENAI GP, LLC, OPENAI,
      LLC, OPENAI OPCO LLC, OPENAI
      GLOBAL LLC, OAI CORPORATION, LLC,
      and OPENAI HOLDINGS, LLC

Dated:        May 27, 2025                          LATHAM & WATKINS LLP

                                                   By: */s/ Herman H. Yue*
                                                   _____
                                                        Andrew Gass (*pro hac vice*)
                                                        andrew.gass@lw.com
                                                        Joseph R. Wetzel (*pro hac vice*)
                                                        joe.wetzel@lw.com
                                                        505 Montgomery Street, Suite 2000
                                                        San Francisco, CA  94111
                                                        Telephone:  415.391.0600
                                                        Facsimile:  415.395.8095

                                                        Sarang Damle
                                                        sy.damle@lw.com
                                                        Elana Nightingale Dawson (*pro hac vice*)
                                                        elana.nightingaledawson@lw.com
                                                        555 Eleventh Street NW, Suite 100
                                                        Washington, DC 20004
                                                        Telephone: (202) 637-2200

                                                        Allison L. Stillman
                                                        alli.stillman@lw.com
                                                        Rachel R. Blitzer
                                                        rachel.blitzer@lw.com
                                                        Herman H. Yue
                                                        herman.yue@lw.com
                                                        Michael A. David
                                                        Michael.david@lw.com
                                                        Yijun Zhong
                                                        elaine.zhong@lw.com
                                                        Luke Budiardjo
                                                        luke.budiardjo@lw.com
                                                        1271 Avenue of the Americas
                                                        New York, NY 10020
                                                        Telephone: (212) 906-1200

                                                        Allison S. Blanco (*pro hac vice*)
                                                        allison.blanco@lw.com
                                                        650 Town Center Drive, Suite 2000
                                                        Costa Mesa, CA 92626
                                                        Telephone: (714) 540-1235

                                                        Attorneys for Defendants
                                                        OPENAI, INC., OPENAI GP, LLC,
                                                        OPENAI, LLC, OPENAI OPCO LLC,
                                                        OPENAI GLOBAL LLC, OAI
                                                        CORPORATION, LLC, and OPENAI

                                                   11

HOLDINGS, LLC

Dated:        May 27, 2025                    KEKER, VAN NEST & PETERS LLP

                                              By: */s/ Thomas E. Gorman*
                                              _____
                                                    Robert A. Van Nest (*pro hac vice*)
                                                    RVanNest@keker.com
                                                    R. James Slaughter (*pro hac vice*)
                                                    RSlaughter@keker.com
                                                    Paven Malhotra
                                                    PMalhotra@keker.com
                                                    Michelle S. Ybarra (*pro hac vice*)
                                                    MYbarra@keker.com
                                                    Nicholas S. Goldberg (*pro hac vice*)
                                                    NGoldberg@keker.com
                                                    Thomas E. Gorman (*pro hac vice*)
                                                    TGorman@keker.com
                                                    Katie Lynn Joyce (*pro hac vice*)
                                                    KJoyce@keker.com
                                                    Christopher S. Sun (*pro hac vice*)
                                                    CSun@keker.com
                                                    Andrew S. Bruns (*pro hac vice*)
                                                    abruns@keker.com
                                                    Andrew Dawson (*pro hac vice*)
                                                    adawson@keker.com
                                                    Edward A. Bayley
                                                    ebayley@keker.com
                                                    Sarah Salomon
                                                    Ssalomon@keker.com
                                                    Ryan Wong (*pro hac vice*)
                                                    rwong@keker.com
                                                    633 Battery Street
                                                    San Francisco, CA 94111-1809
                                                    Telephone:  415.391.5400
                                                    Facsimile:  415.397.7188

                                                    Attorneys for Defendants
                                                    OPENAI, INC., OPENAI GP, LLC,
                                                    OPENAI, LLC, OPENAI OPCO LLC,
                                                    OPENAI GLOBAL LLC, OAI
                                                    CORPORATION, LLC, and OPENAI
                                                    HOLDINGS, LLC

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 6.3

In accordance with Local Civil Rule 6.3, I certify that the foregoing Memorandum of Law is 2913 words, exclusive of the caption page, table of contents, table of authorities, and signature block.  The basis of my knowledge is the word count feature of the word-processing system used to prepare this memorandum.

Dated:  May 27, 2025                                    by:    */s/ Joseph C. Gratz*
                                                     Joseph C. Grantz