**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: | **ECF CASE** |
| OPENAI, INC., COPYRIGHT INFRINGEMENT LITIGATION | 1:25-md-03143-SHS/OTW |
| This Document Relates To: Case No. 1:23-cv-08292 Case No. 1:23-cv-10211 Case No. 1:25-cv-03482 Case No. 1:25-cv-03483 Case No. 1:25-cv-03291 | |

**APPLICATION OF RACHEL GEMAN**
**FOR APPOINTMENT AS INTERIM LEAD COUNSEL**

## TABLE OF CONTENTS

Page

I.    BACKGROUND ...................................................................................................... 2

    A.    Complaint Filing. ........................................................................................ 2

    B.    Relevant Subsequent Events. ...................................................................... 2

II.   LEGAL STANDARD ............................................................................................ 4

III.  ARGUMENT .......................................................................................................... 5

    A.    Lieff Cabraser Thoroughly Investigated the Misconduct Alleged in this
        Action and Has Actively Litigated This Matter in SDNY Against OpenAI
        and Microsoft (Fed. R. Civ. P. 23(g)(1)(A)(i)) ......................................... 5

    B.    Lieff Cabraser and Rachel Geman Have the Class Action Experience and
        Copyright Knowledge to Successfully Prosecute this Case (Fed. R. Civ. P.
        23(g)(1)(A)(ii) and (iii)). ........................................................................... 6

        1.    Lieff Cabraser ................................................................................ 6

        2.    Rachel Geman ................................................................................ 9

        3.    Lieff Cabraser Team .................................................................... 10

    C.    Lieff Cabraser Will Commit Ample Resources to Prosecute this Action
        Efficiently (Fed. R. Civ. P. 23(g)(1)(A)(iv)). ......................................... 12

    D.    Ms. Geman and Lieff Cabraser Attorneys Have the Ability to Work
        Cooperatively With Others. ...................................................................... 13

    E.    Lieff Cabraser's Attorneys Are Located and Regularly Practice Within
        this District. .............................................................................................. 13

    F.    Alternative ................................................................................................ 13

IV.   CONCLUSION .................................................................................................... 14

Pursuant to Case Management Order No. 2 (MDL Dkt. 60), Rachel Geman, current interim co-lead counsel for SDNY Class Plaintiffs,[1] respectfully moves the Court to serve as Interim Lead Counsel to oversee this multidistrict litigation on behalf of all Class Plaintiffs. Rachel Geman ("Geman"), a partner in Lieff Cabraser Heimann & Bernstein, LLP's New York City office, will fairly and adequately represent the Class Plaintiffs, and work efficiently and collaboratively with both the other counsel in the Class Cases and with the News Cases.

While there are a number of committed and experienced lawyers seeking to serve as Interim Lead Counsel in this matter, Geman is best able to serve the interests of the copyright holders. She filed the first class case in this District, representing the Authors Guild and an array of writers. That case focused on OpenAI's unlawful *acquisition* of copyright protected books (including books reproduced from pirated sources) and further unlawful reproduction and use of books in unlicensed LLM *training*, infringements that further threaten writers.[2] Geman and much of her team are based in New York City, and have been litigating against both OpenAI and Microsoft since the early days of the litigation. She and Lieff Cabraser have extensive experience particularly in managing cases with multiple stakeholders and cases involving cutting-edge technology and its impact on people's lives. Finally, Geman and Lieff Cabraser have ample and productive experience working with other firms both in other AI copyright cases and other matters in and out of this Court.

Accordingly, if chosen as lead, Rachel Geman would maintain efforts to communicate, coordinate, and include, consistent with presenting a reliable and responsive point of contact for

---

[1] The SDNY consolidated class cases are *Authors Guild v. OpenAI Inc.* (No. 1:23-cv-08292) and *Alter v. OpenAI Inc.* (No. 1:23-cv-10211). *Basbanes v. Microsoft Corporation* (No. 1:24−00084), which is also subject to the MDL order, remains stayed pending a ruling on class certification in the" consolidated class action litigation. [Nos. 1:23-cv-8292; 1:23-cv-10211]." Dkt. 213, No. 1:23-cv-8292.

[2] Lieff Cabraser and Cowan, DeBaets, Abrahams, & Sheppard, LLP ("CDAS") are co-counsel in the *Authors Guild* matter, and work closely and collaboratively together in these and other matters. CDAS is a copyright and media boutique firm.

the Court, the News Plaintiffs, and Defendants' Counsel. Rachel Geman is the appropriate choice for this case.

## I.    BACKGROUND

### A.    Complaint Filing.

On September 19, 2023, a group of authors and copyright holders represented by Lieff Cabraser and CDAS filed copyright infringement claims against OpenAI, Inc. and its related entities (hereinafter "OpenAI"). *Authors Guild v. OpenAI, Inc.*, No. 1:23-cv-08292, Dkt. 1 (S.D.N.Y. Sept. 19, 2023) (the "Authors Guild Action"). Leading up to the filing, Ms. Geman and Lieff Cabraser extensively explored the technology of Large Language Models—Ms. Geman has spoken on, and worked extensively with the Authors Guild and a host of writers to understand their concerns and tailor an action to efficiently address Defendants' unauthorized reproduction of copyrighted works in book corpus acquisition, reproduction in LLM training, and harm to writers and the writing market due to this conduct. Declaration of Rachel J. Geman ("Geman Decl.") ¶ 8. The *Authors Guild* complaint was the product of that investigation, an approach consistent with Lieff Cabraser's practice—honed from decades of experience managing complex mass/class actions—of deeply engaging plaintiffs and shaping litigation strategy accordingly. *See, e.g.,* Elizabeth J. Cabraser & Samuel Issacharoff, *The Participatory Class Action*, 92 N.Y.U. L. Rev. 846 (2017) (chronicling the firm's innovative efforts to include class members as active participants).

### B.    Relevant Subsequent Events.

Subsequently, a group of non-fiction authors represented by attorneys at Susman Godfrey LLP ("Susman Godfrey") brought similar claims against OpenAI and Microsoft on November 21,

2023. *Alter v. OpenAI, Inc.*, No. 1:23-cv-10211, Dkt. 1 (the "Alter Action").[3] Lieff Cabraser and Susman Godfrey promptly began working collaboratively and, on February 5, 2024, the plaintiffs filed a consolidated class action complaint against OpenAI and Microsoft (the "SDNY Class Action"). *Authors Guild* Dkt. 69.

On February 6, 2024, this Court appointed Lieff Cabraser, Cowan DeBaets, and Susman Godfrey as Interim Co-Lead Counsel for the Authors' Classes. *Authors Guild* Dkt. 70. The three firms have worked collaboratively from the start of these cases to represent the interests of the SDNY Class Plaintiffs and the proposed Classes.[4]

Discovery in the SDNY Class Action has been ongoing since November 6, 2023. *Authors Guild* Dkt. 36. As Interim Co-Lead Counsel, Lieff Cabraser has co-run the case. Geman Decl. ¶ 11. The consolidated *Authors Guild* Plaintiffs have served more than 250 Requests for Production, 23 Interrogatories, and RFAs related to Defendants' training data. *Id*. Likewise, the consolidated *Authors Guild* Plaintiffs have responded to more than 200 Requests for Production, over 60 Requests for Admission, and almost 50 Interrogatories from Defendants. *Id.* While numbers in and of themselves are hard to put in context, in this instance they reflect diligent efforts in a complex case over many areas including technology; book acquisition; book value; licensing; model testing, training, and fine-tuning; commerciality; the OpenAI/Microsoft partnership; and other. Lieff

---

[3] Weeks later, following public statements by Microsoft Corporation's CEO Satya Nadella regarding its work and relationship with OpenAI, Lieff Cabraser amended its complaint to include Microsoft as a defendant. *Authors Guild* Dkt. 40.

[4] N.D. Cal. Class Plaintiffs filed their complaint against OpenAI several months before the *Authors Guild* and *Alter* actions were initiated. *See Tremblay, et al. v. OpenAI, Inc. et al*, Case No. 23-cv-03223 (N.D. Cal. Jun. 28, 2023), Dkt. No. 1. However, the N.D. Cal. class actions do not include claims against Microsoft. The N.D. Cal. Class Plaintiffs moved to amend the complaint to add claims against Microsoft on March 4, 2025, Dkt. 370, but that motion remained pending when the case was consolidated before this Court. The N.D. Cal. Class Action also asserts additional non-copyright claims, including a DMCA claim and claims for unjust enrichment, violations of the California and common law unfair competition laws, and negligence. Dkt. 1.

Cabraser has overseen the on-site inspections of OpenAI's training data and model source code, and have taken party and third party depositions and defended the Authors Guild deposition. *Id.*[5]

On August 6, 2024, this Court referred the SDNY Class Action to Magistrate Judge Wang for general pre-trial proceedings. *Authors Guild* Dkt. 177. Under Judge Wang's efficient management of discovery and based on her guidance, Geman and Lieff Cabraser have not only litigated disputes where necessary, but exercised judgment in what can be handled between the parties. Geman Decl. ¶ 13.

## II.    LEGAL STANDARD

Rule 23(g) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the actions as a class action." Fed. R. Civ. P. 23(g)(3). In determining interim lead counsel, courts consider the same factors as when appointing lead counsel for a certified class pursuant to Rule 23(g)(1)(A). *See, e.g., Stewart v. Practice Resources, LLC,* 6:22-CV-0890 (LEK/DJS), 5:22-CV-0905 (LEK/DJS), 2022 WL 17155996 (N.D.N.Y. Nov. 22, 2022), at *3. Rule 23(g)(1)(A) thus sets forth four considerations for the appointment of interim lead counsel:

> i.      the work counsel has done in identifying or investigating potential claims in the action;
> ii.     counsel's experience in handling class actions, other complex litigation and the types of claims asserted in the action;
> iii.    counsel's knowledge of the applicable law; and
> iv.     resources that counsel will commit to representing the class.

Fed R. Civ. P. 23(g)(1)(A)(i)-(iv).

"When more than one choice of counsel satisfies these requirements for adequacy, Rule

---

[5] The SDNY Class Plaintiffs have also been working closely for months (and as to some issues nearly a year) with N.D. Cal. Class Plaintiffs, holding weekly meetings, mirroring and jointly negotiating subpoenas, presenting an all-Class-Plaintiff deposition protocol to Judge Wang, attending joint mediations, and coordinating on the substance and dates of depositions.

23(g)(2) provides that the court must appoint the applicant best able to represent the interests of

the plaintiffs." *Breakwater Trading LLC v. JPMorgan Chase & Co*., No. 20 CIV. 3515 (PAE),

2020 WL 5992344, at *3 (S.D.N.Y. Oct. 9, 2020) (internal quotations omitted).

## III.   <u>ARGUMENT</u>

The appointment of Rachel Geman as Interim Lead Counsel is in the best interest of the

class and is supported by Rule 23(g). She has decades of experience managing complex class

action litigations and is among those at the forefront of AI copyright cases across the country.

Geman has already participated in the litigation of two separate AI copyright cases through

summary judgement on the affirmative fair use defense. Geman Decl. ¶ 17. She was also the first

to file a class action against OpenAI in this District, *see supra* § I.A., is based in New York (as is

a majority of the Lieff Cabraser team appearing in this action), Geman Decl. ¶¶ 21-23, and

routinely practices in this District. *Id.* ¶ 18. Geman has worked directly and collaboratively with

plaintiffs' counsel for each of the consolidated class proceedings. This successful collaboration

has been productive and is why Geman initially sought a multi-lead structure. *See* MDL Dkt. No.

47 (CMC Statement) at 12 *et seq*. Geman is the appropriate choice to effectively manage class

proceedings and foster cooperative prosecution going forward.

### A.   <u>Lieff Cabraser Thoroughly Investigated the Misconduct Alleged in this Action and Has Actively Litigated This Matter in SDNY Against OpenAI and Microsoft (Fed. R. Civ. P. 23(g)(1)(A)(i))</u>

There is no question that all attorneys applying for leadership appointment have dedicated

a significant amount of work and time in investigating and bringing their respective claims. Yet,

for the reasons stated below, this factor tips in favor of appointing Rachel Geman as Interim Lead

Counsel.  Lieff Cabraser was the first to file a copyright infringement action against OpenAI in

this District. *See supra* § I.A. As noted above, Lieff Cabraser worked extensively with the Authors

Guild and a network of writers to tailor an action to efficiently address the copyright harms at

issue. *Id.* From its inception, the *Authors Guild* Action (and subsequently the SDNY Class Action), has focused on copyright infringement allegations based on training and the substitutive harm the conduct has caused. *See* Dkt. 1; *see also* Tr. of Hearing before the JPML on March 27, 2025, at 27:6-9 (Geman noting the common issues among the SDNY and N.D. Cal. Class Actions, but also that "the fair use defense is fact-specific and use specific").[6]

Lieff Cabraser and Susman Godfrey have worked closely on the massive discovery in this case, dividing certain areas for efficiency, and generally applying case management techniques for substantive and procedural issues. *See generally* Geman Decl. ¶ 13.

**B.    Lieff Cabraser and Rachel Geman Have the Class Action Experience and Copyright Knowledge to Successfully Prosecute this Case (Fed. R. Civ. P. 23(g)(1)(A)(ii) and (iii)).**

**1.    Lieff Cabraser**

As a nationwide plaintiff-side class action firm, Lieff Cabraser has a long history of effectively prosecuting complex, aggregate litigations against the most powerful, well-resourced corporations, in the world. *See In re OpenAI* Dkt. 47 at 16-17; *see* Exhibit A to Geman Decl. (firm resume).  Lieff Cabraser understands what is required to best serve the interests of class plaintiffs in complex litigations. First and foremost, our approach to leadership is focused on collaboration with all stakeholders. This is, in part, why Lieff Cabraser is routinely appointed as lead or co-lead counsel in complex MDLs that require coordination of varied plaintiff groups.[7] For example, Lieff Cabraser was appointed Co-Lead Counsel in *In re Juul Labs, Inc.* (MDL No. 2913) which consolidated hundreds of personal injury, government entity and class action claims. Geman Decl.

---

[6] On December 6, 2024, OpenAI moved for an MDL. On March 27, 2025, the panel heard argument. Ms. Geman noted to the JPML that "we have been working cooperatively to achieve non-duplication short of centralization," *id.* at 26:25-27:2, but that if there were centralization SDNY was "the logical place." *Id*. at 27:19.
[7] *See e.g. In re Camp Lejeune Water Litigation*, No. 7:23-cv-897 (E.D.N.C.); *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, MDL No. 3084, No. 3:23-md-03084-CRB (N.D. Cal.); *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047, No. 4:22-md-03047-YGR (N.D. Cal.); *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2913, No. 19-md-02913-WHO (N.D. Cal.).

¶ 5. Coordinating effective discovery and trial preparations with counsel for each plaintiff group, Lieff Cabraser and its co-lead counsel obtained a successful global resolution of each set of differing claims. *Id.* This same collaborative approach will be necessary and beneficial here, to jointly manage efficient pre-trial proceedings with liaison counsel for the News plaintiffs, Davida Brooks of Susman Godfrey. Lieff Cabraser is well-versed in providing the necessary communication and infrastructure to allow for an efficient and transparent management of the MDL, including an MDL website to communicate key events, deadlines, and other important information.

Lieff Cabraser's recent achievements include a number of $100+ million (including billion plus) recoveries, including in major, cutting-edge matters where the firm served as lead or co-lead counsel and/or served in leadership in cases involving multiple stakeholders. Geman Decl. ¶ 3. These include: *Chen-Oster v. Goldman Sachs*, Case No. 10-6950 (S.D.N.Y.) (Geman on co-lead firm team obtaining $215 million class settlement, along with programmatic relief, for plaintiffs in a gender discrimination class action lawsuit against Goldman Sachs); *City and County of San Francisco et al. v. Purdue Pharma L.P. et al.*, No. 18-cv-07591 (N.D. Cal.) (Lieff Cabraser prevailed over Walgreens in a landmark bench trial, which helped precipitate a $14 billion national settlement of the opioids litigation by chain pharmacies; Lieff Cabraser also serves as lead counsel in other Opioids related litigation); *In re Juul Labs Mktg. Sales Practices & Prods. Liab. Litig*. 20-cv-8177 (N.D. Cal.) (nationwide multidistrict litigation regarding the Juul electronic-cigarette, securing over $2.5 billion in settlements for plaintiffs and class members). Geman Decl. ¶¶ 4, 5.

In addition, and as another paradigmatic example of a multi-stakeholder case, Lieff Cabraser (Elizabeth Cabraser) was appointed sole lead in the nationwide Volkswagen "Clean Diesel" MDL in the Northern District of California (MDL No. 2672). *Id.* ¶ 6 That case required

extensive resources and coordination across multiple stakeholders. *Id.* Lieff Cabraser and the steering committee obtained three related consumer class settlements a little more than a year after the MDL was formed. The settlements for the vehicle owner classes generated approximately $12 billion.[8] *Id.*

The firm (including Ms. Geman) also has a proven track record of successfully litigating cases against technology companies or involving new technology. *See, e.g., In re. Plaid Inc. Privacy* Litigation, Case No. 20-cv-03056 (C.D. Cal) (Ms. Geman appointed co-lead, secured a $58 million settlement and programmatic relief against financial technology company Plaid Inc.); *Campbell v. Facebook*, 13-cv-5996 (N.D. Cal.) (nationwide class action; achieved settlement for injunctive relief to improve Facebook's consumer-facing disclosures, and cessation of the challenged practices); *Matera v. Google LLC*, Case No.: 15-4062, (N.D. Cal.) (nationwide class action; achieved settlement for injunctive relief requiring cessation of the challenged practices.); *Doe v. MasterCorp*, 24-cv-00678 (E.D. Va.) (nationwide class action; achieved over one million dollars in non-reversionary for class consisting of Colombian migrant workers). Geman Decl. ¶ 4.

As noted above, Lieff Cabraser also has direct experience prosecuting multiple, complex class copyright cases against AI companies, including Anthropic (*Bartz*), Meta (*Kadrey*), as well as the more recently filed lawsuits against Databricks and NVIDIA.[9] Geman Decl. ¶¶ 14-16. In its roles in both *Kadrey* and *Bartz*, Lieff Cabraser has worked collaboratively with Boies Schiller and The Joseph Saveri Law Firm (*Kadrey*) and Susman Godfrey (*Bartz*).[10] *Id.* ¶¶ 14, 15. In both

---

[8] Ms. Cabraser is also a counsel of record in the AI copyright infringement litigation against Meta, and has worked with Geman in other matters such as the GM Ignition Switch matter addressed *infra*. *See Farnsworth v. Meta Platforms, Inc.*, Case No.: 24-cv-06893 (N.D. Cal.) which has been related to *Kadrey*.

[9] *Keene et al. v. Databricks Inc. et al.*, Case No.: 3:24-cv-01451; *Keene et al. v. Nvidia Corporation*, Case No.: 4:24-cv-01454.

[10] *See also, e.g., In re Outpatient Medical Center Employee Antitrust Litigation*, No. 1:21-cv-00305, N.D. Cal. (Lieff Cabraser co-lead counsel with Joseph Saveri); *In re General Motors LLC Ignition Switch Litigation*, No. 1:14-mc-02543, S.D.N.Y. (Lieff Cabraser was a co-lead focusing on economic loss class actions in a combined economic loss

*Kadrey* and *Bartz*, motions for summary judgment on fair use are already fully briefed and submitted. *Id. ¶ 17.* And across these cases and the instant matter, Lieff Cabraser (and Ms. Geman in particular) have undertaken significant work, including: preparation of technical and economic experts, strategy, deposing over a dozen witnesses (including key scientists, C-suite executives, technical experts, 30(b)(6) designees, licensing personnel, and LLM data engineers), defending depositions of named plaintiffs and multiple testifying experts, document analysis, briefing (including class certification and summary judgement) and hearing preparations and oral arguments. *Id.*

## 2. Rachel Geman

Rachel Geman, who has been deeply involved in each of the above-listed AI cases, has extensive experience in litigating complex class cases such as this one, as do the specific attorneys at the firm who will work on the case. Geman is a partner in the New York office of Lieff Cabraser and the chair of the firm's whistleblower practice group, with a practice focused on complex class actions and False Claims Act matters. *Id. ¶ 18.*

Ms. Geman has represented classes of consumers and workers in a variety of class action matters across substantive areas, including in certain of the matters listed in the previous section and elsewhere (*Goldman Sachs*, *Plaid*, *In re General Motors*); *see also* https://www.lieffcabraser.com/attorneys/rachel-geman/ (false claims and class action work). Geman Decl. ¶ 4.

Other exemplar recent and/or MDL appointments in settled matters where Geman served as court-appointed co-lead class counsel include: *Doe et al. v. MasterCorp, Inc*., 1:24-cv-678 (E.D. Va. 2024) (forced labor); *Guida v. Gaia*, 22-cv-02350 (D. Colo. 2024); *Fiorentino v. Flo-Sports*,

---

and personal injury MDL, Boies Schiller served on the Executive Committee and as a bellwether trial counsel). Geman Decl. ¶ 4.

22-cv-11502-AK (D. Mass. 2023) (privacy & technology); *In re Bank of Amer. Credit Protection Marketing and Sales Litig.* (MDL 2269 2013) (consumer protection). Geman Decl. ¶ 4.

She has addressed AI matters in various fora, namely, as a panelist in the "Artificial Intelligence and the Future of Civil Litigation" panel at the Berkeley Law AI and Evidence Symposium (April 2024), and as moderator in a panel on "Artificial Intelligence, Machine Learning, and Bias: Prospects, Pitfalls, and Penalties" at the 2022 National Conference on Equal Employment Opportunity Law.[11] Geman Decl. ¶ 18.

Ms. Geman is an AV-Preeminent rated attorney and has been one of the Lawdragon's Leading 500 Plaintiffs' lawyers since 2018, in the categories of consumer (2022-2023), financial (2021-2023), and employment/civil rights (2018-2022). *Id.* She was selected for inclusion by her peers in The Best Lawyers in America in field of "Employment Law – Individuals" for 2012-2023. *Id.* Geman was awarded the Distinguished Honor Award by the United States Department of State in 2001. *Id.* She has served as the plaintiff-side chair in ABA Labor & Employment Law Section Committees, the Amicus Committee chair for the New York Chapter of NELA, and also volunteers her time as a pro bono mediator. *Id.* Geman began her career clerking in the S.D.N.Y for the late Honorable Constance Baker Motley. *Id.*

### 3. Lieff Cabraser Team

Geman is working with a number of Lieff Cabraser partners and associates on this matter.

Reilly Stoler is partner in the San Francisco office of Lieff Cabraser with a practice focused on complex aggregate litigations, specializing in emerging technologies. *Id.* ¶ 19. He is an experienced litigator who has represented individual, class, and State plaintiffs across a range of fields including consumer fraud, personal injury, unfair business practices, product liability and

---

[11] Geman served as the former plaintiff-side chair of this Committee. Geman Decl. ¶ 18.

public nuisance. *Id.* Among other distinctions, Mr. Stoler received the Consumer Attorney of the Year Award from the Consumer Attorneys of California and the California Attorney of the Year Award from *The Daily Journal*. *Id.* Most recently, Mr. Stoler served in a critical role litigating on behalf of plaintiffs against Juul Labs, Inc. and Altria Group, Inc. (formerly Philip Morris) in the aforementioned MDL *In re Juul Labs Mktg. Sales Practices & Prods. Liab. Litig*. *Id.* That MDL obtained nearly $3 billion in settlements for plaintiffs and culminated in trying a civil RICO case against Altria Group on behalf of the San Francisco Unified School District. *Id.* As relevant here, Mr. Stoler also has years of experience litigating intellectual property claims, including claims of copyright infringement. *Id.* Mr. Stoler began his career clerking for the Honorable Edward M. Chen in the Northern District of California. *Id.*

Kenneth S. Byrd is a partner in the Nashville office of Lieff Cabraser. *Id.* ¶ 20. He represents clients in mass tort cases, defective product cases and consumer fraud litigation. *Id.* He represents consumers in consumer class action cases as well as injured individuals and their loved ones in personal injury and wrongful death lawsuits filed in across the country. *Id.* Mr. Byrd's leadership roles include his appointment to the Plaintiff Steering Committee and Early Vetting Subcommittee in *In re: 3M Combat Arms Earplug Liability Litigation,* MDL No. 2885 (the largest MDL in history as far as number of claimants), and his appointment to the Plaintiffs' Steering Committee in *In Re: AME Church Employee Retirement Fund Litigation*, MDL No. 3035. *Id.* Mr. Byrd is an experienced trial attorney at Lieff Cabraser, obtaining several large jury trial verdicts against Big Tobacco over the past several years. *Id.* He received the Tennessee Association for Justice's ("TAJ") 2015 Paladin Award for his successful litigation against cigarette manufacturers R.J. Reynolds Tobacco Company, Philip Morris USA Inc., and Lorillard Tobacco Company in Florida federal courts. *Id.* The Paladin Award is TAJ's highest honor and is given to the state's top

trial lawyer of the year. *Id.* Mr. Byrd's successful work on these cases included separate $27 million and $41 million jury verdicts that were upheld on appeal. *Id.*

The Lieff Cabraser team also includes New York-based associates Wesley Dozier, Anna J. Freymann and Danna Z. Elmasry. *Id.* ¶¶ 21-23. Mr. Dozier has been deeply involved with this litigation since October 2023. *Id.* ¶ 21. He has spearheaded defensive discovery for the Authors Guild and the majority of the author plaintiffs and has been closely working with these plaintiffs groups. *Id.* Anna J. Freymann, together with Reilly Stoler, has been spearheading discovery efforts against Microsoft and is familiar with the facts and universe of documents Microsoft has produced so far. *Id.* ¶ 22. Her practice is focused on consumer protection, antitrust, and copyright litigation. *Id.* Danna Z. Elmasry is an associate in Lieff Cabraser's New York office who represents consumers, workers, authors, and artists in digital privacy, consumer protection, antitrust, and copyright litigation. *Id.* ¶ 23. Firm biography pages of the team members who will work on this matter are attached as Exhibit B to the Geman Declaration.

### C.    Lieff Cabraser Will Commit Ample Resources to Prosecute this Action Efficiently (Fed. R. Civ. P. 23(g)(1)(A)(iv)).

Lieff Cabraser has the resources needed to prosecute this action in the best interests of Class Plaintiffs. *See* Rule 23(g)(1)(A)(iv). As one of the nation's largest plaintiff-side firms, we have and will continue to commit the human and financial resources necessary to prosecute this litigation to completion. As a firm that focused on in aggregate litigation, Lieff Cabraser regularly funds MDLs with substantial up-front assessments. Since the inception of the SDNY actions, Lieff Cabraser has managed several core workstreams. *Id.* ¶ 13. For example, Lieff Cabraser has spearheaded much of the case against Microsoft, which has produced over 80,000 documents. *Id.* The review and analysis of those documents is well advanced and the parties have resolved (informally and formally) myriad discovery disputes along the way. *Id; see also* Manual Complex

Lit. § 10.221 (4th ed.) (the most important factor determining the appointment of lead counsel "is achieving efficiency and economy without jeopardizing fairness to the parties."). Lieff Cabraser is also hosting document productions, and has assembled a broader AI copyright team that is collaborating on all AI copyright actions in which Lieff Cabraser is acting as co-counsel. Geman Decl. ¶ 13. In addition to the attorneys working on the OpenAI matter, the AI copyright team includes partners Anne Shaver and Daniel Hutchinson and associates Jacob Miller and Betsy Sugar. *Id.* ¶ 24. Firm biography pages of these attorneys are included in Exhibit B to the Geman Declaration.

### D. Ms. Geman and Lieff Cabraser Attorneys Have the Ability to Work Cooperatively With Others.

Lieff Cabraser has the ability and willingness to work cooperatively with other law firms and defense counsel in this case. Indeed, that is the hallmark of Lieff Cabraser's approach. Geman and her colleagues understand (and, more than understand, believe) that professional and courteous relations amongst joint counsel, as well as between opposing counsel, are essential to the conduct and management of complex litigation such as this one.

### E. Lieff Cabraser's Attorneys Are Located and Regularly Practice Within this District.

Additional considerations support Geman's appointment as lead counsel. She and a majority of the Lieff Cabraser attorney team are located in New York. Geman Decl. ¶¶ 18-23 Moreover, given Lieff Cabraser's involvement in the SDNY Class Action from day one, its attorneys are well versed in the local rules of this District as well as the discovery procedures established in this case by Magistrate Judge Wang.

### F. Alternative

Whoever the Court selects, Lieff Cabraser's team will support that person's leadership and work collaboratively to effectively prosecute the case. However, Geman respectfully suggests that

if the Court declines to appoint her, it should appoint Justin Nelson of Susman Godfrey. Since their appointment as Interim Co-leads, Justin Nelson and Rachel Geman (and their respective firms) have worked together effectively and with aligned views on how best to represent plaintiffs in these important cases.

## IV.    <u>CONCLUSION</u>

For these reasons above, the Court should appoint Rachel Geman as Interim Lead Counsel.

Respectfully submitted,

Dated:  May 28, 2025

LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP

<u>/s/ Rachel Geman</u>
Rachel Geman
250 Hudson Street, 8th Floor
New York, NY  10013-1413
Telephone:  212.355.9500
rgeman@lchb.com

Attorney for Authors Guild and
Alter Class Plaintiffs

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 28, 2025, a copy of the foregoing was served via electronic mail to all counsel of record in this matter.

*/s/ Anna Freymann*
Anna Freymann