```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
IN RE:                                              :
                                                    :
OPENAI, INC.,                                       :      25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :
                                                    :
                                                    :      ORDER
This Document Relates To:                           :
All Actions                                         :
                                                    :
---------------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge**:

The Court held a discovery status conference for all actions in this matter on Tuesday, May 27, 2025. As **ORDERED** at the May 27 Conference:[1]

## I. ALL ACTIONS

1) The parties are directed to submit a proposed omnibus protective order by the close of business on **June 6, 2025.** The parties should begin cross production under the existing protective orders in these cases by **Friday, May 30, 2025.**

2) The parties are directed to include a new joint proposed discovery schedule, or, if the parties cannot agree, separate proposed discovery schedules, in the parties' proposed case schedule as directed by Judge Stein by **June 17, 2025**.

3) The parties are directed to meet and confer and file a joint proposed deposition protocol by **June 6, 2025.** If the parties cannot agree on a joint deposition protocol, they are directed to file their respective proposals and supporting briefs of no more than 2 pages by **June 6, 2025.**

---

[1] The Court held a separate conference in the afternoon to address OpenAI's preservation of output log data, which will be addressed in a separate order.

4) The Court will hold a discovery status conference on **June 25, 2025, at 9:30 a.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007.** The parties may submit discovery motions for any ripe disputes ahead of the June 25 conference between June 9, 2025, and June 13, 2025. The parties' joint dispute charts for the June 25 conference is due by **June 17, 2025.**

5) The Court will hold a discovery status conference on **August 12, 2025, at 9:30 a.m. in Courtroom 20D, 500 Pearl Street, New York, NY 10007.** The parties may submit discovery motions for any ripe disputes ahead of the August 12 conference between July 28, 2025, and August 4, 2025. The parties' joint dispute charts for the August 12 conference is due by **August 4, 2025.**[2]

6) The parties are reminded that the Court will only address disputes that are <u>ripe for dispute</u> and where the parties have <u>fully engaged in the meet and confer process</u> as required by my Individual Practices. If it is clear on the face of the papers or becomes clear at future conferences that the parties have not fully met and conferred in a good faith attempt to resolve the dispute, the Court may deny any such motion outright. "Disputes" on which the parties are actively meeting and conferring need not be included in the parties' joint dispute charts.

7) The parties are directed to submit the following proposed stipulated omnibus protocols, or, in the alternative, competing proposals, by **June 6, 2025**: (a) electronically stored information; (b) training data inspection; (c) source code inspection.

---

[2] As the Court explained to the parties at the May 27 conference, the parties' dispute charts should not exceed 1-2 <u>short</u> paragraphs that summarize the parties' arguments in the briefings.

8) The Court will hold an in-person "technology tutorial" on **June 26, 2025, at 10:00 a.m. in <u>Judge Stein's</u> Courtroom, 23A, 500 Pearl Street, New York, NY 10007.**

## II. CLASS ACTION CASES[3]

For the reasons discussed on the record:

1) Because the parties represented at the May 27 conference that they had resolved the dispute regarding cross-production of documents for custodians Michael Lampe, Brad Lightcap, and Wojciech Zaremba, ECF Nos. 344 and 345 in Case No. 23-CV-8292 are **DENIED as moot**.

2) Class Plaintiffs' motion at 23-CV-8292 ECF 346 regarding Microsoft's response to interrogatory number 8 is **DENIED without prejudice to renewal**. Microsoft is directed to provide Class Plaintiffs, to the extent they have not already, hit counts by custodian for interrogatory number 8. The parties are further directed to meet and confer on this issue.

3) OpenAI's motion at 23-CV-8292 ECF 348 is **DENIED without prejudice to renewal**. The Class Plaintiffs are directed to identify responsive documents already produced regarding publishing and licensing agreements and marketing and revenue statements in response to OpenAI's harm-related interrogatory. Class Plaintiffs should identify the responsive documents by Bates numbers, Bates ranges, and/or custodians.

---

[3] The Class Action Cases include the following putative class actions: *Tremblay, et al. v. OpenAI, Inc., et al.*, 25-CV-3482 (including the consolidated cases *Silverman, et al. v. OpenAI, Inc., et al.*, 25-CV-3483 and *Chabon, et al. v. OpenAI, Inc., et al.*, 25-CV-3291); and *Authors Guild, et al. v. OpenAI, Inc., et al.*, 23-CV-8292 (including the consolidated case *Alter, et al. v. OpenAI, Inc., et al.*, 23-CV-10211). Separately, *Basbanes, et al. v. Microsoft Corporation, et al.*, 24-CV-84 and *Millette v. OpenAI, Inc., et al.*, 25-cv-3297 have been stayed pending a ruling on class certification or summary judgment in the consolidated class action.

4) The Class Plaintiffs' motions at 23-CV-8292 ECF 349/351 and 23-CV-3223 (N.D. Cal.) ECF 400 regarding OpenAI's privilege assertions and privilege clawbacks are **DENIED as premature.** OpenAI is directed to revise their privilege log entries for: (1) the 11 entries identified by Class Plaintiffs for Mr. Nace and Mr. O'Keefe; (2) Exhibits 4-11 attached to Class Plaintiffs' motion, (*see* 23-CV-8292, ECF Nos. 349-4 – 349-11); and (3) the 20 documents at issue with respect to OpenAI's clawbacks by **May 30, 2025.**

5) Because the parties represented at the May 27 conference that they intend to meet and confer on the issues raised in 23-CV-8292 ECF No. 354/355, Class Plaintiffs' motion is **DENIED as premature**.

6) Class Plaintiffs' motion at 23-CV-8292 ECF 356/359 is **DENIED,** pending filing of the proposed consolidated class action complaint.

7) Class Plaintiffs' motion at 23-CV-8292 ECF 361/366 regarding Mr. Brockman's deposition is **DENIED without prejudice to renewal**. The parties are directed to continue to meet and confer on this issue.

8) Class Plaintiffs' motion at 23-CV-8292 ECF 364/368 regarding OpenAI's assertion of privilege with respect to the deletion of Books1 and Books2 datasets is **DENIED as premature** in light of OpenAI's representations on the record. The parties are directed to meet and confer to determine the scope of information regarding Books1 and Books2 that can be produced to Class Plaintiffs. Class Plaintiffs may also conduct another 30(b)(6) deposition and are directed to serve a new 30(b)(6) notice on OpenAI regarding the deletion of Books1 and Books2

and the reasons for those deletions. Class Plaintiffs are directed to serve this 30(b)(6) notice by **May 30, 2025.**

9) Class Plaintiffs' motion at 23-CV-8292 ECF 365/377 regarding the LibGen training data provided by Microsoft to OpenAI (RFP 41) is **GRANTED in part.** The parties are directed to meet and confer on this issue and determine by **May 30, 2025,** whether it is OpenAI or Microsoft that has possession, custody, or control of the information, and thus should produce the information contemplated by RFP 41 and Class Plaintiffs' motion.

10) The parties are directed to meet and confer by **June 13, 2025,** on Class Plaintiffs' Rule 72 objections to Judge Illman's rulings in the N.D. Cal cases, and specifically consider whether those objections may be moot, resolved, or withdrawn in light of this Court's guidance and discovery rulings. (*See* 23-CV-3223 (N.D. Cal.) ECF Nos. 388, 389, 390, 391, 405, 406, 409, 410).

### III. NEWS CASES[4]

For the reasons discussed on the record:

1) News Plaintiffs' motion at 23-CV-11195 ECF 500 regarding Mr. Brockman's deposition is **DENIED without prejudice to renewal**. The parties are directed to continue to meet and confer on this issue.

---

[4] The News Cases include the following actions: *The New York Times Company v. Microsoft Corporation, et al.*, 23-CV-11195; *Daily News, L.P. et al. v. Microsoft Corporation, et al.*, 24-CV-3285; *Raw Story Media, Inc., et al. v. OpenAI, Inc., et al.*, 24-CV-1514; *The Intercept media, Inc. v. OpenAI, Inc., et al.*, 24-CV-1515; *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, 24-CV-4872; and *Ziff Davis, Inc., et al. v. OpenAI, Inc., et al.*, 25-CV-4315.

2) OpenAI's motion at 23-CV-11195 ECF 497/499 regarding proposed custodians David Rubin, Michael Greenspon, and Sam Dolnick as custodians for the New York Times is **DENIED.** Future motions to add document custodians, whether they be Rubin, Greenspon, and/or Dolnick or any others, must include specific allegations, documents, statements, or admissions that indicate that these custodians are likely to have non-duplicative, responsive documents that are not covered by other custodians' documents. Reliance only on hit counts, the absence of documents produced by other custodians, and/or the job title of an individual, alone, is insufficient cause to add a new custodian. Future motions that do not follow this guidance may be subject to cost-shifting under Fed. R. Civ. P. 37(a)(5).

3) News Plaintiffs' motion at 24-CV-4872 ECF 250/251 regarding additional CIR ESI custodians is **DENIED as premature.** The parties are directed to meet and confer on CIR's document production and to identify any gaps that may exist with production to date and ways to address any such gaps.

4) News Plaintiffs' motion at 23-CV-11195 ECF 396 regarding RFP 61 and documents concerning licensing negotiations is **DENIED as moot** given the parties' representations at the May 27 conference that Microsoft would produce documents that encompass the compromise proposal suggested by News Plaintiffs**.** The parties are directed to continue to meet and confer on this issue.

The Clerk of Court is respectfully directed to close the following ECF Nos. in **Case No. 23-CV-8292**: 344, 345, 346, 348, 349, 354, 356, 359, 366, 365, 368, 377.

The Clerk of Court is respectfully directed to close the following ECF Nos. in **Case No. 23-CV-11195**: 497, 499, 500.

The Clerk of Court is respectfully directed to close the following ECF Nos. in **Case No. 24-CV-4872**: 250, 251.

The Clerk of Court is respectfully directed to close ECF 53 in **Case No. 25-MD-3143**.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: May 29, 2025
New York, New York

**Ona T. Wang**
United States Magistrate Judge

7