# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE OPENAI, INC. COPYRIGHT INFRINGEMENT LITIGATION | No. 1:25-md-03143-SHS-OTW |
| RAW STORY MEDIA, INC., ALTERNET MEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, <br><br> Defendants. | No. 1:24-cv-01514-SHS-OTW |

**REPLY IN SUPPORT OF *RAW STORY* PLAINTIFFS' MOTION FOR RECONSIDERATION OF DISMISSAL AND DENIAL OF LEAVE TO AMEND COMPLAINT**

**TABLE OF CONTENTS**

I.    INTRODUCTION.................................................................................................................1

II.    ARGUMENT.......................................................................................................................1

    A.  Reconsideration is justified to correct inconsistent orders in an MDL .........................1

    B.  The orders are inconsistent ...............................................................................................3

III.    CONCLUSION ...................................................................................................................5

## TABLE OF AUTHORITIES

*Page*

**Cases**

*Aequitron Med., Inc. v. CBS, Inc.*, No. 93-cv-950, 1994 WL 30414
(S.D.N.Y. Feb. 2, 1994) ...................................................................................................1

*Ashford v. Steuart*, 657 F.2d 1053 (9th Cir. 1981) ...........................................................2

*Degulis v. LXR Biotechnology, Inc.*, 928 F. Supp. 1301 (S.D.N.Y. 1996) ......................2

*Floyd v. City of New York*, 813 F. Supp. 2d 457 (S.D.N.Y. 2011) ...................................3

*In re Long Distance Telecomm. Litig.*, 612 F. Supp. 892 (E.D. Mich. 1985)...................2

*In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432 (3d Cir. 2009) ............1

*In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353 (2d Cir. 2013)..........................2

*Kelly v. City of New York*, No. 91-cv-2567, 2001 WL 1132017 (S.D.N.Y. Sept. 24, 2001)...........2

*Matter of Oberlander*, No. 16-mc-2637, 2024 WL 4800722 (E.D.N.Y. Sept. 4, 2024) .................3

*New Hampshire v. Maine*, 532 U.S. 742 (2001)................................................................4

*Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 381
(E.D. Pa. 1970)...................................................................................................................1

*Pinney v. Nokia, Inc.*, 402 F.3d 430 (4th Cir. 2005)........................................................2

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245 (2d Cir. 1992) ............3

**Other Authorities**

Fed. R. Civ. P. 60(c)(1).....................................................................................................3

## I.    INTRODUCTION

OpenAI sought, and was granted, this multidistrict litigation to achieve consistency among pretrial rulings.  It included *Raw Story* in its MDL request and cited its inconsistency with *Intercept* as a main reason for the MDL.  Consistency is all this motion requests.  The Court should grant reconsideration and allow the *Raw Story* Plaintiffs to file their Proposed Amended Complaint.

## II.    ARGUMENT

### A.    Reconsideration is justified to correct inconsistent orders in an MDL.

OpenAI argues that this motion violates the policy behind reconsideration because it supposedly advances the same "substantive reasons that the Court has already twice considered and rejected."  Opp. at 3.  Not so.  The *Raw Story* Plaintiffs move for reconsideration not primarily because they disagree with the court's decision (though they do disagree), but to correct the inconsistency among pretrial rulings that caused the JPML to centralize the cases.

OpenAI invited this.  It convinced the JPML that centralization "will allow a single judge to … ***eliminate*** inconsistent rulings."  Transfer Order at 3, *In re OpenAI, Inc. Copyright Infringement Litigation*, MDL No. 3143 (J.P.M.L. Apr. 3, 2025), ECF No. 85 (emphasis added).  That is all the *Raw Story* Plaintiffs are asking the Court to do: eliminate inconsistent rulings.  And eliminating inconsistent rulings requires reconsidering them.

OpenAI cites no case rejecting consistency within an MDL as a basis for reconsideration.  *Aequitron Med., Inc. v. CBS, Inc.*, No. 93-cv-950, 1994 WL 30414, at *6 (S.D.N.Y. Feb. 2, 1994) involved no MDL, so the issue did not arise.  In *Philadelphia Hous. Auth. v. Am. Radiator & Standard Sanitary Corp.*, 323 F. Supp. 381, 383 (E.D. Pa. 1970), the transferee judge, before he had decided the issue presented by a transferor court's decision, chose to follow the transferor court—confirming the value of consistency.  And *In re Pharmacy Benefit Managers Antitrust Litig.*, 582 F.3d 432, 438, 439 (3d Cir. 2009) held that a transferee judge should not have

reconsidered a transferor judge's order that did not conflict with any orders in the transferred cases. These decisions do not refute the principle that "a need for consistent treatment of consolidated cases" is a basis for reconsideration. *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005). *See also Degulis v. LXR Biotechnology, Inc.*, 928 F. Supp. 1301, 1309 (S.D.N.Y. 1996); *In re Long Distance Telecomm. Litig.*, 612 F. Supp. 892, 903 (E.D. Mich. 1985).[1]

The same result holds whether Rule 54(b) or Rule 60(b)(6) governs. Granted, Rule 60(b)(6) implicates greater finality concerns. But those concerns are mollified here because the only arguably final order—the denial of the motion to amend[2]—was issued on the same day as the event giving rise to the need for reconsideration—the JPML's transfer order—and the *Raw Story* Plaintiffs moved promptly after those decisions, well before the deadline to appeal. *See Kelly v. City of New York*, No. 91-cv-2567, 2001 WL 1132017, at *3 (S.D.N.Y. Sept. 24, 2001) (reasoning that finality concerns under Rule 60(b) were less significant because change in law occurred two months after final judgment), aff'd, 54 F. App'x 708 (2d Cir. 2003); *see also Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981) (holding interest in finality is more significant once the appeal period has passed). And though *In re Terrorist Attacks on Sept. 11, 2001*, 741 F.3d 353 (2d Cir. 2013) is not a carbon copy of this case, the court stressed the unfairness of allowing the timing of an MDL to dictate inconsistent rulings. *See id*. at 358. That is, at bottom, what we have here: had OpenAI sought the transfer sooner, this Court would have had jurisdiction over the *Raw Story* Plaintiffs' motion to amend, and would have granted it in light of its ruling in *New York Times*.

---

[1] OpenAI points out that *Degulis* also had pending motions to dismiss presenting similar issues. But that distinction plainly makes no difference. The court reconsidered the transferor court's decision to "ensure consistent pretrial rulings," *Degulis*, 928 F. Supp. at 1309, which would have been necessary whether the extant motions were pending or resolved.

[2] The original dismissal order was without prejudice. *See* MTD Order at 10, ECF No. 117.

Last, OpenAI wrongly argues that the *Raw Story* Plaintiffs fail to say what the court overlooked.  Opp. at 3.  The court overlooked the need for consistency despite being aware of the impending transfer order.  *See* MTA Order at 2 n.1.  Nor are the *Raw Story* Plaintiffs seeking a "second bite at the apple." Opp. at 3.  This motion was their first chance to cite the MDL order.  New developments like these can justify reconsideration.  *See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (holding that "major grounds justifying reconsideration" include "an intervening change in the controlling law" and "the availability of new evidence").   Thus, this motion complies with the purposes of reconsideration.[3]

### B.    The orders are inconsistent.

OpenAI also argues that *Raw Story*'s standing holding is consistent with *Intercept* and *New York Times* because the pleadings differ—that the other plaintiffs, but not Raw Story and AlterNet, alleged specific disseminations of their works.  Opp. at 8-9.  But OpenAI successfully argued the exact opposite to the JPML with respect to *Intercept*: "Even a cursory look at the orders confirms that the legal conclusions are irreconcilable and cannot be attributed to differences in alleged facts."  Reply Brief in Support of OpenAI's Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings at 4, In re OpenAI, Inc. Copyright

---

[3] OpenAI argues that this motion is untimely under Local Rule 6.3 because it was filed 15 days after the court denied the Motion to Amend.  *See* Opp. at 3 n.1.  If an extension is required, the *Raw Story* Plaintiffs respectfully request that the Court grant them one additional day, *nunc pro tunc*, given counsel's need to address many issues stemming from the transfer order, which was issued on the same day that the court denied the motion to amend.  *See, e.g.*, *Floyd v. City of New York*, 813 F. Supp. 2d 457, 464 (S.D.N.Y. 2011) (extending deadline to 28 days).  But an extension is not required if the Court applies Rule 60(b)(6).  Local Rule 6.3's deadline gives way to deadlines "otherwise provided by the court or by statute or rule," Rule 60(b)(6) motions must be filed in a "reasonable time," *see* Fed. R. Civ. P. 60(c)(1), and 15 days is reasonable in the circumstances.  *See Matter of Oberlander*, No. 16-mc-2637, 2024 WL 4800722, at *1 n.2 (E.D.N.Y. Sept. 4, 2024) (holding motion untimely under local Rule 6.3 but timely under Rule 60(b)(6)).

Infringement Litigation, MDL No. 3143 (J.P.M.L. Jan. 10, 2025), ECF No. 62.  So it is judicially estopped from arguing otherwise here.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001).

Moreover, OpenAI was right: the rulings conflict.  *Raw Story* held that standing requires dissemination.  MTD Order at 7; MTA Order at 2.  *Intercept* and *New York Times* held the opposite. After finding CMI-removal injuries analogous to property-based injuries like copyright infringement, *Intercept* held that "[a] copyright injury—or, more generally, an injury to a property right—does not require publication to a third party."  *Intercept*, 2025 WL 556019, at *6. Expanding, *New York Times* held that *TransUnion*'s rejection of a harm "absent dissemination" theory "does not change this outcome" because dissemination is not an element of a property-based injury—unlike the tort of defamation in *TransUnion*.  *New York Times*, 2025 WL 1009179, at *14 n.6.  And Judge McMahon herself recognized that the rulings conflict.  MTA Order at 3.

OpenAI cites language from these decisions referring to dissemination in an effort to manufacture a consistency after successfully arguing the decisions were irreconcilable.  But none shows consistency.  The *Intercept* quote comes from the court's discussion of the merits, not standing.  *See* Opp. at 8 (quoting *Intercept*, 2025 WL 556019, at *8).[4]  In *New York Times*, meanwhile, the passages do not concern Article III's injury-in-fact requirement, but the separate element of causation, which the *Raw Story* ruling did not address. *See id*. at 8-9 (quoting *New York Times*, 2025 WL 1009179, at *14, *15); *see also* MTD Order at 6-10; MTA Order at 2-3.  So the rulings are inconsistent with respect to the only issue they both decided: injury in fact.

Neither did *New York Times* find dissemination required for the causation element of Article III, and thus standing generally.  It accepted two independently sufficient theories of

---

[4] OpenAI does not argue that the Court should decline to reconsider for Rule 12(b)(6) reasons. Presumably that is because the *Raw Story* Plaintiffs' amended complaint is materially identical to *CIR*'s, and amendment would not prejudice OpenAI.  *See* Mot. at 10-11, ECF No. 139-1

standing: "(1) harm caused through the removal of CMI during the training process, **_absent dissemination_**, and (2) harm **_caused by_** the dissemination of CMI-less copies of plaintiffs' works." *New York Times*, 2025 WL 1009179, at *13 (emphases added).  Clearly harm on the first theory, harm "absent dissemination," need not be caused by dissemination.  And if one standing theory does not require dissemination, then neither does standing generally.  Harm "absent dissemination" is what the *Raw Story* Plaintiffs invoke here and Judge McMahon rejected.

Confirming this reading is the context in which the Court addressed dissemination in connection with the causation element.  The Court did so in response to objections to causation OpenAI raised at pages 18-19 of its motion-to-dismiss brief in *CIR*.  *See New York Times*, 2025 WL 1009179, at *14.  Those pages are contained in a section entitled "CIR Has Not Pleaded Injury **_from_** '**_Dissemination_**,'" where OpenAI disputed causation as to CIR's harm "caused by" dissemination.  Memorandum of Law in Support of OpenAI Defendants' Motion to Dismiss Complaint at 17, *The Center for Investigative Reporting, Inc. v. OpenAI, Inc.*, No. 24-cv-04872 (S.D.N.Y. Oct. 15, 2024), ECF No. 100 (emphasis added).[5]  Thus, the Court addressed dissemination because it was relevant to only one of two distinct theories of standing in that case.  But like *Intercept*, *New York Times* did not require dissemination for standing full stop.  *Raw Story* did.  So they conflict.

### III.    CONCLUSION

There is only one way to make the decisions consistent, and it is not to mischaracterize the rulings in *Intercept* and *New York Times*.  It is to reconsider *Raw Story*.  The Court should reconsider dismissal of the *Raw Story* Plaintiffs' complaint and allow them to file their Proposed First Amended Complaint.

---

[5] OpenAI lodged no causation objections in its section on harm "absent dissemination," entitled "CIR Has Not Plausibly Alleged A Removal-Based Injury."  *Id*. at 16.

RESPECTFULLY SUBMITTED,

*/s/ Stephen Stich Match*

Jon Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Matthew Topic (*pro hac vice*)
Stephen Stich Match (No. 5567854)
Thomas Kayes (*pro hac vice*)
Steven Art (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)
Shelley Geiszler (*pro hac vice*)

LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
jon@loevy.com
mike@loevy.com
matt@loevy.com
match@loevy.com
kayes@loevy.com
steve@loevy.com
wallenberg@loevy.com
geiszler@loevy.com

June 2, 2025

- 6 -