KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

June 6, 2025                                                                 <u>**VIA ECF**</u>

Hon. Ona T. Wang
United States District Court
500 Pearl Street
New York, NY 10007

Re:   *In re OpenAI, Inc., Copyright Infringement Litigation*, Case No. 1:25-md-03143
      Defendants' Proposed Deposition Protocol

KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

Dear Judge Wang:

Defendants OpenAI and Microsoft request that the Court enter the deposition protocol, attached as <u>Exhibit 1</u>. The parties have reached agreement on many issues, but are still at an impasse in several respects. Attached as <u>Exhibit 2</u> is a chart showing the parties' proposals side-by-side.

### I. The Court should adopt Defendants' proposed limits on total deposition time.

Defendants have offered Plaintiffs **543** hours of deposition time—the equivalent of over **77** seven-hour depositions. This includes for the Class Cases, 105 hours of OpenAI witnesses and 100 hours of Microsoft witnesses; for the News Cases, 112 hours *each* of OpenAI and Microsoft witnesses; and 114 hours for non-party (non-former employee) witnesses. Defendants' proposal gives Plaintiffs ample time to develop evidence, while allowing the parties to complete discovery in a timely manner—consistent with Judge Stein's guidance that he wishes to move this case along. *See* May 22, 2025 Hr'g Tr. at 36:22–23; 58:9–12. Though Plaintiffs agree that 212 total hours of Microsoft depositions is sufficient, they demand more than **310 hours** of OpenAI depositions. The Court should deny Plaintiffs' request and adopt Defendants' proposal.

*First*, Plaintiffs' demand for a total of more than 310 hours of OpenAI depositions is not proportional to the needs of the case and cannot be completed in a reasonable time period.[1] Under Plaintiffs' proposal, if one seven-hour deposition occurred every business day, it would take **4 months** to depose Defendants' witnesses alone. That figure does not include the depositions that Defendants need to take of Plaintiffs and third parties. Moreover, in the 9 depositions of OpenAI witnesses taken to date, Plaintiffs have confirmed that far less time is required to elicit relevant testimony. Indeed, Plaintiffs wasted extraordinary time questioning OpenAI witnesses on irrelevant topics, such as the following:

- Q: "What does the term 'science' mean to you?"
- Q: "[W]hat probability would you assign to the likelihood that we are living in a simulation?"
- Q: "Are you one of the greatest minds of our generation?"
- Q: "What's [your] least favorite Joyce [novel]?"

These examples are just a few of many. Entertaining Plaintiffs' demands for additional deposition time would only invite continued inefficient and wasteful examinations.

*Second*, Plaintiffs have already spent over 58 hours on the record with OpenAI witnesses. Plaintiffs now seek to write off those hours without justification, while tacking on additional depositions. Plaintiffs have offered no explanation for why the depositions they have already taken should not count against their caps; and Plaintiffs are not entitled to a refund of deposition hours because they wasted time on the record. Counsel for Class and News Plaintiffs attended these depositions, and the time they spent on the record should count against their caps.

---

[1] Specifically, in addition to the 58 hours of OpenAI depositions that Plaintiffs have already taken, the News Plaintiffs seek 150 hours and the Class Plaintiffs an additional 105 hours.



## II. The Court should adopt Defendants' position on the other remaining disputes.

Plaintiffs' proposed protocol also includes several provisions that unreasonably and disproportionately burden Defendants without reciprocation from Plaintiffs:

- 30(b)(6) Time: The parties agree that party groups (*e.g.*, The New York Times, CIR, and Microsoft) will be subject to a 25-hour cap on 30(b)(6) depositions. However, Plaintiffs seek 32 hours of 30(b)(6) deposition testimony from OpenAI, while only offering 7 hours of 30(b)(6) time for the Authors Guild and Class Plaintiffs' loan-out companies. The Court should reject Plaintiffs' disproportionate proposal. Each corporate party group should be subject to the same 25-hour cap, apart from the Daily News Plaintiffs, which Plaintiffs agree should be subject to a 44-hour cap given they include 8 separate newspaper entities.

- Use of Plaintiffs' Depositions:  On the day of this filing, Plaintiffs injected a new limitation purporting to restrict use of Plaintiffs' depositions to the cases where the "deponent's current or former employer is a party." Plaintiffs' proposal is contrary to the purpose of centralization and unworkable. As the JPML recognized, "[t]hese actions share factual questions" and centralization is necessary to "eliminate duplicative discovery" and "prevent inconsistent pretrial rulings." JPML Dkt. 85, at 2. Plaintiffs' proposal would undo this fundamental premise of centralization. Further, Plaintiffs' proposal is unworkable considering that the News Cases have been consolidated, the Class Plaintiffs have been ordered to file a single consolidated complaint, and the Court has ordered one summary judgment schedule. Defendants must be able to use Plaintiffs' depositions across the MDL to effectively defend themselves.

- Document Production: Defendants propose commencing depositions after *all* parties' document productions have been substantially completed. This is standard in complex litigation and creates an orderly process for parties to proceed with depositions after productions are substantially complete. Plaintiffs' proposal would have depositions commence on individual tracks so long as a particular witness's documents have been produced, which would invite disorder, confusion, and miscommunication.

- Witness Conferrals and Objections: Plaintiffs never met and conferred with Defendants on these issues, and raised them for the first time *after* the parties' meet and confer and on the eve of this filing. Regardless, Defendants object to Plaintiffs' attempt to thwart counsel's obligation to fully represent their clients' interests at depositions. The Local Rules do not limit discussions between counsel and client unless a question is pending. *See* L.R. 30.4. Further, New York courts have held that clients' right to representation allows them to engage in privileged discussions with counsel on breaks (absent refreshing of recollection). *See Pape v. Suffolk Cnty. Soc'y for Prevention of Cruelty to Animals*, 2022 WL 1105563, at *4–5 (E.D.N.Y. Apr. 13, 2022); *Few v. Yellowpages.com, LLC*, 2014 WL 3507366, at *1–2 (S.D.N.Y. Jul. 14, 2014). Plaintiffs have provided no basis to deviate from the Local Rules and this law, and counsel should not be barred from conferring with their witness on breaks, particularly when such breaks may occur over numerous (potentially non-consecutive) days.

Accordingly, the Court should enter the proposed deposition protocol attached as Exhibit 1.

                              Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Michelle Ybarra* | */s/ Allison Blanco* | */s/ Rose S. Lee* |
| Michelle Ybarra | Allison Blanco | Rose S. Lee |