UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X
: 
IN RE: OPENAI, INC. COPYRIGHT :
INFRINGEMENT LITIGATION :
: 25-md-0314 (SHS) (OTW)
:
:
:
This document relates to: :
:
ZIFF DAVIS INC. et. al v. OPENAI, INC. et. :
al, No. 1:25-cv-04315-SHS-OTW :
:
:
X
-------------------------------------------------------

**DEFENDANTS OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO ZIFF DAVIS'S MOTION TO STRIKE OPENAI'S REPLY DECLARATION**

## INTRODUCTION

Ziff Davis raises no proper basis for moving to strike reply evidence that directly responds to arguments Ziff Davis raised in its opposition and causes no prejudice. After arguing in its Opposition to OpenAI's Motion for a Partial Stay that OpenAI's motion failed to include sufficient evidence to support its burden argument, OpenAI provided more detailed evidence Ziff Davis claimed was missing and instructive on the issues to be decided. Ziff Davis now seeks to strike the evidence that does not support its position. The Court should reject Ziff Davis's attempt to restrict the record on OpenAI's motion to stay Ziff Davis's new claims and new models that will derail the efficient resolution of the core issues.

It is well-established in the Second Circuit that a court has discretion to consider reply materials that directly respond to arguments raised in opposition by supplementing the record to support prior points, provided the new material does not prejudice the non-moving party. Here,

the Declaration of Carolyn M. Homer ("Homer Declaration") does just that: it directly responds to Ziff Davis's opposition argument, provides further substantiation of OpenAI's prior points regarding its discovery burden, and does not prejudice Ziff Davis. Ziff Davis's claim of "sand-bagg[ing]" rings hollow where the Homer Declaration raises no new arguments, and merely further substantiates arguments raised in OpenAI's opening motion. *See* MDL ECF 252 at 8-9; ECF 283. Ziff Davis's "reli[ance] on a purely procedural argument that is ultimately inapposite in this scenario," (*Gonzalez v. Cheesecake Factory Rests., Inc.*, No. 21-CV-5017(PKC)(SIL), 2024 WL 989881, at *5 (E.D.N.Y. Mar. 6, 2024)), should not control the Court's ability to manage this MDL in an efficient manner that serves the public interest.

Moreover, Ziff Davis's scattershot challenges to the foundation for and presentation of the statements in the Homer Declaration are refuted by the record. Ms. Homer's personal knowledge of OpenAI's discovery burden is based on her direct experience and oversight of OpenAI's defensive discovery efforts. Likewise, given the early stage of the *Ziff Davis* action and that Ziff Davis has only recently served requests that improperly encompass the out-of-scope models, the estimates regarding the time and effort required to complete discovery for such models are reasonably specific and properly based on the extensive history of discovery already conducted. Finally, the Homer Declaration does not contain legal argument or commentary.

Because the Homer Declaration properly substantiates OpenAI's arguments in its opening motion, OpenAI respectfully requests that the Court deny Ziff Davis's Motion to Strike.

## BACKGROUND

On June 10, 2025, OpenAI moved the Court to partially stay proceedings with respect to Ziff Davis's new claims and the out-of-scope models (o1, o1 mini, o1-pro, GPT-4.1, GPT-4.5, o3, o3-mini, o4-mini, and GPT-5). *See* MDL ECF 136. Allowing Ziff Davis's new claims and the

out-of-scope models to proceed in the MDL would lead to significant scheduling delays, increased costs, and burden to both the parties and the Court, when the parties should be focused on resolving the common, core issues. On June 23, 2025, Ziff Davis opposed OpenAI's partial motion to stay, arguing in part that OpenAI had not "substantiated" its burden "through declarations or otherwise." MDL ECF 252 at 15. On June 30, 2025, in direct response to this argument, OpenAI provided further substantiation of its burden, including through Ms. Homer's sworn declaration explaining the extensive efforts OpenAI has already undertaken to comply with its discovery obligations, along with the burden and delay that would result if OpenAI were required to restart those efforts to account for Ziff Davis's desired case expansion. *See* MDL ECF 282, 283. Faced with evidence demonstrating the undue burden caused by Ziff Davis's improper expansion of the claims and models at issue, Ziff Davis now moves to strike the Homer Declaration and urges the Court not to consider it. *See* MDL ECF 299.

**ARGUMENT**

**A. The Court May Appropriately Consider the Homer Declaration.**

    1. <u>The relevant factors weigh in favor of considering the Homer Declaration.</u>

It is wholly within the Court's discretionary power to consider OpenAI's reply materials. "A district court enjoys broad discretion . . . to rely on evidence submitted with the. reply papers." *Compania Del Bajo Caroni (Caromin), C.A. v. Bolivarian Republic of Venezuela*, 341 F. App'x 722, 724 (2d Cir. 2009). "[R]eply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party."[1] *Bayway Ref.*

---

[1] Local Civil Rules 7.1(a)(4) and (a)(3) contemplate that a party may submit supporting affidavits and exhibits with their reply brief. *See* L.R. 7.1(a)(4) ("All oppositions and replies with respect to motions must comply with subsections (a)(2) and (3)"); *see id.* at (a)(3) ("(a) Content of Motion Papers. All motions must include the following motion papers: . . . (3) Supporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion").

3

*Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–27 (2d Cir. 2000) (citation omitted). When determining whether to exercise its discretion to consider materials submitted in reply, the Second Circuit has found that the relevant considerations include whether the opposing party was "surprised by the affidavits in question," "move[d] the district court for leave to file a sur-reply," or made a "claim that it has any contrary evidence to introduce even if it were given an opportunity to proffer it." *Id.* at 227 (affirming the district court's decision to consider new materials submitted in reply); *Pager v. Greater N. Ins. Co.*, No. 24-813-CV, 2025 WL 855846, at *5 (2d Cir. Mar. 19, 2025) (considering all three factors discussed in *Bayway* and holding that the district court did not abuse its discretion in considering the reply declaration); *Wexler v. Hasbro, Inc.*, No. 20-CV-1100 (VEC), 2022 WL 743431, at *10 (S.D.N.Y. Mar. 11, 2022) (exercising its discretion to consider the reply declaration because although the reply was not the first opportunity to rebut new material issues raised in the opposition papers, the considerations in *Bayway* all weighed in favor of considering the declaration), *aff'd*, No. 22-741, 2023 WL 3513567 (2d Cir. May 18, 2023); *see also Ruggiero v. Warner-Lambert Co.*, 424 F.3d 249, 252 (2d Cir. 2005) (considering whether the non-moving party was "blindsided" by the new argument in the reply). These "considerations counsel in favor of considering [the Homer] [D]eclaration." *Wexler*, 2022 WL 743431, at *10.

First, Ziff Davis cannot be surprised by any information in OpenAI's reply materials. Contrary to Ziff Davis's unfounded claim that OpenAI chose to "deliberately wait[] to spring the new declaration on Ziff Davis (and the Court) in order to obtain strategic advantage" (MDL ECF 299 at 8–9), the information in the Homer Declaration about OpenAI's discovery burden simply provides more details to support the same information provided in OpenAI's moving papers (MDL ECF 136) and in a prior discovery hearing attended by Ziff Davis (5/22/2025 Hearing Tr. at 67:4-14; 68:13-69:11). Under these circumstances, Ziff Davis cannot plausibly claim surprise. *See,*

4

*e.g.*, *Ruggiero*, 424 F.3d at 252 (holding that plaintiff cannot be surprised where the argument was addressed in a broader argument in the moving papers and more explicitly raised in reply); *Compania Del Bajo Caroni (Caromin)*, 341 F. App'x at 725 (holding that defendants' argument and evidence raised in reply was not a surprise to plaintiffs as the general theory was "indisputably known to plaintiffs" where it was "the central question from the outset" and the district court raised this issue in a prior hearing). Second, Ziff Davis "did not request any alternative relief, including leave to submit a sur-reply," suggesting Ziff Davis will suffer no prejudice if the Court considers the Homer Declaration. *See id.*; *see also Perez v. Manna 2nd Ave. LLC*, No. 15 Civ. 4655 (JCF), 2016 WL 7489040, at *4 (S.D.N.Y. Dec. 28, 2016) (denying motion to strike attorney declaration and instead allowing plaintiff to "submit a sur-reply to cure any possible prejudice"); *see generally* MDL ECF 299. Third, Ziff Davis makes "no claim to contrary evidence . . . which speaks volumes." *Gonzalez*, 2024 WL 989881, at *5; *see generally* MDL ECF 299. These relevant factors identified by the Second Circuit all weigh in favor of denying Ziff Davis's Motion to Strike.

2. *The Homer Declaration directly responds to Ziff Davis's opposition argument.*

In light of the relevant considerations discussed above and because the Homer Declaration *directly responds* to the arguments Ziff Davis raises in its opposition brief, it is proper for the Court to consider the information proffered in the Homer Declaration in support of OpenAI's Partial Motion to Stay. *See, e.g.*, *Bayway Ref. Co.*, 215 F.3d at 226–27; *Yorke v. TSE Grp. LLC*, No. 18-CV-5268 (JMF), 2019 WL 3219384, at *2 (S.D.N.Y. July 17, 2019); *Gonzalez*, 2024 WL 989881, at *5; *Pager*, 2025 WL 855846, at *5; *Wexler*, 2022 WL 743431, at *10.

"To the extent that the new evidence submitted in reply—namely the affidavit . . . respond[s] directly to [plaintiff's] argument, it is entirely appropriate to consider them." *Yorke*, 2019 WL 3219384, at *2. In *Yorke*, defendants moved to compel arbitration and provided certain evidence in support. *Id.* at *1. Plaintiff argued in opposition that defendants did not proffer

5

sufficient evidence in their moving papers to meet their initial burden. *Id.* at *2. On reply, defendants submitted its counsel's declaration and additional evidence in response to plaintiff's arguments and to further support its burden as the moving party. *Id.* The court held that this evidence submitted in reply "respond[s] directly to [plaintiff's] argument, [and thus] is entirely appropriate to consider." *Id.* (applying *Bayway* and determining it appropriate to exercise its discretion here because plaintiff was not surprised by the reply materials, did not seek leave to file a sur-reply, and made no claim that he had any contrary evidence).

The same reasoning supports consideration of the Homer Declaration here. In its moving papers, OpenAI requested a partial stay, with supporting information about the additional burden required to complete discovery on the out-of-scope models. *See* MDL ECF 136 at 11–12. Like Plaintiff Yorke, in its Opposition, Ziff Davis argued that OpenAI lacked sufficient evidence to demonstrate its burden of "hardship or inequity." MDL ECF 252 at 15–16. In *direct response* to Ziff Davis's argument that OpenAI did not provide sufficient evidence to support its arguments, OpenAI submitted the Homer Declaration to further substantiate the information provided in its opening motion. MDL ECF Nos. 282, 283. Consistent with *Yorke*'s reasoning, the Homer Declaration "respond[s] directly to [Ziff Davis's] argument, [and thus] it is entirely appropriate to consider [it]." *Yorke*, 2019 WL 3219384, at *2; *Marciano v. DCH Auto Grp.*, 14 F. Supp. 3d 322, 328 n.2 (S.D.N.Y. 2014) (considering new evidence submitted with a reply brief because "it was directly responsive to claims Plaintiff made" in her opposition brief and affidavit); *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, No. 04-CV-2293(JFB)(SMG), 2007 WL 74304, at *3 (E.D.N.Y. Jan. 8, 2007) (holding that reply declarations addressing an authentication argument raised in opposition "are admissible and will be considered by the Court" as the reply materials address issues raised in the opposition).

Indeed, it was Ziff Davis who invited the reply declaration in its "opposition [when it] questioned the lack of a detailed affidavit, from the movant's counsel, or a witness." *Pager*, 2025 WL 855846, at *5; *see also Wexler*, 2022 WL 743431, at *10 (finding no surprise where "it was [plaintiff] who pointed out that [defendant] had not included any evidence" on the issue). There is "no reason to exclude the [Reply] Declaration from [the Court's] consideration given that it is a direct response to arguments raised by [Ziff Davis] in [its] opposition and supplements the record to support prior points." *Gonzalez*, 2024 WL 989881, at *5 (citation omitted).

### B. The Homer Declaration is Based on Personal Knowledge, Factually Supported, and Neither Speculative nor Argumentative.

Ziff Davis's remaining challenges to the Homer Declaration are equally unavailing. *See* MDL ECF 299 at 8–10. Attorney declarations addressing discovery issues are appropriate, especially where the attorney—like Ms. Homer—has been directly involved in conducting and overseeing defensive discovery. *See, e.g.*, *Williams v. Law Offices. of Fredrick K. Brewington*, No. 2:22-cv-00983(NJC)(AYS), 2024 WL 896883, at *13 (E.D.N.Y. Mar. 1, 2024) (relying on attorney declaration describing discovery conducted to date and discovery disputes). Ms. Homer's declaration is based on her personal knowledge—it provides discovery information based on her extensive, hands-on oversight of OpenAI's defensive discovery efforts. *See* MDL ECF 283 ¶ 1. The numbers included in OpenAI's reply materials reflect Ms. Homer's estimates of the expected downstream burden based on her direct experience overseeing OpenAI's discovery efforts. In addition, the Homer Declaration is not argumentative—on its face, it provides objective information about OpenAI's documents and discovery history.

Ziff Davis's cases do not demonstrate otherwise. In *Internet Law Library, Inc. v. Southridge Cap. Mgmt., LLC*, the court struck an attorney affidavit because it more resembled an adversarial memorandum by "engag[ing] in extensive argumentation and draw[ing] numerous

7

conclusions of law." No. 01 Civ. 6600 (RLC), 2005 WL 3370542, at *3 (S.D.N.Y. Dec. 12, 2005). In *Degelman Indus. Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, the court struck attorney declarations submitted for the purpose of introducing documents into the record because they "contain[ed] impermissible legal argument, excessive commentary on the evidence, and in many instances, averments [we]re based on inadmissible expert testimony." No. 06-CV-6346T, 2011 WL 6752565, at *4 (W.D.N.Y. Dec. 23, 2011). Here, the Homer Declaration contains none of this impermissible legal argument, commentary, or expert testimony.

Ziff Davis's challenge to the Homer Declaration based on the purported lack of detailed calculations does not support its position. *See* MDL ECF 252 at 15–16. Exact calculations are not possible at this time because discovery with respect to Ziff Davis is in early stages, and Ziff Davis has only recently served its requests outlining the scope of discovery to improperly encompass the out-of-scope models which have not been a part of any other MDL action. The injection of these new models so late in the discovery process is precisely why OpenAI sought to stay those models and claims, and allow the parties to focus on the claims common across all MDL actions. At this very early stage of the *Ziff Davis* action, the estimates regarding the time and effort required to complete discovery on new out-of-scope models are properly and reasonably based on OpenAI's discovery history, Ms. Homer's experience overseeing discovery in this MDL, and currently available information about the volume of documents, data, and source code at issue. MDL ECF 283 at ¶¶ 4–8 (explaining the scope of discovery conducted to date regarding OpenAI's models); *id.* ¶¶ 9, 11, 13 (providing volume totals of document, technical data, and source code productions made to date); *id.* ¶¶ 10, 12, 14 (applying historical collections, productions, and time spent preparing such productions to estimate the time required to conduct discovery of the out-of-scope models).

Finally, Ziff Davis misunderstands OpenAI's estimate of additional time necessary to complete bespoke discovery for Ziff Davis. Collection, review, production, and inspection of documents, technical data, and source code could take place simultaneously, but this will still result in an *additional* four to six months of discovery—on top of the eight months of discovery remaining for OpenAI to complete its current discovery obligations, including all depositions. Because Ziff Davis has only recently served requests that improperly encompass the out-of-scope models, it is not feasible for the parties to complete discovery on Ziff Davis's new models and claims without a significant extension of the current case schedule. The Homer Declaration provides an adequate foundation for OpenAI's discovery estimates and should be considered in deciding OpenAI's Partial Motion to Stay.

## CONCLUSION

Based on the foregoing, the Court should deny Ziff Davis's Motion to Strike OpenAI's Reply Declaration.

Dated: July 17, 2025                    MORRISON & FOERSTER LLP

By: */s/ Tiffany Cheung*
    Joseph C. Gratz (*pro hac vice*)
    JGratz@mofo.com
    Tiffany Cheung (*pro hac vice*)
    TCheung@mofo.com
    425 Market Street
    San Francisco, CA  94105-2482
    Telephone:  (415) 268-7000
    Facsimile:  (415) 268-7522

    Rose S. Lee (*pro hac vice*)
    RoseLee@mofo.com
    707 Wilshire Boulevard
    Los Angeles, CA 90017
    Telephone:  (213) 892-5200
    Facsimile:  (213) 892-5454

    Carolyn M. Homer (*pro hac vice*)
    CMHomer@mofo.com
    2100 L Street, NW
    Suite 900
    Washington, DC 20037
    Telephone:  (202) 650-4597
    Facsimile:  (202) 887-0763

    Emily C. Wood
    EWood@mofo.com
    Eric K. Nikolaides
    ENikolaides@mofo.com
    250 W. 55th Street
    New York, NY 10019-9601
    Telephone:  (212) 468-8000
    Facsimile:  (212) 468-7900

    Attorneys for Defendants
    OPENAI, INC., OPENAI LP, OPENAI GP,
    LLC, OPENAI, LLC, OPENAI OPCO LLC,
    OPENAI GLOBAL LLC, OAI CORPORATION,
    LLC, and OPENAI HOLDINGS, LLC

Dated: July 17, 2025                    LATHAM & WATKINS LLP

By: */s/ Allison S. Blanco*
    Andrew Gass (*pro hac vice*)
    andrew.gass@lw.com
    505 Montgomery Street, Suite 2000
    San Francisco, CA 94111
    Telephone: (415) 391-0600

    Sarang Damle
    sy.damle@lw.com
    Elana Nightingale Dawson (*pro hac vice*)
    elana.nightingaledawson@lw.com
    555 Eleventh Street NW, Suite 100
    Washington, DC 20004
    Telephone: (202) 637-2200

    Rachel R. Blitzer
    rachel.blitzer@lw.com
    Herman H. Yue
    herman.yue@lw.com
    Luke Budiardjo
    luke.budiardjo@lw.com
    1271 Avenue of the Americas
    New York, NY 10020
    Telephone: (212) 906-1200

    Allison S. Blanco (*pro hac vice*)
    allison.blanco@lw.com
    650 Town Center Drive, Suite 2000
    Costa Mesa, CA 92626
    Telephone: (714) 540-1235

    Attorneys for Defendants
    OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC

Dated: July 17, 2025               KEKER, VAN NEST & PETERS LLP

By: */s/ Paven Malhotra*
    Robert A. Van Nest (*pro hac vice*)
    RVanNest@keker.com
    R. James Slaughter (*pro hac vice*)
    RSlaughter@keker.com
    Paven Malhotra
    PMalhotra@keker.com
    Michelle S. Ybarra (*pro hac vice*)
    MYbarra@keker.com
    Nicholas S. Goldberg (*pro hac vice*)
    NGoldberg@keker.com
    Thomas E. Gorman (*pro hac vice*)
    TGorman@keker.com
    Katie Lynn Joyce (*pro hac vice*)
    KJoyce@keker.com
    Christopher S. Sun (*pro hac vice*)
    csun@keker.com
    Andrew S. Bruns (*pro hac vice*)
    ABruns@keker.com
    Andrew Dawson (*pro hac vice*)
    ADawson@keker.com
    Edward A. Bayley (*pro hac vice*)
    EBayley@keker.com
    Sarah Salomon
    Ssalomon@keker.com
    633 Battery Street
    San Francisco, CA  94111-1809
    Telephone:  (415) 391-5400
    Facsimile:  (415) 397-7188

    Attorneys for Defendants
    OPENAI, INC., OPENAI LP, OPENAI GP,
    LLC, OPENAI, LLC, OPENAI OPCO LLC,
    OPENAI GLOBAL LLC, OAI CORPORATION,
    LLC, and OPENAI HOLDINGS, LLC

## CERTIFICATE OF COMPLIANCE

In accordance with Local Civil Rule 7.1(c) and this Court's Individual Practice 2.C, I hereby certify that the foregoing Memorandum of Law in Opposition to Ziff Davis's Motion to Strike OpenAI's Reply Declaration is 2,642 words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word count feature of the word-processing system used to prepare this memorandum.

Dated: July 17, 2025                    By: _/s/ Tiffany Cheung_
                                             Tiffany Cheung