UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------ X
                                                       :
IN RE: OPENAI, INC. COPYRIGHT                          :
INFRINGEMENT LITIGATION                                :
                                                       :   25-md-03143 (SHS) (OTW)
                                                       :
This Document Relates To:                              :
                                                       :
ZIFF DAVIS INC. et. al v. OPENAI, INC. et.             :
al, No. 1:24-cv-04315-SHS-OTW                          :
                                                       :
                                                       :
------------------------------------------------------ X
```

**DEFENDANTS OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS PARTIAL MOTION TO STAY**

1

# TABLE OF CONTENTS

Page

I. INTRODUCTION ........................................................................................................... 1

II. RELEVANT BACKGROUND ...................................................................................... 2

III. LEGAL STANDARD ..................................................................................................... 4

IV. ARGUMENT ................................................................................................................... 4

    A. The Kappel Factors Weigh in Favor of Granting a Partial Stay ........................... 4

        1. The Interests of the Court Favor a Partial Stay .......................................... 5

        2. Ziff Davis Will Not be Prejudiced by a Partial Stay ................................. 6

        3. The Burden on OpenAI Favors a Partial Stay ........................................... 7

        4. The Interests of Non-Parties and the Public Favor a Partial Stay .............. 9

V. CONCLUSION ................................................................................................................ 9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Gallagher v. Boehringer Ingelheim Pharms., Inc.*,
No. 22-CV-10216 (LJL), 2023 WL 402191 (S.D.N.Y. Jan. 25, 2023) ...................................... 4

*Garza v. Organon USA, Inc.*,
No. 13-cv-04988 RS, 2013 WL 6443433 (N.D. Cal. Dec. 9, 2013) ........................................... 5

*In re Bank of Am. Cal. Unemp. Benefits Litig.*,
No. 21MD2992-GPC(MSB), 2024 WL 4219987 (S.D. Cal. Sept. 17, 2024) ........................... 7

*In re Ford Motor Co. Bronco II Prods. Liab. Litig.*,
No. CIV. A. 95-1966, 1996 WL 148294 (E.D. La. Apr. 1, 1996) ..................................... 5, 8, 9

*In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*,
99 F. Supp. 3d 288 (E.D.N.Y. 2015) ........................................................................................ 4

*In re OxyContin Antitrust Litig.*,
No. 04-MD-1603 SHS, 2012 WL 5184949 (S.D.N.Y. Oct. 19, 2012) ...................................... 9

*Kappel v. Comfort*,
914 F. Supp. 1056 (S.D.N.Y. 1996) .......................................................................................... 4

*Kennedy v. Aegis Media Ams., Inc.*,
No. 1:20-CV-3624-GHW, 2021 WL 4077946 (S.D.N.Y. Sept. 7, 2021) ................................. 9

*Landis v. N. Am. Co.*,
299 U.S. 248 (1936) ................................................................................................................. 4

*Pryce v. Gonyo*,
No. 24-CV-5832 (KMK), 2024 WL 5199943 (S.D.N.Y. Dec. 23, 2024) .............................. 4, 7

*Readick v. Avis Budget Grp.*,
No. 12-cv-3988 (PGG), 2014 WL 1683799 (S.D.N.Y. Apr. 28, 2014) .................................... 8

*Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*,
No. 17-CV-5916(AJN), 2018 WL 3849840 (S.D.N.Y. Aug. 10, 2018) .................................... 7

*Tennessee Med. Ass'n v. United Healthgroup Inc.*,
No. 00-1334-MD, 2014 WL 12837582 (S.D. Fla. Jan. 16, 2014) ......................................... 5, 8

**Statutes**

17 U.S.C. § 1201(A)(1) ................................................................................................................. 3

17 U.S.C. § 1202(B)(3) ................................................................................................................. 3

**Other Authorities**

Fed. Jud. Ctr., *Managing Multidistrict Litigation in Products Liability Cases* (2011) ................. 5

Manual for Complex Litig. § 22.314 (4th ed. 2004) ...................................................................... 5

I.      INTRODUCTION

The *Ziff Davis* case is a tag-along action. The core cases in this MDL proceeding were filed nearly two years ago and have been subject to extensive discovery and motion practice. The *Ziff Davis* action was filed less than two months ago, *after* the JPML ordered the core cases transferred to this Court. This Court was clear at the May 22 status conference: In order to expeditiously and efficiently proceed with and conclude discovery, Plaintiffs may not add "new causes of action or products" to their complaint and must stick to the "models that are already in the case" because to allow otherwise would unnecessarily and inappropriately "extend discovery . . . [and] would slow everything down . . . [in] a never-ending process." 5/22/2025 Hearing Tr. at 20, 25, 39–40. Yet Ziff Davis refuses to follow those instructions by insisting that it can proceed with new causes of action and models that have not been asserted by any other Plaintiff. OpenAI thus respectfully requests that this Court stay the proceedings as to any models referenced in the *Ziff Davis* Complaint that are not already within the MDL's substantive scope. OpenAI also requests that the Court stay the claims in the *Ziff Davis* Complaint that are not currently being litigated by the prior MDL parties—*i.e.*, Counts 4, 5, and 7 of the Complaint—to the extent that the Court does not dismiss those claims with prejudice (as OpenAI's concurrently filed motion to dismiss requests).

Such a stay would promote efficiency and the purpose of this MDL, allowing the parties to focus on resolving factual and legal issues common across the MDL, which will inform, if not resolve, any issues that may remain after disposition of the common issues.

1

## II.   RELEVANT BACKGROUND

The *Ziff Davis* action is a tag-along action that was filed on April 24, 2025, in the United States District Court for the District of Delaware. *See* Complaint, *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.*, No 1:25-cv-00501 (D. Del.), ECF 1 ("Compl."). The JPML issued a Conditional Transfer Order on May 14, 2025. *See In re OpenAI Inc. Copyright Infringement Litig.*, MDL No. 25-md-3143 (S.D.N.Y.), ECF No. 41. On May 22, 2025, the *Ziff Davis* action was consolidated with the MDL proceedings. *See Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.*, MDL Related Case No. 1:25-cv-04315 (S.D.N.Y.), ECF No. 27.

On May 22, 2025, this Court held a Case Management Conference during which it made clear that "in order to move this [MDL] forward," there are to be "[n]o new products and no new causes of action that have not been asserted . . . just the causes of action that are already existing and the products that are already existing," and that the models in scope are only the "models already in the case." 5/22/2025 Hearing Tr. at 20, 24, 39–40. The Court reasoned that permitting additional causes of action, products, or models "would extend discovery . . . [and] would slow everything down . . . [in] a never-ending process." *Id.* at 25.

In accordance with the Court's instruction, the scope of the MDL is limited to Plaintiffs' claims, and OpenAI's products and models at issue in the operative complaints as of April 3, 2025, the date of the MDL Transfer Order. *Id.* at 20, 39; *see In re OpenAI Inc. Copyright Infringement Litig.*, MDL No. 3143 (S.D.N.Y.), ECF No. 1. Likewise, the parties have agreed that the models currently within the scope of discovery for the News cases are GPT, GPT-2, GPT-3, GPT 3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o.[1] *See* 5/22/2025 Hearing Tr. at 20, 24, 39–

---

[1] The parties agree that GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o are within the scope of discovery for the News cases. OpenAI does not agree, however, that GPT, GPT-2, or GPT-3 are relevant

2

40; *see also* 12/03/2024 Hearing Tr. at 104 (the Court) ("[D]iscovery and production is limited to the models that are identified in response to interrogatory 11."); *The New York Times Co. v. Microsoft Corp. et al*, No. 1:23-cv-11195 (S.D.N.Y.), ECF No. 128 (noting that GPT-3.5 through GPT-4o have been within the scope of discovery for News cases); *id.*, ECF No. 295 at 2 (informing the Court that The Times and Defendants have resolved the issue of whether GPT, GPT-2, and GPT-3 are within the scope of discovery).

The *Ziff Davis* action, however, includes allegations in its Complaint about additional models, including o1, o1 mini, o1-pro, GPT-4.1, GPT-4.5, o3, o3-mini, o4-mini, and GPT-5. *See* Compl. ¶ 73. Further, Ziff Davis includes three claims not within the scope of the other News cases: Count 4 for Common Law Unjust Enrichment, Count 5 for Circumvention of Technical Measure in violation of 17 U.S.C. § 1201(A)(1), and Count 7 for Distribution of Works with Copyright Management Information Removed in violation of 17 U.S.C. § 1202(B)(3)).[2] *See id.* ¶¶ 225–40, 251–53.

---

to the proceedings, but has nonetheless agreed to produce documents regarding these earlier models to the extent those documents are otherwise responsive.

[2] No other News Plaintiff asserted a Common Law Unjust Enrichment claim or a Section 1201(A)(1) claim. *See* Case Mgmt. Order #2, *In re OpenAI, Inc. Copyright Infringement Litig.*, MDL No. 25-md-3143 (S.D.N.Y.), ECF No. 60 at 1 n.1 (listing the six News cases, including *Ziff Davis*); Second Am. Compl., *The New York Times Co. v. Microsoft Corp. et al*, No. 1:23-cv-11195-SHS-OTW (S.D.N.Y.), ECF No. 585; Compl., *Raw Story Media, Inc. et al v. OpenAI Inc. et al.*, No. 1:24-cv-01514-SHS-OTW (S.D.N.Y.), ECF No. 1; Compl., *Daily News LP et al v. Microsoft Corporation et al.*, No. 1:24-cv-03285-SHS-OTW (S.D.N.Y.), ECF No. 1; First Am. Compl., *The Center for Investigative Reporting, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-04872-SHS-OTW (S.D.N.Y.), ECF No. 88; Second Am. Compl., *The Intercept Media, Inc. v. OpenAI, Inc. et al.*, No. 1:24-cv-01515-SHS-OTW (S.D.N.Y.), ECF No. 155. Other News Plaintiffs previously raised a Section 1202(B)(3) claim; however, those Section 1202(B)(3) claims were dismissed prior to the date of the MDL transfer order—making those dismissed claims no longer in an existing cause of action. *See* Order re Mot. to Dismiss, *The New York Times Co.*, No. 1:23-cv-11195-SHS-OTW, ECF No. 485 (dismissing The Times's, Daily News's, and CIR's 1202(B)(3) claims on Mar. 26, 2025); Order re Mot. to Dismiss, *The Intercept Media, Inc.*, No. 1:24-cv-01515-SHS-OTW, ECF No. 122 (Order dismissing *with prejudice* The Intercept's 1202(B)(3) claim on Nov. 21, 2024) & ECF No. 127 (Opinion explaining the Court's Nov. 21, 2024 Order).

### III. LEGAL STANDARD

"[A] district court has inherent power to stay proceedings." *Pryce v. Gonyo*, No. 24-CV-5832 (KMK), 2024 WL 5199943, at *2 (S.D.N.Y. Dec. 23, 2024); *see Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (stating that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."). Courts in the Second Circuit consider the *Kappel* factors in deciding whether a stay is appropriate: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *Gallagher v. Boehringer Ingelheim Pharms., Inc.*, No. 22-CV-10216 (LJL), 2023 WL 402191, at *9 (S.D.N.Y. Jan. 25, 2023) (applying the *Kappel* factors in the MDL-context). "In balancing these factors, the basic goal is to avoid prejudice to either party." *In re HSBC Bank, USA, N.A., Debit Card Overdraft Fee Litig.*, 99 F. Supp. 3d 288, 315 (E.D.N.Y. 2015) (internal quotation marks omitted).

### IV. ARGUMENT

#### A. The *Kappel* Factors Weigh in Favor of Granting a Partial Stay

To achieve the Court's goal of "mov[ing] this [MDL] forward," the *Ziff Davis* action should not be allowed to frustrate the forward progress of the coordinated MDL proceedings by vastly expanding the models, products, and claims at issue in this MDL proceeding. Accordingly, the Court should stay Ziff Davis's out-of-scope claims and models pending resolution of the issues of fact and law common across the MDL.

4

### 1. *The Interests of the Court Favor a Partial Stay*

Granting a partial stay will conserve judicial resources by resolving or streamlining the issues before the Court. To promote judicial efficiency, courts find it "beneficial in [] multidistrict litigation[s] to stay proceedings related to [] tag-along actions until the core proceedings have been completed." *See, e.g.*, *In re Ford Motor Co. Bronco II Prods. Liab. Litig.*, No. CIV. A. 95-1966, 1996 WL 148294, at *2 (E.D. La. Apr. 1, 1996); *see also Tennessee Med. Ass'n v. United Healthgroup Inc.*, No. 00-1334-MD, 2014 WL 12837582, at *1 (S.D. Fla. Jan. 16, 2014) (noting "a series of stay orders as to all tag-along actions pending resolution of [the core proceeding]"); Manual for Complex Litig. § 22.314 (4th ed. 2004) (recommending that courts routinely "stay or defer decisions in the cases before it until more advanced cases or dispositive motions pending . . . are concluded."). The JPML explains that "[t]o increase efficiency," a court may stay "some issues until after the trial of a threshold issue." Fed. Jud. Ctr., *Managing Multidistrict Litigation in Products Liability Cases* at 21 (2011). Ziff Davis's new claims and models outside the scope of the earlier-filed complaints coordinated in this MDL are the exact type of issues warranting a stay pending resolution of the common, core issues. *See Garza v. Organon USA, Inc.*, No. 13-cv-04988 RS, 2013 WL 6443433, at *2 (N.D. Cal. Dec. 9, 2013) ("Generally speaking, a stay is warranted if this would serve judicial economy.").

Moreover, a partial stay is consistent with this Court's objectives to streamline the MDL proceedings. This Court has already (1) ordered the Class Plaintiffs to file a single consolidated complaint with "[n]o new products and no new causes of action that have not been asserted . . . just the causes of action that are already existing and the products that are already existing," *see* 5/22/2025 Hearing Tr. at 20 (the Court); and (2) directed the parties in the Petryazhna Action (formerly *Millette v. OpenAI*) to "file a stipulation . . . to stay the Petryazhna matter pending a

determination of class certification or summary judgment in the consolidated class action," *see* MDL No. 3143, ECF No. 60 at 2, as "discovery only opened in [the Petryazhna Action] a mere few days before consolidation," *see* 5/22/2025 Hearing Tr. at 22 (Mr. Diamond, Petryazhna's Counsel); and (3) limited the models in scope to "models that are already in the case." 5/22/2025 *Id.* at 39 (the Court).

*Ziff Davis* was transferred as a tag-along action the same day of the Case Management Conference, before any discovery had begun in that matter. *See id.* at 5 (Court) ("And Ziff Davis just hit the MDL docket this morning or last night."); *see also Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.*, MDL Related Case No. 1:25-cv-04315 (S.D.N.Y.), ECF No. 26.[3] Allowing these new claims and models to proceed—despite the extensive record already developed—directly conflicts with the Court's objective to proceed efficiently, as it would upend the current progress and efforts to streamline the MDL proceedings, requiring new and different document discovery and deposition witnesses. Accordingly, the interests of the Court favor a stay of Counts IV, V, and VII and any models or products not already asserted in the MDL proceedings.

### 2. *Ziff Davis Will Not be Prejudiced by a Partial Stay*

There is no urgency to resolving Ziff Davis's new claims or allegations regarding models outside the scope of the prior complaints. Indeed, according to its own allegations, Ziff Davis is in no rush—it waited more than a year to file its action. Compl. ¶ 9 (alleging that "by letters dated

---

[3] Contrary to Ziff Davis's position, the Court did not rule on or address whether Ziff Davis's new claims and out-of-scope models should be stayed. At the May 22 Conference, the Court simply instructed OpenAI to respond to Ziff Davis's Complaint. *See* 5/22/2025 Hearing Tr. at 69 ("All right. This is what you do: We have a complaint. You file your response. You can move to dismiss on any grounds you want, but we've got a complaint."). Then at the May 27 Hearing, the Court acknowledged—but did not address or resolve—OpenAI's "caveat" regarding the new claims and models, and only instructed OpenAI to begin cross producing the "core body of documents" from the News and Class Action cases. *See* 5/27/2025 Disc. Hearing Tr. at 8–9.

February 5, 2024 and May 20, 2024, Ziff Davis put OpenAI on notice of Ziff Davis's claims"); *see Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 17-CV-5916(AJN), 2018 WL 3849840, at *2 (S.D.N.Y. Aug. 10, 2018) (granting motion to stay action pending resolution of underlying litigation and holding that "the Court can find no prejudice to [plaintiff] if resolution were delayed" because "[i]f this action were truly exigent, such that significant delay accrued significant harms to [plaintiff], [plaintiff] would not have waited more than three years" to file the instant action); *see also In re Bank of Am. Cal. Unemp. Benefits Litig.*, No. 21MD2992-GPC(MSB), 2024 WL 4219987, at *3 n.5 & *4 (S.D. Cal. Sept. 17, 2024) ("A general claim of harm due to a delay in litigation is not sufficient" to deny a motion to "stay proceedings pending resolution of common issues of law and fact.").

Further, OpenAI requests a *partial* stay regarding only the claims and models not already asserted in the coordinated proceedings. Six of Ziff Davis's nine claims relate to common issues and claims and can proceed along with the MDL cases. A partial stay of the *new* claims and models therefore will not prejudice Ziff Davis. The core fair use questions will be addressed by the common claims and products across the MDL cases. Indeed, the disposition of the common issues and claims will likely inform, if not resolve, the issues regarding new claims, models, and products, further promoting efficiency in this litigation. *See Pryce*, 2024 WL 5199943, at *2–3.

### 3. The Burden on OpenAI Favors a Partial Stay

Absent a partial stay, OpenAI will be forced to expend significant time and resources litigating new claims and models not currently within the scope of the litigation. OpenAI and the other News Plaintiffs had been engaged in discovery for more than a year before Ziff Davis filed its action, with OpenAI already producing over 110,000 documents to the News Plaintiffs and approximately 120,000 documents to the Class Action Plaintiffs, responding to scores of requests

7

for admission and interrogatories, and making training data and source code available for inspection on dozens of occasions. The parties have engaged in extensive discovery motion practice. The result of all this discovery and motion practice has been to focus discovery in this MDL proceeding on the eight models currently within the scope of case. The discovery into those models has been massive, and has included discovery into each model's development, versions, datasets, custodians, and releases. The *Ziff Davis* Complaint implicates three new claims and at least nine new models not within the scope of discovery. Expanding the scope of discovery to include Ziff Davis's recently introduced new claims and models would necessitate similar effort, time, and resources as spent on the eight models currently within the scope case. This is the *exact* outcome and conduct that the Court unmistakably precluded at the CMC: permitting additional causes of action or models as Ziff Davis seeks to do "would extend discovery . . . [and] would slow everything down . . . [in] a never-ending process." 5/22/2025 Hearing Tr. at 25; *see also Readick v. Avis Budget Grp.*, No. 12-cv-3988 (PGG), 2014 WL 1683799, at *5 (S.D.N.Y. Apr. 28, 2014) (finding the second factor to weigh in favor of a stay where continuation of an action would result in "potentially duplicative and costly" proceedings); *see also In re Ford Motor Co.*, 1996 WL 148294, at *2; *Tennessee Med. Ass'n*, 2014 WL 12837582, at *1.

A primary purpose of the MDL—aligning with the Court's objectives—is to coordinate discovery among the parties to efficiently drive towards resolution of the matters. *See* 5/22/2025 Hearing Tr. at 20, 25, 36, 39-40. Allowing Ziff Davis's new claims and out-of-scope models to proceed will lead to significant scheduling delays, increased costs, and burden to both the parties and the Court, when the parties should be focused on resolving the common, core issues.

### 4. The Interests of Non-Parties and the Public Favor a Partial Stay

Neither the interests of non-parties nor the public are served by litigating new claims and several new models that will "slow everything down . . . [in] a never-ending process."  5/22/2025 Hearing Tr. at 25; *see also In re Ford Motor Co.*, 1996 WL 148294, at *2.  This Court has said as much.  *See* 5/22/2025 Hearing Tr. at 36 ("It seems to me there's a public interest in these things being resolved.  I am very concerned about amendments and amendments and amendments.").  Rather, a streamlined approach allowing the Court and parties to focus on resolving the core issues of fact and law promotes the interests of non-parties' and the public in the efficient conduct of litigation.  *See, e.g.*, *In re OxyContin Antitrust Litig.*, No. 04-MD-1603 SHS, 2012 WL 5184949, at *7 (S.D.N.Y. Oct. 19, 2012) (staying action pending resolution of MDL); *Kennedy v. Aegis Media Ams., Inc.*, No. 1:20-CV-3624-GHW, 2021 WL 4077946, at *3 (S.D.N.Y. Sept. 7, 2021) (holding that the public interests favor a stay pending resolution of important issues of law bearing on the action).

## V. CONCLUSION

The Court should grant OpenAI's partial motion to stay proceedings with respect to any models outside the scope of the previously filed complaints in this MDL (including o1, o1 mini, o1-pro, GPT-4.1, GPT-4.5, o3, o3-mini, o4-mini, and GPT-5).  Should the Court's ruling on OpenAI's contemporaneously filed Motion to Dismiss not fully resolve the out-of-scope claims, the Court should also stay proceedings on Ziff Davis's Counts 4, 5, and 7.

Dated: June 10, 2025     MORRISON & FOERSTER LLP

             By: */s/ Joseph C. Gratz*
               Joseph C. Gratz (*pro hac vice*)
               JGratz@mofo.com
               425 Market Street
               San Francisco, CA 94105-2482
               Telephone: (415) 268-7000
               Facsimile: (415) 268-7522

               Rose S. Lee (*pro hac vice*)
               RoseLee@mofo.com
               707 Wilshire Boulevard
               Los Angeles, CA 90017
               Telephone: (213) 892-5200
               Facsimile: (213) 892-5454

               Carolyn M. Homer (*pro hac vice*)
               CMHomer@mofo.com
               2100 L Street, NW
               Suite 900
               Washington, DC 20037
               Telephone: (202) 650-4597
               Facsimile: (202) 887-0763

               Jocelyn E. Greer
               JGreer@mofo.com
               Emily C. Wood
               EWood@mofo.com
               Eric K. Nikolaides
               ENikolaides@mofo.com
               250 W. 55th Street
               New York, NY 10019-9601
               Telephone: (212) 468-8000
               Facsimile: (212) 468-7900

               Attorneys for Defendants
               OPENAI, INC., OPENAI LP, OPENAI GP,
               LLC, OPENAI, LLC, OPENAI OPCO LLC,
               OPENAI GLOBAL LLC, OAI CORPORATION,
               LLC, and OPENAI HOLDINGS, LLC

| | |
|---|---|
| Dated: June 10, 2025 | LATHAM & WATKINS LLP |

                                                By: */s/ Andrew Gass*

Andrew Gass (*pro hac vice*)
andrew.gass@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600

Sarang Damle
sy.damle@lw.com
Elana Nightingale Dawson (*pro hac vice*)
elana.nightingaledawson@lw.com
555 Eleventh Street NW, Suite 100
Washington, DC 20004
Telephone: (202) 637-2200

Rachel R. Blitzer
rachel.blitzer@lw.com
Herman H. Yue
herman.yue@lw.com
Luke Budiardjo
luke.budiardjo@lw.com
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200

Allison S. Blanco (*pro hac vice*)
allison.blanco@lw.com
650 Town Center Drive, Suite 2000
Costa Mesa, CA 92626
Telephone: (714) 540-1235

Attorneys for Defendants
OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC

| | |
|---|---|
| Dated: June 10, 2025 | KEKER, VAN NEST & PETERS LLP |
| | By: */s/ R. James Slaughter*<br>Robert A. Van Nest (*pro hac vice*)<br>RVanNest@keker.com<br>R. James Slaughter (*pro hac vice*)<br>RSlaughter@keker.com<br>Paven Malhotra<br>PMalhotra@keker.com<br>Michelle S. Ybarra (*pro hac vice*)<br>MYbarra@keker.com<br>Nicholas S. Goldberg (*pro hac vice*)<br>NGoldberg@keker.com<br>Thomas E. Gorman (*pro hac vice*)<br>TGorman@keker.com<br>Katie Lynn Joyce (*pro hac vice*)<br>KJoyce@keker.com<br>Christopher S. Sun (*pro hac vice*)<br>csun@keker.com<br>Andrew S. Bruns (*pro hac vice*)<br>ABruns@keker.com<br>Andrew Dawson (*pro hac vice*)<br>ADawson@keker.com<br>Edward A. Bayley (*pro hac vice*)<br>EBayley@keker.com<br>Sarah Salomon<br>Ssalomon@keker.com<br>633 Battery Street<br>San Francisco, CA  94111-1809<br>Telephone:  (415) 391-5400<br>Facsimile:  (415) 397-7188<br><br>Attorneys for Defendants<br>OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC |

## CERTIFICATE OF COMPLIANCE

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of Law in support of OpenAI's Partial Motion to Stay is 3,476 words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word count feature of the word-processing system used to prepare this memorandum.

Dated: June 10, 2025                                  By:  /s/ Joseph C. Gratz

                                                              Joseph C. Gratz