UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

OPENAI, INC.,

COPYRIGHT INFRINGEMENT LITIGATION

This Document Relates To:

24-cv-01514

25-md-3143 (SHS) (OTW)

<u>OPINION & ORDER</u>

---

SIDNEY H. STEIN, U.S. District Judge.

    Plaintiffs Raw Story Media, Inc. and AlterNet Media, Inc. move for reconsideration of the dismissal of their complaint without leave to amend. Plaintiffs' central contention is that the dismissal (ECF. No. 117),[1] which was ordered by Judge Colleen McMahon before the action was transferred to this Court for inclusion in this multidistrict litigation ("MDL"), is inconsistent with this Court's decision in *New York Times Co. v. Microsoft Corp.*, No. 23-cv-11195, 2025 WL 1009179 (S.D.N.Y. Apr. 4, 2025). In order to remedy that inconsistency, plaintiffs have moved for reconsideration of Judge McMahon's order.

    Plaintiffs' motion is denied. Judge McMahon's dismissal of the complaint without leave to amend is a final order and, pursuant to Federal Rule of Civil Procedure 60(b)(6), plaintiffs must show "extraordinary circumstances" to warrant relief from that final order. Though the transfer of this case to this Court is a procedural peculiarity that highlights a tension between Judge McMahon's decision and this Court's ruling on the same legal issue in other cases, such circumstances are not so "extraordinary" as to warrant relief under Rule 60(b)(6). If plaintiffs disagree with Judge McMahon's determination, they may simply take an appeal from that determination to the United States Court of Appeals for the Second Circuit. Following an appeal, the legal question answered differently by Judge McMahon and by this Court may be resolved and all

---

[1] References to filings on ECF refer to the docket for Case No. 24-cv-1514.

claims in this multidistrict litigation will be governed by the Second Circuit's determination.

## I. PROCEDURAL BACKGROUND

Plaintiffs, two news organizations, filed the complaint in *Raw Story Media, Inc. & AlterNet Media, Inc. v. OpenAI, Inc. et al.*, 24-cv-1514, on February 28, 2024, asserting a single cause of action against defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC (the "OpenAI defendants") under the Digital Millennium Copyright Act ("DMCA"). (*See generally* ECF No. 1.) The complaint alleged that defendants created copies of plaintiffs' works of journalism that did not include author information, title information, or copyright information (together, "Copyright Management Information") in violation of section 1202(b)(1) of the DMCA and used those copies of plaintiffs' works to train their ChatGPT products, which are artificial intelligence chatbots built using large language models. (*Id.* ¶¶ 4–5, 48–58.) The complaint sought statutory damages and an injunction requiring defendants to remove all copies of plaintiffs' works which lack Copyright Management Information from defendants' training sets and any other repositories. (*Id.* at 11.)

The OpenAI defendants moved to dismiss the complaint in part on the ground that plaintiffs had not shown Article III injury on their DMCA claim because the complaint did not allege that defendants disseminated copies of plaintiffs' works without Copyright Management Information. (*See* ECF No. 68.) Judge McMahon subsequently granted defendants' motion to dismiss the complaint and denied plaintiffs' motion for leave to amend their complaint. (ECF. No. 117.) Judge McMahon was "not convinced that the mere removal of identifying information from a copyrighted work—absent dissemination—has *any* historical or common-law analogue" and therefore agreed with defendants that plaintiffs lacked Article III standing because plaintiffs could not show that they suffered a concrete injury-in-fact with a close historical or common-law analogue to a harm traditionally recognized as a basis for a lawsuit in American courts. (*Id.* at 7.) *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 424 (2021).

Following Judge McMahon's ruling on the motion to dismiss, plaintiffs sought leave to file an amended complaint or, in the alternative, leave to continue taking jurisdictional discovery. (ECF No. 118.) Judge McMahon denied that motion on April 3, 2025. (ECF No. 137.)

Also on April 3, 2025—but after Judge McMahon's ruling on plaintiffs' motion for leave to amend—the United States Judicial Panel on Multidistrict Litigation issued an order transferring this case to this Court for inclusion in this multidistrict litigation. (ECF No. 138.) On April 18, 2025, plaintiffs filed a motion with this Court seeking

reconsideration of Judge McMahon's order on defendants' motion to dismiss and the denial of leave to amend their complaint. (ECF No. 139.) In support of their motion for reconsideration, plaintiffs contend that Judge McMahon's conclusion that plaintiffs' asserted injury had no historical or common-law analogue to a recognized Article III injury is inconsistent with this Court's decision in *New York Times Co. v. Microsoft Corp.*, No. 23-cv-11195, 2025 WL 1009179 (S.D.N.Y. Apr. 4, 2025), which determined that "traditional copyright law provides [a] 'close historical or common-law analogue' and supports [the] plaintiffs' claims of harm" on a similar DMCA claim regarding the removal of Copyright Management Information from the plaintiffs' works in that action. *Id.* at *13.

## II. APPLICABLE LAW

The Federal Rules of Civil Procedure provide different standards for reconsideration of final orders and non-final orders. Rule 60(b) governs applications for relief from "a final judgment, order, or proceeding" and tightly limits the availability of such relief. *See* Fed. R. Civ. P. 60(b). Applications for reconsideration of a non-final order, conversely, are governed by Rule 54(b) of the Federal Rules of Civil Procedure, which allows for reconsideration of non-final orders in the district court's equitable discretion. *See* Fed. R. Civ. P. 54(b) (non-final judgments or orders "may be revised at any time before the entry of" a final judgment or order); *Murphy v. LaJaunie*, No. 13-cv-6503, 2016 WL 11951737, at *1 (S.D.N.Y. Sept. 1, 2016) ("For non-final orders, . . . Rule 54(b) allows for reconsideration in the district court's equitable discretion.").

Judge McMahon's dismissal of the one-count complaint without leave to amend is a final order subject to Rule 60(b). "A final judgment or order is one that conclusively determines all pending claims of all parties to the litigation, leaving nothing for the court to do but execute its decision." *Petrello v. White*, 533 F.3d 110, 113 (2d Cir. 2008). "The prevailing rule in this Circuit and elsewhere is that an order is final for purposes of Rule 60(b) when it is appealable." *Ferring B.V. v. Serenity Pharms., LLC*, No. 17-cv-9922, 2019 WL 7283272, at *4 (S.D.N.Y. Dec. 27, 2019) (quoting *In re Shengdatech, Inc. Sec. Litig.*, No. 11-cv-1918, 2015 WL 3422096, at *3 (S.D.N.Y. May 28, 2015)). Judge McMahon's order "conclusively determine[d] all pending claims of all parties" to the Raw Story action and left "nothing for the court to do but execute its decision." *Petrello*, 533 F.3d at 113. Other courts in this circuit have found that orders dismissing all claims in a case are final orders subject to Rule 60(b). *See, e.g., Spritzer v. Hershkop*, 105 F. App'x 314, 314 (2d Cir. 2004); *Lopez v. Guziczek*, No. 21-cv-10099, 2025 WL 1122537, at *2 (S.D.N.Y. Apr. 16, 2025) ("Here, because the Court had dismissed Plaintiff's claims with prejudice and terminated the action, the Court had issued a final order."). Plaintiffs' motion for reconsideration is therefore subject to Rule 60(b).

Rule 60(b) allows a party to seek relief from a final judgment or order based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. Fed. R. Civ. P. 60(b)(1)–(5); *see BLOM Bank SAL v. Honickman*, 2025 WL 1583305, at *4 (U.S. June 5, 2025). Rule 60(b) also includes a "catchall" provision, on which plaintiffs rely here, that allows a district court to relieve a party from a final order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "[R]elief under Rule 60(b)(6) is available only in narrow circumstances," when none of the grounds for relief under Rule 60(b)(1)–(5) apply and when "extraordinary circumstances" justify relief. *BLOM Bank*, 2025 WL 1583305, at *4–5. The U.S. Supreme Court has recently emphasized that the "extraordinary circumstances" requirement for application of Rule 60(b)(6) is "stringen[t]" and that a "'very strict interpretation of Rule 60(b) is essential if the finality of judgments is to be preserved.'" *Id.* at *5 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). A "'mere disagreement with the district court's underlying judgment does not present extraordinary circumstances'" justifying relief under Rule 60(b)(6), and "Rule 60(b)(6) is not a mechanism to appeal a judgment with which a party disagrees." *United States v. Valles*, No. 19-cr-672, 2024 WL 1433708, at *4 (S.D.N.Y. Apr. 3, 2024) (quoting *Green v. Phillips*, 374 F. App'x 86, 89 (2d Cir. 2010)).

### III. APPLICATION

Plaintiffs have not demonstrated "extraordinary circumstances" justifying relief from Judge McMahon's final order under Rule 60(b)(6) because they can follow the ordinary course for a litigant who believes the district court made a legal error: take an appeal from that order.

Plaintiffs are correct that this Court's conclusion in *New York Times Co. v. Microsoft Corp.*, No. 23-cv-11195, 2025 WL 1009179 (S.D.N.Y. Apr. 4, 2025), that trademark law provides a historical or common-law analogue to an alleged harm under the DMCA based on the removal of Copyright Management Information even absent dissemination is inconsistent with Judge McMahon's conclusion in her order dismissing this action. However, it is not extraordinary for one district court judge to disagree with another on the outcome of a contested legal issue. Just as a change in binding decisional law from a circuit court or the United States Supreme Court that is inconsistent with a district court's earlier ruling does not constitute an "extraordinary circumstance" for the purposes of Rule 60(b)(6), *see Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016), inconsistency in how multiple district courts rule on a legal question generally is not alone enough to constitute "extraordinary circumstances" justifying relief from a final judgment—especially when, as here, a party remains able to appeal the ruling with which it disagrees and allow the circuit court to resolve any perceived inconsistency in the district courts' rulings, if it so chooses. *Cf. United Airlines, Inc. v. Brien*, 588 F.3d 158,

4

176 (2d Cir. 2009) ("We have warned . . . that a Rule 60 motion 'may not be used as a substitute for appeal' and that a claim based on legal error alone is 'inadequate.'") (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986))). It is the role of a circuit court to resolve legal questions that divide district courts within the circuit, and an appeal to the Second Circuit from Judge McMahon's order is the appropriate avenue here.

Plaintiffs assert that this case is different because "[i]n the MDL context, finality often gives way to the interest[] that motivated the transfer in the first place: consistency" (ECF No. 139-1 at 7) and suggest that the value of consistency in this multidistrict litigation satisfies the "extraordinary circumstances" requirement for granting Rule 60(b)(6) relief. But the authorities on which plaintiffs rely do not establish that an action's consolidation with a multidistrict litigation or the general interest in promoting consistency within a multidistrict litigation, without more, constitutes "extraordinary circumstances" under Rule 60(b)(6).

For example, in *In re Terrorist Attacks on September 11, 2001*, 741 F.3d 353 (2d Cir. 2013), relied upon by plaintiffs, a panel of the Second Circuit found that reconsideration under Rule 60(b)(6) was indeed warranted. But that decision was rendered in the context of a multidistrict litigation when, because of an action's late consolidation with the multidistrict litigation and an intervening change in controlling law from the Second Circuit, a district court's earlier decision which had resulted in disparate outcomes for similarly situated parties in the multidistrict litigation was not appealable. The Second Circuit emphasized in *In re Terrorist Attacks* that the case's unusual—indeed, "extraordinary"—posture "allowed the District Court's [decision] to go unreviewed," despite the fact that the plaintiffs "never made a tactical decision to abandon their claims [and] . . . used every avenue for appeal available to them, including an unsuccessful petition to the Supreme Court for a writ of certiorari." *Id.* at 357, 359. The Second Circuit explained that "extraordinary circumstances" were present in *In re Terrorist Attacks* because, "by virtue of the procedural posture of this case, [the plaintiffs] were never able to obtain review of the District Court's basis for dismissing their claims." *Id.* at 359. In other words, "extraordinary circumstances" existed in *In re Terrorist Attacks* because, as a result of the procedural history of the multidistrict litigation and the plaintiffs' inability to obtain appellate review of the key elements of the district court's decision, the disparate treatment of similarly situated parties in the same multidistrict litigation would not be remedied unless Rule 60(b)(6) relief were granted. That is not the case here. Plaintiffs are able to appeal Judge McMahon's order to the Second Circuit if they so choose. Put simply, *In re Terrorist Attacks* does not support plaintiffs' contention that reconsideration is warranted under Rule 60(b)(6) due to "extraordinary circumstances."

5

The other cases plaintiffs cite discussing the weight courts should accord to consistency within multidistrict litigations involve reconsideration of interlocutory orders subject to the more permissive standard of Rule 54(b), not reconsideration of final orders subject to the stricter standard of Rule 60(b). *See Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (considering transferee court's reconsideration of transferor court's interlocutory order denying motion to dismiss); *Degulis v. LXR Biotechnology, Inc.*, 928 F. Supp. 1301, 1308–09 (S.D.N.Y. 1996) (addressing motion to reconsider transferor court's interlocutory order denying motion to dismiss); *In re Long Distance Telecomm. Litig.*, 612 F. Supp. 892, 900 (E.D. Mich. 1985) (analyzing motion for reconsideration of transferor court's interlocutory order partially denying motion to dismiss), *aff'd in part, rev'd in part*, 831 F.2d 627 (6th Cir. 1987). Though these cases might be persuasive with regard to the weight courts should give to consistency in a multidistrict litigation when considering motions for reconsideration of interlocutory orders, they are inapplicable to plaintiffs' motion for reconsideration of a final order dismissing the complaint.

### IV. CONCLUSION

Judge McMahon's final order dismissing the complaint for lack of Article III standing is admittedly inconsistent with this Court's decision in *New York Times Co. v. Microsoft Corp.*, No. 23-cv-11195, 2025 WL 1009179 (S.D.N.Y. Apr. 4, 2025). But, even in the context of this multidistrict litigation, that inconsistency alone does not justify this Court reconsidering her final order in light of the fact that plaintiffs can simply appeal that final order to the Second Circuit. Plaintiffs' motion for reconsideration of Judge McMahon's order dismissing the complaint in the Raw Story action and denying leave to amend is denied.

Dated: New York, New York
June 18, 2025

SO ORDERED:

*[signature]*

Sidney H. Stein, U.S.D.J.