# ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Jennifer B. Maisel

Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins*
Michael A. Saunders
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

Of Counsel
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

June 13, 2025

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

Re:    In re: OpenAI, Inc., Copyright Infringement
        Litigation, 1:25-md-03143-SHS-OTW; this document relates to
        Daily News, LP, et al. v. Microsoft Corporation, et al., 1:24-cv-3285-SHS-OTW

Dear Magistrate Judge Wang:

I write on behalf of Plaintiffs Daily News, LP, et al. ("Plaintiffs") in response to OpenAI's request for a pre-motion conference to address OpenAI's Requests for Production Nos. 185, 186, 187, 188, 190, 194, and 195 ("RFPs").

Plaintiffs intend to pursue damages based on, inter alia, decreases in referral traffic caused by OpenAI and Microsoft's Generative AI products, services, and models, and Plaintiffs agree that some documents responsive to OpenAI's RFPs may be relevant. **The issue is that OpenAI's RFPs are vastly overbroad, and consequently, unduly burdensome.**

In its motion, OpenAI argues that "the discovery OpenAI seeks is squarely within what Judge Stein ruled is relevant" in the May 30 Order." ECF No. 142 at 2 (referring to ECF No. 82). OpenAI further represents that its RFPs relate to "the connection between search engine optimization and search engine algorithms, on the one hand, and any decreases in website referral traffic, on the other hand." ECF No. 142 at 2 (emphasis added). Not so. OpenAI's RFPs are much broader than this and **are not narrowly tailored to whether Defendants' products – as opposed to changes to search engines themselves – caused the particular harms at issue.** *See* May 30 Order (ECF No. 82) at 8-9 (explaining that Defendants are not entitled to discovery on all alleged losses deriving from factors having nothing to do with OpenAI).

For example, RFP 190 seeks all documents and communications from January 1, 2018 to present related to Plaintiffs' "SEO strategy, including but not limited to internal guidelines, strategic plans, and performance metrics." This request predates the release of ChatGPT by over four years, and therefore cannot possibly seek discovery tailored to the particular harm at issue. It



Name Magistrate Judge Wang
Date June 13, 2025
Page 2

also expressly seeks documents regarding "strategy" – not the connection between search engine changes and harm.  OpenAI's other RFPs are similarly overbroad and not reasonably calculated to lead to the discovery of admissible evidence.  For example, RFP 185 seeks documents related to the impact of "Google's search algorithm changes in 2024," but expressly says it is not limited to changes in traffic, revenue, and search ranking.  Moreover, "Google's search algorithm changes in 2024" is ambiguous and undefined.   RFP 195 seeks documents regarding efforts "to improve search engine rankings" from 2018 to present.  This has nothing to do with harm.

OpenAI's RFPs are further objectionable to the extent they seek information that has already been produced in this case.  For example, RFP 187 seeks "[d]ocuments sufficient to compare traffic data for Your Published Works before and after the implementation of Google's search algorithm changes in 2024, Including any third-party analytics or reports."  Plaintiffs have already produced audience metrics by publisher website on a monthly basis, including, inter alia, user counts, page view counts, and referrals.  This data is sufficient for OpenAI to compare traffic data before and after implementation of whatever Google search algorithm changes it is interested in in 2024.  See Declaration of CJ Jacobs ("Jacobs Dec.") at ¶ 4.  Plaintiffs have also produced subscription metrics data that would similarly allow OpenAI to compare subscription numbers and revenues before and after the Google algorithm changes it is interested in.  See id. at ¶ 6.

OpenAI's RFPs are further objectionable because it would be unduly burdensome and expensive to collect and review documents responsive to OpenAI's overbroad requests.  For example, the requests would require multiple employees to take time away from their regular jobs to pull thousands of documents across numerous platforms and employees spanning multiple divisions.  See Jacobs Dec. at ¶ 7.  According to Ms. Jacobs, the SVP of Digital Product & Technology at MediaNews Group, an entity that manages the Plaintiffs in this litigation, the requests at issue likely encompass as many as ten thousand emails and documents.  Id.

As a compromise, to minimize the burdens on Plaintiffs and provide OpenAI with non-cumulative information relating to their theory that search engines – as opposed to Defendants' products – may have caused the particular harms at issue, Plaintiffs offered OpenAI on June 13, 2015 to produce the following documents:

1. Documents sufficient to show Plaintiffs' analyses of the impact of Google's 2024 search algorithm changes (including the release of AI Overviews) on traffic.

2. Documents sufficient to show Plaintiff's analyses, post-dating the November 2022 release of ChatGPT, of the impact of SEO strategy on traffic.

3. To the extent responsive non-privileged documents exist, documents sufficient to show analyses regarding the extent to which decreases in traffic to Plaintiffs' websites, if any, are attributable to Defendants' Generative AI products as opposed to changes in SEO strategy or Google's algorithms.

Name Magistrate Judge Wang
Date June 13, 2025
Page 3

OpenAI rejected Plaintiffs' proposal on grounds that the categories of documents were purportedly "unreasonably narrow and do not fully encompass the highly relevant discovery OpenAI sought in its requests." OpenAI argued three points, each of which we address below.

<u>First</u>, OpenAI argues that "the timeframe Plaintiffs propose is too constrictive, since relevant documents likely predate the launch of ChatGPT, including known causes of decreases in website traffic that predate ChatGPT's launch." Plaintiffs disagree. The May 30 Order provides that Defendants are not entitled to discovery on all alleged losses deriving from factors having nothing to do with Defendants and that the only discovery that is relevant is discovery tailored to the causes of the **particular harms** at issue, i.e., the harms caused by Defendants' Generative AI products, services, and models. Decreases in website traffic that predate ChatGPT's launch are not tailored to the particular harm at issue in this case.

<u>Second</u>, OpenAI argues that "Plaintiffs' proposal does not address the discovery sought in RFP 194." Plaintiffs disagree. RFP 194 seeks documents and communications "analyzing the impact of search engine visibility on your business performance." While vague and ambiguous, to the extent Plaintiffs understand this request, at least the second and third categories of documents that Plaintiffs have offered to produce cover RFP 194.

<u>Third</u>, OpenAI argues that "Plaintiffs need to agree to produce communications responsive to OpenAI's requests, since relevant analyses and discussions often occur via email." Plaintiffs have proposed producing documents sufficient to show three discrete categories of analyses. There is no reason to believe that the documents produced would not fully address the analyses and discussions set forth in email communications, while at the same time alleviating Plaintiffs of the substantial burden of reviewing thousands of emails.

Plaintiffs are prepared to continue to meet and confer with OpenAI on these issues.

June 13, 2025

Respectfully submitted,

<u>/s/ Steven Lieberman</u>
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck, P.C.

cc:     All Counsel of Record (via ECF)