**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br><br>This Document Relates To:<br><br>THE NEW YORK TIMES COMPANY v. MICROSOFT CORPORATION ET AL. No. 23-cv-11195 | 25-md-3143 (SHS) (OTW)<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS FOR LEAVE TO FILE UNDER SEAL (DKTS. 613 & 620)** |

Under Paragraph 22 of the Protective Order (Dkt. 127), Plaintiff The New York Times Company ("The Times") responds to Defendants' motions for leave to file under seal (Dkts. 613 & 620). Defendants filed their motions to seal in connection with their letter motions and accompanying exhibits. The motions address material The Times produced in this case.

The Court should grant Microsoft's Motion to Seal (Dkt. 620) and OpenAI's Motion to Seal in part (Dkt. 613). Although "[t]he common law right of public access to judicial documents is firmly rooted in our nation's history," courts "must balance competing considerations against" this presumption of public access. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). "[T]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions . . . ." *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019); *see also Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016) (presumption of public access is lower for documents "passed between the parties in discovery"). "[W]hile a court must still articulate specific and substantial reasons for sealing such material, the reasons usually need not be as compelling as those required to seal summary judgment filings." *Maxwell*, 929 F.3d at 50. This standard applies here because Defendants' motions to seal address material filed in connection with a discovery dispute.

The redacted portion of Microsoft's letter motion at Docket Entry 626 should remain sealed, as it contains the results of confidential survey data. The Times has consistently designated such information "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, as it includes non-public and competitively sensitive business information.

Likewise, the Court should grant sealing of the content addressed in Microsoft's Motion at Docket Entry 613. First, the redacted portions of Exhibit B and the entirety of Exhibit C—attached to OpenAI's letter motion at Docket Entry 622—should remain sealed, as they contain non-public and sensitive information regarding The Times's licensing agreements. The Times has consistently designated such information "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, as it includes non-public and competitively sensitive business information about The Times's business operations. Second, OpenAI's redactions to its letter motion at Docket Entry 617 and Exhibit A attached thereto should remain sealed, as they discuss non-public and sensitive information stored in The Times's repositories. The Times has consistently designated such information "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, as it includes non-public and competitive sensitive information about the technical aspects of The Times's business.

The Times here makes a narrow request, confining sealing to just one exhibit and limited portions of three letter briefs. And the request targets only "commercially sensitive business information" and "technical" information that, if publicly revealed, could cause commercial injury and threaten The Times's information security systems. *FuboTV Inc. v. Walt Disney Co.*, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024); *Kewazinga Corp. v. Microsoft Corp.* 2021 WL 1222122, at *7 (S.D.N.Y. Mar. 31, 2021) (granting sealing).

For these reasons, The Times respectfully requests that the Court grant Microsoft's motion to seal. The Times further requests the Court grant OpenAI's Motion to Seal in part.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: June 17, 2025 | */s/ Ian B. Crosby* |

                        Ian Crosby *(pro hac vice)*
                        Katherine M. Peaslee *(pro hac vice)*
                        SUSMAN GODFREY L.L.P.
                        401 Union Street, Suite 3000
                        Seattle, WA 98101
                        Telephone: (206) 516-3880
                        Facsimile: (206) 516-3883
                        icrosby@susmangodfrey.com
                        kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

3

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

4