# ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC 20001

Telephone (202) 783-6040
Facsimile (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Jennifer B. Maisel

Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins*
Michael A. Saunders
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.*

*Not a member of the D.C.
Bar. Practice limited to patent,
trademark and copyright matters
and cases in federal courts.

Of Counsel
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

June 17, 2025

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

> Re: In re: OpenAI, Inc., Copyright Infringement Litigation, 1:25-md-03143-SHS-OTW; this document relates to Daily News, LP, et al. v. Microsoft Corporation, et al., 1:24-cv-3285-SHS-OTW

Dear Magistrate Judge Wang:

Pursuant to Paragraph 21 of the Protective Order entered in this case (DNP ECF No. 129) and Rule VI(b) of Your Honor's Individual Practices, Plaintiffs Daily News, LP, et al. ("Plaintiffs") submit this letter motion to support OpenAI's June 10, 2025 motion for leave to file under seal (MDL ECF No. 121; DNP ECF No. 367). Specifically, Plaintiffs request that this Court maintain under seal exhibits D, E, and F of OpenAI's Letter Brief Requesting a Pre-Motion Conference to Address Plaintiffs' Refusal to Respond to OpenAI's Request for Admissions Nos. 11-20 ("RFAs") (MDL ECF Nos. 123 and 124; DNP ECF Nos. 368 and 369).

The information Plaintiffs seek to seal comprises highly confidential weekly metrics relating subscriptions, weekly rates, and revenue. This information could unfairly be used by Plaintiffs' competitors if made public.

Plaintiffs' sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).

As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings. *Lugosch*, 435 F.3d at 120. For the presumption to attach, however, a document must be considered a "judicial document." A "judicial document" is a document that is both relevant to the judicial function and useful in the judicial process." *Id*. at 119. "[F]ilings associated with discovery disputes … where a court's 'authority is ancillary to [its] core role in adjudicating a case,' are entitled to a 'somewhat lower' weight of presumption." *U.S. v. Correia*, No. 19-CR-725-3, 2020 WL 6683097, *1 (S.D.N.Y.


Name Magistrate Judge Wang
Date June 17, 2025
Page 2

Nov. 12, 2020). Nevertheless, the Court must still "articulate specific and substantial reasons for sealing such material." *Id*. (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)).

The three exhibits that Plaintiffs seek to seal easily meet the above standard. All three of these exhibits have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. Each contains confidential business information in the form of weekly metrics on eight newspapers' subscriptions and revenues that, if revealed, could cause Plaintiffs (and four other commonly managed newspapers whose information is reported in the same documents) substantial business harm vis-à-vis competitors. *See* Declaration of Robyn Morris ("Morris Dec.") at ¶ 4. *See also Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'"). *See also SEC v. Telegram Group Inc.*, No. 19-cv-9439, 2020 WL 3264264, *3 (June 17, 2020) (protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents). The exhibits also contain highly confidential financial information (e.g., subscription revenues). Morris Dec. at ¶ 4. The Second Circuit has held that in "determining the weight to be accorded an assertion of a right to privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Financial records of a wholly owned business "will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id*.

For the reasons stated above, Plaintiffs support OpenAI's Motion for Leave to File Under Seal ([MDL ECF No. 121](); [DNP ECF No. 367]()) and request that exhibits D, E, and F of OpenAI's Letter Brief Requesting a Pre-Motion Conference to Address Plaintiffs' Refusal to Respond to OpenAI's RFAs remain under seal.

June 17, 2025                                                                Respectfully submitted,

                                                                                    */s/ Steven Lieberman*
                                                                                    Steven Lieberman
                                                                                    Rothwell, Figg, Ernst & Manbeck, P.C.

cc:     All Counsel of Record (via ECF)