# ROTHWELL FIGG

901 New York Avenue, N.W.
Suite 900 East
Washington, DC  20001

Telephone (202) 783-6040
Facsimile   (202) 783-6031
www.rothwellfigg.com
info@rothwellfigg.com

Offices in Washington, D.C. | New York | Boston

E. Anthony Figg
George R. Repper
Steven Lieberman
Joseph A. Hynds
Martin M. Zoltick
R. Danny Huntington
Joo Mee Kim
Brian S. Rosenbloom
Jennifer P. Nock
Brett A. Postal
Aydin H. Harston, Ph.D.
Richard Wydeven
Sharon L. Davis
Robert P. Parker
Jenny L. Colgate
Leo M. Loughlin
Michael V. Battaglia
Michael H. Jones
Rachel M. Echols
Daniel L. Shores
Jennifer B. Maisel

Jess M. Collen
Jeffrey A. Lindenbaum*
Mark T. Rawls
Nicole M. DeAbrantes
Davide F. Schiavetti
Vivian Y. Tian
Kristen J. Logan
Sheena X. Wang
Gary J. Prato
James T. Pawlowski
Bryan B. Thompson
Melissa C. Santos, Ph.D.
Andrew C. Stewart
Adam M. Nicolais
Gregory S. DeLassus
Michael P. Ellenberger
Mary L. Mullins*
Michael A. Saunders
Stephanie E. Waltersdorff
Rolando F. Rengifo, Ph.D.*

*Not a member of the D.C. Bar. Practice limited to patent, trademark and copyright matters and cases in federal courts.

G. Franklin Rothwell
(1928-2011)
Harry F. Manbeck, Jr.
(1926-2025)

Of Counsel
Jane F. Collen
James R. Hastings*
Mitchell E. Radin*

June 17, 2025

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

Re:   In re: OpenAI, Inc., Copyright Infringement Litigation, 1:25-md-03143-SHS-OTW; this document relates to Daily News, LP, et al. v. Microsoft Corporation, et al., 1:24-cv-3285-SHS-OTW

Dear Magistrate Judge Wang:

Pursuant to Paragraph 21 of the Protective Order entered in this case (DNP ECF No. 129) and Rule VI(b) of Your Honor's Individual Practices, Plaintiffs Daily News, LP, et al. ("Plaintiffs") submit this letter motion to support OpenAI's June 10, 2025 motion for leave to file under seal (MDL ECF No. 137; DNP ECF No. 371).  Specifically, Plaintiffs request that with respect to OpenAI's Letter Brief Requesting a Pre-Motion Conference to Address Plaintiffs' Refusal to Produce Documents Responsive to OpenAI's Request for Production Nos. 185-188, l90, and 194-195 ("RFPs") (MDL ECF Nos. 142 and 145; DNP ECF Nos. 372 and 374), the Court maintain Exhibits C through G under seal and maintain the redactions in the OpenAI's letter brief that describe Exhibits C through G.  Plaintiffs do not seek to maintain the sealing of Exhibit B.

The information Plaintiffs seek to seal comprises highly confidential data concerning referrals and traffic to Plaintiffs' websites, analysis of those metrics, corporate strategies regarding referrals and traffic, and other ancillary highly confidential business information of Plaintiffs that is not relevant at all to the dispute at issue but was part of the same documents and/or presentations.  This information could unfairly be used by Plaintiffs' competitors if made public.

Plaintiffs' sealing request is consistent with the Second Circuit's guidance in *Lugosch v. Pyramid Company of Onondaga*, 435 F.3d 110 (2d Cir. 2006) and *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132 (2d Cir. 2016).



Name Magistrate Judge Wang
Date June 17, 2025
Page 2

    As those cases recognize, there is a qualified First Amendment and common law interest in access to judicial proceedings and certain judicial filings.  *Lugosch*, 435 F.3d at 120.  For the presumption to attach, however, a document must be considered a "judicial document."  A "judicial document" is a document that is both relevant to the judicial function and useful in the judicial process."  *Id*. at 119.  "[F]ilings associated with discovery disputes … where a court's 'authority is ancillary to [its] core role in adjudicating a case,' are entitled to a 'somewhat lower' weight of presumption."  *U.S. v. Correia*, No. 19-CR-725-3, 2020 WL 6683097, *1 (S.D.N.Y. Nov. 12, 2020).  Nevertheless, the Court must still "articulate specific and substantial reasons for sealing such material."  *Id*. (quoting *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)).

    The information that Plaintiffs seek to redact and seal easily meet the above standard for the reasons set forth below.

    The five exhibits that Plaintiffs seek to seal easily meet the above standard.  All five have been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order.  Each contains confidential business information, as follows:

- Exhibit C contains a "Daily Site Dashboard" for Sun Sentinel, which includes traffic metrics on users, sessions, and metrics, including a breakdown of traffic source.

- Exhibit D is a nine-page presentation analyzing MediaNews Group and Tribune Publishing traffic trends.  The presentation analyzes, *inter alia,* page view data and referral data, and it discusses strategies for increasing page views and referrals.  The presentation is not limited to the Plaintiffs, but rather contains information on *all* MediaNews Group and Tribune Publishing newspapers.  Thus, this presentation concerns data regarding many dozens of entities that are not at issue in this case.

- Exhibit E is a confidential email communication between numerous leaders of MediaNews Group and Tribune Publishing newspapers (again, including many newspapers not at issue in this case) discussing audience metrics (actuals vs. projections).

- Exhibit F is a thirteen page presentation analyzing various business trends (many of which are not relevant to this motion), such as editorial staffing, software use, and facilities.  It also analyzes referral trends, legislation tracking efforts to have big tech companies reimburse publishers for use of their content, and discusses OpenAI as a disrupter to the news business model.  Again, the presentation includes many newspapers not at issue in this case.

- Exhibit G is a 46-page Bay Area News Group budget presentation with extensive detail on various financial and traffic information.  Again, this presentation includes information on many newspapers not at issue in this case, including newspapers

Name Magistrate Judge Wang
Date June 17, 2025
Page 3

>outside of the Bay Area News Group that are commonly managed by MediaNews Group. The presentation also discusses how Google changes have affected traffic.

*See* Declaration of Robyn Morris ("Morris Dec.") at ¶ 4.

If the above confidential business information and analyses were revealed it could cause Plaintiffs (and the dozens of other commonly managed newspapers whose information is discussed in the same documents) substantial business harm vis-à-vis competitors. *See id*. *See Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (citation omitted) (concluding that proposed redactions were "generally limited to specific business information and strategies, which, if revealed, 'may provide valuable insights into a company's current business practices that a competitor would seek to exploit.'"). *See also SEC v. Telegram Group Inc.*, No. 19-cv-9439, 2020 WL 3264264, *3 (June 17, 2020) (protecting the privacy interests of non-parties, including their business and financial records, represents a legitimate basis for sealing judicial documents). The exhibits also contain highly confidential financial information. *See* Morris Dec. at ¶ 4. The Second Circuit has held that in "determining the weight to be accorded an assertion of a right to privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public." *U.S. v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995). Financial records of a wholly owned business "will weigh more heavily against access than conduct affecting a substantial portion of the public." *Id*.

For the same reasons, the limited redactions in OpenAI's letter motion should also be maintained. These redactions are limited to short blurbs summarizing or characterizing the sealed exhibits.

For the reasons stated above, Plaintiffs support OpenAI's Motion for Leave to File Under Seal ([MDL ECF No. 137](); [DNP ECF No. 371]()) and request that exhibits C, D, E, F and G of OpenAI's Letter Brief Requesting a Pre-Motion Conference to Address Plaintiffs' Refusal to Produce Documents Responsive to OpenAI's RFPs remain under seal.

June 17, 2025                                                       Respectfully submitted,

                                                                    */s/ Steven Lieberman*
                                                                    Steven Lieberman
                                                                    Rothwell, Figg, Ernst & Manbeck, P.C.


cc:     All Counsel of Record (via ECF)