UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: OPENAI, INC. COPYRIGHT INFRINGEMENT LITIGATION<br><br>Transfer From the United States District Court for the District of Delaware:<br><br>ZIFF DAVIS, et al. v. OPENAI, INC. et al., No. 1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW) |

**PLAINTIFFS ZIFF DAVIS'S NOTICE OF MOTION AND MOTION TO STRIKE OPENAI, INC'S REPLY DECLARATION**

Please take notice that upon the accompanying Memorandum of Law, the undersigned hereby moves the Court on behalf of Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc. ("Ziff Davis"), before the Honorable Sidney H. Stein in Courtroom 23A of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York, 10007, for an order to strike the Declaration of Carolyn M. Homer (ECF No. 283/285) submitted in support of the Reply of defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Opco LLC, OpenAI Global LLC, OAI Corporation and OpenAI Holdings, LLC ("OpenAI") (ECF No. 282/284) in further support of their motion for a partial stay (ECF No. 136), for the reasons set forth herein.

1

Dated: New York, New York
July 3, 2025

Respectfully submitted,

/s/ Lacy H. Koonce, III
Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Gili Karev
Mariella Salazar
Clara Cassan
KLARIS LAW PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klaris.com
matthew.leish@klarislaw.com
gili.karev@klarislaw.com
mariella.salazar@klarislaw.com
clara.cassan@klarislaw.com

Guy Ruttenberg (*pro hac vice*)
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

***Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc.***

To:

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
andrew.gass@lw.com
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle

*sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
*elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Rachel R. Blitzer
*rachel.blitzer@lw.com*
Herman H. Yue
*herman.yue@lw.com*
Luke A. Budiardjo
*luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

Allison S. Blanco (*pro hac vice*)
*allison.blanco@lw.com*
650 Town Center Drive 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235
*Attorneys for OpenAI*

**MORRISON & FOERSTER LLP**
Joseph C. Gratz (pro hac vice)*
jgratz@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Rose S. Lee (pro hac vice)
roselee@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: 213.892.5200

Carolyn M. Homer (pro hac vice)
cmhomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: 202.650.4597

Jocelyn E. Greer
jgreer@mofo.com
Emily C. Wood

3

ewood@mofo.com
Eric K. Nikolaides
enikolaides@mofo.com
250 West 55th Street
New York, NY 10019
Telephone: 212.468.8000

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
*rvannest@keker.com*
Paven Malhotra
*pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
*mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
*ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
*tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
*kjoyce@keker.com*
Sarah Salomon (*pro hac vice*)
*ssalomon@keker.com*
R. James Slaughter (*pro hac vice*)*
*rslaughter@keker.com*
Christopher S. Sun (*pro hac vice*)
*csun@keker.com*
Andrew F. Dawson (*pro hac vice*)
*adawson@keker.com*
Andrew S. Bruns (*pro hac vice*)
*abruns@keker.com*
Edward A. Bayley (*pro hac vice*)
*ebayley@keker.com*
Ryan K. Wong (*pro hac vice*)
*rwong@keker.com*
Spencer McManus (*pro hac vice* pending)
*smcmanus@keker.com*
Olivia C. Malone (*pro hac vice* pending)
*omalone@keker.com*
Bilal A. Malik (*pro hac vice* pending)
*bmalik@keker.com*
633 Battery St.
San Francisco, CA 94111
Telephone: 415.391.5400

*Attorneys for Defendants OpenAI, Inc.,
OpenAI LP, Openai GP, LLC, OpenAI, LLC,*

4

*OpenAI Opco LLC, OpenAI Global LLC,*
*OAI Corporation, LLC, and OpenAI Holdings, LLC*

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: OPENAI, INC. COPYRIGHT INFRINGEMENT LITIGATION<br><br>Transfer From the United States District Court for the District of Delaware:<br><br>ZIFF DAVIS, et al. v. OPENAI, INC. et al., No. 1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW) |

**PLAINTIFF ZIFF DAVIS'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE OPENAI'S REPLY DECLARATION**

Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., and Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc. ("Ziff Davis"), by and through undersigned counsel, hereby submit this memorandum of law in support of Ziff Davis's motion to strike the Declaration of attorney Carolyn M. Homer dated June 30, 2025 (ECF No. 283/285), "Homer Decl."), and related portions of the Reply Memorandum of Law filed by defendants OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Opco LLC, OpenAI Global LLC, OAI Corporation and OpenAI Holdings, LLC ("OpenAI") on June 30, 2025 (ECF No. 282/284, "Reply") in further support of OpenAI's motion to stay (ECF No. 136, "Mot."). As discussed herein, this Court should grant Ziff Davis's motion to strike because: (1) defendants improperly introduce new evidence in their reply; and (2) statements made by attorney Homer in her declaration are speculative and made without factual support.

**PROCEDURAL BACKGROUND**

OpenAI has filed a partial motion to stay three of the causes of actions in Ziff Davis's nine-

1

count complaint,[1] as well as to stay proceedings related to certain AI models, which by OpenAI's own admission at least required it to present support for five factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Mot., at 4. However, OpenAIs' motion cited no evidentiary support for the above factors.

Now, on Reply, OpenAI submits an attorney declaration from one of the attorneys representing OpenAI in this action, Carolyn M. Homer, in support of OpenAI's argument that proceeding without the requested stay will "impose an unnecessary burden on OpenAI" (Reply, at 3). Based on her professed personal knowledge, Ms. Homer states that:

- With respect to training data, "[b]ased on prior collections for in-scope models, requiring OpenAI to collect, review, and produce each post-training module applicable to each of Ziff Davis's nine new models would significantly burden OpenAI and delay discovery across all MDL cases–resulting in approximately an additional four to six months of discovery to collect and make available for inspection such data." (Homer Decl. ¶ 10);

- With respect to source code, "[b]ecause many of these out-of-scope models were developed by separate teams with separate code bases and the volume of source code underlying OpenAI's models has grown, OpenAI's [sic] conservatively estimates that making available for inspection the additional source code files for the GPT-4.5, GPT-4.1, o1-mini, o1, o3-mini, o1-pro, o3, and o4-mini models would double that volume. This would delay discovery by four to six months." (Homer Decl. ¶ 12); and

- With respect to traditional document review, "Discovery into nine additional models (GPT-4.5, GPT-4.1, GPT-5, o1-mini, o1, o1-pro, o3-mini, o3, and o4-mini) would implicate additional custodians, collections, and search terms as many of them were developed by separate teams. OpenAI has preliminarily tested the expanded model terms–the nine new models–on data it already has collected. Although this is underinclusive, OpenAI's estimate is that it would take an additional four to six months to review the resulting hits." (Homer Decl. ¶ 14).

---

[1] Ziff Davis has now amended its complaint in response to a motion to dismiss brought by OpenAI, but those amendments largely have no bearing on OpenAI's motion for a stay, which remains pending.

## ARGUMENT

It is well-established in this Circuit that "[i]t is plainly improper to submit on reply evidentiary information that was available to the moving party at the time that it filed its motion and that is necessary in order for that party to meet its burden." *Kravitz v. Binda*, No. 17-CV-07461, 2020 WL 927534 (S.D.N.Y Jan. 21, 2020) (*citing Revise Clothing, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F. Supp. 2d 381, 387 (S.D.N.Y. 2010). Further, "[a] court may strike portions of reply submissions if they add new material that should have been included in the opening papers, as long as the new material is not merely in response to a new issue raised by the opposition papers." *Perez v. Manna 2nd Avenue*, No. 15 Civ. 4655, 2016 WL 7489040, *4 (S.D.N.Y Dec. 28, 2016). Although the Court has discretion to consider material "filed in violation of procedural rules," *see Church & Dwight Co. v. Kaloti Enterprises of Michigan, L.L.C.*, No. 07 CV 612, 2011 WL 4529605, at *1 n.1 (E.D.N.Y. Sept. 28, 2011) (*quoting Revise Clothing*, 687 F. Supp. 2d at 387), here there is no excuse for OpenAI's failure to present the evidence timely in support of its motion, and in any event the statements presented by OpenAI's counsel should not be admissible in support of the stay motion.

In its opening memorandum, OpenAI expressly argued that "[e]xpanding the scope of discovery to include Ziff Davis's recently introduced new claims and models would necessitate similar effort, time, and resources as spent on the eight models currently within the scope case." Mot., at 8. However, for reasons unknown, it failed to support this statement or others like it with any evidence at all, although it was clearly in OpenAI's possession. While Ziff Davis pointed out these failings in its Opposition, this did not constitute new arguments that OpenAI was justified in addressing on reply. Rather, this is a classic example of the type of "sandbagging" that the rule against presenting new arguments and evidence on reply is designed to prohibit: OpenAI appears to have deliberately waited to spring the new declaration on Ziff Davis (and the Court) in order to

3

obtain strategic advantage. *Wolters Kluwer Financial Services Inc. v. Scivantage*, No. 07 CV 2352, 2007 WL 1098714 (S.D.N.Y. Apr. 12, 2007) ("[I]t is established beyond peradventure that it is improper to sandbag one's opponent by raising new matter in reply.") (*citing Murphy v. Village of Hoffman Estates,* 1999 U.S. Dist. LEXIS 3320, at *5-6 (N.D.Ill.1999)). For this reason alone, the Homer Declaration, as well as the related portions of OpenAI's Reply (at pages 3-4) should be stricken in its entirety.

One reason OpenAI may have chosen to submit new material on reply here is that many of the specific "facts" presented by Ms. Homer are not cognizable in any event. First, it is not at all clear that Ms. Homer is presenting evidence based on her own direct knowledge, as required by Fed. R. Civ. P. 56(c)(4), as she states that "***OpenAI[] conservatively estimates*** that making available for inspection the additional source code . . . would double that volume" and "***OpenAI has preliminarily tested*** the expanded model terms . . . on data it already has collected" and "***OpenAI's estimate is*** that it would take an additional four to six months to review the resulting hits." Homer Decl., ¶¶ 12-14 (emphases added). Second, the conclusory "estimates" are entirely speculative and unsupported by any facts beyond vague comparisons with prior productions[2] – Ms. Homer provides no information on prior or anticipated volume, the actual numbers of individuals or teams involved, or even hit counts for the "preliminarily testing" OpenAI purportedly has conducted using "expanded model terms." *See Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, No. 01 CIV. 6600 (RLC), 2005 WL 3370542, at *3 (S.D.N.Y. Dec. 12, 2005) (striking attorney declaration where attorney did not have personal knowledge); *Degelman Indus., Ltd. v. Pro-Tech Welding & Fabrication, Inc.*, No. 06-CV-6346T, 2011 WL 6752565 (W.D.N.Y. Dec. 23, 2011) (striking attorney declaration that relied on hearsay and

---

[2] So too are Ms. Homer's statements that OpenAI's employee ranks have grown "exponentially," and that use of OpenAI's communications channels have grown "exponentially in tandem." Homer Decl. ¶ 16.

4

conjecture, and was argumentative). In short, the limited conclusions set forth in the declaration do not provide sufficient detail for Ziff Davis to probe further or respond to the Motion.

Additionally, although the declaration states that providing training data, source code and traditional discovery will each (somewhat remarkably) require OpenAI "four to six months" of additional time, based on the manner in which production/inspection has otherwise proceeded in this case, it appears that this additional production/inspection can and would proceed simultaneously, yielding a *total* of as little as four additional months. Given that eight months remain for fact discovery, Ms. Homer's statements appear irrelevant to this motion—or if anything suggest that OpenAI can comfortably complete the necessary fact discovery within the current discovery period as established in the agreed and approved case schedule (ECF No. 238)—and should be stricken.

Dated: New York, New York
July 3, 2025

Respectfully submitted,

/s/ Lacy H. Koonce, III
Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Gili Karev
Mariella Salazar
Clara Cassan
KLARIS LAW PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klaris.com
matthew.leish@klarislaw.com
gili.karev@klarislaw.com
mariella.salazar@klarislaw.com
clara.cassan@klarislaw.com

Guy Ruttenberg (*pro hac vice*)
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East

5

Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

***Attorneys for Plaintiffs Ziff Davis, Inc.,
Ziff Davis, LLC, IGN Entertainment, Inc.,
Everyday Health Media, LLC,
Mashable, Inc., and CNET Media, Inc.***

To:

**LATHAM & WATKINS LLP**
Andrew M. Gass (*pro hac vice*)
*andrew.gass@lw.com*
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: 415.391.0600

Sarang V. Damle
*sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
*elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200

Rachel R. Blitzer
*rachel.blitzer@lw.com*
Herman H. Yue
*herman.yue@lw.com*
Luke A. Budiardjo
*luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200

Allison S. Blanco (*pro hac vice*)
*allison.blanco@lw.com*
650 Town Center Drive 20th Floor
Costa Mesa, CA 92626
Telephone: 714.540.1235
*Attorneys for OpenAI*

**MORRISON & FOERSTER LLP**

6

Joseph C. Gratz (pro hac vice)*
jgratz@mofo.com
425 Market Street
San Francisco, CA 94105
Telephone: 415.268.7000

Rose S. Lee (pro hac vice)
roselee@mofo.com
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Telephone: 213.892.5200

Carolyn M. Homer (pro hac vice)
cmhomer@mofo.com
2100 L Street, NW, Suite 900
Washington, DC 20037
Telephone: 202.650.4597

Jocelyn E. Greer
jgreer@mofo.com
Emily C. Wood
ewood@mofo.com
Eric K. Nikolaides
enikolaides@mofo.com
250 West 55th Street
New York, NY 10019
Telephone: 212.468.8000

**KEKER, VAN NEST & PETERS LLP**
Robert A. Van Nest (*pro hac vice*)
*rvannest@keker.com*
Paven Malhotra
*pmalhotra@keker.com*
Michelle S. Ybarra (*pro hac vice*)
*mybarra@keker.com*
Nicholas S. Goldberg (*pro hac vice*)
*ngoldberg@keker.com*
Thomas E. Gorman (*pro hac vice*)
*tgorman@keker.com*
Katie Lynn Joyce (*pro hac vice*)
*kjoyce@keker.com*
Sarah Salomon (*pro hac vice*)
*ssalomon@keker.com*
R. James Slaughter (*pro hac vice*)*
*rslaughter@keker.com*
Christopher S. Sun (*pro hac vice*)

7

*csun@keker.com*
Andrew F. Dawson (*pro hac vice*)
*adawson@keker.com*
Andrew S. Bruns (*pro hac vice*)
*abruns@keker.com*
Edward A. Bayley (*pro hac vice*)
*ebayley@keker.com*
Ryan K. Wong (*pro hac vice*)
*rwong@keker.com*
Spencer McManus (*pro hac vice* pending)
*smcmanus@keker.com*
Olivia C. Malone (*pro hac vice* pending)
*omalone@keker.com*
Bilal A. Malik (*pro hac vice* pending)
*bmalik@keker.com*
633 Battery St.
San Francisco, CA 94111
Telephone: 415.391.5400

*Attorneys for Defendants OpenAI, Inc.,*
*OpenAI LP, Openai GP, LLC, OpenAI, LLC,*
*OpenAI Opco LLC, OpenAI Global LLC,*
*OAI Corporation, LLC, and OpenAI Holdings, LLC*