UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
IN RE:                                              :
                                                    :
OPENAI, INC.,                                       :        25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                  :
                                                    :
                                                    :        **ORDER**
This Document Relates To:                           :
**All Actions**                                     :
                                                    :
------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the parties' responses to ECF 254, filed at ECF Nos. 280 and 286, regarding OpenAI's use of the AEO designation.

News Plaintiffs' proposal—that they be permitted to show their clients' decisionmakers all OpenAI AEO-designated documents except for: (1) enterprise pricing for ChatGPT services; (2) the technical operation of Defendants' LLMs; and (3) third-party customers' contracts and negotiations, (*see* ECF 280)—is not workable for a number of reasons. (ECF 280). First, it presumes that all OpenAI's AEO documents may be shown to the News Plaintiffs' clients' key decisionmakers, which News Plaintiffs have not shown is necessary under the circumstances. Second, the proposal gives News Plaintiffs the sole discretion to choose the documents that can or cannot be shown and does not provide OpenAI any avenue by which to challenge disclosures of any particular document(s) before they are disclosed.

OpenAI's multi-step proposal is also unworkable; it proposes a multi-step process where: (1) News Plaintiffs may identify certain documents that discuss one of the News Plaintiffs; (2) OpenAI would re-review those documents; and (3) OpenAI would allow News Plaintiffs to show such documents to their clients' key decisionmakers if it does not fall into any

of the following categories: (a) technical documents concerning OpenAI's models and products; (b) financial documents; and (c) documents regarding OpenAI's business strategy for customer contracts and pricing. (ECF 286). The categories of "exempt" documents are too broad, particularly given the Court's concern with OpenAI's overuse of the AEO designation, and OpenAI has put forth no basis to support limiting the review of such documents to those that explicitly refer to a News Plaintiffs' organization. For example, some of the AEO documents already presented to the Court under seal do not mention particular Plaintiffs at all, but also do not seem to merit an AEO designation, (*see*, *e.g.*, 23-CV-11195, ECF Nos. 204-10, 228-5, 313-7, 500-9), and these documents would be completely exempt from review or disclosure under OpenAI's current multi-step proposal. Moreover, requiring News Plaintiffs to ask permission for every single document in an overly limited population is both overly restrictive and unnecessary, and ultimately unproductive. Plaintiffs may as well designate or "seek permission" for "every document that references each Plaintiff" and shift the re-review back to OpenAI, which would likely lead to a refusal by OpenAI to again review its AEO designations.

News Plaintiffs are directed to file a letter on the docket by **July 10, 2025,** responding to OpenAI's latest proposal. News Plaintiffs' letter should provide examples of AEO documents that do not specifically mention their organizations and explain why they should be able to show such documents to their clients.

OpenAI is directed to file a letter by **July 10, 2025,** responding to News Plaintiffs' latest proposal. OpenAI's letter should also provide examples of documents that fall outside of News Plaintiffs' 3 exempt categories and explain why these documents should not be shown to News Plaintiffs' clients.

The parties are directed to continue meeting and conferring on OpenAI's AEO designation and, if the parties cannot come to an agreement, file final proposals by **July 11, 2025.**

      **SO ORDERED.**

                                                    *s/ Ona T. Wang*

Dated: July 8, 2025                              **Ona T. Wang**
      New York, New York              United States Magistrate Judge