UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>BALDACCI, et al. v. OPENAI, INC. et al., No. 1:25-md-3143-SHS-OTW<br><br>AUTHORS GUILD, et al. v. OPENAI, INC. et al., No. 1:23-cv-08292-SHS-OTW | Case No. 25-md-3143 (SHS) (OTW)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF OPENAI DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT [DKT. 183]**<br><br>**ORAL ARGUMENT REQUESTED** |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ..........................................................................................................1

II. FACTUAL AND PROCEDURAL BACKGROUND............................................3

III. LEGAL STANDARD..............................................................................................5

IV. ARGUMENT.............................................................................................................6

    A. The Complaint fails to cite or attach even a single example of allegedly infringing ChatGPT outputs..........................................................................7

    B. The Complaint fails to plausibly allege substantial similarity between Plaintiffs' works and ChatGPT's outputs. ....................................................8

    C. Plaintiffs' conclusory allegations that ChatGPT's outputs are "derived from" their works is insufficient to state a claim......................................11

V. CONCLUSION.......................................................................................................12

# TABLE OF AUTHORITIES
Page(s)
**Federal Cases**

*Abdin v. CBS Broad. Inc.*,
    971 F.3d 57 (2d Cir. 2020)..................................................................................5, 7, 10

*Allen v. Scholastic Inc.*,
    739 F. Supp. 2d 642 (S.D.N.Y. 2011)...................................................................6, 8, 9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................2, 5, 9

*Authors Guild, et al. v. OpenAI Inc., et al.*,
    No. 1:23-cv-8292-SHS, (S.D.N.Y. Sept. 19, 2023)..............................................1, 3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).........................................................................................................5

*DiTocco v. Riordan*,
    815 F. Supp. 2d 655 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 126 (2d Cir. 2012)..................6, 10

*Evans v. NBCUniversal Media, LLC*,
    No. CV 21-0984 (CBM)-PD(x), 2021 WL 4513624, (C.D. Cal. July 23, 2021) .......................7

*Hogan v. DC Comics*,
    48 F. Supp. 2d 298 (S.D.N.Y. 1999).....................................................................................10

*Hord v. Jackson*,
    281 F. Supp. 3d 417 (S.D.N.Y. 2017).........................................................................8, 9, 10

*Kadrey v. Meta Platforms, Inc.*,
    No. 23-CV-03417 (VC), 2023 WL 8039640 (N.D. Cal. Nov. 20, 2023) ..........................5, 12

*Lambertini v. Fain*,
    No. 12-CV-3964 (DRH) (ARL), 2014 WL 4659266 (E.D.N.Y. Sept. 17, 2014).......................8

*Litchfield v. Spielberg*,
    736 F.2d 1352 (9th Cir. 1984) ..............................................................................................11

*New York Times Co. v. Microsoft Corp.*,
    No. 23-CV-11195 (SHS), 2025 WL 1009179 (S.D.N.Y. Apr. 4, 2025) ........................5, 6, 11

*Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*,
    166 F.3d 65 (2d Cir. 1999)................................................................................................5, 6

2999824

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010)..................................................................................5, 6, 7

*Piuggi v. Good for You Prods. LLC*,
    739 F. Supp. 3d 143 (S.D.N.Y. 2024)...........................................................................7, 8

*Reyher v. Children's Television Workshop*,
    533 F.2d 87 (2d Cir. 1976)..................................................................................11

*Shull v. TBTF Prods. Inc.*,
    No. 18 Civ. 12400 (GBD), 2019 WL 5287923 (S.D.N.Y. Oct. 4, 2019) .................................7

*Tremblay v. OpenAI, Inc.*,
    716 F. Supp. 3d 772 (N.D. Cal. 2024) ............................................................................12

*Wolet Cap. Corp. v. Walmart Inc.*,
    No. 18-cv-12380 (LJL), 2021 WL 2383213 (S.D.N.Y. Jun. 10, 2021)......................................2

**Federal Statutes**

17 U.S.C. § 106.................................................................................................................3

**Rules**

Federal Rule of Civil Procedure Rule 8(a) .....................................................................7

Federal Rule of Civil Procedure 12(b)(6) .......................................................................5

Federal Rules of Civil Procedure 12(b) ..........................................................................4

## I. INTRODUCTION[1]

In November 2023, counsel for the Authors Guild plaintiffs appeared before this Court and explained their theory of copyright infringement: that OpenAI allegedly unlawfully used Plaintiffs' works to train its artificial intelligence models. Counsel explained to the Court:

> The copying we're alleging as the direct infringement . . . ***it's on the input side***. We're focusing on the mass copying of protected works for purposes of 'training' the large language model.

*See Authors Guild*, Dkt. 44 Nov. 29, 2023 Hr'g Tr. at 11:21–12:1 (emphasis added). When the Court asked if that meant "the output issue is not at issue in this litigation," counsel responded that while ChatGPT's outputs were relevant to fair use and damages, they were "***not core to the prima facie proof of infringement***." *Id*. at 14:12–23 (emphasis added).

Today, Plaintiffs' theory of the case has radically changed. While there is no dispute that the Consolidated Class Action Complaint ("Complaint") alleges that OpenAI infringed Plaintiffs' copyrights by using their works to train its models, *see* Dkt. 183 ¶ 311, Plaintiffs now contend that ChatGPT's ***outputs*** provide a separate, independent basis for Plaintiffs' direct infringement claim. Without explanation, Plaintiffs have abandoned their prior representations to the Court that the copying at issue is "copying for the purposes of training models." Hr'g Tr. at 12:7–8.[2] Their new theory of infringement is much broader.

Specifically, the Complaint alleges that ChatGPT's outputs constitute "infringing and unauthorized derivatives" of Plaintiffs' works. *See, e.g.,* Dkt. 183 ¶¶ 176–179. Plaintiffs allege

---

[1] The term "OpenAI" refers to all OpenAI defendant entities, and "Plaintiffs" refers to the Class Plaintiffs, as defined in the Court's Case Management Order No. 2. *See* Dkt. 60.

[2] To be clear, Plaintiffs made these representations to the Court despite having included in their original complaint the same vague and conclusory allegations that they now contend state a claim for infringement. *See Authors Guild, et al. v. OpenAI Inc., et al.*, No. 1:23-cv-8292-SHS, Complaint, Dkt. 1 (S.D.N.Y. Sept. 19, 2023).

1

that even outputs consisting of "summaries" of text, "are themselves derivative works, ineluctably based on original unlawfully copied work." *Id.* ¶ 146. But the allegations about outputs essentially end there. The Complaint does not attach or even quote a single sentence from any allegedly infringing output; nor does it provide any meaningful description of what the outputs contain, much less how their contents are substantially similar to any protected expression in Plaintiffs' works.

Instead, the Complaint repeats the same vague and conclusory allegations: that ChatGPT generated "summar[ies]" and "infringing, unauthorized, and detailed outline[s]" that constitute "infringing and unauthorized derivatives" of the named Plaintiffs' works.[3] Those allegations are not facts; they are legal conclusions. Legal conclusions, even when couched as factual allegations, are not entitled to the presumption of truth and do not support a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because the Complaint fails to state a plausible claim for relief on this basis, Plaintiffs' direct infringement claim based on ChatGPT's outputs should be dismissed. Moreover, despite having filed two prior class complaints and conducting 18 months of discovery, Plaintiffs failed to allege any facts demonstrating ChatGPT's outputs infringe their works, confirming that "further amendment would be futile." *See Wolet Cap. Corp. v. Walmart Inc.*, No. 18-cv-12380 (LJL), 2021 WL 2383213, at *1 (S.D.N.Y. Jun. 10, 2021). Accordingly, dismissal with prejudice is appropriate.

---

[3] The Complaint repeats these allegations almost verbatim as to specific named Plaintiffs. *See* Dkt. 183 ¶ 176–179 (Baldacci); ¶ 183 (Branch); ¶¶ 190–193 (Connelly); ¶¶ 201–204 (Day); ¶¶ 212–215 (Franzen); ¶ 222 (Golden); ¶ 227 (Greer); ¶¶ 104, 234–237 (Grisham); ¶ 243 (Hwang); ¶ 248 (Klam); ¶¶ 256–259 (Martin); ¶¶ 267–270 (Picoult); ¶ 277 (Schiff); ¶ 280 (Shapiro); ¶¶ 287–290 (The Authors Guild/Eberhart).

2999824

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2025, multiple class action lawsuits against OpenAI were centralized in a multi-district litigation ("MDL") before this Court. *See* Dkt. 1. On May 22, 2025, the Court entered Case Management Order No. 2, directing Plaintiffs to file a single Consolidated Class Action Complaint on or before June 13, 2025. *See* Dkt. 60. The Court also entered a joint case schedule, setting the deadline for substantial completion of document productions for September 12, 2025, and the close of fact discovery for February 27, 2026. *See* Dkt. 238.

On June 13, 2025, Plaintiffs filed the Consolidated Class Action Complaint, asserting causes of action against OpenAI and Microsoft for direct copyright infringement (Count I); vicarious copyright infringement (Count II); and contributory infringement (Count III). *See* Dkt. 183. Plaintiffs allege that OpenAI and Microsoft unlawfully copied Plaintiffs' works "and used them to 'train' OpenAI's LLMs without [Plaintiffs'] permission." *See, e.g., id.* ¶ 175. Specifically, with respect to Count I, Plaintiffs allege:

> Defendants infringed on the rights, under 17 U.S.C. § 106, of Plaintiffs and members of the proposed Class by, among other things, reproducing the works owned by Plaintiffs and the proposed Class from shadow libraries and to create and develop datasets used to train their artificial intelligence models.

*Id.* ¶ 311. Consistent with this articulation, the Complaint's allegations largely focus on OpenAI's alleged use of Plaintiffs' works during training.[4]

But the Complaint also alleges that "when prompted, ChatGPT generated . . . infringing, unauthorized" derivatives of Plaintiffs' works. *E.g., id*. ¶ 235. For example, as to Plaintiff John Grisham, the Complaint alleges:

> 235. When prompted, ChatGPT generated an infringing, unauthorized, and detailed outline for the next purported installment of *The King of Torts*, one of the Grisham

---

[4] *See, e.g.,* Dkt. 183 at ¶¶ 61–73 (discussing OpenAI's training process); ¶¶ 96–121 (alleging OpenAI trained its GPT models on Plaintiffs' works); ¶¶ 122–139 (alleging Microsoft's involvement in training).

> Infringed Works, and titled the infringing and unauthorized derivative "The Kingdom of Consequences," using the same characters from Grisham's existing book.
>
> 236. When prompted, ChatGPT generated an infringing, unauthorized, and detailed outline for the next purported installment of *The Last Juror*, one of the Grisham Infringed Works, and titled the infringing and unauthorized derivative "The Juror's Dilemma," using the same characters from Grisham's existing book.
>
> 237. When prompted, ChatGPT generated an accurate summary of the final chapter of *The Litigators*, one of the Grisham Infringed Works.

*Id.* ¶¶ 235–237.

Similar allegations appear throughout the Complaint as to the other named plaintiffs. *See* n.3, *supra*. The Complaint, however, does not attach the allegedly infringing outputs or provide any further facts about them. And although Plaintiffs previously avoided discovery by arguing to Magistrate Judge Wang that "[e]nd users [*sic*] infringing or non-infringing use of ChatGPT is not at issue in this case," *see Authors Guild,* Dkt. 274 at 2, the express language of the Complaint suggests otherwise. The Complaint contains no less than 39 allegations that ChatGPT's outputs infringe Plaintiffs' copyrights, including Plaintiffs' right to create derivative works based on or adapted from their original works. *See* n.3, *supra*.

OpenAI met and conferred with Plaintiffs about this issue on July 10, 2025. Plaintiffs confirmed that they contend ChatGPT's outputs provide an independent basis for direct copyright infringement under Count I of the Complaint.[5] This motion follows.

---

[5] Plaintiffs also contend that the January 19, 2024 stipulation entered into by the *Authors Guild* plaintiffs and Defendants, which largely concerned the prior case schedule, bars OpenAI from bringing this motion. *See Authors Guild*, Dkt. 56 (providing that Defendants agree not to seek dismissal of "Plaintiffs' currently-pleaded claims" under Federal Rules of Civil Procedure 12(b)). That stipulation does not apply here for numerous reasons, including because the claims here involve different plaintiffs and assert a theory of infringement that the *Authors Guild* plaintiffs previously disclaimed. *See supra* at 1. This appears to have been Plaintiffs' understanding as well just last month, when they sought a case schedule inconsistent with the parties' agreement to litigate class certification after summary judgment. *Cf. id.* ¶ 10 *with* Dkt. 47 at 45–47.

### III. LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will only have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Put another way, threadbare allegations and legal conclusions will not suffice. *See Bell Atl. Corp.*, 550 U.S. at 555. As this Court has previously recognized, where a plaintiff's allegations are deficient, dismissal is appropriate even where it will not dispose of an entire cause of action. *See New York Times Co. v. Microsoft Corp.*, No. 23-CV-11195 (SHS), 2025 WL 1009179, at *27 (S.D.N.Y. Apr. 4, 2025) (dismissing with prejudice direct infringement claim only "insofar as it relates to 'abridgments'").[6]

To sustain a claim of copyright infringement, "a plaintiff must demonstrate first that a copyrighted work was actually copied, and second, that the copying amounted to an improper or unlawful appropriation." *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 69–70 (2d Cir. 1999); *see also Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020). Relevant to the second element, in order to state a claim for infringement based on the unauthorized creation of derivative works, a plaintiff must plausibly allege that the derivative work bears a "substantial similarity" to protected expression in the copyrighted work. *Nihon Keizai Shimbun, Inc.*, 166 F.3d at 69–70; *see also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 63 (2d Cir. 2010).

---

[6] Likewise, in *Kadrey v. Meta Platforms, Inc.,* Judge Chhabria dismissed only one aspect of the plaintiffs' direct copyright infringement claim, characterizing one of the theories advanced by plaintiffs—that Meta's LLM is itself a derivative work—as "nonsensical." No. 3:23-cv-03417-VC, 2023 WL 8039640 at *1 (N.D. Cal. Nov. 20, 2023).

To determine whether a plaintiff has sufficiently alleged "substantial similarity" at the pleading stage, the Court looks not to the plaintiff's allegations, but to the works themselves. *Id.* at 64 ("[T]he works themselves supersede and control contrary descriptions of them, including 'any contrary allegations, conclusions or descriptions of the works contained in the pleadings.'"). Because a literary work contains both protectible and unprotectible elements, it is subject to the "'more discerning' ordinary observer test," which assesses whether the work's protectable elements, standing alone, are substantially similar. *See Boisson v. Banian*, Ltd., 273 F.3d 262, 272 (2d Cir. 2001); *Allen v. Scholastic Inc.*, 739 F. Supp. 2d 642, 655 n.122 (S.D.N.Y. 2011).[7] As this Court has previously acknowledged, whether a plaintiff has adequately pleaded substantial similarity, is "by no means exclusively reserved for resolution by a jury" and can be decided on a motion to dismiss. *See New York Times Co. v. Microsoft Corp.*, No. 23-CV-11195 (SHS), 2025 WL 1009179, at *27 (S.D.N.Y. Apr. 4, 2025) (quoting *Peter F. Gaito Architecture*, 602 F.3d at 63–64 (collecting cases)).

IV.  **ARGUMENT**

To the extent that Plaintiffs purport to assert a claim for direct copyright infringement based on ChatGPT's outputs, the claim is defective several times over. The Complaint fails to quote or attach even a single example of an allegedly infringing output, depriving the Court of the ability to apply the "more discerning," "ordinary observer test," or from conducting any analysis whatsoever. *See Nihon Keizai Shimbun, Inc.*, 166 F.3d at 70. Compounding that issue, the Complaint contains no ***facts*** demonstrating the substantial similarity of the allegedly

---

[7] The Court recently undertook this sort of detailed factual analysis in evaluating OpenAI's motion to dismiss the The Center for Investigative Reporting's ("CIR") Complaint. *See, e.g., New York Times Co.*, 2025 WL 1009179, at *27–28; *see also DiTocco v. Riordan*, 815 F. Supp. 2d 655, 667 (S.D.N.Y. 2011), *aff'd*, 496 F. App'x 126, 127 (2d Cir. 2012).

infringing outputs, and instead relies on threadbare allegations and legal conclusions. Indeed, Plaintiffs' output allegations are so facially deficient that they fail to clear the low threshold for notice pleading under Federal Rule of Civil Procedure Rule 8(a).

### A. The Complaint fails to cite or attach even a single example of allegedly infringing ChatGPT outputs.

The Second Circuit has acknowledged that the question of substantial similarity is "one that is the least susceptible of helpful generalizations." *Peter F. Gaito Architecture*, 602 F.3d at 63. Instead, "the works themselves supersede and control contrary descriptions of them, including 'any contrary allegations, conclusions or descriptions of the works contained in the pleadings.'" *Id*. at 64. For that reason, copyright plaintiffs typically attach copies of the asserted works and the allegedly infringing works to their pleadings, providing the Court a basis from which to assess substantial similarity. *See, e.g., Abdin,* 971 F.3d at 67–74 (dismissing copyright claim after detailed comparison of both parties' works to determine whether there was a "substantial similarity" between them); *see also Shull v. TBTF Prods. Inc.*, No. 18 Civ. 12400 (GBD), 2019 WL 5287923, at *6–10 (S.D.N.Y. Oct. 4, 2019) (same).

Conversely, courts regularly dismiss claims where the works at issue were not attached to the complaint and where it was impossible to assess substantial similarity. *See, e.g., Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 166 (S.D.N.Y. 2024) (granting motion to dismiss where plaintiff's "vague and conclusory allegations" were "insufficient as a matter of law to plausibly plead a substantial similarity" and the complaint failed to attach the original work); *Evans v. NBCUniversal Media, LLC*, No. CV 21-0984 (CBM)-PD(x), 2021 WL 4513624, at *5 (C.D. Cal. July 23, 2021) (granting motion to dismiss where plaintiff did not attach the allegedly infringing work, "[did] not allege any specific details," and only provided "conclusory allegations").

7

The Complaint here is similarly defective. Though Plaintiffs address allegedly infringing outputs in 39 paragraphs, the Complaint does not attach a single example—no allegedly infringing summaries, outlines, characters, or any other content. In fact, the Complaint does not include a single quoted sentence or phrase from any ChatGPT output. Instead, Plaintiffs' output allegations consist entirely of vague and conclusory *descriptions* of alleged outputs, preventing the Court from properly assessing whether those outputs are in fact substantially similar to any protectible expression. Plaintiffs' claim fails for this reason alone. *See, e.g., Piuggi*, 739 F. Supp. 3d at 166.

B.  **The Complaint fails to plausibly allege substantial similarity between Plaintiffs' works and ChatGPT's outputs.**

Plaintiffs' descriptions of the outputs are likewise insufficient to allege substantial similarity to the copyrighted works.

First, even if Plaintiffs had alleged a series of protectable elements shared by their works and ChatGPT's outputs (which they do not), "that still would have been insufficient to demonstrate a substantial similarity." *Piuggi*, 739 F. Supp. 3d at 166. "[R]andom similarities scattered throughout the works cannot by themselves support a finding of substantial similarity" sufficient to overcome a motion to dismiss. *Allen*, 739 F. Supp. 2d at 663. For that reason, "[d]istrict [c]ourts are directed to ignore lists provided by Plaintiffs of purported similarities between two works." *Hord v. Jackson*, 281 F. Supp. 3d 417, 425 n.6 (S.D.N.Y. 2017).

Here, Plaintiffs do not even provide a list of similar elements, much less "facts regarding how the works are 'substantially similar,' including identifying the protectable elements of the works." *Lambertini v. Fain*, No. 12-CV-3964 (DRH) (ARL), 2014 WL 4659266, at *4 (E.D.N.Y. Sept. 17, 2014) (citing *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d, 425, 441-442 (S.D.N.Y. 2012)). Indeed, the Complaint's allegations as to infringing outputs include little more

8

than boilerplate legal conclusions. For example, as to Plaintiff Jodi Picoult, the Complaint alleges:

> 269. When prompted, **_ChatGPT generated an infringing, unauthorized, and detailed outline_** for the next purported installment of *My Sister's Keeper*, one of the Picoult Infringed Works, and titled the infringing and unauthorized derivative as "My Sister's Legacy," **_using the same characters_** from Picoult's existing book.
>
> 270. When prompted, ChatGPT **_generated an accurate summary_** of the final chapter of *Change of Heart*, one of the Picoult Infringed Works.

Dkt. 183 ¶¶ 269–70 (emphases added). Plaintiffs recite identical allegations throughout the Complaint. *See supra* n.3. Those allegations, without more, fail to state a claim for infringement.

Specifically, and with respect to the referenced outlines, the Complaint alleges only that ChatGPT generated "an infringing, unauthorized, and detailed outline for the next purported installment" of a copyrighted work, "using the same characters" from the original. *See, e.g.,* Dkt. 183 ¶ 70.[8] But "outlines" of the "next purported installment" of a copyrighted work are not *per se* infringing derivative works; rather, "to be actionable, the alleged similarities must arise from 'protected aesthetic expressions original to the allegedly infringed work.'" *Allen*, 739 F. Supp. 2d at 654; *see also Hord*, 281 F. Supp. 3d at 424 ("[a]ny claim of substantial similarity must be based on 'more than generalized ideas or themes.'"). Yet, the Complaint provides no facts about what protected expression the outlines copy. To the contrary, the only factual description the Complaint provides regarding any outline is that it is "detailed"; the other two adjectives– alleging that the outline is "infringing" and "unauthorized"–are legal conclusions and should be disregarded. *See Ashcroft*, 556 U.S. at 678.

---

[8] Plaintiffs repeat these allegations regarding "infringing, unauthorized, and detailed outline[s]" for several of the named Plaintiffs. *See* Dkt. 183 ¶ 104 and ¶¶ 235–236 (same allegations as to Grisham); ¶ 178 (Baldacci); ¶¶ 191–92 (Connelly); ¶¶ 202–203 (Day); ¶¶ 213–214 (Franzen); ¶¶ 257–258 (Martin); ¶¶ 287-290 (Authors Guild/Eberhart).

Plaintiffs' contention that the outlines infringe because they "use the same characters" from the copyrighted works, *see supra* n.3, does not help them. "The bar for substantial similarity in a character is set quite high." *Hord*, 281 F. Supp. 3d at 426. To determine whether a plaintiff has sufficiently alleged substantial similarity in characters, "courts look at the 'totality of [the characters'] attributes and traits as well as the extent to which the defendants' characters capture the total concept and feel of figures in the plaintiffs work.'" *DiTocco*, 815 F. Supp. 2d at 667 (finding no substantial similarity between characters on a motion to dismiss). Here, the Complaint's only allegation as to characters is that they are "*the same*" as those in Plaintiffs' works. *See, e.g.,* Dkt. 183 ¶ 288 (emphasis added). The Complaint fails to even identify which characters from Plaintiffs' works appear in the outputs. But use of a character is not inherently infringing; indeed, copyright protection does not extend to "generic and generalized character traits" or to "stock character[s]." *Abdin*, 971 F.3d at 67, 72. Courts have deemed allegations far more robust than Plaintiffs' as nonetheless insufficient to plead substantial similarity. *Id.* at 66 (affirming dismissal of character infringement claims for failure to plead substantial similarity); *DiTocco*, 815 F. Supp. 2d at 669 (same), *Hogan v. DC Comics*, 48 F. Supp. 2d 298, 309–10 (S.D.N.Y. 1999) (same).

Finally, with respect to allegedly infringing "summaries," the Complaint alleges only that "ChatGPT generated an accurate summary of the final chapter" of certain Plaintiffs' works. *See, e.g.,* Dkt. 183 ¶ 270 (alleging as to Picoult). Plaintiffs parrot identical allegations regarding allegedly infringing "summaries" for several of the authors' works.[9] But not all "summaries" are infringing. For example, "The butler did it" is an accurate summary of the final chapter of *The*

---

[9] *See also* Dkt. 183 ¶ 193 (alleging as to Connelly); ¶ 204 (Day); ¶ 215 (Franzen); ¶ 237 (Grisham); ¶ 259 (Martin); ¶ 290 (Authors Guild).

*Door* by Mary Roberts Rinehart, but not a basis to assert copyright infringement. Indeed, in a separate lawsuit in this MDL, the Court granted OpenAI's motion to dismiss Plaintiff CIR's direct infringement claim to the extent that it was based on allegations that so-called "abridgements" constituted infringing derivative works. *See New York Times Co.*, 2025 WL 1009179, at *27. In assessing substantial similarity, the Court compared these "abridgements"—which the Court characterized as "outputs that are ***detailed summaries*** of CIR articles"—to the articles themselves, finding no substantial similarity because the outputs "differ in style, tone, length, and sentence structure." *Id*. at *27-28 (emphasis added). Here, Plaintiffs make no attempt to even describe the summaries, let alone explain what about them bears substantial similarity to their works. Plaintiffs' vague and conclusory allegations are insufficient as a matter of law.

      **C.**      **Plaintiffs' conclusory allegations that ChatGPT's outputs are "derived from" their works is insufficient to state a claim.**

To the extent Plaintiffs contend ChatGPT's outputs are generally "derived from" their copyrighted works, that, too, is insufficient to plead a claim for infringement. *See, e.g.,* Dkt. 183 ¶ 146 (alleging that "summaries are themselves derivative works, ineluctably based on original unlawfully copied work . . ."). As every circuit to consider the question has concluded, "in order to infringe the derivative right, there must be substantial similarity in protectible expression between the parties' works." 4 Patry on Copyright § 12:13 & n.1 (Mar. 2025 update) (citing cases from 2nd, 5th, 6th, 8th, 9th, 10th, and 11th Circuits). Thus, Plaintiffs cannot avoid their obligation to allege well-pleaded facts regarding how the works are substantially similar in protectible elements by merely alleging general infringement of the derivative right. *See, e.g., Reyher v. Children's Television Workshop*, 533 F.2d 87, 92 (2d Cir. 1976) (finding no infringement of the derivative right because there was "no infringement as to protected expression"); *Litchfield v. Spielberg*, 736 F.2d 1352, 1357 (9th Cir. 1984) (rejecting argument

that copyright owner need not prove substantial similarity when infringement of the derivative right is alleged).

Courts have dismissed similarly deficient claims in other cases involving generative AI. For example, in *Kadrey*, plaintiffs alleged that "every output of the LLaMA language models is an infringing derivative work," and that (because third-party users initiate queries of LLaMA) "every output from the LLaMA language models constitutes an act of vicarious copyright infringement." *Kadrey v. Meta Platforms, Inc.*, No. 23-CV-03417 (VC), 2023 WL 8039640, at *1 (N.D. Cal. Nov. 20, 2023). The court dismissed this claim, finding that "**the complaint offers no allegation of the contents of any output**, let alone of one that could be understood as recasting, transforming, or adapting the plaintiffs' books." *Id*. (emphasis added). Likewise, in *Tremblay v. OpenAI, Inc.*, 716 F. Supp. 3d 772, 778 (N.D. Cal. 2024),[10] the court dismissed the class plaintiff's vicarious infringement claim against OpenAI, finding "[p]laintiffs' allegation that 'every output of the OpenAI Language Models is an infringing derivative work' is insufficient." As the court observed, "Plaintiffs fail to explain what the outputs entail ***or allege that any particular output is substantially similar – or similar at all – to their books***." *Id.* (emphasis added). That reasoning applies with equal force here. Plaintiffs' output-based infringement claim should be dismissed.

V.  **CONCLUSION**

For the foregoing reasons, OpenAI respectfully requests that the Court dismiss Count I with prejudice to the extent it alleges infringement based on ChatGPT's outputs.

---

[10] The *Tremblay* action was centralized before this Court pursuant to the JPML's April 3, 2025 Order.

12

Respectfully submitted,

KEKER, VAN NEST & PETERS LLP

Dated: July 14, 2025

By: */s/ Michelle S. Ybarra*
ROBERT A. VAN NEST (*pro hac vice*)[11]
RVanNest@keker.com
R. JAMES SLAUGHTER (*pro hac vice*)
RSlaughter@keker.com
PAVEN MALHOTRA
PMalhotra@keker.com
MICHELLE S. YBARRA (*pro hac vice*)
MYbarra@keker.com
NICHOLAS S. GOLDBERG (*pro hac vice*)
NGoldberg@keker.com
THOMAS E. GORMAN (*pro hac vice*)
TGorman@keker.com
KATIE LYNN JOYCE (*pro hac vice*)
KJoyce@keker.com
CHRISTOPHER S. SUN (*pro hac vice*)
CSun@keker.com
ANDREW S. BRUNS (*pro hac vice*)
ABruns@keker.com
ANDREW DAWSON (*pro hac vice*)
ADawson@keker.com
EDWARD A. BAYLEY (*pro hac vice*)
EBayley@keker.com
SARAH SALOMON
Ssalomon@keker.com
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, California 94111-1809
Telephone: (415) 391-5400
Facsimile: (415) 397-7188

*Attorneys for Defendants*
OPENAI, INC., OPENAI GP, LLC,
OPENAI, LLC, OPENAI OPCO LLC,
OPENAI GLOBAL LLC, OAI
CORPORATION, LLC, OPENAI
HOLDINGS, LLC

---

[11] All parties whose electronic signatures are included herein have consented to the filing of this document, as contemplated by Rule 8.5(b) of the Court's ECF Rules and Instructions.

| Dated: July 14, 2025 | MORRISON & FOERSTER LLP |
|---|---|
| | By: */s/ Tiffany Cheung*<br>Joseph C. Gratz (*pro hac vice*)<br>*jgratz@mofo.com*<br>Tiffany Cheung (*pro hac vice*)<br>*tcheung@mofo.com*<br>425 Market Street<br>San Francisco, CA 94105<br>Telephone: 415.268.7000<br>Rose S. Lee (*pro hac vice*)<br>*roselee@mofo.com*<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017<br>Telephone: 213.892.5200<br>Carolyn M. Homer (*pro hac vice*)<br>*cmhomer@mofo.com*<br>2100 L Street, NW, Suite 900<br>Washington, DC 20037<br>Telephone: 202.650.4597<br>Emily C. Wood<br>*ewood@mofo.com*<br>Eric K. Nikolaides<br>*enikolaides@mofo.com*<br>250 West 55th Street<br>New York, NY 10019<br>Telephone: 212.468.8000<br><br>*Attorneys for Defendants*<br>OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC |

| | |
|---|---|
| Dated: July 14, 2025 | LATHAM & WATKINS LLP |

By: */s/ Allison S. Blanco*
Andrew M. Gass (*pro hac vice*)
*andrew.gass@lw.com*
San Francisco, CA 94111
Telephone: 415.391.0600
Sarang V. Damle
*sy.damle@lw.com*
Elana Nightingale Dawson (*pro hac vice*)
*elana.nightingaledawson@lw.com*
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Telephone: 202.637.2200
Rachel R. Blitzer
*rachel.blitzer@lw.com*
Herman H. Yue
*herman.yue@lw.com*
Luke A. Budiardjo
*luke.budiardjo@lw.com*
1271 Avenue of the Americas
New York, NY 10020
Telephone: 212.906.1200
Allison S. Blanco (*pro hac vice*)
*allison.blanco@lw.com*
650 Town Center Drive 20th Floor
Costa Mesa, CA 92626
 Telephone: 714.540.1235

*Attorneys for Defendants*
OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC

# CERTIFICATE OF COMPLIANCE

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of Law in support of OpenAI's Motion to Dismiss is 3,314 words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word count feature of the word-processing system used to prepare this memorandum.

Dated: July 14, 2025                                By: _/s/ Michelle S. Ybarra_
                                                        Michelle S. Ybarra