UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT<br>LITIGATION<br><br>This Document Relates To:<br><br>THE NEW YORK TIMES COMPANY v.<br>MICROSOFT CORPORATION, et al. | Civil Action No. 25-md-3143<br><br>**REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE CERTAIN OF MICROSOFT CORPORATION'S AFFIRMATIVE DEFENSES** |

Despite being more than a year and a half into discovery, Microsoft remains unwilling to support its express license affirmative defense with any factual allegations to make it plausible. This is contrary to Second Circuit precedent and deprives The Times of a meaningful opportunity to contest Microsoft's affirmative defense. The Court should not allow such gamesmanship to continue and should therefore strike Microsoft's Fourteenth Affirmative Defense. *See* Dkt. 160 at 32.

## ARGUMENT

In its Opposition, Microsoft contends that it is not "obligated to identify any particular licenses in its [Answer]." Dkt. 345 at 5. Instead, Microsoft asserts that its affirmative defense as currently pleaded—"Plaintiff's claims fail, in whole or in part, because the complained-of-use was licensed by express or implied license," Dkt. 160 at 32—is sufficient to provide "fair notice of the substance of the defense," Dkt. 345 at 5. Microsoft is incorrect.

1

"In *GEOMC* [*Co. v. Calmare Therapeutics Inc.*], the Second Circuit squarely considered the question 'whether *Twombly* applies to the pleading of affirmative defenses' and held that it does." *Town & Country Linen Corp. v. Ingenious Designs LLC*, 2020 WL 3472597, at *10 (S.D.N.Y. June 25, 2020) (quoting *GEOMC Co. v. Calmare Therapeutics Inc.*, 918 F.3d 92, 98 (2d Cir. 2019)). "Thus, a party must support affirmative defenses 'with some factual allegations to make them plausible.'" *Id.* (quoting *GEOMC Co.*, 918 F.3d at 99).

Here, "[t]he language of the [Fourteenth] Affirmative Defense, in isolation, does not satisfy *GEOMC*." *Id.* at *12. "It does not indicate whether [Microsoft is] relying on express or implied license nor does it state any facts in support of a defense." *Id.* Indeed, in its Opposition, Microsoft does not even attempt to demonstrate how its Answer—whether as specifically pleaded in the Fourteenth Affirmative Defense or anywhere else—provides any facts in support of the defense. Instead, Microsoft "would keep [The Times] guessing as to which affirmative defenses [i.e., the implicit or express license defense] [it] intend[s] to rely on, and how [it] intend[s] to prove each of them." *Id.* at *13. Moreover, Microsoft does "not adequately identify, using other facts from their answer, a legal theory whereby any of these equitable defenses is well-pleaded." *Id.* "This form of pleading is the precise evil that *GEOMC* is intended to prevent." *Id.* Finally, contrary to Microsoft's assertions, The Times is not asking for a detailed response regarding Microsoft's express license defense. Instead, consistent with Second Circuit precedent, The Times is simply requesting that Microsoft identify the relevant license(s) at issue.

The Times also notes that discovery has been ongoing since February 2024. And, Microsoft has agreed that The Times has served RFPs nearly a year ago which cover its express license defense. *See* Ex. A (J. Briant's June 27, 2025 email to A. Frawley) ("As we discussed after the hearing, Microsoft agrees that the Times's RFP 73 covers the scope of the interrogatories

2

(including any express license defense) and there is no need for the Times to serve a new RFP or for Microsoft to respond to a new RFP to comply with Magistrate Judge Wang's order."); Ex. C (The Times's Third Set of RFPs to Microsoft served August 27, 2024). Moreover, Microsoft has represented to this Court that it would "respond to a document request seeking the express license referenced in the amended answer." *See* Ex. B (June 25 Hearing. Tr.) at 139:6–8. Finally, Microsoft has informed The Times and this Court that it is "collecting, reviewing, and producing agreements that may support its express license defense." Ex. 1 at 3 (J. Briant's July 18, 2025 email to A. Frawley); *see* Dkt. 345 at 5 ("Microsoft is already in the process of reviewing and producing documents it intends to rely on to support its express license defense."). In other words, Microsoft has already internally identified the very licenses that it intends to rely on for its express license defense. However, for reasons unbeknownst to The Times, Microsoft is unwilling to identify these documents for The Times or even produce them "in a standalone production."[1] Ex. 1. There is no excuse for Microsoft's recalcitrance. The Court should strike Microsoft's Fourteenth Affirmative Defense.

## CONCLUSION

For the foregoing reasons, The Times requests the Court strike the Fourteenth Affirmative Defense asserted in Defendant Microsoft Corporation's Answer to The Times's Second Amended Complaint. At the very least, the Court—consistent with its June 25, 2025 Order—should require Microsoft to promptly identify the express license(s) in question.

---

[1] Whatever contract Microsoft is referring to could have vastly different implications for discovery in this case—and potentially for all users of Microsoft products. If, for example, Microsoft is alleging that the Microsoft Services Agreement gives it the right to use Times content in generative AI products, that raises serious questions about which version applies and whether Microsoft is consistently interpreting the agreement in a way that would give it unfettered rights to all publishers' content simply because a content provider uses Microsoft products. *See* Microsoft Services Agreement, https://www.microsoft.com/en-us/servicesagreement (last visited July 23, 2025).

| | |
|---|---|
| Dated: July 23, 2025 | */s/ Davida Brook* <br> Davida Brook *(pro hac vice)* <br> Emily K. Cronin *(pro hac vice)* <br> Adnan Muttalib *(pro hac vice)* <br> SUSMAN GODFREY L.L.P. <br> 1900 Ave of the Stars, Suite 1400 <br> Los Angeles, CA 90067 <br> Telephone: (310) 789-3100 <br> Facsimile: (310) 789-3150 <br> dbrook@susmangodfrey.com <br> ecronin@susmangodfrey.com <br> amuttalib@susmangodfrey.com <br> <br> Ian Crosby *(pro hac vice)* <br> Genevieve Vose Wallace *(pro hac vice)* <br> Katherine M. Peaslee *(pro hac vice)* <br> SUSMAN GODFREY L.L.P. <br> 401 Union Street, Suite 3000 <br> Seattle, WA 98101 <br> Telephone: (206) 516-3880 <br> Facsimile: (206) 516-3883 <br> icrosby@susmangodfrey.com <br> gwallace@susmangodfrey.com <br> kpeaslee@susmangodfrey.com <br> <br> Elisha Barron (5036850) <br> Zachary B. Savage (ZS2668) <br> Tamar Lusztig (5125174) <br> Alexander Frawley (5564539) <br> Eudokia Spanos (5021381) <br> SUSMAN GODFREY L.L.P. <br> One Manhattan West <br> New York, NY 10001 <br> Telephone: (212) 336-8330 <br> Facsimile: (212) 336-8340 <br> ebarron@susmangodfrey.com <br> zsavage@susmangodfrey.com <br> tlusztig@susmangodfrey.com <br> afrawley@susmangodrey.com <br> espanos@susmangodfrey.com <br> <br> Scarlett Collins (4985602) <br> SUSMAN GODFREY L.L.P. <br> 1000 Louisiana, Suite 5100 <br> Houston, TX 77002 |

Telephone: (713) 651-9366
Facsimile: (713) 654-6666
scollins@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*