**KEKER VAN NEST & PETERS**   **LATHAM & WATKINS**LLP   **MORRISON FOERSTER**

July 29, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

Re:   **Discovery dispute concerning The Times's destruction of evidence of its use of OpenAI's LLMs**
*In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
This Document Relates to: *NYT v. Microsoft et al.*, No. 1:23-cv-11195-SHS-OTW

Dear Magistrate Judge Wang:

The Times has asserted that OpenAI's LLMs are not transformative and cause market harm. The evidence reflects the opposite: The Times has been using OpenAI's LLMs to [REDACTED] in furtherance of the goals of copyright. Ex. 2. Times employees' prompts to OpenAI's LLMs and the outputs reflecting exactly *how* The Times achieved those goals are therefore directly relevant to fair use and substantial non-infringing use.

However, The Times has now admitted it permanently destroyed all logs of its prompts to OpenAI's LLMs (sent via an internal tool called ChatExplorer) for the period between November 2023–March 2024. During that crucial period of experimentation and afterwards, The Times also ensured that **OpenAI** would not retain any logs of its employees' LLM use, insisting on a zero-day-retention policy in the parties' enterprise agreement. Ex. 3.

The Times defends its data destruction by claiming that its employees' use of OpenAI's LLMs for business purposes is irrelevant. But, evidence of Times employees using OpenAI's LLMs to, for example, generate ideas for articles, assess audience sentiment and demand, or analyze subscription strategies reflects transformative and non-infringing uses from the very party who claims no such uses exist. For that reason, and as the Court has acknowledged, The Times has agreed to produce evidence of its use of OpenAI's LLMs. NYT ECF 344 at 1 n.1.

3015887

Page 2

The Times recently revealed that it has been aware of this data destruction since *June 2024*. Ex. 1. Yet, The Times's Rule 30(b)(6) witness testified, in *January 2025*, that The Times used a tool called Sumo Logic to store prompts ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 10 at 146:23–147:7. Despite this plainly misleading Rule 30(b)(6) testimony and The Times's concealment of the destruction for over a year, The Times has rebuffed OpenAI's request for a further Rule 30(b)(6) deposition regarding preservation and data deletion. OpenAI is entitled to this further deposition and any logs that remain of Times employees' use of OpenAI's LLMs for business purposes.

### A. Background

#### 1. The Times used OpenAI's LLMs extensively from November 2023 to March 2024.

ChatExplorer ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ to "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 2; Ex. 4; ECF 122. ChatExplorer was the only GenAI tool Times employees ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮." Ex. 5; Ex. 4; Ex. 6 at 4.

Per the parties' enterprise agreement, The Times required that OpenAI not retain its employees' prompts. Ex. 3. But, in November 2023, The Times discussed ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ Sumo Logic, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 7.

Weeks after The Times filed suit, the "▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ChatExplorer and to expand use of other companies' LLMs. Ex. 5; Ex. 8 at -546. While The Times still uses OpenAI's LLMs for unspecified business purposes, Ex. 1, it has deleted all logs of its use of OpenAI's LLMs from November 2023 to March 2024.

#### 2. The Times deleted logs of its use of OpenAI's LLMs and concealed its destruction.

The Times filed suit in December 2023. On February 9, 2024, OpenAI demanded preservation of evidence reflecting "the use of ChatGPT by NYT employees." Ex. 9. The Times has since admitted it knew, by *June 2024*, that it had deleted the above-described logs. Ex. 1.

The Times withheld this information until July 14, 2025. *Id.* Its belated disclosure contradicts the assurances regarding preservation The Times's Rule 30(b)(6) designee, Eric Mandel, made in January 2025. Ex. 10 at 146:23–147:7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Despite being designated regarding the "actual retention and/or deletion" of data, Mandel ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *Id.* at 46:8–18; 145:20–147:7.

After Mandel's deposition, OpenAI sought production of the ChatExplorer logs from Sumo Logic. Ex. 11. At no point during negotiations did The Times reveal it had destroyed those logs.

3015887

Page 3

Exs. 12, 13. Instead, OpenAI discovered the destruction in May 2025, after The Times disclosed it had *zero* Sumo Logic logs for 20 of its 22 custodians. ECF 122 at 2. The Times originally agreed to produce Sumo Logic data for those custodians but has reneged.[1]

Even after OpenAI identified the data destruction, The Times refused to provide further information, Ex. 13, forcing OpenAI to file a motion to compel. The responses The Times ultimately provided raise additional questions. For instance, The Times suggests it destroyed the logs because it "inadvertently [implemented] a 90-day retention period." Ex. 1 at ¶10. It is unclear whether The Times implemented that 90-day retention period in December 2023, such that the logs were briefly retained and then destroyed, or in March 2024, such that the logs were never retained. It is also unclear how The Times discovered the data destruction, its scope, and why The Times concealed it for a year.

Moreover, The Times's responses allude to *other tools* that utilize OpenAI's LLMs, despite Mandel's testimony otherwise. *Compare* Ex. 1 at ¶3 (There are "other interfaces" used by "Times employees . . . to call on OpenAI's GPT models.") *with* Ex.10 at 141:5–14 (█████████████████████████████████████████████████████ The Times never corrected Mandel's testimony, despite invitations to do so, Ex. 12, and has not identified these other tools or produced data from them (assuming such data exists).

    **B. Argument**

The Times claims its data destruction does not matter because: (a) its preservation obligations arose *after* OpenAI sent its February 2024 letter; and (b) the data is not "relevant." Both arguments, which are directly contrary to positions The Times has taken before the Court, fail.

*First*, The Times had an independent duty to preserve relevant evidence, which attached "[o]nce [The Times] reasonably anticipate[d] litigation." *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003). The Times implemented its initial litigation hold in October 2023, Ex. 14; the duty to preserve relevant evidence attached by that date, if not earlier.[2] Indeed, in November 2023, The Times acknowledged it █████████████████████ Ex. 7.

*Second*, the destroyed data is plainly relevant, and The Times had a duty to preserve it. *See Zubulake*, 220 F.R.D. at 218. The destroyed data is relevant to *at least* the following:

- **Substantial non-infringing uses.** As this Court has acknowledged, data "relating to [The Times] use of defendants' products" is relevant to Defendants' substantial non-infringing uses defense. ECF 82 at 10. A Times employee could have used ChatExplorer

---

[1] The Times previously refused to produce the little Sumo Logic data remaining based on burden. Ex. 12 at 6.

[2] The Times's privileged log includes entries dating back to 2019.

Page 4

      to access OpenAI's LLMs for all manner of non-infringing uses: to find alternative word selections, to generate headlines, to create budgets, to generate interview questions, and more. OpenAI is entitled to The Times's own evidence reflecting these non-infringing uses.

- **Fair use.** The Times's documents show it used OpenAI's LLMs to ▮▮▮▮▮▮▮▮▮▮, Exs. 2, 15, which may disprove market harm, but The Times has destroyed evidence reflecting exactly *how*. Prompts and outputs reflecting The Times's use of OpenAI's LLMs to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and for many other pro-journalism uses also demonstrate the ways in which OpenAI's LLMs benefit The Times specifically and promote the goals of copyright broadly. *Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508, 531 (2023).[3]

- **Manipulated regurgitation.** The only "evidence" The Times has proffered of regurgitation is Exhibit J, which The Times has expressly disavowed, yet simultaneously continues to rely on. Exs. 16, 17. OpenAI is entitled to any evidence of failed efforts at regurgitation from Times employees.

Regardless, the deleted evidence need not have "yielded a gold mine" to have been relevant. *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 323 (S.D.N.Y. 2003). And The Times cannot wield a narrow definition of relevance to prevent inquiry into its data destruction. *See Harris v. City of New York*, 2025 WL 1420424, at *1 (S.D.N.Y. Apr. 22, 2025) (granting Rule 30(b)(6) deposition based on evidence of document destruction, even where evidence was unlikely to be probative). Indeed, The Times *already* presented a Rule 30(b)(6) witness who misrepresented The Times's preservation efforts and failed to disclose this data destruction. *Rembert v. Cheverko*, 2015 WL 5918185, at *4 (S.D.N.Y. Oct. 9, 2015) (granting second Rule 30(b)(6) deposition and sanctions where the first deponent was unprepared). OpenAI therefore requests a four-hour Rule 30(b)(6) deposition regarding The Times's preservation and destruction of evidence and the production of any remaining logs of Times employees' prompts to OpenAI's LLMs, including from Sumo Logic. This time should not count against Defendants' allotted deposition hours.

---

[3] These examples come from a spreadsheet ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ which, notably, The Times deemed responsive. Ex. 18.

3015887

Respectfully,

| KEKER, VAN NEST & PETERS LLP[4] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Sarah Salomon* <br> Sarah Salomon | */s/Allison S. Blanco* <br> Allison S. Blanco | */s/ Rose Lee* <br> Rose Lee |

---

[4] All parties whose electronic signatures are included herein have consented to the filing of this document.