

July 29, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

Re:   **OpenAI's Motion to Compel Six RFA Responses**
*In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
This Document Relates to: *Authors Guild, et al. v. OpenAI, Inc., et al.*, and *Alter, et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS-OTW & 1:23-cv-10211-SHS-OTW

Dear Judge Wang:

OpenAI respectfully requests an informal discovery conference regarding *Authors Guild* and *Alter* Plaintiffs' ("Plaintiffs") objections to six RFAs (Nos. 38, 39, 43, and 57-59).[1] Ex. A. These RFAs seek straightforward admissions about evidence Plaintiffs rely on to allege ChatGPT outputs harm their ability to compete in the book market, and go directly to core fair use issues in the case (e.g., market harm). Plaintiffs have repeatedly argued that ChatGPT outputs dilute the market for Plaintiffs' works by regurgitating their content or otherwise serving as substitutes. *See, e.g., Authors Guild* ECF No. 456 ¶¶ 3, 146-150. OpenAI is entitled to understand if Plaintiffs have actual evidence of such alleged substitution.

RFAs are a routine discovery device used to narrow disputed issues. If Plaintiffs have evidence contemplated by OpenAI's RFAs, they can easily deny them. If they do not, OpenAI is entitled to know that too. The issue is so straightforward that Plaintiffs previously agreed to respond, and the Court denied OpenAI's prior motion to compel these (and five other) responses as moot and ordered Plaintiffs to respond. MDL ECF No. 131 ("Mot."); MDL ECF No. 187

---

[1] Request for Admission ("RFAs") numbers reflect RFAs served on Authors Guild. All Plaintiffs in *Authors Guild, et al. v. OpenAI, Inc., et al.* ("*Authors Guild*") and *Alter, et al. v. OpenAI Inc., et al.* ("*Alter*"), Nos. 1:23-cv-08292-SHS-OTW & 1:23-cv-10211-SHS-OTW, were served with identical RFAs and served identical responses.

Page 2

("Opp."); MDL ECF No. 246 (Court's order). But Plaintiffs' "supplemental responses" refuse to answer half the RFAs covered by the Court's order, objecting that they are improper "contention interrogatories" and seek consulting "expert work product" under Rule 24(b)(4)(D). Opp. at 1; Ex. A (Nos. 38, 39, 43, and 57-59).

Plaintiffs' objections are meritless. These RFAs relate to harm issues Plaintiffs themselves must have been aware of before filing this lawsuit. It may be that Plaintiffs will also rely on some form of expert evidence. But that is unrelated to whether Plaintiffs are presently aware of the facts requested – and they cannot use their experts' "ongoing investigation" to evade unfavorable admissions about evidence (or lack thereof) currently in their possession. Nor are these "contention interrogatories." OpenAI is not asking whether Plaintiffs *contend* that ChatGPT outputs cause market harm. Plaintiffs have *already* contended that. These RFAs merely aim to clarify whether Plaintiffs *have evidence* to support their contentions, which will focus ongoing discovery and narrow the issues for trial.

OpenAI respectfully asks that this Court order Plaintiffs to respond in full.

**Factual Background.** OpenAI seeks the following admissions:

- Admit that You are not aware of any specific ChatGPT outputs that contain more than 100 words of verbatim text from Your Asserted Works. (RFA No. 38)

- Admit that You are not aware of any specific ChatGPT outputs that make full copies of Your Asserted Works available to the public. (RFA No. 39)

- Admit that You are unaware of any specific ChatGPT outputs that serve as direct substitutes for Your Asserted Works. (RFA No. 43)

- Admit that You are unaware of any specific ChatGPT outputs that are complete substitutes for Your Asserted Works. (RFA No. 57)

- Admit that You are unaware of any specific ChatGPT outputs that compete with Your Asserted Works. (RFA No. 58)

- Admit that You are unaware of any specific instances where a consumer chose a ChatGPT Replica Book instead of purchasing one or more of Your Asserted Works. (RFA No. 59)

Ex. A.

The parties conferred about Plaintiffs' supplemental responses via teleconference on July 15, 2025 and were unable to reach a resolution.

**Discussion.**  Plaintiffs concede that the information sought by these RFAs – whether Plaintiffs have evidence that ChatGPT outputs substitute for or compete with their works – is highly relevant to fair use factor four (market harm) and damages. Indeed, one of Plaintiffs' key

Page 3

arguments *against* responding is that their experts are investigating this precise issue. Opp. at 1. Plaintiffs underscored the importance of this discovery by alleging that "LLM-generated books" are "flood[ing] the market" at the recent technology tutorial. MDL ECF No. 275 at 69.

Plaintiffs also recognize that the information OpenAI seeks is *not* protected by attorney work-product privilege. *See* Opp. at 3 (distinguishing OpenAI's authority for not addressing "expert work product privilege," specifically). Indeed, it is not. *See* Mot. at 2-3; *Primetime 24 Joint Venture v. Echostar Comms. Corp.*, 2000 WL 97680, at *2 (S.D.N.Y. Jan. 28, 2000) (facts not privileged, even if learned from counsel or developed for use in litigation).

Plaintiffs instead try to shield the basic facts sought by these RFAs by claiming the RFAs (1) are "tantamount to contention interrogatories," outside Rule 36 and (2) seek consultant "expert work product" in violation of Rule 26(b)(4)(D). Opp. at 2. Both these arguments are undercut by the fact that Plaintiffs have now answered five similar RFAs included in OpenAI's original motion, all of which they also previously claimed were "improper" and "privileged" on the same grounds. *See* Ex. A (Nos. 52-56); Opp. at 2-3.[2] Nonetheless, neither argument justifies Plaintiffs' objections.

**OpenAI's RFAs are proper under Rule 36.** These RFAs do not ask Plaintiffs to provide particular ChatGPT outputs; explain why certain outputs support Plaintiffs' case; or identify facts about Plaintiffs' market harm theories (as an interrogatory might). Rather, they seek confirmation of a straightforward fact OpenAI "think[s] [it] know[s]:" that Plaintiffs have no concrete evidence of their "flooded market" theory. Opp. at 2. This is exactly what both the caselaw and Plaintiffs say RFAs should do. *Id*.; *Freydl v. Meringolo*, 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011) (RFAs should "narrow the scope of disputed issues").

Plaintiffs' own authority illustrates why OpenAI's RFAs are permissible. *Spectrum Dynamics* and *Republic of Turkey* teach that RFAs become improper where admissions provide additional factual avenues to explore, rather than eliminating existing ones. In *Spectrum Dynamics*, the Plaintiff served 1,672 mutually-exclusive RFAs to determine which of 60-plus GE employees could access data at a particular time. *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2021 WL 735241, at *1-2 (S.D.N.Y. Feb. 25, 2021). Likewise, in *Republic of Turkey*, the Defendant sought admissions about dozens of potential theories for how Plaintiff became aware of allegedly stolen antiquities. *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 394, 400 (S.D.N.Y. 2018). In both cases, admissions would "necessarily" lead to "follow-on questions." *Spectrum Dynamics*, 2021 WL 735241, at *2. Not so for OpenAI's six targeted RFAs, which (if admitted) would "eliminat[e] the necessity of proving facts" about ChatGPT output substitution. *Freydl,* 2011 WL 2566079, at *2.

**Nor can Plaintiffs hide their lack of market harm evidence by using the consulting expert privilege in Rule 26(b)(4)(D). First**, these RFAs do not seek expert work product. They seek straightforward admissions about evidence Plaintiffs *themselves* rely on to support their existing market harm allegations. This evidence does not become "privileged" merely because

---

[2] Other plaintiffs in this litigation have also answered equivalent RFAs. *See* Mot. at 3.

3019806

Page 4

Plaintiffs make it available to their consultants. Rule 36 clearly states that when a party can only respond to part of an RFA, the answer "must specify the part admitted and qualify or deny the rest." Fed. R. Civ. Proc. 36(a)(4); *Wang v. Omni Hotels Mgmt. Corp.*, 2021 WL 5904021, at *3 (D. Conn. Dec. 14, 2021). Thus, if the only parties aware of the ChatGPT outputs contemplated by OpenAI's RFAs are Plaintiffs' consulting experts, Plaintiffs must at least make a qualified admission (*i.e.* "admitted *except as to* facts solely in the possession of consulting experts").

**Second**, as an independent reason to reject Plaintiffs' expert privilege argument, Rule 26(b)(4)(D) does not protect expert work product where there are "exceptional circumstances" – including where (as here) the information is highly relevant and not "observable" by the seeking party. *See Long-Term Capital Holdings, LP v. U.S.*, 2003 WL 21269586, at *2 (D. Conn. May 6, 2003). Plaintiffs argue there are no exceptional circumstances because the information sought "is within [OpenAI's] own exclusive control." Opp. at 2. Incorrect. These RFAs ask whether "*Plaintiffs* [are] aware of certain facts related to ChatGPT's outputs," *id*. (emphasis added), and OpenAI cannot reverse-engineer that information. Nor would compelling responses subvert the policy considerations underlying Rule 26(b)(4)(D). These RFAs merely seek yes / no confirmation that Plaintiffs have no evidence supporting their "flooded market" theory. They thus do not allow OpenAI to freeride on Plaintiffs' substantive analysis; require Plaintiffs' consultants to testify; penalize Plaintiffs for obtaining experts; nor disincentivize further evaluation. *Bank Brussels Lambert v. Chase Manhattan Bank*, *N.A.*, 175 F.R.D. 34, 45 (S.D.N.Y. 1997) (listing policy considerations).

As discussed in OpenAI's original motion, OpenAI maintains that – if Plaintiffs fail to respond – they should be precluded from offering the categories of evidence covered by these RFAs.[3]

We respectfully request that OpenAI's motion to compel be granted.

Respectfully,

| KEKER, VAN NEST & PETERS LLP[4] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Katie Lynn Joyce* <br> Katie Lynn Joyce | */s/ Elana Nightingale Dawson* <br> Elana Nightingale Dawson | */s/ Rose Lee* <br> Rose Lee |

---

[3] Plaintiffs attempt to distinguish OpenAI's preclusion authority by arguing that "none of the cases OpenAI cites addresses the expert work product privilege." Opp at 3. But this distinction does not apply to information in Plaintiffs or Plaintiffs attorneys' possession.

[4] All parties whose electronic signatures are included herein have consented to the filing of this document.

3019806