# Exhibit A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: OPENAI, INC., COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br>No. 1:23-cv-08292-SHS;<br>No. 1:23-cv-10211-SHS | No. 1:25-md-03143-SHS-OTW |

**PLAINTIFF AUTHORS GUILD'S SUPPLEMENTAL RESPONSES TO DEFENDANT
OPENAI OPCO, LLC's REQUESTS FOR ADMISSION**

Plaintiff Authors Guild ("Plaintiff") hereby responds and objects to Defendant OpenAI OpCo, LLC's ("Defendant") Requests for Admission, pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure.

All responses to the following Requests are based on information currently known to Plaintiff and are provided without prejudice to Plaintiff's right to supplement these responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure should additional information become available. Plaintiff anticipates that as investigation and trial preparation continue, it is possible that additional facts may become known, which may in turn warrant additions to or changes in the responses provided herein.

These responses are made in a good faith effort to supply such information as is presently known to Plaintiff. These responses and objections are made without prejudice to, and are not a waiver of his right to rely on other facts or documents at trial. The inadvertent disclosure of any privileged information shall not be deemed a waiver of any applicable privilege with respect to such information or any other information.

## RESPONSES AND OBJECTIONS

**REQUEST FOR ADMISSION NO. 5:**

Admit that You have used GPT Services for the sole purpose of generating an output that includes a portion of Your Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Plaintiff objects to this Request to the extent it seeks information beyond the scope permitted by the Court's Order in *New York Times Company v. Microsoft, et al.*, Dkt. 344. Plaintiff objects to this Request as overbroad and irrelevant to the extent it seeks documents and communications about works that are not Class Works. Plaintiff further objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff further objects to the terms "preparation" and "Generative AI services" as vague and ambiguous. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case.

Pursuant to and without waiving these objections, Plaintiff will not respond to this Request because it seeks information excluded from discovery by the Court. To the extent a response is required, Plaintiff lacks sufficient knowledge to admit or deny this Request.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 5:**

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff denies the Request.

**REQUEST FOR ADMISSION NO. 6:**

Admit that You used excerpts of Your Asserted Works as prompts for GPT Services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Plaintiff objects to this Request to the extent it seeks information beyond the scope permitted by the Court's Order in *New York Times Company v. Microsoft, et al.*, Dkt. 344. Plaintiff objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the terms "used," "sole purpose," and "portion" as vague and ambiguous.

Pursuant to and without waiving these objections, Plaintiff will not respond to this Request because it seeks information excluded from discovery by the Court.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 6:**

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff denies the Request.

**REQUEST FOR ADMISSION NO. 7:**

Admit that Your Agents used excerpts of Your Asserted Works as prompts for GPT Services.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Plaintiff objects to this Request to the extent it seeks information beyond the scope permitted by the Court's Order in *New York Times Company v. Microsoft, et al.*, Dkt. 344. Plaintiff

objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the terms "excerpts" and "prompts" as vague and ambiguous.

Pursuant to and without waiving these objections, Plaintiff will not respond to this Request because it seeks information excluded from discovery by the Court.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 7:**

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff lacks sufficient information to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that You prompted GPT Services to reproduce text from Your Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Plaintiff objects to this Request to the extent it seeks information beyond the scope permitted by the Court's Order in *New York Times Company v. Microsoft, et al.*, Dkt. 344. Plaintiff objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent it seeks the disclosure of

information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the terms "excerpts" and "prompts" as vague and ambiguous.

Pursuant to and without waiving these objections, Plaintiff will not respond to this Request because it seeks information excluded from discovery by the Court.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 8:**

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or expert work product, Plaintiff denies the Request.

**REQUEST FOR ADMISSION NO. 9:**

Admit that Your Agent(s) prompted GPT Services to reproduce text from Your Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Plaintiff objects to this Request to the extent it seeks information beyond the scope permitted by the Court's Order in *New York Times Company v. Microsoft, et al.*, Dkt. 344. Plaintiff further objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff

further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff

further objects to the term "prompted" as vague and ambiguous.

Pursuant to and without waiving these objections, Plaintiff will not respond to this Request

because it seeks information excluded from discovery by the Court.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 9:**

Subject to and without waiving the foregoing objections, and without disclosing

information that is the subject of attorney-client privilege and/or expert work product, Plaintiff

lacks sufficient information to admit or deny this Request.

**REQUEST FOR ADMISSION NO. 38:**

Admit that You are not aware of any specific ChatGPT outputs that contain more than

100 words of verbatim text from Your Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Plaintiff objects to this Request as irrelevant to the extent it seeks information not related

to any of the claims or defenses in the case. Plaintiff further objects that the information sought is

not the proper subject of a request for admission under Rule 36. Plaintiffs object to this Request

insofar as it seeks information related to consultants and non-testifying experts hired to assist

counsel in its preparation of this case for trial. Plaintiffs also object to this Request to the extent it

seeks the disclosure of information that is protected from disclosure by attorney-client privilege,

attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further

objects to this Request as overbroad and not proportionate to the needs of the case.

Without waiving these objections, and pursuant to preliminary investigation, Plaintiff is

unable to admit or deny this Request at this time. Plaintiff's awareness of ChatGPT outputs related

to the works at issue in this case is the subject of privileged work product and thus would be

improper to disclose at this time. To the extent a response is required, Plaintiff denies this Request on such basis.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Subject to and without waiving these objections, and pursuant to an ongoing investigation, Plaintiff is unable to admit or deny this Request at this time without disclosing expert work product. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. Furthermore, Plaintiff's awareness is not at issue in this case and is irrelevant to any claim or defense. To the extent a response is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 39:**

Admit that You are not aware of any specific ChatGPT outputs that make full copies of Your Asserted Works available to the public.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Plaintiff objects to this Request as irrelevant to the Extent it seeks information not related to any of the claims or defenses in the case. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiffs object to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiffs also object to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the phrase "available to the public" as vague and ambiguous.

Without waiving these objections, and pursuant to preliminary investigation, Plaintiff is unable to admit or deny this Request at this time. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Plaintiff denies this Request on such basis.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Subject to and without waiving these objections, and pursuant to an ongoing investigation, Plaintiff is unable to admit or deny this Request at this time without disclosing expert work product. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. Furthermore, Plaintiff's awareness is not at issue in this case and is irrelevant to any claim or defense. To the extent a response is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 43:**

Admit that You are unaware of any specific ChatGPT outputs that serve as direct substitutes for Your Asserted Works.

**Response to Request for Admission No. 43:**

Plaintiff objects to this Request as overbroad, irrelevant, disproportionate, and improper insofar as it is directed to the Authors Guild as a whole, and is not limited to Ms. Eberhart. Plaintiff objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney

8

work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the use of the terms "specific" and "direct substitutes" as vague and ambiguous.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Plaintiff is unable to admit or deny this Request at this time. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Plaintiff denies this Request on such basis.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

Subject to and without waiving these objections, and pursuant to an ongoing investigation, Plaintiff is unable to admit or deny this Request at this time without disclosing expert work product. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. Furthermore, Plaintiff's awareness is not at issue in this case and is irrelevant to any claim or defense. To the extent a response is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 52:**

Admit that You are unaware of any specific Documents that evidence the harm You claim to have suffered as a result of ChatGPT Replica Books.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Authors Guild objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Authors Guild further objects that the information sought is not the proper subject of a request for admission under Rule 36. Authors Guild objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Authors Guild also

9

objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Authors Guild further objects to this Request as overbroad and not proportionate to the needs of the case. Authors Guild further objects to the use of the term "specific" as vague and ambiguous. Plaintiff further objects to the term "ChatGPT Replica Book" as overbroad and understands this term to be limited to writings created by Generative AI to mimic aspects of Plaintiff's Class Works.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Authors Guild is unable to admit or deny this Request at this time. Authors Guild's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Authors Guild denies this Request on such basis.

## SUPPLEMENTAL RESPONSE TO ADMISSION NO. 52:

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff denies the Request.

## REQUEST FOR ADMISSION NO. 53:

Admit that You are unaware of any specific documentary evidence of a third party receiving compensation for the sale of Replica Books.

## RESPONSE TO REQUEST FOR ADMISSION NO. 53:

Authors Guild objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Authors Guild further objects that the information sought is not the proper subject of a request for admission under Rule 36. Authors Guild objects to this Request insofar as it seeks information related to consultants and non-

testifying experts hired to assist counsel in its preparation of this case for trial. Authors Guild further objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Authors Guild further objects to this Request as overbroad and not proportionate to the needs of the case. Authors Guild further objects to the use of the term "specific documentary evidence" as vague and ambiguous. Plaintiff further objects to the term "Replica Book" as overbroad and understands this term to be limited to writings created by Generative AI to mimic aspects of Plaintiff's Class Works. Plaintiff further objects to this Request to the extent it seeks information about works that are not Class Works. Plaintiff further objects to this Request to the extent it seeks information about outputs not generated by an LLM at issue in this case.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Authors Guild is unable to admit or deny this Request at this time. Authors Guild's awareness of Generative AI outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Authors Guild denies this Request on such basis.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 53:**

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff denies the Request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that You are unaware of any instance where a Person has received compensation for the sale of Replica Books.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

      Authors Guild objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Authors Guild further objects that the information sought is not the proper subject of a request for admission under Rule 36. Authors Guild objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Authors Guild further objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Authors Guild further objects to this Request as overbroad and not proportionate to the needs of the case. Authors Guild further objects to the use of the term "specific documentary evidence" as vague and ambiguous. Plaintiff further objects to the term "Replica Book" as overbroad and understands this term to be limited to writings created by Generative AI to mimic aspects of Plaintiff's Class Works. Plaintiff further objects to this Request to the extent it seeks information about works that are not Class Works. Plaintiff further objects to this Request to the extent it seeks information about outputs not generated by an LLM at issue in this case.

      Subject to and without waiving these objections, and pursuant to preliminary investigation, Authors Guild is unable to admit or deny this Request at this time. Authors Guild's awareness of Generative AI outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Authors Guild denies this Request on such basis.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 54:**

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff denies the Request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that You are unaware of any documentary evidence indicating that the availability of a ChatGPT Replica Book has impacted the Book-Related Compensation for Your Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Authors Guild objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Authors Guild further objects that the information sought is not the proper subject of a request for admission under Rule 36. Authors Guild objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Authors Guild further objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Authors Guild further objects to this Request as overbroad and not proportionate to the needs of the case. Authors Guild further objects to the use of the terms "documentary evidence," "availability," and "impacted" as vague and ambiguous. Plaintiff further objects to the term "ChatGPT Replica Book" as overbroad and understands this term to be limited to writings created by Generative AI to mimic aspects of Plaintiff's Class Works.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Authors Guild is unable to admit or deny this Request at this time. Authors Guild's awareness of Generative AI outputs related to the works at issue in this case is the subject of privileged work

product and thus would be improper to disclose at this time. To the extent a response is required, Authors Guild denies this Request on such basis.

## SUPPLEMENTAL RESPONSE TO ADMISSION NO. 55:

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff denies the Request.

## REQUEST FOR ADMISSION NO. 56:

Admit that You are unaware of any documentary evidence indicating that the availability of a ChatGPT Replica Book has impacted Your Book-Related Compensation.

## RESPONSE TO REQUEST FOR ADMISSION NO. 56:

Authors Guild objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Authors Guild further objects that the information sought is not the proper subject of a request for admission under Rule 36. Authors Guild objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Authors Guild further objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Authors Guild further objects to this Request as overbroad and not proportionate to the needs of the case. Authors Guild further objects to the use of the terms "documentary evidence," "availability," and "impacted" as vague and ambiguous. Plaintiff further objects to the term "ChatGPT Replica Book" as overbroad and understands this term to be limited to writings created by Generative AI to mimic aspects of Plaintiff's Class Works. Plaintiff further objects to this Request to the extent it seeks information about works that are not Class Works.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Authors Guild is unable to admit or deny this Request at this time. Authors Guild's awareness of Generative AI outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Authors Guild denies this Request on such basis.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 56:**

Subject to and without waiving the foregoing objections, and without disclosing information that is the subject of attorney-client privilege and/or work product, Plaintiff denies the Request.

**REQUEST FOR ADMISSION NO. 57:**

Admit that You are unaware of any specific ChatGPT outputs that are complete substitutes for Your Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Plaintiff objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the use of the terms "specific" and "complete substitutes" as vague and ambiguous.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Plaintiff is unable to admit or deny this Request at this time. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Plaintiff denies this Request on such basis.

## SUPPLEMENTAL RESPONSE TO ADMISSION NO. 57:

Subject to and without waiving these objections, and pursuant to an ongoing investigation, Plaintiff is unable to admit or deny this Request at this time without disclosing expert work product. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. Furthermore, Plaintiff's awareness is not at issue in this case and is irrelevant to any claim or defense. To the extent a response is required, Plaintiff denies this Request.

## REQUEST FOR ADMISSION NO. 58:

Admit that You are unaware of any specific ChatGPT outputs that compete with Your Asserted Works.

## RESPONSE TO REQUEST FOR ADMISSION NO. 58:

Plaintiff objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff also objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege, attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further

objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the use of the terms "specific" and "competes" as vague and ambiguous.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Plaintiff is unable to admit or deny this Request at this time. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Plaintiff denies this Request on such basis.

**SUPPLEMENTAL RESPONSE TO ADMISSION NO. 58:**

Subject to and without waiving these objections, and pursuant to an ongoing investigation, Plaintiff is unable to admit or deny this Request at this time without disclosing expert work product. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. Furthermore, Plaintiff's awareness is not at issue in this case and is irrelevant to any claim or defense. To the extent a response is required, Plaintiff denies this Request.

**REQUEST FOR ADMISSION NO. 59:**

Admit that You are unaware of any specific instances where a consumer chose a ChatGPT Replica Book instead of purchasing one or more of Your Asserted Works.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Plaintiff objects to this Request as irrelevant to the extent it seeks information not related to any of the claims or defenses in the case. Plaintiff further objects that the information sought is not the proper subject of a request for admission under Rule 36. Plaintiff objects to this Request insofar as it seeks information related to consultants and non-testifying experts hired to assist counsel in its preparation of this case for trial. Plaintiff further objects to this Request to the extent it seeks the disclosure of information that is protected from disclosure by attorney-client privilege,

attorney work-product doctrine, or any other applicable privileges or immunities. Plaintiff further objects to this Request as overbroad and not proportionate to the needs of the case. Plaintiff further objects to the use of the term "specific" as vague and ambiguous. Plaintiff further objects to the term "ChatGPT Replica Book" as overbroad and understands this term to be limited to writings created by Generative AI to mimic aspects of Plaintiff's Class Works.

Subject to and without waiving these objections, and pursuant to preliminary investigation, Plaintiff is unable to admit or deny this Request at this time. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. To the extent a response is required, Plaintiff denies this Request on such basis.

**<u>SUPPLEMENTAL RESPONSE TO ADMISSION NO. 59:</u>**

Subject to and without waiving these objections, and pursuant to an ongoing investigation, Plaintiff is unable to admit or deny this Request at this time without disclosing expert work product. Plaintiff's awareness of ChatGPT outputs related to the works at issue in this case is the subject of privileged work product and thus would be improper to disclose at this time. Furthermore, Plaintiff's awareness is not at issue in this case and is irrelevant to any claim or defense. To the extent a response is required, Plaintiff denies this Request.


Dated: July 9, 2025

                                        */s/ Rachel Geman*
                                        Rachel Geman
                                        Wesley Dozier (*pro hac vice*)
                                        Anna Freymann
                                        LIEFF CABRASER HEIMANN
                                        & BERNSTEIN, LLP
                                        250 Hudson Street, 8th Floor

New York, New York 10013-1413
Tel.: 212-355-9500
rgeman@lchb.com
wdozier@lchb.com
afreymann@lchb.com

Reilly T. Stoler (*pro hac vice*)
LIEFF CABRASER HEIMANN
& BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Tel.: 415-956-1000
rstoler@lchb.com

*/s/ Rohit Nath*
Justin A. Nelson (*pro hac vice*)
Alejandra C. Salinas (*pro hac vice*)
Amber B. Magee (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Tel.: 713-651-9366
jnelson@susmangodfrey.com
asalinas@susmangodfrey.com
amagee@susmangodfrey.com

Rohit D. Nath (*pro hac vice*)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Tel.: 310-789-3100
rnath@susmangodfrey.com

Charlotte Lepic
J. Craig Smyser
SUSMAN GODFREY L.L.P.
One Manhattan
New York, New York 10001
Tel.: 212-336-8330
clepic@susmangodfrey.com
csmyser@susmangodfrey.com

*/s/ Scott J. Sholder*
Scott J. Sholder
CeCe M. Cole
COWAN DEBAETS ABRAHAMS
& SHEPPARD LLP

19

41 Madison Avenue, 38th Floor
New York, New York 10010
Tel.: 212-974-7474
ssholder@cdas.com
ccole@cdas.com

***Attorney for Plaintiffs and the Proposed Class***

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2025, and pursuant to the Parties' email service agreement in this regard, a copy of the foregoing was served via electronic mail on counsel for Defendants via the following list-serves:

OpenAICopyright@mofo.com

openaicopyrightlitigation.lwteam@lw.com

kvpoai@keker.com

**Attorneys for Defendants**
**OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,**
**OpenAI, LLC, OpenAI Opco LLC, OpenAI**
**Global LLC, OAI Corporation, LLC, And**
**OpenAI Holdings, LLC**

NYClassActions_Microsoft_OHS@orrick.com

MicrosoftNYClassActionFDBR@faegredrinker.com

**Attorneys for Defendant**
**Microsoft Corporation**

*/s/ Rohit Nath*_____
Rohit Nath

21