## SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

ONE MANHATTAN WEST

NEW YORK, NEW YORK 10001-8602

(212) 336-8330

FAX (212) 336-8340

WWW.SUSMANGODFREY.COM

---

| SUITE 5100 | SUITE 1400 | SUITE 3000 |
|---|---|---|
| 1000 LOUISIANA STREET | 1900 AVENUE OF THE AMERICAS | 401 UNION STREET |
| HOUSTON, TX 77002-5096 | LOS ANGELES, CALIFORNIA 90067-6029 | SEATTLE, WASHINGTON 98101-2683 |
| (713) 651-9366 | (310) 789-3100 | (206) 516-3880 |

DAVIDA BROOK
DIRECT DIAL (310) 789-3105

E-MAIL DBROOK@SUSMANGODFREY.COM

**VIA ECF**

July 30, 2025

Hon. Ona T. Wang
Southern District of New York

Re:   *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW) This Document Relates To: All Cases

Dear Magistrate Judge Wang:

Class and News Plaintiffs (collectively, "Plaintiffs") write concerning OpenAI's failure to comply with this Court's **December 2, 2024** order compelling Defendants to produce text and social media messages from their ESI custodians and related issues stemming from OpenAI's deficient productions. *See Times* Dkts. 329, 360; *Authors Guild* Dkt. 291.

In the first ***seven months*** following the Court's order, OpenAI produced ***zero*** text or social media messages despite Plaintiffs' reminders. To avoid motion practice, in June OpenAI committed to substantially complete its production of text and social media messages by July 14. OpenAI did produce 35 text messages on July 14, but its production has several serious deficiencies that OpenAI has yet to cure.

Plaintiffs promptly flagged these issues and related questions on July 21, July 24, and July 28, but OpenAI has not substantively responded or agreed to discuss on a call. *See* Ex. 1. Plaintiffs asked OpenAI to discuss on a meet and confer scheduled for July 22. OpenAI's counsel said on that call that they were working on a response and were not ready to discuss. When no response arrived, Plaintiffs emailed again on July 24. OpenAI said again that they were working on a response. Plaintiffs made it clear the same day that they needed responses before the deadline to raise this issue with the Court at the August 12 hearing and asked for a call early this week. When no response arrived, Plaintiffs asked on Monday July 28 to schedule a call for Tuesday and warned that they would seek relief if they did not receive responses or discuss by the date of this filing. OpenAI waited until just hours before this brief was due on July 30 to deflect again—still not

July 30, 2025
Page 2

answering any of Plaintiffs questions and reverting with a question about Plaintiffs' July 21 email for the first time. *Id.* Although Plaintiffs will continue trying to confer with OpenAI, with the looming August 19 deadline to serve additional discovery and request new custodians, it is imperative that OpenAI answer Plaintiffs' questions and cure the deficiencies in its production so Plaintiffs can evaluate whether to seek additional discovery. To that end, Plaintiffs seek an order from the Court compelling OpenAI to answer Plaintiffs' questions before the August 12 hearing and remedy its production deficiencies by August 13.

### A. OpenAI Should Disclose the Names of Redacted Conversation Participants.

First, OpenAI has redacted participant names and other identifying information in various text messages produced by Sam Altman. *See, e.g.*, Ex. 2; Ex. 3. Without knowing whom Altman is texting about ▮▮▮▮ Ex. 2, ▮▮▮▮ Ex. 3, these messages are missing key information. Moreover, Plaintiffs have no way to determine whether they need to subpoena a third party or—if they are current OpenAI employees—seek to add them as a custodian, request their deposition, or serve additional discovery before August 19. Finally, if this issue is not cured before depositions, Plaintiffs have no doubt that Mr. Altman will not be able to testify as to who he was speaking with about these relevant topics. Plaintiffs request that OpenAI re-produce these text messages with unredacted participant information as soon as possible and no later than August 13.

### B. OpenAI Has Not Produced Relevant Text and Social Media Messages.

Second, contrary to its commitment, OpenAI's production is not "substantially complete." Despite their 35 custodians and hundreds of search terms, OpenAI produced just 35 text message conversations—12 of which were duplicates—from only three custodians, and zero social media messages. When compared to OpenAI's interrogatory response, ▮▮▮▮ the idea that this production is "substantially complete" is not believable on its face.[1] *See* Ex. 4 at 10.[2] OpenAI's production contained text messages from only three of the ▮▮▮▮ . *See* Ex. 4 at 10. And OpenAI produced no social media messages, despite ▮▮▮▮ and public evidence that Sam Altman receives messages on X about issues related to this lawsuit.[3] *See, e.g., Authors Guild* Dkt.

---

[1] ▮▮▮▮ Ex. 4 at 8. All of these issues are within the scope of discovery in this lawsuit.

[2] ▮▮▮▮ . *See* Ex. 4 at 10. Murati is a former employee, so Plaintiffs understand that her text and social media messages may be being collected and produced by her personal counsel. If that is not the case, this motion applies to Murati's messages as well.

[3] https://x.com/sama/status/1599461988564094977

July 30, 2025
Page 3

230; Ex. 5 (Altman posts on X in December 2022 about getting "a ton of angry DMs" about ChatGPT "making up random facts").

Comparing OpenAI's text message production to Microsoft's further confirms that OpenAI failed to produce responsive messages. Specifically, Microsoft produced at least 91 text message conversations with OpenAI custodians that OpenAI has not produced. **Sixty-two** of these are text messages between Sam Altman and Satya Nadella. By contrast, OpenAI only produced **one** text message between Altman and Nadella, which is missing half of the conversation Microsoft produced. Ex. 6. Likewise, Microsoft produced text messages between Microsoft custodians and Brad Lightcap, whereas OpenAI has not produced a single text message from him— *See* Ex. 3 at 10. A sample of relevant text messages that Microsoft produced involving OpenAI custodians that are missing from OpenAI's production is attached at Exhibit 7.

This mismatch suggests that OpenAI is withholding relevant documents. To try and get to the bottom of this issue, on July 21, July 24, and July 28 Plaintiffs sought prompt answers from OpenAI regarding (a) how OpenAI's custodians or their counsel searched for and identified responsive text and social media messages, including identifying which attorneys were responsible for each collection, (b) confirmation that no individual custodian collected his or her own responsive text messages, and (c) an explanation as to why OpenAI did not produce responsive text messages that Microsoft produced. *See* Ex. 1. As of this filing, OpenAI has not provided this information.[4] Plaintiffs have been seeking these documents since July 2024, first moved on the issue in October 2024, and were assured that they would be produced by a court order dated December 2, 2024.

Accordingly, Plaintiffs thus ask the Court to order OpenAI to provide complete answers to these questions in advance of the August 12 hearing so that the parties can further meet and confer in advance thereof. Plaintiffs further request that OpenAI actually complete its production of text and social media messages by August 13, so Plaintiffs have time to seek additional discovery if necessary before August 19. Plaintiffs note that if OpenAI does not promptly remedy the issues identified herein, it will consider moving the Court for production of all non-privileged text messages from the agreed-upon custodians that include the agreed-upon search terms during the agreed-upon timeframe, which would prevent OpenAI from using its second-layer responsiveness review to improperly withhold responsive documents.

    C.    **Technical Issues**

Finally, Plaintiffs are seeking answers to their questions about technical issues with OpenAI's production, including that duplicate texts collected from the same custodian show different time and date stamps and text threads were produced without their attachments. *See*

---

[4] OpenAI responded on July 30 saying once again that they were looking into the issues and asking Plaintiffs to identify all the text messages Microsoft produced involving OpenAI custodians by Bates number. Ex. 1. Plaintiffs will provide this information in an effort to speed up OpenAI's investigation but remain seriously concerned about when they will receive OpenAI's substantive responses and whether this will be resolved by August 19.

July 30, 2025
Page 4

Ex. 1. Plaintiffs' questions and the technical issues that need to be remedied are:

- Whether OpenAI used a 24-hour timeframe metric to extract responsive text messages for production, as agreed. *Times* Dkts. 309, 329.

- Many of the attachments in the produced text conversations are not visible and don't appear to be included in the document family.

- There are several duplicate texts with the same content collected from the same custodian that show different dates and times.

As was the case above, Plaintiffs asked OpenAI to respond to these questions but have yet to receive concrete answers. OpenAI should not be allowed to run out the clock on discovery. Plaintiffs respectfully ask that the Court order OpenAI to explain these technical deficiencies in advance of the August 12 hearing so that the parties can further meet and confer in advance thereof.

Respectfully,

_/s/ Davida Brook_
Davida Brook
Susman Godfrey LLP
News Plaintiffs' Liaison Counsel

_/s/ Justin Nelson_
Justin Nelson
Susman Godfrey LLP
Lead Class Counsel