# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

THE NEW YORK TIMES COMPANY,

　　　　　Plaintiff,

　　　v.

MICROSOFT CORPORATION, OPENAI, INC.,
OPENAI LP, OPENAI GP, LLC, OPENAI, LLC,
OPENAI OPCO LLC, OPENAI GLOBAL LLC,
OAI CORPORATION, LLC, and OPENAI
HOLDINGS, LLC,

　　　　　Defendants.

---

Civil Action No. 1:23-cv-11195-SHS

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND
OBJECTIONS TO MICROSOFT CORPORATION'S FOURTH SET OF
REQUESTS FOR PRODUCTION (NOS. 139-235)**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff The New York Times

Company ("The Times") responds to Defendant Microsoft Corporation's ("Microsoft") Fourth Set

of Requests for Production of Documents and Things (the "Requests") as follows:

**<u>GENERAL OBJECTIONS</u>**

1.　　　The Times objects to each Request to the extent it seeks information or documents

subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.　　　The Times objects to each Request to the extent it seeks documents or information

not within The Times's possession, custody, or control or that are already in the possession,

custody, and control of Defendants, on the grounds that such Requests are unduly burdensome and

oppressive and therefore exceed the bounds of permissible discovery. The Times will only produce

1

documents within its possession, custody, or control, and will do so in the manner such documents are kept in the usual course of business. Such productions will be made subject to the terms of the ESI Order entered in this action.

3.     The Times objects to each Request to the extent it seeks duplicative information that The Times has already produced. For example, Request for Production 170—"All Documents and Communications upon which You rely, or intend to rely, to support Your contention that each of Your trademarks are famous"—is nearly identical to Request for Production 42—"Documents concerning Your allegation that the New York Times trademarks are famous, as alleged in Paragraph 200 of the Complaint."

4.     The Times objects to each Request to the extent it seeks to obtain information more appropriately and efficiently sought through other discovery tools, such as depositions.

5.     The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

6.     The Times objects to the definitions of "You," "Your," "NYT," or "New York Times" insofar as they include The Times's "corporate parent," of which there is none. The Times further objects to these definitions as contrary to Local Rule 26.3, particularly insofar as they include The Times's "attorneys" and "agents." The Times construes "You," "Your," "NYT," or "New York Times" as those terms are defined in Local Rule 26.3.

7.     The Times objects to the definition of "Generative AI Technologies" insofar as the definition is not limited to *Defendants'* models, products, or services. The Times construes "Generative AI Technologies" to mean "Defendants' artificial intelligence models that use

machine learning techniques to predict and generate natural-language outputs in response to user inputs."

8.      The Times objects to the definition of "Generative AI System(s)" insofar as the definition is not limited to *Defendants'* models, products, or services. The Times construes "Generative AI System(s)" to mean "Defendants' consumer-facing applications built on Generative AI Technologies."

9.      The Times objects to the definition of "Domain(s)" insofar as the definition is not consistently applied throughout Microsoft's Fourth Set of Requests for Production of Documents.

10.      The Times objects to the instruction requesting that The Times provide a "privilege log" insofar as that instruction asks The Times to provide more information than what is required by law. The Times will comply with its obligations under Federal Rule of Civil Procedure 26 and the terms of the Protective Order and ESI Order entered in this case.

11.      The Times objects to the stated time period for these Requests, which Microsoft has listed as July 2, 2019 to the present. The Times is willing to meet and confer regarding a more appropriately tailored time frame for these Requests.

12.      The Times objects to the Instruction suggesting that "the past tense of a verb includes the present tense and vice versa." The Times will respond to the Requests as written.

13.      The Times is willing to meet and confer regarding these Requests.

## RESPONSES TO REQUESTS FOR PRODUCTION

## REQUEST FOR PRODUCTION NO. 139:

Documents sufficient to show the total volume or share of articles published by You over time relative to all newspapers from January 1, 2015 to present.

3

**RESPONSE TO NO. 139:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "share of articles," "over time" and "relative to all newspapers" as vague and ambiguous. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks documents that do not exist.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 140:**

Documents sufficient to show how Your published content is categorized in each of Your Domains, (*e.g.*, breaking news, opinion pieces) including the volume of content in each category from January 1, 2015 to present.

**RESPONSE TO NO. 140:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "published content," "categorized,"

4

"Domains," and "volume of content" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 141:

Documents sufficient to show availability of Your copyrighted works in public libraries and schools from January 1, 2015 to present.

## RESPONSE TO NO. 141:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "availability," "public libraries," and "schools" as vague and ambiguous. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 142:**

Documents sufficient to show how many of Your copyrighted works may be viewed freely online before a user encounters a paywall from January 1, 2015 to present.

**RESPONSE TO NO. 142:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to the terms "Your copyrighted works," "freely," and "online" as vague and ambiguous. The Times reasonably construes the term "Your copyrighted works" to mean "Copyrighted Works," as provided in the Instructions and Definitions. The Times further objects to this Request to the extent it seeks duplicative documents as those in Request No. 52.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the existence and operation of its paywall from November 1, 2022, to May 1, 2024, in response to this Request.

**REQUEST FOR PRODUCTION NO. 143:**

Documents sufficient to show the rate at which Your readers who encounter a paywall convert to a trial or digital subscription of Your publication, or otherwise become registered users

from January 1, 2015 to present.

**RESPONSE TO NO. 143:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms "trial or digital subscription" and "registered users" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 144:**

Documents sufficient to show the demographic characteristics of Your subscribers from January 1, 2015 to present.

**RESPONSE TO NO. 144:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "demographic characteristics" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material

7

protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 145:

Documents sufficient to show any logs of search queries submitted to any of Your Domains from January 1, 2015 to present.

## RESPONSE TO NO. 145:

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "logs of search queries submitted" and "Domains" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 146:

Documents sufficient to show the extent to which users are exposed to advertisements displayed on Your Domains from January 1, 2015 to present.

## RESPONSE TO NO. 146:

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any

party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "exposed to advertisements" and "Domains" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 147:**

Documents or data sufficient to show the extent to which users click on advertisements displayed on Your Domains from January 1, 2015 to present.

**RESPONSE TO NO. 147:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms "extent to which users click on advertisements" and "Domains" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 148:**

Documents or data sufficient to show the extent to which user interactions with advertisements and user purchasing behavior vary depending on whether the users were referred

or directed to Your Domains by an LLM versus a regular search engine from January 1, 2015 to present.

**RESPONSE TO NO. 148:**

      The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms "the extent to which user interactions with advertisements and user purchasing behavior vary," "users were referred or directed to Your Domains by an LLM versus a regular search engine," and "Domains" as vague and ambiguous. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order.

      Subject to these objections, The Times responds that it will produce non-privileged documents and communications relating to the use of GPT Services to access Times copyrighted works that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 149:**

      Documents sufficient to show each website and URL known to You at which any of Your Copyrighted Works-in-Suit may be accessed for free by third parties, whether authorized or unauthorized, from January 1, 2015 to present.

**RESPONSE TO NO. 149:**

10

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "may be accessed for free by third parties" and "authorized or unauthorized" as vague and ambiguous. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 150:**

Documents sufficient to show the equivalent cost or price for use of the Copyrighted Works-in-Suit for Training Generative AI Product(s) and Service(s) from January 1, 2015 to present.

**RESPONSE TO NO. 150:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material without limitation to the relevant timeframe. The Times further objects to the term "equivalent cost or price" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

11

Subject to these objections, The Times responds that it will produce documents and communications related to executed and contemplated agreements to license Times' works to train Generative AI models from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 151:**

Documents reflecting the cost or price of using the Copyrighted Works-in-Suit, including all sales data from January 1, 2015 to present.

**RESPONSE TO NO. 151:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material without limitation to the relevant timeframe. The Times further objects to the term "including all sales data from January 1, 2015 to present" as vague and ambiguous, as it is not a subset of the category of documents requested. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to the terms "cost or price" and "using" as vague and ambiguous.

Subject to these objections, The Times responds that it will produce documents sufficient to show the key terms of relevant licenses active from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 152:**

Documents sufficient to show sales data for pricing of the Copyrighted Works-in-Suit from January 1, 2015 to present.

**RESPONSE TO NO. 152:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any

party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the term "sales data for pricing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce documents sufficient to show (1) the key terms of relevant licenses active from January 1, 2018 to the present and (2) the current subscription pricing of its products.

## REQUEST FOR PRODUCTION NO. 153:

All Documents used to support Your contentions that you lost profits, including subscriber information, sales data, and/or advertising revenue from January 1, 2015 to present.

## RESPONSE TO NO. 153:

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

## REQUEST FOR PRODUCTION NO. 154:

Any of Your analyses regarding the error rate for information published by You from

January 1, 2015 to present.

**<u>RESPONSE TO NO. 154:</u>**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the term "error rate for information" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

**<u>REQUEST FOR PRODUCTION NO. 155:</u>**

Documents sufficient to show that You "hold copyrights in each issue or edition of" Your "Publications" as reflected in Your petition for certiorari in *New York Times Co. v. Tasini*.

**<u>RESPONSE TO NO. 155:</u>**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent

14

that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 156:

Documents and Communications reflecting any "brainstorms to think through the implications of ChatGPT and other LLM-related technologies on our product" as referenced in Your Bates-stamped document NYT_00582656.

## RESPONSE TO NO. 156:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material that is not relevant to any party's claims or defenses in this dispute and is not limited to Defendants' Generative AI products. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege or work-product doctrine. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent it seeks to obtain information more appropriately and efficiently sought through other discovery tools, such as depositions. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected

by the reporters' privilege in response to this Request. The Times further objects to this Request as duplicative of Request Nos. 29, 131, and 132.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times has already agreed to produce in response to Request Nos. 29, 131, and 132.

## REQUEST FOR PRODUCTION NO. 157:

Documents concerning any efforts by You to use Generative AI Product(s) and Service(s) "to categorize our weather-related content to identify type of weather (e.g. snow, heat, etc.) and weather events" "among other facets" as referenced in Your Bates-stamped document NYT_00582754.

## RESPONSE TO NO. 157:

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute, is not limited to Defendants' Generative AI products, and is without limitation to the relevant timeframe. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent it seeks to obtain information more appropriately and efficiently sought through other discovery tools, such as depositions.

16

Based on these objections, The Times will not produce Documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 158:

Documents reflecting Your use of Generative AI Product(s) and Service(s) "to help with graphic design, image edits, and other tools" as referenced in Your Bates-stamped document NYT_00582789.

## RESPONSE TO NO. 158:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material that is not relevant to any party's claims or defenses in this dispute and is not limited to Defendants' Generative AI products. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent it seeks to obtain information more appropriately and efficiently sought through other discovery tools, such as depositions. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents concerning The Times's use of Defendants' Generative AI tools and products for use in its reporting and presentation of content from November 1, 2022, to May 1, 2024.

**REQUEST FOR PRODUCTION NO. 159:**

Documents and Communications between Yourself and Amazon concerning Generative AI Technologies as referenced in Your Bates-stamped document NYT_00582846.

**RESPONSE TO NO. 159:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material that is not relevant to any party's claims or defenses in this dispute and is not limited to The Times, The Times's Asserted Works, or Defendants' Generative AI products, and is without limitation to the relevant timeframe. The Times further objects to this Request to the extent it seeks documents and material not in The Times's possession, custody, or control.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 160:**

Documents, including financial statements, profit and loss statements, or other financial documents or analyses, reflecting any profits You allege You have lost due to Defendants' Generative AI Product(s) and Service(s).

**RESPONSE TO NO. 160:**

The Times incorporates the General Objections set forth above. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-

18

product doctrine, or common interest. The Times further objects to this Request as duplicative of Request No. 56. The Times further objects to this Request as prematurely seeking expert discovery.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 161:**

Documents sufficient to show all sales of the Copyrighted Works-in-Suit.

**RESPONSE TO NO. 161:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms "all sales" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as duplicative of Request No. 6.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times already agreed to produce in response to Request No. 6.

**REQUEST FOR PRODUCTION NO. 162:**

A copy of the page source view of The New York Times' homepage from August 9, 2024, accessible via the URL view-source:https://www.nytimes.com/.

19

**RESPONSE TO NO. 162:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the term "page source view" as vague and ambiguous. The Times further objects to this Request to the extent it seeks documents and material that are publicly available.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 163:**

A copy of the page source view of The New York Times' Wirecutter section homepage from August 9, 2024, accessible via the URL view-source:https://www.nytimes.com/wirecutter/.

**RESPONSE TO NO. 163:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the term "page source view" as vague and ambiguous. The Times further objects to this Request to the extent it seeks documents and material that are publicly available.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 164:**

A copy of the page source view of The New York Times' Wirecutter article from August 9, 2024, entitled "We Cleaned a Filthy Old Rug on a Queens Sidewalk. It Was

Extremely Satisfying.", accessible via the URL view-

source:https://www.nytimes.com/wirecutter/guides/how-to-clean-vintage-rugs/.

**RESPONSE TO NO. 164:**

The Times incorporates the General Objections set forth above. The Times objects to this

request as overbroad and unduly burdensome because it seeks material that is not relevant to any

party's claims or defenses in this dispute and without limitation to the relevant timeframe. The

Times further objects to the term "page source view" as vague and ambiguous. The Times further

objects to this Request to the extent it seeks documents and material that are publicly available.

Based on these objections, The Times will not produce Documents responsive to this

Request.

**REQUEST FOR PRODUCTION NO. 165:**

A copy of the page source view of The New York Times' article from December 26, 2023,

entitled "A Natural Gas Project Is Biden's Next Big Climate Test", accessible via the URL view-

source:https://web.archive.org/web/20231226172008/https://www.nytimes.com/2023/12/26/cli

m ate/cp2-natural-gas-export-louisiana.html.

**RESPONSE TO NO. 165:**

The Times incorporates the General Objections set forth above. The Times objects to this

request as overbroad and unduly burdensome because it seeks material that is not relevant to any

party's claims or defenses in this dispute. The Times further objects to the term "page source

view" as vague and ambiguous. The Times further objects to this Request to the extent it seeks

documents and material that are publicly available.

Based on these objections, The Times will not produce Documents responsive to this

Request.

## REQUEST FOR PRODUCTION NO. 166:

A copy of the page source view of The New York Times' article from August 8, 2024, entitled "This Texas Energy Is so Bountiful, They Pay You to Take It Away", accessible via the URL view-source:https://www.nytimes.com/2024/08/08/business/energy-environment/natural-gas-negative-prices-texas.html.

## RESPONSE TO NO. 166:

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the term "page source view" as vague and ambiguous. The Times further objects to this Request to the extent it seeks documents and material that are publicly available.

Based on these objections, The Times will not produce Documents responsive to this Request.

## REQUEST FOR PRODUCTION NO. 167:

A copy of the page source view of The New York Times' article from April 6, 2024, entitled "Double Duty", accessible via the URL view-source:https://www.nytimes.com/2024/04/06/crosswords/daily-puzzle-2024-04-07.html.

## RESPONSE TO NO. 167:

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "page source

view" as vague and ambiguous. The Times further objects to this Request to the extent it seeks documents and material that are publicly available.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 168:**

A copy of the page source view of The New York Times' Wirecutter article from June 13, 2023, entitled "The Best Cordless Stick Vacuum", accessible via the URL view-source:https://nytimes.com/wirecutter/reviews/best-corless-stick-vacuum/?smtyp=cur&smid=tw-nytimes.

**RESPONSE TO NO. 168:**

The Times incorporates the General Objections set forth above. The Times objects to this request as overbroad and unduly burdensome because it seeks material that is not relevant to any party's claims or defenses in this dispute. The Times further objects to the term "page source view" as vague and ambiguous. The Times further objects to this Request to the extent it seeks documents and material that are publicly available.

Based on these objections, The Times will not produce Documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 169:**

All Documents and Communications concerning any actual or perceived distinctiveness of each of Your trademarks, including but not limited to brand recognition studies, consumer perception reports, or analyses regarding how recognizable or distinctive each trademark is to the relevant consuming public.

**RESPONSE TO NO. 169:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications concerning any actual or perceived distinctiveness" of The Times's trademarks without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the term "actual or perceived distinctiveness" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably duplicative of Request No. 42.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times already agreed to produce in response to Request No. 42.

**REQUEST FOR PRODUCTION NO. 170:**

All Documents and Communications upon which You rely, or intend to rely, to support Your contention that each of Your trademarks are famous.

**RESPONSE TO NO. 170:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent it seeks "[a]ll Documents and Communications" supporting The Times's contention that its "trademarks are famous" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the term "famous" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as duplicative of

24

Request No. 42.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 171:**

All Documents and Communications demonstrating the degree of inherent or acquired distinctiveness of each of Your trademarks on a national basis.

**RESPONSE TO NO. 171:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications demonstrating the degree of inherent or acquired distinctiveness" of The Times's trademarks without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the term "inherent or acquired distinctiveness" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably duplicative of Request No. 42.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times has already agreed to produce in response to Request No. 42.

**REQUEST FOR PRODUCTION NO. 172:**

All Documents sufficient to show the duration and extent of use of each of Your

trademarks in commerce throughout the United States.

**RESPONSE TO NO. 172:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents sufficient to show the duration and extent of use of each" of The Times's trademarks without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the term "use of each of Your trademarks in commerce" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably duplicative of Request No. 42.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times has already agreed to produce in response to Request No. 42.

**REQUEST FOR PRODUCTION NO. 173:**

All Documents sufficient to show the amount and reach of advertising and publicity of each of Your trademarks in commerce throughout the United States.

**RESPONSE TO NO. 173:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents sufficient to show the amount and reach of advertising and publicity" of The Times's trademarks "in commerce" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "amount and reach" and "in commerce" as

vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably duplicative of Request No. 42.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times has already agreed to produce in response to Request No. 42.

**REQUEST FOR PRODUCTION NO. 174:**

All Documents reflecting the geographical extent of each of Your trademark's trading area in the United States.

**RESPONSE TO NO. 174:**

The Times objects to this Request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents reflecting the geographical extent" of The Times's trademarks "trading area" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "geographical extent" and "trading area" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as unreasonably duplicative of Request No. 42.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times has already agreed to produce in response to Request No. 42.

**REQUEST FOR PRODUCTION NO. 175:**

Documents sufficient to show the channels of trade for the goods or services with which

each of Your trademarks is used in the United States.

**RESPONSE TO NO. 175:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the terms "channels of trade" and "goods or services" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show (1) its trademarks and (2) its trademarked products.

**REQUEST FOR PRODUCTION NO. 176:**

All Documents related to each of Your trademark's degree of recognition among the general consuming public in the United States.

**RESPONSE TO NO. 176:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent it seeks "[a]ll Documents related to each of" The Times's trademark's "degree of recognition among the general consuming public in the United States" without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the term "degree of recognition" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as duplicative of Request No. 42.

28

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times has already agreed to produce in response to Request No. 42.

**REQUEST FOR PRODUCTION NO. 177:**

All Documents regarding third party use of trademarks similar to each of Your trademarks in the United States.

**RESPONSE TO NO. 177:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "similar to each of Your trademarks" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 178:**

All Documents concerning each of Your trademark's federal registration status.

**RESPONSE TO NO. 178:**

The Times incorporates the General Objections set forth above. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search.

**REQUEST FOR PRODUCTION NO. 179:**

All Documents and Communications upon which You rely, or intend to rely, to support Your contention that each of Your trademarks has acquired secondary meaning.

**RESPONSE TO NO. 179:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications" to show The Times's trademarks have acquired secondary meaning without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 180:**

All Documents and Communications showing all advertising expenditures for each of Your trademarks or goods and services sold under Your trademarks.

**RESPONSE TO NO. 180:**

30

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent it seeks "[a]ll Documents and Communications showing all advertising expenditures for each" of The Times's trademarks or goods and services sold under The Times's trademarks without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "all advertising expenditures" and "goods and services" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 181:

All Documents and Communications sufficient to show how Your advertising expenditures are allocated to each of Your trademarks.

## RESPONSE TO NO. 181:

The Times incorporates the General Objections set forth above. The Times objects to this Request as vague, ambiguous, and overbroad to the extent it seeks "[a]ll Documents and Communications" to show how The Times's advertising expenditures "are allocated to each" of The Times's trademarks without limitation to documents that are relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "advertising expenditures" and "allocated" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

31

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 182:**

All Documents reflecting or relating to consumer studies (including focus groups, brand evaluations, or polls) that link each of Your trademarks to a single source.

**RESPONSE TO NO. 182:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents reflecting or relating to consumer studies" that link The Times's trademarks "to a single source" without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "link" and "single source" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 183:**

All Documents reflecting unsolicited media coverage of each of Your trademarks.

**RESPONSE TO NO. 183:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents reflecting unsolicited media coverage" of each of The Times's trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to the

term "unsolicited media coverage" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 184:**

All Documents reflecting sales success of goods or services bearing each of Your trademarks.

**RESPONSE TO NO. 184:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents reflecting sales success of goods or services" bearing on each of The Times's trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to the term "sales success of goods or services" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 185:**

All Documents concerning any attempts to plagiarize or imitate each of Your trademarks.

**RESPONSE TO NO. 185:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents concerning any attempts to plagiarize or imitate" each of The Times's trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "any attempts to" and "imitate each of Your trademarks" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order.

Subject to and based on these objections, The Times will produce non-privileged communications with third parties from the past three years in which The Times asserted that a third-party entity engaged in trademark infringement that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 186:**

All Documents sufficient to show the length and exclusivity of use of each of Your trademarks.

**RESPONSE TO NO. 186:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents sufficient

34

to show the length and exclusivity of use" of each of The Times's trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to the phrase "All Documents sufficient to show" as vague, ambiguous, and contradictory. The Times construes this phrase to mean "Documents sufficient to show." The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 187:**

All Documents supporting Your claim that each of Your trademarks acquired secondary meaning before Defendants' allegedly infringing use began.

**RESPONSE TO NO. 187:**

The Times incorporates the General Objections set forth above. The Times objects to the request for "All Documents" as overbroad, unduly burdensome, and disproportionate to the needs of the case. The Times further objects to the terms "acquired secondary meaning" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 188:**

All Documents relevant to Your claim of dilution by tarnishment, addressing how Microsoft's conduct allegedly created a negative or unsavory association with each of Your trademarks, including, but not limited to: consumer complaints, inquiries, or negative publicity referencing an undesirable association between each of Your trademarks and Defendants' alleged use.

**RESPONSE TO NO. 188:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "negative or unsavory association," "consumer complaints," "inquiries," and "negative publicity referencing an undesirable association" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control.

Subject to these objections, The Times responds that it will produce non-privileged documents relating to harm or injury for which The Times is seeking recovery in this dispute that are in its possession, custody, and control and that can be located after a reasonable search pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 189:**

All Documents concerning any internal or third-party studies evaluating Your trademarks before and after Defendants' alleged use.

**RESPONSE TO NO. 189:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material

not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "evaluating Your trademarks" as vague and ambiguous. The Times further objects to this to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks information not in The Times's possession, custody, or control.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 190:**

Documents and Communications sufficient to show the use of Your trademarks within Your Domains, including the extent and frequency of the use.

**RESPONSE TO NO. 190:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case; and further that it does so without limitation to the relevant timeframe. The Times further objects to the terms "Domains" and "extent and frequency of the use" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 191:**

37

Documents and Communications sufficient to show the use of Your trademarks within Your digital and print publications, including the extent and frequency of the use.

**RESPONSE TO NO. 191:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the terms "extent and frequency of the use" and "publications" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents responsive to this Request that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

**REQUEST FOR PRODUCTION NO. 192:**

All Documents and Communications relating to the role or effect of Your trademarks in advertising any of Your goods or services, including Your publications.

**RESPONSE TO NO. 192:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications relating to the role or effect" of The Times's trademarks in "advertising any" of The Times "goods or services," without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "role or effect" and

38

"publications" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 192 [sic]:

Documents and Communications sufficient to identify all instances where You have used or identified Your trademarks as source-identifying.

## RESPONSE TO NO. 192 [sic]:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the terms "used or identified" and "source-identifying" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 193:

All Documents and Communications relating to Your use of Your trademarks, including any brand manuals, creative briefs, or instructions on using Your trademarks.

## RESPONSE TO NO. 193:

The Times incorporates the General Objections set forth above. The Times objects to this

request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications relating to" The Times's use of its trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute. The Times further objects to the terms "use of Your trademarks," "brand manuals," and "creative briefs" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 194:

Documents and Communications sufficient to identify all social media accounts owned or controlled by You.

## RESPONSE TO NO. 194:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "all social media accounts owned or controlled by You" as vague and ambiguous. The Times further objects to this Request to the extent that it

seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent it seeks to obtain information more appropriately and efficiently sought through other discovery tools, such as interrogatories or depositions.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 195:**

Documents and Communications sufficient to show the use of Your trademarks in or by all social media accounts owned or controlled by You.

**RESPONSE TO NO. 195:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "use of Your trademarks" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 196:**

Documents and Communications sufficient to identify the metrics of all social media accounts owned or controlled by You, including viewership and engagement on a daily, weekly,

monthly, and annual basis.

## RESPONSE TO NO. 196:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the term "metrics" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 197:

Documents and Communications sufficient to identify the intended or actual purchasers of the goods or services, including Your publications, sold under Your trademarks.

## RESPONSE TO NO. 197:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "intended or actual purchasers," "goods or services," and "publications" as vague and ambiguous. The Times further

42

objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show the number of its active subscribers for each month beginning January 2015 to the present.

## REQUEST FOR PRODUCTION NO. 198:

Documents and Communications sufficient to identify the past or current purchasers of the goods or services, including Your publications, sold under Your trademarks.

## RESPONSE TO NO. 198:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "past or current purchasers," "goods or services," and "publications" as vague and ambiguous. On its face, this Request seeks identification of every subscriber or purchaser from The Times, which is highly sensitive business information, incredibly burdensome, and completely irrelevant to this case. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 199:**

Documents and Communications sufficient to identify the first sale(s) of any good or service, including Your publications, under Your trademarks.

**RESPONSE TO NO. 199:**

The Times incorporates the General Objections set forth above. The Times objects to the terms "good or service" and "publications" as vague and ambiguous. The Times objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 200:**

Documents and Communications sufficient to show Your sales process, including but not limited to whether You have sold your goods and services online, through delivery platforms, by phone, in-store, or via any other method or means.

**RESPONSE TO NO. 200:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "sales process," "delivery platforms," "by phone," and "in-store" as vague and ambiguous. The Times further

44

objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 201:

All Documents and Communications reflecting or referencing Your awareness of third-party uses of Your trademarks.

## RESPONSE TO NO. 201:

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications reflecting or referencing" The Times's "awareness of third-party uses" of its trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms "reflecting or referencing," "awareness," and "third-party uses" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to and based on these objections, The Times will produce non-privileged communications with third parties from January 2022 onwards in which The Times asserted that a third-party entity engaged in trademark infringement that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol.

## REQUEST FOR PRODUCTION NO. 202:

Documents and Communications sufficient to show all of Your sales of goods and services under Your trademarks, including Your publications.

**RESPONSE TO NO. 202:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "sales of goods and services" as vague and ambiguous.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 203:**

All Documents and Communications with any third parties using or referencing Your trademarks.

**RESPONSE TO NO. 203:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications with any third parties using or referencing" The Times's trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the term "referencing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this

46

Request.

**REQUEST FOR PRODUCTION NO. 204:**

All Documents and Communications concerning any non-privileged opinions, testing, consumer research, or market research relating to Your trademarks.

**RESPONSE TO NO. 204:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications concerning any non-privileged opinions, testing, consumer research, or market research relating to" The Times's trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms "opinions" and "testing" as vague and ambiguous.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 205:**

All Documents and Communications concerning any competitive research conducted or commissioned by You, including information regarding competitors' sales and marketing.

**RESPONSE TO NO. 205:**

The Times incorporates the General Objections set forth above. The Times objects to this request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications concerning any competitive research conducted or commissioned" by The Times's without limitation to material that is relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to the terms

47

"competitive research" and "sales and marketing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 206:**

Documents and Communications sufficient to show the price(s) of all goods or services offered under Your trademarks.

**RESPONSE TO NO. 206:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "goods or services" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 207:**

All Documents and Communications concerning any agreements to license Your trademarks.

**RESPONSE TO NO. 207:**

The Times incorporates the General Objections set forth above. The Times objects to this

request as vague, ambiguous, and overbroad to the extent that it seeks "[a]ll Documents and Communications concerning any agreements to license" The Times's trademarks without limitation to material that is relevant to any party's claims or defenses in this dispute and without limitation to the relevant timeframe. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times responds that it will produce non-privileged documents sufficient to show agreements to license its trademarks that are in its possession, custody, and control and that can be located after a reasonable search and pursuant to an agreed-upon search protocol from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 208:**

Documents and Communications reflecting how You measure and/or track revenue from "unexpired subscriptions" as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 208:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "measure and/or track" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request as duplicative of Request No. 60.

Subject to these objections, The Times responds that it will produce non-privileged

49

documents sufficient to show The Times's subscription-based revenue for each month from January 1, 2018, through the first quarter of 2024.

**REQUEST FOR PRODUCTION NO. 209:**

Documents sufficient to show what You consider to be a "contract asset" as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 209:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "what You consider to be a 'contract asset'" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 210:**

Documents and Communications reflecting how You measure and/or track revenue from "contract assets" as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 210:**

The Times incorporates the General Objections set forth above. The Times objects to this

50

Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "measure and/or track" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 211:**

Documents sufficient to show what content is included in Your "digital archiving licensing" revenue as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 211:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "content" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 212:**

Documents and Communications reflecting how You measure and/or track revenue from "digital archiving licensing" as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 212:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "measure and/or track" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 213:**

Documents sufficient to show what You consider to be Your "developed technology," including what "developed technology" was acquired from The Athletic, as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 213:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "what You consider to be Your 'developed technology'" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-

product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 214:

Documents sufficient to show why "developed technology" is considered one of Your "intangible assets with definite lives" as referenced in Your Bates-stamped document NYT_00264971.

## RESPONSE TO NO. 214:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "why 'developed technology' is considered one of Your 'intangible assets with definite lives'" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 215:

Documents and Communications reflecting how You measure and/or track revenue from "developed technology," as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 215:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the term "measure and/or track" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 216:**

Documents sufficient to show what content is included in Your "content archive," including what "content archive" material was acquired from The Athletic, as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 216:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "content" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this

Request.

**REQUEST FOR PRODUCTION NO. 217:**

Documents sufficient to show why "content archive" is considered one of Your "intangible assets with definite lives" as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 217:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the term "why 'content archive' is considered one of Your 'intangible assets with definite lives'" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 218:**

Documents and Communications reflecting how You measure and/or track revenue from your "content archive," as referenced in Your Bates-stamped document NYT_00264971.

**RESPONSE TO NO. 218:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the term "measure and/or track" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 219:

Documents and Communications reflecting management's decision "to report Generative AI Litigation Costs as a special item beginning in the first quarter of 2024," as referenced in Your Bates-stamped document NYT_00691925.

## RESPONSE TO NO. 219:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "reflecting management's decision" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or

common interest. The Times further objects to this Request to the extent it seeks to obtain information more appropriately and efficiently sought through other discovery tools, such as depositions.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 220:

Documents sufficient to show Your decision to report revenue from The Athletic, Wirecutter, and Cooking separately, as reflected in Your Bates-stamped document NYT_00264971.

## RESPONSE TO NO. 220:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 221:

Documents sufficient to show the number of Your newspapers subscribed to or sold, both

digitally and in print, on a monthly basis, from January 1, 2015 to the present.

**RESPONSE TO NO. 221:**

The Times incorporates the General Objections set forth above. The Times objects to the term "Your newspapers" as vague and ambiguous. The Times further objects to this Request as duplicative of Request No. 59.

Subject to these objections, The Times responds that it will produce responsive non-privileged documents in its possession, custody, and control that can be located after a reasonable search sufficient to show the number of active subscribers for each month from January 2015 to present.

**REQUEST FOR PRODUCTION NO. 222:**

Documents sufficient to show the median pricing of Your newspaper subscriptions, both digitally and in print, from January 1, 2015 to the present.

**RESPONSE TO NO. 222:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case. The Times further objects to the terms "median pricing" and "newspaper subscriptions" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 223:**

Documents sufficient to show the median pricing of Your newspapers, for sale in print, from January 1, 2015 to the present.

**RESPONSE TO NO. 223:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case. The Times further objects to the term "median pricing" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 224:**

Documents and Communications reflecting any projections of sales of Your newspapers, both digitally and in print, from the present through January 1, 2030.

**RESPONSE TO NO. 224:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "projection of sales" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks duplicative documents as those in Request No. 7.

59

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times already agreed to produce in response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 225:**

Documents and Communications reflecting any projections of subscriptions to Your newspapers, both digitally and in print, from the present through January 1, 2030.

**RESPONSE TO NO. 225:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "projection of subscriptions" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks duplicative documents as those in Request No. 7.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times already agreed to produce in response to Request No. 7.

**REQUEST FOR PRODUCTION NO. 226:**

Documents and Communications reflecting and [sic] projections of viewership online, and readership in print, of Your newspapers from the present through January 1, 2030.

**RESPONSE TO NO. 226:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent that it seeks documents and material

not relevant to any party's claims or defenses in this case and without limitation to the relevant timeframe. The Times further objects to the term "projection of viewership" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent it seeks duplicative documents as those in Request No. 86.

Based on these objections, The Times will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 227:**

Documents and Communications reflecting any discussions about changes or potential changes to how You determine which of Your articles to place behind a paywall or to make freely accessible.

**RESPONSE TO NO. 227:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not relevant to any party's claims or defenses in this case; and further because it does so without limitation to the relevant timeframe. The Times further objects to the terms "changes or potential changes," "determine," "place behind a paywall," and "make freely accessible" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the

61

New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Based on these objections, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 228:

Documents sufficient to identify who Your competitors are, or have been, from January 1, 2015 to present.

## RESPONSE TO NO. 228:

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome because it seeks documents and material not proportional to the needs of this case. The Times further objects to the term "competitors" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks documents in a form other than that maintained in The Times's normal course of business, or in a form different from that set forth in the ESI Order. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest.

Absent clarifying or narrowing the scope, The Times will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 229:

Documents and Communications reflecting Your "use of AI" and "internal tools" to *e.g.*, "write social copy, SEO headlines, and some code" as referenced in the Semafor article entitled

"New York Times goes all-in on internal AI tools" found online at:

https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools.

**RESPONSE TO NO. 229:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material relating to "AI" without limitation, is not limited to Defendants' Generative AI products, seeks material that is not relevant to any party's claims or defenses in this dispute, and is without limitation to the relevant timeframe. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further objects to the terms "use of AI," "internal tools," and "write social copy, SEO headlines, and some code" as vague and ambiguous. The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents (1) regarding its use of Defendants' Generative AI tools in reporting or presenting content from November 1, 2022, to May 1, 2024, and (2) relating to The Times's A.I. Initiatives program.

**REQUEST FOR PRODUCTION NO. 230:**

Documents and Communications reflecting Your "opening up" of "AI training to the

newsroom" as referenced in the Semafor article entitled "New York Times goes all-in on internal AI tools" found online at: https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools.

**RESPONSE TO NO. 230:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material relating to "AI training" without limitation, is not limited to Defendants' Generative AI products, seeks material that is not relevant to any party's claims or defenses in this dispute, and is without limitation to the relevant timeframe. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents (1) regarding its use of Defendants' Generative AI tools in reporting or presenting content from November 1, 2022, to May 1, 2024, and (2) relating to The Times's A.I. Initiatives program.

**REQUEST FOR PRODUCTION NO. 231:**

Documents and Communications reflecting Your "debut[]" of "a new internal AI tool

64

called Echo to staff" as referenced in the Semafor article entitled "New York Times goes all-in on internal AI tools" found online at: https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools.

**RESPONSE TO NO. 231:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it is not limited to Defendants' Generative AI products and seeks material that is not relevant to any party's claims or defenses in this dispute. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents (1) regarding its use of Defendants' Generative AI tools in reporting or presenting content from November 1, 2022, to May 1, 2024, and (2) relating to The Times's A.I. Initiatives program.

**REQUEST FOR PRODUCTION NO. 232:**

Your "documents and videos laying out editorial do's and don't for using AI" as referenced in the Semafor article entitled "New York Times goes all-in on internal AI tools"

found online at: https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools.

**RESPONSE TO NO. 232:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material relating to "AI" without limitation, is not limited to Defendants' Generative AI products, and seeks material that is not relevant to any party's claims or defenses in this dispute. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070**.** The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request. The Times further objects to this Request as duplicative of Request No. 29.

Based on these objections, The Times will not produce documents in response to this Request aside from what The Times already agreed to produce in response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 233:**

Documents and Communications reflecting Your "suite of AI products that staff could now use to develop web products and editorial ideas" as referenced in the Semafor article entitled "New York Times goes all-in on internal AI tools" found online at: https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools.

**RESPONSE TO NO. 233:**

The Times incorporates the General Objections set forth above. The Times objects to this Request as overbroad and unduly burdensome to the extent it seeks material relating to "AI products" without limitation, is not limited to Defendants' Generative AI products, and seeks material that is not relevant to any party's claims or defenses in this dispute. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further objects to this Request to the extent that it seeks material protected by the attorney-client privilege, work-product doctrine, or common interest. The Times further objects to this Request to the extent that it seeks material protected by the reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal. Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents or Communications protected by the reporters' privilege in response to this Request.

Subject to these objections, The Times responds that it will produce non-privileged documents (1) regarding its use of Defendants' Generative AI tools in reporting or presenting content from November 1, 2022, to May 1, 2024, and (2) relating to The Times's A.I. Initiatives program.

**REQUEST FOR PRODUCTION NO. 234:**

Your "training documents" that "laid out possible use cases for journalists" as referenced in the Semafor article entitled "New York Times goes all-in on internal AI tools" found online at: https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools.

**RESPONSE TO NO. 234:**

The Times incorporates the General Objections set forth above. The Times objects to this

Request as overbroad and unduly burdensome to the extent it is not limited to Defendants'

Generative AI products and seeks material that is not relevant to any party's claims or defenses

in this dispute. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further

objects to the terms "training documents" and "laid out possible use cases for journalists" as

vague and ambiguous. The Times further objects to this Request to the extent that it seeks

material protected by the attorney-client privilege, work-product doctrine, or common interest.

The Times further objects to this Request to the extent that it seeks material protected by the

reporters' privilege pursuant to the First Amendment of the U.S. Constitution, federal common

law, the New York Shield Law, N.Y. Civ. Rights § 79-h, or the California Shield Law, Cal.

Const. art. I, § 2, Cal. Evid. Code § 1070. The Times will not search for or produce Documents

or Communications protected by the reporters' privilege in response to this Request. The Times

further objects to this Request to the extent it seeks duplicative documents as those in Request

No. 29.

Based on these objections, The Times will not produce documents in response to this

Request aside from what The Times already agreed to produce in response to Request No. 29.

**REQUEST FOR PRODUCTION NO. 235:**

Documents and Communications reflecting Your development of "a new internal AI tool

called Echo" as referenced in the Semafor article entitled "New York Times goes all-in on

internal AI tools" found online at: https://www.semafor.com/article/02/16/2025/new-york-times-

goes-all-in-on-internal-ai-tools.

**RESPONSE TO NO. 235:**

The Times incorporates the General Objections set forth above. The Times objects to this

Request as overbroad and unduly burdensome to the extent it is not limited to Defendants'

Generative AI products and seeks material that is not relevant to any party's claims or defenses

in this dispute. *See* Dkt. 344 (Judge Wang's November 22, 2024 Order). The Times further

objects to the term "development" as vague and ambiguous. The Times further objects to this

Request to the extent that it seeks material protected by the attorney-client privilege, work-

product doctrine, or common interest. The Times objects to this request as duplicative of Request

No. 231.

Subject to these objections, The Times responds that it will produce non-privileged

documents (1) regarding its use of Defendants' Generative AI tools in reporting or presenting

content from November 1, 2022, to May 1, 2024, and (2) relating to The Times's A.I. Initiatives

program.

Dated: March 20, 2025

/s/ Ian Crosby
Ian Crosby *(pro hac vice)*
Genevieve Vose Wallace *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib *(pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan (*pro hac vice*)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone:  (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

70

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on March 20, 2025, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO MICROSOFT CORPORATION'S FOURTH SET OF REQUESTS FOR PRODUCTION (NOS. 139-235)**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California, this 20th day of March, 2025.

*/s/ Adnan Muttalib*
Adnan Muttalib

71

## SERVICE LIST

**OpenAICopyright@mofo.com**

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
Email: jgratz@mofo.com
Email: Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Email: Abennett@mofo.com
Email: RoseLee@mofo.com

Eric Nikolaides
Morrison & Foerster LLP
250 W. 55th St
New York, NY 10019
Telephone: 212-336-4061
Email: enikolaides@mofo.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP,
LLC, OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation,
LLC, And OpenAI Holdings, LLC**

**OpenAICopyrightLitigation.lwteam@lw.com**

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
Email: andrew.gass@lw.com
Email: joe.wetzel@lw.com

Allison Levine Stillman
Luke Budiardjo
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
Email: alli.stillman@lw.com
Email: luke.budiardjo@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
Email: sy.damle@lw.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP,
LLC, OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation,
LLC, And OpenAI Holdings, LLC**

**kvpoai@keker.com**

Robert A. Van Nest
Paven Malhotra
R. James Slaughter
Katie Lynn Joyce
Michelle S. Ybarra
Nicholas S Goldberg
Sarah Salomon
Thomas Edward Gorman
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA 94111
Telephone: (415) 391-5400
Facsimile: (415) 397-7188
Email: rvannest@keker.com
Email: pmalhotra@keker.com
Email: rslaughter@keker.com
Email: kjoyce@keker.com
Email: mybarra@keker.com
Email: ngoldberg@keker.com
Email: ssalomon@keker.com
Email: tgorman@keker.com

**Attorneys for Defendants
OpenAI, Inc., OpenAI LP, OpenAI GP,
LLC, OpenAI, LLC, OpenAI OpCo LLC,
OpenAI Global LLC, OAI Corporation,
LLC, And OpenAI Holdings, LLC**

**NewYorkTimes_Microsoft_OHS@orrick.com**

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
Email: ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com

Sheryl Koval Garko
Laura Brooks Najemy
ORRICK, HERRINGTON & SUTCLIFFE
LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
Email: sgarko@orrick.com
Email: lnajemy@orrick.com

**Attorneys for Defendant
Microsoft Corporation**

**MicrosoftNYClassActionFDBR@faegredrinker.com**

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
Email: jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
Email: jared.briant@faegredrinker.com


**Attorneys for Defendant
Microsoft Corporation**