# EXHIBIT I

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT<br>LITIGATION<br><br><br>This Document Relates To:<br><br>THE NEW YORK TIMES COMPANY v.<br>MICROSOFT CORPORATION, et al. | Civil Action No. 25-md-3143 |

### PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FOURTH SET OF REQUESTS FOR ADMISSION (NOS. 81-125)

Pursuant to Federal Rules of Civil Procedure 26 and 36, Plaintiff, The New York Times Company ("The Times") responds and objects to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") Fourth Set of Requests for Admission. These responses and objections are based on The Times's knowledge, investigations, and analysis to date. The Times reserves all rights to supplement and amend its responses and objections accordingly.

### <u>GENERAL OBJECTIONS</u>

1.      The Times objects to each Request to the extent it seeks information subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2.      The Times objects to each Request to the extent it seeks information not within The Times's possession, custody, or control. The Times will only respond as to information within its possession, custody, or control. All responses are made subject to the terms of the ESI Order entered in this case.

3.     The Times's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests.

4.     The Times objects to the definitions of "Plaintiff," "You," and "Your" insofar as they include The Times's "managers"—a vague term that is at best duplicative of the term "employees," which is already part of the definitions. The Times also objects to these definitions because they include The Times's "parent companies," of which there are none. The Times further objects to these definitions as overbroad and unduly burdensome insofar as they include "any Person who served in any such capacity at any time," which among other things would apply to former employees of The Times. The Times further objects to these definitions as contrary to the definition of "Plaintiff" provided by Local Rule 26.3. The Times construes "Plaintiff" as that term is defined in Local Rule 26.3.

5.     The Times objects to the definition of "Defendant" as vague and ambiguous because it includes "any defendant named in the Second Amended Complaint" without specifying a particular defendant.

6.     The Times objects to the definition of "Generative AI" as overbroad because it applies to products not implicated by the Complaint, including Gemini and Claude.

7.     The Times objects to the definition of "ChatExplorer" as overbroad because it applies to "any" Chatbot The Times has developed.

8.     The Times objects to the definition of "Agent" as overbroad insofar as it applies to a person "asked" to assist with this litigation but not retained by The Times. The Times further objects to this definition as unintelligible because it does not specify who "asked, hired, retained, authorized, or contracted" the agent. The Times construes "Agent" to mean a person retained by The Times to assist The Times in connection with this litigation.

9.     The Times objects to the definition of "Employee" as illogical insofar as it includes people who are "not" compensated. The Times further objects to this definition as overbroad and unduly burdensome because it applies to "retired" and "former" employees. The Times further objects to this definition as vague and ambiguous insofar as it applies to "partners." The Times further objects to this definition as circular because it includes the term "employee" within the proposed definition, which shows the term does not need to be defined. The Times construes "Employee" to mean an employee.

10.     The Times objects to the definitions of "Concern," "Concerning," "Related to," and "Relating to" as contrary to the definition of "concerning" provided by Local Rule 26.3. The Times construes these terms to mean "concerning," as that term is defined in Local Rule 26.3.

11.     The Times objects to OpenAI's failure to provide a time period for these Requests. The Times is willing to meet and confer regarding an appropriately tailored time frame for these Requests.

12.     The Times objects to the term "OpenAI's Large Language Models" as vague and overbroad, as it does not identify the specific models at issue. The Times construes "OpenAI's Large Language Models" to mean GPT-3, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, and GPT-4o.

13.     In making these objections, The Times does not waive or intend to waive (a) any objections as to the competency, relevance and admissibility of any information that may be provided in response to these Requests, or the subject matter thereof; (b) any rights to object on any ground to the use of any information that may be provided in response to the Requests, or the subject matter thereof, in any subsequent proceedings, including trial of this or any other action; and (c) any rights to object on any ground to any request for further responses to this or any discovery request.

3

## RESPONSES TO REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 81:**

Admit that ChatExplorer was a user interface You used internally.

**RESPONSE TO NO. 81:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "user interface" and "used internally" as vague and ambiguous.

Subject to these objections, admitted.

**REQUEST FOR ADMISSION NO. 82:**

Admit that ChatExplorer accessed OpenAI's Large Language Models via OpenAI's API.

**RESPONSE TO NO. 82:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to this Request because the word "accessed" is vague and ambiguous. The Times further objects to the phrase "via OpenAI's API" as vague and ambiguous.

Subject to these objections, admitted.

**REQUEST FOR ADMISSION NO. 83:**

Admit that ChatExplorer wrapped OpenAI's Large Language Models, which were accessed via OpenAI's API.

**RESPONSE TO NO. 83:**

The Times incorporates its General Objections above. The Times objects to this Request

as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "wrapped OpenAI's Large Language Models" and "accessed via OpenAI's API" as vague and ambiguous.

Subject to these objections, The Times admits that ChatExplorer accessed OpenAI's Large Language Models via OpenAI's API.

**REQUEST FOR ADMISSION NO. 84:**

Admit that ChatExplorer was a wrapper around OpenAI's Large Language Models, which were accessed via OpenAI's API.

**RESPONSE TO NO. 84:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "was a wrapper around OpenAI's Large Language Models" and "accessed via OpenAI's API" as vague and ambiguous.

Subject to these objections, The Times admits that ChatExplorer accessed OpenAI's Large Language Models via OpenAI's API.

**REQUEST FOR ADMISSION NO. 85:**

Admit that GPT 3.5-Turbo was at one time the default Large Language Model for ChatExplorer.

**RESPONSE TO NO. 85:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The

Times further objects to the phrase "was at one time the default Large Language Model for ChatExplorer" as vague and ambiguous.

Subject to these objections, admitted.

**REQUEST FOR ADMISSION NO. 86:**

Admit that ChatExplorer used OpenAI's GPT 4 Large Language Model.

**RESPONSE TO NO. 86:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe.

Subject to these objections, admitted.

**REQUEST FOR ADMISSION NO. 87:**

Admit Your Employees had approval to use the following OpenAI Large Language Models: GPT-3.5-turbo (and any dated versions, *e.g.*, GPT-3.5-turbo-0125); GPT-4 (and any dated versions, *e.g.*, GPT-4-0613); GPT-4-turbo (and any dated version, *e.g.*, GPT-4-turbo-2024-04-09); whisper-1; DALLE 3; DALLE 2; TTS-1; TTS-1-hd; Text-Embedding-3-Small; Text-Embedding-3-Large; Text-Embedding-Ada-002; Text-Moderation-Latest; Text-Moderation-Stable; Text-Moderation-007; Babbage-002; Davinci-002.

**RESPONSE TO NO. 87:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "had approval to use the following OpenAI Large Language Models" and "any dated version" as vague and ambiguous.

6

Subject to these objections, The Times admits that it permitted certain employees to use GPT-3.5-turbo; GPT-4; and GPT-4-turbo.

**REQUEST FOR ADMISSION NO. 88:**

Admit that ChatExplorer was developed in part to enable members of Your XFun product development team to experiment with Generative AI.

**RESPONSE TO NO. 88:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "XFun product development team" as vague and ambiguous. The Times construes "XFun product development team" to mean the XFun product development department.

Subject to these objections, admitted.

**REQUEST FOR ADMISSION NO. 89:**

Admit that, at one point, ChatExplorer was the only Generative AI tool Your Employees were authorized to input Your content.

**RESPONSE TO NO. 89:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "at one point" and "input Your content" as vague and ambiguous.

Subject to these objections, The Times admits that, at one point, ChatExplorer was the only Generative AI tool certain employees were authorized to input Times content and data into.

**REQUEST FOR ADMISSION NO. 90:**

Admit that, at one point, ChatExplorer was the only Generative AI tool Your Employees were authorized to input Your Internal Use Data, as defined by Your Data Classification and Labeling Policy.

**RESPONSE TO NO. 90:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "at one point" and "the only Generative AI tool Your Employees were authorized to input Your Internal Use Data" as vague and ambiguous.

Subject to these objections, The Times admits that, at one point, ChatExplorer was the only Generative AI tool certain employees were authorized to input Times content and data into.

**REQUEST FOR ADMISSION NO. 91:**

Admit that, at one point, ChatExplorer was the only Generative AI tool Your Employees were authorized to input Your published articles.

**RESPONSE TO NO. 91:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "at one point" and "input Your published articles" as vague and ambiguous.

Subject to these objections, The Times admits that, at one point, ChatExplorer was the only Generative AI tool certain employees were authorized to input Times content and data into.

**REQUEST FOR ADMISSION NO. 92:**

Admit that, at one point, ChatExplorer was the only Generative AI tool Your Employees were authorized to input Your unpublished articles.

**RESPONSE TO NO. 92:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "at one point" and "input Your unpublished articles" as vague and ambiguous.

Subject to these objections, The Times admits that, at one point, ChatExplorer was the only Generative AI tool certain employees were authorized to input Times content and data into.

**REQUEST FOR ADMISSION NO. 93:**

Admit that, at one point, ChatExplorer was the only Generative AI tool Your Employees were authorized to input Your source code.

**RESPONSE TO NO. 93:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "at one point" and "input Your source code" as vague and ambiguous.

Subject to these objections, The Times admits that, at one point, ChatExplorer was the only Generative AI tool certain employees were authorized to input Times content and data into.

**REQUEST FOR ADMISSION NO. 94:**

Admit that You started logging use of ChatExplorer on the Sumo Logic platform in or around December 2023.

**RESPONSE TO NO. 94:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrases "logging use of ChatExplorer" and "in or around December 2023" as vague and ambiguous.

Subject to these objections, admitted.

**REQUEST FOR ADMISSION NO. 95:**

Admit that You used OpenAI's Generative AI models in a newsroom Generative AI pilot program.

**RESPONSE TO NO. 95:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "in a newsroom Generative AI pilot program" as vague and ambiguous.

Subject to these objections, denied.

**REQUEST FOR ADMISSION NO. 96:**

Admit that as of January 2024 You had not informed Your Employees of any official position regarding Your continued use of OpenAI's Generative AI despite your initiation of this Litigation.

**RESPONSE TO NO. 96:**

The Times incorporates its General Objections above. The Times objects to the terms "informed," "official position," and "continued use" as vague and ambiguous. The Times further

objects to this Request insofar as it seeks information protected by the attorney-client privilege, work-product doctrine, or common interest.

Subject to these objections, The Times will not respond to this Request.

**REQUEST FOR ADMISSION NO. 97:**

Admit that You have used OpenAI's Large Language Models to evaluate the readability of Your published articles.

**RESPONSE TO NO. 97:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to evaluate the readability of Your published articles" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 98:**

Admit that You have used OpenAI's Large Language Models to evaluate the sentiment of Your published articles.

11

**RESPONSE TO NO. 98:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to evaluate the sentiment of Your published articles" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 99:**

Admit that You have used OpenAI's Large Language Models to compare Your articles to those of Your competitors.

**RESPONSE TO NO. 99:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to compare Your articles to those of Your competitors" as vague and ambiguous. The Times further objects to this Request because it does not seek

straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 100:**

Admit that You have used OpenAI's Large Language Models to summarize reader comments on a published article.

**RESPONSE TO NO. 100:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to summarize reader comments on a published article" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific

purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 101:**

Admit that You have used OpenAI's Large Language Models to generate potential headlines.

**RESPONSE TO NO. 101:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to generate potential headlines" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 102:**

Admit that You have used one or more of OpenAI's Large Language Models in drafting one or more of Your news articles.

**RESPONSE TO NO. 102:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "in drafting one or more of Your news articles" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 103:**

Admit that You have used OpenAI's Large Language Models to modify recipes on NYT Cooking.

**RESPONSE TO NO. 103:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The

15

Times further objects to the phrase "to modify recipes on NYT Cooking" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 104:**

Admit that You have used OpenAI's Large Language Models to offer ingredient substitutions for recipes on NYT Cooking.

**RESPONSE TO NO. 104:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to offer ingredient substitutions for recipes on NYT Cooking" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as

16

asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 105:**

Admit that You have used OpenAI's Large Language Models to scale servings up or down for recipes on NYT Cooking.

**RESPONSE TO NO. 105:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to scale servings up or down for recipes on NYT Cooking" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by

copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 106:**

Admit that You have used OpenAI's Generative AI tools to improve meal planning on NYT Cooking.

**RESPONSE TO NO. 106:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to improve meal planning on NYT Cooking" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 107:**

Admit that You have used OpenAI's Large Language Models to improve search on NYT Cooking to generate custom meal plans that consider budget, skill level, recipe pairings, and reduce food waste.

**RESPONSE TO NO. 107:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to improve search on NYT Cooking to generate custom meal plans that consider budget, skill level, recipe pairings, and reduce food waste" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 108:**

Admit that You have used one or more of OpenAI's Large Language Models in drafting one or more recipes on NYT Cooking.

**RESPONSE TO NO. 108:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "in drafting one or more recipes on NYT Cooking" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward

19

factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

## REQUEST FOR ADMISSION NO. 109:

Admit that You have used OpenAI's Large Language Models to improve contextual targeting for Your advertisements.

## RESPONSE TO NO. 109:

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to improve contextual targeting for Your advertisements" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 110:**

Admit that You have used OpenAI's Large Language Models to identify Your content that is relevant to advertiser brand or campaign goals.

**RESPONSE TO NO. 110:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to identify Your content that is relevant to advertiser brand or campaign goals" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 111:**

Admit that You have used OpenAI's Large Language Models to improve Your code assistance and data analysis.

**RESPONSE TO NO. 111:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to improve Your code assistance and data analysis" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 112:**

Admit that You have used OpenAI's Large Language Models to scale Your pilot of GitHub Copilot for Your engineers.

**RESPONSE TO NO. 112:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The

Times further objects to the phrase "to scale Your pilot of GitHub Copilot for Your engineers" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 113:**

Admit that You have used OpenAI's Large Language Models to scale your pilot of Duet/BigQuery Studio for Your data analysts.

**RESPONSE TO NO. 113:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to scale your pilot of Duet/BigQuery Studio for Your data analysts" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language

Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 114:**

Admit that You have used OpenAI's Large Language Models to improve Wirecutter lists.

**RESPONSE TO NO. 114:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to improve Wirecutter lists" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 115:**

Admit that You have used OpenAI's Large Language Models to automatically generate Wirecutter product lists that Your editors can edit before publishing.

**RESPONSE TO NO. 115:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to automatically generate Wirecutter product lists that Your editors can edit before publishing" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 116:**

Admit that You have used one or more of OpenAI's Large Language Models in drafting Wirecutter content.

**RESPONSE TO NO. 116:**

The Times incorporates its General Objections above. The Times objects to this Request

as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "drafting Wirecutter content" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

## REQUEST FOR ADMISSION NO. 117:

Admit that You have used OpenAI's Large Language Models to improve automation of customer care emails.

## RESPONSE TO NO. 117:

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to improve automation of customer care emails" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding

how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 118:**

Admit that You have used OpenAI's Large Language Models to generate email responses for common user issues.

**RESPONSE TO NO. 118:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to generate email responses for common user issues" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by

copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 119:**

Admit that You have used OpenAI's Large Language Models to review data for investigative reporting.

**RESPONSE TO NO. 119:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to review data for investigative reporting" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models for specific purposes.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

**REQUEST FOR ADMISSION NO. 120:**

Admit that You have used OpenAI's Generative AI tools to assist Your reporting process.

**RESPONSE TO NO. 120:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it seeks information that is not relevant to any party's claims or defenses

in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "to assist Your reporting process" as vague and ambiguous. The Times further objects to this Request because it does not seek straightforward factual information and is, therefore, not an appropriate request for admission. Specifically, The Times cannot provide a straightforward answer to this Request, as it seeks information regarding how each and every employee of The Times uses OpenAI's Large Language Models—whether permitted or not. The Times therefore construes this Request for Admission as asking whether The Times permits the use of OpenAI's Large Language Models in its reporting process.

Subject to these objections, The Times admits that it permits certain employees to use OpenAI's Large Language models to help with brainstorming and editing, and to summarize Times-owned materials and non-propriety information (such as materials that are not protected by copyright and that are not Personal Information or subject to contractual restrictions).

## REQUEST FOR ADMISSION NO. 121:

Admit that You developed a tool for targeted advertising that uses Generative AI called BrandMatch.

## RESPONSE TO NO. 121:

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "developed a tool for targeted advertising that uses Generative AI" as vague and ambiguous.

Subject to these objections, admitted.

## REQUEST FOR ADMISSION NO. 122:

Admit that You developed a tool for targeted advertising called BrandMatch that used

OpenAI's Large Language Models.

**RESPONSE TO NO. 122:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "developed a tool for targeted advertising" as vague and ambiguous.

Subject to these objections, The Times admits that, at one point, BrandMatch used OpenAI's Large Language Models.

**REQUEST FOR ADMISSION NO. 123:**

Admit that BrandMatch uses Generative AI to build personalized targeting segments based on relevant articles and the audiences for those articles.

**RESPONSE TO NO. 123:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "uses Generative AI to build personalized targeting segments based on relevant articles and the audiences for those articles" as vague and ambiguous.

Subject to these objections, admitted.

**REQUEST FOR ADMISSION NO. 124:**

Admit that, on average, BrandMatch advertising campaigns meet or exceed New York Times Advertising's performance averages and benchmarks.

**RESPONSE TO NO. 124:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "New York Times Advertising's performance averages and benchmarks" as vague and ambiguous. Specifically, this Request does not make clear the timeframe for the relevant "performance averages and benchmarks."

Subject to these objections, The Times can neither admit nor deny this Request. The Times is willing to meet and confer regarding this Request.

**REQUEST FOR ADMISSION NO. 125:**

Admit that BrandMatch contributes to the success of Your advertising business.

**RESPONSE TO NO. 125:**

The Times incorporates its General Objections above. The Times objects to this Request as overbroad to the extent it is not limited to Defendants' Generative AI products; seeks information that is not relevant to any party's claims or defenses in this dispute; and further because it does so without limitation to the relevant timeframe. The Times further objects to the phrase "contributes to the success of Your advertising business" as vague and ambiguous.

Subject to these objections, The Times can neither admit nor deny this Request. The Times is willing to meet and confer regarding this Request.

Dated: July 18, 2025

*/s/ Ian Crosby*

Ian Crosby *(admitted pro hac vice)*
Genevieve Vose Wallace *(admitted pro hac vice)*
Katherine M. Peaslee *(admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin *(admitted pro hac vice)*
Adnan Muttalib *(admitted pro hac vice)*
**SUSMAN GODFREY L.L.P.**
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
**SUSMAN GODFREY L.L.P.**
One Manhattan West, 50th Floor
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com

32

afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings *(admission pending)*
**SUSMAN GODFREY L.L.P**.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
**ROTHWELL, FIGG, ERNST & MANBECK, P.C.**
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

33

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Avenue of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July 18, 2025, I served a copy of:

**PLAINTIFF THE NEW YORK TIMES COMPANY'S RESPONSES AND OBJECTIONS TO DEFENDANT OPENAI OPCO, LLC'S FOURTH SET OF REQUESTS FOR ADMISSION (NOS. 81-125)**

☒    **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐    **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California, this 18th day of July, 2025.

_/s/ Adnan Muttalib_
Adnan Muttalib

**SERVICE LIST**

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA  94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
jgratz@mofo.com
Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Abennett@mofo.com
RoseLee@mofo.com

*Attorneys for Defendants*
*OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,*
*OpenAI, LLC, OpenAI OpCo LLC, OpenAI*
*Global LLC, OAI Corporation, LLC, And*
*OpenAI Holdings, LLC*

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
andrew.gass@lw.com
joe.wetzel@lw.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
alli.stillman@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
sy.damle@lw.com

*Attorneys for Defendants*
*OpenAI, Inc., OpenAI LP, OpenAI GP, LLC,*
*OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global*
*LLC, OAI Corporation, LLC, And OpenAI*
*Holdings, LLC*

NewYorkTimes_Microsoft_OHS@orrick.com

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE
LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE
LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com

***Attorneys for Defendant***
***Microsoft Corporation***

MicrosoftNYClassActionFDBR@faegredrinker.com;

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
jared.briant@faegredrinker.com

***Attorneys for Defendant***
***Microsoft Corporation***