# EXHIBIT 6

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS-OTW |

## DEFENDANT MICROSOFT CORPORATION'S FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendant Microsoft Corporation responds to Plaintiff's First Second of Requests for Production as follows:

## GENERAL OBJECTIONS

Microsoft's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Requests, each of which is hereby incorporated by reference into Microsoft's responses below. If Microsoft objects to a definition of a term and that term is used in the definition of a subsequent term, Microsoft's objections to the term used in the subsequent definition are incorporated by reference therein.

1.      Microsoft objects to the definition of the terms "Microsoft" and "You" and "Your" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they include persons or entities over which Microsoft has no control and,

1

therefore, Microsoft does not have possession, custody, or control of information of any such persons or entities. Microsoft will interpret each of these terms to mean Microsoft Corporation.

2.      Microsoft objects to the definition of "OpenAI" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes entities other than the OpenAI entities listed as Defendants and persons other than the OpenAI Defendants' present and former officers, directors, and employees acting in that capacity. Microsoft will construe the term "OpenAI" to only include the OpenAI Defendants and their present and former officers, directors, and employees, acting in that capacity.

3.      Microsoft objects to the definition of "The Times" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes persons or entities that are not parties to this Action. Microsoft will construe the term "The Times" to mean New York Times Company.

4.      Microsoft objects to the definition of "Times Content" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes materials published by The Times that The Times does not own or otherwise have any legal interest in and are therefore irrelevant to the claims in this Action. Microsoft will construe this phrase to mean content published by The Times in which The Times owns or maintains a direct legal interest.

5.      Microsoft objects to the definition of "Journalism" as overly broad, unduly burdensome, and not proportional to the needs of the case. Microsoft will interpret this definition as being limited to digital text content.

6.      Microsoft objects to the Definition of "AI Model(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes artificial intelligence models that are not identified in the Complaint and that have no relationship to Microsoft. Microsoft will interpret this phrase to mean the specific artificial intelligence models identified in

2

the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

7.    Microsoft objects to the Definition of "Generative AI Models" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes generative artificial intelligence models that are not identified in the Complaint and have no relationship to the facts alleged or claims asserted in the Complaint, and because it incorporates the definition of "AI Models," which Microsoft objected to above. Microsoft will interpret this phrase to mean the specific generative artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

8.    Microsoft objects to the Definition of "Text Generation AI Models" for the same reasons Microsoft objects to the Definitions of "AI Model(s)" and "Generative AI Model(s)." Microsoft further objects to this Definition as vague and ambiguous because it "include[es] generative pre-trained transformers or large language models (LLMs)" in the term "Generative AI Model(s)": "generative pre-trained transformers or large language models (LLMs)" is not defined, and The Times already otherwise defined "Generative AI Model(s)," so it is unclear what "Generative AI Model(s)" is meant to include for purposes of the term "Text Generation AI Models." Microsoft will interpret this phrase to mean the specific generative artificial intelligence models identified in the Complaint and relevant to the products and services at issue in this case: GPT-3, GPT-3.5, GPT-4, GPT-4 Turbo, and/or any model used by Microsoft's "Generative AI Products and Services," as defined below, for text generation, on or before the filing date of the Complaint.

9.      Microsoft objects to the Definition of "Generative AI Product(s) and Service(s)" as overly broad, unduly burdensome, and not proportional to the needs of the case because it includes generative artificial intelligence products and services that are not identified in the Complaint and have no relationship to the facts alleged or claims asserted in the Complaint. Microsoft further objects to this Definition to the extent that it incorporates the definition of "Generative AI Model," which Microsoft objects to. Microsoft further objects to this Definition as vague and ambiguous because it includes "APIs": APIs allow software components to communicate with each other and so do not "include" any artificial intelligence model. Microsoft will interpret this phrase to mean the products and services identified in the Complaint: ChatGPT, ChatGPT Plus, ChatGPT-Enterprise, Browse with Bing, Bing Chat, and Microsoft 365 Copilot. For the avoidance of doubt, "Microsoft's Generative AI Products and Services" refers to Bing Chat and Microsoft 365 Copilot.

10.     Microsoft objects to the definition of "Training Dataset(s)" as vague, ambiguous, and overbroad because it includes data and content used to both "train" and "fine tune" generative artificial intelligence models: The Times has not defined "train" or "fine tune," and Microsoft understands these terms as separate and different processes, each of which may themselves include multiple processes. In responding to these Requests, Microsoft will use the following definitions for these terms:

  a.     "Train" or "Training" refers to the initial process of generating a set of machine learning model parameters that identify underlying patterns and features in a large and diverse dataset, before that model is evaluated, fine-tuned, or deployed.

  b.     "Fine Tune" or "Fine Tuning" refers to a process that occurs after Training where the model is shown a different and smaller dataset in order to adapt the model to specialized use cases.

4

      c.     Microsoft will use the terms Training Datasets and Fine Tuning Datasets and consistent with the definitions above and as applied to the generative artificial intelligence models specifically identified in the Complaint.

11.     Microsoft objects to each of the Requests as vague and ambiguous because many of the Requests imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's generative artificial intelligence models. Microsoft did not Train OpenAI's models, does not possess the Training Datasets OpenAI used to Train its models, and is unaware of the specific contents of the Training Datasets used by OpenAI to Train its models. Microsoft will not search for or produce documents in response to Requests that imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's models.

12.     Documents will be produced on a rolling basis in accordance with the schedule governing this Action, as ordered by the Court.

## RESPONSES TO REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 16:

Documents concerning the decision not to release Training Datasets or other information for Defendants' Text Generation AI Model(s) after GPT-3 (including all versions thereof, such as GPT-4 Turbo and GPT-4o), including any communications regarding this decision and concerns regarding the effects of releasing this data on safety, ethics, profitability, competition, and legal obligations and/or ramifications.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 16:

In addition to its General Objections, Microsoft objects to the phrase "decision not to release" as vague and ambiguous because it assumes that Microsoft made or was otherwise involved with any decision, in any capacity, including the consideration, contemplation, or effectuation thereof, regarding the contents of OpenAI's Training Datasets. Microsoft will

interpret this phrase to mean OpenAI's decision regarding the public disclosure of the contents of OpenAI's Training Datasets used by Microsoft's Generative AI Product(s) and Service(s). Microsoft also objects to the phrase "the effects of releasing this data on safety, ethics, profitability, competition, and legal obligations and/or ramifications" as vague and ambiguous because it encompasses a broad range of categories bearing little relation to one another, and therefore requires speculation as to the scope and meaning of this Request. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or bear any relation to the Generative AI Product(s) and Service(s) at issue in this Action. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI, which, as explained above, Microsoft does not, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning communications between Microsoft and OpenAI regarding the public disclosure of the contents of OpenAI's Training Datasets for its Text Generation AI Models.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the public disclosure of the contents of OpenAI's Training Datasets for its Text Generation AI Models, including any communications regarding this decision and concerns regarding the effects of releasing this data on safety and ethics.

6

**REQUEST FOR PRODUCTION NO. 17:**

Documents concerning the compilation, acquisition, and curation of Training Datasets, including: (i) communications regarding paying for or obtaining permission to use any Training Datasets or content therein, ii) communications with Training Dataset creators, including Common Crawl, and iii) communications concerning the relevance and impact of paywalls on building Training Datasets or gathering training data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or overly broad and not proportional to the needs of the case because it requests information that bears no relation to any claim or defense in this Action. Specifically, subpart (i) of this Request seeks information concerning "any Training Datasets or content therein," which unreasonably expands the scope of the requested information beyond the Training Datasets specifically identified in the Complaint. In addition, subpart (ii) of this Request seeks information concerning "communications with Training Dataset creators," who are not parties to this Action, and without limitation as to the subject matter and/or substance of the communications sought. Microsoft objects to the phrase "relevance and impact of paywalls" as used in subpart (iii) of this Request as vague and ambiguous because it requires speculation as to the scope and meaning of this Request, including the specific assessments and/or metrics sought. Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft also objects to this Request to the extent that it assumes Microsoft possesses information about the specific contents of Training Datasets created by OpenAI, which, as explained above, Microsoft does not have, and comprehensive and

7

accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the compilation, acquisition, and curation of OpenAI's Training Datasets used for the Text-Generation AI Models and used by Microsoft's Generative AI Product(s) and Service(s), including (i) communications regarding paying for or obtaining permission to use OpenAI's Training Datasets; (ii) communications with Training Dataset creators, including Common Crawl, to the extent that they relate to the use of content for Microsoft's Generative AI Product(s) and Service(s); and (iii) communications concerning the impact of paywalls on building Training Datasets or gathering training data.

## REQUEST FOR PRODUCTION NO. 18:

Documents concerning the removal of any content, including information regarding authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use of works, from Training Datasets before, during, or after training of Defendants' Generative AI Model(s).

## RESPONSE TO REQUEST FOR PRODUCTION NO. 18:

In addition to its General Objections, Microsoft objects to the phrase "concerning the removal of any content" as vague, ambiguous, and overly broad because this phrase is not defined and could be interpreted to mean documents relating to the technical and operative aspects of content removal from training datasets, planning for the development of training datasets, and/or correspondence with third parties regarding the same. Microsoft also objects to the phrase "any content" as vague, ambiguous, and overly broad because this term is not defined and could be interpreted to mean "any content" without limitation, including content that is not textual and/or

8

copyrighted or otherwise protected. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, and all of Microsoft's and OpenAI's Generative AI Model(s), regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. In addition, Microsoft objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI and training processes employed by OpenAI, which, as explained above, Microsoft does not, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the post-training removal of information regarding authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use of content from OpenAI's Training Datasets used by Microsoft's Generative AI Product(s) and Service(s).

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the removal of information regarding authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use of content from OpenAI's Training Datasets used by Microsoft's Generative AI Product(s) and Service(s).

**REQUEST FOR PRODUCTION NO. 19:**

Documents concerning all processing performed on the Training Datasets containing Times Content or Journalism content used to train Defendants' Generative AI Products and

Services, including: (i) the ordering of training samples containing Times or Journalism Content in the training process as compared to training samples not containing Times or Journalism Content; (ii) placement of training samples containing Times or Journalism Content in the training process; (iii) rules for choosing the order of training samples containing Times or Journalism Content in the training process; (iv) rules and procedures for training samples containing Times or Journalism Content that are not used on all other training samples; (v) the processing of Times or Journalism Content in the fine-tuning/instruction tuning phase of training; (vi) use of Times or Journalism Content to train or inform certain, modules, layers, mixtures of experts, or other portions of the Text Generation AI Models more than others, (vii) any measures taken to include or exclude certain portions of training samples containing Times or Journalism Content during training, and (viii) the importance of training on accurate and/or well-written content, including Times or Journalism Content.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 19:

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information concerning "all processing performed on the Training Datasets" with respect to eight distinct and separate categories of information that, in totality, would be unreasonably burdensome for Microsoft to collect and many of which are irrelevant to the claims or defenses in this Action. Specifically, Microsoft objects to the phrases "training process" as used in subparts (i)-(iii) and "processing" as used in subpart (v) of this Request because they do not identify any specific "training process" or "processing" or any phase thereof, and encompasses multiple processes, which may be, and often are, employed for a variety of uses, and therefore may involve processes unrelated to text-generation and that Microsoft may not perform with respect to the Text Generation AI Models. Microsoft objects to subpart (viii) of this Request because it seeks

information concerning "the importance of training on accurate and/or well-written content," which is unrelated to any of the other listed categories and provides no guidance as to what specific information is sought. In addition, Microsoft objects to the phrase "content used to train Defendants' Generative AI Products and Services" as vague and ambiguous because only Generative AI Models can be trained, not Generative AI Products and Services. Microsoft also objects to the phrases "all processing performed" on the Training Datasets, "training process," and "the processing of Times or Journalism Content" as vague, ambiguous, and overly broad because training AI large language models encompasses multiple processes that may, and often are, employed for a variety of uses unrelated to text-generation. Microsoft also objects to the phrase "training samples" as vague and ambiguous because this phrase is not defined and requires speculation on behalf of Microsoft as to the scope and meaning of this Request. Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training, pre-training, and/or fine-tuning processes, regardless of whether they relate to Text Generation AI Models and/or otherwise relate to the claims or defenses in this Action. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the training processes employed by OpenAI, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft also objects to this Request as cumulative and duplicative of Request No. 1 and Request No. 8.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request and what documents The Times seeks through this Request that are not encompassed by other Requests.

11

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Microsoft will not stand on its objection related to the Request being cumulative and duplicative of Request Nos. 1 and 8. Subject to the remaining objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show the use of Times Content or Journalism content for Fine-Tuning of OpenAI's Text Generation AI Models. To the extent documents concerning processing performed on OpenAI's Training Datasets containing Times Content or Journalism content used to train OpenAI's Text Generation AI Models are in Microsoft's possession, custody, or control, such documents will be produced.

**REQUEST FOR PRODUCTION NO. 20:**

Documents sufficient to show the total number of records and tokens in Defendants' Training Datasets and the total number of records and tokens that contain (i) Times Content, (ii) Journalism content, and (iii) copyrighted content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, and overly broad because the term "copyrighted content" is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to the term "records" as vague and ambiguous because it is not defined and requires speculation as to its scope and meaning. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models.

12

Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft also objects to this Request as cumulative and duplicative of Request No. 1 subpart (i).

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the total number of tokens in OpenAI's Training Datasets for its Text Generation AI Models and/or in Microsoft's Fine-Tuning Datasets used for Microsoft's Generative AI Product(s) and Service(s) for text-generation, that may contain Times Content, Journalism content, and/or copyrighted content.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Microsoft will not stand on its objection related to the Request being cumulative and duplicative of Request No. 1 subpart (i).

**REQUEST FOR PRODUCTION NO. 21:**

Documents sufficient to show each source of records in Defendants' Training Datasets, and for each source: (i) the total number of tokens, (ii) the total number of records, (iii) the total number of tokens that contain Times Content, (iv) the total number of records that contain Times Content, (v) the total number of tokens that contain Journalism content, (vi) the total number of records that contain Journalism content; (vii) the total number of tokens that contain copyrighted content, (viii) the total number of records that contain copyrighted content and (ix) any agreements relating to Defendants' use, licensing, or purchasing of the source of records.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, and overly broad because the term "copyrighted content" is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to the phrase "source of records" as vague and ambiguous because it is not defined and requires speculation as to its scope and meaning. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI, which, as explained above, Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft also objects to this Request as cumulative and duplicative of Request No. 1 subpart (i) and Request No. 20.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request and what documents The Times seeks through this Request that are not encompassed by other Requests.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Microsoft will not stand on its objection related to the Request being cumulative and duplicative of Request No. 1 subpart (i) and Request No. 20. Subject to the remaining objections,

Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show each source of records in Defendants' Training Datasets, including, if any such documents exist, for each source: (i) the total number of tokens, (ii) the total number of records, (iii) the total number of tokens that contain Times Content, (iv) the total number of records that contain Times Content, (v) the total number of tokens that contain Journalism content, (vi) the total number of records that contain Journalism content; (vii) the total number of tokens that contain copyrighted content, (viii) the total number of records that contain copyrighted content and (ix) any agreements relating to Defendants' use, licensing, or purchasing of the source of records.

**REQUEST FOR PRODUCTION NO. 22:**

Documents sufficient to identify each article of Times Content contained in Defendants' Training Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI, which, as explained above, Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft also objects to this Request as cumulative and duplicative of Request Nos. 1 and 8.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to identify articles of Times Content contained in Microsoft's Fine-Tuning Datasets.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Microsoft will not stand on its objection related to the Request being cumulative and duplicative of Request Nos. 1 and 8. Subject to the remaining objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to identify articles of Times Content contained in Defendants' Training Datasets.

**REQUEST FOR PRODUCTION NO. 23:**

Documents concerning all steps taken or contemplated to train, instruct, program, or refine Defendants' Generative AI Products and Services using Times Content or Journalism content, including: (i) the use of Times or Journalism Content in instruction/fine tuning; (ii) use of Times Content or Journalism content in Reinforcement Learning from Human Feedback ("RLHF") or Reinforcement Learning from AI Feedback ("RLAIF"), (iii) use of Times or Journalism Content to train the reward component or function of RLHF or RLAIF, (iv) use of Times or Journalism Content to evaluate a feature of a Training Dataset, such as classifying Journalism content or identifying quality of a training sample, and (v) RLHF moderator and ranking guidance, training materials and ranking factors, weighting or scoring factors, and results/output of the human annotators, moderators and reviewers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportionate to the needs of the case because the phrase "all steps taken or contemplated" is not defined, and "contemplated" steps are irrelevant to any claims

or defenses in this Action to the extent that such steps were not taken. Microsoft also objects to the phrases "using Times Content or Journalism Content" and "the use of Times or Journalism Content" because they are not defined and could be interpreted to include any documents containing the term "Times Content" or variations thereof as a mere reference point and/or any documents concerning the "use" of Journalism Content, regardless of whether such "use" relates to text inputs and/or text generation with respect to the Text Generation AI Models. In addition, Microsoft objects to the phrase "content used to train Defendants' Generative AI Products and Services" as vague and ambiguous because only Generative AI Models can be trained, not Generative AI Products and Services. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's "train[ing], instruct[ing] program[ming], or refin[ing]" processes, regardless of whether they relate to Text Generation AI Models and/or bear any relation to the Generative AI Product(s) and Service(s) at issue in this Action. Microsoft also objects to this Request to the extent that it assumes Microsoft possesses complete information about OpenAI's Generative AI Products and Services and the training processes employed by OpenAI, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show the use of Times Content or Journalism content for Fine-Tuning conducted by Microsoft for and implemented in Microsoft's Generative AI Products and Services.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 23:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning all steps taken or contemplated to train, instruct, program, or refine Defendants' Generative AI Products and Services using Times Content or Journalism content, including, if any such documents exist: (i) the use of Times or Journalism Content in instruction/fine tuning; (ii) use of Times Content or Journalism content in Reinforcement Learning from Human Feedback ("RLHF") or Reinforcement Learning from AI Feedback ("RLAIF"), (iii) use of Times or Journalism Content to train the reward component or function of RLHF or RLAIF, (iv) use of Times or Journalism Content to evaluate a feature of a Training Dataset, such as classifying Journalism content or identifying quality of a training sample, and (v) RLHF moderator and ranking guidance, training materials and ranking factors, weighting or scoring factors, and results/output of the human annotators, moderators and reviewers.

**REQUEST FOR PRODUCTION NO. 24:**

Documents concerning any analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the incremental value of including Journalism content, including Times Content, in Defendants' Training Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

In addition to its General Objections, Microsoft objects to the phrase "incremental value of including Journalism content, including Times Content" as vague and ambiguous overly broad because it is not defined and there is no indication of how any such "analyses, studies, measurements, testing, experimentation, assessments, or other evaluation" would measure the "incremental value of including Journalism content, including Times Content. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the

case because it requests information concerning all of Microsoft's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft also objects to this Request to the extent that it assumes Microsoft possesses complete information about OpenAI's activities, which are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the impacts of including Journalism content in Microsoft's Fine-Tuning Datasets as implemented in Microsoft's Generative AI Products and Services.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 24:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, of analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the impacts of including Journalism content in Defendants' Training and/or Fine-Tuning Datasets for OpenAI's Text Generation AI Models.

**REQUEST FOR PRODUCTION NO. 25:**

Documents concerning any analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the quantity, ordering, placement, or other configurable parameter of Journalism content, including Times Content, in Defendants' Training Datasets.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 25:**

In addition to its General Objections, Microsoft objects to the phrase "analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the quantity, ordering, placement, or other configurable parameter of Journalism content, including Times Content" as

vague and ambiguous because it is not defined there is no indication of the subject matter and/or goal of any such "analyses, studies, measurements, testing, experimentation, assessments, or other evaluation." Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI and training processes employed by OpenAI, which, as explained above, Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the quantity, ordering, placement, or other configurable parameter of Journalism content in Microsoft's Fine-Tuning Datasets as implemented in Microsoft's Generative AI Products and Services.

**<u>FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 25:</u>**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, of analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the quantity, ordering, placement, or other configurable parameter of Journalism content in Defendants' Training and/or Fine-Tuning Datasets for OpenAI's Text Generation AI Models.

20

**REQUEST FOR PRODUCTION NO. 26:**

Documents concerning Your use or knowledge of web crawlers, bots, spiders, user agents, and related tools to access The Times's Content, including Times websites and digital products, including documents sufficient to show: (i) the time periods in which those tools accessed The Times's Content, websites and digital products, (ii) the Times Content those tools accessed, fetched, or parsed from The Times's websites and digital products, and (iii) the Times Content from these URLs that was crawled, processed, copied, stored, and/or indexed by You and/or systems under Your control.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 26:**

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information concerning Microsoft's "knowledge of web crawlers, bots, spiders, user agents, and related tools," which is not defined and encompasses a variety of "tools" regardless of whether they have been employed by Microsoft and relate to the specific Text Generation AI Models and content at issue in this Action, and without limitation to subject matter or temporal scope.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show Microsoft's use of web crawling tools to acquire or screen textual content for Microsoft's Generative AI Products and Services.

**REQUEST FOR PRODUCTION NO. 27:**

Documents concerning Your reliance on, use of, or understanding of third-party robots.txt crawler directives or third-party meta tag crawler directives in managing the crawling and indexing activity of your web crawlers, bots, spiders, user agents, GPTBot, any plugins or custom GPTs

included on Defendants' platforms, and related applications to access, crawl, and/or index Times Content or third-party content.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information regarding Microsoft's "understanding of third-party robots.txt crawler directives or third-party meta tag crawler directives" as to all Times content and/or third-party content, without limitation as to subject matter and, as written, essentially encompasses all internet content with only the exception of content that is hosted on Microsoft-owned websites. Microsoft also objects to this Request as seeking irrelevant information because "third-party robots.txt crawler directives" and "third-party meta tag crawler directives" bear no relation to any claim or defense in this action.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 27:

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show Microsoft's reliance on, use of, or understanding of third-party robots.txt crawler directives or third-party meta tag crawler directives in managing the crawling and indexing activity of Microsoft's web crawlers, bots, spiders, and user agents, and of GPTBot, in connection with Microsoft's Generative AI Products and Services.

## REQUEST FOR PRODUCTION NO. 28:

Documents concerning all measures taken to conceal or obscure Defendants' use of Times Content during any stage of the development of each of Defendants' Generative AI Products and

Services, including: (i) any methods, procedures, or instructions used to prevent Defendants' Generative AI Products and Services from reproducing Training Datasets containing Times Content, (ii) any methods, procedures, or instructions used to determine if the output of Defendants' Generative AI Products and Services contains Times Content, (iii) any methods, procedures, or instructions to avoid overfitting or memorization of Times Content in Defendants' Generative AI Models, (iv) any differences in the foregoing among Defendants' Generative AI Products and Services, and (v) any changes in the foregoing over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 28:**

In addition to its General Objections, Microsoft objects to the term "conceal or obscure" as vague, ambiguous, and overly broad because this term is not defined and requires speculation as to the scope and meaning of this Request and because it appears to assume an intent; to the extent Microsoft produces documents in response to this Request, such production is not an admission or concession of an intent to "conceal or obscure." Microsoft also objects to this Request as vague, ambiguous, and overly broad because it appears to assume that Times Content was "use[d]" at any stage of development of Defendants' Generative AI Products and Services and/or was contained in Training Datasets; to the extent Microsoft produces documents in response to this Request, such production is not an admission or concession that Times Content was "use[d]" for development of any product or service. Microsoft further objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, in response to this Request.

**REQUEST FOR PRODUCTION NO. 29:**

Documents concerning Defendants' reliance on earlier versions of Defendants' Generative AI Models to be used in or to train or develop later versions of Defendants' Generative AI Models, including Defendants' use of outputs, weights, or any learnings acquired from earlier versions of Defendants' Generative AI Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

In addition to its General Objections, Microsoft objects to the phrases "train or develop" as vague, ambiguous, overly broad, and not proportional to the needs of the case because they do not identify any specific "train[ing]" or "develop[ing]" or any phase thereof, and these phrases could encompass multiple processes, which may be, and often are, employed for a variety of uses, and therefore may involve "training processes" unrelated to text-generation and that Microsoft may not perform with respect to the Text Generation AI Models. Microsoft objects to the phrases "reliance on earlier versions of Defendants' Generative AI Models" and "learnings acquired" as vague, ambiguous, and overly broad because these phrases are not defined and require speculation as to the scope and meaning of this Request. Microsoft further objects to this Request because it seeks information from Microsoft regarding Microsoft's and/or OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to the Text Generation AI Models. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the training processes employed by OpenAI, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

24

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 29:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning Defendants' reliance on earlier versions of OpenAI's Text Generation AI Models to be used in or to train or develop later versions of OpenAI's Text Generation AI Models, including Defendants' use of outputs, weights, or any learnings acquired from earlier versions of the Text Generation AI Models.

**REQUEST FOR PRODUCTION NO. 30:**

The full model cards, data set cards, or system cards for each of Defendants' Generative AI Models, including those not released to the public.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 30:**

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and/or OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI, which, as explained above, Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the model cards, data set cards, or system cards for the Text Generation AI Models.

**REQUEST FOR PRODUCTION NO. 31:**

Documents relating to Your technical documentation for Defendants' Generative AI Models, Products, and Services as defined in Annex IV of the European Union's Artificial Intelligence Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

In addition to its General Objections, Microsoft objects to this Request as seeking information that is irrelevant to any claim or defense in this Action and/or overly broad and not proportional to the needs of the case because it seeks information that is "defined in Annex IV of the European Union's Artificial Intelligence Act," as the claims asserted in this Action are under United States law, therefore information and standards related to the European Union's Artificial Intelligence Act bear no relation to any claims or defenses in this Action. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information pertaining to Microsoft's and/or OpenAI's Generative AI Models, Products, and Services, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 32:**

Documents concerning the training curricula, stages, iterations, cycles, batches, or epochs for Defendants' Generative AI Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

In addition to its General Objections, Microsoft objects to the phrase "training curricula, stages, iterations, cycles, batches, or epochs" as vague and ambiguous because it requests

voluminous information relating to distinct components and processes relating to Generative AI Models, which may be, and often are, employed for a variety of uses, and therefore may involve processes unrelated to text-generation and that Microsoft may not perform with respect to the Text Generation AI Models. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information from Microsoft concerning all of Microsoft's and/or OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft also objects to this Request to the extent that it assumes Microsoft possesses complete information about the training processes employed by OpenAI, and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 33:**

Documents concerning Defendants' decisions regarding which works to use to train and develop Defendants' Generative AI Models, and how to use those works in training, including (i) documents concerning the factors considered in determining the weighting or frequency at which works are seen during the training of Defendants' models, (ii) documents concerning de-duplication of Training Datasets; (iii) documents concerning any classifiers and/or filters applied to Training Datasets that determine document quality and/or remove low quality documents; (iv) documents concerning rules and procedures for determining sample frequency; (v) documents sufficient to show how the training weights or parameters within Defendants' Generative AI Models would change if Times Content was not used during training; and (vi) documents sufficient

to show which individuals made or make decisions regarding which works to use to train and develop Defendants' Generative AI Models, and how to use those works in training.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

In addition to its General Objections, Microsoft objects to the term "works" as vague, ambiguous, and overly broad because this term is not defined and could be interpreted to mean all content without limitation, including content that has been licensed to Microsoft and/or OpenAI, content that is not textual, and content that is not copyrighted or otherwise protectable. Microsoft objects to the phrase "decisions regarding which works to use to train and develop" as vague and ambiguous because it assumes that Microsoft made or was otherwise involved with any decision, in any capacity, including the consideration, contemplation, or effectuation thereof, regarding the contents of OpenAI's Training Datasets. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information from Microsoft concerning all of Microsoft's and OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft also objects to this Request to the extent that it assumes Microsoft possesses complete information about the Training Datasets used by OpenAI and training processes employed by OpenAI, which, as explained above, Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request and what documents The Times seeks through this Request that are not encompassed by other Requests.

28

**REQUEST FOR PRODUCTION NO. 34:**

Documents sufficient to describe each aspect or phase of the process for training Defendants' Generative AI Models, including the pre-training, training, fine-tuning, and any other refinement or development processes as well as any distinctions or differences between and among the aspects or phases.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

In addition to its General Objections, Microsoft objects to the phrases "each aspect or phase of the process for training Defendants' Generative AI Models" and "any other refinement or development processes" because they do not identify any specific training aspects, training phases, training processes, refinement processes, development processes, or any phase thereof, which encompasses multiple processes that may be, and often are, employed for a variety of uses, and therefore may involve processes unrelated to text-generation and that Microsoft may not perform with respect to the Text Generation AI Models. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information from Microsoft concerning all of Microsoft's and/or OpenAI's training, pre-training, and/or fine-tuning processes, and Microsoft's and/or OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft also objects to this Request to the extent that it assumes Microsoft possesses complete information about the training processes employed by OpenAI, which, as explained above, Microsoft does not, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to describe

each aspect or phase of the process for fine-tuning, refining, or further developing the Text Generation AI Models as used by Microsoft's Generative AI Products and Services.

**REQUEST FOR PRODUCTION NO. 35:**

Documents concerning any changes made to Defendants' Generative AI Models or Generative AI Products and Services from 2021 to present, including any logs showing changes, documents relating to ablation or "unlearning," (i.e. the ability to remove memorization, content, or other effects of specific parts of the Training Datasets from the models), and documents and communications concerning any changes to the models made or considered, including in response to claims of copyright infringement or improper use of data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

In addition to its General Objections, Microsoft objects to the phrase "any changes made" as vague and ambiguous because this phrase is not defined and could be interpreted to mean any and all changes, modifications, or adjustments to the Generative AI Models, which may be, and often are, unrelated to "changes" pertaining to the text-generative aspects of the Generative AI Model. Microsoft also objects to the phrase "improper use of data" as vague and ambiguous because this phrase is not defined and could be interpreted to mean any uses of data that are undesirable, regardless of whether such uses implicate copyright infringement. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information from Microsoft concerning all of Microsoft's and/or OpenAI's Generative AI Models and Generative AI Products and Services, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the training processes employed by OpenAI, which, as explained above, Microsoft does not,

and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning subsequent versions of Microsoft's fine-tuning of the Text Generation AI Models relating to the implementation of additional mitigations to prevent the output of copyrighted material and/or improper attributions by Microsoft's Generative AI Products and Services from 2021 to December 28, 2023.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning changes made to Defendants' Text Generation AI Models or Generative AI Products and Services related to the allegations in the Complaint, including "unlearning" (i.e., the ability to remove memorization, content, or other effects of specific parts of the Training Datasets from the models) with respect to copyrighted materials and changes to OpenAI's Text Generation AI Models made or considered in response to claims of copyright infringement or improper use of data.

**REQUEST FOR PRODUCTION NO. 36:**

Documents concerning the differences between Defendants' Generative AI Models, including (i) differences in the Training Datasets and/or the composition of the Training Datasets used for each model; (ii) differences in the training curricula used for each model; and (iii) the differences between the "Turbo" and non-Turbo versions of Defendants' models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

In addition to its General Objections, Microsoft objects to the term "differences" as vague and ambiguous because it is not defined and could be interpreted to mean any and all differences

between the Generative AI Models, without limitation and at a granular level, including differences that do not materially affect the Generative AI Models with respect to text generation or otherwise bear any relation to the claims and defenses in this Action. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and/or OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI and training processes employed by OpenAI, which, as explained above, Microsoft does not, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, that concern any differences between the Text Generation AI Models as used by Microsoft's Generative AI Product(s) or Service(s).

**REQUEST FOR PRODUCTION NO. 37:**

The following documents concerning each of Defendants' Generative AI Models, Products, and Services: (i) product briefs, (ii) readme files, (iii) product requirement documents, (iv) product or project management tools and records (e.g., Jira), (v) documentation from workflow management programs, (vi) minutes or notes from technical team meetings, (vii) documentation concerning data loaders, (viii) documents related to red-teaming and/or stress testing, (ix) technical system or architecture documents, specifications, or reports, and (x) launch documents.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

In addition to its General Objections, Microsoft objects to this Request as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information concerning "(i) product briefs, (ii) readme files, (iii) product requirement documents, (iv) product or project management tools and records (e.g., Jira), (v) documentation from workflow management programs, (vi) minutes or notes from technical team meetings, (vii) documentation concerning data loaders, (viii) documents related to red-teaming and/or stress testing, (ix) technical system or architecture documents, specifications, or reports, and (x) launch documents" regarding any material, at any time, and without any subject matter limitation. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information concerning Microsoft's and/or OpenAI's Generative AI Models and Microsoft's and/or OpenAI's Generative AI Products and Services, regardless of whether any of these categories of information have been identified in the Complaint or otherwise relate to the Text Generation AI Models defined herein. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request and what documents The Times seeks through this Request that are not encompassed by other Requests.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show Microsoft's core technical documents related to Microsoft's Generative AI Products and Services, including, to the extent they exist, the types of documents identified in this Request, except

33

Microsoft will only produce documents in response to subpart (viii) regarding red-teaming concerning copyright issues. To the extent such core technical documents related to OpenAI's Text Generation AI Models and Generative AI Products and Services are in Microsoft's possession, custody, or control, such documents will be produced.

**REQUEST FOR PRODUCTION NO. 38:**

Source code related to (i) Defendants' Generative AI Models, Products, and Services, (ii) training curricula for Defendants' Generative AI Models, (ii) any ranking, weighting, or scoring of training data, (iii) data loaders, (iv) Your web crawlers, spiders, and bots, including GPTBot, and (v) any processing of training data.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

In addition to its General Objections, Microsoft objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information concerning Microsoft's and/or OpenAI's Generative AI Models and Microsoft's and/or OpenAI's Generative AI Products and Services, regardless of whether any of these categories of information have been identified in the Complaint or otherwise relate to the Text Generation AI Models. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft also objects to this Request as cumulative and duplicative of The Times' Request for Inspection Nos. 2 and 3. Microsoft objects to this Request on the grounds that it is inconsistent with Paragraph 7 of the Protective Order, which requires agreement on a reasonable source code inspection protocol.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request and what documents The Times seeks through this Request that are not encompassed by other Requests or The Times' Requests for Inspection.

**REQUEST FOR PRODUCTION NO. 39:**

Documents concerning the study, testing, or evaluation of Defendants' Generative AI Products and Services and Generative AI Models for hallucinations, memorization, and any problematic behaviors, including: (i) the results of the efforts of safety teams, including any red-teaming efforts, (ii) responses to ChatGPT's feedback contest, (iii) submissions to Your bug bounty program, (iv) any other red-teaming, and (v) the extent to which rates of hallucination and memorization have changed over time within Defendants' Generative AI Models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

In addition to its General Objections, Microsoft objects to the phrase "any problematic behaviors" as vague, ambiguous, and overly broad because this phrase is not defined and could be interpreted to mean any outputs that are considered undesirable, regardless of whether such outputs implicate copyrighted content and/or protected content, or false or misleading outputs that are attributed within the outputs as contents belonging to third-parties. Microsoft also objects to the phrase "bug bounty program" as seeking information that is irrelevant to any claim or defense in this Action. Microsoft objects to the phrase "responses to ChatGPT's feedback contest" as seeking information that is not in its possession, custody, or control. Microsoft further objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show the study, testing, or evaluation of Microsoft's Generative AI Products and Services, including red-team or other safety team efforts, for hallucinations and/or outputs containing copyrighted content.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the study, testing, or evaluation of Microsoft's Generative AI Products and Services, including red-teaming or other safety team efforts, for hallucinations and/or outputs containing copyrighted content. To the extent such documents related to OpenAI's Text Generation AI Models and Generative AI Products and Services are in Microsoft's possession, custody, or control, such documents will be produced.

**REQUEST FOR PRODUCTION NO. 40:**

Documents concerning the prevalence of outputs that are verbatim copies of text included in Training Datasets, including any documents concerning (i) steps taken to prevent or encourage outputs that are verbatim copies of text included in training data, (ii) the use of filter detectors, refusal messages, and other safety features used by Defendants to prevent unlawful access to copyrighted content contained within or referenced by Defendants' Generative AI Models, and (iii) documents concerning the rate at which any such safety features are triggered in response to user queries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

In addition to its General Objections, Microsoft objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because the term "copyrighted content" is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to the term "contained" as used in subpart (ii) of this Request as vague and ambiguous because it is not clear what is meant by "contained" with respect to a large-language model, which is not a

repository of documents. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and/or OpenAI's training datasets, pre-training datasets, and/or fine-tuning datasets, regardless of whether they have been identified in the Complaint and/or relate to Text Generation AI Models. Microsoft further objects to this Request to the extent that it assumes Microsoft possesses complete information about the contents of Training Datasets used by OpenAI and training processes employed by OpenAI, which, as explained above, Microsoft does not have, and comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning (i) the steps Microsoft takes to prevent access to copyrighted content, (ii) including the use of filter detectors, refusal messages, and other safety features, that may be referenced by OpenAI's Generative AI Models as implemented in Microsoft's Generative AI Product(s) and Service(s), and (iii) documents concerning the rate at which any such safety features are triggered in response to user queries.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

Subject to these objections, Microsoft further responds as follows: based on representations of counsel, Microsoft understands that this Request seeks documents related to memorization and regurgitation. Accordingly, Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning memorization and regurgitation of text included in Training Datasets by OpenAI's Text Generation AI Models, including documents, if any, concerning (i) the steps Microsoft has taken to prevent regurgitation in the outputs of Microsoft's Generative AI Products and Services; (ii) Microsoft's use of filter detectors, refusal messages, and

other safety features to prevent regurgitation in the outputs of Microsoft's Generative AI Products and Services; and (iii) documents concerning the rate at which any such safety features are triggered in response to user queries. Since Microsoft did not train OpenAI's Text Generation AI Models, Microsoft did not take steps or use safety features to prevent memorization by those Models. To the extent documents concerning OpenAI's activities to prevent memorization or regurgitation by OpenAI's Text Generation AI Models are in Microsoft's possession, custody, or control, such documents will be produced.

**REQUEST FOR PRODUCTION NO. 41:**

Documents or surveys related to users' trust in the accuracy or veracity of information contained in outputs of Defendants' Generative AI Products and Services and how users respond to disclaimers regarding the accuracy or veracity of information contained in such outputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

In addition to its General Objections, Microsoft objects to the term "disclaimers" as vague and ambiguous because this term is not defined, and it is unclear what the Generative AI Products and Services are specifically disclaiming that is relevant to the claims or defenses in this Action, and what "user[] respon[ses]" are sought with respect to the same. Microsoft also objects to the phrases "information contained in outputs" and "information contained in such outputs" as vague and overly broad because it requires speculation as to the scope and meaning of this Request and could be interpreted to include all "information" without limitation, including information that is not textual and/or copyrighted or otherwise protected. Microsoft further objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning documents or surveys related to users' trust in the accuracy or veracity of information contained in outputs of Microsoft's Generative AI Products and Services and how users respond to disclaimers regarding the accuracy or veracity of information contained in such outputs. To the extent documents concerning such documents or surveys related to OpenAI's Generative AI Products and Services are in Microsoft's possession, custody, or control, such documents will be produced.

**REQUEST FOR PRODUCTION NO. 42:**

Documents concerning Defendants' efforts and abilities to monitor, log, analyze, quantify, assess, evaluate, or review user queries within any Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

In addition to its General Objections, Microsoft objects to the phrase "efforts and abilities" as vague and ambiguous because it appears to seek abstract information that Microsoft cannot reasonably search for, as opposed to any affirmative actions on behalf of Microsoft to monitor, log, analyze, quantify, assess, evaluate, or review user queries. Microsoft further objects to this Request as to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft

will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft also objects to this Request as cumulative and duplicative of The Times' Request for Inspection No. 6

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

Microsoft will not stand on its objection related to the Request being cumulative and duplicative of Request for Inspection No. 6. Subject to the remaining objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning Microsoft's efforts and abilities to monitor, log, analyze, quantify, assess, evaluate, or review user queries within Microsoft's Generative AI Products and Services related to potentially copyrighted outputs and efforts by users to circumvent access control measures related to potentially copyrighted outputs. To the extent documents concerning OpenAI's efforts and abilities with respect to OpenAI's Generative AI Products and Services are in Microsoft's possession, custody, or control, such documents will be produced.

**REQUEST FOR PRODUCTION NO. 43:**

Any surveys, studies, analyses, or statistics on patterns and practices any of Defendants' Generative AI Products and Services, including any mentions of The New York Times, such surveys, studies, analyses, or statistics regarding of user engagement with in user queries and/or inclusion of links to Times Content in user queries or outputs.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

In addition to its General Objections, Microsoft objects to this Request as vague, overly broad, and not proportional to the needs of the case because it seeks information pertaining to "[a]ny surveys, studies, analyses, or statistics on patterns and practices" and there is no indication

of how any such "surveys, studies, analyses, or statistics" would measure the "patterns and practices [sic] any of Defendants' Generative AI Products and Services." Microsoft further objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, regarding user engagement with user queries and/or inclusion of links to Times Content in user queries or outputs.

## REQUEST FOR PRODUCTION NO. 44:

Documents concerning any attempts to use Defendants' Generative AI Products and Services to circumvent paywalls or other access control measures.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 44:

In addition to its General Objections, Microsoft objects to the phrase "other access control measures" as vague and ambiguous because it is not defined and could be interpreted to include mechanisms that have been implemented to prevent users from accessing content that bears no relation to the claims and defenses in this Action. Microsoft further objects to this Request to the extent it presumes that Microsoft has any knowledge regarding a user's reasons for using Defendants' Generative AI Products and Services. Microsoft further objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning attempts

41

by any user of Defendants' Generative AI Products and Services that appear to be intended to circumvent paywalls.

**REQUEST FOR PRODUCTION NO. 45:**

Query, session, and chat logs reflecting or analyzing user sessions related to Times Content within Defendants' Generative AI Products and Services, including, for each session, user queries paired with responses to those queries.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

In addition to its General Objections, Microsoft objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft also objects to this Request as cumulative and duplicative of The Times' Request for Inspection No. 6.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 46:**

Documents sufficient to show how Defendants' Generative AI Products and Services generate suggested follow-up queries for users.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

In addition to its General Objections, Microsoft objects to the phrase "how Defendants' Generative AI Products and Services generate suggested follow-up queries for users," because, to the extent Microsoft understands this phrase and based on the allegations in the Complaint, the information sought is irrelevant to any claim or defense in this Action. Microsoft also objects to

42

the phrase "suggested follow-up queries for users" as vague, ambiguous, and overly broad because this phrase is not defined and could be interpreted to mean all processes involved in generating textual outputs, which may, and often does, involve a multitude of complex processes that may not be relevant to any claim or defense in this Action. Microsoft further objects to this Request to the extent it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

## FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 46:

Subject to these objections, Microsoft further responds as follows: Microsoft is investigating whether source code being made available for inspection is sufficient to show how Microsoft's Generative AI Products and Services generate suggested follow-up queries for users.

## REQUEST FOR PRODUCTION NO. 47:

Documents concerning user engagement metrics, events, and analytics data collected during each user session, including duration, the number of prompts or queries that a user inputs per session, click-through data, fallback rates, and bounce rates.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 47:

In addition to its General Objections, Microsoft objects to this Request as seeking information that is irrelevant to any claim or defense in this Action and/or overly broad and not proportional to the needs of the case because it seeks information pertaining to "user engagement metrics, events and analytics data collected during each user session" without specifying any product or service at all, and so the Request as written appears to include metrics, events, and

analytics data for any product or service offered by anyone, and includes at least products or services not identified in the Complaint and with no relationship to Microsoft, any other party, or any claim or defense in this Action. Microsoft also objects to this Request as cumulative and duplicative of The Times' Request for Inspection No. 6.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Microsoft will not stand on its objection related to the Request being cumulative and duplicative of Request for Inspection No. 6. Subject to the remaining objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning user engagement metrics, events, and analytics data collected during user sessions of Microsoft's Generative AI Products and Services, including, where available, duration, the number of prompts or queries that a user inputs per session, click-through data, fallback rates, and bounce rates.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show (i) the number of daily active users of each of Defendants' Generative AI Products and Services, separated into the numbers of new users and repeat users on each day, from 2021 to present, and (ii) dates of subscription and changes in subscriber numbers over time.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

In addition to its General Objections, Microsoft objects to this Request as overly broad and not proportional to the needs of the case because it seeks information from 2021 to present and there are no metrics on daily active users for Microsoft's Generative AI Products and Services

44

prior to a given product or service's launch date. Microsoft objects to the phrase "over time" as vague, ambiguous, and overly broad because it requests information without limitation and includes information outside of any relevant timeframe in this Action. Microsoft further objects to this Request to the extent that it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show (i) new users and repeat users of Microsoft's Generative AI Products and Services from 2021 to present; and (ii) dates of subscription and changes in subscriber numbers of Microsoft's Generative AI Products and Services from 2021 to December 28, 2023.

## REQUEST FOR PRODUCTION NO. 49:

Documents concerning Defendants' monitoring, tracking, and knowledge of investigations into whether Defendants' AI Models contain copyrighted content, including Times Content.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 49:

In addition to its General Objections, Microsoft objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because the term "copyrighted content" is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to the word "contain" as vague and ambiguous because it is not clear what is meant by "contain" with respect to a large-language model, which is not a repository of documents. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the

45

case because it seeks information regarding Microsoft's and/or OpenAI's AI Models, regardless of whether they have been identified in the Complaint and/or relate to the Text Generation AI Models.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request, especially as to the meaning of "contain" as used in this Request and how the information sought by this Request is distinct from other requests that seek information about Training Datasets and/or the content of outputs of Defendants' Generative AI Products and Services.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Having met and conferred with counsel and heard counsel's explanation of the documents sought by this Request, Microsoft further objects to this Request because it seeks disclosure of information that is protected from disclosure by attorney-client privilege, common interest privilege, the attorney work-product doctrine, and/or any other applicable privileges or immunities. To the extent this Request encompasses information not protected by such privileges or immunities, this Request is duplicative of Request No. 50, and Microsoft will search for and produce documents as stated in response to that Request.

**REQUEST FOR PRODUCTION NO. 50:**

Documents concerning Defendants' abilities and efforts to track The Times's use of Defendants' Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

In addition to its General Objections, Microsoft objects to this Request to the extent that it assumes Microsoft has information or knowledge regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities

46

is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show Microsoft's abilities and efforts to track The Times' use of Microsoft's Generative AI Products and Services.

**REQUEST FOR PRODUCTION NO. 51:**

Documents concerning the behavior of users of Defendants' Generative AI Products and Services, including (i) documents concerning the extent to which users of Defendants' Generative AI Products and Services navigate away from Defendants' Generative AI Products and Services to other websites, and (ii) documents concerning Defendants' ability and efforts to modify the frequency with which users navigate away from Defendants' Generative AI Products and Services to other websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

In addition to its General Objections, Microsoft objects to this Request as seeking information that is irrelevant to any claim or defense in this Action and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information about any user behavior and not only user behavior identified in the Complaint and/or related to any claims or defenses in this Action. Microsoft also objects to the term "navigate away" as vague and ambiguous because the term is unclear and undefined. Microsoft also objects to the phrase "modify the frequency of" certain user behavior as vague and ambiguous because Microsoft does not control user behavior and so cannot "modify" such behavior. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities

47

is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the behavior of users of Microsoft's Generative AI Products and Services, including (i) documents concerning the extent to which users of Microsoft's Generative AI Products and Services navigate away from Microsoft's Generative AI Products and Services to other websites, and (ii) documents concerning Microsoft's ability and efforts to modify the frequency with which users navigate away from Microsoft's Generative AI Products and Services to other websites.

**REQUEST FOR PRODUCTION NO. 52:**

Documents concerning the extent to which Defendants' Generative AI Products and Services direct users to Times Content in response to user queries, including by providing outputs that directly quote Times Content, contain a URL that is intended to direct the user to Times Content, or reference The Times or one of its contributors, authors, contractors, or employees.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

In addition to its General Objections, Microsoft objects to the phrase "one of [The Times'] contributors, authors, contractors, or employees" as vague and ambiguous because it appears to require Microsoft to know who or what are contributors, etc., of The Times, which is information within The Times' control and not Microsoft's. Microsoft further objects to the phrase "a URL that is intended to direct the user to Times Content" as vague and ambiguous because the meaning

48

of "intended" in this context is unclear; Microsoft will interpret this phrase to mean "a URL to a page on The Times' website." Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, and, as stated above, comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will produce as stated in response to Request No. 45.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning the extent to which outputs, in response to user queries, of Microsoft's Generative AI Products and Services direct users to Times Content, including outputs that directly quote Times Content, contain a URL to a page on The Times' website, or reference The Times.

**REQUEST FOR PRODUCTION NO. 53:**

Documents and communications regarding the decision to exclude Bing Chat referral traffic data from Bing Webmaster Tools.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

In addition to its General Objections, Microsoft objects to this Request as seeking information irrelevant to any claim or defense in this Action and/or overly broad and not proportional to the needs of the case because it seeks information pertaining to "decision to exclude Bing Chat referral traffic data from Bing Webmaster Tools," which, to the extent Microsoft understands this phrase, is not related to any claims or defense in this Action. Microsoft objects to

that same phrase as vague and ambiguous because it is not clear what is meant by "referral traffic data" or how such data is "excluded" from Bing Webmaster Tools.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show documents and communications regarding the decision to exclude Bing Chat referral traffic data from Bing Webmaster Tools.

**REQUEST FOR PRODUCTION NO. 54:**

Documents concerning the decision to suspend Browse with Bing and whether or not to suspend Bing Chat.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

In addition to its General Objections, Microsoft objects to the phrase "the decision to suspend Browse with Bing" as vague and ambiguous because it is undefined and provides no indication of what decision is being referred to; Microsoft understands this phrase as referring to OpenAI's disabling of its Browse with Bing service in July 2023. Microsoft objects to this Request as seeking information irrelevant to any claim or defense in this Action and/or overly broad and not proportional to the needs of the case because it seeks information pertaining to "decision to suspend Browse with Bing and whether or not to suspend Bing Chat," which is not related to any claims or defenses in this Action. Microsoft further objects to this Request as vague and ambiguous because the scope of "the decision . . . whether or not to suspend Bing Chat" is undefined and

implies that "a" decision was made, without providing an indication of what decision is being referred to.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, OpenAI's decision to disable Browse with Bing in July 2023.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, relating to OpenAI's decision to disable Browse with Bing in July 2023.

**REQUEST FOR PRODUCTION NO. 55:**

Documents concerning any public statements made by You or Your employees relating to this litigation.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

In addition to its General Objections, Microsoft objects to this Request as seeking information in the public domain and equally accessible to The Times. Microsoft further objects to this Request as vague, ambiguous, and overly broad to the extent it seeks information about statements made by Microsoft employees who do not speak on behalf of Microsoft; it is disproportionate to the needs of the case to investigate and produce information about public statements, if any, by Microsoft's more than 200,000 employees.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, constituting public statements made by Microsoft itself relating to this litigation.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, constituting public statements made by Microsoft itself in press releases or by the individuals designated as Microsoft custodians in this Action relating to this litigation.

**REQUEST FOR PRODUCTION NO. 56:**

Documents concerning any firings, terminations, lay-offs, impositions of mandatory leave, disciplinary actions, departures, resignations, or other personnel-related actions Defendants have taken or considered concerning individuals or teams involved with any ethics, harm reduction, safety, lawfulness, and responsible AI initiatives, including: (i) the removal and reinstatement of Sam Altman, (ii) the firing of Leopold Aschenbrenner and Pavel Izmailov, (iii) the appointment and role of Dee Templeton, (iv) the firing of Helen Toner, (v) the departures of Ilya Sutskever, Jan Leike, and Daniel Kokotajlo, (vi) the dissolution and/or firing of any member of Your AI ethics team, and (vii) Microsoft's involvement in hiring and firing employees of any OpenAI entity.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

In addition to its General Objections, Microsoft objects to this Request as seeking information that is irrelevant, or minimally relevant, to any party's claim or defense and overly broad and unduly burdensome, and therefore not proportional to the needs of the case because the fact of hiring or potential hiring of OpenAI employees, if any, has no relevance to the claims or defenses in this Action. Microsoft also objects to this Request because it seeks confidential and private information of Microsoft personnel that is minimally relevant to any party's claim or defense and therefore not proportional to the needs of the case.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 57:**

Documents concerning any deliberation or decision(s) by Defendants not to publicly release research, papers, or studies related to Defendants' Generative AI Models and Defendants' Generative AI Products and Services, including any communications regarding these decisions and concerns regarding the effects of releasing this data on safety, ethics, profitability, competition, and legal obligations and/or ramifications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

In addition to its General Objections, Microsoft objects to the phrase "deliberation or decision(s)" as vague and ambiguous because it is undefined and provides no indication of what decision is being referred to. Microsoft also objects to this same phrase to the extent that it assumes Microsoft was involved with any "decision" with respect to OpenAI's Generative AI Models and/or OpenAI's Generative AI Products and Services. Microsoft further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information concerning Microsoft's and/or OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to the Text Generation AI Models.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, responsive to this request.

**REQUEST FOR PRODUCTION NO. 58:**

Documents related to the use of Defendants' Generative AI Products and Services, including by third parties, to promulgate misinformation, disinformation, or poor quality "pink-slime" journalism, including the use of Defendants' APIs to create websites or social media posts containing AI-generated content.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

In addition to its General Objections, Microsoft objects to the term "pink-slime journalism" and as vague and ambiguous because this term is unclear and undefined. Microsoft objects to this Request to the extent that it assumes Microsoft has information or knowledge regarding OpenAI's Generative AI Products and Services, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 59:**

Documents concerning Your knowledge of third-party websites that contain copies of The Times's content and any use of GPTBot and any other web crawlers, bots, spiders, user agents, and related tools to access those third-party websites.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

In addition to its General Objections, Microsoft objects to the phrase "use of GPTBot and any other web crawlers, bots, spiders, user agents, and related tools" as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information regarding tools that Microsoft does not employ to manage access to external websites.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, concerning Microsoft's knowledge of third-party websites containing Times Content as it relates the use of Microsoft's web crawlers.

**REQUEST FOR PRODUCTION NO. 60:**

Documents concerning any indemnification obligations, common interest agreements, or joint defense agreements between Defendants related to Defendants' Generative AI Products or Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

In addition to its General Objections, Microsoft objects to this Request because it seeks disclosure of information that is protected from disclosure by attorney-client privilege, common interest privilege, the attorney work-product doctrine, or any other applicable privileges or immunities. Microsoft objects to this Request as overly broad and not proportional to the needs of the case because documents concerning common interest agreements, joint defense agreements, or indemnification obligations are not relevant to the claims and defenses in this Action.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

Subject to these objections, Microsoft further responds as follows: Microsoft has conducted a reasonable search and produced responsive, nonprivileged documents related to Microsoft's agreements with OpenAI related to OpenAI's Text Generation AI Models and Defendants' Generative AI Products or Services.

**REQUEST FOR PRODUCTION NO. 61:**

Documents and communications concerning negotiations between Defendants and owners of copyrighted content, including The Times, over Defendants' use of copyrighted content in Defendants' Generative AI Models and Defendants' Generative AI Products or Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

In addition to its General Objections, Microsoft objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because the term "copyrighted content" is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft further objects to this Request to the extent that it assumes Microsoft has information or knowledge regarding OpenAI's negotiations with owners of copyrighted content and the use of the same in OpenAI's Generative AI Models and OpenAI's Generative AI Products or Services, and comprehensive and accurate information regarding OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft also objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and/or OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to the Text Generation Models.

Subject to these objections, Microsoft responds as follows: Microsoft will search for and produce non-privileged documents concerning negotiations between Microsoft and the Times regarding alleged use of copyrighted content in Microsoft's Generative AI Products or Services.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

Subject to these objections, Microsoft further responds as follows: in addition to searching for and producing documents as stated in its initial response to this Request, Microsoft will conduct a reasonable search and, pending fulfillment of any notification or confidentiality obligations Microsoft may have to applicable third-party individuals or organizations, produce responsive, nonprivileged documents, if any, sufficient to show licensing and/or data-access agreements in the

United States, dated on or after January 1, 2019, that provide for Microsoft and/or OpenAI to receive, access, and/or use text data in training Large Language Models. For the purposes of this response only, "Large Language Models" refers to deep learning models that are trained using very large amounts of text data to generate text, including but not limited to LLMs as defined in Microsoft's General Objections.

**REQUEST FOR PRODUCTION NO. 62:**

Documents concerning Your communications with other LLM creators and developers of Generative AI Products and Services regarding the use of copyrighted content to train and operate Generative AI Models and Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

In addition to its General Objections, Microsoft objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because the term "copyrighted content" is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft also objects to the term "other LLM creators and developers" as vague and overly broad because it requires speculation as to the scope and meaning of this Request and could be interpreted to, and apparently does, mean LLM creators and developers have not developed the Text Generation AI Models. Microsoft further objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it requests information concerning all of Microsoft's and/or OpenAI's Generative AI Models regardless of whether they have been identified in the Complaint and/or relate to the Text Generation Models. Microsoft also objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products or Services, and comprehensive and accurate information regarding OpenAI's activities are exclusively within

OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 63:

Documents concerning competition and comparisons between Defendants' Generative AI Products and Services and those of other companies, including: (i) how Generative AI tools enable You to compete in search, (ii) how Defendants' use of copyrighted materials can help Defendants compete with Google, (iii) any analyses and projections of how increasing Your search market share will boost Your revenue, (iv) the benefits of being a search or knowledge "destination," and (v) Google's reduction of search referral traffic (via SGE and direct answers) and stated goal of keeping users on its site.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 63:

In addition to its General Objections, Microsoft objects to this Request as irrelevant to any claim or defense in this Action and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information regarding competition and comparisons between Microsoft's Generative AI Products and Services and other companies, which is not identified in the Complaint or related to any claims or defenses in this Action. Microsoft objects to the phrase "copyrighted content" as vague, ambiguous, and overly broad because the term "copyrighted content" is not defined and could be interpreted to mean all copyrighted content, including copyrighted content that has been licensed to OpenAI and/or to Microsoft, copyrighted content that is not textual, and copyrighted content without limitation as to time, place, or registration status. Microsoft further objects to this Request to the extent that it seeks information from Microsoft regarding OpenAI's Generative AI Products and Services, and comprehensive and

accurate information regarding OpenAI's activities are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 64:**

Documents concerning Your public relations strategies as they pertain to Generative AI Models, Generative AI Products and Services, or copyright.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

In addition to its General Objections, Microsoft objects to the term "copyright" as vague, ambiguous, and overly broad because it is undefined and could be interpreted to include all "copyrights" without limitation as to time, place, or registration status. Microsoft also objects to the phrase "public relations strategies" as vague, ambiguous, and overly broad because this phrase is not defined and requires speculation as to the scope and meaning of this Request. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only. Microsoft also objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information concerning Microsoft's and/or OpenAI's Generative AI Models, regardless of whether they have been identified in the Complaint and/or relate to the Text Generation AI Models.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 65:**

Documents concerning fundraising efforts related to Defendants' Generative AI Products and Services, including any investor solicitation efforts and any solicitation of charitable or in-kind contributions.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

In addition to its General Objections, Microsoft objects to this Request as seeking information that is irrelevant to any claim or defense in this Action and/or overly broad and not proportional to the needs of the case because it seeks information regarding "fundraising efforts" related to Microsoft's and/or OpenAI's Generative AI Products and Services, which bear no relation to any claims or defenses in this Action. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, and comprehensive and accurate information about OpenAI's activities, which are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft states that based on its investigation to date, it is not aware of the existence of any documents responsive to this Request.

**REQUEST FOR PRODUCTION NO. 66:**

Documents sufficient to show (i) projected revenue streams from Defendants' Generative AI Products, (ii) past, present, and anticipated future subscriber numbers, and (iii) product-level revenue data from 2021 to present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

In addition to its General Objections, Microsoft objects to the phrase "past, present, and anticipated future subscriber numbers" as vague and ambiguous because it requires speculation as to the scope and meaning of this Request and could be interpreted to mean "subscriber numbers" related to subscribers for complete access to the Generative AI Products and Services specifically identified in the Complaint and/or subscriptions with limited access to the same. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, and comprehensive and accurate information about OpenAI's activities, which are exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show (i) projected revenue streams from Microsoft's Generative AI Products and Services, and (ii) subscriber numbers from 2021 to present and any anticipated subscriber numbers for Microsoft's Generative AI Products and Services.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show (i) projected revenue streams from Microsoft's Generative AI Products and Services, at the product level if available; (ii) subscriber numbers from 2021 through August 12, 2024 and any anticipated subscriber numbers for Microsoft's Generative AI Products and Services; and (iii) product-level revenue data from 2021 to August 12, 2024 for Microsoft's Generative AI Products and Services.

**REQUEST FOR PRODUCTION NO. 67:**

Documents concerning business development plans, strategic roadmaps, and product development plans related to (i) Defendants' Generative AI Products and Services and (ii) any future products or services in the categories of news, cooking, consumer reviews, and sports.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

In addition to its General Objections, Microsoft also objects to this Request to the extent that it seeks information regarding "any future products or services" as vague and overly broad because it requires speculation as to the scope and meaning of this Request, and as irrelevant to the claims and defenses in this Action. Microsoft will not produce documents concerning future products or services. Microsoft objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, particularly as to any future products or services, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 68:**

Documents concerning Your policies or practices regarding public access to Your governing documents, financial statements, and conflict of interest rules.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 68:**

In addition to its General Objections, Microsoft also objects to this Request as vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information about "public access to [Microsoft's] governing documents, financial statements, and conflict of

interest rules," across the entirety of Microsoft, without any subject matter limitation, and because the relevance of this information to any claim or defense in this Action is unclear.

Subject to these objections, Microsoft responds as follows: Microsoft will not currently search for documents responsive to this Request but is willing to meet and confer regarding the scope of this Request.

**REQUEST FOR PRODUCTION NO. 69:**

Documents concerning referral, affiliate, advertising, and paid search revenue generated by Defendants' Generative AI Products and Services.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

In addition to its General Objections, Microsoft objects to this Request as overly broad and not proportional to the needs of the case because it seeks information concerning referral, affiliate, advertising, and paid search revenue without limitation as to subject matter or temporal scope, and also to the extent that it assumes Microsoft has complete information or knowledge regarding OpenAI's Generative AI Products and Services, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show advertising revenue and paid search revenue, if any, related to Microsoft's Generative AI Products and Services.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 69:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show,

at the product level, if available, referral, affiliate, advertising, and paid search revenue, if any, related to Microsoft's Generative AI Products and Services.

**REQUEST FOR PRODUCTION NO. 70:**

Documents sufficient to show in detail, on a monthly, quarterly, or annual basis, the revenue and profit realized from Defendants' Generative AI Products and Services, including documents sufficient to show in detail, by product or service, the gross revenue generated, the costs, the gross profit margin, and the net profit margin.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

In addition to its General Objections, Microsoft objects to this Request as overly broad and not proportional to the needs of the case because it seeks information concerning referral, affiliate, advertising, and paid search revenue without limitation as to subject matter or temporal scope. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show gross revenue generated on an annual basis from Microsoft's Generative AI Products and Services in the United States.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 70:**

Subject to these objections, Microsoft further responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show the gross revenue generated, the costs, the gross profit margin, and the net profit margin, on an

annual basis and at the product level if available, of or from Microsoft's Generative AI Products and Services in the United States.

**REQUEST FOR PRODUCTION NO. 71:**

Documents relating to the pricing of Defendants' Generative AI Products and Services in the United States, including price quotes, price lists, subscription amounts, price announcements, and actual prices paid by customers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 71:**

In addition to its General Objections, Microsoft objects to this Request as overly broad and not proportional to the needs of the case because it seeks information concerning referral, affiliate, advertising, and paid search revenue without limitation as to subject matter or temporal scope. Microsoft further objects to this Request to the extent that it seeks information regarding OpenAI's Generative AI Products and Services, and comprehensive and accurate information about OpenAI's activities is exclusively within OpenAI's possession, custody, and control. Microsoft will respond with respect to Microsoft's Generative AI Products and Services only.

Subject to these objections, Microsoft responds as follows: Microsoft will conduct a reasonable search and produce responsive, nonprivileged documents, if any, sufficient to show pricing of Microsoft's Generative AI Products and Services in the United States.

Dated: October 29, 2024                     Respectfully submitted,

*/s/ Jared B. Briant*

Jared B. Briant (Admitted Pro Hac Vice)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
Email: jared.briant@faegredrinker.com

Annette L. Hurst (Admitted Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building, 405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759 Email:
ahurst@orrick.com

Sheryl Garko (Admitted Pro Hac Vice)
Laura Najemy (Admitted Pro Hac Vice)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
Email: sgarko@orrick.com
        lnajemy@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
Email: ccariello@orrick.com
        mrshapiro@orrick.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036  Telephone:
(212) 248-3140
Facsimile: (212) 248-3141
Email: jeffrey.jacobson@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

66

## <u>CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL</u>

       This is to certify that on October 29, 2024, I directed the foregoing document to be served on all counsel of record, including the below, via email, per the parties' agreements:

| | |
|---|---|
| Genevieve Vose Wallace<br>Ian B. Crosby<br>Katherine Marie Peaslee<br>SUSMAN GODFREY LLP<br>401 Union Street, Suite 3000<br>Seattle, WA 98101<br>Telephone: (206) 516-3880 | Davida Brook<br>Ellie Rae Dupler<br>Emily K. Cronin<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars, Suite 1400<br>Los Angeles, CA 90067<br>Telephone: (310) 798-3150 |
| Alexander Frawley<br>Eudokia Spanos<br>Tamar Lusztig<br>Elisha Brandis Barron<br>Zachary B. Savage<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, NY 10001<br>Telephone: (212) 336-8330 | Jennifer Maisel<br>Kristen Logan<br>Steven M Lieberman<br>ROTHWELL FIGG ERNST & MANBECK, P.C.<br>901 New York Avenue, N.W., Suite 900 East<br>Washington, DC 20001<br>Telephone: (202) 783-6040 |
| Scarlett Collings<br>SUSMAN GODFREY LLP<br>1000 Louisiana Street, Suite 5100<br>Houston, TX 77002<br>Telephone: (713) 904-8812 | |
| NYT-AI-SG-Service@simplelists.susmangodfrey.com | |
| *Attorneys for New York Times Company* | |

| | |
|---|---|
| Andrew M. Gass<br>Joseph R. Wetzel<br>LATHAM & WATKINS<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600 | Sarang V. Damle<br>LATHAM & WATKINS<br>555 Eleventh Street NW, Suite 1000<br>Washington, DC 20004<br>Telephone: (202) 637-2200 |
| Allison L. Stillman<br>Luke Budiardjo<br>LATHAM & WATKINS | |

| 1271 Avenue of the Americas<br>New York, NY 10020<br>Telephone: (212) 906-1200 | |
| --- | --- |
| OpenAICopyrightLitigation.lwteam@lw.com | |
| *Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC* | |

| Joseph C. Gratz<br>Vera Ranieri<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000 | Rose S. Lee<br>MORRISON & FOERSTER LLP<br>707 Wilshire Boulevard<br>Los Angeles, California 90017-3543<br>Telephone: (213) 892-5200 |
| --- | --- |
| Eric Nikolaides<br>MORRISON & FOERSTER LLP<br>250 W. 55th St.<br>New York, NY 10019 | |
| OpenAICopyright@mofo.com | |
| *Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC* | |

| Robert Van Nest<br>Katie L. Joyce<br>Michelle S. Ybarra<br>Nicholas S. Goldberg<br>Thomas E. Gorman<br>Paven Malhotra<br>Sarah Salomon<br>KEKER & VAN NEST LLP<br>633 Battery Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400 | R. James Slaughter<br>KEKER & VAN NEST LLP<br>710 Sansome Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-5400 |
| --- | --- |
| KVPOAI@keker.com | |
| *Attorneys for Defendants OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC* | |

*/s/ Shelley M. Meyer*
Shelley M. Meyer