# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TEXAS 77002
(713) 651-9366
FAX (713) 654-6666
www.susmangodfrey.com

_____

| SUITE 1400<br>1900 AVENUE OF THE AMERICAS<br>LOS ANGELES, CALIFORNIA 90067-6029<br>(310) 789-3100 | SUITE 3000<br>401 UNION STREET<br>SEATTLE, WASHINGTON 98101-2683<br>(206) 516-3880 | ONE MANHATTAN WEST<br>NEW YORK, NEW YORK 10001-8602<br>(212) 336-8330 |
|---|---|---|

Justin A. Nelson
Direct Dial (713) 653-7895

E-Mail jnelson@susmangodfrey.com

August 4, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

Re:    *In re. OpenAI, Inc., Copyright Infringement*, 25-md-3143 (SHS) (OTW)
        This document relates to: 23-cv-8292; 23-cv-10211

Dear Judge Wang:

Plaintiffs oppose OpenAI's motion to compel the depositions of five absent class members. *See* Dkt. 562 ("Mot."). Each of the five authors were previously named plaintiffs in either the SDNY or NDCA action. But because the SDNY and NDCA actions were centralized in an MDL at Defendants' request, these five authors are no longer named plaintiffs in the consolidated class action complaint, will not be offering any testimony at summary judgment or trial, and retain an interest in the outcome of this litigation only as absent class members if a class is certified. Courts routinely deny absent class member discovery and this case is no exception, particularly in light of the substantial discovery that each of these five authors have already produced.

It is well established that "courts are *extremely* reluctant to permit discovery of absent class members" out of a concern that discovery compelled from absent class members "would be the alteration of the Classes from opt-out classes to opt-in classes." *In re Petrobras Sec. Litig.*, No. 14-cv-9662, 2016 WL 10353228, at *1 (S.D.N.Y. Feb. 22, 2016) (emphasis added). This is especially true for depositions. *In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales*

August 4, 2025
Page 2

*Pracs. Litig.*, No. 13 CIV. 0150 (JPO), 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014) ("The defendant's burden to justify deposition of an absent class member is particularly heavy.").

Accordingly, courts require a "strong showing" that the information sought from absent class members: "(1) is not sought with the purpose or effect of harassment or altering membership of the class; (2) is directly relevant to the common questions and unavailable from the representative parties; and (3) is necessary at trial at issues common to the class." *Stinson v. City of New York*, No. 10-cv-4228, 2015 WL 8675360, at *3 (S.D.N.Y. Dec. 11, 2015).

Indeed, courts in this District and elsewhere have denied requests by parties to depose a withdrawing plaintiff on the grounds the requesting party cannot "overcome their heavy burden to justify such a request." *See In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 2453927, at *2 (S.D.N.Y. Nov. 3, 2004) ("Here, defendants seek depositions for individual issues, and therefore have not overcome their heavy burden."); *Valenzuela v. Union Pac. R.R. Co.*, 2016 WL 3029887, at *4 (D. Ariz. May 27, 2016) (denying motion to compel depositions of former named plaintiffs, reasoning "[d]efendants have not shown that the information they seek from these individuals is not already known to Defendants, or, if unknown, that it is not available from the class representatives."); *Solano v. Kroger Co.*, 2022 WL 3143352, at *6 (D. Or. May 3, 2022) (rejecting request to condition plaintiffs' dismissal on depositions).

OpenAI's showing falls well short of this high bar as to each absent class member:

**Simon Winchester**: OpenAI asserts that Mr. Winchester, who opted into a generative AI licensing agreement with Microsoft through his publisher, can "speak to how the licensing deal worked, if it worked it all." Mot. at 3. However, Mr. Winchester's testimony, as one of perhaps hundreds of authors participating in the Harper Collins deal, has minimal relevance: a single copyright holder's decision to enter into a license for their derivative work does not materially bear on the actual existence of a potential market for the derivative work. *See, e.g., Andy Warhol Found. for Visual Arts, Inc. v. Goldsmith,* 11 F.4th 26, 48 (2d Cir. 2021) ("This analysis embraces both the primary market for the work and any derivative markets that exist or that its author might reasonably license others to develop, regardless of whether the particular author claiming infringement has elected to develop such markets.").[1] Thus, the discovery OpenAI seeks does not even meet the Rule 26 standard of relevance. Further, OpenAI can more easily obtain discovery about the Harper Collins licensing deal from its codefendant—Microsoft—which is a party to the deal and this case. *See Koch v. Greenberg*, No. 07-cv-9600, 2009 WL 2143634, at *6 (S.D.N.Y. July 14, 2009).

**Douglas Preston**: OpenAI seeks to depose Mr. Preston, in part, about his relationship with OpenAI, as detailed further in OpenAI's Exhibit D. Mot. at Ex. D. Relying on *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F. 3d 1181, 1189 (11th Cir. 2003), OpenAI posits that this creates potential conflict within the class. Unsurprisingly, courts repeatedly decline to follow the Eleventh Circuit's holding in *Valley Drug. See. e.g., In re Vitamin C Antitrust Litig.*, 279 F.R.D. 90, 103 (E.D.N.Y. 2012) (certifying class where one class member at times benefitted from

---

[1] *See also Monge v. Maya Mags.,* Inc., 688 F.3d 1164, 1181 (9th Cir. 2012) ("The potential market ... exists independent of the [copyright owner]'s present intent.").

defendant's challenged conduct because of its relationship with defendant outside of the class definition). This is enough to deny the motion without more.

Further, OpenAI also asserts that "Mr. Preston allegedly received licensing revenue from AI training licenses" as an additional basis for seeking his testimony. Mot. at 2. However, Plaintiffs' counsel has already represented to OpenAI that this is inaccurate. Finally, that Mr. Preston was a president of the Authors Guild further shows the duplicativeness here, as OpenAI can depose the AG in its capacity as a Plaintiff.

**Ta-Nehisi Coates and Sarah Silverman**: OpenAI seeks to depose Mr. Coates and Ms. Silverman based on generalized statements each of them have made about generative AI and/or OpenAI. Mot. at 3. The cherry-picked quotes OpenAI relies on have no bearing on the claims and defenses in the case and, thus, fall well short of even mere relevance under Rule 26. Even if OpenAI's characterizations were accurate, this Court has previously held that "[t]he [fair use] factors do not require a court to examine statements or comments a copyright holder may have made about a defendant's general industry…" *NYT v. Microsoft* Dkt. No. 344; affirmed by *In re OpenAI* Dkt No. 82.

In any event, Ms. Silverman and Mr. Coates (along with Mr. Diaz) have already produced transcripts from the *Kadrey v. Meta* action, where Meta's lawyers deposed Ms. Silverman at length regarding her statements on The Daily Show. *See* SIL_000397-401; SIL_000433; *see also* COATES010103; DIAZ007538. Additionally, OpenAI's perfunctory assertion that Ms. Silverman's past statements bear on whether "causation and harm are susceptible to common proof" fails to explain why this information is unavailable from the representative parties (*see supra, Stinson*, 2015 WL 8675360, at *3) or why the transcripts from *Kadrey v. Meta* are lacking. OpenAI's reliance on *Valley Drug* to explain the relevance of Mr. Coates' testimony to class certification likewise fails for the reasons stated above. *See supra* at 2.

**Junot Díaz:** OpenAI seeks to depose Mr. Díaz arguing that the harm-related deposition testimony he gave in a separate lawsuit conflicts with Plaintiffs' positions on damages, market harm, and class certification. Mot. at 3. This is a misrepresentation. Mr. Diaz responded affirmatively when asked whether he is aware of harm caused by OpenAI's alleged infringement. Mot. at Ex. G. That statement by itself does not meet the "strong showing" needed to justify Mr. Díaz's testimony as an absent class member, especially *before* named plaintiff depositions. *See In re Petrobras*, 2016 WL 10353228, at *1. On that basis alone, OpenAI has failed to demonstrate that Mr. Díaz's testimony is permissible absent class member discovery.

OpenAI's motion does not come close to satisfying its heavy burden to justify absent class member discovery, and its motion appears to be an attempt to pre-litigate Rule 23, albeit based on incorrect standards. Nor does OpenAI's remaining authority remedy these deficiencies.[2] Accordingly, the motion should be denied.

---

[2] *See Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 75 (S.D.N.Y. 2020) (only permitting absent class member discovery when there were "class-eligible individuals who have had relevant experiences [with defendant] that Named Plaintiffs have not had."); *Indergit v. Rite Aid*

August 4, 2025
Page 4

                    Sincerely,

                    SUSMAN GODFREY LLP

                    */s/ Justin Nelson*
                    Justin Nelson

---

*Corp.*, 2015 WL 7736533, at *2 (S.D.N.Y. Nov. 30, 2015) (permitting discovery where "there is no clear indication that the information defendants seek is available from other sources").