

June 10, 2025

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

**Re:** *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW;
This Document Relates to: *Authors Guild, et al. v. OpenAI, Inc., et al.,* and *Alter, et al. v. OpenAI Inc., et al.,* Nos. 1:23-cv-08292-SHS-OTW & 1:23-cv-10211-SHS-OTW

Dear Judge Wang:

OpenAI respectfully requests an informal discovery conference concerning *Authors Guild* and *Alter* plaintiffs' ("SDNY plaintiffs") failure to respond to OpenAI's Requests for Admission ("Requests" or "RFAs") Nos. 38, 39, 43, and 52-59.[1] Ex. A (compilation of relevant RFAs). In their Complaint, SDNY plaintiffs allege that ChatGPT outputs serve as substitutes for plaintiffs' works, thus harming plaintiffs' ability to sell books in the traditional book market. *See, e.g.*, *Authors Guild* ECF No. 69 ¶¶ 3, 149-151, 153. OpenAI's RFAs ask these plaintiffs to admit that they do not possess certain categories of evidence supporting this claim: ChatGPT outputs that contain verbatim text from their Asserted Works (Ex. B, RFA Nos. 38, 39); ChatGPT outputs that serve as direct substitutes for the Asserted Works (Ex. C, RFA No. 43); evidence that the availability of certain ChatGPT outputs has impacted plaintiffs' earnings from the Asserted Works (Ex. D, RFA No. 55); and so on.

Other class plaintiffs in this litigation have already admitted nearly identical RFAs.[2] SDNY plaintiffs, on the other hand, refuse to answer, claiming that "[plaintiffs'] awareness of [ChatGPT / Generative AI] outputs related to the works at issue in this case is the subject of privileged work product." Exs. H-J. The parties met and conferred about SDNY plaintiffs' work-product objection via teleconference on January 8, April 24, May 12, and May 19, 2025, and via email, and were unable to reach a resolution.[3]

---

[1] These numbers reflect RFAs served on Authors Guild. All plaintiffs in *Authors Guild, et al. v. OpenAI, Inc., et al.* ("*Authors Guild*") and *Alter, et al. v. OpenAI Inc., et al.*, Nos. 1:23-cv-08292-SHS-OTW & 1:23-cv-10211-SHS-OTW, were served with identical RFAs, and all refused to respond on the same basis.

[2] *See, e.g.*, Ex. E (Sarah Silverman's Resp. & Obj. to OpenAI's RFAs, Nos. 44-45); Ex. F (same, No. 50); Ex. G, (same, Nos. 58-62). All plaintiffs in *Tremblay, et al. v. OpenAI, Inc., et al. ("Tremblay")*, No. 1:25-cv-03482-SHS-OTW ("ND Cal plaintiffs") made identical admissions.

[3] In what appears to be a last-ditch effort to avoid motion practice, plaintiffs emailed the morning this brief was due, offering to "supplement" their responses after the June 25 discovery conference – but *not* promising to provide unqualified responses.

  Plaintiffs cannot use "work-product privilege" to avoid potentially damaging or revealing evidentiary admissions. Evidence does not become "work product" just because it is discovered by attorneys. OpenAI's Requests seek the basic facts underpinning plaintiffs' self-described damages and market harm theories and thus do exactly what RFAs are designed to do: clarify the factual record and narrow the disputed issues for trial. If SDNY plaintiffs have no evidence of harm stemming from ChatGPT outputs (as ND Cal plaintiffs have already admitted), they should say so. Conversely, if plaintiffs do have evidence, they cannot hide the ball and refuse to disclose that fact. The Court should order plaintiffs to respond in full.

  **Discussion.** Rule 36 provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. Pro. 36(a)(1). The answering party is required to undertake a "reasonable inquiry" in response and must answer even if it "considers that it [is being] asked to admit something that it disputes," *U.S. Bank Nat'l Assoc. v. Triaxx Asset Management, LLC*, 2020 WL 9549505 at *2 (S.D.N.Y. Nov. 30, 2020), or responding would "seriously impair its case." *Woodward v. Holtzman*, 329 F.R.D. 16, 26 (W.D.N.Y. 2018). "Provided the demand is understandable and straightforward" and "calls for [relevant, non-privileged information], an objection to a request to admit is improper." *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.,* 194 F.R.D. 76, 79 (W.D.N.Y. 2000). The objecting party bears the burden of "persuad[ing] the court that there is a justification for the objection." *Freydl v. Meringolo*, 2011 WL 2566079, at *2 (S.D.N.Y. June 16, 2011). SDNY plaintiffs have no basis for objecting to the RFAs here.

  **OpenAI's RFAs seek highly relevant information about plaintiffs' theories of harm.** Plaintiffs have alleged harm in traditional book markets to support both their damages claims and "market harm" argument under fair use factor four. Specifically, plaintiffs claim that "LLMs [such as ChatGPT] can spit out derivative works" and "allow anyone to generate . . . texts that they would otherwise pay writers to create," thus harming the market for plaintiffs' works. *Authors Guild* ECF No. 69 ¶ 3. They also claim that "[u]ntil recently, ChatGPT could be prompted to return quotations of text from copyrighted books with a good degree of accuracy." *Id.* ¶ 106. The information sought by OpenAI's RFAs – whether plaintiffs have evidence to substantiate these claims – is critical to evaluating OpenAI's fair use defense, including whether OpenAI has "usurped the market" for plaintiffs' works, as well as plaintiffs' actual or statutory damages, if any.

  **Work-product protection does not apply.** Given the obvious relevance of these Requests, plaintiffs' only remaining objection is that these RFAs seek attorney work product. Plaintiffs' theory seems to be that any evidence plaintiffs' counsel gathers is privileged merely by virtue of counsel discovering it. This argument fails.

  The work-product doctrine generally does not protect facts, even facts learned from counsel or developed "for use in a pending or anticipated lawsuit." *Primetime 24 Joint Venture v. Echostar Comms. Corp.*, 2000 WL 97680, at *2 (S.D.N.Y. Jan. 28, 2000); *Gelb v. New York State Bd. of Elections*, 2003 WL 1907986, at *6 (S.D.N.Y. Apr. 17, 2003) ("underlying facts" not privileged). "[E]ither party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). This basic principle controls.

2985364

OpenAI's Requests seek confirmation of a straightforward factual matter: whether plaintiffs are presently aware of certain categories of evidence that would support their claims of market harm. This Court has previously held that this very question – whether a witness has "knowledge of any facts" supporting certain allegations in the complaint – does not seek work product. *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 1995 WL 598971, at *8, 11-12 (S.D.N.Y. Oct. 11, 1995). Indeed, plaintiffs themselves appear to concede that the existence / non-existence of evidence is not protected, having admitted in response to other RFAs that they do not possess certain categories of proof. *See, e.g.*, Ex. J, Nos. 61, 64-65 (Authors Guild not aware of any lost media opportunities but aware of lost awards and recognition). That plaintiffs' evidence of harm may be in the form of ChatGPT outputs does not matter. OpenAI's Requests do not ask plaintiffs to address how the relevant ChatGPT outputs were created, or who created them. Nor will answering these Requests reveal "counsel's mental impressions and opinions about how to interrogate ChatGPT," or how counsel intends to use the relevant evidence (if it exists). *Cf. Tremblay* ECF No. 167 at 3. Work-product protection thus does not apply.

A contrary rule would subvert both the letter and purpose of Rule 36. Rule 36's "reasonable inquiry" requirement, for example, would be toothless if all the evidence turned up by attorney investigation were considered work product. Fed. R. Civ. Pro. 36(a)(4). Parties could avoid answering basic evidentiary RFAs merely by routing their entire factual investigation through counsel. *See*, *Primetime 24 Joint Venture,* 2000 WL 97680 at *1, 3 (articulating this concern). Nor should parties have to guess about the evidence in the other parties' possession. Such a rule would hinder the purpose of RFAs – to "eliminat[e] the necessity of proving facts that are not in substantial dispute" and "narrow the scope of disputed issues" – by obscuring the parties' factual positions. *Freydl*, 2011 WL 2566079, at *2.

SDNY plaintiffs' work-product objection is particularly unfounded given that other plaintiffs in this same litigation – represented by equally sophisticated counsel – have responded to nearly identical requests without objection. Exs. E-G.

**At a minimum, if plaintiffs refuse to respond, they should be precluded from offering the categories of evidence covered by these Requests.** Courts in this Circuit recognize that a party cannot withhold facts under privilege and later use those same facts to its advantage. *See, e.g.*, *Cary Oil Co., Inc. v. MG Refin. & Mktg., Inc.*, 257 F.Supp.2d 751, 761 (S.D.N.Y. 2003) (party "will not be allowed to introduce [withheld] facts in any form at trial"); *United States v. Town of Oyster Bay*, 2022 WL 34586 at *4 (E.D.N.Y. Jan. 3, 2022) (addressing work-product assertions specifically). This preclusion rule prevents parties from using privilege "as both a sword and a shield" and avoids "trial by ambush." *Town of Oyster Bay*, 2022 WL 34586 at *5. If plaintiffs possess ChatGPT outputs they contend serve as substitutes for the Asserted Works, for example, OpenAI is entitled to discover and examine plaintiffs on this contention; otherwise, plaintiffs should be precluded from introducing evidence covered by these Requests at summary judgment or trial.

Accordingly, OpenAI's motion to compel should be granted.

2985364

Respectfully,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Katie Lynn Joyce*[4] <br> Katie Lynn Joyce | */s/ Elana Nightingale Dawson* <br> Elana Nightingale Dawson | */s/ Rose S. Lee* <br> Rose S. Lee |

---

[4] All parties whose electronic signatures are included herein have consented to the filing of this document.

4

2985364