# KLARIS

August 4, 2025

**Via ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re:   *In re: OpenAI, Inc., Copyright Infringement Litigation,* 1:25-md-03143-SHS-OTW: *Ziff Davis's Opposition to Motion to Set Document Production Substantial Completion Date*

This Document Relates to: *Ziff Davis, Inc., et al. v. OpenAI, Inc. et al.*, No. 25-cv-04315-SHS-OTW

Dear Judge Wang:

We write on behalf of Ziff Davis in response to OpenAI's motion to set a substantial completion date for Ziff Davis's document production (Dkt. 381). OpenAI asks the Court to impose a September 30, 2025 deadline for Ziff Davis to substantially complete its productions in response to 451 document requests served by OpenAI between June 12 and July 11, 2025. OpenAI's motion is premature and unnecessary, and it mischaracterizes the record and the Parties' discussions.

Ziff Davis filed suit in April 2025 and joined the MDL just over two months ago. Since that time, it has been working zealously to abide by the schedule entered in this case. Ziff Davis is currently reviewing the recently served RFPs and evaluating appropriate custodians, search terms and hit counts, which OpenAI and Ziff Davis have agreed to exchange on August 15. At that time, Ziff Davis will have data on the volume of documents in its review set (subject to the meet-and-confer process) it expects to produce, and can at that time reasonably estimate a date for substantial completion of production. As Ziff Davis has explained to OpenAI (*see* Mot., Ex. B):

> Ziff Davis is committed to proceeding diligently with fact discovery, and we have not ruled out a September 30 date for substantial completion of production in response to the requests OpenAI served in June, but as we do not yet know the volume of documents that are likely to be produced, we cannot yet commit to a date certain. However, we should be in a position to meet and confer as to a date for substantial completion (as to both parties' productions) on or after August 15.

OpenAI nevertheless moves the Court to order a substantial completion date *now* rather than having that date agreed at the time of the August 15 exchange (or shortly thereafter, if there

- 1 -

# KLARIS

is any dispute over Ziff Davis's proposed date). This motion is entirely unwarranted, given that Ziff Davis is working diligently to ascertain the information it needs to provide a date for completion.

As OpenAI concedes, the current case schedule includes a deadline of September 12, 2025 for substantial completion of the document productions responsive to discovery requests issued before the initial Cases Management Conference in the MDL, which was on May 22, 2025. *See* Dkt. 238. The vast majority (if not all) of document requests subject to the 9/12 deadline were served *long* before May 22; indeed, OpenAI continues to resist full discovery of text messages that were the subject of document requests served on it in 2024, and as to which the Court issued an order seven months ago. *See* Dkt. 390, 391. In any event, as OpenAI concedes, for RFPs served after May 22, the case schedule directs the parties to "meet and confer" on "a date for substantial completion of production." Dkt. 238 at 2-3 n.2. That was precisely what the Parties were doing, before OpenAI stopped corresponding and filed its motion.

OpenAI's denigration of Ziff Davis's diligence in fact discovery is unfounded. Ziff Davis joined the MDL just over two months ago, and has been working just as zealously as it promised at the initial case management conference to abide by the schedule entered in this case. It has served multiple sets of written discovery on OpenAI and responded to multiple sets from OpenAI. It has immediately commenced reviewing documents cross-produced in the case, despite OpenAI's failure to yet complete the court-ordered cross-production (discussed below). Ziff Davis is identifying custodians and search terms and running hit counts. OpenAI cites to nothing other than its own insistence that Ziff Davis commit to a substantial completion date right now to support its claims that Ziff Davis is not acting with diligence.

In fact, it is OpenAI that has stymied discovery at every turn. In mid-May, Ziff Davis requested that OpenAI stipulate that discovery was "open" (*see* Fed. R. Civ. P. 26(d)(1)), but OpenAI refused until Judge Stein ordered that discovery was open at the June 22 case management conference. Dkt. 60. In response to Ziff Davis's request that OpenAI cross-produce documents already produced to the other News Plaintiffs, OpenAI complained on May 18 that it "has not had the opportunity to respond to the complaint, or to serve discovery against Ziff-Davis to develop the record necessary to defend itself against Ziff-Davis's claims."[1] Dkt. 47 at 71-72. Yet it waited until June 12 to then serve any such requests. Separately, on May 28, Ziff Davis requested by email that OpenAI extend its prior productions made in response to the other News Plaintiffs as if served by Ziff Davis ("me too" requests), clearly identifying the applicable requests by number, but a full month later OpenAI suddenly told Ziff Davis that it was not going to do so because the request

---

[1] Your Honor then ordered that cross-production at the May 27 discovery conference but to date OpenAI still has not completed its cross-production that Your Honor ordered over two months ago.

# KLARIS

had been made by email. *See* Ex. A. When counsel for Ziff Davis expressed disappointment that OpenAI waited so long to respond with an objection to the form of the request rather than the substance, counsel for OpenAI stated if Ziff Davis had served formal requests "rather than described them at the bottom of an email, this may have come to my attention sooner." *Id.* Ziff Davis then served formal sets of requests to capture these materials but lost a full month because of OpenAI's delay.

Finally, while OpenAI claims that it provided custodian names and search terms to Ziff Davis, it has only provided the same list that it provided for the other News Plaintiffs and the same search terms, with the addition of Ziff Davis's brand names and a handful of other terms – but it did so before Ziff Davis had served any formal discovery requests, stating that it had developed the search terms "based on [the] Complaint and Exhibit A" thereto. *See* Exhibit B. To be clear, OpenAI has not provided custodians or search terms or hit counts in response to Ziff Davis's actual document requests (again, the parties have agreed to do so on August 15). Any deadline for "substantial completion" should apply equally to the RFPs served by Ziff Davis.

Ziff Davis respectfully requests that the Court deny OpenAI's premature motion to set September 30, 2025, as the deadline for substantial completion of the production of documents in response to all of the requests OpenAI has served on Ziff Davis.

Respectfully submitted,

/s/ Lacy H. Koonce, III

Lacy H. ("Lance") Koonce, III
KLARIS LAW PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klaris.com

*Attorneys for Ziff Davis*

cc: All Counsel of Record (via ECF)

[Handwritten annotation: "Do this, + M+C on a date for subst'l completion." Signature, Aug 11, 2025]