SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TX 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

---

| 401 Union Street | One Manhattan West | 1900 Avenue of the Stars |
| Suite 3000 | Suite 1400 | Suite 1400 |
| Seattle, WA 98101-2668 | New York, NY 10001-8602 | Los Angeles, CA 90067 |
| (206) 516-3880 | (212) 336-8330 | (310) 789-3100 |

Justin A. Nelson
Direct Dial 713-653-7895

E-Mail jnelson@susmangodfrey.com

August 22, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

   RE: *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) This document relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.

August 22, 2025
Page 2

Dear Judge Wang:

  Pursuant to the Court's order at Dkt. 459, Class Plaintiffs submit the following timeline documenting OpenAI's download and deletion of pirated books and inconsistent statements and positions in this litigation regarding the same. For additional information, Class Plaintiffs respectfully refer the Court to Class Plaintiffs' prior motions on this issue at Dkt. 368 in No. 23-cv-8292 and Dkt. 413 in Case No.1:25-md-03143.[1]

| Date | Event |
|---|---|
| Fall 2018 |  |
| February 2019 | |
| October 2019 | |
| October 30, 2019 | OpenAI submits a comment to the United States Patent and Trademark Office "Regarding Request for Comments on Intellectual Property Protection for Artificial Intelligence Innovation." *See* Dkt. 413-13 at 1.<br><br>In that comment OpenAI specifically stated that "For the above reasons, we believe that courts would and should rule that training AI systems |

---

[1] Unless otherwise noted, all docket numbers herein refer to *In re OpenAI, Inc. Copyright Infringement Litigation* (Case No. 1:25-md-03143).

| | |
|---|---|
| | on copyrighted works constitutes fair use. However, given the lack of case law on point, OpenAI and other AI developers like us face substantial legal uncertainty and compliance costs." *Id.* at 13.<br><br>The comment is signed by, among others, David Lansky in his role as General Counsel. *Id.*; *see* Dkt. 413-1 at 69:24-75:16. |
| Sometime in 2019 | ■■■■■■■■■■■■■■■■■■■■ |
| Late 2019-early 2020 | ■■■■■■■■■■■■■■■■■■■■ |
| May 2020 | ■■■■■■■■■■■■■■■■■■■■<br><br>Open AI does not reference their origins in the paper except to say that they are two "internet-based books corpora." *See* "Language Models are Few Shot Learners," Brown et al. (OpenAI), p. 8, https://arxiv.org/pdf/2005.14165. |
| Sometime in 2021 | ■■■■■■■■■■■■■■■■■■■■ |
| Sometime in 2021 | ■■■■■■■■■■■■■■■■■■■■ |
| June-July 2022 | OpenAI deletes ■■■■■■■■■■■■■■■■ |

August 22, 2025
Page 4

| | |
|---|---|
| |  |
| November 2022 | ChatGPT launches and quickly reaches 100M users by February 2023. *See* https://www.reuters.com/technology/chatgpt-sets-record-fastest-growing-user-base-analyst-note-2023-02-01/.<br><br>ChatGPT is powered by GPT-3.5, the same model which versions of the LibGen1 and LibGen2 datasets were used to train. *See* Dkt. 428 at 1. |
| Fall 2023 | Class Plaintiffs file suit. |
| Sometime in 2024 | |
| March 2024 | On behalf of OpenAI, Morrison & Foerster sends a letter to Plaintiffs' counsel stating that Books1 and Books2, which are LibGen1 and LibGen2, were deleted in mid-2022 "***due to their nonuse***." The letter is signed by Joseph Gratz. Dkt. 413-6 (Dkt. 143-D in No. 23-cv-8292) at 2 (emphasis added). |
| May 2024 | In response to Plaintiffs' discovery motion at Dkt. 106, No. 23-cv-8292, OpenAI repeats its assertion that Books1 and Books2 were deleted "due to non-use" in a filing with the Court. Dkt. 413-7 (Dkt. 145 in No. 23-cv-8292) at 3. |

August 22, 2025
Page 5

| | |
|---|---|
| January 2025 | The Court orders Plaintiffs be allowed to take a custodial 30(b)(6) deposition of OpenAI to assess the location and preservation of relevant stores of information. Dkt. 320, No. 23-cv-8292, at 1. |
| January 2025 | ████████████████████████████████████████ |
| January-March 2025 | Plaintiffs object to this invocation of privilege, the parties meet and confer, and OpenAI never withdraws its privilege claim. *See* Dkt. 368-B (email thread between counsel), No. 23-cv-8292.<br><br>Plaintiffs file a motion at Dkt. 368, No. 23-cv-8292, seeking a court order that either (1) non-use is not privileged, (2) OpenAI has waived the privilege due to its prior representations to the Court and counsel, and (3) the crime-fraud exception to attorney-client privilege applies. |
| May 2025 | At the hearing, the Court asked "why are you [OpenAI] asserting privilege over it, or are you not?" Dkt. 413-9 (May 27, 2025 Conf. Tr.) at 70:2-3. Counsel for OpenAI stated "[w]e are not asserting privilege and we have not blocked plaintiffs from exploring the question of nonuse of the data set to be cause of the deletions." *Id.* at 70:4-6.<br><br>The Court orders "another 30(b)(6) deposition on this issue" so that the parties could "figure out what's privilege[d] and what's not privilege[d]." *Id.* at 71:11-14. |
| May-July 2025 | In its objections and responses to Plaintiffs' 30(b)(6) notice, OpenAI claims that it would not "advance any non-privileged reasons for the deletion of books1 and books2 in this litigation." *See, e.g.,* Dkt. 413-10 (OpenAI Obj. and Resp.) at 7.<br><br>Plaintiffs ask if this means "with respect to its privilege objections on these topics, OpenAI is asserting that 'all the reasons for the deletion of books1/books2 are privileged' or instead that 'regardless of whether every reason for the deletion is privileged, OpenAI will not assert any non-privileged reason for the deletion of books1/books2 in this case.'" Dkt. 413-11 at 17. |

August 22, 2025
Page 6

|  | In response, OpenAI does not assert that all the reasons were privileged. |
|---|---|
| June 13, 2025 | OpenAI's counsel files a "Notice" that retracts its earlier representation that LibGen was deleted "due to non-use." See Dkt. 188. |
| July 25, 2025 | Plaintiffs depose Mr. Trinh for a second time. At that deposition three things became clear: <br><br> ███████████████████████████████████ |
| July 30, 2025 | In a follow-up meet and confer, OpenAI's position changes again. <br><br> OpenAI now claims there were no non-privileged reasons for the deletion of books1 and books2, contradicting the Morrison Letter and its position at the May 27 conference. Dkt. 413-11 at 1. |
| July 31, 2025 | Plaintiffs renew their motion regarding waiver and crime-fraud, see Dkt. 413, additionally noting that there is probable cause of spoliation given OpenAI's acknowledged legal uncertainty prior to deletion. |
| August 12, 2025 | OpenAI's counsel asserts incorrect facts to the court: <br><br> First, OpenAI's counsel claimed repeatedly that OpenAI has been "consistent" in claiming privilege over the reasons for the deletion. See, e.g., Ex. 5 (Aug. 12, 2025 Conf. Tr.) at 164:9-10, 165:6-7, 166:15-16, 167:12-13, 170:20-21, 171:19-20; 172:1-2. <br><br> It has not. As shown above, OpenAI's position has shifted at least five times: |

August 22, 2025
Page 7

> a. The data was deleted "due to non-use" (March 2024 – January 2025);
> b. All reasons are privileged (January 2025 – May 2025);
> c. OpenAI is not "asserting privilege" (made in response to a direct question from the court) (May 2025);
> d. OpenAI would not assert any non-privileged reasons for the deletion (June 2025-July 2025); and
> e. All reasons are privileged (July-August 2025).
>
> Second, OpenAI's counsel repeatedly stated that OpenAI has recovered all the deleted data. *See, e.g., id.* at 164:18-165:1 (claiming that the datasets have been "recovered and produced"); 167:18-19; 171:22-23; 175:8-23.
>
> 
>
> As noted above: OpenAI has not recovered:
>
> a. ███

As the above timeline illustrates, OpenAI claimed "non-use," which led Plaintiffs to pursue discovery into this reason for the deletion of these pirated books for more than a year, including filing multiple motions and spending hours meeting and conferring. *See* Dkt. 413. Yet now OpenAI is using privilege to block discovery. This is a textbook sword and shield issue in which OpenAI selectively disclosed facts to create an impression in the Court and induce reliance by the Plaintiffs and yet now seeks to block disclosure of the full factual record when pressed. Waiver is more than justified on these facts. *See id.*

To be sure, Plaintiffs reserve the right to seek appropriate remedies for spoliation due to the deletions of these pirated books, as well as to seek broader waiver or preclusion due to OpenAI's inconsistent privilege invocations regarding, *e.g.*, its state of mind. However, in each

August 22, 2025
Page 8

case and when presenting its case at summary judgment or trial, Plaintiffs should not be forced to do so on an incomplete record of facts regarding the deletion of these datasets which OpenAI has put at issue.

Finding either a waiver of privilege or that OpenAI's conduct in deleting these pirated datasets and their underlying material—the only such material apparently ever deleted by OpenAI— while possessing substantial uncertainty regarding the legality of its conduct justifies application of the litigation misconduct prong of the crime-fraud exception to attorney-client privilege. *See* Dkt. 413.

Sincerely,

*/s/Justin A. Nelson*

Susman Godfrey, LLP
Interim Lead Class Counsel