Susman Godfrey l.l.p

**VIA ECF**

September 9, 2025

Hon. Ona T. Wang
Southern District of New York

> *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates To: News Cases

Dear Magistrate Judge Wang:

News Plaintiffs seek an order compelling OpenAI to produce documents relating to the thirty-one affirmative defenses OpenAI asserted in this case.[1]  *See* Ex. A (OpenAI's R&Os to News Plaintiffs' RFPs 157-186, 190).  OpenAI's position is that it will only agree to produce documents relating to its affirmative defenses "***on which it will rely*** as evidence at summary judgment or at trial."  *Id.* (emphasis added).  In other words, OpenAI will ***not*** agree to produce documents in its possession that relate to its defenses but undermine or discredit them. That is not how discovery is supposed to work.[2]

### A.    Documents Relating to OpenAI's Defenses are "Relevant to Any Party's Claim or Defense" under Rule 26 and Discoverable

News Plaintiffs served requests seeking documents and communications related to the affirmative defenses OpenAI asserted in this case.  *See* Ex. A (OpenAI's R&Os to News Plaintiffs' RFPs 157-186, 190).  These requests track OpenAI's thirty-one affirmative defenses almost verbatim.  *See, e.g.*, MDL Dkt. 635 (OpenAI's Answer to The Times's Complaint).  After asserting blanket objections, OpenAI agreed only to produce "responsive, non-privileged documents, if any, on which it will rely as evidence at summary judgment or trial at the appropriate time."  Ex. A at 10-30, 33.

OpenAI has no right to limit its productions to documents that *support* its defenses.  Rule 26(b)(1) is clear: News Plaintiffs are entitled to discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).  These requests seek exactly that.  Courts in this district have ordered defendants to respond to identical requests.  *See, e.g.*, *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 109 (S.D.N.Y. 2013) (ordering the defendant J.P. Morgan to comply with a request for "documents 'concerning [the] defendants' contentions or defenses'"); *Pentair Water Treatment (OH) Co. v. Continental Ins. Co.*, 2009 WL 3817600, at *2 (S.D.N.Y. Nov. 16,

---

[1] No answer has yet been filed as to the Ziff Davis claims, and thus no affirmative defenses have been asserted against those claims at this time. This request is made without prejudice to any future contentions that may be raised if and when an answer is filed as to the Ziff Davis claims.

[2] The parties met and conferred about this dispute on July 22 and September 8 but did not reach agreement.  *See* Ex. B (discovery correspondence).

2009) (ordering the defendant to comply with discovery requests seeking all documents relating to each of its affirmative defenses).

Documents concerning OpenAI's affirmative defenses are *by definition* relevant to OpenAI's defenses in this case. *See* Fed. R. Civ. P. 26(b)(1). As a result, OpenAI "plainly has the obligation to produce" documents relating to those defenses. *See Pentair Water Treatment*, 2009 WL 3817600, at *2.

**B.       This Discovery is Proportional to the Needs of this Case.**

OpenAI has not provided any factual basis for its blanket objections that News Plaintiffs' requests for documents relating to OpenAI's affirmative defenses are unduly burdensome or "disproportionate to the needs of the case." *See* Ex. A. Blanket burden or proportionality objections cannot justify OpenAI's wholesale refusal to produce any documents relating to its affirmative defenses other than the select few that OpenAI likes. If OpenAI has too many documents undermining its affirmative defenses to reasonably produce, it must explain the alleged burden with particularity. *See E.E.O.C. v. M&T Bank Corp.*, 2018 WL 11631436, at *1 (S.D.N.Y. May 4, 2018) ("the party resisting discovery generally has the burden of showing undue burden or expense"). The fact that other discovery requests might overlap is no justification to refuse to comply with these requests altogether. *See, e.g.*, *Pentair Water Treatment*, 2009 WL 3817600, at *2 (confirming that the defendant must produce all documents relating to its affirmative defenses but need not *reproduce* duplicate copies of documents they produced in response to prior requests). This discovery is necessary for News Plaintiffs to rebut OpenAI's asserted defenses, and OpenAI has not met its burden of showing undue burden or expense. As such, this discovery is proportional to the needs of this case. Fed. R. Civ. P. 26(b)(1).

Respectfully,

 /s/ Davida Brook
Davida Brook
Susman Godfrey LLP
News Plaintiffs' Liaison Counsel

cc:    All Counsel of Record (via ECF)

2