KEKER
VAN NEST
&PETERS          LATHAM&WATKINS LLP          IIIORRISON FOERSTER

September 9, 2025

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

**Re:**   ***Discovery dispute about The Times's deficient privilege claims over documents concerning its use of OpenAI's LLMs for business purposes***
*In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW
This Document Relates to: *NYT v. Microsoft et al.*, No. 1:23-cv-11195-SHS-OTW

Dear Magistrate Judge Wang:

The Times continues to improperly assert privilege over relevant evidence that proves fair use and directly contradicts its claims of existential harm.  The instant motion considers at least 16 such improperly-withheld documents.[1]

In August, OpenAI moved to compel The Times to produce three documents—July and September 2023 GenAI presentations and a GenAI Training—that The Times claimed reflected privileged evaluation of GenAI products, but which other evidence suggested were part of The Times's evaluation of OpenAI's products and their transformative uses for The Times's business.  MDL Dkt. 416 at 1-2.  The Times ultimately relented and produced the GenAI Training in full and the two presentations with limited redactions.  That production confirmed that The Times has been improperly withholding business discussions about its use of OpenAI's products under the guise of privilege.  The two presentations extensively discuss ███████ ████████████████████████████████████████████████████████ ████████████████████████████████████████████.″ Ex. 1 (NYT_00906418 at -453).  And the Training identifies use cases for OpenAI's LLMs like ████████████████████████████████████████████████ ████████████████████████████████████████████████. Ex. 2 (NYT_00906569 at -592).

Nevertheless, The Times continues to withhold thousands of similar documents, including the 16 at issue here, under the same baseless claim that the documents reflect its privileged "investigation into Generative AI products" or which supposedly "facilitate" legal advice regarding "potential litigation" or "Generative AI guidance."[2]  However, the corresponding log

---

[1] The Times has not identified log entries for all communications and drafts related to these 16 documents that it is withholding as privileged.  OpenAI reserves the right to challenge those privilege assertions as well.

[2] The Times has made these unsupported privilege claims notwithstanding its commitment to produce exactly these documents.  *See* NYT ECF 344 at 1 n.1 (order noting that The Times has "agreed to produce

3072699

entries do not substantiate these privilege claims.  Nor has The Times provided declarations substantiating these claims, as OpenAI has repeatedly done for its own privilege log entries.  Since April, OpenAI has pressed The Times to substantiate its privilege claims.  Ex. 3 at 5.  After months of follow-ups, The Times has refused.  Ex. 4.[3]

*      *      *

"The attorney-client privilege attaches when a client requests legal as opposed to business advice"; where a "communication concerns business matters, the privilege does not apply." *De Espana v. Am. Bureau of Shipping*, 2005 WL 3455782, at *2 (S.D.N.Y. Dec. 14, 2005).  Moreover, "[i]f, after a lawyer's review, [a] draft becomes a business document, then the business document ... is not privileged and must be produced[.]" *Valassis Commc'ns, Inc. v. News Corp.*, 2018 WL 4489285, at *2 (S.D.N.Y. Sept. 19, 2018).  A privilege log must "as to each document ... set [] forth specific facts that, if credited, would suffice to establish each element of the privilege." *S.E.C. v. Yorkville Advisors, LLC*, 300 F.R.D. 152, 158 (S.D.N.Y. 2014).

1. **Documents The Times was forced to produce establish that The Times is withholding relevant documents about its own beneficial uses of OpenAI's LLMs.**

OpenAI previously moved to compel production of The Times's "GAI Training Module," the completion of which was a prerequisite for Times employees using ChatExplorer, the internal tool The Times uses to access OpenAI's LLMs.  Ex. 5 (NYT_00765599); Ex. 6 (NYT_00468513).  OpenAI also sought production of two GenAI presentations that included demonstrations of how The Times was planning to deploy OpenAI's LLMs.  On August 21, after OpenAI moved to compel, The Times produced the Training with no redactions, the July presentation with redactions on part of one page, and the September presentation with redactions to only one of three sections.

The Times's belated production of these documents confirmed that The Times has improperly withheld highly relevant information about its own beneficial uses of OpenAI's LLMs.  The Training explains to Times employees ████████████████████████████████ ███████████   Ex. 2 (NYT_00906569 at -572).  And the presentations extensively discuss The Times's ██████████████████ including ████████████ ███████████████████████.  Ex. 1 (NYT_00906418 at -421).  ███████████████ ████████████████████████████████████████████████████████████ ██████████████████████████.  Ex. 7 (NYT_00906485 at -539, -540).  It is exactly these types of documents that the Court has found relevant and The Times committed to produce.

---

(1) documents regarding [T]he Times's use of the Defendants' GenAI tools" and "(2) documents relating to [T]he Times's A.I. initiatives program").

[3] The parties continue to meet-and-confer regarding other deficiencies in The Times's privilege claims.  OpenAI reserves all rights to raise those issues with the Court if the parties are unable to resolve them.

2

3072699

**2. The Times is withholding additional documents that discuss its beneficial uses of OpenAI's LLMs.**

As described above, The Times's production after OpenAI's last privilege motion proved that it is over-asserting privilege with respect to business communications. Yet The Times continues to withhold additional documents that discuss its beneficial uses of OpenAI's LLMs. *See* Ex. 8 (privilege log entries for documents at issue). Appendix A contains the full list of documents OpenAI seeks to compel The Times to produce. As reflected in the examples below, the documents at issue are likely business documents and indisputably relevant:



- Ex. 9 (NYT_00707661).

- Ex. 10 (NYT_00705436).
  Ex. 11 (NYT_00728999).

- Ex. 12 (NYT_00707541).

- Ex. 13 (NYT_00708180).

The Times has also failed to establish privilege. Where The Times has identified log entries for these documents,[4] they are nearly indecipherable—for example: "Document linked to a privileged document/email prepared at the direction of counsel providing information to facilitate legal advice from counsel regarding potential litigation." Ex. 8 at PL_009579. Unlike OpenAI, which has provided clear and fulsome log entries, The Times has failed to "set [] forth specific facts that ... would suffice to establish each element of the privilege." *See Yorkville Advisors*, 300 F.R.D. at 158.

Indeed, The Times has failed at the essential step of outlining facts establishing that the documents pertain to legal, not business, advice. *De Espana,* 2005 WL 3455782 at *2. As

---

[4] The Times has not logged six of the withheld documents, relying on the provision of the ESI order that does not require logging for certain documents post-September 9, 2025. MDL Dkt. 371 ¶¶ 15(a)–(b). OpenAI accordingly has no privilege log entry to evaluate for these six documents. The documents The Times *has* produced that refer to these withheld documents—the only material OpenAI has to evaluate the privilege claims—show that they are not in fact privileged.

3072699

shown in the exhibits and Appendix A, no attorneys' names appear on any of the documents.  To be clear, OpenAI does not contend that the absence of an attorney name on a document *per se* dooms a privilege claim.  But here, The Times has pointed to no evidence in its production of attorney interaction (sharing, commenting, or instructing) with respect to these documents.  And unlike OpenAI, The Times has never submitted any declarations explaining its basis for withholding documents purportedly created at the direction of attorneys.

The Times should not be permitted to cloak business documents reflecting its discussions of the transformative uses of OpenAI's LLMs in privilege.  At a minimum, The Times should produce these documents with redactions for any purportedly privileged portions.  *Essilor Mfg. (Thailand) Co., Ltd. v. J.P. Morgan Chase Bank, N.A.*, 2023 WL 8005154, at \*1 (S.D.N.Y. Nov. 17, 2023) ("[A party] cannot withhold an entire document if only part of it is privileged.").[5]

OpenAI requests that the Court compel The Times to produce these documents, along with all non-privileged drafts and communications related to them, by October 3.

Respectfully,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Sarah Salomon*[6]<br>Sarah Salomon | */s/ Margaret Graham*<br>Margaret Graham | */s/ Rose S. Lee*<br>Rose S. Lee |

---

[5] If The Times's scant redactions to the July and September 2023 presentations it produced in response to OpenAI's August motion are any indication, the redactions for purportedly privileged content are likely to be minimal.

[6] All parties whose electronic signatures are included herein have consented to the filing of this document.

3072699