September 12, 2025

*Sent via ECF*

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE:   *In Re: OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143, This document relates to: *The New York Times Co. v. Microsoft Corp. et al.*, No. 1:23-cv-11195

Dear Judge Wang:

We write on behalf of Defendants Microsoft and OpenAI in response to The New York Times's ("The Times") letter motion requesting a settlement conference for the scheduling of depositions in this matter (ECF 553). Despite Plaintiffs' promises to coordinate efficiently in this MDL (*e.g.*, ECF 47 at 11–13), The Times has alone filed this motion, which entirely ignores obstacles other Plaintiffs have inserted into the deposition scheduling process. While Defendants agree that depositions should be scheduled in an orderly and timely fashion, Defendants do not believe that Court intervention is necessary at this time, nor that a settlement conference on September 25th is a workable approach.

Defendants have been working diligently to provide dates for depositions of their witnesses and to request deposition dates from Plaintiffs on a rolling basis. Indeed, Defendants have already taken multiple depositions of Plaintiffs and have requested dates for 14 other Plaintiff witnesses. Plaintiffs have likewise scheduled multiple depositions of Defendants' witnesses, several of which will be completed before the September 25 conference. But the deposition scheduling process has been hampered by several things over which Defendants have had no control:

- *First* and foremost, Defendants did not receive all 30(b)(6) topics from Plaintiffs until August 21st, after which Defendants undertook an incredible effort to wade through hundreds of discrete topics to determine the appropriate designees. This directly impacts the timing and scheduling of individual depositions, which will be combined with 30(b)(6) testimony.

- *Second*, the Class Plaintiffs failed to show up for the initial scheduling conference that was convened the beginning of August at Defendants' request, again undermining the promised coordination by all Plaintiffs.

- *Third*, both the Class and certain of the News Plaintiffs have unreasonably delayed in providing dates for the depositions of their witnesses which were requested at the end July. In particular, Defendants requested dates for five class representatives on July 30, but did not receive proposed dates for three of them until yesterday—over six weeks later.

1

- *Finally*, over the past month and half Plaintiffs have produced tens of thousands of documents, which have required time to review and digest in order to determine which witnesses are appropriate to depose.[1]

Defendants have to plan schedules around *all* depositions, not just the depositions of The Times's witnesses. That The Times would prefer its witnesses be deposed sooner than others is unreasonable and should neither dictate nor restrain Defendants' ability to fully and fairly defend themselves in these matters—including by choosing when and whom they seek to depose. Rather than meet and confer to work in good faith to resolve these issues, The Times filed the instant Motion less than *six hours* after making a unilateral scheduling demand that expressly rejected any obligation to coordinate with the Class Plaintiffs. Defendants were given no meaningful opportunity to respond; this issue is simply not ripe for Court intervention.

Since the filing of this Motion, Defendants have offered a counterproposal and the parties have met and conferred. Defendants' counterproposal is as follows:

1. The parties agree to schedule regular omnibus deposition scheduling meet-and-confer sessions at which a representative with authority from each party must attend.

2. The parties must respond to any request for deposition dates within ten days, and in responding must offer two potential dates for each deposition.

3. The requesting/deposing party must accept one of the dates offered by the defending party or, if it cannot, counterpropose an available window within three business days after the defending party offers possible dates for a given witness.

4. Given the parties agreement that witnesses will only sit once, when requesting a witness in both their 30(b)(1) and 30(b)(6) capacity, the requesting party will provide a good faith estimate of whether they believe the deposition will last more than one day in order to facilitate the offering of an appropriate set of potential dates for the deposition.

5. 30(b)(6) testimony will be taken first in any deposition where a witness is sitting in both their personal and 30(b)(6) capacity in order to facilitate accurate accounting of time.

Defendants believe that agreement on these guardrails will help to ensure the continued cooperation of all parties and facilitate the streamlined completion of depositions in a timely manner.

With respect to The Times's request for a settlement conference to discuss these issues, Defendants respectfully do not believe that such a conference would be the most efficient way to resolve the issues that have been raised. Defendants appreciate that the Court has made settlement conferences

---

[1] The Times alone has produced 20,236 documents (comprising 80,000 pages) in the last month alone, notwithstanding its representation in July that its document production was already substantially complete.

available to the parties in the user data discussions, which have been helpful in narrowing or resolving disputes. But in the case of deposition scheduling, a settlement conference would limit the number of people who are able to meaningfully participate and restrict communications with clients, court reporting services, and witnesses, with whom coordination is essential for scheduling.

For these reasons, Defendants respectfully request that the Court deny The Times's motion for a settlement conference and allow the parties to continue to meet-and-confer, including about Defendants' scheduling counterproposal.

Respectfully submitted,

| | |
|---|---|
| */s/ Laura B. Najemy* | */s/ Michelle Ybarra* |
| Laura B. Najemy | Michelle Ybarra |
| *Counsel for Microsoft Corporation* | *Counsel for OpenAI Defendants* |