Susman Godfrey L.L.P.

September 12, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143
                 This Document Relates to: *NYT v. Microsoft et al.*, No. 1:23-cv-11195
                 Opposition to OpenAI's Motion to Compel, ECF 873

Dear Magistrate Judge Wang:

      Plaintiff The New York Times Company ("The Times") opposes OpenAI's request to extend the date range for its production through June 30, 2025, for five categories of evidence beyond the significant areas where The Times has already agreed to expand production. *See* Dkt. 873. For the second time in three months, OpenAI has sought to expand the date range for The Times's production. And, contrary to the Court's express instruction for "any future motion[s] to expand date ranges," OpenAI has again failed to "make a particularized showing based on evidence already produced and reviewed as to why production is appropriate" for its requested expansion. Dkt. 711. The Court should deny OpenAI's request.

1. **To The Extent OpenAI's Request is Not Limited to Go-Get Documents, OpenAI's Request is Exceedingly Burdensome and Wholly Inappropriate.**

      As an initial matter, The Times understands OpenAI's letter motion to seek only go-get documents and not to seek the expansion of The Times's custodial collections. To the extent OpenAI does seek to expand collections, doing so would be unduly burdensome and wholly inappropriate. The parties first negotiated search terms, custodians, and date ranges for collection in July 2024. As part of those negotiations, The Times represented that it would collect documents until May 2024, and Defendants did not object to that proposal. Indeed, OpenAI was aware that The Times was alleging ongoing harm beyond May 2024; yet, at no point did it request an expansion of the applicable date range. Consistent with the parties' agreement, The Times then collected documents from the start of 2022 through May 1, 2024. Then, on August 19, 2025—over a year after the parties' initial agreement—OpenAI requested for the first time that The Times expand the date range for portions of its production to June 2025. This request—which came less than a month before the substantial completion deadline—would upend the parties' negotiations and impose a significant burden upon The Times. The Court should deny OpenAI's request.

2. **The Times Has Already Agreed to Produce Projection and Revenue Data Beyond the Agreed-Upon Date Range.**

      Although OpenAI has swathes of information to assess The Times's theory of harm, The Times has also recently agreed to produce projection data that covers the period through 2030— *i.e.*, five years beyond OpenAI's stated request. The Times agrees that such projection data is relevant, which is why it has consistently asked Defendants to produce the same. Specifically, The Times's projection data would reflect its own internal analyses regarding the long-term financial

effects of Defendants' products on The Times. And, The Times is providing a five-year time horizon to ensure OpenAI has adequate information to evaluate The Times's claims. The Times is also willing to produce a 30(b)(6) witness to testify about the overall revenue streams earned by The Times from January 1, 2018 to September 1, 2025, as well as produce the accompanying revenue data through June 2025.[1] This is more than sufficient to satisfy OpenAI's legitimate needs for discovery.

### 3. The Times Should Not be Required to Expand the Date Range with Respect to SEO Documents.

In negotiating search terms for RFPs 243–253—*i.e.*, requests regarding The Times's search engine optimization strategy—OpenAI requested that The Times produce documents beyond the agreed-upon date range. Specifically, OpenAI requested that The Times "expand[] the timeframe for its proposed production of SEO documents to November 2021,"—an additional twelve months beyond the default date range. Ex. A (July 17, 2025 Email from M. Deamer to A. Muttalib). The Times agreed to OpenAI's proposal. However, OpenAI then sought to expand the date range for these Requests by another fourteen months without adequate justification. Specifically, OpenAI's sole basis for seeking this expansion is the unsupported assertion that "Google implemented major changes to its search platform, including 'AI Overviews,' which launched on May 14, 2024." Dkt. 873 at 2. Thus, OpenAI asserts that The Times must expand the date range for all ten requests to account for this single phenomenon.

However, OpenAI does not explain why this single change is sufficient to require The Times to expand its production for the entirety of its SEO-related documents. Indeed, under OpenAI's logic, any conceivable action by a third party or occurrence of a major news event that could have an effect on The Times's traffic justifies a re-negotiation and expansion of the applicable date range. This is exactly the sort of discovery this Court has rejected—*i.e.*, evidence of impact of market forces divorced from any impact of OpenAI's products. *See* Dkt. 592 at 10 ("It was therefore not contrary to *Oracle* nor clear error for the December Orders to conclude that discovery into *any* decrease in subscriptions, traffic, or revenue, divorced from defendants' conduct and products, was not relevant to the parties' claims or defenses."). Accordingly, OpenAI is not entitled to random assessments of the impact of Google's product changes, especially where such a request extends beyond the applicable date range.

### 4. The Times Has Already Produced Its Robots.txt Files through the Present.

The Times has already produced all of the robots.txt files that it was able to locate pursuant to a reasonable search, which go up through August 20, 2025. *See* Ex. B (NYT_00937743). Changes to The Times's robots.txt file made after that date should be apparent on The Times's website, so it is not clear what else OpenAI believes it needs.

### 5. The Times Should Not be Required to Expand the Date Range for Documents Regarding User Metrics.

---

[1] The Times also notes that its financial information is publicly available on its website. *See* https://www.nytco.com/investors/reports-and-filings/.

  As The Times has consistently noted, it has produced a raft of data regarding its page views, active subscribers, total user visits, and traffic. This has required The Times to undertake significant efforts to collect, compile, and produce this data to Defendants. Indeed, for much of this data, The Times has gone back to 2015—thus providing OpenAI with over nine years of data. It is unreasonable for The Times to now have to go back and produce another fourteen months of data—especially given that The Times has agreed to produce projection data through 2030 and revenue data through 2025.

  However, to the extent the Court believes such an expansion is necessary, The Times requests that OpenAI be similarly required to expand its date range for financial documents, user metrics and documents regarding its products. Specifically, OpenAI claims that this evidence is relevant to "support (or refute) harm during *that period*" (i.e., May 2024 through June 2025). Dkt. 873 at 1. In the same vein, The Times is entitled to better understand how OpenAI continues to benefit from its improper use of The Times's works during that same period. Moreover, The Times is entitled to better understand the effects of all of OpenAI's products from May 2024 to June 2025, in order to better assess its theory of harm. For example, if GPT-4.5 is truly different from GPT-4 or GPT-3, The Times must understand those differences to determine the harms stemming from each of OpenAI's products from February 27, 2025 (i.e., the release date of GPT-4.5) to the present.

                Respectfully submitted,

                */s/ Davida Brook*
                Davida Brook
                Susman Godfrey L.L.P.

                */s/ Steven Lieberman*
                Steven Lieberman
                Rothwell, Figg, Ernst & Manbeck

cc: All Counsel of Record (via ECF)