KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

September 12, 2025

**VIA ECF**

Hon. Ona T. Wang
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    **OpenAI's Response to Ziff Davis's September 9 Letter Motion,** *In re OpenAI, Inc. Copyright Infringement Litigation*, **No. 1:25-md-03143**
              **This Document Relates To: Ziff Davis, Inc. et al. v. OpenAI, Inc. et al., Case No. 25-cv-04315-SHS-OTW**

Dear Judge Wang:

      Plaintiff Ziff Davis's letter motion mischaracterizes OpenAI's discovery position. OpenAI has not withheld discovery pending any motion. It has produced and continues to produce discovery on the precise set of models ordered by the Court. Ziff Davis's motion should be denied.

**I.    OpenAI Is Not Withholding Discovery Based on Its Pending Motion to Stay.**

      Ziff Davis's motion is an attempt to change the rules of the MDL midstream—expanding discovery far beyond the Court's fair-use-first framework and threatening to derail the schedule for all parties. The models that are within the scope of OpenAI's collection and production of documents to Ziff Davis are the same as for every other plaintiff. Under the Court's Order, discovery "regarding OpenAI's large language models is limited to the models identified in response to [Authors Guild] interrogatory #11." *Authors Guild v. OpenAI, Inc.*, No. 1:23-cv-08292 (S.D.N.Y.), ECF 293. OpenAI has nonetheless gone further, agreeing to produce discovery on GPT, GPT-2, and GPT-3. All told, discovery now covers GPT, GPT-2, GPT-3, GPT-3.5, GPT-3.5 Turbo, GPT-4, GPT-4 Turbo, GPT-4o, and GPT-4o mini.

      Ziff Davis nevertheless seeks discovery on *eight* additional models that the Court has not authorized and that are beyond the scope of the MDL. As Judge Stein emphasized, "these matters will resolve themselves on []fair use." 5/22/2025 MDL CMC Hearing Tr. at 37:4–6. Adding the eight extra models would require at least four to six months of additional discovery and make impossible the August 14, 2026 summary judgment deadline—one which Judge Stein "ha[s] no current intention of changing." 6/26/2025 MDL Tech Tutorial Hearing Tr. at 292:1–4.

      Ziff Davis disregards these concrete burdens and vaguely asserts that the current case schedule is inefficient. That claim does not justify rewriting the case management plan ordered by Judge Stein.

      *First*, expanding to eight additional out-of-scope models would require four to six months of document collection, review, and production and data inspection. *See* ECF 283 ¶¶ 10, 12, 14.

KEKER VAN NEST & PETERS     LATHAM & WATKINS LLP     MORRISON FOERSTER

September 12, 2025
Page **2** of **4**

Yet Ziff Davis demands hit reports for documents not yet collected from custodians not yet identified. That misses the point. Rule 26(b)(1) proportionality and Judge Stein's order foreclose such expansion, which would only delay a fair-use ruling and disserve the public interest. *See* 5/22/2025 MDL CMC Hearing Tr. at 36:20–24.

*Second*, limiting discovery to the models common across the cases is the most efficient route to resolution of **all** Ziff Davis's claims. Judge Stein endorsed that approach in the *Baldacci* case, confining amendments to "the products and causes of action that have already been asserted." *Id.* at 37:18–19. He explained that the "more efficient way to resolve it" is to defer out-of-scope claims and address "any tagalong actions that come" following the fair use decision. *Id.* at 37:20–23. That same approach applies here and is consistent with the Manual for Complex Litigation, which recommends deferring discovery in tagalong actions until dispositive motions in more advanced cases are decided. *See* Manual for Complex Litig. § 22.314 (4th ed. 2004) (recommending to "stay or defer decisions in the cases before it until more advanced cases or dispositive motions pending . . . are concluded").

II. **OpenAI's Custodial Collection Date Provides Key Discovery Related to Ziff Davis's Claims.**

OpenAI confirmed during a meet and confer that the bulk of its custodial collections occurred in ***mid-July 2024.*** ECF 550 at 3. The allegations Ziff Davis calls "significant for Ziff Davis's claims" overwhelmingly pre-date July 2024 and are therefore captured. For example, Ziff Davis's First Amended Complaint ("FAC") cites a purported "spike in GPTBot activity" in May and June 2024 as "integral" to its willfulness, circumvention, and CMI removal claims. FAC, ECF 300 ¶¶ 122–25. In fact, the majority of the FAC allegations Ziff Davis cites in support of its request concern models released before July 2024 (FAC ¶¶ 130, 140, 167–68, 175, 183), and the remainder concern models that are outside the scope of discovery of the MDL. The FAC also highlights supposed "verbatim output" from "GPT-4, 4o and 3.5 Turbo" (FAC ¶ 168, n.76)—all released before mid-July 2024. Every WebText example in Exhibit D pre-dates July 2024. ECF 300-4. And of the 31 Exhibit E examples, 26 involve content published before July 2024 or involve a model released before July 2024; with the remaining five not identifying which model was used. ECF 300-5. In short, OpenAI's document collections cover the very allegations Ziff Davis says matter most.

Ziff Davis was well aware of the MDL schedule it now seeks to upend when it elected not to oppose transfer. And yet it never raised concerns about how the MDL case management plan would impact its claims. Under JPML rules, OpenAI promptly filed a Notice of Transfer to add *Ziff Davis* as a tagalong action in the MDL. Ziff Davis could have followed the course of other plaintiffs who sought stays rather than proceed under the MDL schedule. *See, e.g.*, *Petryazhna* (ECF 61) and *Denial* (ECF 537). Indeed, the *Denial* Action—filed just two months after *Ziff Davis*—stipulated to stay to "conserve judicial and the litigants' resources." ECF 537. Ziff Davis made the opposite choice: it joined the MDL under the existing discovery schedule. 5/22/2025

KEKER VAN NEST & PETERS   LATHAM & WATKINS LLP   MORRISON FOERSTER

September 12, 2025
Page **3** of **4**

MDL CMC Hearing Tr. at 68:5–8. It cannot now reverse course and demand unique discovery that would disrupt and extend the schedule it accepted.

### III. OpenAI's Tailored Custodians and Search Terms Comply with ESI Order; Ziff Davis Has Not Met its Obligations.

Ziff Davis's claim that OpenAI has shirked its discovery obligations is baseless. OpenAI tailored custodians and search terms to this action and has repeatedly invited Ziff Davis to collaborate. Approximately 90% of the 146 RFPs Ziff Davis has served to date that OpenAI has responded to overlap with requests from the other News Plaintiffs. OpenAI provided a hit report reflecting: (1) custodians already negotiated across the News cases, (2) the News search terms those plaintiffs agreed to for substantially similar requests, and (3) more than 100 Ziff Davis-specific terms—including all of the Ziff Davis plaintiffs' names, publications, and brands listed in Exhibit A to the FAC as individual, standalone search terms. OpenAI has been prepared to consider counterproposals since serving this hit report nearly a month ago. Ziff Davis has sat silent.

But silence is not an option available to Ziff Davis. The governing ESI Orders require Ziff Davis to make counterproposals within ten business days. ECF 162 ¶ 6; ECF 371 ¶ 6. Instead, Ziff Davis responded with only general objections and has never served a counterproposal for custodians or search terms. Having disregarded the procedure the Court put in place, Ziff Davis cannot credibly accuse OpenAI of stonewalling.

The remaining disputes are not ripe and stem from Ziff Davis's own failures. The only issues Ziff Davis identifies involve scope, not custodians or terms, and remain subject to ongoing discussions:

**RFPs 3–6 (robots.txt)**: The day before Ziff Davis filed its letter motion, OpenAI confirmed that it will produce non-privileged documents concerning its "reliance on, use of, or understanding of robots.txt," and identified the specific search term being applied. This covers the core of those Requests, and Ziff Davis has never indicated any remaining deficiency. *See* **Exhibit A**.

**RFPs 13–14 (alleged "distribution")**: OpenAI asked Ziff Davis to clarify what it means by "distribution" for its §1202(b)(3) claim. The relevance of these Requests depends on that clarification, which Ziff Davis has still not provided. OpenAI remains willing to discuss once Ziff Davis defines its theory.

**Other RFPs:** The parties have not yet conferred on the majority of the 17 Requests to which OpenAI objected but invited further discussion. OpenAI has offered modified responses for those few already discussed but has not received a substantive reply. *See* Ex. A. On the night before the filing of this Response, Ziff Davis informed OpenAI that it is considering our responses and proposed that the parties meet and confer.

September 12, 2025
Page **4** of **4**

In short, OpenAI has complied with its obligations, tailored its custodians and terms, and made good-faith efforts to resolve disputes. Ziff Davis, by contrast, has ignored the ESI Order's requirements, failed to counter-propose, and rushed to court on issues not yet ripe for decision.

**IV.   Conclusion**

OpenAI has complied with the Court's directives, produced discovery addressing Ziff Davis's allegations, and followed the ESI Order in good faith. Ziff Davis, by contrast, has not met its obligations under that Order and seeks an expansion of discovery that would disrupt the MDL's schedule and contravene the Court's fair-use-first framework. Ziff Davis should not be permitted to change the MDL schedule midstream. The motion to compel should therefore be denied.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Andrew S. Bruns* | */s/ Allison S. Blanco* | */s/ Rose S. Lee* |
| Andrew S. Bruns (*pro hac vice*) | Allison S. Blanco (*pro hac vice*) | Rose S. Lee (*pro hac vice*) |