SUSMAN GODFREY L.L.P.

September 12, 2025

Hon. Ona T. Wang
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     *In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143
>         This Document Relates to: *NYT v. Microsoft et al.*, No. 1:23-cv-11195
>         Opposition to OpenAI's Motion to Compel, ECF 869

Dear Magistrate Judge Wang:

OpenAI's letter motion to compel the production of documents responsive to RFPs 301–313 is nearly identical to its prior October 22, 2024 and November 18, 2024 motions, which this Court denied and Judge Stein affirmed. *See* Dkt. 310 (OpenAI's letter motion seeking documents concerning The Times's "alleged market harm, i.e., decreases in revenue and traffic, and analyses of the causes"); *see also* Dkt. 351; Dkt. 592. In an attempt to circumvent those rulings, OpenAI claims that its new requests are narrowed because they seek only documents specifically comparing market forces to the impact of OpenAI's products—but The Times has already agreed to produce "[d]ocuments concerning the impact of Defendants' products on The Times's business and/or revenue." If such documents mention other forces as well, they will have already been produced.  Consistent with its prior rulings, the Court should deny OpenAI's motion.

### 1.  <u>This Court Rightly Rejected OpenAI's Request for Broader Market Discovery.</u>

On November 11, 2024, OpenAI filed a nearly identical motion to compel in which it sought documents concerning The Times's "alleged market harm, *i.e.*, decreases in revenue and traffic, and analyses of the causes." Dkt. 310 at 1. On December 2, 2024, the Court denied OpenAI's motion to compel. Specifically, the Court rejected OpenAI's expansive demand for every last document regarding market harm to The Times—regardless of the reason for the harm— as it was "neither relevant nor proportional to the needs of the case." Dkt. 351. On May 30, 2025, Judge Stein affirmed that Order. *See* Dkt. 592. Judge Stein rejected OpenAI's requests for "documents and communications related to decreases in The Times's revenue, including the reasons for such decreases" and "documents and communications related to decreases in subscriptions and in traffic to The Times platforms, including the reasons for such decreases." *Id.* at 8. In denying OpenAI's requests, Judge Stein noted The Times's extensive production and—in light of that production—affirmed the Court's conclusion that OpenAI's requests were neither relevant nor proportional to the needs of the case.

OpenAI's instant requests ask The Times to produce documents related to thirteen different market forces. However, OpenAI does not offer an explanation for why any of these market forces—e.g., Reddit, newsletter services, macro-news cycles—are likely to have any bearing on the claims or defenses in this case. As this Court and Judge Stein have already found, these demands are "neither relevant nor proportional to the needs of the case." Dkt. 351. Accordingly, the Court should deny OpenAI's attempt to relitigate an already decided issue. *See United States*

*v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991) ("[W]hen a court has ruled on an issue, that decision should generally be adhered to by that court in subsequent stages in the same case.").

**2.** **The Times Has Already Agreed to Produce—and Produced—Responsive Information Regarding OpenAI's Impact on The Times's Business.**

In an attempt to circumvent the aforementioned rulings, OpenAI claims that RFPs 301–313 are narrowed because they seek only documents specifically comparing market forces to the impact of OpenAI's products. However, The Times has already produced such documents.

Specifically, in response to OpenAI's multiple requests for production, The Times has produced detailed information regarding its web traffic. *See, e.g.*, NYT_00781891 (Business Q1 2024 Presentation). The Times has also produced audience reports, which provide The Times's own internal analyses regarding the factors impacting traffic to The Times's website. *See* NYT_00721725; NYT_00721726; NYT_00721727; NYT_00721724; NYT_00721730. In other words, these reports analyze factors giving rise to changes in traffic to Times websites, including whether such changes are attributable to Defendants' Generative AI products or other market forces. Judge Stein already ruled that the production of these reports was sufficient to satisfy The Times's discovery obligations regarding the effect of other market forces in response to OpenAI's previous discovery requests. *See* Dkt. 592 at 9. And The Times reviewed tens of thousands of Slacks and emails from its custodians to search for anything "concerning the impact of Defendants' products on The Times's business and/or revenue." To the extent non-privileged documents responsive to OpenAI's request for discovery regarding the impact of OpenAI's products on The Times' business hit on OpenAI's search terms, The Times reviewed and produced those documents.

OpenAI's characterization of The Times's production of responsive documents as "a handful of 'audience' presentations," Dkt. 869 at 3, is false. Beyond producing audience reports dating back to 2021, The Times also produced Audience Insight Group (AIG) analyses, which directly assess the impact of Generative AI on The Times. *See, e.g.*, NYT_00890826. Indeed, these reports squarely address what OpenAI seeks—The Times's internal analyses regarding the market effects of Defendants' Generative AI products. Moreover, The Times has produced, *inter alia*, the following categories of responsive documents:

1) Documents regarding any harm or injury alleged in this case, which includes documents relating to reductions in readership, revenue, or web traffic;
2) Documents concerning the impact of Defendants' products on The Times's business and/or revenue;
3) Documents concerning how Defendants have diverted Times readers and online traffic;
4) Documents sufficient to show The Times's monthly revenue, including from subscriptions, advertising, and affiliate links from 2015 to present;
5) Documents regarding decreases in online traffic or impacts on Wirecutter subscriptions and advertising revenue attributed to Defendants;
6) Documents sufficient to show total page views for the Asserted Works;
7) Documents sufficient to show monthly user visits and traffic to The Times's websites from 2018 to present;

8)  Documents sufficient to show the monthly Times subscribers from 2015 to present;

9)  Documents sufficient to show trends in readership for the Asserted Works and The Times's online subscriptions; and

10) Documents sufficient to show trends in revenue generated in connection with content published on The Times's website.

If, as OpenAI appears to now claim, its new requests are cabined to discovery comparing other market forces to the impact of OpenAI's products, any responsive, non-privileged documents will have already been produced.


Respectfully submitted,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey L.L.P.

*/s/ Steven Lieberman*
Steven Lieberman
Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)