EXHIBIT A

**Exhibit A (News Issues)**

**Key:** Green represents Plaintiffs' filing; Purple represents Defendants' filing.

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| **I.** | **Motions Filed During Week of September 8** | | | | | | |
| *Times* Dkt. 487<br><br>MDL Dkt. 372;<br><br>MDL Dkt. 549 | 3/31/25<br><br>7/28/25<br><br>9/9/25 | *Times* Dkt. 508<br><br>MDL Dkt. 409;<br><br>MDL Dkt. 568 | News Plaintiffs seek discovery into all versions of Microsoft's "Copilot" product | News Plaintiffs | Microsoft | The Court heard argument on this dispute at the May 27, 2025 discovery hearing, and the August 12, 2025 discovery hearing. News Plaintiffs filed a supplemental motion on September 9, to be argued at the upcoming hearing. | **News Plaintiffs' Position:** News Plaintiffs respectfully reiterate their request for discovery into all versions of Microsoft's Copilot chatbot, including the allegedly "refreshed" version. As addressed in News Plaintiffs' July 28 letter (Dkt. 372) and at the August 12 conference, the "refreshed" version of Copilot looks and functions nearly identical to the original and infringes News Plaintiffs' content in the same manner. Consistent with the Court's guidance from the August 12 conference, News Plaintiffs have narrowed their ask to just seven discovery requests. Yet Microsoft *still* refuses to provide *any* of the requested discovery into "refreshed" Copilot because it implicates the GPT-4o LLMs that are purportedly "not at issue" for Microsoft (but have been part of the case with respect to OpenAI for over a year). Because the parties have been unable to resolve this dispute after more than six months of meet-and-confer efforts, News Plaintiffs respectfully request the Court adopt their revised and narrowed proposal for this discovery, as set forth in News Plaintiffs' September 9 letter motion.<br><br>**Microsoft's Position:** This is News Plaintiffs' fourth attempt to add products beyond the scope of the pleadings. Both Your Honor and Judge Stein have repeatedly ruled that new products, such as New Consumer Copilot, are not at issue in this case. The case schedule should not be derailed to pursue this irrelevant discovery. New products will only be relevant at some future date if Plaintiffs have established liability *and* are permitted to pursue injunctive relief—at which point they can seek such discovery if warranted. The Court's effort at the last hearing to get News Plaintiffs to narrow their requests was unfortunately unsuccessful. Instead, they served seven discovery requests that expanded the scope of discovery. Microsoft respectfully requests that the Court fully and finally deny |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | the request for discovery into models and products that post-date the filing of this action. |
| Dkt. [539](#) | 9/9/25 | Dkt. [574](#) | The Times's refusal to produce discovery regarding market impact of ChatGPT | OpenAI | NYT | The dispute is fully briefed and the Court has not yet heard argument. | **OpenAI's Position:** OpenAI seeks an order compelling The Times to produce discovery into the impact of ChatGPT—as compared to thirteen other specific market forces (such as the rise of social media platforms and the decline of print media)—on its traffic, revenues, and subscriptions, which is directly related to fair use factor four. *See Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 35 (2021). |
| | | | | | | | As acknowledged by the Court, evidence related to whether OpenAI's products, or other market factors, have caused The Times's alleged harm is squarely relevant. ECF 82 at 9. The Times asserts that its traffic, revenues, and subscriptions have been harmed by OpenAI's products and services. Consequently, OpenAI is seeking Times' documents that discuss how OpenAI's products and services might interplay with the effect of competing technology companies (such as Meta's newsfeed practices) and larger market forces (such as macro trends like election news coverage). Notably, The Times never suggests these factors do *not* impact its business. |
| | | | | | | | Instead, for the first time in its opposition, The Times indicates that its search for documents related to "the impact of Defendants' products on The Times's business and/or revenue" would cover the types of analyses sought in RFPs 301-313. If The Times were willing to confirm that it was not withholding additional documents as to these requests, this dispute could be resolved. Unfortunately, The Times has refused to do so. |
| | | | | | | | The Times' other objections are without merit. The prior motion practice on market harm discovery concerned |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | requests for *all* factors affecting The Times's business; this dispute only concerns documents discussing *OpenAI's* products and services that *also* discuss thirteen discrete market factors. The Times also falsely asserts that its prior productions are sufficient. They aren't. For example, The Times's Business Presentation documents say nothing of subscriptions and revenues, and its Audience Reports do not specifically address the thirteen factors. And The Times's suggestion that it is producing documents regarding harm alleged "in this case" is improper – The Times cannot cherry pick documents that support its theories of harm but leave unearthed materials that place OpenAI's alleged contribution in context of other market forces. *See, e.g., Walsh Constr. Co. v. Chicago Explosive Servs., LLC*, 2016 WL 3520190, at *2 (N.D. Ind. June 28, 2016) (rejecting the notion that "any overlap in subject matter" renders discovery request "unreasonably cumulative or duplicative").<br><br>**Plaintiff's Position:** On November 11, 2024, OpenAI filed a nearly identical motion to compel in which it sought documents concerning The Times's "alleged market harm, *i.e.*, decreases in revenue and traffic, and analyses of the causes." On December 2, 2024, the Court denied OpenAI's motion to compel. Specifically, the Court rejected OpenAI's expansive demand for every last document regarding market harm to The Times— regardless of the reason for the harm—as it was "neither relevant nor proportional to the needs of the case." Dkt. 351. On May 30, 2025, Judge Stein affirmed that Order.<br><br>OpenAI's instant requests ask The Times to produce documents related to thirteen different market forces. However, OpenAI does not offer an explanation for why any of these market forces—e.g., Reddit, newsletter services, macro-news cycles—are likely to have any bearing on the claims or defenses in this case. As this Court and Judge Stein have already found, these demands |

3

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | are "neither relevant nor proportional to the needs of the case."<br><br>In an attempt to circumvent those rulings, OpenAI claims that its new requests are narrowed because they seek only documents specifically comparing market forces to the impact of OpenAI's products—but The Times has already agreed to produce "[d]ocuments concerning the impact of Defendants' products on The Times's business and/or revenue." If such documents mention other forces as well, they will have already been produced. Therefore, to the extent this is all OpenAI seeks, its motion is moot. |
| Dkt. 541 (original)<br><br>Dkt. 561 (corrected) | 9/9/25 | Dkt. 569 | OpenAI's production of Common Crawl data | News Plaintiffs | OpenAI | The dispute is fully briefed; the Court has not yet heard argument. | **News Plaintiffs' Position**: OpenAI should be ordered to produce the copies of News Plaintiffs' works that OpenAI obtained from Common Crawl—copies which OpenAI stripped of their copyright management information ("CMI") before using them to train their models. Instead of producing these copies, which OpenAI indisputably possesses, OpenAI's position is that News Plaintiffs must comb through Common Crawl databases to find the copies themselves. That path is unnecessarily burdensome. It also invites further disputes. News Plaintiffs are entitled to the exact copies OpenAI obtained without any uncertainty about whether the copies are in fact the same. The federal rules prohibit OpenAI's "do it yourself" approach. OpenAI's argument below is misguided; News Plaintiffs merely seek excerpts of documents that OpenAI has already obtained, not an expert analysis of those documents. OpenAI has already produced excerpts of its Common Crawl training sets that correspond to News Plaintiffs' articles, and News Plaintiffs merely seek similar excerpts from the raw data on which those training sets were based. OpenAI is also wrong that News Plaintiffs first stated their requests for excerpts during motion practice. *See* ECF No. 561-9 at 2 ("To be clear, we are requesting only the parts of those crawls corresponding to Plaintiffs' websites, not the |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | crawls in their entirety; see my July 30 email to you."), Finally, there was no failure to meet and confer. The Times, the *Daily News* Plaintiffs, and the *Ziff Davis* Plaintiffs seek the same discovery as Intercept and CIR, who led the meet-and-confer efforts for all News Plaintiffs (all of whom were copied on the relevant emails via the "NewsPlaintiffs-Service list"), and the same types of documents are responsive to their RFPs. OpenAI's complaint also makes no sense; it would be far more burdensome and inefficient for every news plaintiff to file a duplicative motion seeking the same exact information.<br><br>**OpenAI's Position:** The NY Times, Daily News plaintiffs, and Ziff Davis plaintiffs flouted this Court's Individual Practices and repeated guidance by failing to meet and confer to resolve this discovery dispute. Their assertion that they authorized Intercept/CIR to "le[a]d the meet-and-confer efforts" on their behalf is demonstrably false. None of the RFPs cited by The NY Times, Daily News plaintiffs, or Ziff Davis plaintiffs call for portions of Common Crawl data, let alone identify the asserted works  that they seek to extract from this data; none of their counsel participated in any meet-and-confers; and none of their counsel even discussed this data with OpenAI over email. *See* Dkt. 561-9 (email showing that only Intercept/CIR met and conferred with OpenAI and only about Intercept/CIR RFPs). The motion should be denied with prejudice as to these plaintiffs to deter burdensome and needless motion practice.<br><br>As to Intercept/CIR, their Motion calls for "excerpts" of Common Crawl data that they know *OpenAI does not have and which do not currently exist.* News Plaintiffs apparently seek to enlist OpenAI's engineers or consultants to perform expert analysis, demanding that they forensically analyze over six million gigabytes of Common Crawl data; somehow identify and excise the asserted works; and generate new files (*i.e.*, "excerpts") for |

5

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | News Plaintiffs. (Indeed, until Plaintiffs shared their position for this chart, a request for "excerpts" had never previously been raised, further indicating the lack of adequate meet-and-confer efforts.) If News Plaintiffs wish to conduct such a technical analysis and create "excerpts" of Common Crawl data (data that they admit is publicly available and readily downloadable) based on their *own* works, their team of experts (not OpenAI) should do it. OpenAI need not "conduct a review of records . . . to which [News Plaintiffs] [have] access and make determinations that [News Plaintiffs] can do for [themselves]." *Espinal v. Coughlin III*, 2000 WL 245879, at *1 (S.D.N.Y. Mar. 3, 2000). As the purported owners of the asserted works, News Plaintiffs are the ones who know *exactly* what "excerpts" they are looking to identify and isolate in over six million gigabytes of Common Crawl data.<br><br>Finally, News Plaintiffs suggest that OpenAI's past search of training datasets for a handful of URLs means it would be easy to do an unspecified forensic analysis of raw Common Crawl data. But the training datasets that OpenAI searched already--at great expense--were proprietary to OpenAI and therefore **not** equally accessible to the Plaintiffs. And those searches involved less than 1% of the data volume, so the search involved a tiny fraction of the burden. News Plaintiffs' reference to those past dataset searches is a good one because it demonstrates that OpenAI is willing to do complex data analysis of reasonably sized proprietary data. However, News Plaintiffs cannot force OpenAI to conduct a much more burdensome forensic search of data that is equally accessible to them. |
| Dkt. 543 | 9/9/25 | Dkt. 572 | The Times's refusal to produce evidence of | OpenAI | NYT | The dispute is fully briefed and the Court has not yet | **OpenAI's Position:** OpenAI requests a modest and targeted extension of The Times's date range cutoff to June 30, 2025 for five narrow categories of evidence that directly relate to The Times's allegations of ongoing harm. These categories include: (1) Google's 2024 search |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | harm beyond May 1, 2024 | | | heard argument. | changes and The Times's SEO strategy; (2) The Times's actual revenue; (3) The Times's user-related metrics; (4) whether shifts in revenue or traffic are attributable to OpenAI as opposed to other factors; and (5) The Times's use of robots.txt and other webmaster controls. There's no dispute that these categories of documents are relevant, but, for the most part, The Times refuses to produce them beyond The Times's default May 1, 2024 date cut-off. However, The Times simultaneously asserts that OpenAI's products continue to harm its subscriptions, revenues, traffic, and ability to produce quality journalism *to the present day*. Because The Times claims that OpenAI's products continue to cause ongoing harm, The Times must produce evidence related to its alleged harm for *the relevant period*. This is particularly true given The Times's own requests of OpenAI to produce similar evidence through 2025.<br><br>OpenAI appreciates The Times's offer–made for the first time in its opposition–to produce actual revenue data (category (2)) through 2025. However, it has not explained its refusal to offer compromises on the other relevant categories of documents. For instance, and as explained in OpenAI's motion, crucial changes to Google search only occurred in May 2024–the same month The Times has cut off its production. For this category and the others which are the subject of OpenAI's motion, The Times has failed to substantiate the burden of complying with OpenAI's request for a 14-month date range extension, which could be achieved via targeted "go-and-get" searches.<br><br>**Plaintiff's Position:** For the second time in three months, OpenAI has sought to expand the date range for The Times's production. And, contrary to the Court's express instruction for "any future motion[s] to expand date ranges," OpenAI has again failed to "make a |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | particularized showing based on evidence already produced and reviewed as to why production is appropriate" for its requested expansion.<br><br>As an initial matter, the parties already negotiated search terms, custodians, and date ranges for collection in July 2024. And, the parties agreed that The Times would only need to collect documents until May 2024. Now, over a year after the parties' initial agreement, OpenAI requests for the first time that The Times expand the date range for portions of its production to June 2025. That is inappropriate.<br><br>Moreover, The Times has already agreed to produce projection data that covers the period through 2030—*i.e.*, five years beyond OpenAI's stated request. The Times is also willing to produce a 30(b)(6) witness to testify about the overall revenue streams earned by The Times from January 1, 2018 to September 1, 2025, as well as produce the accompanying revenue data through June 2025. In light of this additional evidence, and the raft of other data The Times has produced regarding its page views, active subscribers, total users, visits, and traffic dating back to 2015, it is unreasonable for The Times to now have to go back and produce another fourteen months of data.<br><br>However, to the extent the Court believes such an expansion is necessary, The Times requests that OpenAI be similarly required to expand its date range for financial documents, user metrics and documents regarding its products. |
| Dkt. 542 | 9/9/25 | Dkt. 577 | News Plaintiffs' request for documents concerning | News Plaintiffs | OpenAI | The dispute is fully briefed; the Court has not yet | **News Plaintiffs' Position**: News Plaintiffs seek an order requiring OpenAI to produce documents concerning the affirmative defenses it has asserted. *E.g.*, RFP 168 (seeking documents "related to any contention by You that News Plaintiffs' claims for relief are barred by the |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | OpenAI's affirmative defenses | | | heard argument. | statute of limitations"). This is a standard discovery request that courts routinely enforce. *See, e.g.*, *Fort Worth Employees' Retirement Fund v. J.P. Morgan Chase & Co.*, 297 F.R.D. 99, 109 (S.D.N.Y. 2013) (ordering the defendant to comply with a request for "documents 'concerning [the] defendants' contentions or defenses'"); Fed. R. Civ. P. 26. OpenAI will only commit to producing documents "on which it will rely as evidence at summary judgment or at trial." In other words, OpenAI will not produce documents in its possession or control that undermine or discredit its affirmative defenses. That is improper. OpenAI's statement below points to *other* RFPs not at issue in this motion and claims its productions for those other RFPs should satisfy its obligations as to these RFPs. The Court should not bless that approach. OpenAI has asserted specific affirmative defenses, and News Plaintiffs have appropriately propounded discovery about those affirmative defenses. Yet OpenAI now claims it need only produce responsive documents it will affirmatively rely on, rather than conduct a reasonable search and produce the responsive documents it finds.<br><br>**OpenAI's Position:** Plaintiffs' motion should be denied because (a) OpenAI has already produced, and is producing, documents related to its affirmative defenses regardless of whether they might "undermine" or "discredit" those defenses, and (b) the specific RFPs Plaintiffs moved on are improper. Plaintiffs' motion is premised on a mistaken belief that OpenAI is withholding documents related to its affirmative defenses that may "undermine or discredit" those defenses. This is not true. OpenAI is *not* withholding documents related to its affirmative defenses on the basis that they might not help OpenAI. To the contrary, OpenAI has to date produced over 135,000 documents without regard to whether they support or potentially undermine OpenAI's defenses in this case. Those documents were responsive to over 250 discovery requests, many of which relate to OpenAI's |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | affirmative defenses, and were found pursuant to a reasonable search using over 170 search terms to which Plaintiffs agreed run across 37 custodians. Plaintiffs have not contended in the context of this dispute that OpenAI's productions to date have been deficient in any way. Simply put, Plaintiffs have received, and are receiving, the discovery that they seek and they have not identified any basis to conclude otherwise.<br><br>Plaintiffs' insistence that OpenAI agree to their separate requests for "all documents and communications related to" OpenAI's affirmative defenses should be rejected because they are improper. The Federal Rules require that documents be requested "with reasonable particularity." Fed. R. Civ. P. 34(b)(1)(A). Plaintiffs' requests, in contrast, are blanket requests that courts regularly recognize as improper. *See, e.g.*, *Vaigasi v. Solow Mgmt. Corp.*, No. 11-cv-5088, 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016). Plaintiffs issued hundreds of other requests that, unlike those at issue here, do include the requisite level of particularity. OpenAI has been hard at work for over 18 months fulfilling its obligation to produce documents responsive to requests that comply with the Federal Rules. The Court should therefore deny Plaintiffs' motion. |
| Dkt. 551 (Sealed Filing)<br><br>Dkt. 544 (Public Filing) | 9/9/25 | Dkt. 583 | The Times's deficient privilege claims over documents concerning its use of OpenAI's LLMs for business purposes | OpenAI | NYT | The dispute is fully briefed and the Court has not yet heard argument. | **OpenAI's Position:** OpenAI seeks an order compelling The Times to produce a small number of documents (and non-privileged drafts and communications regarding the same) that discuss The Times's evaluation of OpenAI's products and their transformative uses for The Times's business – key issues relevant to proving fair use and contradicting The Times's claims of existential harm. This is a repeat of OpenAI's August privilege motion, where The Times initially improperly asserted privilege over business discussions about The Times' beneficial uses of OpenAI's LLM (but eventually produced those |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | documents, the July and September 2023 GenAI presentations and a GenAI training).<br><br>Documents within The Times's production demonstrate that the documents at issue here similarly discuss business uses of OpenAI's LLMs. The Times has failed to establish privilege over these documents–the limited log entries it has identified fail to set forth any "specific facts" establishing each element of the privilege. Nor has The Times offered evidence or declarations (as OpenAI has) explaining the basis for its privilege claims. The Times should produce these documents, at a minimum with redactions of any purportedly privileged portions.<br><br>The Times's claim that OpenAI failed to meet-and-confer on the remaining documents at-issue is directly contradicted by the correspondence OpenAI submitted with its letter motion (ECF 551-4, 551-5), which shows that OpenAI first raised the deficient privilege claims over these very documents four-and-a-half months ago and repeatedly afterwards, but The Times refused to engage.<br><br>**Plaintiff's Position:** As an initial matter, The Times notes that—before filing its instant motion to compel—OpenAI made no attempt to meet and confer regarding these sixteen documents or to clarify the scope of its requests. Consistent with the Court's repeated guidance, The Times believes that this dispute could have been resolved without motion practice—as The Times could have explained the basis of its privilege assertions. In any event, although OpenAI purportedly challenges The Times's privilege assertion over sixteen documents, it only attempts to substantiate its challenge for four of those documents. With respect to the "Generative AI: Process Brief," this document was already produced as NYT_00759718, and will accordingly be removed from |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | the log. The "GAI News Workstreams Kickoff" presentation contains some privileged content, but The Times will produce it in redacted form. And, The Times also agrees to produce the "GAI News Workstreams Kickoff" presentation in full. The Times maintains its assertion of privilege over the "Apollo: Recommendation on Crawlers/Dataset" document, as it contains legal advice regarding The Times's proposed litigation and enforcement strategy against potential infringers of its intellectual property. <br><br> With respect to the remaining 12 documents OpenAI has listed in its Appendix as subject to its instant challenge, The Times notes that a significant number of these documents are drafts that were prepared for legal review, which neither party has agreed to produce since doing so would reveal privileged legal advice. |
| Dkt. 550 | 9/9/25 | Dkt. 573 | OpenAI's custodians and search terms for *Ziff Davis* case | Ziff Davis | OpenAI | The dispute is fully briefed; the Court has not yet heard argument. | **Ziff Davis's Position**: Ziff Davis seeks an order directing OpenAI to identify custodians and search terms and provide "hit reports," without unilaterally ignoring vast swaths of Ziff Davis's claims. **First**, OpenAI's investigation must encompass the full scope of Ziff Davis's claims—without excluding claims that are the subject of OpenAI's previously-rejected arguments in its pending motion to stay. **Second**, OpenAI must provide custodians, search terms and hit counts through the present (*i.e.*, it cannot cut off its document collection more than a year before Ziff Davis filed suit). **Third**, OpenAI must provide custodians, search terms and hit reports related to the full scope of Ziff Davis's RFPs. To date, OpenAI largely has only committed to produce what it provided to other News Plaintiffs. <br><br> In its opposition, OpenAI misstates fundamental facts and continues to be coy about its own discovery. Ziff Davis joined the MDL **before** the initial CMC and **before** entry of the case schedule. *See* Dkt. 238 ; *see also* Dkt. 60 at 2 |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | ("Discovery is deemed to be open in the *Ziff Davis* action."). No portion of Ziff Davis' case has been "stayed," and in fact OpenAI stipulated to the case schedule after Judge Stein rejected OpenAI's oral motion to stay what OpenAI characterized as Ziff Davis' "broader" claims during the CMC. While OpenAI now suggests the MDL focuses on fair use, OpenAI itself seeks much broader discovery from Ziff Davis, while trying to avoid commensurate discovery. Contrary to OpenAI's assertions, Ziff Davis is not trying to "upend" the case schedule, but seeking to have OpenAI honor it. Moreover, contrary to OpenAI's assertions, OpenAI has failed to provide tailored Ziff Davis-specific search terms and custodians and Ziff Davis has spent the bulk of four meet-and-confers providing feedback and asking OpenAI to do that. Finally, OpenAI cannot simply evade Ziff Davis' RFPs by vaguely proposing to "meet and confer" for months, while failing to identify its position<br><br>**OpenAI's Position:** Ziff Davis's demand for discovery outside the scope of the MDL is foreclosed by Judge Stein's order, would needlessly delay a fair use decision, and would burden OpenAI with months of additional discovery work. Contrary to Ziff Davis's statement above, OpenAI is not withholding discovery based on its pending motion to stay and will continue to produce documents and information covering the full scope of discovery applicable to the MDL. **First**, Ziff Davis's demanded discovery on eight additional models beyond those ordered by the Court would make the August 14, 2026 summary judgment deadline impossible. Judge Stein "ha[s] no current intention of changing" that deadline. **Second**, the documents OpenAI has already collected and produced (or will produce) cover the allegations Ziff Davis contends are "significant" to its claims and are relevant to the models within the scope of discovery. Adding a full year's worth of document discovery would extend the case schedule Ziff Davis |

13

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | accepted and would needlessly delay a fair use decision. **Third**, OpenAI has already provided search terms, custodians, and hit reports tailored to Ziff Davis and its claims and has not received substantive feedback, much less a search term counterproposal as required by the ESI Order. Ziff Davis's statement above simply ignores the course of negotiations and does not justify its premature request for the Court's intervention. OpenAI remains open to further meet and confer on any disputes, none of which is currently ripe for decision. |
| Dkt. 553 | 9/9/25 | Dkt. 570 | The process for scheduling depositions | New York Times | Defendants | The dispute is fully briefed; the Court has not yet heard argument | **The Times's Position**: The Times requests a settlement conference to help the parties agree on a process for scheduling depositions. Defendants' delay in scheduling depositions risks imperiling the February 27, 2026 close of fact discovery. The Times has for months been seeking to schedule depositions of its own employees, offering numerous dates in September and October for ten witnesses whom Defendants have requested. Yet Defendants have committed to taking just two depositions through the end of October. Meanwhile, Defendants have delayed in offering dates for their own employees' depositions. Defendants' arguments underscore the need for a formal scheduling process, as the parties have clear disagreements about how scheduling should proceed. Even Defendants' brief acknowledges that the "deposition scheduling process has been hampered." Dkt. 570 at 1. But Defendants' complaints are misguided, including for example their attempt to blame *class plaintiffs'* purported delay for their own failure to schedule *Times* witnesses' depositions. In any event, Defendants' complaint proves why a formal scheduling procedure is necessary. There are many depositions to plan, across numerous actions, and a formal process will ensure more seamless scheduling.<br><br>To break the logjam, The Times has made a proposal to add a scheduling procedure to the deposition protocol. |

14

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | The Times will continue to meet and confer with Defendants about its proposal. But if the dispute is not resolved by the upcoming September 25 conference, the Court should hold a settlement conference to address the issue.<br><br>**Defendants' Position**: Defendants respectfully do not believe that a settlement conference is either necessary or the most efficient way to break the purported "logjam" The Times believes exists here. There is no logjam. The parties are meeting and conferring and productively scheduling depositions and discussing processes to schedule more. There is no need for court intervention or a "settlement conference."<br><br>Not only did The Times fail to even attempt to meet and confer about the substance of this request—filing it just *six hours* after sending over a proposal for Defendants' review—its letter omits entirely factors outside of Defendants' control that have impacted deposition scheduling. Class Plaintiffs have failed to attend meet and confers regarding deposition coordination, timely serve 30(b)(6) notices, and provide dates for witness depositions—lagging weeks behind their News counterparts. All Plaintiffs' 30(b)(6) notices included hundreds of discrete topics, requiring an extensive amount of time for Defendants to parse through carefully to determine the appropriate witnesses to designate—a necessary first step before deposition scheduling given that numerous witnesses will need to sit in both their individual and 30(b)(6) capacities. And Plaintiffs have in the past month and half alone produced hundreds of thousands of pages of documents which require review in order to determine the appropriate individuals to depose under the strict time limits agreed to in these cases. Since the filing of The Times motion, Defendants have provided a counterproposal and the parties have met and conferred. Defendants believe the parties should continue the meet and |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | confer process, outside of the confines of the settlement conference context, in order to best facilitate the streamlined completion of depositions in a timely manner. |
| Dkt. 559 | 9/9/25 | N/A | OpenAI's document productions concerning "pink-slime" entities' reliance on OpenAI's models to generate journalism | News Plaintiffs | OpenAI | The dispute is fully briefed; the Court has not yet heard argument. | **News Plaintiffs' Statement:** The parties met and conferred again after News Plaintiffs filed their motion and reached an agreement that should resolve this dispute. OpenAI agreed to the requested discovery and agreed to confer in good faith on additional search terms. News Plaintiffs have proposed specific search terms to capture the documents they seek, and OpenAI has agreed to some but not all of these proposed terms. OpenAI is providing hit counts for the search terms that remain disputed, and the parties will continue to meet and confer with the goal of fully resolving the dispute before the September 25 conference. However, the dispute is not yet fully resolved because of the six search terms that remain disputed.<br><br>**OpenAI's Position:** Plaintiffs' motion sought an order "compelling OpenAI to produce documents" in response to "RFPs 188-189." ECF 559. The parties met and conferred after Plaintiffs filed their motion. During that conferral process, Plaintiffs represented that, if OpenAI agreed to respond to RFPs 188 through 189 by running 82 of News Plaintiffs' proposed search terms and further agreed to confer in good faith regarding 6 additional terms, the dispute presented in this motion would be resolved. OpenAI agreed to the foregoing and, in response, Plaintiffs confirmed resolution of this dispute by stating in a Friday 9/13 email: "This resolves our dispute as to RFP 188-189." As such, contrary to what Plaintiffs contend above, this motion does not present any unresolved issues to the Court. |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| **II.** | **Other Updates** | | | | | | |
| Dkt. 377 (Sealed Filing) <br><br> Dkt. 376 (Public Filing) <br><br> Dkt. 472 (Sealed Supplemental Filing) <br><br> Dkt. 471 (Public Supplemental Filing) | 7/29/25 <br><br> 8/22/25 | Dkt. 417 <br><br> Dkt. 477 (Sealed Supplemental Filing) <br><br> Dkt. 475 (Public Supplemental Filing) | NYT's destruction of evidence of its use of OpenAI's LLMs | OpenAI | NYT | The dispute is fully briefed. The parties filed supplemental briefing after the August 12 hearing on the motion. | **OpenAI's Position:** The Times has deleted and is refusing to produce evidence of how it has actually used OpenAI's models, which is directly related to the core fair use issues in this litigation. The Times—while asserting in this litigation that OpenAI's models are non-transformative and harmful—used those same tools internally to advance its journalism and subscription strategies. Yet, The Times permanently destroyed all logs of this usage from at least November 2023 to March 2024. The Times also refuses to produce the remaining logs without clearly establishing burden (Indeed, The Times has submitted no declarations supporting its burden claim). Per the Court's request, OpenAI filed supplemental briefing further explaining the relevance of ChatExplorer logs, proportionality, and the burden of production. Dkt. No. 472; Dkt. No. 468 (MSFT brief on substantial non-infringing uses). The contents of the logs will provide concrete proof of *how* The Times *actually* uses OpenAI's LLMs, which will uniquely show that OpenAI's LLMs are transformative and undermine The Times's theory of harm. These specific examples of actual uses, rather than general statements of use, demonstrate the *degree* of transformativeness and *extent* of benefit that OpenAI's models provide to users, which is critical to balancing the four fair use factors. This dispute is fully briefed, was argued on August 12, and is ripe for resolution. The Times should be ordered to produce the logs and have a custodial witness sit for a supplemental 30(b)(6) deposition. <br><br> **Plaintiff's Position:** As The Times has repeatedly maintained, ChatExplorer logs are not relevant to the claims or defenses in this litigation. Specifically, the logs in question are not relevant to either the first or fourth fair use factors. And, as Judge Stein has recently ruled, Defendants' substantial noninfringing uses defense is not |

17

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | at issue in this case because The Times has not alleged contributory infringement by inducement. However, assuming for the sake of argument the Court finds the use of ChatExplorer is relevant, production of ChatExplorer logs goes against the tenants of Federal Rule of Civil Procedure 26(b)(1). Specifically, Defendants already have the evidence they need regarding The Times's use of ChatExplorer, and the burden associated with reviewing and producing these logs absolutely outweighs their benefit. Indeed, while traditional document review is limited to mutually agreed-upon custodians and a tailored set of terms, The Times would be required to review the logs from 512 distinct users, most of whom are not custodians in this case, and that includes members of the newsroom. And, these non-custodians are associated with over 81,000 of the 82,150 ChatExplorer logs. Reviewers would also need to review these logs carefully, as they may contain The Times's source code or privileged materials (i.e., materials protected by the attorney-client or reporters' privilege). As such, the burden and expense of the proposed discovery outweighs its likely benefit.<br><br>Finally, The Times has already answered multiple detailed questions from Defendants about SumoLogic and ChatExplorer. OpenAI has not explained what more it hopes to gain from four more hours of deposition time. |
| Dkt. 392, Dkt. 396<br><br>Supp. Briefs at: Dkt. | 7/30/25<br><br>8/22/25 | Dkt. 427<br><br>Dkt. 477 (Sealed Supplement | Production of Data from ChatExplorer | Microsoft | The Times | The dispute is fully briefed. The Court heard argument on August 15, 2025. Subsequently, the Court | **Microsoft's Position:** The Times's ChatExplorer logs evidencing its use of the products at issue are direct evidence of commercially significant noninfringing uses, establishing that defense to its Count IV for end user infringement. Given the astronomical damages sought and high stakes issues concerning the technology, there is no undue burden to The Times of reviewing and producing less than a thumb drive's worth of data. |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| 468, 475. | | al Filing)<br><br>Dkt. 475 (Public Supplemental Filing) | | | | asked for supplemental briefing, which is complete. | Contrary to The Times' assertion, Judge Stein never ruled that the substantial noninfringing uses defense is not at issue in this case.  Judge Stein expressly affirmed that it is a defense in the case in ruling upon the Rule 72 objections.  Further, The Times has the law completely backwards on the applicability of this defense.  As detailed in Microsoft's supplemental brief, substantial noninfringing uses is a defense to a claim for contributory infringement by material contribution (which The Times admits is the form of contributory infringement claim it has brought as Claim IV.  It is not a defense to a claim for contributory infringement by inducement (which The Times has not brought).<br><br>**Plaintiffs' Position:** Microsoft's motion to compel ChatExplorer logs is nearly identical to OpenAI's. Accordingly, The Times rests on its above response to OpenAI's motion. |
| Dkt. 394<br><br>Dkt. 398 | 7/30/25 | Dkt. 435<br><br>Dkt. 403/404<br><br>Dkt. 410 | OpenAI output log data | News Plaintiffs | OpenAI | The Court convened a confidential settlement conference on August 15, 2025, and ordered the parties to continue meeting and conferring and to provide a status update as part of another confidential | **News Plaintiffs' and OpenAI's Joint Statement:** On September 9, 2025, the parties jointly requested that the Court convene a confidential settlement conference to be held the morning of September 26, 2025, to discuss outstanding output log issues, including relating to: (1) the preserved data sampling protocol (Dkt. 398, 403), and (2) sampling of historical ChatGPT conversations (Dkt. 394, 436). Dkt. 540.<br><br>The parties anticipate filing a joint letter brief on September 19, 2025, pursuant to paragraph 6 of this Court's order at Dkt. 463 regarding the preserved data sampling protocol. |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | settlement conference. | |
| | | | Substantial Completion Deadline | OpenAI | Ziff Davis | | **OpenAI's Position**: OpenAI provides this update regarding the Court's previous order that the parties meet and confer regarding a date for substantial completion of document production. *See* Dkt. 451 at 3. Ziff Davis has yet to produce a single document to OpenAI (by contrast OpenAI has produced over 135,000 documents to Ziff Davis). And Ziff Davis still refuses to commit to a substantial completion date despite the Court's order. Following motions practice, the Court ordered the parties to set a substantial completion date. Dkt. 451. Although the parties conferred, Ziff Davis refuses to commit to a date, stating only that it is "targeting" October 31, 2025 for RFPs served through August 4. OpenAI submits that the parties should agree to a mutual, firm date of October 31 for substantial completion of document production in response to such requests. Ziff Davis complains about OpenAI's ESI counterproposal, but OpenAI followed the agreed-upon (and Court-ordered) procedure set out in the governing ESI order, Dkt. 371, for timely counterproposing additional search terms and custodians. This counterproposal was necessary due to severe deficiencies in Ziff Davis's initial proposal. Ziff Davis responded to OpenAI's search term counterproposal and the parties will continue negotiating. But if Ziff Davis continues to avoid setting a firm deadline and misses its "target," the case schedule may be impacted and further motions practice will likely be necessary.<br><br>With respect to Ziff Davis's third set of RFPs, OpenAI has determined that the existing search terms and custodians that OpenAI previously proposed are sufficient given that those RFPs are identical or nearly identical to requests previously served by other News plaintiffs. The parties have met and conferred on search |

20

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | terms repeatedly, and OpenAI has met its related discovery obligations.<br><br>**Plaintiff's Position:** There is no ripe dispute here, and there is no pending motion. Ziff Davis is moving rapidly to review and produce documents in response to RFPs that OpenAI only served in June, July and August 2025. In Dkt. 451, the Court ordered the Parties to meet and confer as to a mutual date for substantial completion of document production. The Parties have done so and continue to do so. Because Ziff Davis must review over 300,000 documents, it has provided a target date of October 31 for substantial completion, and has agreed to keep OpenAI updated as to its progress. However, OpenAI recently proposed an additional 22 custodians beyond the 13 custodians Ziff Davis identified (and from whom it already has collected and begun reviewing documents), as well as substantial edits to Ziff Davis's proposed search terms that would more than double the current hit counts even before adding other custodians. Ziff Davis is moving rapidly to produce documents in response to RFPs that OpenAI only served in June, July and August 2025; meanwhile, OpenAI is still responding to RFPs that were served last year. Ziff Davis has been and continues to be exceedingly diligent.<br><br>Further, as set forth in Dkt. 550, although OpenAI claims it can meet the October 31 date for its own production, it can only do so by unilaterally cutting off the date range for its production in July 2024 and refusing to search for documents commensurate with the full scope of Ziff Davis's claims. It now states that it has produced 135,000 documents to Ziff Davis, but this was its cross-production of documents already produced to other Plaintiffs in this case; OpenAI has not produced a single new document in response to Ziff Davis's RFPs. Additionally, OpenAI has refused to identify any |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | substantial completion date (or even to provide custodians, search terms and "hit results") in response to Ziff Davis' Third Set of Requests, as it was required to do by September 6. And today, OpenAI asserts for the first time that the search terms and custodians that it provided before Ziff Davis served *any* discovery requests are somehow sufficient to cover the third set of RFPs. |
| Dkt. [144](#) (Sealed Filing) Dkt. [146](#) (Public Filing) | 6/10/25 | Dkt. [195](#) | News Plaintiffs seek to compel OpenAI to produce documents concerning ChatGPT's current product-recommendation feature | News Plaintiffs | OpenAI | The dispute is fully briefed and the Court heard argument at the June 25, 2025 conference The Court ordered the parties to meet and confer and to provide an update in the August 4 chart. NYT Dkt. 711 at 3. | **News Plaintiffs' Position:** News Plaintiffs seek an order requiring OpenAI to search for and produce documents relating to ChatGPT's current product-recommendation service. These documents are highly relevant to the allegation that ChatGPT harms News Plaintiffs' own product-recommendation websites (*e.g.*, The Times's Wirecutter site) by illegally reproducing News Plaintiffs' product recommendations, thereby depriving News Plaintiffs of the revenue they receive when users purchase products by clicking the affiliate links on News Plaintiffs' sites. The Court heard argument at the June 25 hearing and directed the parties to continue to meet and confer and to provide an update in the next chart. To focus this dispute on a narrowed set of material missing from discovery so far, News Plaintiffs re-reviewed OpenAI's productions to date and flagged that its productions omit documents addressing OpenAI's efforts to monetize product recommendations, including reported plans to charge commissions on purchases made for products displayed to users within ChatGPT. *See* https://www.msn.com/en-us/news/technology/openai-reportedly-works-to-monetize-chatgpts-shopping-function-by-taking-commission/ar-AA1INCJU. As a first step, News Plaintiffs now seek documents concerning this plan and any other efforts to monetize product recommendations. Contrary to OpenAI's assertion below, News Plaintiffs have conferred with OpenAI about this revised request |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | in advance of the August conference (for which this dispute was teed up but not heard). News Plaintiffs will do so again to try to resolve the dispute, but to date, OpenAI has rejected News Plaintiffs' compromise proposal without making any counteroffer to produce additional documents.<br><br>**OpenAI's Position:** News Plaintiffs' relentless and improper push to probe every rumored future product development at OpenAI will derail discovery and the Court's schedule. The Court directed the parties to review discovery "on product recommendation features ***before th[e] April 2025 announcement***." 6/25 Hr'g Tr. at 125:02-04 (emphasis added). OpenAI did so, producing more than 200 documents from that period. Still unsatisfied, Plaintiffs now demand discovery into speculative, future plans.<br><br>Tellingly, News Plaintiffs will not even define the full scope of their request, instead seeking sweeping categories of documents "[a]s a first step." And they have refused to confer with OpenAI since the parties last updated the Court on this dispute on August 8. Their apparent strategy is to keep the dispute alive to capture any new development, threatening to make discovery the "never-ending process" Judge Stein warned against. 5/22/2025 Hr'g Tr. at 25:24-25. OpenAI, by contrast, remains ready to confer and resolve this issue. |
| [NYT 311](#) | 11/18/24 | [NYT 338](#) | Microsoft's output log data | News Plaintiffs | Microsoft | The Court heard argument at the January 22, 2025 conference, and ordered the Parties | **News Plaintiffs' & Microsoft's Joint Statement:** The parties agreed to a narrowed set of output log data fields, and on September 8, 2025, Microsoft represented to News Plaintiffs that it was creating a searchable "metadata table" to perform keyword searches over the selected output log data fields. Microsoft estimated that the process would be completed in approximately two weeks, assuming no technical issues, and that the process was already underway as of September 8. Based on these |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | to meet and confer. | representations, no further action is required from the Court at this time. |
| Dkt. 380 | 7/30/25 | Dkt. 426 | Microsoft 30(b)(6) Deposition | News Plaintiffs | Microsoft | The Court heard argument at the August 12 hearing and directed Microsoft to by September 30 present a witness for a 30(b)(6) deposition on the 5 topics served by News Plaintiffs on July 8, 2025. | **Joint Statement**: This deposition will go forward on September 30, 2025. The Parties agree that no further action is required from the Court at this time. |
| Dkts. 155, 152 (Redact ed) | 6/10/20 25 | Dkts. 185, 201-13 | OpenAI's Production of Training Datasets | News Plaintiffs | OpenAI | The Court heard argument on this dispute at the June 25, 2025 discovery conference and order the parties to continue to meet and confer. | **Joint Statement:** The Parties agree that no further action is required from the Court at this time. |