# EXHIBIT B

# CLASS CHART

**Exhibit B (Class Issues)**

Key: Green represents Plaintiffs' filing; Purple represents Defendants' filing.

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| **Pending Motions – Class** | | | | | | | |
| Dkt. 393 (Sealed Filing) <br><br> Dkt. 397 (Public Filing) | 7/30/25 | Dkt. 429 | OpenAI's deposition subpoenas to Former Plaintiffs | OpenAI | Class Plaintiffs / Five Former Lead Plaintiffs | This dispute is fully briefed, was argued on August 12, and is ripe for resolution. | **OpenAI's Position:** OpenAI requests an order compelling limited, three-hour depositions of five former Lead Plaintiffs: Preston, Winchester, Coates, Silverman, and Díaz ("Former Lead Plaintiffs"). Each possesses unique factual information relevant—and often contrary—to numerous allegations throughout the complaint. This information is directly relevant to factor four, the propriety of class certification, and damages. OpenAI cannot discover this information from the remaining named plaintiffs who appear to have been carefully and deliberately selected to avoid these issues. OpenAI is thus entitled to the discovery it seeks to defend itself in this litigation brought by the Former Lead Plaintiffs, and should not be required to wait until the end of fact discovery before it can seek their depositions of the Former Lead Plaintiffs. Former Lead Plaintiffs contend they should be shielded from discovery as absent class members. But these are percipient witnesses, and not "true strangers" to the litigation, whom absent-class discovery limits are designed to protect. *Fishon v. Peloton Interactive, Inc.*, 336 F.R.D. 67, 72 (S.D.N.Y. 2020). Former Lead Plaintiffs are the antithesis of strangers—they led these class actions for nearly two years before withdrawing only last month. Plaintiffs should not be permitted to procedurally bury key, relevant evidence necessary for the Court to address summary judgment and class certification.<br><br>**Class Plaintiffs' Position:** OpenAI's motion compelling the depositions of five absent class members should be denied. "[C]ourts are *extremely* reluctant to permit discovery of absent class members" *In re Petrobras Sec. Litig.*, No. 14-cv-9662, 2016 WL 10353228, at *1 (S.D.N.Y. Feb. 22, |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | 2016) (emphasis added). This is especially true for depositions of absent class members. *See In re Avon Anti-Aging Skincare Creams & Prods. Mktg. & Sales Pracs. Litig.*, No. 13 CIV. 0150 (JPO), 2014 WL 12776747, at *1 (S.D.N.Y. Apr. 22, 2014). Relying on irrelevant, misstated, and individualized facts that have no bearing on the claims and defenses in this case, OpenAI fails to make the requisite showing to obtain absent class member discovery. Worse, OpenAI has sought absent class member depositions before most named plaintiffs have been deposed. Accordingly, OpenAI's motion should be denied. |
| Dkt. 479 (Sealed Filing) Dkt. 481 (Public Filing) | 8/22/25 | Dkt. 504 (Sealed Filing) Dkt. 505 (Public Filing) | Privilege over pirated books materials and deletion | Class Plaintiffs | OpenAI | Class Plaintiffs and OpenAI have previously submitted letter briefing and competing timelines | **Class Plaintiffs' Position:** As set forth in Class Plaintiffs' timeline, Dkt. 479, and in prior briefing, Dkt. 368 in 23-cv-8292, Dkt. 413 in 25-md-3143, OpenAI's shifting positions regarding the reasons for the deletion of books1/books2, inconsistent and unjustified invocations of privilege, and misrepresentations to the Court regarding the same justifies finding a waiver of privilege, limiting OpenAI's ability to contest any statement Plaintiffs may make regarding the reasons for this deletion, and/or the application of the crime-fraud exception to privilege. OpenAI's filing at Dkt. 504 in response to Plaintiffs' timeline continues this pattern and Class Plaintiffs will be prepared to address these issues at the September 25, 2025 hearing.<br><br>**OpenAI's Position:** There has been no waiver of the privilege. Ever since Plaintiffs first raised this issue in January 2025, OpenAI has been consistent: the *reasons* for the removal of the Books1 and Books2 datasets are privileged. There has been no "flip-flopping" because OpenAI has never attempted to rely on the advice of counsel, has never wielded privilege as a sword and shield, and has never put privileged communications at issue by relying on them to support a claim or defense. As explained in |

2

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | OpenAI's response to Class Plaintiffs' misleading and one-sided timeline, ECF 504, and in prior briefing, ECF 381 in 23-cv-8292 and ECF 428 in 25-md-3143, Plaintiffs already have the non-privileged facts regarding the Books1 and Books2 datasets and their removal in July 2022—a full year *before* any plaintiff filed suit challenging OpenAI's training on books. Plaintiffs' crime-fraud argument is equally meritless—there has been no crime or fraud, only fair use. And there is no basis for Plaintiffs' misguided request that the Court issue a premature evidentiary ruling purporting to bar OpenAI from responding at trial to unidentified and hypothetical future "statements Plaintiffs *may* make" regarding the reasons for the removal. |
| Dkt. 507 (Sealed Filing) Dkt. 508 (Public Filing) Dkt. 412 (Public Filing) | 8/29/25 | Dkt. 509 Dkt. 423 (Sealed Filing) Dkt. 424 (Public Filing) | Documents withheld or clawed back on basis of privilege | Class Plaintiffs | OpenAI | Class Plaintiffs and OpenAI have previously submitted multiple rounds of letter briefing | **Joint Position:** The Court has the challenged documents in camera and the parties' positions are fully briefed. |
| Dkt. 532 | 9/8/25 | Dkt. 567 | S.D.N.Y. Plaintiffs' refusal to produce documents in response to claimed market harm RFPs | OpenAI | S.D.N.Y Plaintiffs | | **OpenAI's Position:** The *Authors Guild* and *Alter* Plaintiffs (the "S.D.N.Y. Plaintiffs") refuse to search for and produce documents responsive to three of OpenAI's RFPs (118, 114, 112) concerning Plaintiffs' claimed market harm to the books industry, which is core to the fair use factor four (market harm) analysis. *Authors Guild v. Google, Inc.*, 804 F.3d 202, 223 (2d Cir. 2015). These RFPs seek documents relating to: financial trends in the book industry (RFP |

3

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | 118), changes in book-related compensation in the book industry (RFP 114), and changes in Plaintiffs' book-related compensation over time (RFP 112). The requested discovery is directly targeted at Plaintiffs' claim that ChatGPT is undermining their "ability to make a living" and harming "the books industry" at large.<br><br>In opposition, S.D.N.Y. Plaintiffs mysteriously abandon their primary objection, raised as recently as September 8—that the requested discovery is precluded by this Court's prior orders—likely because those orders confirm that the market-harm discovery sought by OpenAI is precisely the type of discovery that the parties should produce. *See, e.g.*, *NYT* Case No. 23-cv-11195, Dkt. 344 at 4-5.<br><br>Instead, S.D.N.Y. Plaintiffs contend their existing production is sufficient because they have produced various revenue-related documents for their asserted works and Authors Guild genAI and income surveys. But Plaintiffs allege harm to the market for books and the books industry *in general*—not just the market for their asserted works—and OpenAI must be able to develop evidence to test *those* allegations. Moreover, the AG's surveys only provide answers from authors who choose to participate, and even for that subset, the surveys do not provide any actual evidence which would allow OpenAI to test the surveys' results. Nor do the surveys sufficiently address non-AI reasons for the alleged market harm. Finally, S.D.N.Y. Plaintiffs object on the basis of undue burden. But they have not substantiated that burden (indeed, they only guess at the "likely" burden); any burden, even if substantiated, is outweighed by the great relevance of this discovery; and their argument is undermined by the fact that the N.D. Cal. Plaintiffs have agreed to produce the same categories of discovery. |

4

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | **S.D.N.Y. Plaintiffs' Position**: Contrary to OpenAI's assertion, Plaintiffs have not refused to search for and produce documents in response to the RFPs at issue. Plaintiffs have already produced *thousands* of documents relating to the allegations targeted by the RFPs that ChatGPT is undermining Plaintiffs' "ability to make a living" and harming "the books industry" at large. This includes, *inter alia*: sales reports, royalty reports, option and license payments, licensing and publishing agreements, and Authors Guild income and Gen AI surveys. As stated in the response letter, the Gen AI Survey alone was taken by over 1,7k authors. The fact that OpenAI does not consider these documents sufficient evidence of industry-wide trends reveals OpenAI's unrealistic expectations as to what documents Plaintiffs should produce.<br><br>As Plaintiffs have maintained throughout the meet and confer process and as set forth in the response letter, Plaintiffs are only withholding irrelevant documents, *i.e.*, documents pertaining to works not asserted in the complaint and other Generative AI tools. Any alleged relevance of these additional documents (which Plaintiffs contest) would be outweighed by Plaintiffs' burden to search for, review and produce them. For one, two of the three RFPs at issue do not contain a time limitation. Secondly, absent a limitation to the asserted works, Plaintiffs would have to run generic search terms across their documents which would likely lead to thousands of hits that Plaintiffs would then have to review for relevance. This burden is not justified in light of the ample document productions Plaintiffs have already made. |
| Dkt. 533 | 9/8/25 | Dkt. 566 | Class Plaintiffs' | OpenAI | Class Plaintiffs | The Court ordered | **OpenAI's Position:** S.D.N.Y. Plaintiffs have once again violated this Court's order to answer OpenAI's market |

5

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | refusal to respond to RFAs regarding alleged harm | | | Plaintiffs to serve "qualified admissions" to these RFAs in August. Dkt. 459. | harm RFAs. The RFAs at issue ask whether Plaintiffs are in possession of evidence to support their allegations of ChatGPT output substitution in the book market. The parties have briefed this issue three times. The Court has heard and rejected Plaintiffs objections, and it ordered Plaintiffs to provide "qualified admissions" to these RFAs in August. Dkt. 459 at 2. But Plaintiffs continue to refuse to respond.<br><br>Plaintiffs' most recent "supplements" – six identical stock responses that merely paraphrase unsupported allegations in Plaintiffs' Consolidated Complaint, without admission or denial – remain insufficient. The supplemented responses all state: "To the extent a response is required, Plaintiff admits that generative AI threatens to harm the profession by flooding the market with mediocre, machine-written material, diluting the market and making it even more difficult for authors, including Plaintiff, to earn a living from the profession." Because these responses do not admit or deny any part of OpenAI's RFAs (or even respond to the RFAs as written), they violate both this Court's supplementation order, Dkt. 459 at 2, and Rule 36.<br><br>Plaintiffs do not dispute that their responses violate Rule 36. Their only argument is that the Court sanctioned these non-responses at the August 12 hearing. That is incorrect. The Court ordered substantive responses excluding expert work product – and Plaintiffs' responses neither admit nor deny the RFAs, nor identify which portion of Plaintiffs' answer is "expert work product" protected. OpenAI requests that this Court deem these RFAs admitted or order Plaintiffs to substantively respond.<br><br>**Class Plaintiffs' Position:** OpenAI's claim that Plaintiffs' have violated this Court's order to answer OpenAI's market harm RFAs is a blatant misstatement and belied by the record. As the August 12 Hearing |

6

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | Transcript shows, Plaintiffs have served supplemental RFA responses exactly as discussed and ordered by the Court at the August 12 hearing. *See* Dkt. 566 at 2 (Hearing Tr. at 134:25-136:12). OpenAI's motion is an attempt to re-litigate this issue until it gets the desired RFA responses. However, as the Court made clear at the August 12 hearing, OpenAI does not get to write the RFA responses for Plaintiffs. This dispute has been resolved at the last discovery conference and does not need to be re-hashed at the next hearing. |
| Dkt. 546 (Sealed filing) Dkt. 547 (Public filing) | 9/9/25 | Dkt. 587 (Sealed Filing) Dkt. 588 (Public Filing) | Microsoft's refusal to make data available for inspection | Class Plaintiffs | Microsoft | Class Plaintiffs and Microsoft have previously submitted letter briefing | **Class Plaintiffs' Position:** Plaintiffs seek to compel Microsoft to produce or make available for inspection the Bing Index. The letter motion is based on information that was revealed at a Court-ordered Rule 30(b)(6) deposition of Microsoft following Plaintiffs' first data inspection motion (*Authors Guild* Dkt. 377). The contents of that deposition, which are described in Plaintiffs' motion, make clear that the Bing Index is central to the direct infringement claim and contributory infringement claim as well as willfulness against Microsoft, and Microsoft should not be permitted to continue to shield it from discovery. Microsoft's opposition fails to properly address those arguments. Given the confidentiality of the request, Plaintiffs respectfully refer the Court to Plaintiffs' sealed filing at Dkt. 546.[1]<br><br>**Microsoft's Position**: Class Plaintiffs' request to inspect the Bing Index or any portion of thereof, should be denied. The Bing Index was not used to train any of the models at issue in this case, and Microsoft did not withhold documents or discovery regarding provision of Bing Index data to OpenAI. |

---

[1] Microsoft has designated the entire 30(b)(6) deposition transcript CONFIDENTIAL - ATTORNEYS EYES ONLY, so Plaintiffs are not permitted to describe what that transcript revealed in a public filing, even though Microsoft has done so extensively. Class Plaintiffs have asked Microsoft to de-designate the transcript prior to the discovery hearing so that both sides may discuss the contents of that deposition during the hearing.

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | Even if historical versions of the Bing Index were somehow relevant, because it is a dynamic search index and not a training dataset, inspecting the Bing Index as it stands today in 2025 is not a proxy for understanding material provided to OpenAI in the past.<br>Regarding Class Plaintiffs' footnote, Microsoft's designation of its 30(b)(6) testimony is entirely proper and in accordance with the Protective Order. This designation does not preclude Class Plaintiffs from publicly stating their position without publicly revealing any confidential information—just as Microsoft did. In any event, Microsoft is conferring in good faith with Class Plaintiffs to determine what information from this deposition may be disclosed in the public record in advance of next week's discovery conference. |
| Dkt. 555 (Sealed Filing)<br><br>Dkt. 552 (Public Filing) | 9/9/25 | Dkt. 575 (Sealed Filing)<br><br>Dkt. 576 (Public Filing) | Allocation of 30(b)(6) Deposition Time | Microsoft | Class Plaintiffs | Microsoft and Class Plaintiffs have submitted letter briefing | **Microsoft's position:** Microsoft asks that the Court order that that the time spent on questioning Microsoft's first 30(b)(6) witness far outside the scope of this limited deposition be allocated against Class Plaintiffs' remaining 30(b)(6) time under the Deposition Protocol Order. During the August 20, 2025 deposition of Padma Gaggara, Class Plaintiffs conducted a nearly four-hour uncapped 30(b)(6) examination on an array of subsequently noticed, beyond scope topics which took up 3 hours of the nearly 4-hour deposition time on the record. To ensure that Class Plaintiffs cannot use this uncapped deposition to expand the negotiated 25-hour cap on future 30(b)(6) depositions, this out-of-scope questioning should be allocated against Class Plaintiffs' remaining 30(b)(6) time.<br><br>**Class Plaintiffs' Position:** In a wasteful effort to claw back three hours of deposition time, Microsoft misstates the facts at every turn, including about the scope of the deposition and about what that deposition |

8

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | revealed. Microsoft's motion is the perfect example of what the Court asked the parties not to do at the January 22, 2025 conference:<br><br>Look, I'm not going to tell you how to conduct your deposition. You all know how to work around these things. I don't expect to see motions made under Rule 30 where I get the entire deposition transcript and you're pointing out, you know, the number of times that there have been objections made or something. You're all beyond that. You're all above that.<br><br>Jan. 22, 2025 Tr. at 23. |
| Dkt. 557 (Sealed Filing)<br><br>Dkt. 558 (Public Filing) | 9/9/25 | Dkt. 578 | OpenAI's refusal to comply with the ESI Order and to run the "Bing Index" term | Class Plaintiffs | OpenAI | Class Plaintiffs and OpenAI have previously submitted letter briefing | **Class Plaintiffs' Position:** Plaintiffs seek an order compelling OpenAI to (1) comply with the ESI Order, (2) provide hit counts for three terms related to notorious shadow libraries, and (3) produce all non-privileged documents that hit on the "Bing Index" search term. OpenAI's refusal to provide hit counts within five business days contravenes the ESI Order. The three terms related to OpenAI's use of shadow libraries are clearly responsive to Plaintiffs' existing RFPs and highly relevant to OpenAI's knowledge and use of shadow libraries, and none of OpenAI's excuses for non-compliance are proper under the ESI Order.<br><br>With respect to the Bing Index search term, OpenAI's response offers no justification for OpenAI's failure to provide these hit counts within the time required by the ESI Order. Any suggestion that Plaintiffs failed to confer on this term is belied by OpenAI's own *abject failure* to timely provide hit counts so that Plaintiffs can meaningfully confer on the relevant terms as required by the ESI Order. Since Plaintiffs filed this motion, OpenAI has offered to run the "Bing Index" search term and produce responsive documents (no |

9

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | doubt recognizing the weak nature of OpenAI's objections to the term). As of September 16, Plaintiffs are currently considering OpenAI's proposal on the Bing Index search term and have asked to confer with OpenAI.<br><br>**OpenAI's Position**: Plaintiffs want to renegotiate search terms they previously agreed to, and add new search terms they are not entitled to - this is both contrary to the express terms of the parties' Stipulated ESI Order and the Federal Rules, and if allowed, will delay the case schedule.<br><br>(1) Plaintiffs demand a hit report for search terms so that Plaintiffs can "verify" OpenAI's response to an interrogatory. Neither the ESI Order nor the federal rules requires OpenAI to do that. Plaintiffs also argue that the search terms apply to RFPs served more than eight months ago—RFPs for which search terms were already negotiated, settled, and applied, with documents already reviewed and produced. OpenAI has already reviewed over 1,000,000 documents (and produced more than 138,000 documents), far in excess of the 600,000-document cap set by this Court. Finally, the proposed search terms are either cumulative of prior discovery or overbroad.<br><br>(2) OpenAI provided Plaintiffs with hit counts for "bing index" (ECFs 557 at 3 n.3, 557-9, 578-1). Without attempting to meet-and-confer, Plaintiffs then moved to compel review of non-privileged documents hitting on "bing index." Existing search terms are adequate to identify documents responsive to those requests and OpenAI already has reviewed and produced documents that hit on this term. Nevertheless, to avoid burdening the Court with an unnecessary dispute over one search term, OpenAI will agree to run "bing index" and review hits for responsiveness (to the extent not already |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | reviewed). However, OpenAI requests that the Court order Plaintiffs to meet-and-confer before bringing these types of meritless motions.<br><br>The Court should deny Books Plaintiffs' motion to compel (ECF 558). |
| **Other Updates – Class** | | | | | | | |
| Tremblay Dkts. 388-391, 405-406 | 3/13/25; 3/19/25 | Tremblay Dkts. 419-422, 434 | Pending Rule 72 motions | Class Plaintiffs | OpenAI | Pending before Judge Stein | **Joint Position:** The parties write only to update the Court and are not requesting any relief from Your Honor at this time. On May 27, 2025, the Court ordered the parties to meet and confer regarding Plaintiffs' Rule 72 motions filed in the N.D. Cal. action. The parties met and conferred and agree that, as a procedural matter, the motions may be ruled on by Judge Stein, but were not able to reach resolution of the substantive issues. With respect to the substantive issues, consistent with Class Plaintiffs' compromise proposal, Class Plaintiffs intend by forthcoming letter to withdraw the Rule 72 objections at Dkts. 390/391 and 405/406 (unsealed/sealed), and Class Plaintiffs will request that Judge Stein decide the remaining Rule 72 motion at Dkt. 388/389 based on the parties' prior briefing in the N.D. Cal. action. OpenAI will not object to that request. |