# EXHIBIT C

**Exhibit C (News and Class Issues)**

Key: Green represents Plaintiffs' filing; Purple represents Defendants' filing.

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| **Pending Motions – Joint** | | | | | | | |
| Dkt. 390; Dkt. 391 (redacted) Dkt. 529 | 7/30/25 9/5/25 | Dkt. 432 | OpenAI's production of text and social media messages | Class and News Plaintiffs | OpenAI | This dispute was argued at the August 12 hearing. The Court ordered OpenAI to provide declarations with additional information about its collections and productions of text and social media messages. Dkt. 459. News Plaintiffs filed a supplemental brief, to which OpenAI has responded. | **Class and News Plaintiffs' Position:** OpenAI's Court-ordered declarations confirm why it must re-do its collection and production of text and social media messages. In addition to the many issues described in Plaintiffs' supplemental brief, OpenAI's declarations do not answer two of the questions the Court ordered it to answer: (1) whether its counsel asked its custodians whether they use their devices to communicate about work or this litigation, and (2) how Mr. Altman and Mr. Brockman's personal counsel determined what messages were "purely personal" and thus nonresponsive. OpenAI below vaguely alludes to "refresher" interviews for unspecified custodians, but tellingly does not claim these interviews covered the above information.<br><br>Plaintiffs request that OpenAI be ordered to: (1) reconduct its custodial interviews to ensure OpenAI identifies all custodians who might have used text and/or social media platforms to discuss work issues; (2) conduct a proper collection and review for those custodians; (3) have litigation counsel review messages for responsiveness prior to any "privacy review" by personal counsel; (4) limit any "personal" redactions to a discrete set of topics to be agreed upon by the parties; (5) provide the court-ordered information for the nine former-employee custodians described above; and (6) promptly produce all additional responsive messages.<br><br>**OpenAI's Position:** This motion is improper and unnecessary – OpenAI has already done what litigants are required to do: it designed and administered a comprehensive, standardized method to question all custodians, ensuring consistent and reliable information about their use of personal text and social media |

| Motion Dkt. No. | Date Filed | Opp. Dkt. No. | Topic in Dispute | Party Raising Dispute | Party Responding | Status of Dispute | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | accounts for work, and tailoring the procedure, where necessary, to the particular personal privacy interests of particular custodians. That process was appropriate and fully in line with standard discovery practice and the Federal Rules. Plaintiffs' suggestion that they should dictate the precise questions asked in those attorney-directed inquiries or the precise order in which document review must be conducted is contrary to law; no party gets to script its adversary's custodial interviews or manage its adversary's document review. Indeed, "[r]esponding parties are best situated to evaluate the procedure, methodologies, and technologies appropriate for preserving and producing their own electronically stored information." Sedona Conference, *The Sedona Principles, Third Edition*, 19 Sedona Conf. J. 1, 118, Principle 6 (2018). And in any event, OpenAI has gone further—voluntarily conducting live refresher interviews to supplement the survey that cover, among other things, whether custodians use their personal text and social media accounts to communicate about work or this litigation. Multiple Plaintiffs, by contrast, have confirmed that they have not undertaken anything comparable. |