KEKER VAN NEST & PETERS          LATHAM & WATKINS LLP          MORRISON FOERSTER

October 1, 2025

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: *All Counsel of Record (via ECF)*

Re:   **_OpenAI's Supplemental Briefing Regarding Attorney-Client Privilege over the Reasons for the Removal of the Books1 and Books2 Datasets_**
*In re OpenAI Inc. Copyright Infringement Litigation*, No. 1:25-md-03143 [ECF No. 594]
This Document Relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.

Dear Judge Wang:

The Court requested supplemental briefing "on the issue of whether OpenAI has waived privilege as to the reasons for the deletion of the Books1 and Books2 datasets." ECF 594. The answer is "no"—OpenAI has never waived its privilege.[1]

OpenAI has consistently maintained that the reasons for the removal are privileged because they were legal decisions made in consultation with counsel. At no point has OpenAI disclosed or relied on the privileged reasons or retracted its position, and it has made clear that there are no non-privileged reasons. Nor has OpenAI put its state of mind or attorneys' advice at issue. OpenAI has done what the law allows—invoked privilege to protect legal communications. **_Plaintiffs_**' effort to put those reasons at issue cannot waive **_OpenAI's_** privilege.

Plaintiffs have already obtained non-privileged facts on the acquisition and use of the Books1 and Books2 datasets. And OpenAI has provided discovery relating to the fact that it removed those datasets after deciding not to use them to train LLMs. *Cf. Bartz v. Anthropic PBC*, 2025 WL 1741691, at *8 (N.D. Cal. June 23, 2025) (faulting Anthropic for "retain[ing]" book copies

---

[1] As OpenAI previously explained, Plaintiffs' crime-fraud argument is equally meritless. ECF 428, 504, and ECF 381 in 23-cv-8292. That argument was recently rejected (for a second time) in *Kadrey v. Meta Platforms, Inc.*, 23-cv-03417, ECF 627 at 2–3.

3115934

Page 2

"*even after deciding it would not use them to train any LLM*" (emphasis in original)).  That is sufficient, and Plaintiffs have no legitimate basis to invade OpenAI's privilege.

I.  **The Reasons for Removal of the Books1 and Books2 Datasets are Privileged.**

The attorney-client privilege protects "confidential communications between client and counsel made for the purpose of obtaining or providing legal assistance." *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007) (*Erie I*).  "The privilege applies to a company's communications with its in-house lawyers." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, 2021 WL 3524081, at *2 (S.D.N.Y. Aug. 10, 2021).

OpenAI's position has been unwavering—the reasons for the removal of the Books1 and Books2 datasets are privileged:

- January 2025 Deposition.  OpenAI's witness testified the decision to remove the datasets "was made in consultation with company attorneys," and he could not "answer further without revealing privileged information."  ECF 504-2 at 61:19–62:3.

- May 2025 Conference.  Counsel explained that OpenAI's "decision to delete two datasets well before these cases were filed was made 'in consultation with the company attorneys,'" and "the reasons why are privileged."  ECF 390, 1:23-cv-08292, at 1.  In the joint chart, OpenAI stated that the "reasons for deletion are privileged."  ECF 53-3 at 9.

- July 2025 Deposition.  OpenAI's witness confirmed that in-house counsel directed the removal decision in summer 2022.  ECF 504-1 at 59:25–60:18 ("[T]he discussion was privileged," "led by legal," and included "legal strategy, copyright, legal questions, and product legal decisions.").

- July 2025 Declaration.  OpenAI's Chief Strategy Officer and former General Counsel attested that he provided privileged legal advice concerning the removal decision in June–July 2022, a year *before* any plaintiff sued OpenAI for training on books and *before* OpenAI had decided to release ChatGPT.  ECF 424-1 at 3.

This record demonstrates OpenAI's consistent invocation of privilege, and the absence of any waiver.  These "confidential communications between [OpenAI] and [its] counsel" were "made for the purpose of obtaining or providing legal assistance," and are privileged.  *Erie I*, 473 F.3d at 418.

II.  **OpenAI Has Never Waived Privilege.**

Rules that result in the waiver of privilege have the "potential to weaken attorney-client trust" and "should be formulated with caution."  *In re Cnty. of Erie*, 546 F.3d 222, 228 (2d Cir. 2008) (*Erie II*).  At-issue waiver applies only when a client (1) testifies concerning portions of the

Page 3

attorney-client communication; (2) places the attorney-client relationship directly at issue; or (3) asserts reliance on an attorney's advice as an element of a claim or defense. *Eletson Holdings Inc. v. Levona Holdings Ltd.*, 2025 WL 2294589, at *10 (S.D.N.Y. Aug. 8, 2025). "Simply because privileged information is relevant to a claim or defense in the case does not give rise to an implied waiver; rather, to forfeit privilege, the party must *rely* on privileged advice from his counsel to make his claim or defense." *GLD3, LLC v. Albra*, 2024 WL 4471672, at *7 (S.D.N.Y. Oct. 11, 2024) (cleaned up) (emphasis in original).

OpenAI has done none of these things. It has not offered testimony about the content of privileged communications. It has not placed its relationship with counsel at issue or used legal advice as evidence of its state of mind. And it is not relying on advice of counsel either affirmatively or in rebuttal. Because OpenAI is not "assert[ing] a claim or defense that [it] intends to prove by use of the privileged materials," and "the privileged materials [are not] indispensable to [OpenAI's] claims or defenses," there has been no waiver. *GLD3*, 2024 WL 4471672, at *7.

Plaintiffs' assertion of willful infringement does not compel waiver. Plaintiffs cannot "force [OpenAI] to waive its privilege implicitly" by pleading a theory that brings "knowledge and good faith into issue." *Gardner v. Major Auto. Companies, Inc.*, 2014 WL 1330961, at *7 (E.D.N.Y. Mar. 31, 2014) (cleaned up). Such a rule would allow a plaintiff to "render the privilege a nullity" through its own pleading. *Id.* (quoting *Chase Manhattan Bank N.A. v. Drysdale Secs. Corp.*, 587 F. Supp. 57, 59 (S.D.N.Y. 1984)). Plaintiffs already have the non-privileged evidence they need to argue that OpenAI downloaded books from LibGen, that the datasets contained copyrighted works, and that OpenAI removed the datasets from its systems. Plaintiffs cannot try to meet their burden by intruding on privilege when OpenAI has not drawn the privilege as a sword. *See Erie II*, 546 F.3d at 229 ("privileged information may be in some sense *relevant* in any lawsuit" (emphasis in original) and a mere assertion of "a claim or defense certainly is insufficient to place legal advice at issue.").

Plaintiffs have also pointed to two unrelated discovery letters from 2024 that stated, in passing, that Books1 and Books2 were removed "due to" non-use. Those letters were not about the reasons for removal. They informed the Court and opposing counsel that OpenAI had stopped using the datasets years earlier and was investigating whether it could locate copies (which it later found and produced). ECF 188-2 at 3; 188-4 at 2. The "due to" phrasing was never intended to disclose privileged reasons for removal. To eliminate any doubt, OpenAI revised the letters in June 2025 to omit that phrasing and reaffirm that the reasons for deletion remain privileged. This revision was not a retraction or a flip flop. It did not alter OpenAI's consistent position: the removal of the datasets was an attorney-driven legal decision, and the privileged nature of those reasons has never changed.

Courts routinely reject waiver claims on records that include far more direct reliance on legal advice than anything present here. In *Gardner*, for example, the court found no waiver even though a corporate witness testified at deposition about his "consultations with [the attorney]

3115934

Page 4

and reliance upon [the attorney's] counsel." 2014 WL 1330961, at *5. The court emphasized that the defendants represented they would "make no reliance defense" ensuring that plaintiffs would not be "disadvantaged" by any "lack of information relating to this topic." *Id.*; *see also Robinson v. Time Warner, Inc.*, 187 F.R.D. 144, 146 (S.D.N.Y. 1999) (no waiver where defendant "explicitly confirmed" it would not rely on privileged investigation); *Robinson v. Vineyard Vines, LLC*, 2016 WL 845283, at *5 (S.D.N.Y. Mar. 4, 2016) (same).

The same is even more true here. OpenAI has consistently confirmed it is not putting legal advice or state of mind at issue, and is not relying on legal advice as an element of any claim or defense. Plaintiffs cannot be prejudiced by the absence of privileged material that OpenAI has pledged not to invoke. In short, OpenAI has drawn no sword; it has only maintained the shield of privilege the law guarantees.

None of Plaintiffs' authorities support a finding of waiver. *See* ECF 413 at 4. In each case, a party expressly put its state of mind or legal advice at issue. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (defendant's testimony that "he thought his actions were legal" put privilege at issue); *Arista Records LLC v. Lime Grp. LLC*, 2011 WL 1642434, at *2–3 (S.D.N.Y. Apr. 20, 2011) (motion *in limine* where defendants invoked "good faith" defense); *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 479 (S.D.N.Y. 1993) (voluntary disclosure in prior litigation for "tactical reasons"); *Scott v. Chipotle Mexican Grill, Inc.*, 67 F. Supp. 3d 607, 614 (S.D.N.Y. 2014) (defenses "require[d] showings of good faith"). The law and Plaintiffs' own cases underscore the point: waiver arises only when a party puts legal advice or state of mind at issue. OpenAI has done no such thing.

Respectfully,

| KEKER, VAN NEST & PETERS LLP[2] | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ R. James Slaughter* | */s/ Margaret Graham* | */s/ Caitlin Sinclaire Blythe* |

---

[2] All parties whose electronic signatures are included herein have consented to the filing of this document.

3115934