# EXHIBIT D

| | |
|---|---|
| **From:** | Schreiber, Andrew |
| **To:** | Adnan Muttalib; Najemy, Laura; NYT-AI-SG-Service@simplelists.susmangodfrey.com |
| **Cc:** | DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright |
| **Subject:** | RE: Service of The Times"s R&Os to Microsoft"s Fourth Set of RFPs |
| **Date:** | Thursday, April 17, 2025 3:05:44 PM |
| **Attachments:** | image001.jpg<br>image002.png |

Adnan,

One more note from me.  We appreciate your responses to Microsoft's requests; in line in blue below please find Microsoft's responsive positions:

**From:** Adnan Muttalib <AMuttalib@susmangodfrey.com>
**Sent:** Saturday, April 12, 2025 7:14 PM
**To:** Schreiber, Andrew <aschreiber@orrick.com>; Najemy, Laura <lnajemy@orrick.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

**[EXTERNAL]**

Andrew,

Thank you for your email. Please find below our **responses** to your requests.

- RFP 204: **As indicated at the meet and confer, your request for "[a]ll Documents and Communications concerning any non-privileged opinions, testing, consumer research, or market research" relating to The Times's trademarks is overbroad and unduly burdensome.  The Times has already agreed to produce documents concerning its allegation that the Times trademarks are famous. Indeed, we have turned over Brand Tracker reports, which contain much of the information that you are seeking. Furthermore, The Times has agreed to produce documents sufficient to show how its advertising expenditures are allocated to each of its trademarks. And, The Times has stated that it will produce non-privileged documents relating to harm or injury to its trademarks for which it is seeking recovery in this dispute. We need not go further.**

  As flagged in my prior correspondence, The Times has only produced a handful of "Brand Tracker reports" to date, from only a few quarters in 2023-24, that are PowerPoint presentations—not reports—which appear to contain only selective results from unknown

surveys, not market research. Thus, we do not believe that these are sufficient to satisfy The Times's discovery obligations with respect to this Request. If The Times can explain what "document[ation] sufficient to show how its advertising expenditures are allocated to each of its trademarks" it intends to produce (or has produced), then then Microsoft will review such material and re-consider its position. Otherwise, Microsoft reiterates its request for The Times to promptly produce the materials supporting its trademark claims.

- RFP 205: **As indicated at the meet and confer, your request for "[a]ll Documents and Communications concerning any competitive research conducted or commissioned by [The Times,] including information regarding competitors' sales and marketing" is overbroad and unduly burdensome. Furthermore, The Times fails to see the relevance of this request. Specifically, it is entirely unclear how research on The Times's competitors, including "competitors' sales and marketing," is relevant to any party's claims or defenses in this dispute.**

This request is directly relevant to help facilitate Microsoft's understanding of the marketplace, and any effects on same, to assess the fourth fair use factor. Further, The Times has alleged trademark dilution against Microsoft, and we need discovery to be able to test the validity of that claim, and in particular whether any of The Times's trademarks in fact have been affected by alleged hallucinations. Please confirm whether or not The Times will continue to withhold responsive, non-privileged documentation to this request. Should The Times opt to do so, then the parties are at an impasse.

- RFP 221: At the meet and confer, you acknowledged that The Times is already turning over responsive documents. However, you asked if The Times is turning over such data for its print products. **It is. The Times's flash books include data regarding total subscription revenue for its "Digital Media & Services" and its "Print Media." We will also agree to produce newsstand sales data.**

    **However, The Times need not go further. Specifically, as you acknowledged, The Times has already agreed to produce documents sufficient to show the number of monthly Times subscribers from 2015 to present. Indeed, The Times has agreed to produce documents sufficient to show The Times's monthly revenue, including from subscriptions, from 2015 to present and has done so. Finally, The Times has agreed to produce documents sufficient to show monthly user visits and traffic to The Times's website from 2018 to the present. This is more than sufficient to satisfy your request.**

Thank you for your confirmation that this information and material has been or will be produced. We will be back in touch if we uncover any issues or concerns with The Times's production or The Times's representations as to MSFT RFP No. 221.

- RFP 222: At the meet and confer, The Times indicated that it would be amenable to providing

documents responsive to this request. However, The Times disagreed with the proposed date range. Microsoft indicated that it would be amenable to negotiating the date range. **The Times is willing to produce documents responsive to this request sufficient to show the median pricing of its subscriptions from 2018 to the present.**

Microsoft appreciates The Times's willingness to compromise on this request and accepts your proposal.  We look forward to The Times's prompt production of this documentation so that we can continue to develop our defensive case.

- RFP 223: **The Times believes that documents responsive to RFP 222 would be fully responsive to RFP 223 as well. Please let us know if you think otherwise.**

Microsoft is in agreement for the reasons discussed during the parties meet and confer.

- RFPs 224–26: **The Times has never agreed to produce projections through January 1, 2030. However, to the extent Defendants are willing to provide such projection data through 2030 for their own products, The Times is willing to do the same.**

We fail to understand The Times's position and proposed "compromise" trade on MSFT RFP Nos. 224-226.  Microsoft's requests specifically ask for *e.g.*, projected *newspaper* sales, subscriptions, and viewership information and documentation.  There is no horse trading to be made generally under the federal rules or specifically for these requests.  Indeed, Microsoft is unsure what projections it could even provide that would be comparable.  Please confirm that you will withdraw your objections to these three RFPs or the parties are at an impasse.

- RFP 227: **As indicated at the meet and confer, The Times is already producing documents sufficient to show the existence and operation of its paywall and its robots.txt file. Your further request for documents and communications reflecting "any discussion about changes or potential changes to how [it] determine[s] which of [its] articles to place behind a paywall" is overbroad and seeks material that is not relevant to this suit.**

As described in my earlier correspondence, the public and or free availability of a work under copyright directly informs Microsoft's fair use defense (and is relevant to multiple fair use factors).  *See e.g.*, *Bell v. Eagle Mt. Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 324 (5th Cir. 2022); *Peterman v. Republican Nat'l Comm.*, 369 F. Supp. 3d 1053, 1066 (D. Mon. 2019; *Keck v. Mix Creative Learning Ctr., L.L.C.*, 116 F.4th 448, 456 (5th Cir. 2024).  Microsoft is willing to discuss and consider a compromise narrowing proposal to alleviate The Times's burden concerns; but, if The Times outright refuses to produce the requested materials then the parties have reached impasse.

- RFP 228: At the meet and confer, you clarified that you were seeking a list of The Times's competitors. We appreciate the clarification. **However, the term "competitors" is vague,**

> **and The Times has already produced documents reflecting news organizations in the market. To the extent Defendants have further questions on the topic, that is better sought through a deposition.**

We fail to see or appreciate how the term "competitors" is vague.  And while Microsoft will certainly probe this relevant topic with The Times's witnesses in depositions, we need responsive materials in the first instance to do so.  If The Times is willing to identify which documentation it notes it has already produced responsive to this request that indicates who The Times considers its competitors then this issue may be resolved.  Absent such identification, Microsoft does not believe that The Times's production, and representations to date, satisfy its discovery obligations.

- RFPs 208–220:  At the meet and confer, you clarified that these RFPs were seeking information regarding materials referenced in The Times's SEC Report for 2023. **As an initial matter, The Times fails to see the relevance of this request as applied to this specific SEC report. Furthermore, to the extent you seek information about this specific report, The Times believes that information is more appropriately and efficiently sought through other discovery tools, such as depositions.**

We are disappointed that The Times is unwilling to produce responsive documentation to these straightforward requests.  The relevance is apparent from The Times's 2023 SEC Report itself: this report, in the first full calendar year following the emergence of generative AI, directly addresses what The Times considers the promise and purported risks of these innovative tools.  As such, The Times has itself put these requested materials into contention—Microsoft simply seeks documents and information that provide context for certain representations that The Times made to the SEC.  And again, while Microsoft will likely depose The Times's witnesses about these topics, to do so we need responsive materials in the first place.  If The Times is unwilling to provide all of the requested documentation then we are at impasse.

- RFPs 229–235: **As you indicate in your below email, Judge Wang's November 22, 2024 Order makes clear that The Times is only required to produce documents regarding its use of Defendants' Gen AI tools in reporting or presenting content. In other words, as Judge Wang has already ruled, Defendants are not entitled to broad discovery regarding The Times's use of third-party Gen AI products. However, The Times also notes that its relevance objection is not limited to Judge Wang's order. Your requests are also seeking facially irrelevant material, such as material relating to The Times's "use of AI," which is distinct from Gen AI. Such material is not relevant to the parties' claims or defenses in this suit.**

Reserving all rights, Microsoft understands The Times's position as to these requests.

With respect to audience reports, The Times has agreed to produce such reports from 2021 onwards. The Times will not expand that date range. We will respond to your request regarding Microsoft's contention interrogatories under separate cover.

There is no principled reason, nor has The Times provided one, why The Times is incapable of collecting and producing Audience Reports from prior to 2021.  As we have explained throughout the conferral process, Microsoft needs data going sufficiently far enough back in time (including to account for the singularly unique disruptions stemming from the COVID-19 pandemic) to assess any impact generative AI has had on The Times's readership, for example.  If The Times will not produce Audience Reports dated prior to 2021 then we have reached impasse on this issue.

We look forward to your response and The Times's specific positions on Microsoft's interrogatories this week.

Further, we will write under separate cover about issues pertaining to The Times's use of Sumo Logic.

We appreciate your prompt attention to these issues and are available to discuss at your convenience.
-Andrew


Best,
Adnan

Adnan Muttalib
Associate | Susman Godfrey L.L.P.
amuttalib@susmangodfrey.com
Office: (310) 789-3181
Cell: (310) 989-0800
Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

---

**From:** Schreiber, Andrew <aschreiber@orrick.com>
**Sent:** Friday, April 4, 2025 7:21 AM
**To:** Adnan Muttalib <AMuttalib@susmangodfrey.com>; Najemy, Laura <lnajemy@orrick.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

==EXTERNAL Email==

Adnan,

Thank you for the continued constructive discussion last week. I write to memorialize the parties' conferral regarding Microsoft's outstanding fact discovery. We will respond separately to your message below.

For our part, Microsoft is taking back for further consideration some of the trademark-specific requests (*e.g.*, RFP Nos. 200, 202-03, 206).

You represented that you would take back for The Times's review the following requests: RFP No. 204 (consumer and market research relating to The Times's trademarks, to potentially disaggregate mark-specific documentation); RFP No. 205 (same); RFP No. 221 (newspapers sold over the past decade—if that documentation has not already been produced already); RFP No. 222 (median newspaper pricing, and whether this data can be readily pulled going back to 2015); RFP No. 223 (same); RFP No. 224 (the existence of newspaper sales projections through 2030, as not limited to just the asserted works); RFP No. 225-226 (same); RFP No. 227 (changes to paywalled articles, and if The Times is willing to produce communications and why, as opposed to just how or when, any changes were made); and RFP No. 228 (who The Times considers to be its competitors).

For RFP Nos. 208 – 220 (concerning materials referenced in The Times's SEC Report for FY 2023): you indicated that The Times was already made aware of Microsoft's positions on all of these requests and is considering a fulsome response.

For RFP Nos. 229 – 235: you stated that, based on The Times's reading and interpretation of ECF 344, The Times is collecting and producing documentation concerning Defendants' GenAI products (including NYT ChatExplorer, as based on OpenAI's API) and The Times's A.I. Initiatives program. But The Times will not provide anything further beyond that responsive to these Requests. You also confirmed that The Times ran a search of the ChatExplorer email domain and reviewed those documents and contends that no responsive documentation exists there.

Lastly, you mentioned that The Times will endeavor to respond this week about outstanding issues that have been raised with respect to The Times's (1) Audience Reports, and (2) responses to Microsoft's interrogatories, and what specific objections The Times is standing on.

Appreciate it and will be in touch,
-Andrew


**Andrew Schreiber**
Senior Associate

Orrick
Washington, DC
T 202/339-8627
M 214/883-0580
aschreiber@orrick.com

**From:** Adnan Muttalib <AMuttalib@susmangodfrey.com>
**Sent:** Saturday, March 29, 2025 1:53 AM
**To:** Schreiber, Andrew <aschreiber@orrick.com>; Najemy, Laura <lnajemy@orrick.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

[EXTERNAL]

Andrew,

Thank you for meeting and conferring with us on March 25 regarding Microsoft's Fourth Set of RFPs. Please find below our responses to your requests.

- RFP 141: At the meet and confer, you explained that documents relating to this request were relevant to show the availability of The Times's works for free. **However, we fail to see how the availability of The Times's works in public libraries and schools is analogous to the reproduction of its works by an LLM. Furthermore, we continue to object to this request to the extent it seeks works not in The Times's possession, custody, or control. Accordingly, The Times will not produce documents in response to this request.**

- RFP 142: At the meet and confer, you indicated that The Times agreement to produce non-privileged documents sufficient to show the existence and operation of its paywall from November 1, 2022, to May 1, 2024, was helpful. However, you asked for The Times to broaden the relevant time period to January 1, 2015. **As the Times has consistently maintained, it will not extend the date range back to 2015. Indeed, given that ChatGPT was released in November 2022, we think the operation of The Times's paywall from that point forward is sufficient.**

- RFP 143: At the meet and confer, you indicated that you would be amenable to negotiating the date range for this request. **The Times would be amenable to producing documents responsive to this request dating from January 1, 2021, to the present.**

- RFP 149: At the meet and confer, you explained that documents relating to this request were relevant to show the availability of The Times's works for free. **Again, we fail to see how this request is analogous to the reproduction of The Times's works by an LLM. For example, The Times authorizing a third party to provide free access to some of its**

**Copyrighted Works-in-Suit is entirely distinct from Defendants' alleged conduct here. And with regard to "unauthorized" access, The Times has already agreed to provide certain documents related to its attempts to enforce its copyrights. Accordingly, The Times will not produce documents in response to this request.**

- RFP 154: At the meet and confer, you clarified that you were seeking the error rate in the publication of The Times's own works. We appreciate the clarification. **However, we fail to see the relevance of this request. Specifically, The Times's own errors in publishing its work is distinct from the alleged hallucinations of your Gen AI products. Accordingly, The Times will not produce documents in response to this request.**

- RFP 156: **As we indicated at the meet and confer, we believe this request to be duplicative of RFP 132. And, The Times has already agreed to produce non-privileged documents concerning The Times's use of Defendants' generative AI tools and products for use in its reporting and presentation of content—which includes Cooking. Furthermore, The Times has agreed to turn over its policies and procedures—viz., its guidance—regarding its employees' use of Defendants' generative AI products. It need not go further.**

- RFPs 162–168: At the meet and confer, you acknowledged that these documents were publicly available. However, you stated that The Times providing these documents would alleviate any authenticity and admissibility concerns. You also clarified that you needed these documents because they show the meta-tags that are currently in place. **The Times agrees to provide documents responsive to these requests.**

- RFP 175: At the meet and confer, you claimed that the channels of trade for the goods or services with which each of The Times's trademarks is used in the United States is relevant to our trademark infringement claim. **However, we fail to see how that is the case. As discussed, we are already producing documents responsive to RFP 42—viz., documents concerning our allegation that The Times trademarks are famous, as alleged in Paragraph 200 of our Complaint. We need not go further.**

- RFP 177: **As indicated at the meet and confer, your request for "[a]ll documents" is overbroad and unduly burdensome. Instead, The Times agrees to produce non-privileged communications with third parties from the past three years in which The Times asserted that a third-party entity engaged in trademark infringement that are in its possession, custody, and control.**

- RFP 180: At the meet and confer, you stated that you would be willing to narrow the scope of this request to "Documents sufficient to show advertising expenditures for each of Your trademarks or goods and services sold under your trademarks." **With that clarification in mind, The Times agrees to search for and produce documents responsive to this request.**

- RFP 181: At the meet and confer, you stated that you would be willing to narrow the scope of

- this request to "Documents sufficient to show how Your advertising expenditures are allocated to each of your trademarks." **With that clarification in mind, The Times agrees to search for and produce documents responsive to this request.**

- RFPs 182-184: **As indicated at the meet and confer, your request for "[a]ll documents" is overbroad and unduly burdensome. Furthermore, The Times is already producing documents concerning its allegation that the New York Times trademarks are famous, as alleged in Paragraph 200 of the Complaint. Finally, with respect to RFP 182, The Times has produced its Brand Tracker reports, which are directly responsive to this request. We think that is sufficient to satisfy what you are seeking through these requests.**

- RFP 189: **Your request for "[a]ll documents" is overbroad and unduly burdensome. However, The Times responds that it will produce non-privileged documents relating to harm or injury to its trademarks for which The Times is seeking recovery in this dispute that are in its possession, custody, and control.**

- RFP 192: **As indicated at the meet and confer, your request for "[a]ll documents and communications" is overbroad and unduly burdensome. Furthermore, The Times is already producing documents concerning its allegation that the New York Times trademarks are famous, as alleged in Paragraph 200 of the Complaint. We think that is sufficient to satisfy what you are seeking through this request.**

- RFP 194: At the meet and confer, we discussed the scope of what you were seeking. **Consistent with our discussions, The Times is willing to provide documents sufficient to identify its official social media accounts (e.g., The Times official Facebook account, The Times official Instagram account, etc.). However, as indicated at the meet and confer, The Times does not believe it is obligated to identify every social media account that may have some association with it. Such a request is overbroad, unduly burdensome, and not relevant to any of the claims in this case.**

- RFP 195: **We fail to see the relevance of how the use of our trademarks by our social media accounts is relevant to the claims in this matter. Specifically, our trademark dilution theory is not based on any specific use by our social media accounts. Furthermore, we have already agreed to produce documents relating to any harm or injury to its trademarks for which The Times is seeking recovery in this dispute that are in its possession, custody, or control. Accordingly, The Times will not produce documents responsive to this request.**

- RFP 196: **We fail to see how such metrics are relevant to the claims in this matter. Accordingly, The Times will not produce documents responsive to this request.**

Best,
Adnan

Adnan Muttalib
Associate | Susman Godfrey L.L.P.
amuttalib@susmangodfrey.com
Office: (310) 789-3181
Cell: (310) 989-0800
Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

---

**From:** Schreiber, Andrew <aschreiber@orrick.com>
**Sent:** Wednesday, March 26, 2025 5:43 AM
**To:** Najemy, Laura <lnajemy@orrick.com>; Adnan Muttalib <AMuttalib@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

EXTERNAL Email
Adnan,

It was a pleasure speaking yesterday and we look forward to talking more tomorrow morning.  I write to briefly document the handful of areas where you noted you would follow-up with your client and attempt to have a response to Microsoft by EOD tomorrow (03/27) or Friday (03/28) by noon at the latest.

In particular, you stated that you would follow-up on: RFP Nos. 141-142, and 149 (availability of The Times's works for free); RFP No. 143 (user paywall encounter conversions); RFP No. 154 (publication error rates); RFP No. 156 (brainstorming session with respect to ChatGPT); RFP Nos. 162-168 (page source view of certain asserted works); RFP No. 175 (channels of trade); RFP No. 177 (third-party use of The Times's trademarks); RFP Nos. 180-181 (The Times's trademark advertising expenditures); RFP Nos. 182-184 (materials supporting The Times's trademark claims *i.e.*, consumer studies); RFP No. 189 (studies evaluating The Times's trademarks before and after Microsoft's purported use); RFP No. 192 (trademarks used to advertise goods and services); and RFP Nos. 194-196 (social media accounts).

Appreciate it and will be in touch,
-Andrew

**Andrew Schreiber**
Senior Associate

Orrick
Washington, DC
T 202/339-8627
M 214/883-0580

aschreiber@orrick.com

---

**From:** Najemy, Laura <lnajemy@orrick.com>
**Sent:** Monday, March 24, 2025 2:52 PM
**To:** Adnan Muttalib <AMuttalib@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

Adnan,

In addition to the list in my email from Friday, we would also like to discuss The Times's position regarding responding to Microsoft's Interrogatories 12-21 on the call tomorrow as well.

Thank you,
Laura

### Laura B. Najemy :: Orrick :: 617 880 1889

---

**From:** Najemy, Laura <lnajemy@orrick.com>
**Sent:** Monday, March 24, 2025 8:36 AM
**To:** Adnan Muttalib <AMuttalib@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

Thanks, Adnan. 6pm ET tomorrow works for us. I will send a calendar invite.

Best,
Laura

### Laura B. Najemy :: Orrick :: 617 880 1889

---

**From:** Adnan Muttalib <AMuttalib@susmangodfrey.com>
**Sent:** Sunday, March 23, 2025 5:18 PM
**To:** Najemy, Laura <lnajemy@orrick.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>

**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

[EXTERNAL]

Counsel,

While we are available to meet on Tuesday, we would appreciate it if Microsoft demonstrated similar promptness in responding to our attempts to meet and confer on its R&Os. We are available from 2-3:30pm EST and any time after 4:30pm EST. If any of these times work, please circulate a calendar invite.

Best,
Adnan

Adnan Muttalib
Associate | Susman Godfrey L.L.P.
amuttalib@susmangodfrey.com
Office: (310) 789-3181
Cell: (310) 989-0800
Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

---

**From:** Najemy, Laura <lnajemy@orrick.com>
**Sent:** Friday, March 21, 2025 1:47 PM
**To:** Adnan Muttalib <AMuttalib@susmangodfrey.com>; NYT-AI-SG-Service@simplelists.susmangodfrey.com
**Cc:** DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com; NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Subject:** RE: Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

EXTERNAL Email
Counsel,

Microsoft is in receipt of The Times's objections and responses to Microsoft's 4th set of RFPs. While we appreciate The Times's efforts to produce some of the requested documentation, in many areas The Times's responses are woefully deficient. Please let us know your availability to meet and confer next **Monday, March 24** or **Tuesday, March 25** about the issues described herein:

1. **Relevance Objections** (RFP Nos. 139-141, 143-147, 154-157, 159, 162-169, 171-174, 176-177, 180-184, 189, 192-196, 198, 200, 202-206, 209-220, 222-227, and 232)

The Times has lodged relevance objections to these requests when, in fact, they are on all fours with the allegations (and/or Microsoft's defenses) in this case. In principal part, the following categories of requested materials are highly relevant:

- <u>Valuation & Market for the Copyrighted Works-in-Suit</u> (RFP Nos. 140, 144, 149, 209-218, 220, 222-227) / Alleged Harm to the Copyrighted Works-in-Suit (RFP Nos. 139, 141, 143, 146-147, 219): these Requests are relevant to Microsoft's fair use defense (factor four), and any purported harm to the value of or the market (or potential market) for The Times's works under 17 U.S.C. § 107(4)
- <u>The Times's assessment of GenAI</u> (RFP Nos. 156, 159): these Requests are relevant to Microsoft's fair use defense (factor one), as well as its substantial non-infringing uses defense
- <u>The Times's use of GenAI</u> (RFP Nos. 157, 232, 234): these Requests are relevant to Microsoft's fair use defense (factor one), as well as its substantial non-infringing uses defense
- <u>The Times's Trademarks</u> (RFP Nos. 154, 169, 171-174, 176-177, 180-184, 189, 192-196, 198, 200, 202-206): these Requests are relevant to The Times's dilution by tarnishment claim against Microsoft
- <u>Number of works at issue and asserted in this matter</u> (RFP No. 155): this Request is relevant to the amount of damages The Times can possibly recover
- <u>The Times's use (or disuse) of webmaster controls</u> (RFP Nos. 162-168): these Requests are relevant to Microsoft's establishment of an implied license defense (*see e.g., Field v. Google, Inc.*, 412 F. Supp. 2d 1106 (D. Nev. 2006))
- <u>Works at issue and use of same</u> (RFP No. 145): this Request, focused on gaining an understanding of the metrics and documentation associated with how users interact with The Times's works, is relevant to assessing the validity of The Times's claims and Microsoft's fair use defense

2. **Proportionality Objection** (RFP No. 228)

Microsoft propounded a straightforward request, asking The Times for "[d]ocuments sufficient to identify who Your competitors are, or have been, from January 1, 2015 to present." Please be prepared to explain during the parties' conferral how this request is possibly burdensome—not least that Microsoft only sought documents *sufficient to show*—and disproportionate to the sweeping allegations that The Times presented in its First Amended Complaint (concerning the journalism industry writ large).

3. **Timeframe Objections** (RFP Nos. 139-141, 143-147, 149, 154, 157, 159, 161-164, 166, 175, 177, 189, 190-192 [sic], 194-198, 200-220, 224-227, 229-230)

The Times objects to many of Microsoft's discovery requests on the basis that the request seeks documents "without limitation to the relevant timeframe." For the majority of these requests, Microsoft expressly stated that it is seeking documents from "January 1, 2015 to present," and we have repeatedly explained why that time frame is necessary and appropriate in this case. Where a timeframe is not expressly specified, Microsoft is willing to discuss in a meet and confer an appropriate date cut-off to facilitate The Times' production of relevant, non-privileged documentation.

4. **Vagueness and/or Ambiguity Objections** (RFP Nos. 139-141, 143-147, 149, 154, 162-169, 171-174, 176-177, 180-184, 189, 192-196, 198-200, 202-206, 209-219, 222-228, 234)

On all of these requests, The Times lodged objections that commonplace terms or phrases such as "public libraries" (RFP No. 141) are vague and/or ambiguous. For other requests, The Times objected to *defined terms* such as "Domains" (RFP No. 140). When the parties meet and confer, please be prepared to discuss individual terms that may be unclear to help reach a resolution on Microsoft's requests.

5. **ACP/AWP Objections** (RFP Nos. 143-147, 149, 154-157, 169, 171-174, 176-177, 180-184, 189, 192-193, 196, 198-200, 203-206, 209-220, 222-228, 232, 234)

All of The Times's privilege objections are unfounded. As an initial matter, Microsoft is requesting only *non*-privileged documents. Further, The Times has generally forfeited its privilege claims by bringing these issues into the dispute through its First Amended Complaint. These issues are inherently relevant and proportional to the case's needs, making them appropriate for discovery. *See, e.g.*, *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003). Microsoft further fails to see how many of its requests, such as "the rate at which Your readers who encounter a paywall convert to a trial or digital subscription of Your publication" could possibly be privileged (RFP No. 143).

Please confirm that you will withdraw your objections and provide all non-privileged documents responsive to these RFPs that The Times identifies after conducting a reasonable search. Otherwise, be ready to discuss the full rationale for your refusal during the upcoming meet and confer.

6. **Report's Privilege Objections** (RFP Nos. 140, 154, 156, 193, 227, 232, 234)

The Times's reliance on the "reporter's privilege" in response to the aforementioned requests is untenable. The "reporter's privilege" cannot be used as a shield in such a manner, not least when The Times has made extensive allegations against Microsoft (that these requests seek discovery into). Microsoft further fails to see how "Your published content is categorized" into "*e.g.*, breaking news, [and] opinion pieces" could possibly be privileged (RFP No. 140). If documentation is being withheld under this privilege, Microsoft has the right to know the specifics of what is being withheld to assess the validity of The Times's objections. Please confirm that The Times will withdraw all of the objections above and provide non-privileged documents responsive to these requests, or be prepared to discuss this issue when the parties speak next week.

7. **Duplicative Objections** (RFP Nos. 156, 161, 169, 171-174, 176, 224-226, 232, 234)

Please be prepared to discuss The Times's objections based on duplicative-ness, with concrete examples, as Microsoft believes these boilerplate objections are unsupportable. By way of example, RFP No. 156 seeks documents discussing "brainstorm[ing]" "the implication of ChatGPT and other LLM-related technologies on our product." Yet, The Times points back to Microsoft RFP No. 29 (seeking documents relating to policies and procedures regarding The Times's employees' use of gen AI) as somehow duplicative.

The remaining objected-to requests are distinctive, in that they seek targeted documentation from the topic described: *i.e.*, RFP No. 232 details (and seeks) "documents and videos laying out editorial do's and don't for using AI" as referenced in the Semafor article entitled "New York Times goes all-in

on internal AI tools" found online at: https://www.semafor.com/article/02/16/2025/new-york-times-goes-all-in-on-internal-ai-tools." That ask is wholly distinct from RFP No. 29 that addressed The Times's policies and procedures regarding its employees' use of gen AI. Please confirm you will be withdrawing all of these objections.

8. **Information Attainable via Other Means such as Depositions** (RFP Nos. 156, 157, 194)

Microsoft reserves all rights to seek information through depositions as well. This separate discovery tool does not foreclose Microsoft's ability, through FRCP 34, to also get documentation through a request for production. And Microsoft's discovery requests are entirely appropriate for seeking materials through such a path. For example, RFP No. 156 references The Times's documents discussing "brainstorm[ing]" "the implication of ChatGPT and other LLM-related technologies on our product." *See* NYT_00582656. As such, Microsoft seeks discovery on whether any documents or communications exist that reflect such brainstorming sessions (~~and on~~ an issue at the heart of the suit brough against Defendants). If no such documents exist then The Times can represent that in an official discovery response. Otherwise, please withdraw these objections.

9. **Improper Narrowing Objections** (RFP Nos. 142, 148, 151-152, 175, 229-231, 233, 235)

Microsoft appreciates your willingness to produce materials and documentation responsive to these requests. Nonetheless, Microsoft requests a meet and confer to discuss the undue narrowing limitations sought. For example:

- RFP No. 142 – The Times has unilaterally limited the timeframe for production to November 1, 2022 to May 1, 2024, whereas Microsoft requested January 1, 2015 to present. As explained previously, we need the full decade to assess any purported market effects over a fulsome 10-year window to account for the potential unique impacts of the COVID-19 pandemic, while also going far enough back in time to see any effects stemming from the advent of GenAI.
- RFP No. 148 – The Times has unilaterally limited its production to "use of GPT Services to access Times copyrighted works" whereas Microsoft's request was specifically about use of an "LLM *versus a regular search engine*." Microsoft is trying to assess any potential market effects, and purported harm (such as through a decrease in click through rates) via a comparison between traditional search and GenAI.
- RFP No. 151 – The Times has unilaterally limited its production to January 1, 2018 to the present (versus 2015), which presents issues for the same reasons described above with respect to RFP No. 142.
- RFP No. 152 – Microsoft requested "sales data for pricing of the Copyrighted Works-in-Suit" but The Times agreed to only provide "(1) the key terms of relevant licenses active from January 1, 2018 to the present and (2) the current subscription pricing of its products." Valuation is a key part of the fourth factor fair use analysis. The Times cannot limit its fact discovery into such a critical matter as sales pricing for the works in suit.
- RFP No. 175 – Microsoft seeks "Documents sufficient to show the channels of trade for the goods or services with which each of Your trademarks is used in the United States," and not just "documents sufficient to show (1) its trademarks and (2) its trademarked products." The Times's narrowing disallows Microsoft from understanding the specific *channels* at issue, such to assess the trademark dilution claim allegations.
- RFP Nos. 229, 230, 231, 233, 235 – While we understand that The Times is principally

standing on its objection to these requests based on the Court's Order (ECF 344)—and thus is limiting its search, collection, and production, to "use of *Defendants'* Generative AI tools"—Microsoft maintains that this objection is improper as it is based on an Order that is currently on appeal to Judge Stein.  As such, Microsoft reserves all rights.

We appreciate your prompt attention to all of the issues raised in this email, and look forward to discussing them next week.  In addition, please be prepared to talk about the response raised in The Times's email dated Tuesday, March 18 (from A. Muttalib to L. Carlson).  In particular, The Times has pointed to documentation for point (2) that do not specifically denote click through rates from Microsoft's GenAI tools.  Instead, these materials show page views and/or readership generally (NYT_00692254); traffic from Bing.com (NYT_00582639); or no metrics whatsoever (NYT_00198275).  These three issues reflect the broader concerns we have with your production to date on the core fourth factor matter of click through rates.

As to point (3): we are confused about how NYT_00266429 (NYT Comments to the USCO) is responsive to Microsoft's requests for negotiations with third parties such as the Financial Times and Google.  We do however appreciate The Times's representation it would attempt to follow-up on relevant, responsive documentation.

Lastly, for point (4): we are in receipt of your position on adding the ChatExplorer email account as a custodian.  Please be prepared to discuss your position during the parties' meet and confer next week.

Thanks,
Laura

**Laura B. Najemy**
Partner

Orrick
Boston
T +1-617-880-1889
M +1-413-478-6502
lnajemy@orrick.com

---

**From:** Adnan Muttalib <AMuttalib@susmangodfrey.com>
**Sent:** Thursday, March 20, 2025 4:09 PM
**To:** NewYorkTimes_Microsoft_OHS <NewYorkTimes_Microsoft_OHS@orrick.com>; newyorktimes-microsoft-fdbr@faegredrinker.com; KVPOAI@keker.com; openaicopyrightlitigation.lwteam@lw.com; OpenAICopyright <OpenAICopyright@mofo.com>
**Cc:** NYT-AI-SG-Service@simplelists.susmangodfrey.com; DailyNews-AI-RFEM@rothwellfigg.com; ai@loevy.com
**Subject:** Service of The Times's R&Os to Microsoft's Fourth Set of RFPs

**[EXTERNAL]**

Counsel,

Please find attached The Times's Responses and Objections to Microsoft's Fourth Set of Requests for Production.

Best,
Adnan

Adnan Muttalib
Associate | Susman Godfrey L.L.P.
amuttalib@susmangodfrey.com
Office: (310) 789-3181
Cell: (310) 989-0800
Not admitted in California. Practicing under the supervision of the partnership of Susman Godfrey LLP.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.

**NOTICE TO RECIPIENT** | This e-mail is meant for only the intended recipient of the transmission, and may be a communication privileged by law. If you received this e-mail in error, any review, use, dissemination, distribution, or copying

of this e-mail is strictly prohibited. Please notify us immediately of the error by return e-mail and please delete this message from your system. Thank you in advance for your cooperation.

For more information about Orrick, please visit *http://www.orrick.com*.

In the course of our business relationship, we may collect, store and transfer information about you. Please see our privacy policy at https://www.orrick.com/Privacy-Policy to learn about how we use this information.