SUSMAN GODFREY L.L.P

**VIA ECF**

October 15, 2025

Hon. Ona T. Wang
Southern District of New York

> *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
> This Document Relates To: The New York Times, No. 1:23-cv-11195

Dear Magistrate Judge Wang:

Plaintiff The New York Times ("The Times") seeks Microsoft's compliance with the Court's June 25, 2025 Order requiring Microsoft to identify the contracts it is relying on for its express license defense via a response to a request for production. *See* Dkt. 148; June 25, 2025 Hrg. Tr. 139:6-19.

To briefly remind the Court how we got here, the sequence is this:

(1) 414 days ago, on August 27, 2024, The Times issued Request No. 73, seeking: "All documents relating to any contract, license agreement, or terms that You intend to rely on or which You otherwise believe is relevant to the claims and defenses in this case." Ex. A. Microsoft indicated it would respond to this request and thus there was no motion practice.

(2) 222 days ago, on March 7, 2025, The Times issued Interrogatory 11 asking Microsoft to: "Identify all contractual agreements with any News Plaintiff that You intend to rely on in the News Cases, including but not limited to any agreements previously requested in Times RFP 73, served on August 27, 2024." Dkt. 148-1 at 5-6. Microsoft refused to answer this interrogatory.

(3) In light of Microsoft's refusal, the parties had rounds of meets-and-confers and then, 127 days ago, on June 10, 2025, The Times filed a motion to compel in this Court. Dkt. 148.

(4) At the June 25 hearing, this Court cut through the semantics of the parties' dispute (centering on whether the interrogatory at issue was a contention interrogatory and, if so, when Microsoft was required to answer it), and instead ordered Microsoft to simply respond to an RFP that would get at this same issue:

> The Court: "Would you respond to a document request seeking the express license referenced in the amended answer?"
>
> Microsoft: "Or documents constituting the express license?"

1

> The Court: "Uh-huh."
>
> Microsoft: "If we are properly served with a document request."
>
> The Court: "OK. When can you serve that document request?"
>
> The Times: "Tomorrow."
>
> The Court: "Serve it tomorrow. Let's end this. All right. There we go. And I am not disturbing your contention interrogatory response deadline."

June 25, 2025 Hrg. Tr. 139:6-19.

(5) The Court followed up that same day with the following written Order: "News Plaintiffs' motion at ECF 148 regarding interrogatories 11 and 12 is DENIED as premature. New York Times is directed to serve document requests on the issue of the 'express license' by June 26, 2025." Dkt. 270 at 4.

(6) Following that hearing, The Times promptly followed up with Microsoft,[1] who somehow refused to make a stand-alone production of the agreements it was relying on for its express license defense. Ex. D; Ex. C. Instead, on July 30, it produced 46 documents consisting of contracts, emails, various click-through agreements, printouts from Microsoft's website, and AI data acquisition strategy powerpoints. Microsoft essentially told The Times to guess which of the produced documents would form the basis of its express license defense. Ex. C.

(7) The Times diligently reviewed the production and identified 23 different contracts, some of which are different versions (spanning a 10-year period) of the same contract. Some of which are contracts with The Times. Some of which appear to be Microsoft Terms of Use.

(8) On September 19, The Times reached back out to Microsoft with a list of the potentially relevant licenses it found in Microsoft's production and asked whether this was the universe of contracts Microsoft is relying on for its express license defense. Ex. B at 6. Microsoft refused to answer. The parties held yet another meet and confer call, and Microsoft still refused to answer. Ex. B at 2 ("Microsoft still hasn't answered our gating questions: (1) whether Microsoft intends to rely on the MSA as part of its express license defense…") ("Microsoft also will not answer our questions below about which of the licenses identified in my September 19 email Microsoft plans to rely on to support its express license defense…").

---

[1] The parties agreed that RFP 73 (which The Times served in August 2024) applied and The Times did not need to serve a new request. Ex. D.

2

> (9) In the interim, the deadline for moving to strike came due and The Times moved to strike Microsoft's express license defense for failing to identify the contract or contracts on which it was based—unlike OpenAI, who identified three such contracts. Judge Stein has since denied that motion saying this issue should be resolved in discovery. Ex. E (Oct. 8, 2025 Hrg. Tr.) 99:3-12.

Simply put, this issue *has* been resolved in discovery via this Court's prior Order. And yet, despite this Court's Order, Microsoft still refuses to identify the relevant contract(s), forcing The Times to bring yet another motion on this topic.

The Times will not rehash its previous briefing on this subject, especially since Microsoft agrees The Times is entitled to this information. *See* Dkt. 148. It simply disputes the "when." *See* Dkt. 168. But Microsoft's refusal to provide this discovery until the end of fact discovery unfairly prejudices The Times who has already been—and will continue to be—forced to expend considerable resources chasing down follow-up discovery for 23 different versions of 5 different contracts.

This is not a theoretical concern: The Times has spent the past several months attending multiple lengthy meet-and-confers with Microsoft, accompanied by the usual back-and-forth written correspondence, all focused on whether Microsoft would produce more information about just one of these five contracts. It was only after several weeks of back-and-forth, and facing the prospect of The Times filing a motion to this Court seeking further discovery into that agreement, that Microsoft finally conceded two days ago that the agreement at issue was *not* one that it would be relying on for its express license defense. In other words, Microsoft's interpretation of this Court's prior Order was that it was free to include other contracts involving The Times that it does not intend to rely on in the same production as the still unspecified contracts that form the basis of its express license defense. With that information, The Times promptly dropped its request for further discovery into that particular agreement. While we do not have an exact hours' estimate of how much time and money The Times's attorneys spent litigating this particular dispute, it was considerable. *See, e.g.*, Ex. B at 1, 9, 14, 20, 27. And they should have been freed up for other—more productive—tasks.

Another undue prejudice is presented by depositions, which as this Court knows are on a clock. There is no good reason why The Times should be forced to spend its limited deposition time asking Microsoft witnesses about agreements Microsoft does not intend to rely on for its express license defense.

Another undue prejudice is of course this briefing. This is now the second time The Times has had to come to this Court regarding this dispute. This is not the way discovery should proceed. If Microsoft wants to press its express license defense in this action, nearly three years into the case it should be able to identify what licenses it is relying on for that defense.

So here we are—once again—asking Microsoft to comply with the letter and the spirit of this Court's June 25, 2025 Order by simply identifying, as OpenAI has already, what contract(s) it intends to rely on in support of its express license defense.

Respectfully,

*/s/ Davida Brook*
Davida Brook
Susman Godfrey LLP

*/s/ Steven Liberman*
Steven Liberman
Rothwell, Figg, Ernst & Manbeck

cc:    All Counsel of Record (via ECF)