<u>VIA ECF</u>

October 15, 2025

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

   *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 1:25-md-3143 (SHS) (OTW)
   This Document Relates To: No. 1:24-cv-3285 (SHS) (OTW)

Dear Magistrate Judge Wang:

  I write on behalf of the *Daily News* Plaintiffs[1] concerning OpenAI's refusal to answer Interrogatory No. 10 in the Daily News Plaintiffs' Fourth Set of Interrogatories.  The parties met and conferred by videoconference and exchanged emails regarding the dispute.  *See* Ex. 1 (email correspondence).  OpenAI has taken the position that it does not have to provide an answer based on Local Rule 33.3(a)-(c).  *See id.*  The *Daily News* Plaintiffs disagree and seek an order requiring OpenAI to provide a complete response to Interrogatory No. 10 within one week of the October 29th hearing (i.e., by November 5th).

**I. Background**

  On August 19, 2025, the Daily News Plaintiffs served their Fourth Set of Interrogatories (Nos. 9-16) on OpenAI.  Interrogatory No. 10 reads:

> Describe the processes used by You to remove, extract, mask, hide, or alter Copyright Management Information (CMI) conveyed with Publishers' Content, including: processes performed as part obtaining, generating, curating, cleaning, formatting, or storing Training Datasets; processes performed as part of Retrieval Augmented Generation; and processes performed as part of training, including pre-training, post-training, and fine-tuning.

Ex. 2 at 6.  Copyright Management Information or "CMI" was defined as "any copyright, ownership, or other identifying information conveyed in connection with Publishers' Content, such as author(s), byline, header or footer, date, article heading, publisher, title, and any other information defined at 17 U.S.C. 1202(c)."  *Id.* at 5.

  On September 25, 2025, OpenAI served its Responses and Objections, refusing to answer *any* of the interrogatories.  *See* Ex. 3 at 7-18.  With respect to Interrogatory No. 10, although

---

[1] Plaintiffs Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC.

OpenAI included a list of boilerplate objections, its refusal to answer turned on Local Rule 33.3: "Based on the foregoing General and Specific Objections, and pursuant to Local Civil Rule 33.3, OpenAI will not provide a response to this Interrogatory at this time." Ex. 3 at 8-9.

Following a preliminary exchange of emails outlining the disputes, the parties met and conferred on October 6, 2025. After the meeting, OpenAI confirmed its position that Interrogatory No. 10 is improper under each of subsections (a)-(c) of Local Rule 33.3. *See* Ex. 1 ("[A]s stated during our meeting, OpenAI's objections to this set of Interrogatories are based on all subsections of Local Rule 33.3."). The parties dispute the application of Local Rule 33.3(a)-(c).

## II. Argument

OpenAI's process for handling of CMI—including how it removes, hides, or otherwise alters CMI from copyrighted works—is relevant to the *Daily News* Plaintiffs' claims under the Digital Millennium Copyright Act (DMCA). *See* Dkt. 1 at 90-91 (Count V). Nothing in the Local Rules permits OpenAI to delay disclosure of the facts surrounding this important issue. Interrogatory No. 10 was served long after "the commencement of discovery," seeks specific information that is well suited for a short, narrative response, and does not seek OpenAI's "claims or contentions." As such, it is proper under all subsections of Local Rule 33.3(a)-(c).

### A. Interrogatory No. 10 is Proper Under Local Rule 33.3(a)

Local Rule 33.3(a) restricts interrogatories served "at the commencement of discovery." *See* S.D.N.Y. Local Rule 33.3(a); *Ohanian et al. v. Apple*, No. 20-cv-05162, 2022 WL 576314, at *2 (S.D.N.Y. Feb. 25, 2022) ("Local Rule 33.3(a) does not limit the parties' discovery at *this stage* of the case. By its very terms, Local Rule 33.3(a) applies at the 'commencement of discovery.'") (emphasis original); *Madanes v. Madanes*, 186 F.R.D. 279, 289-90 (S.D.N.Y. 1999). But discovery is well underway in these cases. Indeed, major discovery deadlines, including the last day to serve written discovery (August 19, 2025) and the substantial completion deadline (September 12, 2025) have already passed. Dkt. 238 (Joint Case Schedule). There is no colorable argument that Local Rule 33.3(a) applies at this late stage of discovery—we are much closer to the close of fact discovery (February 27, 2026) than we are to its commencement. *Id.*

### B. Interrogatory No. 10 is Proper Under Local Rule 33.3(b)

An interrogatory is the most practical method of obtaining information regarding OpenAI's practices with respect to CMI. *See, e.g., Ohanian*, 2022 WL 576314 at *2; *In re Weatherford Int'l Sec. Litig.*, No. 11-cv-1646, 2013 WL 5788680, at *2 (S.D.N.Y. Oct. 28, 2013). As is the case here, interrogatories are a practical discovery tool where they can be answered with short, "comparatively simple responses," especially where it may be difficult for a witness to remember specific information during a deposition. *In re Weatherford*, 2013 WL 5788680 at *3.; *see also Madanes*, 186 F.R.D. at 290 ("In this case, interrogatories are a more efficient means of identifying accounts than either demands for account documents or depositions of witnesses who could hardly be expected to have comprehensive memories of their financial affairs."); *Pratt v. Atalian Glob. Servs. Inc.*, No. 20-cv-3710, 2021 WL 1234253, at *3 (S.D.N.Y. Apr. 2, 2021) (granting letter motion in part where it was "more practical for Pratt to provide the lists requested via interrogatory

2

response"). Furthermore, the information sought is both relevant and proportional to the needs of the case. *See Ohanian*, 2022 WL 576314 at *3.

OpenAI has offered no explanation as to why it would be more practical to prepare and question a witness regarding OpenAI's CMI processes, including asking a witness to memorize the names and functionality for each of the different processes covered by the interrogatory. A more practical and less burdensome means would be to just respond to Interrogatory No. 10.

The foregoing is supported by the positions OpenAI has taken with respect to providing 30(b)(6) witnesses. OpenAI has only agreed to provide a witness regarding preparation of training data, generally. *See* Ex. 4, pp. 37-38 ("OpenAI will produce one or more witnesses to provide non-privileged factual testimony on the following subject matter: As a general matter, how text data is filtered, cleaned, tokenized, or otherwise altered for use in pretraining and mid-training for OpenAI's LLMs."). It has not agreed to provide a witness to testify regarding CMI removal at the level of specificity sought by Interrogatory No. 10. *See id.* (objecting to subparts 10(m)-10(n)). [2]

In summary, an interrogatory response is the best vehicle to obtain the relevant discovery. If OpenAI's processes for the removal of CMI are limited in nature, then a short response is all that is required and answering the interrogatory is the most practical path forward. On the other hand, if there are numerous and varied ways in which OpenAI is handling CMI across the different phases set forth in Interrogatory No. 10, then it is unreasonable to expect a witness to remember all of those details—an interrogatory response would again be the most effective way to obtain *accurate* and *complete* information.

C. Interrogatory No. 10 is Proper Under Local Rule 33.3(c)

Local Rule 33.3(c) applies to "interrogatories seeking the claims and contentions of the opposing party." *See* S.D.N.Y. Local Rule 33.3(c). Interrogatory No. 10 seeks neither. Rather, it seeks only a description of the processes used by OpenAI. It does not, for instance, ask OpenAI to "identify each fact supporting an allegation" with respect to how these processes were developed or "apply their opinion of the application of relevant law" and whether these processes violate the DMCA. *See Trilegiant Corp. v. Sitel Corp.,* 272 F.R.D. 360, 367 (S.D.N.Y. 2010) ("under Local Civil Rule 33.3, contention interrogatories, or those which 'seek identification of each fact supporting an allegation'") (citations omitted); *In re Facebook, Inc.*, No. MDL 12-2389, 2016 WL 5080152 at *2 (S.D.N.Y. July 7, 2016) ("arguments that these are not contention interrogatories is unpersuasive, as each asks [the party] to apply their opinion of the application of relevant law").

**III. Conclusion**

For the foregoing reasons, the *Daily News* Plaintiffs seek an order requiring OpenAI to provide a complete response to Interrogatory No. 10. Counsel for the *Daily News* Plaintiffs will be prepared to address these issues at the October 29 Hearing.

---

[2] Nor has OpenAI argued that document production would be more appropriate. OpenAI did not answer the interrogatory by identifying documents under Fed. R. Civ. P. 33(d). *See E*Trade Fin. Corp. v. Deutsche Bank, AG*, No. 05-cv-902, 2006 WL 3267267, at *2 (S.D.N.Y. Nov. 13, 2006).

October 15, 2025                                      Respectfully submitted,

                                                      */s/ Steven Lieberman*
                                                      Steven Lieberman
                                                      Rothwell, Figg, Ernst & Manbeck, P.C.

cc:    All Counsel of Record (via ECF)

4