**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
IN RE:                                            :
                                                  :
OPENAI, INC.,                                     :        25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                :
                                                  :
                                                  :        **ORDER**
This Document Relates To:                         :
**All Actions**                                   :
                                                  :
-------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the parties' competing deposition protocol proposals. (*See* ECF Nos. 103, 105). The parties' remaining issues are discussed below.

   I.   **Plaintiffs' Allotted Deposition Hours**

The parties first dispute the total number of deposition hours of OpenAI witnesses allotted to Plaintiffs. Plaintiffs propose: (1) 105 hours of depositions for OpenAI witnesses exclusive of witnesses deposed prior to the MDL in the Class Cases and (2) 150 hours of depositions of OpenAI witnesses in the News Cases. Defendants propose: (1) 105 hours of depositions for OpenAI witnesses inclusive of witnesses deposed prior to the MDL in the Class Cases and (2) 112 hours of depositions of OpenAI witnesses in the News Cases.

I had previously ruled on the length of certain custodial 30(b)(6) depositions to take place in the Authors Cases, (*see* Case No. 23-CV-8292, ECF 320), and the N.D. Cal. cases were further along in discovery and appear to have completed at least some party and third-party depositions. (*See* N.D. Cal. Case No. 23-CV-3223, ECF Nos. 244, 248, 279, 319, 375). Yet, neither party included in their proposals the number of hours of depositions already taken in any of the cases, or which were custodial depositions. Because it is not the Court's job to piece together

clues from the various dockets to determine how many hours of depositions took place before the MDL. Accordingly, none of the prior hours will be counted against any of the parties.

Accordingly: **(1) the Class Cases will be afforded 105 hours of depositions of OpenAI witnesses, <u>exclusive</u> of depositions conducted before the MDL; and (2) the News Cases will be afforded 130 hours of depositions of OpenAI witnesses, <u>exclusive</u> of depositions conducted before the MDL.** If the Plaintiffs seek additional deposition hours above these presumptive limits for a <u>particular witness</u>, they must make a **particularized showing** after the deposition. *See* Fed. R. Civ. P. 30(d).

## II. 30(b)(6) Deposition Time

The parties next dispute limits on 30(b)(6) deposition time for OpenAI, Authors Guild, and the Loan Out Companies in the News Cases.

**OpenAI is subject to a maximum of 25 <u>new</u> hours of 30(b)(6) deposition time, and the Authors Guild and the Loan Out Companies in the News Cases each subject to a presumptive 7 <u>new</u> hours of 30(b)(6) deposition time per witness. The parties may apply for additional time under Fed. R. Civ. P. 30(d)**.

## III. Document Production Before Depositions

The parties next dispute the extent to which document production must be complete before commencing depositions.

The Court adopts Plaintiffs' proposal. **Production of documents relevant to a particular witness or 30(b)(6) topic must be substantially complete at least 14 days before the scheduled deposition.**

### IV. Use of Plaintiffs' Deposition Transcripts

Defendants seek to "use" Plaintiffs' depositions "across the MDL to effectively defend themselves." (ECF 105). Plaintiffs seek to limit Defendants' "use" of each of Plaintiffs' documents and depositions to only cases where each Plaintiff is a party.

OpenAI is directed to file a letter but **June 18, 2025,** explaining why they anticipate needing to "use," for example, a deposition transcript from a New York Times employee in another News or Class case. OpenAI must include specific examples of why such documents need to be "used" across cases despite the presumption that they are irrelevant.

### V. Witness Conferral and Objections

Finally, the parties have a "dispute" regarding witness conferrals and objections during depositions. The Court assumes that the parties, with their extensive experience, understand the general limitations that apply to conduct at depositions. The Court finds the reasoning in *Pape v. Suffolk Cnty. Soc'y for Prevention of Cruelty to Animals* persuasive, and this should be applied on a case-by-case basis. 20-CV-1490 (JMA) (JMW), 2022 WL 1105563 (E.D.N.Y. Apr. 13, 2022). The Court declines to issue an advisory ruling on this issue.

### VI. CONCLUSION

OpenAI is directed to file their letter response to Section IV by **June 18, 2025,** and the parties are directed to begin revising the proposed deposition protocol in accordance with this Order.

The Clerk of Court is respectfully directed to close ECF 103.

**SO ORDERED.**

|  |  |
|---|---|
| Dated: June 13, 2025<br>New York, New York | _s/ Ona T. Wang_<br>**Ona T. Wang**<br>United States Magistrate Judge |