# KLARIS

October 17, 2025

**Via ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      **Re:**    *In re: OpenAI, Inc., Copyright Infringement Litigation, 1:25-md-03143-SHS-OTW*: *Ziff Davis's Opposition to Motion to Compel Related to Ziff Davis's Internal Generative AI Models*

      This Document Relates to: *Ziff Davis, Inc., et al. v. OpenAI, Inc. et al.*, No. 25-cv-04315-SHS-OTW

Dear Judge Wang:

      We write on behalf of Ziff Davis in opposition to OpenAI's motion to compel Ziff Davis to produce documents in response to three Requests for Production related to training data that Ziff Davis may have used or considered using "to train any Generative AI prototypes, tools, or products" it may have developed (Dkt. 636, Ex. A (RFPs 83–85)). This motion is premature and improper. OpenAI has never made any meaningful effort to meet and confer about these RFPs, and has never previously articulated, or given Ziff Davis an opportunity to consider, any of the arguments that it now makes for the first time in support of its motion.

      The entire history of the Parties' discussions as to these RFPs is as follows: On August 25, 2025, OpenAI sent a chart listing 55 RFPs as to which Ziff Davis had objected but as to which certain other news plaintiffs purportedly had taken a different position. A note accompanying the chart that said the purpose of the chart was "to assist in streamlining our meet-and-confer discussions going forward." OpenAI subsequently asked Ziff Davis to reconsider its position as to 23 of those 55 RFPs, <u>not</u> including the three RFPs at issue here. The Parties then engaged in extensive back and forth discussions as to the 23 RFPs identified by OpenAI. The remaining 32 RFPs on the chart—including the three RFPs at issue—were never mentioned again until OpenAI sent an email on September 24 demanding, without further explanation or elaboration, that Ziff Davis agree to produce documents responsive to all 32 additional RFPs. <u>See</u> Ex. A.

      Ziff Davis responded that OpenAI had never previously asked Ziff Davis to address these RFPs and added that "if you have any substantive reasons you believe Ziff Davis' position should be reconsidered for any of these 32 requests, please let us know. As always, we are available to meet and confer." *Id.* In response, OpenAI sent an email that asserted in perfunctory fashion that

# KLARIS

all 32 RFPs, covering a wide range of topics, were "directly relevant, *inter alia*, to Ziff Davis's copyright claims and rebutting Ziff Davis's allegations relating to 'verbatim copies, close paraphrases, and substantiated derivatives of Ziff Davis Works' as well as to OpenAI's overall fair use defense, including the public availability of and the alleged market for the asserted works." *Id*. This vague statement was the only attempt OpenAI ever made to articulate any basis for its demands as to the RFPs at issue here. Ziff Davis responded on October 8, declining to change its position as to these three RFPs.

OpenAI never responded further—instead, it filed its motion which, for the first time, articulates its specific bases for contending that Ziff Davis should be required to produce documents in response to these RFPs. In particular, OpenAI's motion primarily focuses on news reports regarding an "AI engine" (which OpenAI labels an "AI Model") deployed on a test basis on the CNET website under the company's prior ownership in 2023, long before CNET Media, Inc. was acquired by Ziff Davis. But this "AI engine" used on CNET is not mentioned in the RFPs at issue, and OpenAI never raised it in any communications concerning these three RFPs.

OpenAI has plainly failed to meet and confer in good faith, and the motion should be denied on that basis. Ziff Davis is available to meet and confer with OpenAI as to its new grounds allegedly supporting these Requests.

Even if the Court were to address the merits at this time, the motion should still be denied. OpenAI argues that documents concerning the CNET AI test project would be relevant to the first and fourth factors of the fair use analysis. Docket 636 at 2–3. But this Court has already squarely rejected that argument when it denied OpenAI's prior efforts to compel the New York Times to produce the same type of documents at issue here. *See* Nov. 22, 2024 Order in New York Times Co. v. Microsoft et al., No. 1:23-cv-11195-SHS-OTW, Docket 344. In that instance, OpenAI sought to compel the Times to produce documents concerning, *inter alia*, the Times' use of nonparties' Generative AI tools and the Times' creation and use of its own Generative AI products. The Court found that the requested documents were not relevant to OpenAI's fair use arguments, concluding that "[t]his case is about whether Defendant trained their LLMs using Plaintiff's copyrighted material, and whether that use constitutes copyright infringement . . . It is not a referendum on [] Plaintiff's business practices []." *Id*. at 5. Judge Stein then upheld that decision in a May 30, 2025 Order, concluding that "[i]t was not clearly erroneous [] to determine that The Times's use of nonparty technology does not bear on whether defendants' use of The Times's works is transformative" and that it "was not clearly erroneous [to conclude that] discovery into The Times's internal use of [] nonparty generative AI [was] not relevant to the inquiry of whether a ready market exists to license The Times's works for LLM training." Docket 82 at 6–7.

# KLARIS

OpenAI attempts to distinguish Judge Stein's ruling by stating that the Times had denied that it ever "attempted to develop and train its own generative AI LLM." Docket 636 at 3. Since Ziff Davis just learned of OpenAI's contentions regarding the supposed significance of the CNET project when this motion was filed three days ago, Ziff Davis has not yet been able to confirm whether any model in fact was "created" internally by CNET as OpenAI alleges, or whether—as in fact appears to be the case—either CNET or a third-party former affiliate simply used a third-party LLM, just as the New York Times did. Had OpenAI engaged in a meet-and-confer and articulated the basis for its requests before precipitously filing its motion, Ziff Davis could have investigated further and potentially provided facts to moot the Requests.[1]

Finally, OpenAI claims that these RFPs are relevant to a potential unclean hands defense. But "[t]he defense of unclean hands in copyright actions is recognized only rarely, when the plaintiff's transgression is of serious proportions and relates directly to the subject matter of the infringement action." Sands v. CBS Interactive Inc., 2019 WL 1447014, at *4 (S.D.N.Y. Mar. 13, 2019) (citation omitted). For the defense to apply, "[c]ourts have required that the plaintiff either participated in the acts of infringement or that plaintiff committed some 'transgression' such as fraud upon the Copyright Office resulting in harm or prejudice to the defendant." O'Neil v. Ratajkowski, 563 F. Supp. 3d 112, 136 (S.D.N.Y. 2021) (citation omitted). And the defense applies only if "the misconduct that forms the basis for the defense is [] 'immediate[ly] and necessar[ily]' related to the right in suit." Specialty Mins., Inc. v. Pluess-Staufer AG, 395 F. Supp. 2d 109, 112 (S.D.N.Y. 2005) (citation omitted) (noting "the extensive case law in which the right in suit is narrowly defined in relation to the specific claims asserted by the plaintiff"). Here, the alleged CNET AI test program has nothing to do with the question of whether OpenAI acted unlawfully in connection with the Ziff Davis content at issue in this litigation. It is therefore not "immediately and necessarily" related to Ziff Davis' claims.

---

[1] Even in the unlikely event that the CNET AI model was created internally, that would not change the analysis. While the May 30 Order did rest in part on the fact that the Times did not create its own generative AI models, that was not a factor in this Court's original denial of the motion to compel. Indeed, this Court specifically rejected OpenAI's argument that "the Times's **creation** [of] . . . [Gen AI] generally is directly relevant" to the fair use defense. (Nov. 22, 2024 Order at 5) (emphasis added). Rather, the Court emphasized that "the fair use factors are concerned with 'the copier's use of an original work.'" Id., quoting Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith, 598 U.S. 508, 528 (2023). The same reasoning applies here—the fair use analysis is properly focused on what OpenAI did with Ziff Davis' works, not what Ziff Davis may or may not have done with regard to creating a generative AI model.

# KLARIS

      For all of the above reasons, Ziff Davis respectfully requests that the Court deny OpenAI's premature motion in its entirety.

                                                        Respectfully submitted,

                                                      /s/ Lacy H. Koonce, III
                                                      Lacy H. ("Lance") Koonce, III
                                                      KLARIS LAW PLLC
                                                      161 Water Street
                                                      New York, NY 10038
                                                      Telephone: (646) 779-4882
                                                      lance.koonce@klaris.com

                                                      *Attorneys for Ziff Davis*

cc: All Counsel of Record (via ECF)