KEKER VAN NEST & PETERS          LATHAM & WATKINS LLP          MORRISON FOERSTER

October 20, 2025                                                            **VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   Ziff Davis's October 15 Letter Motion ECF 653, *In re OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143
    This Document Relates To: *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.*, Case No. 25-cv-04315-SHS-OTW

Dear Judge Wang,

Ziff Davis's letter motion ("Motion") seeking custodians and search terms as well as production of documents related to the full scope of three RFPs should be denied as premature and contrary to this Court's instruction at the September 25 discovery hearing that the parties "[h]ave a conversation about what search terms might be appropriate or necessary . . . that would still be live even if Judge Stein were to stay some or all of Ziff Davis's case." 9/25/2025 Hearing Tr. at 56:1–6. OpenAI did exactly what the Court instructed—proposed search terms and custodians in response to Ziff Davis's document requests and offered to meet and confer. Ziff Davis ignored OpenAI's proposal. Instead, without meeting and conferring, it filed this Motion in yet another attempt to bypass Judge Stein's upcoming rulings on the scope of the case. For these reasons, the Court should wait for Judge Stein's rulings and deny Ziff Davis's motion.

**I.    Ziff Davis's Motion Disregards the Court's Instructions.**

Ziff Davis sought the same relief in its September 9 letter motion (ECF 550) and at the September 25 discovery hearing. Specifically, Ziff Davis asked this Court to compel OpenAI to "provide custodians and search terms related to the full scope of Ziff Davis's RFPs," even ***expressly identifying RFP Nos. 13 and 14 in its motion***. ECF 550 at 3. As OpenAI explained at the September 25 hearing, it provided Ziff Davis with a broad and comprehensive list of search terms that "covers the waterfront with respect to the subject matter that could possibly get anywhere near a news organization's concerns about things OpenAI has done." 9/25/2025 Hearing Tr. 54:18–55:4 (J. Gratz). If Ziff Davis believes there is a broader set of search terms, it should follow the established ESI protocol and offer a counterproposal; Ziff Davis has refused to do so. As to custodians, "the additional scope that adds custodians is just the additional scope that is before Judge Stein." *Id.* at 55:5–7 (J. Gratz).

This Court instructed the parties to "[h]ave a conversation about what search terms might be appropriate or necessary that haven't been included and that address some of the things . . . that would still be live even if Judge Stein were to stay some or all of Ziff Davis's case." *Id*. at 56:1–6. The Court further instructed Ziff Davis that "to the extent that [Ziff Davis] think[s] there are custodians that are not included in the custodian lists now, take a look at what's been done already

1

and don't say, you know, we think there are more because you said there would be more." *Id.* at 58:2–6, 58:15–59:4 (the Court) (explaining that collecting documents for additional custodians is "a lot more work" and instructing Ziff Davis to "start with what [OpenAI has] got collected already").

Ziff Davis's assertion that OpenAI refuses to produce responsive documents "[d]espite multiple meet-and-confers via Zoom" is not true. Mot. at 2. OpenAI informed Ziff Davis that it has **already** produced documents responsive to RFP Nos. 13 and 14 and asked to confer further regarding RFP Nos. 13–14 and 21. *See* Ex. A (OpenAI's September 19 letter). Meanwhile, Ziff Davis has not engaged in any way with OpenAI's proposed search terms and custodians, has not provided a counterproposal for RFP Nos. 13, 14, or 21,[1] and has made no attempt to confer with OpenAI since the September 25 discovery hearing. (Nor has Ziff Davis produced *any* documents to OpenAI.) This Court has ordered that "the parties should NOT include any 'issues' for which the parties have not engaged in the meet and confer process; any such disputes will be denied outright." Order, *In re OpenAI, Inc. Copyright Infringement Litig.*, No. 1:25-cv-3291-SHS-OTW (S.D.N.Y. May 9, 2025), ECF 47 at 1. The ball is, and has been, in Ziff Davis's court. Thus, this motion should be denied outright as unnecessary and premature.

## II. Ziff Davis Attempts to Circumvent Judge Stein's Upcoming Rulings on OpenAI's Motion to Dismiss and Motion for a Partial Stay.

Ziff Davis admits that RFP Nos. 13–14 and 21 "are directly relevant to Ziff Davis's claim under 17 U.S.C. § 1202(b)(3)" (Mot. at 1), which OpenAI has moved to dismiss and for which OpenAI has moved to stay discovery. Judge Stein heard oral argument on OpenAI's Motion to Dismiss and Partial Motion to Stay on October 8, 2025, and will be scheduling a continuation hearing soon. If Judge Stein grants either of OpenAI's motions, RFP Nos. 13–14 and 21 would no longer be live and Ziff Davis's motion would be moot. To avoid duplicating efforts, the Court should therefore wait for Judge Stein's rulings and deny Ziff Davis's Motion. *See* 9/25/2025 Hearing Tr. at 11:13–18 (the Court) ("I really don't think that Judge Stein and I should be duplicating effort. And to the extent that he's already clearly going to be hearing some aspects of this argument, I think it's more appropriate that I wait and see what happens in that argument[.]").

## III. Ziff Davis's Requests Are Not Relevant to "Distribution" Under § 1202(b)(3).

In its September 19 letter, OpenAI asked Ziff Davis to "clarify its §1202(b)(3) claim to allow OpenAI to understand the relevance and scope of these requests." Ex. A at 1–2. Ziff Davis did not respond to OpenAI's letter. Ziff Davis now asserts in its Motion that RFP Nos. 13–14 and 21 are relevant because OpenAI "'distributes' CMI-less content by (1) assigning all of its rights in any outputs from its models and products through both its consumer and business terms of use . . . and (2) providing various options allowing users to 'copy,' convert to audio ('reading aloud'), 'share,' 'archive,' and/or 'edit using OpenAI's separate editing tool, *Canvas*.'" Mot. at 2.

---

[1] Without following this Court's instruction, Ziff Davis requested 12 additional custodians and 15 additional search terms for Ziff Davis's Third Set of RFPs, which OpenAI substantively responded to and which has gone unanswered.

KEKER VAN NEST & PETERS          LATHAM & WATKINS LLP          MORRISON FOERSTER

     Case law contradicts Ziff Davis's theories. Under § 1202(b)(3), an assignment of rights concerns transfers of intellectual property rights (such as copyright ownership) rather than distribution of actual works or copies. *See, e.g.*, Opinion & Order, *The Intercept Media, Inc. v. OpenAI, Inc.*, No. 1:24-cv-01515 (JSR) (S.D.N.Y. Feb. 20, 2025), ECF 127 (dismissing the § 1202(b)(3) claim because contractual rights alone do not amount to distributing works or copies of works as required under § 1202(b)(3)). Thus, Ziff Davis's allegations regarding assignment of rights and RFP Nos. 13–14 are not relevant to "distribution" under § 1202(b)(3).

     RFP No. 21 is also not relevant because it seeks discovery of "features allowing users to copy, share, and edit output." Mot. at 2. Section 1202(b)(3) requires "that a ***defendant*** distributed works or copies of works." Opinion, *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195-SHS-OTW (S.D.N.Y. April 4, 2024), ECF 514 at 28 (emphasis added). Ziff Davis's allegations that ***users*** distribute outputs using Canvas are not relevant to ***OpenAI's*** alleged "distribution" under § 1202(b)(3).

     In any event, notwithstanding Ziff Davis's failure to meet-and-confer, OpenAI has ***already*** produced documents responsive to RFP Nos. 13 and 14 regarding its terms of use, *see* Ex. A at 1–2, and OpenAI has ***already*** agreed to produce documents regarding outputs themselves, *see* Exhibit B (OpenAI's September 9 correspondence agreeing to conduct a reasonable search for documents discussing the appearance of copies of Ziff Davis content in outputs).

*  *  *

     For the above reasons, Ziff Davis's Motion should be denied.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Margaret Graham* | */s/ Rose S. Lee* |
| Christopher S. Sun | Margaret Graham | Rose S. Lee |