# EXHIBIT A

**MORRISON FOERSTER**

755 PAGE MILL ROAD
PALO ALTO
CALIFORNIA 94304-1018

TELEPHONE: 650.813.5600
FACSIMILE: 650.494.0792

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

September 19, 2025

Writer's Direct Contact
+1 (650) 813-5865
RoseLee@mofo.com

*Via Electronic Mail*

Charles Naggar
Ruttenberg IP Law
1801 Century Park East, Suite 1920
Los Angeles, CA 90067
charles@ruttenbergiplaw.com

Re: Ziff Davis's September 2, 2025 Letter regarding OpenAI's Responses to Ziff Davis's RFP Nos. 1–64 (Case No. 25-md-3134 (SHS)(OTW))

Charles:

We write to respond to your September 2 letter. As discussed during our third defensive discovery meet and confer on September 8, and memorialized in our September 9 email, this response letter includes OpenAI's proposals for the remaining 45 RFPs in dispute from Ziff Davis's First and Second Sets of RFPs Nos. 1–64.

### A. OpenAI's Proposals for RFPs Where It Offered to Meet and Confer.

In your September 2 letter, you request that OpenAI affirmatively provide modified scopes to all RFPs for which it initially offered to meet and confer. These Requests are RFP Nos. 1, 8–11, 13–14, 17–18, 37, 40, 52–54, 56, 61–64. In our September 9 email, we already offered modified scopes for RFP Nos. 1–11. Although this process departs from the typical meet-and-confer process with all other plaintiffs in the MDL, in the interest of moving these discussions forward, OpenAI proposes the below modified scopes for the remaining 14 RFPs.

**RFPs 13–14**: Ziff Davis has not articulated the relevance of the "assignment of rights in any output generated by [OpenAI's] LLMs" sought by both requests. Although Ziff Davis points to its §1202(b)(3) claim, it has not clarified how this assignment of rights is relevant to "distribution" for its §1202(b)(3) claim despite OpenAI's repeated requests. As we noted on the call, we understand Ziff Davis to be alleging that the outputs themselves constitute distribution for purposes of its §1202(b)(3) claim. Why, then, would any subsequent assignment of rights in those outputs

**MORRISON FOERSTER**

September 19, 2025
Page 2

be relevant? OpenAI thus reiterates its request for Ziff Davis to clarify its §1202(b)(3) claim to allow OpenAI to understand the relevance and scope of these requests. OpenAI also reiterates its concern that responsive documents would be privileged and asks Ziff Davis to describe an example of a document it seeks that would be responsive to this Request but not privileged. RFP 14 is also overly broad as it seeks "contemplated assignment of rights." Nevertheless, OpenAI has already produced its terms of use which are publicly available on its website, including at https://openai.com/policies/terms-of-use/, https://openai.com/policies/service-terms/, https://openai.com/policies/business-terms/, https://openai.com/policies/usage-policies/, and https://openai.com/policies/sharing-publication-policy/. Once Ziff Davis clarifies its theory of relevance, OpenAI can consider whether and what else to offer to search for and produce.

**RFP 17**: OpenAI will, if it has not done so already, produce responsive, non-privileged documents in its possession, custody, or control that it could locate pursuant to a reasonable and diligent search, if any, sufficient to show the training process for the Relevant Models. To the extent this request seeks any other information, we ask that you identify what that information is, and specifically clarify what "supervised samples" means so that we can confer further about whether production of additional documents is appropriate.

**RFP 18**: This Request is overly broad to the extent it seeks documents regarding marks that are not registered marks listed in the FAC. Nevertheless, OpenAI offers to produce responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, concerning the alleged use of the Ziff Davis Registered Marks (i.e., marks belonging to the publications and brands listed in Exhibit A to the FAC) by OpenAI in connection with the Relevant Models.

**RFP 37 & 40**: These Requests are subject to ongoing discussions with The Times regarding user log sampling that are likely relevant here given consolidated discovery across the News track. Nevertheless, in the interest of moving these discussions forward, OpenAI believes that its modified offer for RFPs 1 and 2 cover the scope of these Requests.

**RFP 52**: This Request seeks documents "sufficient to show any analysis performed" by OpenAI concerning "any indirect revenue attributable to Ziff Davis Content in search." It is overly broad, vague, and disproportionate to the needs of the case as it seeks information concerning any "indirect revenue attributable to Ziff Davis Content," especially to the extent that revenue is unrelated to the products at issue in this action. Nor is it clear what kinds of documents would be "sufficient to show any analysis performed by You concerning any indirect revenue attributable to

**MORRISON FOERSTER**

September 19, 2025
Page 3

Ziff Davis Content in search." Regardless, OpenAI will produce responsive, non-privileged documents in its possession, custody, or control, if any, specifically attributing indirect revenue from the Relevant Models used for ChatGPT that are within the scope of discovery as defined by the Court's orders and guidance to Ziff Davis content that it locates pursuant to a reasonable and diligent search.

**RFP 53**: This Request is overly broad to the extent it seeks information regarding a valuation of Ziff Davis content unrelated to training the Relevant Models. Nevertheless, OpenAI believes this Request is covered by its modified offer in response to RFPs 1 and 2, i.e., non-privileged documents (including communications with Ziff Davis) in OpenAI's possession, custody, or control, if any, referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms.

Additionally, OpenAI offers to produce responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (i) discussing OpenAI's evaluation or assessment of the value of including Ziff Davis content in the training datasets used to train the models used for ChatGPT, (ii) discussing any evaluation or assessment conducted, generated, or commissioned by OpenAI relating to the value of including Ziff Davis content in the text training datasets used to train the Relevant Models and/or the ability to display Ziff Davis content in ChatGPT output.

**RFP 54**: This Request is extremely overbroad as it seeks "the actual or expected financial impact . . . on copyright owners, including . . . other content creators" not in the news or journalism industry. Nevertheless, OpenAI believes that the modified offer in response to RFP 53 covers the scope of this Request as well.

**RFP 56**: This Request is duplicative because the information sought in this Request is also included in Ziff Davis's RFP Nos. 36, 40, 61–63, 85, and 115. OpenAI believes the below offers also cover this Request. If you disagree, we ask that you identify what is not covered by this offer for our consideration.

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications

MORRISON FOERSTER

September 19, 2025
Page 4

- with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, concerning the following user engagement metrics: time-spent, average number of prompts, click-through data, and bounce rate. (OpenAI's offer to RFP 36.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, sufficient to show (i) the rate at which OpenAI users click links included in responses provided by ChatGPT, and (ii) discussing OpenAI's efforts, if any, to modify clickthrough rates for ChatGPT (OpenAI's offer to RFP 85.)

**RFP 61–63**: These Requests are overly broad, unduly burdensome, and disproportionate to the needs of the case because they seek "all chat responses" that include any amount of Ziff Davis content. Nevertheless, OpenAI believes that its modified offer in response to RFPs 1 and 2 and the ongoing discussions with The Times regarding user log sampling covers RFPs 61–63.

**RFP 64**: This Request is overly broad, unduly burdensome, and disproportionate to the needs of the case because it seeks "any [RAG] responses to prompts . . . and the entire exchanges of prompts and responses for those responses." Despite the problematic wording of this Request, OpenAI believes that its modified offer in response to RFPs 1 and 2 covers this Request.

  B. **OpenAI's Proposals for the Remaining RFPs.**

In your September 2 letter, you requested to meet and confer over the following RFP Nos. 2–8, 15–16, 19–28, 30, 32–34, 36, 38–39, 41–50, 57–58. In our September 9 email, we already offered modified scopes for RFP Nos. 1–11. Although this process departs from the typical meet-and-confer process with all other plaintiffs in the MDL, in the interest of moving these discussions forward, OpenAI proposes the below modified scopes for the remaining 42 RFPs.

**MORRISON FOERSTER**

September 19, 2025
Page 5

**RFP 15–16:** These Requests are problematic because, *inter alia*, they contain an implicit premise that OpenAI disputes: that OpenAI purposefully removed CMI when processing data and that it had specific reasons for doing so. Despite this problem, we have tried to offer documents that encompass what these Requests appear to be seeking, including:

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing the compilation, acquisition, and curation of the text training data for the Relevant Models. (OpenAI's offer to RFPs 15, 28–29.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing whether to remove, from datasets on which the Relevant Models were trained, the following categories of information with respect to copyrighted works: authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use, that it locates pursuant to a reasonable search. (OpenAI's offer to RFP 16.)

Your letter does not identify any additional relevant information these Requests seek that are not covered within the scope of the above offers. Instead, you note only that the responses "appear to limit the full scope of the request" without identifying any limitations. Nevertheless, in the interest of moving these discussions forward, OpenAI offers to conduct a reasonable search for non-privileged documents in our possession, custody, or control concerning the removal, if any, of copyright management information from datasets on which the Relevant Models were trained, including: information regarding authorship, date of publication, publishing entity, title, copyright notices, and terms and conditions for use.

**RFP 19:** This Request is problematic because, *inter alia*, it is vague (e.g., it is unclear what "refinement of its own assets" means) and assumes facts (e.g., "misleading attributions of Ziff Davis Content"). Regardless, we believe we have already offered to produce what Ziff Davis is seeking. For example, we have now offered to produce responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that

**MORRISON FOERSTER**

September 19, 2025
Page 6

it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

Again, although we are not sure we fully understand what this Request is seeking, we believe that what we have offered encompasses the documents you seek. If you disagree, we ask that you identify what is not covered by this offer for our consideration.

**RFP 20:** Although your letter suggests otherwise, this Request only seeks documents "sufficient to show OpenAI's revenues from active users of ChatGPT and OpenAI's other Generative AI Products and Services." And OpenAI has produced financial statements, which are "sufficient to show" the revenue OpenAI has obtained from its products and services (including ChatGPT).

**RFP 21:** We do not understand how the Canvas tool is relevant to Ziff Davis's 1202(b)(3) claim, nor have you explained the relevance. As mentioned above, OpenAI asks Ziff Davis to clarify what it means by "distribution" for its §1202(b)(3) claim. The relevance of this Request depends on that clarification. Please respond.

**RFP 22:** This "catch-all" RFP is improper. It does not "describe with reasonable particularity each item or category of items" to be produced, as required by Federal Rule of Civil Procedure 34(b)(1)(A). OpenAI provided Ziff Davis with its responses to all of News plaintiffs' RFPs. Therefore, Ziff Davis is aware of what information OpenAI has agreed to produce. Indeed, OpenAI has produced to Ziff Davis all documents OpenAI has produced—over 135,000 documents—across the MDL. And indeed, most of Ziff Davis's RFPs (Nos. 1–159) are identical or nearly identical to other News plaintiffs' requests. OpenAI is not withholding documents from Ziff Davis that it has produced to the other News plaintiffs in the MDL in response to these Requests and OpenAI is responding to Ziff Davis's RFPs accordingly.

**RFP 23–24:** Your letter contends that our response is limited to one model and only training data. Not so. First, Ziff Davis incorrectly understands ChatGPT to be a single model. To the contrary, ChatGPT is a *product* that is *powered by models*. OpenAI's response is limited to the Relevant Models. Second, information regarding whether and to what extent Ziff Davis content resides in and is used for the training datasets can be determined through an inspection of the text training data.

Nor does your letter address what information is not covered by text training data. OpenAI believes that the information RFPs 23–24 seek are covered through (1) text training data in its

**MORRISON FOERSTER**

September 19, 2025
Page 7

possession, custody, or control for the Relevant Models that OpenAI has made available for inspection and (2) OpenAI's modified offers to RFPs 1 and 2. If you disagree, we ask that you identify what is not covered by this offer for our consideration.

**RFP 25:** Your letter lists one issue with OpenAI's response—you believe OpenAI's response is limited to one model. Again, ChatGPT is a *product* that is *powered by models*. OpenAI's response is limited to the Relevant Models.

**RFP 26:** Your letter states that OpenAI's offer to make source code available for inspection is not sufficient; however, we believe that an inspection of source code in addition to the following offers cover Ziff Davis's Request.

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models. (OpenAI's offer to RFP 35.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, sufficient to show the total number of records and tokens in OpenAI's training datasets that can be located pursuant to a reasonable and diligent search. (OpenAI's offer to RFP 27.)

If you disagree, we ask that you identify what is not covered by these offers for our consideration.

**RFP 27:** This Request is covered by RFP 28 and OpenAI's response below. If you disagree, we ask that you identify what is not covered by these offers for our consideration.

**MORRISON FOERSTER**

September 19, 2025
Page 8

> **RFP 28:** This Request seeks documents "sufficient to show" the total number of tokens and records listed in each subcategory. OpenAI believes that by making available for inspection the text training data and agreeing to produce the below, OpenAI is producing or making available the information you seek.
>
> - Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)
>
> - Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models. (OpenAI's offer to RFP 35.)
>
> - Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, constituting agreements with third parties relating to training data that was used to train the Relevant Models. (OpenAI's offer to RFP 67.)
>
> If you disagree, we ask that you identify what is not covered by these offers for our consideration.
>
> **RFP 30:** This request seeks documents "concerning all steps taken or contemplated to train, instruct, program, or refine Defendants' Generative AI Products and Services using Ziff Davis Content." We have already provided offers to produce documents that encompass what this Request appears to be seeking, including:
>
> - Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the

**MORRISON FOERSTER**

September 19, 2025
Page 9

    appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

- This offer is intended to include responsive, non-privileged documents referring to such use in connection with the training process for the Relevant Models, including data collection and curation, pre-training, post-training, fine-tuning, and reinforcement learning.

• Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models. (OpenAI's offer to RFP 35.)

• Responsive, non-privileged documents in OpenAI's possession, custody, or control that it could locate pursuant to a reasonable and diligent search, if any, sufficient to show the training process for the Relevant Models. (OpenAI's offer for RFP 17.)

Your letter does not identify any additional relevant information this Request seeks that is not covered within the scope of the above offers. We ask that you identify what is not covered by these offers, and OpenAI can consider whether and what else to offer to search for and produce.

**RFP 32–33:** These requests seek documents concerning OpenAI's use of web crawlers and robots.txt directives. Again, we have provided offers to produce documents that encompass what this Request appears to be seeking, including:

• Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, sufficient to show OpenAI's use, if any, of web crawlers to copy articles published by Ziff Davis in connection with training the Relevant Models. (OpenAI's offer to RFP 32.)

- As we have already clarified, to the extent relevant, non-privileged documents concerning OpenAI's use of robots.txt exist and can be located pursuant to a reasonable search, they will be included within OpenAI's agreement to produce responsive, non-privileged documents in its possession, custody, or control, if any, concerning OpenAI's approach to robots.txt. OpenAI also confirms that the search

**MORRISON FOERSTER**

September 19, 2025
Page 10

> term for this RFP is: ((robot OR crawl* OR bot OR spider OR robots.txt) w/15 (data OR content OR index)). (OpenAI's modified offer to RFPs 3–6).
>
> - Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)
>
> - Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models. (OpenAI's offer to RFP 35.)

If you disagree, we ask that you identify what is not covered by these offers for our consideration.

**RFP 34:** This Request is problematic because, *inter alia*, it contains an implicit premise that OpenAI disputes: it assumes OpenAI has taken "measures [] to conceal or obscure Defendants' use of Ziff Davis Content during any stage of the development." Despite the problematic wording of this Request, we have provided offers to produce documents that encompass what these Requests appear to be seeking, including:

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

# MORRISON FOERSTER

September 19, 2025
Page 11

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, sufficient to show filtering of text content of articles published by Ziff Davis. (OpenAI's offer to RFP 34.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing or describing (i) the techniques, technologies, or procedures OpenAI employs to prevent the Relevant Models from regurgitating text training data; (ii) the reasons for implementing those techniques, technologies, or procedures; (iii) OpenAI's creation of human-generated text for the purpose of acting as training data for the Relevant Models; and (iv) the changes in output quality, if any, of the Relevant Models, based on the use of synthetic data to train these models as opposed to human-generated text. OpenAI will also agree to conduct a reasonable search for relevant, non-privileged documents in its possession, custody, or control, if any, discussing the prevalence of outputs that are verbatim copies of the asserted works in the text data on which the Relevant Models were trained. (OpenAI's offer to RFP 79.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models. (OpenAI's offer to RFP 35.)

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, sufficient to show the total number of records and tokens in OpenAI's training datasets that can be located pursuant to a reasonable and diligent search. (OpenAI's offer to RFP 27.)

If you disagree, we ask that you identify what is not covered by this offer for our consideration.

**RFP 36:** OpenAI's response addresses the substantive categories of metrics, not the format of how these metrics are presented. Our response states that OpenAI will "produce responsive, non-privileged documents," not limited to any format of document. We have also offered the following:

- Responsive, non-privileged documents in OpenAI's its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications

MORRISON FOERSTER

September 19, 2025
Page 12

> with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (**including documents discussing the appearance of copies of such content in outputs by the Relevant Models**, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

We believe that these offers encompass the documents you are interested in. If you disagree, we ask that you identify what is not covered by these offers for our consideration.

**RFP 38–39:** Your letter lists one issue with OpenAI's responses—you believe OpenAI's responses are limited to one model. Again, ChatGPT is a *product* that is *powered by models*. OpenAI's responses are limited to the Relevant Models.

**RFP 40:** The Request is subject to ongoing discussions with The Times regarding user log sampling that are likely relevant here given consolidated discovery across the News track. Nevertheless, in the interest of moving these discussions forward, OpenAI believes that its modified offer for RFPs 1 and 2 cover the scope of this Request.

**RFP 41:** This request seeks "[d]ocuments and communications concerning negotiations between Defendants and owners of copyrighted content." We have already provided offers to produce documents that encompass what the Request appears to be seeking, including:

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

- Responsive, non-privileged documents in OpenAI's possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, constituting agreements with third parties relating to training data that was used to train the Relevant Models. (OpenAI's offer to RFP 67.)

**MORRISON FOERSTER**

September 19, 2025
Page 13

If you disagree, we ask that you identify what is not covered by this offer for our consideration.

**RFP 42:** This Request seeks "documents" that OpenAI "intend[s] to rely on." OpenAI responded that it will produce such documents that it intends to rely on. The latter half of Ziff Davis's Request regarding "any contract, license agreement, or terms" that OpenAI "believe[s] is relevant to the claims and defenses in this case" is already covered by the following offers.

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms. (OpenAI's modified offer to RFPs 1–2.)

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models. (OpenAI's offer to RFP 35.)

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, constituting agreements with third parties relating to training data that was used to train the Relevant Models. (OpenAI's offer to RFP 67.)

If you disagree, we ask that you identify what is not covered by this offer for our consideration.

**RFP 43–49:** Your letter states that "it is unclear from your responses whether you will be producing the full scope of these documents as your responses simply reference other RFPs," but does not identify any limitations. If Ziff Davis were to review OpenAI's responses to those RFPs it could see, from OpenAI's position, those offers cover the sought scope. In addition to these offers, OpenAI believes that its modified offer to RFPs 1 and 2 cover the scope of this Request. If you disagree, we ask that you identify what is not covered by this offer for our consideration.

**MORRISON FOERSTER**

September 19, 2025
Page 14

**RFP 50 & 58:**  OpenAI has run "dnyuz" as a search term and reviewed the resulting hits.  OpenAI has also already agreed to produce responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models.  (OpenAI's offer to RFP 35.)   What we have offered encompasses the documents you are interested in.  If you disagree, we ask that you identify what is not covered by this offer for our consideration.

**RFP 57:**   This request seeks "[a]ll documents concerning any and all scrapes or downloads Defendants performed of Ziff Davis Content." OpenAI provided offers to produce documents that encompass what this Request appears to be seeking, including:

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, (including communications with Ziff Davis) referring to the use of Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, by OpenAI in connection with the Relevant Models (including documents discussing the appearance of copies of such content in outputs by the Relevant Models, if any) that it locates pursuant to a reasonable custodial search using search terms.  (OpenAI's modified offer to RFPs 1–2.)

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, discussing: (1) how and why OpenAI curates and uses different types of text data, (2) the relative value of types of text data for use, and (3) the compilation, acquisition, and curation of the text training data used to train the Relevant Models.  (OpenAI's offer to RFP 35.)

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, sufficient to show how the Relevant Models use RAG in connection with ChatGPT.  (OpenAI's offer to RFP 25.)

- Responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any,  sufficient to show the total number of records and tokens in OpenAI's training datasets that can be located pursuant to a reasonable and diligent search.  (OpenAI's offer to RFP 27.)

**MORRISON FOERSTER**

September 19, 2025
Page 15

- Make available for inspection, if it has not done so already, the text training data in its possession, custody, or control, if any, that it could locate pursuant to a reasonable and diligent search for the Relevant Models. (OpenAI's offer to RFP 27.)

Your letter does not identify any additional relevant information this Request seeks that is not covered within the scope of the above offers. Nevertheless, OpenAI will further agree to produce responsive, non-privileged documents in its possession, custody, or control that it locates pursuant to a reasonable and diligent search, if any, referring to OpenAI scraping Ziff Davis textual content, authored, produced, published, or distributed by the publications and brands listed in Exhibit A to the FAC, in connection with training the Relevant Models that it locates pursuant to a reasonable custodial search using search terms. We believe that these various offers encompass the documents you are interested in. If you disagree, we ask that you identify what is not covered by this offer for our consideration.

Sincerely,

Rose S. Lee
Partner


cc:     ziffdavis@klarislaw.com
        ZD-AICopyright@ruttenbergiplaw.com
        OpenAICopyright@mofo.com
        KVPOAI@keker.com
        OpenAIcopyrightlitigation.lwteam@lw.com