KEKER VAN NEST & PETERS    LATHAM & WATKINS LLP    MORRISON FOERSTER

July 21, 2025

**VIA ECF**
Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

      RE:      *In Re: OpenAI, Inc., Copyright Infringement Litigation*, No. 25-md-3143, This Document Relates To: *The New York Times Company v. Microsoft Corporation, et al.*, No. 23-cv-11195

Dear Judge Wang:

      OpenAI Defendants ("OpenAI") respectfully submit this letter pursuant to Local Civil Rule 6.1(a) in support of its motion to seal (ECF 318) Exhibits F, H, L, and N (ECF 44-7, 44-9, 44-13, and 44-15) to News Plaintiffs' Supplemental Memorandum of Law Regarding OpenAI's Deletion of Output Log Data (ECF 44).

**The Court Should Grant OpenAI's Unopposed Requests (ECF 318 (Sections III.1 & III.2))**

      News Plaintiffs do not oppose any of OpenAI's redaction requests set forth in Sections III.1 or III.2 of its motion. (*See* ECF 352.) OpenAI respectfully asks the Court to enter an order redacting those materials.

**The Presumption of Public Access Does Not Attach to Discovery Materials on Which News Plaintiffs Did Not Rely (ECF 318 (Section III.3))**

      In their response, News Plaintiffs challenge only those materials in Section III.3 of OpenAI's motion to seal. There, OpenAI sought sealing or redaction of Protected Discovery Material that OpenAI designated pursuant to the Protective Order but which News Plaintiffs *did not cite or otherwise rely on* in their briefing. (ECF 318 at 6-7.) But while News Plaintiffs nominally fight sealing of this material, ultimately they offer to file an excerpted copy of one exhibit, Exhibit F. (ECF 352 at 1-2.) News Plaintiffs should do so. As to the other exhibits (Exhibits H, L, and N), News Plaintiffs fail to refute OpenAI's showing that the materials are not entitled to a presumption of public access and that disclosure would harm OpenAI.

      As the Court stated in its July 1, 2025 Order, and as discussed in OpenAI's motion, "[t]he common law right of public access to judicial documents is based on 'the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" (*See* ECF 318 at 2 (quoting ECF 293 at 2 (citing *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995))).) The public's presumption of access thus attaches to "testimony and documents that are used in the performance of Article III functions." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citing *Amodeo*, 71 F.3d at 1048).

Hon. Ona T. Wang
July 21, 2025
Page 2

But not so for irrelevant and extraneous materials, like the uncited portions of News Plaintiffs' Exhibits F, H, L, and N.  "[T]he mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019) (citing *Amodeo*, 44 F.3d at 145).  Instead, "the item filed must be relevant to the performance of the judicial function and useful in the judicial process in order for it to be designated a judicial document." *Id*. (citing *Amodeo*).  If "a court determines that documents filed by a party are *not* relevant to the performance of a judicial function, no presumption of public access attaches." *Id*.

While News Plaintiffs take the position that the *hundreds* of extraneous pages they filed but never cited are subject to a heightened sealing standard, that position is contrary to law.  News Plaintiffs relied on *less than 6%* of the 670 pages of exhibits they submitted.  As OpenAI showed in its motion, the remaining 94% of uncited pages were not relevant to resolution of News Plaintiffs' user data motion but, if publicly disclosed, would harm OpenAI.  (ECF 318 at 6-7.)  For instance:

- Exhibit F:  News Plaintiffs relied on a handful of lines of testimony from the 233-page deposition transcript of Michael Trinh.  Nevertheless, they filed the *entire transcript* as an exhibit.  OpenAI did not seek to seal the testimony on which News Plaintiffs relied, or the surrounding testimony that was relevant for context.  (*See* ECF 318 at 6.)  But, as OpenAI showed—and News Plaintiffs do not dispute—Mr. Trinh's custodial 30(b)(6) deposition "spanned a massive scope of highly confidential discovery topics ***not related to the preservation of user data*** such as electronic archiving of internal documents, source code repositories, employee email and communication media (e.g., Slack), employee devices and text messaging, and physical document storage." (*Id.* (emphasis added).)

- Exhibits H and L:  News Plaintiffs relied on five words from seven-page Exhibit H and one sentence from four-page Exhibit L.  (*See id*.)  OpenAI did not seek to seal any of the text on which News Plaintiffs relied (or the surrounding text needed for context).  Both are internal messages between OpenAI employees, and the *uncited* pages are interspersed with discussion of highly technical operation of OpenAI's models and products.  (*See id*.)  These carry no relevance to the user data dispute.

- Exhibit N:  News Plaintiffs also cite one sentence from 11-page Exhibit N, another internal message.  (*See id*.)  Again, OpenAI did not seek to seal the content on which News Plaintiffs relied or the necessary context.  (*See id*.)  But, as shown, the remaining pages contain "irrelevant highly confidential business and technical discussions, for example, relating to fine-tuning efforts, safety and mitigation workstreams, employee performance reviews, and several highly sensitive technical discussions." (*Id.*)

Hon. Ona T. Wang
July 21, 2025
Page 3

      News Plaintiffs concede they did not cite to the protected discovery material discussed above and do not dispute that OpenAI would be harmed by its public disclosure. Instead, News Plaintiffs imply that all 600+ pages of uncited exhibits are relevant to the Court's decision on News Plaintiffs' user data briefing. (*See* ECF 352 at 1-2.) News Plaintiffs' arguments do not support this finding. As to Mr. Trinh's deposition transcript in Exhibit F, News Plaintiffs cite to *three* new passages of testimony that they consider relevant. As an initial matter, that is improper, as an opposition to a sealing motion is not the appropriate place to identify authority in support of the underlying motion.[1] But even so, News Plaintiffs leave hundreds of pages of *uncited* deposition testimony, about which News Plaintiffs make no claim of relevance. The same can be said about the internal discussion documents. News Plaintiffs stretch to argue relevance over unspecified portions of four new pages from Exhibit H and one page from Exhibit L, none of which were addressed in the underlying papers. As to Exhibit N, News Plaintiffs do not bother to cite any specific pages at all. The Court should not have to hunt through extraneous pages for potentially relevant snippets and should reject News Plaintiffs' after-the-fact justifications.

      In light of their failure to properly excerpt their exhibits to limit their filing to relevant information, as discussed, News Plaintiffs now agree to "prepare an excerpted copy of Exhibit F to be filed publicly in view of OpenAI's representation that it does not object to such a filing." (ECF 352 at 1-2.) This Court should order News Plaintiffs to do what the law requires by filing only the pages that contain the information on which they rely and which they agreed to excerpt (96-98, 103-104, and 106 of Exhibit F) and to omit the hundreds of pages of additional confidential testimony on which News Plaintiffs' underlying papers do not rely.

      That leaves only the portions of Exhibits H, L, and N on which News Plaintiffs did not rely in their underlying papers. As discussed, these portions do not enjoy a presumption of public access and should be maintained under seal for the reasons in OpenAI's motion.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */s/ Christopher S. Sun* | */s/ Allison S. Blanco* | */s/ Caitlin S. Blythe* |
| Christopher S. Sun | Allison S. Blanco | Caitlin S. Blythe (pro hac vice admission pending) |

---

[1] If Plaintiffs re-file an excerpted copy of Exhibit F, as they have offered, OpenAI would not object to inclusion of pages 92-95, 99, and 105-106 of Mr. Trinh's deposition transcript in that excerpt.