KEKER VAN NEST & PETERS     LATHAM & WATKINS LLP     MORRISON FOERSTER

November 21, 2025                                                                                          VIA ECF

Hon. Ona T. Wang
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re:  OpenAI's Response to Daily News Plaintiffs' November 18 Letter Motion to
      Compel, *In re OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143,
      ECF 770. This Document Relates to: No. 1:24-cv-3285 (SHS) (OTW)

Dear Magistrate Judge Wang:

  OpenAI has already provided complete supplemental responses to Plaintiffs' interrogatories that satisfy both the Federal Rules and this District's Local Rule 33.3. Nevertheless, in contravention of Local Rule 33.3, Plaintiffs move to compel additional discovery via interrogatories that should be sought through depositions, document requests, and expert discovery. OpenAI has produced documents with information responsive to Plaintiffs' interrogatories and depositions are underway. Because Plaintiffs have obtained and will continue to obtain the discovery they seek through other means, the Court should deny Plaintiffs' motion to compel further responses to Interrogatory Nos. 9, 11, and 13.

  **A. Interrogatory No. 9 Is Facially Improper, Disproportionate, and Seeks Information Beyond OpenAI's Control**

  Interrogatory No. 9 asks OpenAI to "Identify **all** Customized Products and Services that ***can be used*** to access, store, provide, or view Publishers' Content behind paywalls or other access control measures." (Emphasis added.) This Interrogatory is facially improper under Local Rule 33.3(b) and impractically overbroad. To respond to the Interrogatory as drafted, OpenAI would have to investigate the functionality of ***millions***[1] of third-party, user-created custom GPTs—products OpenAI does not design, operate, or control—to determine whether any could conceivably access or display Plaintiffs' content. That is an impossible task that far exceeds the permissible scope of discovery, would incur immense expense and burden, and would derail the case schedule.

  OpenAI has repeatedly explained to Plaintiffs that the investigation required for OpenAI to provide a list of ***all*** custom GPTs is not proper under the rules and wholly disproportionate under Rule 26(b). Courts in this District have long recognized that interrogatories "can be extraordinarily oppressive, as the interrogatory need not expend significant resources in posing questions that the recipient can answer only at great cost." *Auscape Int'l v. Nat'l Geographic Soc'y*, No. 02 CIV.

---

[1] There are over 3 million custom versions of ChatGPT created by individual third party users. *See* OpenAI, *Introducing the GPT Store*, OpenAI (Jan. 10, 2024), https://openai.com/index/introducing-the-gpt-store/.

6441(LAK), 2003 WL 21555731, at *1 (S.D.N.Y. July 8, 2003). Rule 26(b)(1) requires proportionality, not omniscience. Here, Plaintiffs already have the same access to public examples of user-created GPTs and can obtain additional information through depositions and document discovery.

Plaintiffs' claim that OpenAI is "refus[ing] to provide the requested information" misstates the record. OpenAI explained during meet and confer that custom GPTs are user-generated and that identifying every such GPT would require an open-ended audit of third-party conduct and code (if even possible). OpenAI did not refuse to further supplement because Plaintiffs had identified custom GPTs in their RFAs. (Mot. at 2.) Rather, OpenAI asked Plaintiffs how they themselves had identified the custom GPTs referenced in their RFAs to understand what kind of investigation they expected OpenAI to undertake to respond to the Interrogatory. Plaintiffs refused to respond. OpenAI thus declined to further supplement on the grounds that this Interrogatory is improper under the Local Rules. This District has long held that interrogatories "that violate Local Rule 33.3 need not be answered." *Madanes v. Madanes*, 186 F.R.D. 279, 290 (S.D.N.Y. 1999) (cleaned up).

Plaintiffs also criticize OpenAI for failing to identify a single custom GPT "that it is aware of." (Mot. at 1-2.) But as drafted, Interrogatory No. 9 does not seek "awareness." It requires OpenAI to make determinations about the functional capabilities of user-created GPTs—i.e., to determine those "that can be used to access, store, provide, or view Publishers' Content behind paywalls or other access control measures." If Plaintiffs' current position, however, is that they would be satisfied with a supplemental response that identifies custom GPTs OpenAI has been made "aware of" that purport to "circumvent paywalls," OpenAI is willing to provide such a supplemental response.

### B. OpenAI Has Adequately Responded to Interrogatory No. 11 and No Further Response Is Required

OpenAI's supplemental response to Interrogatory No. 11 complies with the Federal and Local Rules. Contrary to Plaintiffs' assertion that OpenAI did not identify any basis for its decision to delay Media Manager (Mot. at 2), OpenAI has already explained that Media Manager has not yet launched because OpenAI continues to evaluate input from copyright owners and creators regarding the development of ways for them to express their preferences regarding AI training.[2] Moreover, OpenAI has designated a Rule 30(b)(6) witness specifically to testify on this topic. *See* Ex. A at 3. Any further information Plaintiffs seek should be obtained through deposition,[3] not by

---

[2] Plaintiffs' assertion that a future tool's delay demonstrates willfulness for copyright infringement is unsupported by law. The absence or delay of a tool cannot constitute evidence of bad faith for purposes of willful copyright infringement. *See e.g.*, *SA Music LLC v. Apple, Inc.*, 592 F. Supp. 3d 869, 888 (N.D. Cal. 2022) (concluding that evidence that "[defendant] could have done more does not mean it recklessly disregarded or was willful[]").

[3] OpenAI has offered a witness on this exact topic. *See* Ex. A (offering a witness for the topic "OpenAI's development of Media Manager and the reasons it has not launched.").

compelling a supplemental interrogatory response. *See, e.g.*, *White v. UMG Recordings, Inc.*, No. 20-cv-9971 (AT) (OTW), 2022 WL 22838062, at *2 (S.D.N.Y. Dec. 19, 2022) (Wang, J.) (denying motion to compel where the "information would be better conveyed through limited questions at a deposition"); *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S DE R L DE C.V.*, No. 18 CIV. 8999 (RA) (SLC), 2020 WL 7695712, at *5 (S.D.N.Y. Dec. 28, 2020) (finding duplicative interrogatories inherently "not a more practical method of obtaining information," and therefore improper under Local Rule 33.3) (internal quotation marks omitted).

### C. OpenAI's Response to Interrogatory No. 13 Is More than Sufficient

Interrogatory No. 13 asks for a description of "each Market for Defendants' Generative AI Products and Services." Plaintiffs contend that OpenAI's response is insufficient because it lacks information on "Market Performance," "identification of OpenAI's revenue figures and license agreements, as well as a description of OpenAI's target audiences and market share." (Mot. at 3.) Not so.

OpenAI has already provided a complete response to Interrogatory 13, consistent with the scope of Local Rule 33.3. OpenAI identified and described its Generative AI products, the categories of users to whom it makes those products available, and the means by which OpenAI makes those products available. OpenAI has also produced documents responsive to the additional information Plaintiffs seek, including audited financial statements and data access license agreements with third parties. *See, e.g.*, OPCO_MDL_004754905 and OPCO_MDL_004593243.

Any further information Plaintiffs seek on these topics is the type of analysis reserved for expert discovery. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, No. 12-CV-3723 (RJS), 2015 WL 10550451, at *1 (S.D.N.Y. Nov. 25, 2015) (denying motion to compel contention interrogatories requiring expert analysis).

Plaintiffs again misconstrue OpenAI's statements during the parties' conferral. OpenAI did not refuse to supplement "on the ground that it did not 'agree with' Plaintiffs' definitions." (Mot. at 3.) Rather, OpenAI disagreed with Plaintiffs' **demand** that OpenAI must use the Interrogatory's defined terms within the text of its response for the response to be deemed complete. Simply because OpenAI's response does not adopt specific language Plaintiffs want OpenAI to use does not render it incomplete.

Indeed, OpenAI's response is far more substantive than Plaintiffs' own response to OpenAI's corresponding interrogatory, which relied only on a third-party website that provides estimates on "the global print media market." *See, e.g.*, Ex. B at 7 (Daily News Supplemental Responses to OpenAI's Interrogatory No. 7). There is no basis for Plaintiffs to demand more information from OpenAI than they are willing to provide themselves. Plaintiffs' motion to compel further response to Interrogatory No. 13 should therefore be denied. OpenAI, however, is open to continue conferring with Plaintiffs regarding a mutually agreed upon scope and level of detail required for both parties' responses to this Interrogatory.

* * *



For the above reasons, Daily News Plaintiffs' motion should be denied.

Sincerely,

| KEKER, VAN NEST & PETERS LLP | LATHAM & WATKINS LLP | MORRISON & FOERSTER LLP |
|---|---|---|
| */ Thomas E. Gorman /* | */ Allison Blanco/* | */ Rose S. Lee /* |
| Thomas E. Gorman | Allison Blanco | Rose S. Lee |