<u>VIA ECF</u>

November 21, 2025

Hon. Ona T. Wang
Southern District of New York

>	*In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
>	This Document Relates To: All Actions

Dear Magistrate Judge Wang:

News and Class Plaintiffs oppose Microsoft's motion for a protective order blocking and/or limiting the depositions of Microsoft's Chief Technology Officer, Kevin Scott, and Microsoft's Chief Executive Officer, Satya Nadella. Dkt. 763. Given their extensive personal knowledge of issues central to these nine centralized cases, Messrs. Scott and Nadella should be deposed for the standard deposition time in this MDL, which is 11 hours per witness, or just over 1 hour per case. Dkt. 355 at 3.

## I. Legal Standard

"Barring a party from taking a deposition is an extraordinary form of relief," and "[t]he party seeking this relief bears the burden of proving that the proposed deponent has *nothing to contribute*." *loanDepot.com, LLC v. CrossCountry Mortg.*, 2024 WL 2154189, at *1 (S.D.N.Y. Apr. 9, 2024) (emphasis added) (ordering deposition of a Chief Operating Officer); *see also Oakley v. MSG Networks, Inc.*, 2024 WL 4134903, at *3 (S.D.N.Y. Sept. 10, 2024) (the "apex" doctrine applies "only in compelling circumstances"). Contrary to Microsoft's assertion (at 1), "[P]laintiffs have no burden to show that the deponents have any relevant knowledge," even for so-called "apex" deponents. *Scott v. Chipotle Mexican Grill, Inc.*, 306 F.R.D. 120, 122 (S.D.N.Y. 2015) (ordering deposition of a CEO). The *Chang* "case" that Microsoft cites to support its contrary position on the legal standard is not actually a case; Microsoft mistakenly passes off a party's brief in that case as the court's decision – when in fact the actual decision required the executive to sit for a deposition because depositions should be precluded "only in compelling circumstances." Case No. 21-cv-03874 (S.D.N.Y.), Dkt. 79.[1]

## II. Argument

Microsoft cannot carry its heavy burden to prove these witnesses have "nothing to contribute." *loanDepot.com, LLC*, 2024 WL 2154189, at *1. A company raising an "apex" argument "typically provides an affidavit from the person who seeks to avoid being deposed" to

---

[1] Page 1 of Microsoft's brief cites *Chang* to argue that Plaintiffs have the burden to prove that Messrs. Scott and Nadella have unique knowledge. But Microsoft cites the losing brief in *Chang*, 2024 WL 3824101, not the court's subsequent ruling permitting the deposition.

"swear[] that they lack relevant knowledge." *Gen. Star Indem. Co. v. Platinum Indem. Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002). That's what happened in the cases Microsoft cites.[2]

Here, Microsoft has not submitted any such declarations, nor could Messrs. Scott or Nadella truthfully do so. Microsoft disclosed both witnesses under Rule 26 as "persons likely to have information that Microsoft may use to support its defenses in this case." Ex. 1 (2025-03-27 Microsoft's Disclosures) at 3, 5. Microsoft's attempt to distract from these simple truths with false claims that Plaintiffs are trying to "abuse" or "harass[]" Microsoft by deposing executives who are "far removed" from the facts is neither helpful nor relevant. Mot. at 2.

Relatedly, Microsoft does not substantiate its assertion that Messrs. Scott and Nadella have "generally overlapping" knowledge, such that Plaintiffs need only depose one of them. *Id.* These are different people, who said and did different things. Plaintiffs are allowed to ask Messrs. Scott and Nadella about their own respective statements and actions.

At bottom, while Microsoft may not want to present two of its executives, as Microsoft concedes, both are relevant here.

A.   **Kevin Scott**

Kevin Scott is Microsoft's Chief Technology Officer. Mr. Scott is a member ███████████████████. *See* Ex. 2 (OPCO_MDL_PD_000001368). He also introduced ███████████████████. *See* Ex. 3 (OPCO_SDNY_1622202).

In addition to disclosing Mr. Scott under Rule 26, Microsoft separately identified Mr. Scott in interrogatory responses as "knowledgeable" about "the training data and development of OpenAI's LLMs," "the commercialization and use" of Defendants' large language models, and the "timeframes, contracts, investments, and/or computing infrastructure used for development with respect to OpenAI," all issues that are central to this case. Ex. 4 (Responses to Class Interrogatories Set 1); Ex. 5 (Supp'l Responses to NYT Interrogatories Set 1).

Mr. Scott's knowledge of OpenAI's training, OpenAI's commercialization of models, and Microsoft's efforts to acquire content is confirmed by the documents. With respect to training, Mr. Scott asked Microsoft employees to ███████████████████ Ex. 6 (MSFT_AI_MDL_000118608). In May 2020, Mr. Scott ███████████████████ Ex. 7 (MSFT_AI_MDL_000008967); Ex. 8 (MSFT_AI_MDL_002262267). In 2022, Mr. Scott had discussions about ███████████████████ Ex. 9 (excerpt of MSFT_AI_MDL_000131227). With respect to commercialization, Mr. Scott wrote ███████████████████ Ex. 10 (MSFT_AI_MDL_000050276) at -78. Mr. Scott also urged Microsoft

---

[2] *Mark Anthony Int'l SRL v. Prime Hydration, LLC*, 2025 WL 2055998, at *2 (S.D.N.Y. July 23, 2025); *Morrison v. Scotia Cap. (USA) Inc.*, 2024 WL 3316086, at *2 (S.D.N.Y. June 7, 2024); *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 2006 WL 3476735, at *12 (S.D.N.Y. Nov. 30, 2006).

to ████████ Ex. 11 (MSFT_AI_MDL_000047584) at -87; *see also* Ex. 12 (MSFT_AI_MDL_000519872) at -941 (summarizing January 2022 meeting where Mr. Scott ████████ With respect to content acquisition, Mr. Scott has firsthand knowledge of ████████ Ex. 13 (MSFT_AI_MDL_001448990) at -91. Plaintiffs reasonably seek to question Mr. Scott about these and similar documents.

B. **Satya Nadella**

Satya Nadella is Microsoft's Chief Executive Officer. He personally signed ████████ and has been the driving force behind that partnership—a key issue in this case. Ex. 14 (MSFT_AI_MDL_001556694). At deposition, a Microsoft colleague confirmed that Mr. Nadella and OpenAI CEO Sam Altman ████ Ex. 15 (Ribas Tr.) 165:4-16. For example, Mr. Nadella and Mr. Altman ████████ Ex. 16 (MSFT_AI_MDL_001301803). In May 2023, Mr. Nadella and Mr. Altman ████████ Ex. 17 (OPCO_MDL_PD_000000050). In July 2023, Mr. Altman wrote to Mr. Nadella ████████ the issue. *Id.* at -94.

Documents also prove that Mr. Nadella has been intimately involved in Microsoft's development of its own generative AI products, like its Bing Chat / Copilot chatbot. During a December 2022 internal Microsoft meeting, Mr. Nadella explained that ████████ Ex. 19 (MSFT_AI_MDL_000096609) at -11. In February 2023, ████████ Ex. 20 (MSFT_AI_MDL_000087802) at -06, -08. Mr. Nadella was also personally involved in ████████ Ex. 21 (MSFT_AI_MDL_000530812). These are just some of the many documents that Plaintiffs reasonably seek to explore. Indeed, Mr. Scott is not even on half of these documents.

In sum, Plaintiffs appreciate that these witnesses are executives, but being an executive does not–on its own–prevent a witness from sitting for deposition. Both the New York Times and the Authors Guild are presenting their executives for deposition. It is entirely reasonable under these circumstances to require these Microsoft executives to sit for one 11-hour deposition across these 9 cases.

Respectfully,

 */s/ Davida Brook*
Davida Brook
Susman Godfrey LLP
Counsel for The New York Times Company
News Plaintiffs' Liaison Counsel

 */s/ Justin Nelson*
Justin Nelson
Susman Godfrey LLP
Interim Lead Class Counsel

cc:     All Counsel of Record (via ECF)