# EXHIBIT B

**Exhibit B (News and Class Issues)**

Key: Green represents Plaintiffs' filing; Purple represents Defendants' filing.

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| **I.** | **Motions Filed During Week of November 17, 2025** | | | | | | |
| | 11/24/25 | | Scope of additional Microsoft discovery related to GPT-4o and GPT-4o Mini | | Plaintiffs and Microsoft are each filing letter briefs | Per the Court's November 13 Order (Dkt. 751), the parties are filing simultaneous briefs on November 24, 2025 and will be prepared to address these issues at the December 4 conference. | **Microsoft's Position:** Microsoft seeks a protective order, or, in the alternative, to sever and stay the Class and News Plaintiffs' GPT-4o product claims or vacate the case schedule. Judge Stein's October 27, 2025 Opinion & Order (MDL Dkt. 707) permitted Plaintiffs to add products incorporating GPT-4o and GTP-4o Mini ("4o models"), subject to proportionality considerations. Following Judge Wang's direction (MDL Dkt. 751), the parties met and conferred regarding the scope of discovery in these cases. Microsoft explained how it incorporated these new LLMs into hundreds of new products long after these cases were filed. Microsoft therefore proposed providing Plaintiffs limited discovery into New Consumer Copilot to meet Plaintiffs' longstanding goal of adding that product to the case. Plaintiffs rejected that proposal and still seek to add hundreds of Microsoft products that implement the 4o models. Plaintiffs' demands are neither relevant nor proportional to the needs of the case and would derail the current case schedule. Microsoft would need to interview over 1000 new witnesses and re-review more than 140,000 custodial documents—a feat that would take months at a minimum. Microsoft therefore respectfully requests that the Court grant its request for a protective order. Absent a protective order, the Court should sever and stay the GPT-4o product claims—a procedure commonly used in both IP cases and MDL litigation. Alternatively, the Court should vacate the current fact discovery cutoff. Microsoft notes that the protective order option would be most in line with the Court's and the parties' desire to resolve the urgent legal issues in these cases regarding (1) whether training large language models is a fair use of works under copyright and (2) the substantial noninfringing uses defense associated with deploying this general-purpose technology.<br><br>**Class and News Plaintiffs' Position:** Plaintiffs seek limited additional discovery based on Judge Stein's ruling that Microsoft must provide discovery into its development and use of the GPT-4o and GPT-4o Mini large language models. Dkt. 707 at 6. Since that ruling, Microsoft has disclosed to Plaintiffs that these two |

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | models are used in over 500 Microsoft products, including the long-disputed "Refreshed" Copilot product. While any use of these infringing models is relevant, Plaintiffs have limited their discovery requests to just 10 of the over 500 products that Microsoft disclosed, or 2% of the products. Plaintiffs' requests are also limited to targeted document, data, and financial productions, as well as additional 30(b)(6) testimony. Plaintiffs are not seeking additional document custodians or search terms. Microsoft's position above appears to be responding to an entirely different discovery demand. It is simply not true that Plaintiffs' targeted requests would require Microsoft to interview over 1,000 witnesses. At best, Microsoft's position assumes, incorrectly, that Plaintiffs seek detailed discovery into all 500 products.<br><br>Microsoft should now be ordered to provide the following targeted discovery: (1) deposition testimony and limited document and data productions about "Refreshed" Copilot, (2) limited document and data productions for Copilot Search (another "implementation" of GPT-4o Mini that Microsoft uses to provide news content to users), (3) limited document, data, and financial productions for eight other Microsoft "implementations" that incorporate GPT-4o and GPT-4o Mini (including products specifically marketed at writing), (4) Microsoft's copies of any training data used for GPT-4o or 4o-Mini, (5) supplemental interrogatory responses describing how Microsoft developed and uses GPT-4o and 4o-Mini, and (6) financial information for Microsoft products that use the earlier-in-time GPT models (like GPT-3, GPT-3.5, and GPT-4). Finally, any request to bifurcate the case or extend the case schedule should be denied. |
| Dkt. 763 | 11/18/25 | Dkt. 831 | Motion for Protective Order re Depositions of Microsoft's CEO Satya Nadella and CTO Kevin Scott | Microsoft | Class and News Plaintiffs | | **Microsoft's Position:** Microsoft seeks a protective order regarding depositions of apex witnesses Satya Nadella (Microsoft CEO) and Kevin Scott (Microsoft CTO) whose time is extremely constrained by the duties of a C-Suite officer at Microsoft, a major public company. Plaintiffs' request for two days each with these witnesses exemplifies precisely the type of undue burden and harassment the apex doctrine was designed to prevent. Microsoft has made and is making available for deposition numerous senior executives who have firsthand knowledge regarding the relevant issues in this case, and also has made senior executives available for 30(b)(6) topics. Further, Messrs. Scott and Nadella have overlapping relevant knowledge. The Court |

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | should enter a protective order denying Plaintiffs' requests for these depositions or, in the alternative, should order Plaintiffs to choose to depose either Mr. Nadella or Mr. Scott for one day for seven hours on-the-record after first taking the depositions of other relevant witnesses.<br><br>**Class and News Plaintiffs' Position:** Microsoft does not come close to meeting its high burden to prevent Plaintiffs from deposing Microsoft Chief Technology Officer Kevin Scott and Microsoft Chief Executive Officer Satya Nadella. To bar Plaintiffs from deposing Messrs. Scott and Nadella, Microsoft must prove that each of them "has nothing to contribute to the litigation." *loanDepot.com, LLC v. CrossCountry Mortg.*, 2024 WL 2154189, at *1 (S.D.N.Y. Apr. 9, 2024). Unlike the parties in the cases Microsoft cites, Microsoft failed to put forward any evidence that Messrs. Scott and Nadella lack relevant knowledge. On the contrary, Microsoft's disclosures, interrogatory responses, and documents make clear that Messrs. Scott and Nadella have relevant knowledge and should be deposed for the default 11 hours in this MDL (just over one hour per case in this MDL that consists of nine separate lawsuits).<br><br>Microsoft's Rule 26 disclosures and interrogatory responses list Mr. Scott as knowledgeable about OpenAI's training data, the commercialization of OpenAI's models, and agreements, investments, and computing infrastructure used for development with respect to OpenAI. Documents produced by Microsoft confirm Mr. Scott's knowledge. Mr. Nadella is also identified in Microsoft's Rule 26 disclosures, and documents produced by Microsoft confirm Mr. Nadella's role in the development of Microsoft's own generative AI products like Bing Chat and CoPilot chatbot. Given these witnesses' knowledge on key issues in this MDL, Microsoft must present both Messrs. Scott and Nadella for eleven hours. |

3

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| **II.** | **Other Filings** | | | | | | |
| Dkt. 390 (Sealed Filing) Dkt. 391 (Public Filing) Dkt. 528 (Public Filing) Dkt. 529 (Sealed Filing) | 7/30/25 9/5/25 | Dkt. 432 (Public Filing) Dkt. 584 (Sealed Filing) Dkt. 586 (Sealed Filing) | OpenAI's production and collection of text and social media messages | Class and News Plaintiffs | OpenAI | This dispute was argued at the August 12, September 25, and October 29 hearings. The Court indicated that it will issue a written ruling. *See* Dkt. 612; *see also* Oct. 29, 2025 Tr. at 44:6 | **Class and News Plaintiffs' Position:** This dispute is fully briefed and argued and the Parties await the Court's ruling. Plaintiffs' remain concerned with OpenAI's use of frequent "personal" redactions within text messages, which often occur in the middle of clearly responsive conversations about issues directly related to this case, and often with redactions that cover the majority (or all) of the text in a document. OpenAI has not provided a redaction log or explained the bases of any of these "personal" redactions, which as a reminder were applied by Mr. Altman and Mr. Brockman's *personal* counsel Gibson Dunn. Depositions are underway and the discovery cutoff is approaching. Plaintiffs respectfully request the Court's guidance.<br><br>**OpenAI's Position:** OpenAI has complied with its discovery obligations. It designed and administered a comprehensive, standardized method to question all custodians, ensuring consistent and reliable information about their use of personal text and social media accounts for work, taking into account the personal privacy interests of custodians where appropriate. That process includes certain custodians' personal counsel applying redactions to protect their legitimate privacy interests and competitively sensitive information completely unrelated to this case, which personal counsel would attest to. Disclosure of the custodians' private information could cause significant harm—including risking their physical safety as well as revealing sensitive medical, family, and relationship information. To the extent that Plaintiffs still have questions or concerns, OpenAI is available to further meet and confer. |
| **III.** | **Case Scheduling Matters** | | | | | | |
| Dkt. 715 | 10/30/25 | N/A | Briefing schedule for January discovery conference | All Parties | N/A | The Court set the following briefing deadlines for the January 15, 2026 discovery conference: | **Joint Position:** The Court previously scheduled a discovery conference for January 15, with opening briefs due January 2 and oppositions due January 7. While the parties appreciate the Court making time for a conference in January, Defendants requested an extension of the briefing deadlines, and Plaintiffs agreed to the extension. The deadline for opening briefs will be difficult given the limited availability of clients, counsel, and support staff due to the holiday. Accordingly, all parties |

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | opening briefs due January 2, oppositions due January 7, and joint chart due January 8. *See* Dkt. 715 at 4. | respectfully request that the Court modify the briefing schedule for the January 15, 2026 discovery conference as follows:<br>• opening briefs due January 6<br>• oppositions due January 9, and<br>• joint chart due January 12. |