# Exhibit 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE NEW YORK TIMES COMPANY<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC,<br><br>Defendants. | Civil Action No. 1:23-cv-11195-SHS |

**THE NEW YORK TIMES COMPANY'S THIRD SET OF REQUESTS FOR PRODUCTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND <u>OPENAI HOLDINGS, LLC</u>**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, (the "Local Civil Rules"), The New York Times Company ("NYT") requests that OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC ("OpenAI Defendants") produce the requested documents at the offices of Susman Godfrey L.L.P., One Manhattan West, New York, New York 10001-8602, within thirty days after the date of service of this document, or at such other mutually agreeable time and place.

## I.  DEFINITIONS

The following definitions and instructions apply to the requests listed below:

1. All definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the Southern District of New York are incorporated by reference herein.

2. "Affiliate" means, with respect to any Person, any other Person that, directly or indirectly through one or more intermediaries, controls, is controlled by, or is under any common control with, such Person.

3. "Agreement(s)" means any contract, agreement, arrangement, or understanding, formal or informal, oral or written, between or among two or more Persons.

4. "AI Model(s)" means a component of an information system and/or large language model that implements artificial intelligence ("AI") technology or uses computational, statistical, or machine-learning techniques to produce outputs from a given set of inputs.

5. "Complaint" means the operative complaint in the Action as of the date these Requests are served.

6. "Defendants" means Microsoft and OpenAI.

7. "Electronically Stored Information" or "ESI" refers to information and Documents within the full scope of Federal Rule of Civil Procedure 34 with all Metadata intact—created, manipulated, communicated, stored, and best utilized in digital form, and stored on electronic media.

8. "Generative AI Product(s) and Service(s)" means any publicly available or commercial product or service offering that includes a Generative AI Model, including but not limited to ChatGPT branded products and services, Copilot branded products and services, ChatGPT, Browse with Bing, Bing Chat, OpenAI's soon-to-be announced search product,[1] APIs, and platforms otherwise providing access to a Generative AI Model.

---

[1] *See* Anna Tong, *OpenAI Plans to Announce Google Search Competitor on Monday, Sources Say*, REUTERS (May 10, 2024), https://www.reuters.com/technology/openai-plans-announce-google-search-competitor-monday-sources-say-2024-05-09/.

2

9. "Generative AI Models(s)" means AI Models that emulate the structure and characteristics of input data in order to generate derived synthetic content, such as images, videos, audio, text, and other digital content.

10. "Including" means including but not limited to.

11. "Journalism," for the purposes of these requests, means the activity of writing or creating content for newspapers, magazines, news websites, mobile applications, television, podcasts, or any other publication and/or news outlet, and includes the work of The Times as alleged in the Complaint.

12. "Metadata" refers to information about an electronic file that is embedded in the file, describing the characteristics, origins, usage, and validity of the electronic file, and includes but is not limited to descriptive, structural, administrative, and relationship information.

13. "OpenAI" or "You" or "Your" means Defendants OpenAI Inc., OpenAI GP, LLC, OpenAI Opco, LLC, OpenAI Global, LLC, OpenAI Holdings LLC, OpenAI, LLC, or OAI Corporation, LLC, their subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

14. "Relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

15. "Microsoft" means Defendant Microsoft Corporation, its subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

3

16. "NYT Datasets" means any dataset containing Times Content You assembled, created, purchased, or otherwise obtained or analyzed, including the dataset or datasets referred to as the "NYT dataset," the "new york times dataset," and/or the "nyt data" in OPCO_NYT_0561518, OPCO_NYT_0445120, OPCO_NYT_0215443, OPCO_NYT_0116390, OPCO_NYT_0431797, and OPCO_NYT_0429940; The New York Times Annotated Corpus (LDC ) of the Linguistic Data Consortium of the University of Pennsylvania; and The New York Times English Gigaword (LDC2003T05) of the Linguistic Data Consortium of the University of Pennsylvania.

17. "Synthetic Data" means artificial, algorithmically-manufactured data, including data generated using a Generative AI Model.

18. "Synthetic Dataset" means a dataset comprising Synthetic Data.

19. "Text Generation AI Model(s)" means Your Generative AI Models, including generative pre-trained transformers or large language models (LLMs), that provide text outputs in response to inputs or prompts, including but not limited to GPT base, GPT-1, GPT-2, GPT-3, GPT-3 Davinci, GPT-3.5, GPT-3.5 Davinci, GPT-3.5-Turbo, GPT-4, GPT-4 Turbo, GPT-4o, MAI-1, and all other versions or other Generative AI Models included in Your Generative AI Products and Services. For avoidance of doubt, this includes both released and unreleased models.

20. "The Times" or "The New York Times" means Plaintiff The New York Times Company, its subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

21. "Times Content" means material published by The Times, including in print, online, audio, or in any other format, whether on Times-owned platforms or available through third-party

4

sources. "Times Content" includes all New York Times interest-specific publications, sub-brands, and products, including The Athletic, Cooking, Games, and Wirecutter.

22. "Training Dataset(s)" means the data and content used to pre-train, train, fine-tune, post-train, or otherwise affect the performance of the Generative AI Models, including any data and content used for reinforcement learning from human feedback or reinforcement learning from AI feedback.

## II. INSTRUCTIONS

1. Produce all responsive documents prepared, sent, or received, in whole or in part, during the time period applicable to the request. You should identify in some reasonable manner the person from whose files each document you produce was found.

2. You are to produce all documents, as defined above, that are in the possession, custody or control of you, or in the possession, custody or control of any attorney or agent for you. Without limiting the terms, "possession, custody, or control" of an item means that you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical possession of the item.

3. You are under a duty to supplement your responses to these discovery requests pursuant to FRCP 26. If after you produce any of the discovery requested below you discover or receive additional documents or information responsive to the requests, you should promptly produce such additional documents or information to the full extent required by the rules.

4. Pursuant to FRCP 26, you are to provide a privilege log for any documents you have withheld on the basis of privilege(s). Request for such a log is hereby made, effective as of the response date of these requests. If you assert a claim of privilege with respect to any document request, or portion thereof, you should produce a log, accounting for each document withheld individually, and providing the nature of the privilege being claimed; the type of document, date,

5

author, addressees or recipients, and general subject matter of the document, and such other information as is sufficient to identify the document. If a claim of privilege applies to only a portion of a document, the document should be produced, and the portion claimed to be privileged obscured and stamped "redacted."

5. The documents requested below should be produced in the manner that they are kept in the usual course of business. Documents should be produced with the label or labels from any file folder, binder, file drawer, file box, notebook, computer disk, or other container in which the document was found. Documents on computers or computer disks, including but not limited to electronic mail and corresponding attachments, should be produced in both native format and single-page TIFF format with optical character recognition (OCR). Even if only part of a document is responsive to a request, you should still produce the entire document including all attachments.

6. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

7. All documents which cannot be legibly copied should be produced in their original form.

8. If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information: (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

9. If no Documents responsive to a particular request exist, state that no responsive Documents exist.

### III. DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION NO. 73:**

All documents relating to any contract, license agreement, or terms that You intend to rely on or which You otherwise believe is relevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION NO. 74:**

All documents relating to the NYT Datasets.

**REQUEST FOR PRODUCTION NO. 75:**

All documents relating to Your purchase, acquisition, or obtainment of the NYT Datasets.

**REQUEST FOR PRODUCTION NO. 76:**

All documents relating to any contract, license agreement, or terms applicable to the NYT Datasets.

**REQUEST FOR PRODUCTION NO. 77:**

All documents relating to Your ingestion or processing of the NYT Datasets, including all documents relating to any tier determination, extraction, removal, clean-up, parsing, deduplication, indexing, storing, sampling, tokenizing, weighting, or vectorizing You performed on the NYT Datasets.

**REQUEST FOR PRODUCTION NO. 78:**

All computer code or scripts used to ingest or process the NYT Datasets.

**REQUEST FOR PRODUCTION NO. 79:**

All documents relating to the use or contemplated use of the NYT Datasets, including all documents relating to the use of the NYT Datasets for training or fine-tuning the Text Generation AI Models.

**REQUEST FOR PRODUCTION NO. 80:**

All documents relating to any testing or evaluation You performed on the NYT Datasets, including any experimentation, validation, statistical analysis, content categorization, or style determination You performed on the NYT Datasets.

**REQUEST FOR PRODUCTION NO. 81:**

All documents concerning any and all scrapes or downloads You performed of Times Content, including the "scrape" of Times Content referenced in OPCO_NYT_0116390 and the seven million Times URLs referenced in OPCO_NYT_0432207.

**REQUEST FOR PRODUCTION NO. 82:**

All communications with third parties concerning Defendants' fair use defense to copyright infringement, including how any licensing deals would impact that defense.

**REQUEST FOR PRODUCTION NO. 83:**

All documents concerning Your website terms and policies relating to Your Generative AI Products and Services, including any changes to those terms and policies and communications relating to such changes.

**REQUEST FOR PRODUCTION NO. 84:**

All documents concerning Your knowledge of DNyuz (www.dnuyz.com), including its copying of Times Content and Your use of DNyuz content for any purpose, such as training, fine tuning, retrieval augmented generation, and any other refinement or development processes.

**REQUEST FOR PRODUCTION NO. 85:**

All documents concerning Your knowledge of websites besides DNyuz that regularly copy publisher content without permission, and Your use of such websites for any purpose.

**REQUEST FOR PRODUCTION NO. 86:**

All Documents concerning use of Generative AI Models to create Synthetic Datasets.

**REQUEST FOR PRODUCTION NO. 87:**

All Documents concerning Your use or contemplated use of Synthetic Datasets, including to train Your Generative AI Models.

**REQUEST FOR PRODUCTION NO. 88:**

Documents sufficient to show, on a monthly basis from December 2015 to present, 1) OpenAI's valuation, 2) the number of employees of each OpenAI entity named in the Times's Complaint, and 3) OpenAI's capital investment, including the dollar amount of capital purchases, number of GPUs used, and other capital expenses to train AI models.

**REQUEST FOR PRODUCTION NO. 89:**

Documents sufficient to show each individual employed by OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, the job function of each employee, the supervisory relationship of each employee, and any change in each employee's job function, supervisory relationships, or employment status over time.

**REQUEST FOR PRODUCTION NO. 90:**

Documents sufficient to show the identity of each board member of OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, including any change in that individual's status as a board member over time.

**REQUEST FOR PRODUCTION NO. 91:**

All minutes of meetings of the board of directors of OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC, and all Documents provided to those boards of directors that concern or relate to 1) Your training data 2) Your intention to commercialize or monetize Defendants' Generative AI

Models, Products, and Services, and 3) projections regarding revenues or profits for Your Generative AI Models, Products, or Services.

**REQUEST FOR PRODUCTION NO. 92:**

Documents sufficient to show, for OpenAI, Inc., OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, OpenAI Holdings, LLC 1) your reasons for forming each entity, 2) the primary functions of each entity, and 3) corporate formation documents for each entity.

**REQUEST FOR PRODUCTION NO. 93:**

Documents sufficient to show, for each item of Times Content included in your Training Datasets: (i) the storage location(s) in your Training Datasets, (ii) the metadata, (iii) origin information, including URL or other source identifier, and (iv) the contents.

**REQUEST FOR PRODUCTION NO. 94:**

Documents sufficient to show all OpenAI employees, contractors, former employees, and other affiliates who have entered into non-disclosure or confidentiality agreements with OpenAI.

**REQUEST FOR PRODUCTION NO. 95:**

Documents and communications concerning Defendants' "Data Working Group" referenced in OPCO_NYT_0000668 and OPCO_NYT_0000669.


Dated: August 9, 2024                                  */s/ Ian Crosby*

                                                       Ian Crosby *(admitted pro hac vice)*
                                                       Genevieve Vose Wallace *(admitted pro hac vice)*
                                                       Katherine M. Peaslee *(admitted pro hac vice)*
                                                       SUSMAN GODFREY L.L.P.
                                                       401 Union Street, Suite 3000
                                                       Seattle, WA 98101
                                                       Telephone: (206) 516-3880

Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
gwallace@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(admitted pro hac vice)*
Emily K. Cronin (*admitted pro hac vice*)
Ellie Dupler *(admitted pro hac vice)*
SUSMAN GODFREY L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
edupler@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Tamar Lusztig (5125174)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
SUSMAN GODFREY L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
tlusztig@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Scarlett Collings (4985602)
SUSMAN GODFREY L.L.P.
1000 Louisiana, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile (713) 654-6666
scollings@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001

Telephone: (202 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

12

## CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Susman Godfrey L.L.P., whose address is 1900 Ave of the Stars, Suite 1400, Los Angeles, CA 90067. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on August 9, 2024, I served a copy of:

**THE NEW YORK TIMES COMPANY'S SECOND SET OF REQUESTS FOR PRODUCTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Susman Godfrey L.L.P.'s electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at Los Angeles, California, this 9th day of August, 2024.

____Ellie Dupler_____         _____/s/ Ellie Dupler_____
         (Type)                                                        (Signature)

13

**SERVICE LIST**

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
jgratz@mofo.com
Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Abennett@mofo.com
RoseLee@mofo.com

***Attorneys for Defendants***
***OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC***

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
andrew.gass@lw.com
joe.wetzel@lw.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
alli.stillman@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
sy.damle@lw.com

***Attorneys for Defendants***
***OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, And OpenAI Holdings, LLC***

NewYorkTimes_Microsoft_OHS@orrick.com

Annette L. Hurst
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone: (415)773-5700
Facsimile: (415)773-5759
ahurst@orrick.com

Christopher J. Cariello
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com

*Attorneys for Defendant
Microsoft Corporation*

MicrosoftNYClassActionFDBR@faegredrinker.com ;

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant
FAEGRE DRINKER BIDDLE & REATH LLP
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone (303) 607-3588
jared.briant@faegredrinker.com

*Attorneys for Defendant
Microsoft Corporation*