# Exhibit 6

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIFF DAVIS, INC., ZIFF DAVIS, LLC, IGN ENTERTAINMENT, INC., EVERYDAY HEALTH MEDIA, LLC, MASHABLE, INC., and CNET MEDIA, INC., <br><br> Plaintiffs, <br><br> v. <br><br> OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, <br><br> Defendants. | Civ. Action No. 25-cv-04315-SHS-OTW |

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC**

Pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York, (the "Local Civil Rules"), Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc. and CNET Media, Inc. ("Ziff Davis" or "Plaintiffs") request that OpenAI, Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI OPCO LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Holdings, LLC ("OpenAI" or "Defendants") produce the requested documents at the offices of Klaris Law PLLC, 161 Water Street, Suite 904, New York, NY, 10038, thirty days (30) after the date of service of this document, or at such other mutually agreeable time and place.

1

I.  **DEFINITIONS**

The following definitions and instructions apply to the requests listed below:

1. All definitions and rules of construction set forth in Rule 26.3 of the Local Rules of the Southern District of New York are incorporated by reference herein.

2. "Agreement(s)" means any contract, agreement, arrangement, or understanding, formal or informal, oral or written, between or among two or more persons.

3. "AI Model(s)" means a component of an information system and/or large language model ("LLM") that implements artificial intelligence ("AI") technology or uses computational, statistical, or machine-learning techniques to produce outputs from a given set of inputs.

4. "CMI" means Copyright Management Information as defined in 17 U.S.C. §1202.

5. "Defendants" means OpenAI as defined below.

6. "Generative AI Models(s)" means AI models that emulate the structure and characteristics of input data in order to generate derived synthetic content, such as images, videos, audio, text, and other digital content.

7. "Generative AI Product(s) and Service(s)" means any publicly available or commercial product or service offering that includes a Generative AI Model, including but not limited to ChatGPT branded products and services, OpenAI's soon-to-be announced search product, as well as APIs, and platforms otherwise providing access to a Generative AI Model.

8. "Including" means including but not limited to.

9. "News Plaintiffs' Requests for Production" means all Requests for Production previously served on OpenAI by the Plaintiffs in The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al., No. 1:24-cv-04872-SHS-OTW (S.D.N.Y.), Daily News, L.P. et al. v.

2

Microsoft Corporation et al., No. 1:24-cv-03285-SHS (S.D.N.Y.), and The New York Times Company v. Microsoft Corporation et al., No. 1:23-cv-11195 (S.D.N.Y.).

10. "OpenAI" or "You" or "Yours" means Defendants OpenAI Inc., OpenAI LP, OpenAI GP, LLC, OpenAI, LLC, OpenAI Opco, LLC, OpenAI Global, LLC, OAI Corporation, LLC, OpenAI Holdings LLC, or, their subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, and their respective officers, directors, employees, consultants, representatives, and agents.

11. "OpenAI's Terms of Use and Business Terms" means OpenAI's publicly available Terms of Use at https://openai.com/policies/row-terms-of-use/, OpenAI's publicly available Services Agreement at https://openai.com/policies/services-agreement/ and any revisions thereto.

12. "Relating to" means discussing, describing, referring to, pertaining to, containing, analyzing, studying, reporting on, commenting on, evidencing, constituting, setting forth, considering, recommending, concerning, or pertaining to, in whole or in part.

13. "Robots Exclusion Protocol" means any rule created, adopted, implemented, and/or promulgated through a robots.txt file to instruct specified robots, including but not limited to OpenAI's robots, to ignore certain files or directories when crawling a site.

14. "Training Dataset(s)" means the data and content used to pre-train, train, fine-tune, or otherwise affect the performance of the Generative AI Models, including any data and content used for reinforcement learning from human feedback or reinforcement learning from AI feedback.

15. "Text Generation AI Model(s)" means Defendants' Generative AI Models, including generative pre-trained transformers or large language models, that provide text outputs in

response to inputs or prompts, including but not limited to GPT-1, GPT-2, GPT-3, ChatGPT/GPT-3.5, GPT-4, GPT-4o, GPT-4o-mini, o1 mini, o1, o1-pro, GPT-4.1, GPT-4.5, o3, o3-mini, o4-mini, and all other versions or other Generative AI Models included in Defendants' Generative AI Products and Services.

16. "Ziff Davis" means Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., and Everyday Health Media, LLC, their subsidiaries, affiliates, divisions, predecessors in interest, successors, or assignees, including but not limited to the brands identified in Exhibit A to the Complaint, and their respective officers, directors, employees, consultants, representatives, and agents.

17. "Ziff Davis Content" means material authored, produced, published, distributed, publicly performed, or otherwise disseminated by Ziff Davis including in print, online, audio, or in any other format, whether on Ziff Davis-owned platforms or available through third-party sources. "Ziff Davis Content" includes all Ziff Davis interest-specific publications, sub-brands, and products, including but not limited to *IGN*, *Mashable*, *CNET*, *ZDNET*, *PCMag*, *Lifehacker*, *BabyCenter*, *Everyday Health*, and each brand listed in Exhibit A to the Complaint.

18. "Ziff Davis Dataset" means any dataset containing Ziff Davis Content that OpenAI assembled, created, purchased, or otherwise obtained or analyzed.

19. "Ziff Davis Registered Marks" means Ziff Davis's federally registered trademarks for its brands and variations thereof.

20. "Ziff Davis Site" means any website or platform owned or operated by Ziff Davis, including but not limited to each website for Ziff Davis interest-specific publications, sub-brands, and products, including but not limited to *IGN*, *Mashable*, *CNET*, *ZDNET*, *PCMag*,

*Lifehacker*, *BabyCenter*, *Everyday Health*, and each brand listed in Exhibit A to the Complaint.

## II.   INSTRUCTIONS

1. Produce all responsive documents prepared, sent, or received, in whole or in part, during the time period applicable to the request, to the extent not previously produced in response to the News Plaintiffs' Requests for Production (as defined above). You should identify in some reasonable manner the person from whose files each document you produce was found.

2. You are to produce all documents, as defined above, that are in the possession, custody or control of you, or in the possession, custody or control of any attorney or agent for you. Without limiting the terms, "possession, custody, or control" of an item means that you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical possession of the item.

3. You are under a duty to supplement your responses to these discovery requests pursuant to FRCP 26. If after you produce any of the discovery requested below you discover or receive additional documents or information responsive to the requests, you should promptly produce such additional documents or information to the full extent required by the rules.

4. Pursuant to FRCP 26, you are to provide a privilege log for any documents you have withheld on the basis of privilege(s). Request for such a log is hereby made, effective as of the response date of these requests. If you assert a claim of privilege with respect to any document request, or portion thereof, you should produce a log, accounting for each document withheld individually, and providing the nature of the privilege being claimed; the type of document, date, author, addressees or recipients, and general subject matter of

the document, and such other information as is sufficient to identify the document. If a claim of privilege applies to only a portion of a document, the document should be produced, and the portion claimed to be privileged obscured and stamped "redacted."

5. The documents requested below should be produced in the manner that they are kept in the usual course of business. Documents should be produced with the label or labels from any file folder, binder, file drawer, file box, notebook, computer disk, or other container in which the document was found. Documents on computers or computer disks, including but not limited to electronic mail and corresponding attachments, should be produced in both native format and single-page TIFF format with optical character recognition ("OCR"). Even if only part of a document is responsive to a request, you should still produce the entire document including all attachments.

6. All duplicates or copies of documents are to be provided to the extent they have handwriting, additions, or deletions of any kind different from the original document being produced.

7. All documents which cannot be legibly copied should be produced in their original form.

8. If any documents requested herein have been lost, discarded or destroyed, they shall be identified as completely as possible, including, without limitation, the following information: (a) the date of disposal; (b) the manner of disposal; (c) the reason for disposal; (d) the person authorizing disposal; and (e) the person disposing of the document.

9. If no Documents responsive to a particular request exist, state that no responsive Documents exist.

10. Unless otherwise stated, the time period for these Requests is January 1, 2022 to the present.

## III. DOCUMENT REQUESTS

**REQUEST FOR PRODUCTION #23**

Documents concerning the use of Ziff Davis Content for training or fine tuning Your Text Generation AI Models, including, for every Text Generation AI Model that uses Ziff Davis Content: i) the amount and prevalence of Ziff Davis Content in the Training Datasets by token count, word count, article count, as a percentage of the Training Datasets, or by any other metric; ii) rules or guidance for choosing what is and is not included in the Training Datasets for the Text Generation AI Models; iii) use of Ziff Davis Content to clean or curate the Training Datasets; iv) any weighting of particular Training Datasets for the Text Generation AI Models; and v) use of Ziff Davis Content for any post-training activity, including fine tuning.

**REQUEST FOR PRODUCTION #24**

Documents sufficient to show to what extent and in what form Ziff Davis Content resides in, is stored in, is copied by, or otherwise exists within the Training Datasets and/or the Text Generation AI Models.

**REQUEST FOR PRODUCTION #25**

Documents concerning Defendants' use of Retrieval Augmented Generation ("RAG") in Generative AI Products and Services, including: (i) use of Ziff Davis Content for RAG; (ii) rules or guidance for preferring or avoiding certain web domains (including Ziff Davis's web domains or sites known to host content copied from other sources) when choosing what to include in a generative result; (iii) rules for whether and how the results from RAG search products are similar to or different from standard search results; (iv) and rules regarding paywalls.

**REQUEST FOR PRODUCTION #26**

Documents concerning all processing performed on the Training Datasets containing Ziff Davis Content used to train Defendants' Generative AI Products and Services, including: (i) the ordering of training samples containing Ziff Davis Content in the training process as compared to training samples not containing Ziff Davis Content; (ii) placement of training samples containing Ziff Davis Content in the training process; (iii) rules for choosing the order of training samples containing Ziff Davis Content in the training process; (iv) rules and procedures for training samples containing Ziff Davis Content that are not used on all other training samples; (v) the processing of Ziff Davis Content in the fine-tuning/instruction tuning phase of training; (vi) use of Ziff Davis Content to train or inform certain, modules, layers, mixtures of experts, or other portions of the Text Generation AI Models more than others, (vii) any measures taken to include or exclude certain portions of training samples containing Ziff Davis Content during training, and (viii) the importance of training on accurate and/or well-written content, including Ziff Davis Content.

**REQUEST FOR PRODUCTION #27**

Documents sufficient to show the total number of records and tokens in Defendants' Training Datasets and the total number of records and tokens that contain (i) Ziff Davis Content, and (ii) copyrighted content.

**REQUEST FOR PRODUCTION #28**

Documents sufficient to show each source of records in Defendants' Training Datasets, and for each source: (i) the total number of tokens, (ii) the total number of records, (iii) the total number of tokens that contain Ziff Davis Content, (iv) the total number of records that contain Ziff Davis Content, (v) the total number of tokens that contain copyrighted content, (vi) the total

number of records that contain copyrighted content and (vii) any agreements relating to Defendants' use, licensing, or purchasing of the source of records.

**REQUEST FOR PRODUCTION #29**

Documents sufficient to identify each article of Ziff Davis Content contained in Defendants' Training Datasets.

**REQUEST FOR PRODUCTION #30**

Documents concerning all steps taken or contemplated to train, instruct, program, or refine Defendants' Generative AI Products and Services using Ziff Davis Content, including: (i) the use of Ziff Davis Content in instruction/fine tuning; (ii) use of Ziff Davis Content in Reinforcement Learning from Human Feedback ("RLHF") or Reinforcement Learning from AI Feedback ("RLAIF"), (iii) use of Ziff Davis Content to train the reward component or function of RLHF or RLAIF, (iv) use of Ziff Davis Content to evaluate a feature of a Training Dataset, such as identifying quality of a training sample, and (v) RLHF moderator and ranking guidance, training materials and ranking factors, weighting or scoring factors, and results/output of the human annotators, moderators and reviewers.

**REQUEST FOR PRODUCTION #31**

Documents concerning any analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the incremental value of including Ziff Davis Content in Defendants' Training Datasets.

**REQUEST FOR PRODUCTION #32**

Documents concerning Your use or knowledge of web crawlers, bots, spiders, user agents, and related tools to access Ziff Davis's Content, including Ziff Davis websites and digital products, including documents sufficient to show: (i) the time periods in which those tools accessed Ziff

9

Davis's Content, websites and digital products, (ii) the Ziff Davis Content those tools accessed, fetched, or parsed from Ziff Davis's websites and digital products, and (iii) the Ziff Davis Content from these URLs that was crawled, processed, copied, stored, and/or indexed by You and/or systems under Your control.

**REQUEST FOR PRODUCTION #33**

Documents concerning Your reliance on, use of, or understanding of third-party robots.txt crawler directives or third-party meta tag crawler directives in managing the crawling and indexing activity of your web crawlers, bots, spiders, user agents, GPTBot, any plugins or custom GPTs included on Defendants' platforms, and related applications to access, crawl, and/or index Ziff Davis Content or third-party content.

**REQUEST FOR PRODUCTION #34**

Documents concerning all measures taken to conceal or obscure Defendants' use of Ziff Davis Content during any stage of the development of each of Defendants' Generative AI Products and Services, including: (i) any methods, procedures, or instructions used to prevent Defendants' Generative AI Products and Services from reproducing Training Datasets containing Ziff Davis Content, (ii) any methods, procedures, or instructions used to determine if the output of Defendants' Generative AI Products and Services contains Ziff Davis Content, (iii) any methods, procedures, or instructions to avoid overfitting or memorization of Ziff Davis Content in Defendants' Generative AI Models, (iv) any differences in the foregoing among Defendants' Generative AI Products and Services, and (v) any changes in the foregoing over time.

**REQUEST FOR PRODUCTION #35**

Documents concerning Defendants' decisions regarding which works to use to train and develop Defendants' Generative AI Models, and how to use those works in training, including (i)

documents concerning the factors considered in determining the weighting or frequency at which works are seen during the training of Defendants' models, (ii) documents concerning deduplication of Training Datasets; (iii) documents concerning any classifiers and/or filters applied to Training Datasets that determine document quality and/or remove low quality documents; (iv) documents concerning rules and procedures for determining sample frequency; (v) documents sufficient to show how the training weights or parameters within Defendants' Generative AI Models would change if Ziff Davis Content was not used during training; and (vi) documents sufficient to show which individuals made or make decisions regarding which works to use to train and develop Defendants' Generative AI Models, and how to use those works in training.

**REQUEST FOR PRODUCTION #36**

Any surveys, studies, analyses, or statistics on patterns and practices of any of Defendants' Generative AI Products and Services, including any mentions of Ziff Davis, such as surveys, studies, analyses, or statistics regarding user engagement within user queries and/or inclusion of links to Ziff Davis Content in user queries or outputs.

**REQUEST FOR PRODUCTION #37**

Query, session, and chat logs reflecting or analyzing user sessions related to Ziff Davis Content within Defendants' Generative AI Products and Services, including, for each session, user queries paired with responses to those queries.

**REQUEST FOR PRODUCTION #38**

Documents concerning Defendants' monitoring, tracking, and knowledge of investigations into whether Defendants' AI Models contain copyrighted content, including Ziff Davis Content.

**REQUEST FOR PRODUCTION #39**

Documents concerning Defendants' abilities and efforts to track Ziff Davis's use of

Defendants' Generative AI Products and Services.

**REQUEST FOR PRODUCTION #40**

Documents concerning the extent to which Defendants' Generative AI Products and Services direct users to Ziff Davis Content in response to user queries, including by providing outputs that directly quote Ziff Davis Content, contain a URL that is intended to direct the user to Ziff Davis Content, or reference Ziff Davis or one of its contributors, authors, contractors, or employees.

**REQUEST FOR PRODUCTION #41**

Documents and communications concerning negotiations between Defendants and owners of copyrighted content, including Ziff Davis, over Defendants' use of copyrighted content in Defendants' Generative AI Models and Defendants' Generative AI Products or Services.

**REQUEST FOR PRODUCTION #42**

All documents relating to any contract, license agreement, or terms that You intend to rely on or which You otherwise believe is relevant to the claims and defenses in this case.

**REQUEST FOR PRODUCTION #43**

All documents relating to the Ziff Davis Datasets.

**REQUEST FOR PRODUCTION #44**

All documents relating to Your purchase, acquisition, or obtainment of the Ziff Davis Datasets.

**REQUEST FOR PRODUCTION #45**

All documents relating to any contract, license agreement, or terms applicable to the Ziff Davis Datasets.

**REQUEST FOR PRODUCTION #46**

12

All documents relating to Your ingestion or processing of the Ziff Davis Datasets, including all documents relating to any tier determination, extraction, removal, clean-up, parsing, deduplication, indexing, storing, sampling, tokenizing, weighting, or vectorizing You performed on the Ziff Davis Datasets.

**REQUEST FOR PRODUCTION #47**

All computer code or scripts used to ingest or process the Ziff Davis Datasets.

**REQUEST FOR PRODUCTION #48**

All documents relating to the use or contemplated use of the Ziff Davis Datasets, including all documents relating to the use of the Ziff Davis Datasets for training or fine-tuning the Text Generation AI Models.

**REQUEST FOR PRODUCTION #49**

All documents relating to any testing or evaluation You performed on the Ziff Davis Datasets, including any experimentation, validation, statistical analysis, content categorization, or style determination You performed on the Ziff Davis Datasets.

**REQUEST FOR PRODUCTION #50**

All documents concerning Your knowledge of DNyuz (www.dnuyz.com), including its copying of Ziff Davis Content and Your use of DNyuz content for any purpose, such as training, fine tuning, retrieval augmented generation, and any other refinement or development processes.

**REQUEST FOR PRODUCTION #51**

Documents sufficient to show, for each item of Ziff Davis Content included in your Training Datasets: (i) the storage location(s) in your Training Datasets, (ii) the metadata, (iii) origin information, including URL or other source identifier, and (iv) the contents.

**REQUEST FOR PRODUCTION #52**

13

Documents sufficient to show any analysis performed by You concerning any indirect revenue attributable to Ziff Davis Content in search, including as such analysis relates to Ziff Davis Content in outputs in generative search and chat features.

**REQUEST FOR PRODUCTION #53**

Documents concerning any valuation of, or attempt to value, Ziff Davis Content.

**REQUEST FOR PRODUCTION #54**

Documents reflecting the actual or expected financial impact of Defendants' Generative AI Products and Services on copyright owners, including Ziff Davis and other content creators.

**REQUEST FOR PRODUCTION #55**

Documents concerning actual or potential harm Defendants' Generative AI Products and Services and/or AI products and services generally have on Ziff Davis, the news industry, and/or society in general.

**REQUEST FOR PRODUCTION #56**

Documents concerning the extent to which Defendants' Generative AI Products and Services direct users to Ziff Davis Content in response to user queries, including (i) documents concerning how many times Ziff Davis Content was output by Defendants' Generative AI Products and Services and (ii) documents concerning the click-through rate for a URL output by Defendants' Generative AI Products and Services that is intended to direct the user to one of the Ziff Davis's websites.

**REQUEST FOR PRODUCTION #57**

All documents concerning any and all scrapes or downloads Defendants performed of Ziff Davis Content.

**REQUEST FOR PRODUCTION #58**

All documents concerning Your knowledge of websites besides DNyuz that regularly copy Ziff Davis Content without permission, and Your use of such websites for any purpose.

**REQUEST FOR PRODUCTION #59**

Documents sufficient to identify each training set that contains at least some Ziff Davis Content, including the name of the training set, when it was created, and which models were trained using that training set.

**REQUEST FOR PRODUCTION #60**

For any Ziff Davis Content and for each training set identified in Request No. 59 above, all Ziff Davis Content and any additional information included with it. This includes, for example, and without limitation, the URL of the Ziff Davis Content, the text of the Ziff Davis Content, any weighting or other such information from the Ziff Davis Content, and any author, title, copyright notice, or terms of use information from the Ziff Davis Content.

**REQUEST FOR PRODUCTION #61**

All chat responses that included any portion of any Ziff Davis Content.

**REQUEST FOR PRODUCTION #62**

All chat responses that regurgitated any Ziff Davis Content.

**REQUEST FOR PRODUCTION #63**

All chat responses that abridged any Ziff Davis Content.

**REQUEST FOR PRODUCTION #64**

Ziff Davis Content that was utilized in any retrieval-augmented generation responses to prompts, in the form in which those works exist in any memory possessed or controlled by you or on your behalf, and the entire exchanges of prompts and responses for those responses.

Dated: July 3, 2025	/s/ Lacy H. Koonce, III

Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Gili Karev
Mariella Salazar
Clara Cassan
KLARIS LAW PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klarislaw.com
matthew.leish@klarislaw.com
gili.karev@klarislaw.com
mariella.salazar@klarislaw.com
clara.cassan@klarislaw.com

Guy Ruttenberg
Ruttenberg IP Law, A Professional
  Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

***Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc. and CNET MEDIA, Inc.***

# CERTIFICATE OF SERVICE

I declare that I am employed with the law firm of Klaris Law PLLC, whose address is 161 Water Street New York, NY 10038. I am not a party to the within cause, and I am over the age of eighteen years.

I further declare that on July 3, 2025, I served a copy of:

**PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION TO OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, AND OPENAI HOLDINGS, LLC**

☒ **BY ELECTRONIC SERVICE [Fed. Rule Civ. Proc. Rule 5(b)(2)(E)]** by electronically mailing a true and correct copy through Klaris Law PLLC's electronic mail system to the email address(es) set forth below, or as stated on the attached service list per agreement in accordance with Fed. Rule Civ. Proc. Rule 5(b)(2)(E).

☐ **BY PERSONAL SERVICE** I caused to be delivered such envelope by hand to the offices of the addressee.

**See Attached Service list**

I declare under penalty of perjury that the following is true and correct.

Executed at New York, New York, this 3rd day of July, 2025.

| Clara Cassan | /s/ Clara Cassan |
|---|---|
| (Type) | (Signature) |

# SERVICE LIST

OpenAICopyright@mofo.com

Joseph C. Gratz
Vera Ranieri
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
Telephone: (415) 268-6066
Facsimile: (415) 268-7522
jgratz@mofo.com
Vranieri@mofo.com

Allyson R. Bennett
Rose S. Lee
Morrison & Foerster LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles CA 90017
Telephone: (213) 892-5200
Facsimile: (213) 892-5454
Abennett@mofo.com
RoseLee@mofo.com

*Attorneys for Defendants*
*OpenAI, Inc., OpenAI LP,*
*OpenAI GP, LLC,*
*OpenAI, LLC, OpenAI OpCo LLC,*
*OpenAI Global LLC, OAI Corporation,*
*LLC, And OpenAI Holdings, LLC*

OpenAICopyrightLitigation.lwteam@lw.com

Andrew Gass
Joseph Richard Wetzel , Jr.,
LATHAM & WATKINS, LLP
505 Montgomery Street, Ste. 2000
San Francisco, CA 94111
Telephone: (415)391-0600
Facsimile: (415)-395-8095
andrew.gass@lw.com
joe.wetzel@lw.com

Allison Levine Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212)906-1200
Facsimile: 212-751-4864
alli.stillman@lw.com

Sarang Damle
LATHAM & WATKINS LLP
555 Eleventh Street NW, Suite 1000
Washington, DC 20004
Telephone: (202)637-2200
Facsimile: 202-637-2201
sy.damle@lw.com

*Attorneys for Defendants*
*OpenAI, Inc., OpenAI LP, OpenAI GP,*
*LLC, OpenAI, LLC, OpenAI OpCo LLC,*
*OpenAI Global LLC, OAI Corporation*