**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------x
IN RE:                                                     :
                                                          :
OPENAI, INC.,                                             :          25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,                        :
                                                          :
                                                          :          **ORDER**
This Document Relates To:                                 :
**ALL ACTIONS**                                          :
                                                          :
--------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

The Court is in receipt of the parties' December 10, 2025, joint status update, as well as

the parties' various other supplemental filings. (*See* ECF Nos. 945-950). The parties indicate that

while several of the discovery disputes discussed at the December 4, 2025, discovery status

conference have been resolved through further meet and confer, disputes on various topics

persist. The Court resolves the parties' ongoing disputes as follows:

1) OpenAI's Privilege Re-review: OpenAI is directed to complete its privilege re-

   review and produce any documents where OpenAI's re-review resulted in

   modifications to redactions or to privilege assertions, and produce OpenAI's

   revised privilege log, by **December 24, 2025.**

2) Personal Azure Containers: OpenAI is directed to conduct a search across the

   personal Azure containers for the 24 individuals previously identified to locate

   documents responsive to categories (i), (ii), and (iii) described in the parties'

   joint letter, using the previously proposed search terms. The parties are directed

   to continue meeting and conferring on whether additional search terms may be

   appropriate given the testimony of Mr. Sohl. If Class Plaintiffs seek to expand

this search to additional employees' Azure containers, they may make such a request, <u>after</u> meeting and conferring with OpenAI, in sufficient time to take up these issues at the January 15, 2026, discovery status conference.

3) <u>Downloads and Copies of Relevant Datasets</u>: OpenAI is directed to file a supplemental letter under seal responding to Class Plaintiffs' supplemental letter by **December 19, 2025.**

4) <u>Review of LibGen Search Term Hits</u>: The parties are directed to provide an update on this dispute in the parties' joint dispute chart for the January 15, 2025, discovery status conference.

5) <u>Microsoft's Click-Through Rate Data</u>: The parties are directed to continue meeting and conferring on News Plaintiffs' questions regarding Microsoft's retention of click-through data.

6) <u>Scope of Additional Microsoft Discovery Related to GPT-4o and GPT-4o mini</u>: Microsoft is mistaken that discussion of the various implementations have "no proper place in [the parties' joint] report other than as part of the two categories on which the Court permitted supplemental briefing," (i.e., Microsoft Office and Bing). (ECF 950 at 10). Other than the implementations that I denied as moot given the parties' apparent agreement at the December 4 conference, (*see* ECF 910 at 6), Plaintiffs' motion was denied as <u>premature</u> as to Microsoft's additional implementations of GPT-4o and GPT-4o mini, and I directed the parties to continue meeting and conferring on these other implementations and the scope of additional discovery as to Microsoft. (*See* ECF 910 at 6-7). Accordingly, Plaintiffs may re-raise their requests as to these implementations in

2

the default briefing schedule for the January 15, 2026, discovery status conference. As to the parties' supplemental briefing regarding financial data for Microsoft Office and Bing, Plaintiffs are directed to file their supplemental brief by **December 22, 2025,** and Microsoft is directed to file its supplemental opposition by **January 5, 2026.**

The Court is concerned that its <u>repeated</u> directions to meet and confer are not being fully appreciated. The parties are reminded that an order to meet and confer, whether directed from the bench or in a written order, are court orders that must be followed. Further, my individual practices require that parties meet and confer in good faith before raising a discovery dispute. As the parties have done in the past, resolving discovery disputes through a robust meet and confer process facilitates judicial efficiency and "secure[s] the just, speedy and inexpensive determination of" these actions. Fed. R. Civ. P. 1. If it becomes apparent from future briefing that the parties are not engaging in a good faith meet and confer process on discovery disputes that can and should be resolved without court intervention, such motions may be denied on their face, and costs may be apportioned under Fed. R. Civ. P. 37(a)(5).

        **SO ORDERED.**

                                        *s/ Ona T. Wang*

Dated: December 15, 2025                       **Ona T. Wang**
       New York, New York           United States Magistrate Judge