**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

IN RE:                                                                   :

                                                                           :

OPENAI, INC.,                                                    :                    25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,    :

                                                                           :

                                                                           :                    <u>**ORDER RE: SUPPLEMENTAL BRIEFING**</u>

This Document Relates To:                              :
**All Actions**                                                  :

                                                                           :

------------------------------------------------------------x

        **ONA T. WANG**, **United States Magistrate Judge**:

      **I.**       **BACKGROUND**

The Court assumes familiarity with the facts and history of this case. Shortly after this multidistrict litigation was commenced, (*see* ECF 1), Judge Stein issued Case Management Order No. 1, which, among other things, directed the parties to take "reasonable steps to preserve all evidence that may be relevant to this litigation." (*See* ECF 14 at 4). On May 7, 2025, News Plaintiffs filed a letter addressed to Judge Stein seeking permission to file a supplemental letter to me—separate from the parties' joint report—regarding an ongoing dispute with respect to OpenAI's preservation of output log data. (*See* ECF Nos. 21, 22). News Plaintiffs also filed a motion to seal the letter to Judge Stein and the supplemental letter that was attached as an exhibit. (ECF 23). OpenAI filed its opposition on May 9, 2025. (ECF 24). Judge Stein granted News Plaintiffs' request on May 9, 2025, directed News Plaintiffs to file their supplemental letter on the docket, and to direct any subsequent sealing motions to me. (ECF 26).

News Plaintiffs then filed their supplemental letter at ECF Nos. 27-29, as well as a motion to seal, on May 12, 2025. (ECF 30). News Plaintiffs' supplemental letter alleged that OpenAI had engaged in "substantial, ongoing destruction of user conversation data,"

information relevant to this case, and requested a hearing on the issue of potential spoliation. (*See* ECF 29). On May 13, 2025, I scheduled an in-person status conference for May 27, 2025, to discuss potential spoliation motions, and directed the parties to submit supplemental briefing (the "May 2025 Supplemental Briefing"). (ECF 32). The same day, I also directed OpenAI to preserve and segregate all output log data that would otherwise be deleted on a going-forward basis. (ECF 33) (hereinafter, the "May 13 Preservation Order").

On May 14, 2025, OpenAI filed a motion to seal News Plaintiffs' May 12 supplemental letter and accompanying exhibits. (ECF 35). Also on May 14, 2025, OpenAI filed a motion to seal OpenAI's forthcoming request for reconsideration of the May 13 Preservation Order, which was filed on May 15, 2025. (ECF Nos. 39, 40). I then denied OpenAI's request for reconsideration of the May 13 Preservation Order on May 16, 2025. (ECF 42).

News Plaintiffs filed a supplemental motion to compel OpenAI to preserve output log data and a corresponding motion to seal on May 16, 2025. (ECF Nos. 43, 44, 45). OpenAI filed its supplemental opposition and a corresponding motion to seal on May 23, 2025. (ECF Nos. 62-68). On July 1, 2025, I denied without prejudice the parties' motions to seal the May 2025 Supplemental Briefing, finding that because the parties' supplemental briefs were related to spoliation, they were judicial documents subject to a higher presumption of public access under the common law and the First Amendment, and that the parties failed to rebut this higher presumption. (ECF 293). As part of my July 1 order, I stayed the unsealing of the parties' supplemental briefs and directed the parties to file renewed motions to seal, if any, by July 11, 2025. (ECF 293 at 7).

On July 11, 2025, News Plaintiffs filed a letter stating that "[i]n light of the 'strong presumption of public access'," that they would not file a renewed motion to seal their

supplemental briefing and that they would oppose OpenAI's forthcoming renewed motion to seal to the extent it "conflicts with the standards articulated in the Protective Order and/or the public right of access to these materials." (ECF 317). OpenAI filed its renewed motion to seal on the same day. (ECF Nos. 318-320). Then, on July 18, 2025, News Plaintiffs filed their opposition to OpenAI's renewed motion to seal. (ECF 352).

While the Court granted the vast majority of the parties' pending sealing motions on December 8, 2025, including OpenAI's renewed sealing motion, (*see* ECF 931), the parties' motions to seal the News Plaintiffs' supplemental letter and attached exhibits and OpenAI's motion for reconsideration of my May 13 Preservation Order (*see* ECF Nos. 23, 30, 35, and 37) remain pending.

## II.    LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006).

If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Id.* Finally, the Court balances competing considerations

3

against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). When faced with judicial documents, "continued sealing … may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing is narrowly tailored to achieve that aim." *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

### III.    The Parties' Pending Motions to Seal (ECF Nos. 23, 30, 35, 37)

We first consider whether the documents at issue are "judicial documents," and, if so, the weight of any presumption of access that attaches. A "judicial document" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). As opposed to pleadings, which are widely recognized as judicial documents, *id.* at 140, the law is more complex with respect to filings made during discovery. *Brown v. Maxwell*, 929 F.3d 41, 47-49 (2d Cir. 2019). Generally, "a court's authority to oversee discovery and control the evidence introduced at trial … constitutes an exercise of judicial power … ancillary to the court's core role in adjudicating cases," meaning the presumption of public access is "generally somewhat lower" but still requires a court to articulate "specific and substantial reasons for sealing such material." *Id.* Thus, generally, documents that are "simply passed between the parties in discovery" are not ordinarily considered judicial documents. *Maxwell*, 929 F.3d at 49-50. This does not change when a Court assesses such documents in a discovery motion, *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-CV-4223 (LAP) (KHP), 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021), and, moreover, when documents are filed "pursuant to a confidentiality agreement," the

Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)).

Exhibits attached to parties' briefing for discovery disputes are typically non-judicial documents that may be filed under seal. *See Authors Guild v. OpenAI, Inc.*, 23-CV-8292, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025). Letter <u>motions</u> that contain or summarize information contained in such exhibits, however, are judicial documents "to which the presumption of public access may apply." *Id.*; *Uni-Systems, LLC*, 2020 WL 8266015, at *9 (citing *Cumberland Packaging Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999)). Still, courts in this district, including this one, "have held that redacting portions of such letter motions that reference 'information passed between the parties in discovery' where 'the documents referenced have been designated' as confidential under a protective order is appropriate." *Authors Guild*, 2025 WL 66500, at *2.

Documents submitted to a court related to a motion for sanctions are generally considered judicial documents and are subject to a higher presumption of public access under the common law and the First Amendment. *Compare Valassis Comms. Inc. v. News Corp.*, 17-CV-3738 (PKC), 2020 WL 2190708, at *2 ("Here, all the documents at issue were submitted to the Court in support of and would so reasonably have the tendency to influence the Court's decision on the outstanding motions in limine, to exclude, and for sanctions…. As such, all documents submitted in support of these motions are judicial documents and enjoy some presumption of public access.") *and Matthews v. N.Y. State Dept. of Corrections & Community Supervision*, 17-CV-503, 2023 WL 2664418, at *2 (N.D.N.Y. Mar. 28, 2023) (holding documents

5

submitted in support of Plaintiffs' cross-motion for spoliation sanctions to be judicial

documents) *with Maxwell*, 929 F.3d at 50 (finding the presumption of public access for

documents concerning discovery disputes is "generally somewhat lower"). (*See also* ECF 293).

"A protective order may provide guidance regarding what documents might be appropriate to

seal. However, the decision to allow documents to be filed under seal is a wholly separate

inquiry from whether to maintain confidential documents disclosed in discovery." *Capricorn*

*Mgmt. Systems, Inc. v. Govt. Employees Ins. Co.*, 15-CV-2926 (DRH) (SIL), 2019 WL 5694256, at

*20 (E.D.N.Y. July 22, 2019) (internal quotation marks and citations omitted). Further, "the

existence of a protective order, by itself, is not enough [to justify] sealing." *Matthews*, 2023 WL

2664418, at *4.

First, News Plaintiffs' motions to seal at ECF Nos. 23 and 30 and OpenAI's motion to seal

at ECF 35 all seek to seal News Plaintiffs' supplemental letter and exhibits attached thereto,

which are under temporary seal at ECF Nos. 22-1, 27, and 28. The two public, redacted versions

filed by News Plaintiffs contain the same redactions to pages 1-3 of the supplemental letter,

page 2 of Exhibit C, and pages 1 and 2 of Exhibit D, and both seal Exhibit A in its entirety. (*See*

ECF Nos. 21, 29). OpenAI's motion does not appear to seek to seal any material outside of that

which is already redacted in News Plaintiffs' public, redacted versions of the supplemental

letter. (*See* ECF 35). Like the parties' May 2025 supplemental briefing, News Plaintiffs'

supplemental letter and exhibits are not simply related to a routine discovery dispute. (*See* ECF

293 at 5). Indeed, the supplemental letter levies serious accusations that OpenAI had deleted

certain output log data that is relevant to this litigation. (*See* ECF 21-1); (*see also* ECF 21) ("News

Plaintiffs respectfully submit that the Supplemental Letter, which includes information News

Plaintiffs have received to-date regarding OpenAI's preservation and destruction of 'user

6

conversation' data for at least ChatGPT Free, Plus, and Pro, will assist the Court in understanding the nature of the dispute."). News Plaintiffs' supplemental briefing that followed specifically set out that "spoliation sanctions may be warranted," and at the May 27, 2025, afternoon conference, the Court heard oral argument on OpenAI's preservation of user conversation data to inform a potential Rule 37(e) analysis. (*See* ECF Nos. 43, 44, 291 at 41-53, 293). Thus, because News Plaintiffs' supplemental letter was related to and indeed began a long foray into potential spoliation, the supplemental letter and all attached exhibits are judicial documents entitled to a strong presumption of public access. *See Valassis*, 2020 WL 2190708, at *2. (*See also* ECF 293 at 5-6).

Second, OpenAI's motion to seal at ECF 37 seeks to seal OpenAI's May 15, 2025, motion for reconsideration of my May 13 Preservation Order. (*See* ECF Nos. 39, 40). OpenAI's motion for reconsideration is a judicial document entitled to a strong presumption of public access. *See Odermatt v. Mount Sinai Hosp.*, 24-CV-5250 (JLR), 2025 WL 1993705, at *2 (S.D.N.Y. July 17, 2025) ("Odermatt's motion for reconsideration is a judicial document ordinarily entitled to a 'strong presumption' of public access.").

Turning to the parties' proposed redactions, the parties' briefing provides insufficient information to determine whether the proposed redacted and/or withheld information should be sealed. Like OpenAI's motion to seal its supplemental briefing regarding the May 13 Preservation Order, OpenAI's motions here rely on boilerplate arguments that presume the documents at issue are merely related to a discovery dispute and are thus subject to a lower presumption of public access. (*See* ECF 293 at 6). Again, OpenAI only provides conclusory justifications that are likely insufficient as a matter of law to justify sealing these materials.

(*See* ECF 293 at 6) ("Such broad allegations of harm, without more, are insufficient to outweigh the 'strong presumption of public access' to information contained in a judicial document.").

Accordingly, OpenAI is directed to submit supplemental briefing regarding the pending motions to seal: (1) News Plaintiffs' supplemental letter and (2) OpenAI's motion for reconsideration of the May 13 Preservation Order. Any supplemental briefing must explain with specificity what material OpenAI seeks to seal, under what basis, and how disclosure of such information poses a competitive, security, or other threat and/or risk to OpenAI, particularly with respect to the redacted graphs (*see* ECF 22-1 at 4, 10, 20) and the redacted table (*see* ECF 22-1 at 10).[1] The parties are encouraged to meet and confer on what material is appropriate to maintain under seal, and to review the transcripts of the discovery status conferences and other documents on the docket where the information at issue may have already been disclosed.

### IV.    OpenAI's Motion to Seal (ECF 318)

On December 8, 2025, I issued a separate order granting the vast majority of the parties' sealing motions, including OpenAI's renewed motion to seal (ECF 318) the parties' May 2025 supplemental briefing (ECF Nos. 43, 44, 64, 65). (*See* ECF 931) (granting OpenAI's motion to seal at ECF 318). OpenAI's renewed motion to seal at ECF 318 significantly narrowed the material that OpenAI sought to seal in ECF Nos. 44 and 64, which is not reflected by the redacted, public versions of these documents currently on the docket. (*See* ECF Nos. 43, 65). Accordingly, the

---

[1] For example, OpenAI should consider whether limited redactions of chart headings or the y-axis of the graphs (and discrete mentions of this information in other places) may be a sufficiently limited redaction given the nature of these documents. If it is not, OpenAI should provide a more detailed explanation in order to support the Court's need to make an informed decision on whether this information should be sealed or redacted.

parties are directed to file on the docket their May 2025 supplemental briefs and exhibits in accordance with the Court's December 8 order granting OpenAI's motion to seal at ECF 318.

### V.    CONCLUSION

In sum: (1) OpenAI is directed to submit supplemental briefing of 5,000 words or less on the pending motions to seal (ECF Nos. 23, 30, 35, 37) as described above; and (2) the parties are directed to file their May 2025 supplemental briefs and exhibits in accordance with the Court's December 8 order granting OpenAI's motion to seal at ECF 318.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: December 19, 2025     **Ona T. Wang**
       New York, New York    United States Magistrate Judge