# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

OPENAI, INC.,
COPYRIGHT INFRINGEMENT
LITIGATION

1:25-md-03143-SHS/OTW

This Document Relates To:
The News Cases

**MICROSOFT'S AMENDED OBJECTIONS AND RESPONSES**
**TO NEWS PLAINTIFFS' NOTICE OF RULE 30(B)(6) DEPOSITION OF MICROSOFT**

Defendant Microsoft Corporation responds and objects to the Federal Rule of Civil Procedure 30(b)(6) Notice served by Plaintiffs The New York Times Company ("The Times"), Daily News, LP *et al.*, and The Center for Investigative Reporting, Inc. (collectively, the "News Plaintiffs") as follows:

## GENERAL OBJECTIONS

Microsoft's responses are subject to the following objections to the "Definitions" and "Instructions" provided with the Notice, each of which is hereby incorporated by reference into Microsoft's responses below. If Microsoft objects to a definition of a term and that term is used in the definition of a subsequent term, Microsoft's objections to the term used in the subsequent definition are incorporated by reference therein.

1.      Microsoft objects to each Topic to the extent that it seeks information that is subject to the attorney-client privilege, work product doctrine, joint defense privilege, common interest protection, or any other applicable privilege, immunity, or protection provided by law, or that are trial preparation materials ("Privileged Materials").

2.      Microsoft objects to the Definition of "AI Model(s)" as overly broad, unduly burdensome, and not proportional to the needs of each case because it includes artificial intelligence models that are not identified in any complaint and/or that have no relationship to Microsoft or the Microsoft products at issue in each case. For the purposes of these Topics, Microsoft will interpret this phrase to mean GPT-3, GPT-3.5, GPT-3.5 Turbo (including Deucalion), GPT-4, and GPT-4 Turbo.

3.      Microsoft objects to the Definition of "Microsoft" and "You" and "Your" on the ground that they are overly broad, unduly burdensome, and not proportional to the needs of each case to the extent they include persons or entities over which Microsoft has no control and,

therefore, Microsoft does not have possession, custody, or control of information of any such persons or entities. Microsoft will interpret each of these terms to mean Microsoft Corporation.

4.     Microsoft objects to the Definition of "Generative AI Models" as overly broad, unduly burdensome, and not proportional to the needs of each case because it includes generative artificial intelligence models that are not identified in the complaints and have no relationship to the facts alleged or claims asserted in the complaints, and because it incorporates the definition of "AI Models," which Microsoft objected to above. Microsoft will interpret this phrase to mean GPT-3, GPT-3.5, GPT-3.5 Turbo (including Deucalion), GPT-4, and GPT-4 Turbo.

5.     Microsoft objects to the Definition of "Text Generation AI Models" for the same reasons Microsoft objects to the Definitions of "AI Model(s)" and "Generative AI Model(s)." Microsoft further objects to this Definition as vague and ambiguous because it "include[es] generative pre-trained transformers or large language models (LLMs)" in the term "Generative AI Model(s)": "generative pre-trained transformers or large language models (LLMs)" is not defined, and News Plaintiffs already otherwise defined "Generative AI Model(s)," so it is unclear what "Generative AI Model(s)" is meant to include for purposes of the term "Text Generation AI Models." Microsoft further objects to this Definition as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of each case to the extent it includes "GPT base, GPT-1, GPT-2, . . . [and] the GPT-4o family of models" because they have no relationship to the allegations against Microsoft in the Complaint. Microsoft will interpret this phrase to mean GPT-3, GPT-3.5, GPT-3.5 Turbo (including Deucalion), GPT-4, and GPT-4 Turbo.

6.     Microsoft objects to the Definition of "Generative AI Product(s) and Service(s)" as overly broad, unduly burdensome, and not proportional to the needs of each case because it includes generative artificial intelligence products and services that are not identified in the

complaints and have no relationship to the facts alleged or claims asserted in the complaints. Microsoft further objects to this Definition to the extent that it incorporates the definition of "Generative AI Model," to which Microsoft objected above. Microsoft further objects to this Definition as vague and ambiguous because it includes "the OpenAI API": APIs allow software components to communicate with each other and so do not "include" any artificial intelligence model. Microsoft also objects to this Definition as vague and ambiguous because it includes "Copilot branded products and services" and "CustomGPTs, including 'Remove Paywall,' 'News Summarizer,' 'Webpilot,' and 'WebGPT.'" Subject to these objections, Microsoft will interpret "Generative AI Product(s) and Service(s)" to mean the products and services identified in each respective News Plaintiff's complaints: ChatGPT, ChatGPT Plus, ChatGPTEnterprise, Browse with Bing, Bing Chat (the product introduced in February 2023 and later renamed Microsoft Copilot before its deprecation on October 1, 2024), and Microsoft 365 Copilot. For the avoidance of doubt, "Microsoft's Generative AI Products and Services" refers to Bing Chat and Microsoft 365 Copilot.

7.    Microsoft objects to the Definition of "Dashboards" to the extent that it incorporates the definition of "Generative AI Products and Services," to which Microsoft objected above.

8.    Microsoft objects to the Definition of "News Content" as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it includes materials published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions. Microsoft also objects to the Definition to the extent that it incorporates the definition of "Journalism," to which Microsoft objects below.

Microsoft will construe this phrase to mean Journalism published by News Plaintiffs in which News Plaintiff own or maintain a direct legal interest.

9.      Microsoft objects to the Definition of "Journalism" as irrelevant, overly broad, unduly burdensome, vague, ambiguous, and not proportional to the needs of the case because, at least, it includes "information websites," which could encompass any website of any kind; "television" and "podcasts," which have no relationship to the allegations, claims or defenses in these cases; and "any other publication and/or news outlet," the meaning of which is unclear in the context of the rest of the definition. Microsoft also objects to the Definition of "Journalism" vague and ambiguous because it appears to have errors or use syntax that renders the definition unintelligible, including at least use of "that" without a clear antecedent and use of a series of the word "and," the word "or," and commas that render the relationships between the parts of the definition unclear. Microsoft further objects to this definition because the parties agreed, after several written communications and meet and confers, to a definition for the same term with respect to multiple RFPs, and abandoning that agreement by using different definitions for a term for a topic is unduly burdensome, confusing, and contrary to the spirit of cooperatively resolving disputes. Per the parties' agreement, Microsoft will construe "Journalism" to mean the activity of writing or creating nonfiction text content for newspapers, news magazines, news websites, and news mobile applications that provide the same or similar content as news websites, and includes the work of News Plaintiffs as alleged in the Complaint, including, for The New York Times, cooking websites and product recommendation websites such as Cooking and Wirecutter.

10.      Microsoft objects to the Definition of "OpenAI" as overly broad, unduly burdensome, and not proportional to the needs of each case because it includes entities other than the OpenAI entities listed as Defendants and persons other than the OpenAI Defendants' present

and former officers, directors, and employees acting in that capacity. Microsoft will construe the term "OpenAI" to only include the OpenAI Defendants and their present and former officers, directors, and employees, acting in that capacity.

11.    Microsoft objects to the Definition of "Synthetic Data" as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it includes data that is not alleged in the complaints and has no relationship to the facts alleged or claims asserted in the complaints. Microsoft further objects to this Definition as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it includes data generated using generative artificial intelligence models that are not identified in the complaints and have no relationship to the facts alleged or claims asserted in the complaints. Microsoft will interpret this phrase to mean artificial, algorithmically-manufactured data generated using GPT-3, GPT-3.5, GPT-3.5 Turbo (including Deucalion), GPT-4, and GPT-4 Turbo.

12.    Microsoft objects to the definition of "Training Dataset(s)" as vague, ambiguous, and overbroad because it includes data and content used to both "train" and "fine tune" generative artificial intelligence models: News Plaintiffs have not defined "train" or "fine tune," and Microsoft understands these terms as separate and different processes, each of which may themselves include multiple processes. Microsoft will use the following definitions for these terms:

   a.    "Train" or "Training" refers to the initial process of generating a set of machine learning model parameters that identify underlying patterns and features in a large and diverse dataset, before that model is evaluated, finetuned, or deployed.

   b.    "Fine Tune" or "Fine Tuning" refers to a process that occurs after Training where the model is shown a different and smaller dataset in order to adapt the model to specialized use cases.

c.  Microsoft will use the terms Training Datasets and Fine Tuning Datasets and consistent with the definitions above and as applied to GPT-3, GPT-3.5, GPT-3.5 Turbo (including Deucalion), GPT-4, and GPT-4 Turbo.

13.    Microsoft objects to the Definition of "Retrieval Augmented Generation" as overly broad, unduly burdensome, and not proportional to the needs of each case to the extent it cites to statements other than those made by Microsoft defining this term.

14.    Microsoft objects to each of the Topics as vague and ambiguous because many of the Topics imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's generative artificial intelligence models, including by referring to "Defendants' Generative AI Models." Microsoft did not Train OpenAI's models, does not possess the Training Datasets OpenAI used to Train its models, and is unaware of the specific contents of the Training Datasets used by OpenAI to Train its models. Microsoft will not produce a witness to testify about Topics that imply, suggest, and/or assume that Microsoft Trained or otherwise developed OpenAI's models.

15.    Microsoft objects generally to these Topics to the extent that they seek testimony relating to "all" information relating to a particular subject matter on the grounds that such a Topic is overly broad and unduly burdensome, and neither relevant nor proportional to the needs of the case. Unless otherwise indicated, Microsoft will supply testimony sufficient to disclose the requested information.

Subject to the foregoing General Objections, Microsoft responds as follows:

## DEPOSITION TOPICS

## TOPICS CONCERNING MICROSOFT'S RELATIONSHIP WITH OPENAI[1]

---

[1] Microsoft's inclusions of the headings from the Notice is not an admission that the headings adequately describe the topics thereunder.

**TOPIC 1.**     Your relationship with OpenAI, including:

a) Committees, subcommittees, working groups, and/or boards that oversee Your relationship with OpenAI, including the Governing Board (and its respective subcommittees), the Deployment Safety Board, and the Data Working Group

b) Shared repositories between You and OpenAI, including Your access to OpenAI's documents and data and OpenAI's access to Your documents and data

c) Your provision of Azure or any other cloud computing platform to OpenAI

d) Presentations and research shared by You with OpenAI or by OpenAI with You

e) Financial and in-kind investments or support or anything else of value OpenAI has provided to You and the impact of those contributions

f) The role of any Microsoft personnel, including on-site engineers, at OpenAI. This Topic includes Your On-Site Engineer program at OpenAI

g) Microsoft's ability to stop or limit OpenAI's use of News Plaintiffs' content during training of each of Defendants' Text Generation AI Models, or to stop or limit OpenAI's use of News Plaintiffs' content by each of Defendants' Generative AI Products and Services including during retrieval augmented generation, or as part of the output of such Generative AI Product or Service.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information related to the relationship between Microsoft and OpenAI that does not bear any relation to the allegations in the complaints. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions. Microsoft further objects to this Topic as overly broad and unduly burdensome to the extent it seeks testimony related to "[p]resentations and research shared by [Microsoft] with OpenAI or by OpenAI with Microsoft" without any limitation or specificity. Microsoft also objects to this Topic as vague and ambiguous to the extent it seeks financial and in-kind investments that OpenAI has provided to Microsoft. Microsoft further objects to this Topic as vague and ambiguous because the

phrase "impact of those contributions" is undefined and requires speculation as to scope. Microsoft also objects to this.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the following aspects of Microsoft's relationship with OpenAI as they relate to Text Generation AI Models and/or Microsoft's Generative AI Products and Services:

- The Governing Board (and its respective subcommittees), the Deployment Safety Board, and the Data Working Group that includes employees of both Microsoft and OpenAI;

- Shared document repositories between Microsoft and OpenAI;

- Microsoft's provision of Azure or any other cloud computing platform to OpenAI; and

- The role of Microsoft personnel, including on-site engineers, if any, at OpenAI.

Further, as part of Microsoft's designation of a witness under Topic 2, Microsoft will provide a witness to testify regarding any consideration that flows from OpenAI to Microsoft under the Agreements, as well as any rights that Microsoft has under the Agreements to stop or limit OpenAI's use of News Plaintiffs' content related to the Text Generation AI Models and Generative AI Products and Services.

Microsoft is also willing to meet and confer regarding the scope of News Plaintiffs' request for a witness to testify regarding "[p]resentations and research shared by [Microsoft] with OpenAI or by OpenAI with Microsoft."

**TOPIC 2.**    Your Agreements with OpenAI, including:

a) Negotiations regarding Your Agreements with OpenAI, including the Partnership/Investment Agreements, Joint Development and Collaboration Agreements ("JDCA") and Amendments and Statements of Work thereto, the Software Access Agreement, the license to the Bing Web Search API, and letter Agreement for crawling support

b) Your reasons for entering into these Agreements

   c) Your and OpenAI's rights and obligations under these Agreements

   d) The data shared by OpenAI with You under these Agreements, such as source code, training data, and "Development Material", as defined in the 2021 and 2023 JDCA

   e) Any conflict that has arisen between You and OpenAI under any of these Agreements, including with regard to the selection and use of training data for Defendants' Text Generation AI Models

   f) The safety review of Defendants' Text Generation AI Models and Generative AI Products and Services under the JDCA

   g) The revenue sharing arrangement between You and OpenAI under the JDCA

   h) Any actual and anticipated benefits to You from such Agreements

   i) Any indemnification obligations, common interest Agreements, or joint defense Agreements relating to Defendants' Text Generation AI Models and/or Generative AI Products and Services

   j) Any exclusivity Agreements or requirements between You and OpenAI, including, for example, with respect to Your role in providing compute or other infrastructure to OpenAI

   k) Any actual and anticipated benefits to You from such Agreements

   l) The reported change in January 2025 to Your contractual rights in relation to the supply of compute capacity to OpenAI, including negotiations related to this change.[2]

**RESPONSE**:

      In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks testimony regarding "[a]ny conflict that has arisen between [Microsoft] and OpenAI under any of the Agreements," regardless of whether such conflicts bear any relation to the allegations in the complaints. Microsoft also objects to this Topic as vague and ambiguous to the extent it seeks testimony regarding "[a]ny actual and anticipated benefits to [Microsoft] from" its revenue sharing arrangement under the JDCA because it is undefined and requires speculation as to scope. Microsoft will interpret this to mean the revenue sharing that Microsoft is entitled to under the JDCA. Microsoft also objects to Topic 2(l) as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it concerns activities that occurred after the filing of the complaints that bear no relation to the allegations in the complaints. Microsoft also

---

[2] https://www.linkedin.com/pulse/what-key-takeaways-from-our-review-microsoftopenai-joel-bamford-auzre/?trackingId=CB%2BK7BUURWS52bC5pkr7GA%3D%3D.

objects to Topic 2(c) to the extent it calls for legal conclusions regarding contracting parties' rights and obligations.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the following aspects of Microsoft's Agreements with OpenAI as they relate to Text Generation AI Models and/or Microsoft's Generative AI Products and Services:

- Negotiations with OpenAI related to the Partnership/Investment Agreements, Joint Development and Collaboration Agreements ("JDCA") and Amendments and Statements of Work thereto, the Software Access Agreement, the license to the Bing Web Search API, and letter Agreement for crawling support;

- Microsoft's reasons for entering into these Agreements;

- The data shared by OpenAI with Microsoft under these Agreements, such as source code, training data, and "Development Material," as defined in the 2021 and 2023 JDCA

- Any conflict that has arisen between Microsoft and OpenAI under any of these Agreements with regard to the selection and use of training data for Text Generation AI Models;

- The safety review of Text Generation AI Models and Generative AI Products and Services under the JDCA;

- The revenue sharing arrangement between Microsoft and OpenAI under the JDCA;

- Any indemnification provisions in the Agreements, and the fact and timing of any common interest or joint defense agreements between Microsoft and OpenAI; and

- Any exclusivity Agreements or requirements between Microsoft and OpenAI with respect to Microsoft's role in providing compute or other infrastructure to OpenAI, and any actual and anticipated benefits to Microsoft from such Agreements.

**TOPIC 3.**     Your contributions to OpenAI, including financial and in-kind investments or anything else of value You provided to OpenAI. This Topic includes the reasons for making those contributions, the impact and expected impact of those contributions, and OpenAI's efforts to solicit the same from You, including materials and information that OpenAI provided to you. This Topic includes contributions made in 2024 and any ongoing contributions, including the $750 million investment You reportedly made in or around October 2024.[3]

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous because the term "anything else of value" is undefined and requires speculation as to scope. Microsoft further objects to this Topic to the extent it assumes there is any "impact or expected impact" of Microsoft's contributions. Microsoft also objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and unduly burdensome to the extent it seeks information regarding the impact and expected impact of Microsoft's contributions on third parties, which Microsoft does not possess and which is not relevant to any claim or defense in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the financial and in-kind investments that Microsoft has provided to OpenAI, the impact and expected impact of those contributions, and OpenAI's efforts to solicit the same from Microsoft as they relate to Text Generation AI Models and/or Microsoft's Generative AI Products and Services.

**TOPIC 4.**     Your role in the training, development, grounding, and commercialization of each of Defendants' Text Generation AI Models, including:
   a) Your role in all stages of training or developing each of Defendants' Text Generation AI Models, including pre-training, mid-training, fine-tuning, post-training, and reinforcement learning through human feedback, and the Microsoft individuals responsible for each stage of the training process
   b) The role and impact of Your hardware, cloud services, code, data, and computers on each of Defendants' Text Generation AI Models
   c) Your role in, or knowledge of, sourcing, evaluating, obtaining, identifying, or otherwise aiding in the use or acquisition of data
   d) Your role in developing or securing compute or other infrastructure
   e) Whether You can meet and/or have met OpenAI's GPU needs

---

[3] https://www.cnbc.com/2024/10/30/microsoft-cfo-says-openai-investment-will-cut-into-profit-this-quarter.html.

f)  Your provision of the Bing Index to OpenAI, and OpenAI's use of the Bing Index, including any specifications or limitations on how OpenAI was or is permitted to handle or use Bing index data (e.g., any of the "Specifications" referred to in Section 3 of the "Statement of Work #1 – Bing index Data," MSFT_NEWS_000003514), the form of the data in the Bing Search Index as it was transmitted to OpenAI (e.g. whether it was raw website data), any processing that took place between Microsoft's acquisition of the data included in the Bing Search Index and the transmittal of that data to OpenAI, and Microsoft's reasons for any such processing

g)  Your provision of data to OpenAI for the purpose of training OpenAI's Text Generation AI Models, the form of the data as it was transmitted to OpenAI any processing that took place between Microsoft's acquisition of such data and its transmittal to OpenAI, and Microsoft's reasons for any such processing.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague, ambiguous, and overly broad because it seeks information about "training," "development," "grounding," and "commercialization," each of which encompass multiple processes that may be performed by different entities and involve different operations and/or inputs. Microsoft further objects to this Topic as vague, ambiguous, and overly broad because it seeks information about "pre-training," "mid-training," "fine-tuning," "post-training," and "reinforcement learning," each of which encompass multiple processes that may be performed by different entities and involve different operations and/or inputs. Microsoft also objects to this Topic as vague and ambiguous because the phrase "role and impact" is undefined and requires speculation as to scope. Microsoft objects to Topic 4(f) because Microsoft already provided a 30(b)(6) witness on this Topic.

To the extent Microsoft became aware of the contents of OpenAI's Training Datasets after the fact, Microsoft will provide one or more witnesses to testify regarding Microsoft's knowledge, if any, of those Training Datasets.

Further, Microsoft will provide one or more witnesses to testify regarding the hardware, cloud services, and computers Microsoft supplied to OpenAI under the Agreements.

12

Microsoft will also provide one or more witnesses to testify regarding Microsoft's provision of data, if any, to OpenAI for the purpose of training OpenAI's Text Generation AI Models to the extent such testimony is not duplicative of the 30(b)(6) testimony that has already been provided on this Topic.

**AMENDED RESPONSE (Oct. 15, 2025):**

In addition to its General Objections, Microsoft objects to this Topic as vague, ambiguous, and overly broad because it seeks information about "training," "development," "grounding," and "commercialization," each of which encompass multiple processes that may be performed by different entities and involve different operations and/or inputs. Microsoft further objects to this Topic as vague, ambiguous, and overly broad because it seeks information about "pre-training," "mid-training," "fine-tuning," "post-training," and "reinforcement learning," each of which encompass multiple processes that may be performed by different entities and involve different operations and/or inputs. Microsoft also objects to this Topic as vague and ambiguous because the phrase "role and impact" is undefined and requires speculation as to scope.

To the extent Microsoft became aware of the contents of OpenAI's Training Datasets after the fact, Microsoft will provide one or more witnesses to testify regarding Microsoft's knowledge, if any, of those Training Datasets.

Further, Microsoft will provide one or more witnesses to testify regarding the hardware, cloud services, and computers Microsoft supplied to OpenAI under the Agreements.

Microsoft will also provide one or more witnesses to testify regarding Microsoft's provision of data, if any, to OpenAI for the purpose of training OpenAI's Text Generation AI Models.

**TOPIC 5.** OpenAI's provision of data to You for the purpose of training Text Generation AI Models or Your Generative AI Products and Services' use of retrieval augmented generation,

including the data referenced by Microsoft CEO Satya Nadella in his comment, "[W]e have the data."[4]

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic to the extent it assumes that OpenAI has provided any data to Microsoft for Training or for retrieval augmented generation by Microsoft's Generative AI Products and Services. Microsoft further objects to this Topic as compound because training and retrieval augmented generation are two different technologies. Microsoft further objects to this Topic as mischaracterizing the statements made by Mr. Nadella in the cited article. It is obvious from the context of Mr. Nadella's comments that they concerned business interruption safeguards, which never have been used.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the business interruption protections under the Agreements between Microsoft and OpenAI.

**TOPIC 6.**    Your role in the deployment of each of Defendants' Text Generation AI Models, including:

a)  Your role in evaluating each of Defendants' Text Generation AI Models for deployment
b)  Your role in optimizing each of Defendants' Text Generation AI Models for deployment
c)  Your role in serving each of Defendants' Text Generation AI Models end users.

**RESPONSE**:

In addition to its General Objections, Microsoft further objects to the Topic to the extent it assumes that Microsoft had any role in deploying, evaluating, optimizing, or serving end users of each Text Generation AI Model. Microsoft also objects to this Topic as vague and ambiguous because it does not specify the party deploying the models. Microsoft will interpret this Topic as

---

[4] https://nymag.com/intelligencer/2023/11/on-with-kara-swisher-satya-nadella-on-hiring-sam-altman.html

seeking information related to Microsoft's deployment and evaluation of the Text Generation AI Models. Microsoft further objects to this Topic as vague and ambiguous because the term "optimizing" is undefined and requires speculation as to scope in light of the fact that Microsoft was not involved in the Fine Tuning or pretraining of OpenAI products. Microsoft also objects to this Topic as vague and ambiguous because the term "serving" is undefined and requires speculation as to scope. Microsoft will interpret this to mean the provision of Azure infrastructure for OpenAI's inferencing.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's role, if any, in deploying and evaluating the Text Generation AI Models, as well as Microsoft's provision of Azure infrastructure for OpenAI's inferencing.

**TOPIC 7.**      Your role in the development, production, deployment, commercialization, and marketing or advertising for each of: ChatGPT, Browse, SearchGPT, the OpenAI API, and CustomGPTs, including "Remove Paywall," "News Summarizer," "Webpilot," and "WebGPT."

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Microsoft had any role in developing, producing, deploying, commercializing, marketing, or advertising any of OpenAI's Generative AI Products and Services.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's role, if any, in the development, production, deployment, commercialization, marketing, or advertising of ChatGPT and Browse with Bing.

**TOPIC 8.**      OpenAI's role in the development, production, deployment, commercialization, and marketing or advertising for Bing Chat and Copilot branded products and services, including "refreshed" Copilot.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that OpenAI had any role in developing, producing, deploying, commercializing, marketing, or advertising any of Microsoft's Generative AI Products and Services.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding OpenAI's role, if any, in the development, production, deployment, commercialization, marketing, or advertising of Bing Chat (the product introduced in February 2023 and later renamed Microsoft Copilot before its deprecation on October 1, 2024).

**TOPIC 9.**     Your and OpenAI's role in the training or development of any version of the Deucalion Text Generation AI Model.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's and OpenAI's role in Training or development of the Deucalion Text Generation AI Model.

**TOPIC 10.**     The integration of Defendants' Text Generation AI Models into Your Generative AI Products and Services.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's integration of the Text Generation AI Models into Microsoft's Generative AI Products and Services.

**TOPIC 11.**     Your knowledge of and/or assistance in OpenAI's acquisition and/or use of News Plaintiffs' content for Defendants' Text Generation AI Models and/or Generative AI Products and Services.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Microsoft had any knowledge of or assisted with OpenAI's acquisition or use of News Plaintiffs' content. Microsoft also objects to this Topic to the extent it assumes that News Plaintiffs' content was acquired or used for any Text Generation AI Model and/or Microsoft's Generative AI Products and Services. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions. Microsoft also objects to this Topic to the extent it assumes that Microsoft provided any data to OpenAI for the purpose of Training or Fine Tuning any Text Generation AI Models.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion. Microsoft interprets "commercialization" of the models to refer to the Microsoft Generative AI Products and Services at issue, namely Bing Chat/Copilot, and will produce a witness to testify regarding those products in response to other topics directed more specifically to them.

To the extent Microsoft became aware of the contents of OpenAI's Training Datasets after the fact, Microsoft will provide one or more witnesses to testify regarding Microsoft's knowledge, if any, of those Training Datasets.

**TOPIC 12.**    Your knowledge of and/or participation in negotiations with news publishers for content for Defendants' Text Generation AI Models and/or Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Microsoft had any knowledge of or participated in negotiations with news publishers for content. Microsoft also objects to this Topic to the extent it assumes that news publishers' content was acquired or used for any Text Generation AI Model and/or Microsoft's Generative AI Products and Services.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's knowledge of or assistance, if any, in negotiations with news publishers for access to data for Text Generation AI Models and/or Microsoft's Generative AI Products and Services.

**TOPIC 13.**    All Microsoft personnel who previously worked at OpenAI.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information that does not bear any relation to the allegations in the complaints.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic beyond the witness or witnesses being provided to testify with respect to Topic 1(f).

### TOPICS CONCERNING CONTENT ACQUISITION, TRAINING DATA AND GENERATIVE AI MODELS

**TOPIC 13B.**[5] Defendants' acquisition of, access to, and use of data or content, including News Content. This Topic includes the below sub-topics.

---

[5] News Plaintiffs' Notice included two topics numbered 13.  For clarity, Microsoft has labeled the second one 13B.

a) Any policies, rules, guidelines, or other guidance concerning Training Datasets, including for choosing what is and is not included in the Training Datasets

b) The reasons You choose certain types of content to include in the Training Datasets

c) Any "preprocessing," "intermediate processing," or other steps taken to process content that would eventually be included in the Training Datasets

d) Defendants' assembly, processing, and/or curation of Training Datasets

e) How and why content is filtered, tokenized, or otherwise altered (e.g., word embeddings) prior to use in any stage of developing Defendants' Text Generation AI Models

f) The steps You took to collect works, including copyrighted works, for potential use and/or use in training (including fine-tuning and post-training), testing, validating, and/or benchmarking Defendants' Text Generation AI Models

g) Any evaluations, assessments, plans, or actions taken regarding any need for content to develop Defendants' Text Generation AI Models

h) The amount and format(s) of content used to develop Defendants' Text Generation AI Models and how the amount and format has varied over time

i) Defendants' knowledge and application of "Scaling" laws governing the performance of large language models

j) Defendants' storage, retention, and deletion of content, including how and why such content has changed over time

k) The availability of content to Defendants' employees, agents, partners, or third parties, and any restrictions or lack thereof on access or use of such content

l) Challenges concerning the storage of content used for any stage of developing of Defendants' Text Generation AI Models

m) Fields or types of data that You did or did not copy and did or did not remove from content You obtained for use in the Training Datasets, Defendants' reasons for copying or not copying and/or removing or not removing those fields or types of data, the means (including any text extraction methods) by which You removed or did not copy any such fields or types of data, Defendants' reasons for choosing those means over other possible means, the impact of that removal or lack of inclusion on the outputs of Defendants' Text Generation AI Models or Generative AI Products and Services, and Defendants' knowledge of such impact

n) Your removal of Copyright Management Information from content, including News Content, You obtained for use in Your Training Datasets, and Your reasons for such removal and Your methods for effectuating such removal.

o) Costs incurred for the assembly, processing, curation, and/or storage of content used for any stage of developing of Defendants' Text Generation AI Models, including any costs saved by either not copying or not removing particular data fields or types of data from such content

p) Defendants' process and/or criteria for prioritizing content for use in developing or training Defendants' Text Generation AI Models.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to this Topic to the extent it

assumes that News Content was acquired, accessed, or used for any Text Generation AI Model

and/or Microsoft's Generative AI Products and Services. Microsoft further objects to this Topic to the extent it implies, suggests, and/or assumes that Microsoft copied any content for use in Training or Fine Tuning. Microsoft objects to Topics 13B(e) and 13B(i) as seeking improper expert testimony. Microsoft objects to Topics 13B(j) and 13B(k) as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding the storage of and availability of any content to any employee or third party. Microsoft also objects to Topic 13B(o) as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks costs beyond those incurred under the Agreements between OpenAI and Microsoft.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness or witnesses to testify as to the fact that Microsoft was not involved in Training and acquisition of data for Training of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion.

Further, Microsoft will provide a witness to testify to the costs Microsoft incurred under the Agreements between OpenAI and Microsoft related to the assembly, processing, curation, and/or storage of content used for any stage of developing the Text Generation AI Models.

**TOPIC 14.**    The identity, contents, origins, and source(s) of any content, including News Content, used for any stage of developing Defendants' Text Generation AI Models. This Topic includes the below sub-topics.

a) The individuals responsible for identifying, accessing, and compiling Training Datasets and/or data
b) Any efforts to "scrape" or otherwise take content or data from the internet for the development of Defendants' Text Generation AI Models
c) All purposes for which You "scraped" or took content or data from the internet for the development of Your Text Generation AI Models

d) Any efforts to pay or give any material benefits to third parties to scrape or otherwise take content or data from the internet, including but not limited to payments You have made to Common Crawl and any other text training data providers

e) The format of the content or data (including copyright management information) as it existed prior to and immediately after Defendants' or third parties' "scraping" or otherwise taking it from the internet, or obtaining it from a third party, for the development of Defendants' Text Generation AI Models

f) The specific Text Generation AI Models for which any data or Training Dataset was used

g) Copies or reproductions of Training Datasets made during any stage of developing Defendants' Text Generation AI Models, and the reasons for the same

h) Defendants' reliance on Common Crawl or any other third party to acquire content or data

i) Defendants' use of Reddit to acquire content or data used to compile WebText and WebText2, and any other Training Datasets

j) Defendants' use of content from behind paywalls or registration walls for use in training or developing Defendants' Text Generation AI Models, including any decisions about Your use of such content

k) Defendants' awareness of any access control measures designed to prevent access to information, data, or content (including paywalls, registration walls, and Robots.txt Directives) and Defendants' ability to obtain content, data, or information in spite of such access control measures.

a) Your decision to publish technical instructions, including model Robots.txt Directives, for website operators to use to "opt out" of access by GPTBot and other bots and crawlers that You employ, and Your decision to scrape, and actual scraping of, News Content notwithstanding such measures.

l) Defendants' use of content subject to Terms of Use or Terms of Service that prohibit such use, and Defendants' awareness of any such Terms of Use or Terms of Service.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness or witnesses to testify as to the fact that Microsoft was not involved in Training and acquisition of data for Training of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion. Microsoft will also produce a witness to testify to Microsoft's knowledge and utilization of metatags and Robots.txt in response to topics more specifically directed to metatags and Robots.txt.

**TOPIC 15.**     The storage, organization, preservation, and/or deletion of data or content used for any stage of training and/or developing Defendants' Text Generation AI Models and Generative AI Products and Services. This Topic includes where and how You stored the data or content, any modifications to the data or content, and the individuals involved in storing the data or content.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft was not involved in training the OpenAI Text Generation AI Models, but to the extent Microsoft became aware of the contents of the training after the fact, Microsoft will provide one or more witnesses to testify regarding Microsoft's knowledge, if any, regarding the storage, organization, preservation and/or deletion of training data for the Text Generation AI Models.

**TOPIC 16.**     Advice of Counsel concerning whether any storage, dissemination, operation, or use of Defendants' Generative AI Products and Services or Text Generation AI Models, including providing hosting services or computing resources in connection with the development or deployment of Defendants' Generative AI Products and Services or Text Generation AI Models, infringes any copyright, including News Plaintiffs' copyrights.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony consists of entirely Privileged Materials.

**TOPIC 17.**     Advice of Counsel concerning whether any storage, dissemination, operation, or use of Defendants' Generative AI Products and Services or Text Generation AI Models, including providing hosting services or computing resources in connection with the development or deployment of Defendants' Generative AI Products and Services or Text Generation AI Models, constitutes fair use.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 18.**    Advice of Counsel concerning whether any access, storage, reproduction, display, dissemination, or use of any copyrighted content in connection with Defendants' Generative AI Products and Services, including the use of such copyrighted content for training (e.g., pre-training, mid-training, training, fine-tuning, or post-training) Defendants' Text Generation AI Models, infringes any copyright, including News Plaintiffs' copyrights.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 19.**    Advice of Counsel concerning whether use of copyrighted content for training (e.g., pre-training, mid-training, training, fine-tuning, or post-training) in connection with Defendants' Generative AI Products and Services, including training Defendants' Text Generation AI Models, constitutes fair use.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 20.**    Advice of counsel concerning whether the removal of Fields or types of data from News Content that You obtained for use in Your Training Datasets violates 17 U.S.C. § 1202(B)(1), and whether distribution of News Content with such data removed violates 17 U.S.C. § 1202(B)(3).

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 21.**    Advice of counsel concerning whether Your disregard of Robots.txt Directives when obtaining News Content for use in Your Training Datasets violates 17 U.S.C. 1201(A)(1).

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 22.**    Defendants' evaluation or assessment of content or data used for any stage in developing Defendants' Text Generation AI Models. This Topic includes the below sub-topics.

   a) Defendants' criteria for evaluating Training Datasets, content, and/or data as "high" or "low" quality generally or for particular purposes, including how such criteria has changed over time
   b) How the makeup and quality of Training Datasets, content, and/or data impacts the performance of Defendants' Text Generation AI Models
   c) Defendants' assessments of the content and/or data used by Your competitors to develop their Generative AI Models
   d) Any actions You have taken in response to such assessments, including any actions to acquire, analyze, re-create, or benchmark competitors' datasets.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft was not involved in training the OpenAI Text Generation AI Models, but to the extent Microsoft became aware of the contents of the Datasets after the fact, Microsoft will provide one or more witnesses to testify regarding the following aspects of Microsoft's evaluation or assessment, if any, of data used for any stage of developing the Text Generation AI Models:

- Microsoft did not evaluate OpenAI's Training Datasets for training;

- How the makeup and quality of Training Datasets and/or data impacts the performance, if at all, of the Text Generation AI Models;

- Microsoft's assessments, if any, of the data used by Microsoft's competitors to develop their Generative AI Models; and

- Any actions Microsoft has taken in response to such assessments, such as any actions to acquire, analyze, re-create, or benchmark competitors' datasets.

**TOPIC 23.**    The degree to which Defendants' Text Generation AI Models approximate the content or datasets upon which they have been trained.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for expert testimony. As such, Microsoft will not provide a fact witness on this Topic.

**TOPIC 24.**    Defendants' use of content or data submitted by users of Defendants' Text Generation AI Models in any stage of developing Defendants' Text Generation AI Models.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's use of data submitted by users of its Text Generation AI Model (Deucalion) in any stage of developing Text Generation AI Models.

**TOPIC 25.**    The creation of Synthetic Data for use in any stage of developing Defendants' Text Generation AI Models, including the benefits of creating and using synthetic data, the risks associated with creating and using Synthetic Data, any difficulties with creating or using synthetic data, and any steps taken to address such risks and difficulties.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it assumes that Synthetic Data was created and used for any Text Generation AI Model. Microsoft further objects to this Topic as improper opinion testimony to the extent it seeks information beyond what Microsoft actually did.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's creation, if any, of Synthetic Data for use in any stage of developing its Text Generation AI Model (Deucalion).

**TOPIC 26.**    Defendants' reliance on Synthetic Data to develop, train, and/or ground Defendants' Text Generation AI Models and Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it assumes that Synthetic Data was used for any Text Generation AI Model and/or Microsoft's Generative AI Products and Services.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's reliance on Synthetic Data, if any, to develop, Train, and/or ground its Text Generation AI Model (Deucalion) and Microsoft's Generative AI Products and Services.

**TOPIC 27.**    Defendants' policies governing the disclosure or identification of the Training Datasets, including how such policies have changed over time. This Topic includes internal deliberations about whether to publicly disclose the Training Datasets and internal deliberations about the extent to which the Training Datasets should be publicly disclosed.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness or witnesses to testify as to the fact that Microsoft was not involved in Training or decision to make public the Training Datasets of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion.

**TOPIC 28.**    The differences between each of Defendants' Text Generation AI Models, including any differences in the Training Datasets and/or the composition of the Training Datasets used for each of Defendants' Text Generation AI Models, as well as the differences between the "Turbo" and non-Turbo versions of each of Defendants' Text Generation AI Models.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the differences, if any, between each of the Text Generation AI Models that Microsoft measured.

**TOPIC 29.**    Your relationship to any entity, including Common Crawl, that scrapes or otherwise collects content that can be used to train an LLM, including any funding that You provided to such entity.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's relationship to any entity, including Common Crawl, that scrapes or otherwise collects data that was used to Train any Text Generation AI Model.

## TOPICS CONCERNING NEWS PLAINTIFFS' CONTENT

**TOPIC 30.**    Defendants' use of News Plaintiffs' content for "pretraining," "midtraining," "post-training," "fine-tuning," or any other stage of developing Defendants' Text Generation AI Models.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it assumes that News Plaintiffs' content was used for any Text Generation AI Model. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's use, if any, of News Plaintiffs' copyrighted data to Train or Fine Tune its Text Generation AI Model (Deucalion).

**TOPIC 31.**    Defendants' use of News Plaintiffs' content for grounding Defendants' Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it assumes that News Plaintiffs' content was used for grounding of Microsoft's Generative AI Products and Services. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's use, if any, of News Plaintiffs' copyrighted data for grounding Microsoft's Generative AI Products and Services.

**TOPIC 32.**    Defendants' access to News Plaintiffs' content through the Bing search index or any other Microsoft product.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's access to News Plaintiffs' copyrighted data through Bing search index or any other Microsoft product to the extent it relates to Microsoft's Training or Fine Tuning of Text Generation AI Models and Microsoft's Generative AI Products and Services.

**TOPIC 33.**    Defendants' Generative AI Products and Services' use of Retrieval Augmented Generation ("RAG") or any other information retrieval technique to access News Plaintiffs' content.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it assumes that News Content was accessed through RAG or any other retrieval technique for use in Microsoft's Generative AI Products and Services. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's Generative AI Products and Services' use of RAG or any other retrieval technique to access News Plaintiffs' copyrighted data.

**TOPIC 34.**    The bases of any anticipated defense that the use of copyrighted content for training (e.g., pre-training, mid-training, training, fine-tuning, or post-training) in connection with Defendants' Generative AI Products and Services, including training Defendants' Text Generation AI Models, constitutes fair use.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to its objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 35.**    Advice of Counsel concerning whether the use of copyrighted content in connection with Retrieval Augmented Generation for Defendants' Generative AI Products and Services infringes any copyright, including News Plaintiffs' copyrights.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 36.**    The bases of any anticipated defense that any access, storage, reproduction, display, dissemination, or use of copyrighted content in connection with Defendants' Generative AI Products and Services, including in connection with Retrieval Augmented Generation for Defendants' Generative AI Products and Services, constitutes fair use.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 37.**    Advice of Counsel concerning whether any access, storage, reproduction, display, dissemination, or use of copyrighted content in connection with Defendants' Generative AI Products and Services, including in connection with Retrieval Augmented Generation for Defendants' Generative AI Products and Services, constitutes fair use.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 38.**    Advice of Counsel concerning whether Your knowing development and deployment of LLMs with the capability to allow users to reproduce, adapt, display, and distribute News Content without authorization, and Your facilitation of such conduct by users, constitutes contributory copyright infringement.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony would consist of entirely Privileged Materials.

**TOPIC 39.**    Defendants' acquisition of News Plaintiffs' content, including any Internet "scrapes" performed to acquire News Plaintiffs' content.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's acquisition of News Plaintiffs' copyrighted data to the extent it relates to Microsoft's Training or Fine Tuning of Text Generation AI Models and Microsoft's Generative AI Products and Services.

**TOPIC 40.**    Defendants' use or knowledge of web crawlers, bots, spiders, user agents, and related tools to access News Plaintiffs' content, including Your use or knowledge of whether and to what extent these tools adhered to Robots.txt Directives.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

31

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's use or knowledge, if any, of web crawlers, bots, spiders, user agents, and related tools to access News Plaintiffs' copyrighted data to the extent it relates to Microsoft's Training or Fine Tuning of Text Generation AI Models and Microsoft's Generative AI Products and Services.

**TOPIC 41.**    The development and operation of NOCACHE and NOARCHIVE metatags, including Defendants' knowledge of instances in which content was used in Your Generative AI Products and Services despite the existence of such tags.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it implies, suggests, and/or assumes that content tagged with NOCACHE or NOARCHIVE metatags was used in Microsoft's Generative AI Products and Services.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's development and operation of NOCACHE and NOARCHIVE metatags as it relates to how those metatags are utilized in the context of Microsoft's Generative AI Products and Services.

**TOPIC 42.**    The identities of individuals who worked on acquiring News Plaintiffs' content.

**RESPONSE**:

In addition to its General Objections, Microsoft also to this Topic to the extent it implies, suggests, and/or assumes that Microsoft has acquired News Plaintiffs' content. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the identities of individuals, if any, who worked on behalf of Microsoft to acquire News Plaintiffs' copyrighted data, if any, in order to Train or Fine Tune Text Generation AI Models and/or Microsoft's Generative AI Products and Services.

**TOPIC 43.**     The bases of Your contention that the asserted works are in the public domain.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 44.**     Any Training Datasets containing News Plaintiffs' content.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it assumes that News Plaintiffs' content is contained in any Training Datasets. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any

OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion. To the extent Microsoft became aware of the contents of OpenAI's Training Datasets after the fact, Microsoft will provide one or more witnesses to testify regarding Microsoft's knowledge, if any, of those Training Datasets.

**TOPIC 45.**    Any analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the value of including Journalism and/or News Content, including News Plaintiffs' content, in Defendants' Training Datasets and/or Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it assumes that Journalism or News Content is contained in any Training Datasets. Microsoft also objects to the Topic as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information regarding content published by News Plaintiffs that News Plaintiffs do not own or otherwise have any legal interest in and are therefore irrelevant to the claims in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding any analyses, studies, measurements, testing, experimentation, assessment, or other evaluation completed by or at the direction of Microsoft of the impact of including Journalism or News Content in Training Datasets, if any, that were used to Train or Fine Tune Text Generation AI Models or Microsoft's Generative AI Products and Services.

**TOPIC 46.**    The "NYT Datasets", including Defendants' acquisition thereof, any contracts or Agreements related the NYT Datasets, Defendants' ingestion and processing of the NYT Datasets, any evaluation of the NYT Datasets, and Defendants' use of the NYT Datasets. E.g., OPCO_NEWS_0561518.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic vague and ambiguou because the phrase "NYT Datasets" is undefined and requires speculation as to scope. For the

purposes this Response, Microsoft will interpret "NYT Datasets" to mean any datasets containing News Content from the Times that OpenAI created, purchased, or otherwise obtained or analyzed for use in Training the Text Generation AI Models. Microsoft further objects to this Topic to the extent it implies, suggests, and/or assumes that Microsoft acquired, has any contracts or agreements related to, ingested and processed, evaluated, or used any NYT Datasets.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion, which did not use "NYT Datasets." Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any OpenAI Text Generation AI Models.

**TOPIC 47.**    Defendants' acquisition and use of any of the following corpora from the Linguistic Data Consortium at the University of Pennsylvania: the NYT Annotated Corpus, the Concretely Annotated New York Times, the North American News Text Corpora, and all editions of the English Gigaword.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it implies, suggests, and/or assumes that Microsoft acquired or used any of the identified corpora from the Linguistic Data Consortium at the University of Pennsylvania.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion, which did not use data from the identified corpora. Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any OpenAI Text Generation AI Models.

**TOPIC 48.**    The creation, curation, and use of any allowlist or blocklists.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks

information related to any allowlists or blocklists, which do not bear any relation to the allegations in the complaints.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness to testify on this Topic.

**TOPIC 49.**   Your knowledge of and understanding of News Plaintiffs' Terms of Service or Terms of Use, including the provisions which govern use of News Plaintiffs' content and services. These provisions include but are not limited to:

a. The provision in the NYTimes.com Terms of Service[6] that prohibits "data min[ing] or scrap[ing]"

b. The provisions in the NYTimes.com Terms of Service[7] that prohibit the use of Times content to "develop[]" "any software program, model, algorithm, or generative AI tool"

c. The provision in the Terms of Use for the NYT APIs[8] that prohibits the use of the NYT APIs to "develop a software product or train a machine learning or artificial intelligence (AI) system"

d. The provision in the NYTimes.com RSS Feeds Terms and Conditions[9] that prohibits the "use robots or scripts" to "copy, distribute, modify, or otherwise corrupt the administration, security, or proper function of any part of the Service"

e. The provisions in the NYTimes.com RSS Feeds Terms and Conditions[10] that prohibit the use of the service to "develop a software product, including but not limited training a machine learning or artificial intelligence (AI) system."

f. The provisions in the motherjones.com Terms of Service[11] or the revealnews.org Terms of Use[12] that prohibit the use of the services to "reproduce, duplicate, copy, create derivative works of, sell, trade, resell, or exploit any content, component, or feature of the Services without the prior written permission of CIR."

g. The provisions in the motherjones.com Terms of Service or the revealnews.org Terms of Use that prohibit users from engaging in "unauthorized spidering, 'scraping,' or harvesting of content," or using "any other unauthorized automated means to compile information from the Services without prior written permission of CIR."

h. The provisions in the motherjones.com Terms of Service or the revealnews.org Terms of Use that limit the use of RSS feeds and other content feeds to "noncommercial use only."

i. The provision in the Tribune Publishing Central Terms of Service[13] that prohibits the use of "robots, spiders, scripts, service, software, or any manual or automatic device, tool, or process designed to data mine or scrape the Content, data, or information from the Site"

---

[6] https://help.nytimes.com/hc/en-us/articles/115014893428-Terms-of-Service
[7] https://help.nytimes.com/hc/en-us/articles/115014893428-Terms-of-Service
[8] https://developer.nytimes.com/terms
[9] https://static01.nyt.com/services/xml/rss/termsconditions.html
[10] https://static01.nyt.com/services/xml/rss/termsconditions.html
[11] https://www.motherjones.com/about/terms/
[12] https://revealnews.org/terms-of-use/
[13] https://www.tribpub.com/subscriber-terms-and-conditions/

j.  The provision in the Tribune Publishing Central Terms of Service that prohibits the use of content "for purposes of retrieval augmented generation, grounding, training, or development of machine learning models, algorithms, or artificial intelligence (AI) systems, or to generate substitute content or develop any products, services, or technology"

k.  The provision in the Tribune Publishing Central Terms of Service that prohibits using "services, software, or any manual or automatic device, tool, or process designed to circumvent any security, restriction, condition, or technological measure that controls access to the Site"

l.  The provision in the Tribune Publishing Central Terms of Service that prohibits "cach[ing] or archiv[ing] the Content (except for a public search engine's use of spiders for creating search indices)."

m.  The provision in the Media News Group General Terms of Use[14] that prohibits the use of "any robots, spiders, crawlers, data mining or extraction technology, or other automated scripts or means to collect or scrape information from or otherwise interact with the Technology or copy our Content"

n.  The provision in the Media News Group General Terms of Use that prohibits using the content "for purposes of retrieval augmented generation, grounding, training, or development of large language or machine learning models, algorithms, or artificial intelligence (AI) systems, or to generate substitute content or develop any products, services, or technology"

o.  The provision in the Media News Group General Terms of Use that prohibits "violat[ing] any robot exclusion header, robot.txt files, or other exclusionary protocols"

p.  The provision in the Media News Group General Terms of Use that prohibits "bypassing any controls or limits intended to restrict access to any portion of the Technology to subscribers."

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information related to Terms of Service or Terms of Use and the NYT APIs and RSS feeds, which do not bear any relation to the allegations in the complaints.

Subject to these objections, Microsoft responds as follows: Microsoft understands that the relevance of this Topic (and the number of subtopics) hinges on acquisition of News Content for Training. With this understanding, Microsoft did not Train the Text Generation Models other than Deucalion. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response

---

[14] https://www.medianewsgroup.com/terms-of-use/

to topics directed more specifically to Deucalion. To the extent that News Plaintiffs are seeking information regarding crawler access to News Plaintiffs' websites, the crawlers used by Microsoft do not speak Terms of Service language and Microsoft will make a witness available to testify to that.

**TOPIC 50.**    The bases of Your implied license defense.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 51.**    The bases of Your express license defense.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 52.**    The bases of any defense that Your removal of News Plaintiffs' copyright management information was done with the authorization of the copyright owner or the law.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

### TOPICS CONCERNING COPYRIGHT ISSUES

**TOPIC 53.**    Your policies, procedures or practices concerning the use of intellectual property in Defendants' Text Generation AI Models, including Your Copilot Copyright Commitment Policy. [15]

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague, ambiguous, overbroad, and disproportionate to the needs of the case because it seeks information about "use of intellectual property" owned by anyone, at any time, and without any subject matter limitation.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's policies, procedures, and practices concerning the use of intellectual property in Training or Fine Tuning Text Generation AI Models and/or Microsoft's Generative AI Products and Services.

**TOPIC 54.**    Alternatives to using copyrighted content to develop, train, and/or ground Defendants' Text Generation AI Models and Generative AI Products and Services without compensation, including the use of material in the public domain. This Topic includes Defendants' consideration of such alternatives.

---

[15] https://blogs.microsoft.com/on-the-issues/2023/09/07/copilot-copyright-commitment-ai-legal-concerns/.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: As Microsoft understands it, this topic entirely requires expert testimony or reliance of Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 55.**    Defendants' Text Generation AI Models' capabilities with respect to ablation (i.e. the ability to remove content from the Training Datasets after training), as well as any discussions whether/how to apply ablation techniques to Defendants' Text Generation AI Models.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as improper expert witness testimony to the extent it seeks testimony regarding capability of models with respect to ablation.

Subject to these objections, Microsoft responds as follows: Microsoft has reviewed the documents it produced that hit on the News Plaintiffs' search terms related to ablation and has not located any communications regarding whether/how to apply ablation techniques to the Text Generation AI Models. Thus, Microsoft does not have a witness to testify as to this Topic.

**TOPIC 56.**    Your knowledge of websites (including DNyuz[16]) that regularly copy publisher content without permission, and Your use and identification of such websites for any purpose.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information regarding Microsoft's knowledge of third party websites that are neither identified in the complaints nor controlled by Microsoft and that bear no relationship to the allegations in the complaints. Microsoft also objects to this Topic to the extent it implies, suggests, and/or assumes that Microsoft uses websites that regularly copy publisher content.

---

[16] https://dnyuz.com/.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic.

**TOPIC 57.**    Your knowledge of websites that regularly publish AI-generated news content, and Your identification and use of such websites for any purpose.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information regarding Microsoft's knowledge of third party websites that are neither identified in the complaints nor controlled by Microsoft and that bear no relationship to the allegations in the complaints. Microsoft also objects to this Topic to the extent it implies, suggests, and/or assumes that Microsoft uses websites that regularly publish AI-generated news content.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic.

**TOPIC 58.**    Defendants' policies, procedures, and practices regarding the identification and/or removal of any copyrighted or potentially copyrighted material from Defendants' Text Generation AI Models and Generative AI Products and Services.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft also objects to this Topic as vague and ambiguous because "removal" of "material" from a model is does not make sense in this context.

Subject to these objections, Microsoft responds as follows: Microsoft will provide a witness on Robots.txt and metatags in response to topics that more specifically address those issues. Microsoft will provide a witness regarding its DMCA takedown process.

**TOPIC 59.**    Defendants' policies, procedures, and practices concerning AI safety, ethics, harm reduction, lawfulness, and responsible AI initiatives, including any efforts to mitigate copyright infringement.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's policies, procedures, and practices, if any, concerning AI safety, ethics, harm reduction, lawfulness, and responsible AI initiatives, including any efforts by Microsoft to mitigate copyright infringement.

**TOPIC 60.**    Your awareness of whether Defendants' Text Generation AI Models and Generative AI Products and Services include and/or rely upon copyrighted content, in the past or present, including any awareness of whether the Training Datasets include or included copyrighted content.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the phrase "copyrighted content" as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of each case because it seeks any textual material written by a human that is not in the public domain, including material beyond those asserted by News Plaintiffs in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion. To the extent Microsoft became aware of the contents of OpenAI's Training Datasets after the fact, Microsoft will provide one or more witnesses to testify regarding Microsoft's knowledge, if any, of those Training Datasets.

**TOPIC 61.**    Any notices or communications You have received objecting to the use of data for training, developing, and/or grounding Defendants' Text Generation AI Models and Generative AI Products and Services, and any actions You have taken in response to such communications.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information regarding notices or communications "objecting to the use of data" when such objections do not allege copyright or trademark infringement, which are the allegations made against Microsoft in the complaints. Microsoft further objects to this Topic to the extent it seeks Privileged Materials.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding any lawsuits that have been filed in the courts in the United States that assert that Microsoft infringes any copyright or trademark through its Training or Fine Tuning of the Text Generation AI Models and/or Microsoft's Generative AI Products or Services.

**TOPIC 62.**    Any considerations or discussions of the appropriateness, value, importance, necessity, concerns over and/or legal implications of the use of copyrighted materials for, in, and by Defendants' Text Generation AI Models and Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the phrase "copyrighted materials" as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of each case because it seeks information regarding copyrights beyond those asserted by News Plaintiffs in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify as stated in the response to Topic No. 53.

**TOPIC 63.**    Brent Hecht's September 6, 2023 presentation titled, "'Content Supply Chains' and an Existential Threat to the Current Language Model Paradigm?" See MSFT_NEWS_00123834.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Brent Hecht's September 6, 2023 presentation titled, "'Content Supply Chains' and an Existential Threat to the Current Language Model Paradigm?"

**TOPIC 64.**     The Bing PubHub Content License Agreement, for the time period January 1, 2015 through the present, including any changes made and the reasons for the changes.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as overly broad and not proportional to the needs of the case to the extent it seeks information from January 1, 2015 to present.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the Bing PubHub Content License Agreement from January 1, 2018 to present.

**TOPIC 65.**     The Microsoft Services Agreement, for the time period January 1, 2015 through the present, including any changes made and the reasons for the changes.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as overly broad and not proportional to the needs of the case to the extent it seeks information from January 1, 2015 to present.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the Microsoft Services Agreement from January 1, 2018 to present.

**TOPIC 66.**     Any contract or Agreement that you contend binds any News Plaintiff, and which You plan to rely on in this case.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 67.**     Your provision of the Bing Index to any third party, and their use of the Bing Index, including any specifications or limitations on how any third party was or is permitted to handle or use Bing index data, the form of the data in the Bing Search Index as it was transmitted (e.g. whether it was raw website data), any processing that took place between Microsoft's acquisition of the data included in the Bing Search Index and the transmittal of that data to a third party, and Microsoft's reasons for any such processing.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as overly broad and not proportional to the needs of the case to the extent it seeks information regarding Microsoft's provision of the Bing Index to third parties for reasons unrelated to the allegations in the complaints.

Subject to these objections, Microsoft responds as follows: As stated above in response to Topic 4(f), Microsoft has already provided a 30(b)(6) witness on the provision of the Bing Index to OpenAI.

**AMENDED RESPONSE (Oct. 15, 2025):**

In addition to its General Objections, Microsoft objects to this Topic as overly broad and not proportional to the needs of the case to the extent it seeks information regarding Microsoft's provision of the Bing Index to third parties for reasons unrelated to the allegations in the complaints.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's provision of the Bing Index to OpenAI.

## TOPICS CONCERNING OUTPUT

**TOPIC 68.**     Your use of Retrieval Augmented Generation ("RAG") or any other information retrieval technique in and for Your Generative AI Products and Services, including rules or guidance for preferring or avoiding certain web domains when choosing what to include in a generative result, rules for whether and how the results from RAG search products are similar to or different from standard search results, and rules regarding paywalls and Rrobots.txt Directives.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous with respect to its request for information regarding "rules" because it is unclear to which type of information it is meant to refer. Microsoft further objects to the Topic as vague and ambiguous because "standard search results" is undefined and requires speculation as to scope.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's use of RAG in Microsoft's Generative AI Products and Services.

**TOPIC 69.**     The process by which You obtained and/or copied content for use in RAG, or any other information retrieval technique, including how and from where You obtained the content, and the copying of any content into memory in any computer systems.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft copied any content for us in RAG or otherwise or that Microsoft copied any content into memory of any computer systems. Microsoft further objects to the Topic as vague and ambiguous because "any other information retrieval technique" is undefined and requires speculation as to scope.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the process by which Microsoft obtained data for use in RAG

for Microsoft's Generative AI Products and Services, including how and from where Microsoft

obtained the data and the storage, if any, of that data in the memory of any computer systems.

**TOPIC 70.**    The removal of any data or information from content You obtained and/or copied
for use in RAG or any other information retrieval technique. This Topic includes all available fields
for such content and the removal of any data or information from those fields.

**RESPONSE**:

In addition to its General Objections, Microsoft objects this Topic as vague and ambiguous

to the extent it implies, suggests, and/or assumes that Microsoft copied any content for use in RAG

or otherwise or that Microsoft removed any data or information. Microsoft further objects to the

Topic as vague and ambiguous because "any other information retrieval technique" is undefined

and requires speculation as to scope. Microsoft also objects to the Topic as vague and ambiguous

because "removal" of "content" is does not make sense in this context.

Subject to these objections, Microsoft responds as follows: Microsoft will provide a

witness on Robots.txt and metatags in response to topics that more specifically address those

issues. Microsoft will provide a witness regarding its DMCA takedown process.

**TOPIC 71.**    The capability of Defendants' Text Generation AI Models and/or Generative AI
Products and Services to "hallucinate", including the propensity of Defendants' Text Generation
AI Models and/or Generative AI Products and Services to misattribute content to a publisher or
author. This Topic includes Your awareness of hallucinations, the extent to which the models and
products hallucinate, as well as any plans or discussions about whether and/or how to mitigate or
otherwise address hallucinations.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and

ambiguous to the extent it implies, suggests, and/or assumes that Text Generation AI Models and/or

Microsoft's Generative AI Products and Services "hallucinate" or misattribute content to a

publisher or author. Microsoft further objects to the Topic as vague and ambiguous because

"otherwise address" is undefined and requires speculation as to socpe. Microsoft also objects to

the Topic as compound to the extent it seeks information about both models and products. Microsoft also objects to this Topic as improper expert witness testimony to the extent it seeks testimony regarding capability of models and products to "hallucinate."

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's awareness of any misattribution of content to a publisher or authors in Text Generation AI Models and/or Microsoft's Generative AI Products and Services, the extent to which the models and products misattribute, and any plans about whether and/or how to mitigate or otherwise address any misattribution.

**TOPIC 72.**    The capability of Defendants' Text Generation AI Models and/or Generative AI Products and Services to "regurgitate" or otherwise generate reproductions of content used in training or developing the models or products. This Topic includes Your awareness of regurgitation, the extent to which the models and products regurgitate, any efforts to track or document regurgitation, as well as any efforts to mitigate or otherwise address regurgitation.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Text Generation AI Models and/or Microsoft's Generative AI Products and Services "regurgitate" or generate reproductions of data used in training or to develop the models or products. Microsoft further objects to the Topic as vague and ambiguous because "otherwise address" is undefined and requires speculation as to scope. Microsoft also objects to the Topic as compound to the extent it seeks information about both models and products. Microsoft also objects to this Topic as improper expert witness testimony to the extent it seeks testimony regarding capability of models and products to "regurgitate." Microsoft further objects to this Topic as vague and ambiguous to the extent it links "regurgitation" to products.

48

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's awareness of any reproduction of the data used to Train or Fine Tune the Text Generation AI Models, the extent to which the models reproduce, the efforts to track or document reproduction, and any efforts to mitigate any reproduction.

**TOPIC 73.**    The capability of Defendants' Text Generation AI Models and/or Generative AI Products and Services to "memorize" content used in training or developing the models or products. This Topic includes Your awareness of memorization, the extent to which the models and products memorize content, any efforts to track or document memorization, as well as any efforts to mitigate or otherwise address memorization.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Text Generation AI Models and/or Microsoft's Generative AI Products and Services "memorize" data used in training or developing the models or products. Microsoft further objects to the Topic as vague and ambiguous because "otherwise address" is undefined and requires speculation as to scope. Microsoft also objects to the Topic as compound to the extent it seeks information about both models and products. Microsoft also objects to this Topic as improper expert witness testimony to the extent it seeks testimony regarding capability of models and products to "memorize." Microsoft further objects to this Topic as vague and ambiguous to the extent it links "memorization" to products.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's awareness of any memorization by Text Generation AI Models of the data used to Train or Fine Tune the models, the extent to which the models memorize data, any efforts to track or document memorization, and any efforts to mitigate memorization.

**TOPIC 74.**    The capability of Defendants' Text Generation AI Models and/or Generative AI Products and Services to output verbatim or substantially similar copies of content on which the

models and/or products were developed, trained, and/or grounded. This Topic includes Your awareness of such outputs, the extent to which the models and products output verbatim or substantially similar copies of such content, any efforts to track or document the extent to which the models and products output verbatim or substantially similar copies of content, as well as any efforts to mitigate or otherwise address the same. This Topic also includes such outputs generated from third-party end users as well as from Your or OpenAI's evaluations of Defendants' Text Generation AI Models and/or Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Text Generation AI Models and/or Microsoft's Generative AI Products and Services output verbatim or "substantially similar copies" of data on which the models and/or products were developed, trained, and/or grounded. Microsoft further objects to the Topic as vague and ambiguous because "substantially similar" is undefined and requires speculation as to scope. Microsoft also objects to the Topic as compound to the extent it seeks information about both models and products. Microsoft also objects to this Topic as improper expert witness testimony to the extent it seeks testimony regarding capability of models and products to output verbatim content.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's awareness of any outputs from the Text Generation AI Models and/or Microsoft's Generative AI Products and Services that are verbatim from the data on which the models and/or products were Trained, the extent to which the models or products output verbatim the data, and any efforts to efforts to mitigate such outputs.

**TOPIC 75.**     The default temperature settings for each of Defendants' Text Generation AI Models and Generative AI Products and Services, including the reasons for selecting a temperature setting, changes to the default temperature settings, and the ability of users to alter such settings.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the default temperature settings, if any, for Microsoft's Generative AI Products and Services, including the reasons, if any, for selecting a temperature setting, any changes to the default temperature settings, and the ability, if any, of users to alter such settings.

**TOPIC 76.**    Defendants' development and deployment of filters, classifiers, and other tools related to anti-regurgitation, as well as any other efforts related to preventing Defendants' Text Generation AI Models from outputting copyrighted content.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to the term "anti-regurgitation" as vague and ambiguous because it is undefined and requires speculation as to scope. Microsoft will interpret "anti-regurgitation" to mean the mitigation and/or prevention of verbatim data outputs from Text Generation AI Models.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's development and deployment, if any, of filters, classifiers, and other tools related to mitigating and/or preventing verbatim data outputs from Microsoft's Generative AI Products and Services.

**TOPIC 77.**    Defendants' post-training and fine-tuning efforts related to copyright or anti-regurgitation, and Defendants' reasons for implementing such efforts.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the phrase "efforts related to copyright or anti-regurgitation" as vague and ambiguous because it is undefined and requires speculation as to scope. Microsoft will interpret this phrase to mean the mitigation and/or prevention of verbatim copyrighted data outputs from Text Generation AI Models.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion.

**TOPIC 78.**    All efforts to prevent Defendants' Text Generation AI Models and/or Generative AI Products and Services from revealing the sources of data on which they were trained.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Microsoft has taken any efforts to prevent Text Generation AI Models and/or Microsoft's Products and Services from revealing the sources of data on which they were trained.

Subject to these objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion.

**TOPIC 79.**    Defendants' efforts and abilities to monitor, log, analyze, quantify, assess, evaluate, or review user queries submitted to any Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information regarding all output logs, dashboards, and reporting done by Microsoft.

Subject to these objections, Microsoft responds as follows: Microsoft will provide a witness as disclosed in response to Topics 92-94.

**TOPIC 80.**    Defendants' awareness of any access control measures designed to prevent access to information or content (including paywalls) and Defendants' ability to obtain content or information in spite of such access control measures.

**RESPONSE**:

In addition to its General Objections, Microsoft  objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information related to obtaining content for uses unrelated to the allegations in the complaints. Microsoft also objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Microsoft has an ability to obtain content or information in spite of any access control measures.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's awareness of any access control measures designed to prevent access to data for Training or Fine Tuning Text Generation AI Models and Microsoft's Generative AI Products and Services (including paywalls), and Microsoft's ability, if any, to obtain data for Training or Fine Tuning Text Generation AI Models and Microsoft's Generative AI Products and Services in spite of such access control measures.

**TOPIC 81.**    The capability of Defendants' Generative AI Products and Services to circumvent paywalls or other access control measures and efforts to use Defendants' Generative AI Products and Services for this purpose.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic as vague and ambiguous because the phrase "other access control measures" is undefined and could be interpreted to include mechanisms that have been implemented to prevent users from accessing

content that bears no relation to the claims and defenses in these actions. Microsoft further objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft has any knowledge regarding a user's reasons for using its Generative AI Products and Services, that Microsoft's Generative AI Products and Services are capable of circumventing paywalls, or that users use Microsoft's Generative AI Products and Services for that purpose.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the capability, if any, of Microsoft's Generative AI Products and Services to circumvent paywalls, and any attempts by any user of Microsoft's Generative AI Products and Services that appear to be intended to circumvent paywalls.

**TOPIC 82.**    Defendants' expectations for how end-users would use the outputs of Defendants' Generative AI Products and Services, including but not limited to outputs that regurgitate or summarize news articles.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft had any expectations for how end-users would use the outputs of Microsoft's Generative AI Products and Services or that such outputs regurgitate or summarize news articles. Microsoft also objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent that it seeks information regarding outputs that do not bear on the claims or defenses in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's expectations for how end-users would use outputs of Microsoft's Generative AI Products.

**TOPIC 83.**    Your public statements about memorization, regurgitation, or hallucinations, including how those statements were prepared.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information on products that do not bear any relation to the allegations in the complaints, such as statements in papers published by Microsoft Research that do not speak on behalf of Microsoft. Microsoft also objects to this Topic as vague and ambiguous to the extent it does not provide enough specificity to allow Microsoft to educate a witness on this Topic.

Subject to these objections, Microsoft responds as follows: Microsoft is willing to meet and confer regarding providing a witness on specific statements identified by News Plaintiffs.

**TOPIC 84.**    Your development of "refreshed" Copilot in 2024, including the reasons for developing this version of Copilot, the employees responsible for developing this version of Copilot, and any differences between this version and the prior version.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information on products, namely new consumer Copilot, that do not bear any relation to the allegations in the complaints. Microsoft also objects to this Topic as vague and ambiguous because "'refreshed' Copilot" is not defined. Microsoft will interpret "'refreshed' Copilot" to mean new consumer Copilot that was released in October 2024. Microsoft also objects to this Topic to the extent it mistakenly refers to new consumer Copilot as a new "version" of Copilot; it is a new product. Microsoft also objects to this Topic to the extent it seeks discovery into a product that is not identified in the complaints and is currently subject to a motion to strike in the coordinated cases in the MDL.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic.

**TOPIC 85.** Your development and deployment of the Copilot branded products and Bing Chat, including development timelines for these products, product lifecycles for these products, and any differences between these products.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information on products, namely new consumer Copilot, that do not bear any relation to the allegations in the complaints. Microsoft also objects to this Topic as vague and ambiguous because "Copilot branded products" is not defined. Microsoft will interpret this to mean the Copilot product that existed prior to its deprecation on October 1, 2024.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's development and deployment of Big Chat (the product introduced in February 2023) and Copilot (the product deprecated on October 1, 2024), including the development timelines for these products, product lifecycles for these products, and any differences between these products.

**TOPIC 86.** The bases of any anticipated defense that the output of copyrighted content by Defendants' Generative AI Products and Services, or Defendants' users' making further copies of those outputs, constitutes fair use.

**RESPONSE**:

In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 87.**    Advice of Counsel concerning whether output of copyrighted content by Defendants' Generative AI Products and Services, or Defendants' users' making further copies of those outputs," constitutes fair use.

**RESPONSE**:

Subject to these objections, Microsoft responds as follows: Microsoft has not asserted an Advice of Counsel defense in these actions. As such, Microsoft will not produce a witness to testify as to this Topic because any testimony consists of entirely Privileged Materials.

## TOPICS CONCERNING THE IMPACT OF YOUR MODELS AND PRODUCTS

**TOPIC 88.**    Your efforts and desires to commercialize Defendants' Text Generation AI Models and Generative AI Products and Services. "Commercialize" for purposes of this Topic means to introduce a new product into commerce.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's efforts to introduce into commerce the Text Generation AI Models and Microsoft's Generative AI Products and Services.

**TOPIC 89.**    Defendants' decision(s) to make Defendants' Text Generation AI Models and Generative AI Products and Services available to the public, including:

a) Evaluations of Defendants' Text Generation AI Models or Generative AI Products and Services prior to public release and including within any beta stage
b) Any changes you have made to Defendants' Text Generation AI Models or Generative AI Products and Services prior to publicly releasing them in connection with such evaluations
c) Any changes You made or are making to Defendants' Text Generation AI Models or Generative AI Products and Services after they were made publicly available, as well as the reason(s) for such changes
d) The involvement of any third parties in Defendants' decision(s) to make or not make Defendants' Text Generation AI Models or Generative AI Products and Services available to the public.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the phrases "[a]ny changes you have made" and "[a]ny changes You made or are making" as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information about changes, modifications, or adjustments to the Text Generation AI Models or Microsoft's Generative AI Products And Services that are unrelated to the text-generative aspects that are at issue in the actions.

Subject to these objections, Microsoft responds as follows: Microsoft has agreed to produce a witness to testify regarding the activities of the Deployment Safety Board, which is where any such considerations would have occurred.

**TOPIC 90.** Defendants' decision(s) regarding whether to make the underlying weights of Defendants' Text Generation AI Models public or to otherwise "open-source" Defendants' Text Generation AI Models.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft was not involved in Training of any Text Generation AI Model other than Fine Tuning of Deucalion. Microsoft will produce a witness to testify as to the fact that Microsoft was not involved in Training of any OpenAI Text Generation AI Models. Microsoft will produce a witness to testify as to Fine Tuning of Deucalion in response to topics directed more specifically to Deucalion.

**TOPIC 91.** Any competition between Defendants' Generative AI Products and Services and those of other companies, including: (i) how Generative AI tools enable You to compete in search, (ii) how Defendants' use of copyrighted materials can help You compete with other companies in search, (iii) any analyses and projections of how increasing Your search market share will boost Your revenue, and (iv) the benefits of being a search or knowledge "destination."

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks information regarding competition and comparisons between Microsoft's Generative AI Products and Services and other companies, which are not identified in the complaints or related to any claims or defenses in these actions. Microsoft also objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Generative AI tools enable Microsoft to compete in search, Microsoft used copyrighted materials to help it compete with other companies in search, that increasing Microsoft's search market share will boost its revenue, and that there are benefits of being a search or knowledge "destination." Microsoft also objects to Topic 91(ii) as vague and ambiguous because it is unclear how Microsoft would be able to determine how its use of copyrighted materials can help it compete with other companies in search.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify as to the following aspects of any competition between Microsoft's Generative AI Products and Services and those of other companies: (i) how Generative AI tools enable Microsoft to compete in search, (ii) any analyses and projections of how increasing Microsoft's search market share will boost its revenue, and (iii) the benefits, if any, of being a search or knowledge "destination."

**TOPIC 92.**    The extent to which You maintain query, session, and/or chat logs reflecting or analyzing user sessions, including any retention periods. This Topic includes the process for preserving such information and the reasons for doing so.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the extent to which Microsoft maintains query, session, and/or

chat logs reflecting or analyzing user sessions from Text Generation AI Models and Microsoft's Generative AI Products and Services, including retention periods.

**TOPIC 93.**    Your Dashboards, including for every Dashboard:

    a.  The User Engagement Metrics the Dashboard collects and/or tracks and the source of this data;
    b.  Whether and how the Dashboard can be queried, including whether Microsoft has deprecated the Dashboard if so when Microsoft did so;
    c.  The extent to which the Dashboard can generate reports;
    d.  To the extent the Dashboard cannot currently generate reports, the steps necessary to make it possible to do so, and the cost and time associated with this process;
    e.  The extent to which Microsoft is preserving the information contained within and/or tracked by the Dashboard, including Microsoft's retention policy for preserving such information.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it seeks "information contained within . . . the Dashboard" because the relevant Dashboards do not store information, but rather track and display data.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's Dashboards for its Text Generation AI Models and Microsoft's Generative AI Products and Services as it relates to:

- The User Engagement Metrics that the Dashboards collect and/or track and the source of this data;

- Whether and how the Dashboards can be queried, including whether Microsoft has deprecated the Dashboard and if so when;

- The extent to which the Dashboards can generate reports;

- To the extent the Dashboards cannot currently generate reports, the steps necessary to make it possible to do so and the cost and time associated with this process; and

- The extent to which Microsoft is preserving the data tracked by the Dashboard, including Microsoft's retention policy for preserving such data.

**TOPIC 94.**    User Engagement Metrics reflecting how people use Your Generative AI Products and Services, including (a) the extent to which people use Your Generative AI Products and Services to access Journalism content, (b) the extent to which News Plaintiffs' content, URLs, or trademarks are referenced in the prompts, outputs, and responses of Your Generative AI Products and Services, (c) the extent to which Your Generative AI Products and Services rely on News Plaintiffs' content for retrieval augmented generation, and (d) click-through rates (rate of clicks per 100 impressions of a source URL shown to a user in a chat response), showing the extent to which people click the links in the user responses generated by Your Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it implies, assumes, and/or suggests that Microsoft's Generative AI Products and Services "rely on News Plaintiffs' content for retrieval augmented generation."

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding User Engagement Metrics reflecting how end users use Microsoft's Generative AI Products and Services related to:

- The extent to which end users use Microsoft's Generative AI Products and Services to access Journalism content;

- The extent to which News Content, URLs, or trademarks are referenced in the prompts, outputs, and responses of Microsoft's Generative AI Products and Services;

- The extent to which Microsoft's Generative AI Products and Services utilize News Content for retrieval augmented generation; and

- Click-through rates showing the extent to which end users click the links in the user responses generated by Microsoft's Generative AI Products and Services.

**TOPIC 95.**    The extent to which users of Defendants' Generative AI Products and Services navigate away from Defendants' Generative AI Products and Services to other websites, as well

as Defendants' ability and any efforts undertaken by You to modify the frequency with which users navigate away from Defendants' Generative AI Products and Services to other websites.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the phrase "navigate away" as vague and ambiguous because the phrase is undefined and requires speculation as to scope. Microsoft will interpret the phrase "navigate away" to mean navigate to a different website. Microsoft further objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft can control or "modify" end user behavior.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the behavior of users of Microsoft's Generative AI Products and Services, including the extent to which end users of Microsoft's Generative AI Products and Services navigate to a different website and Microsoft's ability and efforts, if any, to modify the frequency with which end users navigate to a different website.

**TOPIC 96.**    The Dashboards and web analytics platforms queried and the User Engagement Metrics analyzed to support Microsoft's assertion in July 2023 that "Bing's search chatbot is increasing click-throughs to websites rather than stealing traffic."[17]

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that any Dashboards or web analytics platforms were queried or any User Engagement Metrics were analyzed in support of Jordi Ribas's assertions in the cited article.  Microsoft also objects to this Topic to the extent it misrepresents any assertions made by Microsoft.

---

[17] https://fortune.com/2023/07/11/microsoft-bing-ai-search-chatbot-increasing-website-click-throughs/.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the Dashboards and web analytics platforms queried and the User Engagement Metrics analyzed, if any, to support Jordi Ribas's assertions in the cited article.

**TOPIC 97.**     Any studies and/or analyses assessing the extent to which Defendants' Generative AI Products and Services impact the volume of user click-throughs and traffic to websites, impact various traffic types based on user intent (e.g. informational, transactional, commercial, navigational), and impact traffic to various content or website types (e.g., e-commerce, news, journalism, publishing).

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft can identify user intent.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding any studies and/or analysis performed by or at the request of Microsoft assessing the extent to which Microsoft's Generative AI Products and Services impact the volume of user click-through and traffic to websites, impact various traffic types based on user intent (to the extent Microsoft can identify such intent), and impact traffic to Journalism websites.

**TOPIC 98.**     The search performance data requested by Times RFPs 92 and 93, including any documents and data produced by You in response to those Requests.

**RESPONSE**:

In addition to its General Objections, Microsoft incorporates its objections to Times RFPs 92 and 93.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the search performance data that Microsoft agreed to produce in response to Times RFPs 92 and 93, including any documents Microsoft produced in response to those Requests.

**TOPIC 99.**    The decision in July 2023 to suspend Browse with Bing and any discussions of whether to suspend Bing Chat.

**RESPONSE**:

Subject to its objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's understanding, if any, of OpenAI's decision in July 2023 to disable Browse with Bing in ChatGPT, and any discussions within Microsoft to suspend Bing Chat.

**TOPIC 100.**  Your decision to exclude Bing Chat referral traffic data from Bing Webmaster Tools.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft made a decision to exclude Bing Chat referral traffic data from Bing Webmaster Tools.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's decision, if any, to exclude Bing Chat referral traffic data from Bing Webmaster Tools.

**TOPIC 101.**  The capability of Defendants' Text Generation AI Models and Generative AI Products and Services to produce substitutes for copyrighted material, including by summarizing copyrighted material or creating derivative works. This Topic includes Your awareness of the same, any concerns regarding the same, and Defendants' efforts to mitigate or otherwise address the same.

**RESPONSE**:

In addition to its General Objections, Microsoft to the phrase "copyrighted material" as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of each case because it seeks information regarding copyrights beyond those asserted by News Plaintiffs in these actions. Microsoft objects to this Topic as vague and ambiguous to the extent it implies,

assumes, and/or suggests that the Text Generation AI Models or Microsoft's Generative AI Products and Services summarize copyrighted material or create derivative works. Microsoft also objects to the Topic as compound to the extent it seeks information about both models and products. Microsoft also objects to this Topic as improper expert witness testimony to the extent it seeks testimony regarding capability of models and products to output verbatim content.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's awareness of any outputs from its Microsoft's Generative AI Products and Services that are verbatim from the data on which the models and/or products were Trained, the extent to which the models or products output verbatim the data, and any efforts to efforts to mitigate such outputs.

**TOPIC 102.**   The impact of Defendants' Text Generation AI Models and Generative AI Products and Services on publishers, journalists, and news entities. This Topic includes any impact on the demand for Journalism and news content, as well as any studies, analyses, assessments, or evaluations of the same.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Text Generation AI Models and Microsoft's Generative AI Products and Services have any impact on publishers, journalists, and news entities. Microsoft also objects to this Topic as calling for improper expert testimony.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic.

**TOPIC 103.**   Your initiatives to compensate, credit, seek permission from, or otherwise acknowledge contributors to AI training data, including your "Data Dignity" initiative.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft has any initiative to compensate, credit, seek permission from, or otherwise acknowledge contributors to AI training data. Microsoft further objects to this Topic to the extent it mischaracterizes the "Data Dignity" initiative. Microsoft also objects to this Topic as compound to the extent it seeks information about two discrete topics.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's initiatives, if any, to compensate, credit, seek permission from, or otherwise acknowledge contributors to AI training data, as well as the "Data Dignity" in initiative by some Microsoft employees.

**TOPIC 104.**   Your efforts to market, promote, or advertise Your Generative AI Products and Services as capable of summarizing and/or delivering Journalism content.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft has made any efforts to market, promote, or advertise its Generative AI Products and Services as capable of summarizing and/or delivering Journalism content.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's efforts, if any, to market, promote, or advertise Microsoft's Generative AI Products and Services as capable of summarizing and/or delivering Journalism content.

**TOPIC 105.**   The inclusion in Defendants' Generative AI Products and Services of buttons or other prompts that include the term "news" or otherwise would involve delivering Journalism

content, including but not limited to prompts to monitor industry news, prepare a news brief, or deliver daily news, and any metrics related to how users interact with these prompts.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic as vague and ambiguous because the phrase "prepare a news brief" is undefined and requires speculation as to scope. Microsoft further objects to the Topic as vague and ambiguous to the extent it implies, suggests, and/or assumes that Microsoft's Generative AI Products and Services include buttons or other prompts that include the term "news" or otherwise would involve delivering Journalism content.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the inclusion, if any, in Microsoft's Generative AI Products and Services of buttons or other prompts that include the term "news" or otherwise would involve delivering Journalism content, and any metrics related to how users interact with these prompts.

**TOPIC 106.**   Any use of Defendants' Generative AI Products and Services, including by third parties, to create websites or social media posts containing AI-generated content, including to promulgate misinformation, disinformation, or poor quality "pinkslime" journalism. This Topic includes websites and entities that NewsGuard has identified as "Unreliable AI-Generated News Websites."[18] This Topic also includes Your knowledge and efforts to track and/or prevent the same as well as Your communications with third parties related to AI-generated news websites powered by Defendants' Text Generation AI Models and Generative AI Products and Services.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the term "'pinkslime' journalism" as vague and ambiguous because this term is undefined. Microsoft further objects to the Topic as overbroad, unduly burdensome, and not proportional to the needs of the case because the NewsGuard list of "Unreliable AI-Generated News Websites" contains over 1,200 websites and requesting Microsoft to educate a witness on over 1,200 websites. Microsoft also objects to

---

[18] https://www.newsguardtech.com/special-reports/ai-tracking-center/

this Topic as irrelevant and/or overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information regarding third party unauthorized use of Microsoft's Generative AI Products and Services, which is irrelevant to the claims and defenses in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft has no control over how users use their products and does not monitor these issues in the ordinary course of its business outside of receiving a proper DMCA notice. Microsoft will provide a witness to testify as such.

**TOPIC 107.**   Your efforts to prevent others from using Defendants' Text Generation AI Models and Generative AI Products and Services to develop new Generative AI Models.[19]

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic to the extent it mischaracterizes any claim and/or statements contained within the article referenced in the footnote. Microsoft further objects to this Topic to the extent it seeks information post-dating July 1, 2024.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic.

**TOPIC 108.**   DeepSeek's reliance on Defendants' Text Generation AI Models and Generative AI Products and Services. This Topic includes Your awareness of the same. This Topic also includes whether You contend that DeepSeek violated Your intellectual property rights and/or Your Terms of Use and any actions You have taken to address DeepSeek's conduct.[20]

---

[19] *See, e.g.*, https://www.wsj.com/tech/ai/openai-china-deepseek-chatgpt-probe-ce6b864e?st=MK6mgS ("OpenAI said it has banned the accounts it suspected of distilling its models and has worked with Microsoft—a major OpenAI partner that hosts its models—to identify the actors behind the attempts.").

[20] *See, e.g.*, https://www.bloomberg.com/news/articles/2025-01-29/microsoft-probing-if-deepseek-linked-group-improperlyobtained-openai-data (discussing Microsoft's investigation into DeepSeek's conduct).

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information regarding Deepseek and Microsoft's intellectual property rights, which are not relevant to the claims and defenses in these actions. Microsoft also objects to this Topic to the extent it mischaracterizes any claim and/or statements contained within the article referenced in the footnote. Microsoft further objects to this Topic to the extent it seeks information post-dating July 1, 2024.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic.

**TOPIC 109.**   Your position on whether You have any intellectual property rights in Defendants' Text Generation AI Models and/or Generative AI Products and Services and Your bases for that position.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information regarding Microsoft's intellectual property rights, which are not relevant to the claims and defenses in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic beyond the witness or witnesses being provided to testify with respect to Topic 2.

**TOPIC 110.**   Your Terms of Use, including (i) any changes made to the same and (ii) the permissibility of using Your Text Generation AI Models and Generative AI Products and Services to develop new Generative AI Models and/or Generative AI Products and Services.

69

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the phrase "Your Terms of Use" as vague and ambiguous because it is undefined and could include terms of use for Microsoft products that are not at issue or relevant to the claims and defenses in these actions. Microsoft further objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information regarding Microsoft's terms of use that are not relevant to the claims or defenses in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the Terms of Use for Microsoft's Generative AI Products and Services.

**TOPIC 111.**   Your use of robots.txt or similar tools to prevent third parties from accessing or using Your website.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks information regarding Microsoft's use of robots.txt or similar tools to prevent third parties from accessing Microsoft's website, which is unrelated to the claims or defenses in these actions.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic.

<b>TOPICS CONCERNING LICENSING</b>

**TOPIC 112.**   The market for content for training data and the market for content for retrieval-augmented generation data (which includes data for grounding).

**RESPONSE**:

In addition to its General Objections, Microsoft objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case because it seeks

information regarding the "market for content for training data and the market for retrieval-augmented generation data" without limitation as to geographic or temporal scope and including training data is that is not textual and/or copyrighted or otherwise protected. Microsoft further objects to this Topic as irrelevant and/or overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks information pertaining to training data or retrieval-augmented generation data that has no relationship to Microsoft, any other party, or any conduct alleged in these actions. Microsoft also objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that there is a market for content for training data or for content for retrieval-augmented generation data. Microsoft also objects to this Topic to the extent it seeks information on "the market," which calls for improper expert testimony or a legal conclusion

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding the factual underpinnings regarding data access agreements entered into by Microsoft.

**TOPIC 113.**   Your policies regarding the acquisition and use of copyrighted material for use in training, developing, and/or grounding Defendants' Text Generation AI Models and Generative AI Products and Services, including how such policies have changed over time.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it assumes, implies, and/or suggests that Microsoft has or had any policies regarding the acquisition and use of copyrighted data for use in Training and Fine Tuning the Text Generation AI Models or Microsoft's Generative AI Products and Services.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's policies, if any, regarding the acquisition and use

of copyrighted material for use in Training and Fine Tuning its Generative AI Products and Services (Deucalion), including how such policies have changed over time, if at all.

**TOPIC 114.**   Your ability to pay to license content for Defendants' Text Generation AI Models and Generative AI Products and Services, including the expected cost or financial impact to You if You were required to purchase, license, or otherwise compensate copyright owners for copyrighted content.

**<u>RESPONSE</u>**:

In addition to its General Objections, Microsoft objects to this Topic as vague and ambiguous to the extent it implies, assumes, and/or suggests that Microsoft licenses content for Text Generation AI Models and Microsoft's Generative AI Products and Services. Microsoft objects to the phrase "copyrighted content" as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of each case because it seeks information regarding copyrights beyond those asserted by News Plaintiffs in these actions. Microsoft further objects to the term "license" as vague and ambiguous. Microsoft will interpret the term "license" to mean "access or use." Microsoft also objects to this Topic as improper expert testimony to the extent it seeks information about the "ability to pay," which is improper expert testimony and a legal conclusion.

Subject to these objections, Microsoft responds as follows: Microsoft will not provide a witness on this Topic beyond the witness provided for Topic 119.

**TOPIC 115.**   Licensing negotiations with third parties for data or content, including negotiations with Journalism providers. This Topic includes:

- a) Your efforts to license Journalism content
- b) Your licensing strategy, including for deciding what type of content to prioritize for licensing Agreements and which specific content providers to prioritize
- c) Your licensing policies, including policies governing licensing of data from and to third parties and Your policies governing licensing of Defendants' Text Generation AI Models to third parties
- d) Your licensing budget
- e) Any executed licensing Agreements
- f) Your negotiations with content providers, including negotiations that did not result in an executed Agreement

g) Individuals responsible for licensing and licensing negotiations.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the term "licensing" and "license" as vague and ambiguous. Microsoft will interpret the term "license" to mean "access or use." Microsoft also objects to this Topic as irrelevant and/or vague, ambiguous, overly broad, and not proportional to the needs of the case to the extent it seeks information on negotiations to access or use text data other than to Train or Fine Tune Text Generation AI Models or Microsoft's Generative AI Products and Services because those negotiations do not bear any relation to the allegations in the complaints.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding negotiations for data access agreements in the United States, dated on or after January 1, 2019, that provide Microsoft and/or OpenAI to receive, access, and/or use Journalism text data in Training deep learning models that are trained using very large amounts of text to generate text related to:

- Microsoft's efforts to access or use Journalism data;

- Microsoft's strategy for access or use of such Training data, including what type of data, if any, Microsoft prioritized and which specific data providers, if any, Microsoft prioritized;

- Microsoft's licensing policies, if any, regarding the licensing of data from third parties;

- Microsoft's budget for such data access agreements;

- Microsoft's executed data access agreements;

- Microsoft's negotiations with data providers; and

- The individuals at Microsoft responsible for data access negotiations.

# TRADEMARK TOPICS

**TOPIC 116.**   The bases of Your contention that News Plaintiffs' trademarks are not sufficiently famous or distinctive to warrant protection under federal law.

**RESPONSE**:

    In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

    Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 117.**   The bases of Your contention that Defendants' use of News Plaintiffs' trademarks is a fair use.

**RESPONSE**:

    In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559 (RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015).

    Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, Microsoft will not provide a witness on this Topic.

**TOPIC 118.**   The bases of Your contention that News Plaintiffs' trademarks are not sufficiently famous or distinctive to warrant protection under federal law.

**RESPONSE**:

    In addition to its General Objections, Microsoft also objects to this Topic as an inappropriate contention topic. *See, e.g., Liveperson, Inc. v. 24/7 Customer, Inc.*, No. 14-cv-1559

(RWS), 2015 WL 4597546, at *7 (S.D.N.Y. July 30, 2015). Microsoft also objects to this Topic as duplicative of Topic 116.

Subject to these objections, Microsoft responds as follows: As Microsoft understands this Topic, it entirely calls for either expert testimony or Privileged Material. As such, aMicrosoft will not provide a witness on this Topic.

### REVENUE TOPICS

**TOPIC 119.**   Your past, present, and anticipated revenues, costs, and profits for Defendants' Text Generation AI Models and Generative AI Products and Services, including:

a)  Your capital expenditures
b)  All past, present, and anticipated revenues from Defendants' Text Generation AI Models and Generative AI Products and Services
c)  Subscription revenues
d)  Referral, affiliate, advertising, and paid search revenues
e)  Your strategic plans and any ROI analyses
f)  Your financial projections.

**RESPONSE**:

In addition to its General Objections, Microsoft objects to the Topic to as overly broad and not proportional to the needs of the case because it seeks revenue, costs, and profits without limitation as to temporal or geographic scope.

Subject to these objections, Microsoft responds as follows: Microsoft will provide one or more witnesses to testify regarding Microsoft's past, present, and anticipated revenues, costs, and profits for Microsoft's Generative AI Products and Services as related to:

- Microsoft's capital expenditures, if any, for each of Microsoft's Generative AI Products and Services in the United States on an annual basis to the extent they can be determined on a product level;

- Past, present, and anticipated revenues, if any, from Microsoft's Generative AI Products and Services in the United States on an annual basis and at a product level if available;

75

- Subscription revenues, if any, from Microsoft's Generative AI Products and Services in the United States on an annual basis and at a product level if available;

- Referral, affiliate, advertising, and paid search revenue, if any, from Microsoft's Generative AI Products and Services in the United States on an annual basis and at a product level if available;

- Strategic plans and ROI analyses, if any, for Microsoft's Generative AI Products and Services in the United States; and

- Microsoft's financial projections, if any, for Microsoft's Generative AI Products and Services in the United States.

Dated: October 15, 2025

*/s/     Jared B. Briant*

Jared B. Briant (admitted *pro hac vice*)
Kirstin L. Stoll-DeBell (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1144 Fifteenth Street, Suite 3400
Denver, CO 80202
Telephone: (303) 607-3500
Facsimile: (303) 607-3600
jared.briant@faegredrinker.com
kirstin.stolldebell@faegredrinker.com

Annette L. Hurst (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building 405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
ahurst@orrick.com

Christopher Cariello
Marc Shapiro
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street New York: NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com
mrshapiro@orrick.com

Sheryl Koval Garko (admitted *pro hac vice*)
Laura Brooks Najemy (admitted *pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP
222 Berkeley Street, Suite 2000
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 8801-1801
sgarko@orrick.com
lnajemy@orrick.com

Carrie A. Beyer (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
carrie.beyer@faegredrinker.com

Jeffrey S. Jacobson
FAEGRE DRINKER BIDDLE & REATH LLP
1177 Avenue of the Americas, 41st Floor
New York, New York 10036
Telephone: (212) 248-3140
Facsimile: (212) 248-3141
jeffrey.jacobson@faegredrinker.com

Brianna L. Silverstein (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street NW, Suite 1100
Washington D.C. 20005
Telephone: (202) 842-8800
Facsimile: (202) 842-8465
brianna.silverstein@faegredrinker.com

Elizabeth M.C. Scheibel (admitted *pro hac vice*)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: elizabeth.scheibel@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

## <u>CERTIFICATE OF SERVICE VIA ELECTRONIC MAIL</u>

This is to certify that on October 15, 2025, I directed the foregoing document to be served

on all counsel of record, including the below, via email, per the parties' agreements:

<table>
<tr><td colspan="2" align="center">Counsel for Plaintiff The New York Times Company<br><i>NYT-AI-SG-Service@simplelists.susmangodfrey.com</i></td></tr>
<tr>
<td>
Ian Crosby <i>(admitted pro hac vice)</i><br>
Katherine M. Peaslee <i>(admitted pro hac vice)</i><br>
<b>Susman Godfrey L.L.P.</b><br>
401 Union Street, Suite 3000<br>
Seattle, WA 98101
</td>
<td>
Davida Brook <i>(admitted pro hac vice)</i><br>
Emily K. Cronin <i>(admitted pro hac vice)</i><br>
<b>Susman Godfrey L.L.P.</b><br>
1900 Ave of the Stars, Suite 1400<br>
Los Angeles, CA 90067
</td>
</tr>
<tr>
<td>
Elisha Barron (5036850)<br>
Zachary B. Savage (ZS2668)<br>
Tamar Lusztig (5125174)<br>
Alexander Frawley (5564539)<br>
Eudokia Spanos (5021381)<br>
<b>Susman Godfrey L.L.P.</b><br>
One Manhattan West, 50th Floor<br>
New York, NY 10001
</td>
<td>
Steven Lieberman (SL8687)<br>
Jennifer B. Maisel (5096995)<br>
Kristen J. Logan <i>(admitted pro hac vice)</i><br>
<b>Rothwell, Figg, Ernst & Manbeck, P.C.</b><br>
901 New York Avenue, N.W., Suite 900 East<br>
Washington, DC 20001
</td>
</tr>
<tr><td colspan="2" align="center">Counsel for Plaintiffs Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC<br><i>DailyNews-AI-RFEM@rothwellfigg.com</i></td></tr>
<tr>
<td>
Steven Lieberman<br>
Jennifer B. Maisel<br>
Robert Parker<br>
Jenny L. Colgate<br>
Mark Rawls<br>
Kristen J. Logan<br>
Bryan B. Thompson<br>
<b>Rothwell, Figg, Ernst & Manbeck, P.C.</b><br>
901 New York Avenue, N.W., Suite 900 East<br>
Washington, DC 20001
</td>
<td>
Jeffrey A. Lindenbaum<br>
<b>Rothwell, Figg, Ernst & Manbeck, P.C.</b><br>
3 Manhattanville Road, Suite 105<br>
Purchase, New York 10577
</td>
</tr>
</table>

| Counsel for Plaintiff The Center for Investigative Reporting |
| --- |

*ai@loevy.com*

| | |
| --- | --- |
| Jonathan Loevy | Steven Art |
| Michael Kanovitz | Kyle Wallenberg |
| Lauren Carbajal | **Loevy & Loevy** |
| Stephen Stitch Match | 311 North Aberdeen, 3rd Floor |
| Matthew Topic | Chicago, IL 60607 |
| Thomas Kayes | |

| Counsel for OpenAI Defendants |
| --- |

*KVPOAI@keker.com*

| | | |
| --- | --- | --- |
| Robert A. Van Nest | Michelle S. Ybarra | Christopher S. Sun |
| Bilal Malik | Nicholas S. Goldberg | Edward A. Bayley |
| Catherine Porto | Thomas E. Gorman | Kevin Siguo Song |
| Katie L. Joyce | R. James Slaughter | Leo L. Lam |
| Sarah Salomon | Ryan Wong | Luis Hoyos |
| Andrew S. Burns | Spencer McManus | Reid Mullen |
| Andrew Dawson | Paven Malhotra | **Keker & Van Nest LLP** |
| Erin Meyer | Olivia Malone | 633 Battery Street |
| Maile Nell Yeats-Rowe | Jamie Martinez | San Francisco, CA 94111 |

| Counsel for OpenAI Defendants |
| --- |

*OpenAICopyrightLitigation.lwteam@lw.com*

| | | |
| --- | --- | --- |
| Alllison S. Blanco | Andrew M. Gass | Allison L. Stillman |
| **Latham & Watkins, LLP** | Joseph E. Wetzel, Jr. | Herman Heng Yue |
| 650 Town Center Dr., Ste. 2000 | **Latham & Watkins, LLP** | Margaret Graham |
| Costa Mesa, CA 92626 | 505 Montgomery Street, Ste. 2000 | Michael A. David |
| | | Rachel R. Blitzer |
| Sarang V. Damle | San Francisco, CA 94111 | Luke Budiardjo |
| Elana N. Dawson | | **Latham & Watkins LLP** |
| **Lathan & Watkins LLP** | | 1271 Avenue of the Americas |
| 555 Eleventh Street NW | | New York, NY 10020 |
| Suite 1000 | | |
| Washington, D 200004 | | |

| Counsel for OpenAI Defendants | | |
| --- | --- | --- |
| *OpenAICopyright@mofo.com* | | |
| Joseph C. Gratz | Brian M. Kramer | Eric Nikolaides |
| Daniel Mello | Drew Alan Hillier | Emily Claire Wood |
| Vera Ranieri | John R. Lanham | Zachary Scott Newman |
| Andrew L. Perito | Sarah Jane Vandervalk | **Morrison & Foerster LLP** |
| Tiffany Cheung | **Morrison & Foerster LLP** | 250 W. 55th Street |
| Caitlin Sinclaire Blythe | | New York, NY 10019 |
| Joyce C. Li | 12531 High Bluff Drive, Ste. 200 | |
| Melody Wong | San Diego, CA 92130 | Allyson Bennett |
| **Morrison & Foerster LLP** | | Rose S. Lee |
| 425 Market Street | | **Morrison & Foerster LLP** |
| San Francisco, CA 94105-2482 | Carolyn M. Homer | 707 Wilshire Boulevard |
| | **Morrison & Foerster LLP** | Los Angeles, CA 90017-3543 |
| Max I. Levy | 2100 L. Street, NW, Ste. 900 | |
| **Morrison & Foerster LLP** | Washington, DC 20037 | |
| 755 Page Mill Road | | |
| Palo Alto, CA 94304-1018 | | |

| Counsel for OpenAI Defendants | Counsel for OpenAI Defendants |
| --- | --- |
| *Jura.zibas@wilsonelser.com* | *mkwun@kblfirm.com* |
| Jura Christine Zibas | Michael S. Kwun |
| **Wilson Elser Moskowitz Edelman & Dicker LLP** | **Kwun Bhansali Lazarus LLP** |
| 150 East 42nd Street | 555 Montgomery St., Suite 750 |
| New York, NY 10017 | San Francisco, CA 94111 |

/s/ Shelley M. Meyer
Shelley M. Meyer