January 2, 2026

Hon. Ona T. Wang
United States Magistrate Judge
Southern District of New York

        Re:    *In re: OpenAI, Inc., Copyright Infringement Litigation*, 1:25-md-03143
               (SHS) (OTW); this document relates to No. 1:23-cv-11195 (SHS) (OTW)

Dear Magistrate Judge Wang:

      The New York Times and *Daily News* Plaintiffs (collectively, "News Plaintiffs") seek an order compelling Microsoft to produce immediately, in a readily searchable remotely-accessible format, the approximately 8.1 million consumer Copilot (f/k/a Bing Chat) output logs that contain News Plaintiffs' names and website domains.[1] Microsoft agreed to produce these documents, but has not done so. With less than two months left in fact discovery, we understand that Microsoft is finally in a position to produce the logs, but has so far both delayed doing so and refused to provide a date certain for the production. News Plaintiffs are prejudiced by Microsoft's ongoing delay because, absent an identification of the outputs at issue, News Plaintiffs cannot question witnesses regarding those outputs, adduce direct evidence proving infringement based on outputs, investigate News Plaintiffs' market harm allegations with respect to pink-slime outputs, or conduct myriad additional discovery and expert tasks. *Cf.* Dkt. 656 at 3 (News Plaintiffs' letter motion to compel OpenAI to produce output logs).

      At the December 4 discovery conference, this Court asked the parties to meet and confer and provide an update on December 10 on the status of Microsoft's production of the consumer Copilot output logs. Dkt. 910 at 1. In that December 10 update, Microsoft "agreed to make available for inspection the approximately 8.1 million Bing Chat logs in a manner yet to be decided," and indicated it "will provide News Plaintiffs with an estimate for completion as soon as it is able." Dkt. 950 at 7. Microsoft further agreed to "meet and confer to discuss News Plaintiffs' request for additional keywords and the manner of production of the data," and "to keep lines of communication open and … keep News Plaintiffs apprised of the status of the collection." *Id.* at 7-8.

      News Plaintiffs thereafter requested an update on the status of the collection, and a meet and confer on the manner of production in an email dated December 15. Declaration of Mark T. Rawls ("Rawls Decl."), Ex. A (email of December 15). News Plaintiffs separately requested that Microsoft search additional relevant keywords for responsive output logs. *Id.*, Ex. B (email of December 15). Microsoft did not respond. News Plaintiffs followed up on December 17. *Id.*, Exs. A-B (emails of December 17). Microsoft did not respond. News Plaintiffs followed up again on December 19. *Id.*, Exs. A-B (emails of December 19). Microsoft finally responded on December 22, declining to provide a date certain, or even an estimated date, for beginning to produce the output logs. *Id.*, Ex. C. Instead, Microsoft said – for the first time – that it would need to run personally identifiable information ("PII") removal software over the output logs, and that it would be able to do so by January 2. However, it provided no estimate for when it would be

---

[1] The parties are still negotiating certain search terms and News Plaintiffs do not wish to burden this Court with those negotiations.

Mag. Judge Wang
January 2, 2026
Page 2

able to provide the output logs, nor any commitment to make such a production by a specific date. *Id.*

      News Plaintiffs and Microsoft met and conferred on December 30. Microsoft was unable to provide a date certain for production. Instead, it offered to provide a status update when and if it is able. Following OpenAI's playbook for delay, Microsoft also stated that it intended to make the logs available only onsite at Microsoft's counsel's office as part of a "sandbox" styled source-code inspection. In response to vehement objections from News Plaintiffs, Microsoft said that it would "consider" News Plaintiffs' request for producing the output logs in a manner that would allow for remote inspection. Microsoft has not yet responded to that request for remote access – which, given the short time remaining in fact discovery – is essential to News Plaintiffs. Rawls Decl., ¶ 4. In view of the work ahead of News Plaintiffs, and the many hurdles and delays an onsite inspection would involve, News Plaintiffs request that this Court order Microsoft to produce the data in a readily searchable format via a hard drive or to a dedicated private cloud for remote review. *See generally* Dkt. 656-3, Ex. C, Goldstein Decl., ¶¶ 3-6 (discussing the work required to analyze the output logs and additional burdens with onsite inspections).

***

      News Plaintiffs request that if all of the approximately 8.1 million agreed-upon consumer Copilot output logs have not been produced in a remotely reviewable setting by January 9, then Microsoft should be compelled to produce such data in a readily searchable format and a remotely reviewable environment within a day of the Court ruling on this motion.

January 2, 2026                                     Respectfully submitted,

                                                                      */s/ Steven Lieberman*
                                                                       Steven Lieberman
                                                                       Rothwell, Figg, Ernst & Manbeck, P.C.

                                                                       *Counsel for The New York Times and Daily News Plaintiffs*

                                                                       */s/ Ian Crosby*
                                                                       Ian Crosby
                                                                       Susman Godfrey LLP

                                                                       *Counsel for The New York Times*

cc:    All Counsel of Record (via ECF)