# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Daily News, LP; The Chicago Tribune Company, LLC; Orlando Sentinel Communications Company, LLC; Sun-Sentinel Company, LLC; San Jose Mercury-News, LLC; DP Media Network, LLC; ORB Publishing, LLC; and Northwest Publications, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, OPENAI, INC., OPENAI LP, OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO, LLC, OPENAI GLOBAL, LLC, OAI CORPORATION, LLC, and OPENAI HOLDINGS, LLC, <br><br> Defendants. | Civil Action No. 1:24-cv-03285-SHS |

**PLAINTIFF DAILY NEWS, LP'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiff Daily News, LP (the "Daily News") responds and objects to Defendant OpenAI OpCo, LLC's ("OpenAI OpCo") First Set of Interrogatories (the "Interrogatories"). These responses and objections are based on the Daily News' knowledge, investigation, and analysis to date. The Daily News reserves all rights to supplement and amend its responses and objections accordingly.

**GENERAL OBJECTIONS**

1. The Daily News objects to the Interrogatories to the extent it seeks information subject to attorney-client privilege, work product, or any other applicable privilege or protection.

2. The Daily News objects to the Interrogatories to the extent it seeks information not within the Daily News' possession, custody, or control.

3.      Any response is made subject to the terms of an anticipated protective order, which has not yet been entered and which the parties are currently negotiating.

4.      The Daily News' response is also subject to the following objections to the "Definitions" and "Instructions" provided with the Interrogatories.

5.      The Daily News objects to the definitions of "Plaintiff," "You," and "Your" insofar as they include the Daily News' "managers"—a vague term that is at best duplicative to the term "employees," which is already part of the definitions. The Daily News further objects to these definitions as overbroad and unduly burdensome insofar as they include "any Person who served in any such capacity at any time," which among other things would apply to former employees of the Daily News. The Daily News further objects to these definitions as contrary to the definition of "Plaintiff" provided by Local Rule 26.3. The Daily News construes "Plaintiff" as that term is defined in Local Rule 26.3.

6.      The Daily News objects to the definition of "Defendant" as vague and ambiguous because it includes "any defendant named in the Complaint" without specifying a particular defendant. The Daily News further objects to this definition because it includes defendants named in a "subsequent complaint" that does not yet exist, making the definition even more vague and ambiguous. In any event, the term "Defendant" appears nowhere in the Interrogatories.

7.      The Daily News objects to the definition of "Complaint" insofar as it includes "any subsequent complaint" because only one Complaint has been filed in this case. The Daily News construes "Complaint" to refer to the Complaint filed in this case on April 30, 2024.

8.      The Daily News objects to the definition of "Agent" as overbroad insofar as it applies to a person "asked" to assist with this litigation but not retained by the Daily News. The Daily News further objects to this definition as unintelligible because it does not specify who

2

"asked, hired, retained, or contracted" the agent. The Daily News construes "Agent" to mean a person retained by the Daily News to assist the Daily News in connection with this litigation.

9.      The Daily News objects to the definition of "Employee" as illogical insofar as it includes people who are "not" compensated. The Daily News further objects to this definition as overbroad and unduly burdensome because it applies to "retired" and "former" employees as well as "trustees," "officers," and "directors." The Daily News further objects to this definition as vague and ambiguous insofar as it applies to "partners." The Daily News further objects to this definition as circular because it includes the term "employee" within the proposed definition, which shows the term does not need to be defined. The Daily News construes "Employee" to mean an employee.

10.      The Daily News objects to the definition of "Asserted Work" as vague and ambiguous insofar as it includes "any additional work that may be listed on an amended complaint." No amended Complaint has been filed. The Daily News construes "Asserted Work" to mean any work listed or encompassed in Exhibits A-H of the Complaint.

11.      The Daily News objects to the "rule of construction" suggesting that "the use of a verb in any tense shall be construed as the use of that verb in all other tenses." The Daily News will respond to the Interrogatories as written.

## RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

For each of the Asserted Works, describe in detail the computation of the amount of each type of monetary relief sought, including the amount of actual damages You claim to have suffered, the amount of Defendants' profits You seek to disgorge, and the amount of statutory damages You claim to be entitled to.

**RESPONSE TO NO. 1:**

The Daily News incorporates the General Objections set forth above. The Daily News further objects to this Interrogatory to the extent it calls for information beyond what The Daily News is required to provide under Local Rule 33.3.

Subject to these objections, The Daily News responds as follows: The Daily News seeks statutory damages, compensatory damages, restitution, disgorgement, and any other relief that may be permitted by law or equity. In particular, and without limitation, The Daily News is entitled to elect statutory damages of at least $750 and as much as $150,000 for each Asserted Work that Defendants copied in connection with their AI models and products. Computing damages at this stage is premature, including because those calculations may require expert analysis. The calculations may also rely on evidence to be produced by Defendants, including information about which the Daily News' works were used to train Defendants' infringing models, Defendants' revenues, and the volume of Daily News content that appeared in output generated by Defendants' models. The Daily News will supplement this response as appropriate as discovery unfolds.

**INTERROGATORY NO. 2:**

For each of the Asserted Works, identify the Title, Copyright Owner, Author, Registration Number, Publication Date, and all materials that You deposited with the United States Copyright Office in connection with each Asserted Work to the extent not produced in this Action.

**RESPONSE TO NO. 2:**

The Daily News incorporates the General Objections set forth above. The Daily News objects to this interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of this case in that it seeks information about "all materials" the Daily News "deposited with the United States Copyright Office." The Daily News objects to the extent this request calls for the production of materials that are publicly available and equally accessible to Defendants. The Daily News also objects to the term "materials" as vague and ambiguous. The Daily News further objects to this interrogatory as compound and counts each subpart as a separate interrogatory. The Daily News further objects to this Interrogatory to the extent it calls for information beyond what The Daily News is required to provide under Local Rule 33.3.

Subject to these objections, the Daily News responds as follows: The Daily News will produce responsive, non-privileged documents sufficient to identify the information requested by this interrogatory.

Dated: July 18, 2024                          */s/Steven Lieberman___*

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*

5

Bryan B. Thompson (6004147)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com

Jeffrey A. Lindenbaum (JL1971)
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
3 Manhattanville Road, Suite 105
Purchase, New York 10577
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
jlindenbaum@rothwellfigg.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

It is hereby certified that, on July 18, 2024, the foregoing **PLAINTIFF DAILY NEWS, LP'S RESPONSES AND OBJECTIONS TO OPENAI OPCO, LLC'S FIRST SET OF INTERROGATORIES** was served by email upon the following counsel of record:

| | |
|---|---|
| **LATHAM & WATKINS LLP**<br>1271 Avenue of the Americas<br>New York, NY 10020<br>212-906-1200<br>**Allison Levine Stillman**<br>Email: alli.stillman@lw.com<br><br>**LATHAM & WATKINS LLP**<br>555 Eleventh Street, N.W., Suite 1000<br>Washington, DC 20004<br>202-637-2200<br>**Sarang Damle**<br>Email: sy.damle@lw.com<br>**Elana Nightingale Dawson**<br>Email: elana.nightingaledawson@lw.com<br><br>**LATHAM & WATKINS LLP**<br>505 Montgomery Street, Suite 2000<br>San Francisco, CA 94111<br>415-391-0600<br>**Andrew Gass**<br>Email: andrew.gass@lw.com<br>**Joseph Richard Wetzel, Jr.**<br>Email: joe.wetzel@lw.com<br><br>openaicopyrightlitigation.lwteam@lw.com | **MORRISON & FOERSTER LLP**<br>425 Market Street<br>San Francisco, CA 94105<br>**Joseph C. Gratz**<br>Email: JGratz@mofo.com<br>**Vera Ranieri**<br>Email: vranieri@mofo.com<br><br>**MORRISON & FOERSTER LLP**<br>707 Wilshire Boulevard, Suite 6000<br>Los Angeles, CA 90017-3543<br>**Allyson R. Bennett**<br>Email: ABennett@mofo.com<br><br>OpenAICopyright@mofo.com<br><br>**KEKER, VAN NEST & PETERS LLP**<br>633 Battery Street<br>San Francisco, CA 94111<br>**Robert A. Van Nest**<br>Email: rvannest@keker.com<br>**Paven Malhotra**<br>Email: pmalhotra@keker.com<br>**R. James Slaughter**<br>Email: rslaughter@keker.com<br>**Nicholas S. Goldberg**<br>Email: ngoldberg@keker.com<br>**Michelle Ybarra**<br>Email: mybarra@keker.com<br>**Katie Lynn Joyce**<br>Email: kjoyce@keker.com<br>**Thomas E. Gorman**<br>Email: tgorman@keker.com<br>KVPOAI@keker.com<br><br>*Attorneys for OpenAI Defendants* |

/s/ Nasri V. B. Hage
Nasri V. B. Hage

7