**Statement of Concern Regarding Privacy Risks Arising From Disclosure of Anonymized ChatGPT Logs**

| | |
|---|---|
| United States District Court<br>Southern District of New York<br>Thurgood Marshall United States Courthouse<br>40 Foley Square<br>New York, NY 10007<br>United States of America | Bilgin Can Isikoglu<br>Dieselweg 1<br>30926 Seelze<br>Germany<br>can.isikoglu@gmail.com<br>+49 157 52640893 |

| Case No. | Re: In re: | Date |
|---|---|---|
| 1:25-md-03143 (S.D.N.Y.) | OpenAI, Inc. Copyright Infringement Litigation | 07 Janurary 2026 |

To the Honorable Court,

I submit this letter as an affected individual whose fundamental privacy interests are directly implicated by the Court's order requiring the disclosure of a large corpus of anonymized ChatGPT conversation logs.

I am not a party to the underlying litigation. Nevertheless, I am among the class of individuals whose personal communications may be swept into discovery and evaluated by third parties beyond my control. For that reason, I respectfully request that the Court consider the following statement as a concrete illustration of why anonymization of edge data alone does not constitute meaningful protection.

My situation is exceptional, but precisely for that reason, it is identifiable.

I am affected by a complex neurogastroenterological condition involving the gut–brain axis, chronic dysbiosis, and long-term dysregulation. I have been subject to repeated misdiagnoses and, at present, effectively lack access to adequate medical care within a Western healthcare system. This absence of treatment has forced me to conduct extensive, longitudinal research into my own medical condition, including detailed analytical discussions, structured symptom mapping, and cross-disciplinary inquiry involving medicine, law, and institutional failure.

Such conversations are not generic. They are highly distinctive in structure, content, and thematic combination.

Even if direct identifiers (names, account IDs, IP addresses) are removed, the semantic uniqueness of long-form, coherent conversations—especially those spanning medical, legal, and existential dimensions—creates a substantial risk of re-identification. In cases like mine, anonymization fails not because it is improperly implemented, but because context itself functions as an identifier.

There are not many individuals simultaneously:
– affected by rare or underrecognized neurogastroenterological disorders of the gut–brain axis,
– documenting systemic medical non-treatment across extended timeframes,
– conducting self-directed research out of necessity rather than academic interest,
– and articulating these experiences in sustained analytical dialogue.

The combination of these elements produces a fingerprint that anonymization of "edge data" cannot erase.

By proceeding under the assumption that anonymization is sufficient, the Court—unintentionally but materially—places individuals like myself in a position where our private medical and existential narratives become vulnerable to forensic linkage, contextual inference, or indirect identification. This risk is amplified by the adversarial nature of discovery and by the availability of external data sources with which anonymized logs may be correlated.

In light of this, I hereby make the following clear statement:

I consider my privacy to be threatened by the disclosure order as currently framed.
I consider my personal situation to demonstrate that anonymization, as applied here, does not provide adequate

## Statement of Concern Regarding Privacy Risks Arising From Disclosure of Anonymized ChatGPT Logs

protection for individuals with highly distinctive life circumstances.
By submitting this letter, I knowingly disclose my identity to the Court for the limited purpose of asserting that my privacy interests have already been compromised in substance, if not yet in form.

This disclosure is not voluntary in the ordinary sense. It is compelled by the absence of alternative mechanisms through which affected non-parties can meaningfully protect themselves against re-identification risks inherent in large-scale disclosure of conversational data.

I respectfully urge the Court to consider whether additional safeguards, exclusions, or limitations are necessary to protect individuals whose conversations contain sensitive medical, psychological, and existential material that cannot realistically be rendered anonymous.

Respectfully submitted


best regard

Bilgin Can Isikoglu