# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA
SUITE 5100
HOUSTON, TX 77002-5096
(713) 651-9366
FAX (713) 654-6666
WWW.SUSMANGODFREY.COM

_____

| 401 Union Street<br>Suite 3000<br>Seattle, WA 98101-2668<br>(206) 516-3880 | One Manhattan West<br>New York, NY 10001-8602<br>(212) 336-8330 | 1900 Avenue of the Stars<br>Suite 1400<br>Los Angeles, CA 90067<br>(310) 789-3100 |
|---|---|---|

Justin A. Nelson
Direct Dial 713-653-7895

E-Mail jnelson@susmangodfrey.com

January 8, 2026

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

> RE: *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) This document relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.

Dear Judge Wang:

OpenAI seeks a protective order from a deposition that this Court already ordered. This is what happened:

1. The Court ordered that OpenAI provide the information that OpenAI is trying to avoid providing now (ECF 709);
2. The Court gave OpenAI the option to provide the information in the form of an interrogatory or a Rule 30(b)(6) deposition (*Id.*);
3. OpenAI choose to provide it in the form of a Rule 30(b)(6) deposition;
4. Class Plaintiffs served a deposition notice, with Rule 30(b)(6) topics that were identical (verbatim) to the interrogatories covered by the Court's order;
5. After the parties agreed to proceed with the deposition on January 12, 2026, OpenAI filed this motion to stay the deposition just days before it, after incorrectly claiming that Plaintiffs sought an "expansion of the scope" of the topics set forth in the interrogatories that were the subject of the Court's order.

Whatever the result of OpenAI's motion—which is effectively a meritless motion for reconsideration of the Court's prior order (ECF 709)—it will have achieved what OpenAI wants:

January 8, 2026
Page 2

Extraordinary delay. Plaintiffs sought information about the LibGen test file in early October 2025, the Court granted Plaintiffs' motion to compel on October 28, 2025, and yet OpenAI *still* has succeeded in evading this discovery. The Court should deny OpenAI's motion on the papers and order the deposition to proceed within 7 days of the Court's order.

### I.     Procedural Background

Class Plaintiffs moved on October 15, 2025 for the following:

> Class Plaintiffs seek leave to serve two interrogatories requiring OpenAI to identify the LibGen data that OpenAI has acquired, created, and/or deleted so that Class Plaintiffs and the Court need not rely on OpenAI's counsel's secret determinations about what LibGen data is relevant.

ECF 659 at 1. The basis for the relief sought, in brief, was this:

> Class Plaintiffs learned for the first time on October 13 that OpenAI's counsel have had possession of at least one OpenAI trove of nearly 100,000 LibGen books—the so-called "LibGen Test File"—since early 2024, but OpenAI withheld it from discovery until one week ago.

*Id.* Class Plaintiffs emailed OpenAI in advance of that motion and set forth exactly the two interrogatories to which Class Plaintiffs sought responses. ECF 659-10. Class Plaintiffs cited to the interrogatories in their motion and attached them as exhibits. ECF 659 at 2 (citing ECF 659-10).

There was no dispute about what was at issue. OpenAI's opposition argued that interrogatories were "compound," "unduly burdensome," and "contained too many subparts" and that answering these interrogatories would be "a burdensome discovery do-over." ECF 671 at 4-5.

The Court granted Class Plaintiffs' motion without a hearing. ECF 709. The Court rejected the same arguments that OpenAI repeats here, and explained: "I find that additional discovery regarding the LibGen Test File is relevant and proportional to the needs of these cases." *Id.* at 1. The Court gave OpenAI a choice: answer "Class Plaintiffs interrogatories" or provide the information in the form of a Rule 30(b)(6) deposition. ECF 709 at 1.

Nothing in the Court's order narrowed the scope of Plaintiffs' interrogatories. Nothing in the Court's order gave OpenAI license to drastically reduce the scope of its answers by opting for a deposition in lieu of responding to the interrogatories. *Id.* And nothing in the Court's order was ambiguous about the "topic" for the deposition: The Court ordered the deposition to cover the full scope of Plaintiffs' interrogatories. *Id.*

January 8, 2026
Page 3

OpenAI elected to proceed by deposition on November 12. ECF 743. OpenAI's letter simply quoted the Court's Order and did not suggest that OpenAI believed that, by opting for a deposition, it could limit the scope of its responses.

Class Plaintiffs asked OpenAI for a deposition date for the Court-ordered deposition nine days later. ECF 1038-1. OpenAI failed to offer a date or respond to the request in any way. After the deadline to offer a date passed without a response from OpenAI, Class Plaintiffs served a deposition notice, setting forth the identical two topics that were in the two interrogatories at issue in Class Plaintiffs' earlier motion and in the Court's Order. Exhibit 1.

## II.     OpenAI's motion misrepresents the record.

OpenAI attempts to spin a narrative that "for months the parties apparently shared an understanding" that the Court-ordered Rule 30(b)(6) deposition would be limited to questions about a single late-produced file, the LibGen Test File. Motion at 1. In support, OpenAI cites only Plaintiffs' November email requesting a deposition date for the Court-ordered deposition, in which Class Plaintiffs referred to the deposition as "the 30(b)(6) deposition related to the LibGen Test File." *Id.*

The notion that a scheduling email which referred to the deposition by an accurate short-hand somehow restricted the subject-matter of the deposition is wrong. Every time Class Plaintiffs have discussed the scope of this discovery—when Class Plaintiffs requested it by email on October 6, when Class Plaintiffs successfully moved to compel on October 15, and when Class Plaintiffs noticed the deposition on December 11, Class Plaintiffs defined the exact same scope—that is, asking for identification of "all data which You originally acquired [or deleted] from LibGen." *Compare* ECF 1038-2 at 5 (12/11/2025 deposition notice), *with* ECF 659-10 at 6-7 (identically worded interrogatories). If OpenAI sincerely suspected that an email requesting a date for the deposition dramatically narrowed the subject-matter of the deposition, OpenAI would have said so during meet and confers. But OpenAI did not.

OpenAI claims that Class Plaintiffs deposition notice was "belated," "untimely," and "eleventh hour." Motion at 1, 3. OpenAI does not support these words with any deadlines or facts. Class Plaintiffs asked OpenAI to propose a date for the Court-ordered deposition nine days after OpenAI elected to provide the Court-ordered discovery by deposition. OpenAI failed to respond to that request. When the deadline for OpenAI to respond with a date expired with no response, Class Plaintiffs served a notice on December 11. Exhibit 1.

OpenAI faults Class Plaintiffs because, after OpenAI filed its election to proceed by deposition, "Class Plaintiffs did not dispute this interpretation of the Order." Motion at 2. But OpenAI's letter to the Court electing to proceed by deposition did not propose any interpretation at all. OpenAI said only:

January 8, 2026
Page 4

>OpenAI selects the second option from the Court's Order: "a 30(b)(6) deposition of up to 4 hours on this topic." *Id.* at 1.

ECF 743. That is not an "interpretation" of the Order. At best, it's confirmation that OpenAI opted for a deposition instead of interrogatory responses. At worst, it's a trap designed to trigger more motion practice and more delay. OpenAI certainly did not suggest that the scope of the deposition would be anything other than the scope of the interrogatories that OpenAI avoided answering—and *continues* to successfully avoid answering—by choosing to provide the information by deposition.

OpenAI also asserts that Class Plaintiffs' October 15, 2025 Motion (ECF 659) "failed to identify or discuss their proposed interrogatories." Motion at 3. This is directly contradicted by, quite literally, every page of Plaintiffs' Motion:

- Page 1: "Class Plaintiffs seek leave to **serve two interrogatories** requiring OpenAI to identify the LibGen data that OpenAI has acquired, created, and/or deleted . . . ." ECF 659 at 1 (emphasis added).
- Page 2: "Following the deposition, Class Plaintiffs asked OpenAI (1) to reopen the deposition of Mr. Hallacy to ask him about his file and (2) to agree to allow Class Plaintiffs to serve the **two interrogatories** at issue. Exhibit 10 at 5-7." *Id.* at 2 (citing interrogatories in attached exhibit) (emphasis added).
- Page 3: "Class Plaintiffs seek to **serve two interrogatories** asking OpenAI to identify each of its LibGen datasets. That would include LibGen datasets OpenAI acquired or created, and LibGen datasets OpenAI deleted." *Id.* at 3 (emphasis added).
- Page 4: "If OpenAI and its counsel truly do not know the LibGen datasets OpenAI has acquired, created, and/or deleted, they can and should ***say so in a verified interrogatory response***, which would not be burdensome at all." *Id.* at 4 (emphasis added).

It is also contradicted by the fact that OpenAI opposed the Motion by citing to the interrogatories, paraphrasing them, and lodging the same rejected arguments that they recycle here about "38 discrete subparts" and "undue burden." *See* ECF 671.

And of course, the Court referenced Class Plaintiffs' interrogatories specifically in the Order that OpenAI has now evaded for more than two months when presenting the first of two choices: "OpenAI will respond to Class Plaintiffs' interrogatories within 30 days of when they were propounded." ECF 709 at 1.

January 8, 2026
Page 5

### III. The Court Has Already Rejected OpenAI's Proportionality Objection.

In moving for a protective order, OpenAI re-asserts the same proportionality objections this Court rejected. *See* ECF 671. The Court should reject these arguments for the same reasons it rejected them the first time. *See* ECF 709 at 1. The Court should also issue any other relief it deems necessary to ensure that OpenAI complies with the Court's Order and does not further delay this deposition.

Sincerely,

*/s/ Justin A. Nelson*
Justin A. Nelson
Susman Godfrey, LLP
Interim Lead Class Counsel