# Exhibit A—Joint Chart

**Exhibit A (News and Class Issues)**

Key: Green represents Plaintiffs' filing; Purple represents Defendants' filing.

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| Dkt. 1050 (Sealed Filing) Dkt. 1064 (Public Filing) | 1/5/26 | Dkt. 1121 (Public Filing) Dkt. 1139 (Sealed Filing) | Microsoft's privilege assertions | Class and News Plaintiffs | Microsoft | Plaintiffs and Microsoft have submitted letter briefing and the Court has not yet heard argument. | **Class and News Plaintiffs' Position:** Class and News Plaintiffs raise three categorical concerns with Microsoft's privilege assertions. *First*, Microsoft cannot substantiate its privilege assertions because its privilege logs contain only ipse dixit descriptions of Microsoft's reasons for withholding or redacting documents. *Second*, Microsoft has asserted privilege over policies and communications about them, but these are not privileged because "[a]s a general rule, communications relating to company policy do not meet the requirements of the attorney-client privilege." *United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 206, 210 (S.D.N.Y. 1974). *Third*, Microsoft has asserted attorney-client privilege over non-privileged business or technical communications, including communications related to the Bing Index.<br><br>Because Microsoft's logs are impermissibly vague and neither policies nor business or technical communications are privileged, Plaintiffs respectfully request an order compelling Microsoft by January 22, 2026 to (1) produce a supplemental privilege log providing sufficient descriptions of Microsoft's basis for withholding documents so that Plaintiffs can have sufficient information to determine the information Microsoft is withholding as privileged and (2) to produce all documents referenced in Plaintiffs' December 21 email and Exhibit 1 to Plaintiffs' motion and any other documents Microsoft is withholding based on similarly improper claims of privilege.[1]<br><br>**Microsoft's Position:** Plaintiffs' dispute, hastily raised for the first time on the eve of the holidays, is a calculated maneuver designed to pressure Microsoft and distract the Court with a contrived controversy. Plaintiffs' motion is untimely, legally unsupported, and improperly seeks Court intervention as to disputes that the parties had already resolved. Despite knowing that Microsoft was in the middle of a re-review of over 5,000 documents on its log, Plaintiffs waited until Saturday, December 20 to request a meet and confer on 152 documents. Microsoft indicated that due to the ongoing re-review and the holidays, it |

---

[1] Though Microsoft refused to confer on these issues prior to the January 5 briefing deadline, Plaintiffs cannot wait until February to raise these issues given the January depositions on the Bing Index and Microsoft's policies regarding the use of third-party content in its GenAI models.

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | would not be in a position to review the additional documents and meaningfully confer with Plaintiffs prior to the briefing for this conference, but indicated that the parties were not at an impasse because Microsoft was still willing to confer on these issues following completion of the re-review on January 9. Microsoft remains willing to do so, and as such Plaintiffs' motion should be denied for failure to meet and confer in good faith. *See* ECF 967 at 3.<br><br>Plaintiffs' motion also should be denied because the challenges were made more than 60 days from when Microsoft served its logs. *See* ECF 371 ¶ 18. Additionally, Plaintiffs' request that Microsoft provide a supplemental log revising all of its descriptions is contrary to the compromise the parties reached requiring revision of only descriptions for those entries that did not identify attorneys in the metadata. Plaintiffs' categorical challenges are legally unsupported. More recent case law confirms that "policy documents can amount to legal advice protected by the attorney-client privilege." *Valassis Commc'ns, Inc. v. News Corp.*, 2018 WL 4489285, at *3 (S.D.N.Y. Sept. 19, 2018). And Microsoft continues to properly withhold its communications regarding Bing Index that are "primarily or predominantly of a legal character." *Barbini v. First Niagara Bank, N.A.*, 331 F.R.D. 454, 459 (S.D.N.Y. 2019). |
| Dkt. 1041 | 1/5/26 | Dkt. 1103 (Sealed Filing)<br><br>Dkt. 1106 (Public Filing) | Protective order re: deposition of Greg Brockman | OpenAI | News Plaintiffs | This dispute is fully briefed and the court has not yet heard argument. | **OpenAI's Position:** OpenAI respectfully requests that the Court cap the deposition of OpenAI's President, Greg Brockman, at 7 hours. Every other apex witness in this case has been similarly limited—either by this Court's order as to two Microsoft executives, or by agreement of the parties as to OpenAI CEO Sam Altman—and Mr. Brockman should not be treated differently. Indeed, under the current Deposition Protocol, all but one OpenAI 30(b)(1) deposition has been completed in 7 hours or less. Mr. Brockman, a senior executive at OpenAI, should not be uniquely burdened with a 2-day deposition. In addition, by the time Mr. Brockman is deposed, Plaintiffs will have deposed over a dozen senior OpenAI witnesses and 30(b)(6) designees on overlapping subject matters, leaving Mr. Brockman with substantially repetitive and non-unique testimony to offer. And even if there is some pocket of "personal involvement" that is not already more suitably covered by the team members Mr. Brockman |

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | supervised, seven hours is more than sufficient for any legitimately unique, non-duplicative topics about which Plaintiffs may wish to examine him.<br><br>**Plaintiffs' Position:** Plaintiffs are entitled to the standard 11 hours of deposition time with Mr. Brockman because of his extensive personal involvement in key issues in this case during his 11 years at OpenAI, as detailed in Plaintiffs' sealed opposition brief at Dkt. 1103. OpenAI cannot show that Mr. Brockman lacks relevant knowledge given the documentary record of his direct personal involvement. Plaintiffs would be prejudiced by limiting Mr. Brockman's deposition given OpenAI's refusal to commit to produce Mr. Brockman at trial and to authenticate his documents, coupled with the fact that OpenAI's other witnesses have disclaimed all knowledge of Mr. Brockman's relevant activities. |
| [Dkt. 1051](#) (Sealed Filing)<br>[Dkt. 1082](#) (Public Filing) | 1/5/26 | [Dkt. 1108](#) | Application of waiver and crime-fraud exception to Microsoft's privilege assertions | Class and News Plaintiffs | Microsoft | Plaintiffs and Microsoft have submitted letter briefing and the Court has not yet heard argument. | **Class and News Plaintiffs' Position:** Like OpenAI, Microsoft has put its state of mind at issue in this litigation through its innocent infringement affirmative defenses, its claims of good faith and denials of willfulness, and its fair use defense (for which good faith is a factor).<br>But, like OpenAI, Microsoft is improperly using privilege to block discovery into basic information about its acquisition, use, and deletion of copyrighted materials, including going so far as to claim that its policies relate to digital piracy and any steps it took to determine whether its use of content constituted a fair use are privileged. If allowed to stand, these expansive privilege assertions will result in the cultivation of a misleading and one-side record at summary judgment and trial. The unfairness cultivated by Microsoft's selective disclosure is precisely why the "at-issue" waiver doctrine exists. News and Class Plaintiffs respectfully request that the Court order Microsoft to either withdraw its claims implicating its state of mind and good faith, or produce the documents and information shielded by these privilege claims (and require its witnesses to testify regarding the same).<br>Additionally, Class Plaintiffs contend that Microsoft's conduct in obtaining pirated copies for Class Plaintiffs' works from OpenAI, and using copyrighted materials as currency in order to induce OpenAI to provide Microsoft with more training data for Microsoft's commercial endeavors, provides probable cause |

3

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | of criminal copyright infringement. The Court should thus require Microsoft to identify and produce for *in camera* review the purportedly privileged material relating to these issues, and, upon a finding that the attorney communications are in furtherance of criminal copyright infringement, require their production.<br><br>**Microsoft's Position:** Plaintiffs' sweeping assertions of "at issue" waiver and the crime-fraud exception are plainly untimely under the ESI Order. That Order requires challenges to privilege logs to be asserted within 60 days. Plaintiffs concede that Microsoft has maintained its denials of willfulness and assertions of fair use "throughout the litigation." Yet Plaintiffs did not raise this as a basis to challenge privilege within the 60-day period as to any of Microsoft's three privilege logs. Their challenges are therefore untimely.<br><br>Plaintiffs' at-issue waiver argument is also meritless. As the Second Circuit has held, that attorney-client communications may be relevant to an issue in the case, or that a party has merely asserted a claim or defense, does not place attorney-client communications at issue. Only reliance on such communications does so. Microsoft will not and need not rely upon attorney-client privileged communications, opinions, or advice in refuting willfulness, asserting its fair use defense, or refuting any attempt by Plaintiffs to argue that alleged bad faith on Microsoft's part bears on its fair use defense. Microsoft will instead rely upon evidence demonstrating the absence of controlling legal principles and facts that could establish an unjustifiably high risk that Microsoft's conduct was unlawful. As for Plaintiffs' invocation of an "innocence" defense, Microsoft pled no such defense in its Answer in the News Cases and insofar as its Answer in the Class Cases is ambiguous, Microsoft disclaims any intention to assert an innocence argument under 17 U.S.C. § 504(c) or otherwise argue that its state of mind makes its uses fair.<br><br>Class Plaintiffs argument based on the crime-fraud exception fails for two independent and dispositive reasons. First, Class Plaintiffs identify no criminal conduct. A single sentence identifying two purported data transfers does not make out a |

4

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | criminal case under 17 U.S.C. § 506. Second, Class Plaintiffs do not even attempt to establish that any attorney-client communications could be *in furtherance* of any criminal conduct, as opposed to merely related to that conduct. For those reasons and the reasons relied upon by this Court in rejecting the crime-fraud exception as to OpenAI, ECF 846 at 24-27, the exception has no application here. |
| Dkt. 1057 (Sealed Filing) Dkt. 1084 (Public Filing) | 1/5/26 | Dkt. 1105 | Application of waiver and crime-fraud exception to OpenAI's privilege assertions | Class and News Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing and the Court has not yet heard argument. | **Class and News Plaintiffs' Position:** As the Court has already stated, OpenAI's "alleged good faith and state of mind [are] at issue" in this case, Dkt. 846 at 19, including as it relates to OpenAI's claims of good faith and denials of willfulness, and its fair use defense (for which good faith is a factor). But OpenAI is improperly using privilege to block discovery into basic information bearing on its acquisition, use, and deletion of copyrighted materials, including going so far as to claim that *all its policies regarding the acquisition of data from the internet are privileged.*<br><br>If allowed to stand, these expansive privilege assertions will result in the cultivation of a misleading and one-sided record at summary judgment and trial. The unfairness cultivated by OpenAI's selective disclosure is precisely why the "at-issue" waiver doctrine exists.<br><br>News and Class Plaintiffs respectfully request that the Court order OpenAI to either withdraw its claims implicating its state of mind and good faith, or produce the documents and information shielded by these privilege claims (and require its witnesses to testify regarding the same). Additionally, Class Plaintiffs contend that OpenAI's conduct in torrenting Class Plaintiffs' works, using those same works to induce billions of dollars in investments from Microsoft and build a business worth more than $500 billion, deploying LLMs which it new would regurgitate those works for commercial gain, and distributing Class Plaintiffs' works to third parties (including Microsoft and third party contractors), provides probable cause of criminal copyright infringement. The Court should thus require OpenAI to identify and produce for *in camera* review the purportedly privileged material relating to these issues, and, upon a finding that the attorney communications are in furtherance of criminal copyright infringement, require their production. |

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | **OpenAI's Position:** Plaintiffs' latest attempt to invade OpenAI's attorney-client privilege should be rejected on the merits, and is at best premature. Plaintiffs' motion seeks to drastically expand the at-issue waiver theory addressed in the Court's November 24, 2025 Order to virtually every privileged topic in this case. ECF 846 (the "Order"). But OpenAI's objections to the Order are pending before Judge Stein, who will hold argument on January 16, 2026. ECF 1089. Resolution of those objections, whether by Judge Stein or the Second Circuit, will bear directly on the present motion. The Court should hold the plaintiffs' motion in abeyance until OpenAI's objections are resolved.<br><br>If the Court considers the motion on the merits, it should be denied. Plaintiffs suggest OpenAI has put good faith at issue, but OpenAI does not assert a good faith affirmative defense and has told Plaintiffs and the Court that it does not intend to rely on the advice of counsel. Nevertheless, the Order concluded that OpenAI waived privilege over a discrete subset of documents by denying willfulness based on the specific factual record on that motion. Plaintiffs rely on that conclusion now to argue that by denying willfulness and asserting a ubiquitous copyright defense—fair use—OpenAI somehow also waived privilege over all legal advice relating to virtually every topic in this litigation. Plaintiffs offer no decision from any court embracing that startling theory, which would eviscerate attorney-client privilege in every case involving a fair use defense or in which the plaintiff puts the defendant's state of mind at issue. Plaintiffs also renew their invocation of the crime-fraud exception. The Court already rejected the plaintiffs' first attempt to apply that exception, Order at 27, and plaintiffs offer no reason to reach a different conclusion now. |
| Dkt. 1070 (Sealed Filing) Dkt. 1074 (Public Filing) | 1/5/26 | Dkt. 1119 | OpenAI's privilege assertions | Class and News Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing and the Court has not yet heard argument. | **Class and News Plaintiffs' Position:** Class and News Plaintiffs seek an order compelling OpenAI to produce four categories of documents OpenAI is improperly withholding or redacting on the basis of privilege:<br>• Documents related to shadow libraries: OpenAI's privilege log fails to substantiate its privilege entries related to shadow libraries. OpenAI has improperly redacted 50+ Slack channels related to shadow libraries in full and redacted non-privileged |

6

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | discussions about business and technical issues like data acquisition and Internet scraping. These documents are not privileged because they are predominantly business or technical rather than legal.<ul><li>Other redacted documents that are primarily business or technical: Plaintiffs also challenge a sample of 87 other redacted documents they reflect predominantly business or technical conversations like training data and regurgitation.</li><li>OpenAI's company policies: OpenAI is withholding company policies about business or technical topics like the acquisition of Internet text data. Because company policies are not privileged, OpenAI must produce any company policies it is currently withholding.</li><li>OpenAI's technical datasets: OpenAI is withholding technical datasets related to OpenAI's regurgitation-related efforts, including efforts to identify and evaluate real-world instances of regurgitation. These technical datasets are not privileged; even if they were privileged, Plaintiffs have a substantial need for these datasets because they support Plaintiffs' claims for prima facie infringement and rebut OpenAI's fair use defense. Obtaining materially similar information would present undue hardships in view of the existing output-log related difficulties, and because OpenAI has deleted a substantial portion of its output logs.</li></ul>**OpenAI's Position:** Plaintiffs' motion seeks categorical production of hundreds of privileged documents, disregarding established privilege standards and ignoring the meet-and-confer process. Following the Court's October 1 Order, OpenAI conducted a comprehensive, document-by-document re-review of its privilege log, amended entries as appropriate, and flagged "shadow library" references to facilitate resolution. Despite these efforts, Plaintiffs broadly challenged every "shadow libraries" entry (save one) and numerous additional documents, making only broad-strokes challenges and refusing to meaningfully confer to narrow the dispute. For example, Plaintiffs were prepared to discuss *only two* documents at conferral, and ultimately dropped their challenge over one as a result. Rather than meet-and-confer |

7

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | over any of the other documents, Plaintiffs filed a premature motion.<br><br>Plaintiffs' motion should be denied. First, OpenAI's privilege log entries contain facts sufficient to establish each element of privilege, as required by Local Rule 26.2 and Second Circuit precedent. Second, Plaintiffs' argument that legal advice on "business or technical" matters cannot be privileged is unsupported and contrary to law; counsel routinely provide privileged advice on such topics. And the fact that the unredacted portions of documents appear primarily "business or technical" in nature is unsurprising, given OpenAI is properly redacting only *legal* advice. Plaintiffs also incorrectly assert that communications between non-attorneys are not privileged–it is well established that communications between non-attorneys may be privileged where they relay or discuss advice from in-house counsel.<br><br>Finally, Plaintiffs' objections to internal policies and a work-product protected data file are both unfounded and premature given Plaintiffs' failure to fully confer. Plaintiffs rely on a passing comment from a deponent to claim OpenAI is improperly withholding unidentified policy documents. OpenAI has produced relevant policies in full and made appropriate redactions for some. OpenAI has offered to clarify with the deponent which, if any, policy he was referencing, upon his return from international travel. At present, it is unclear whether any dispute exists. Moreover, Plaintiffs' contention that a policy cannot be privileged solely because it is a policy is contrary to established law. With respect to the data file, Plaintiffs raised their "substantial need" argument late Friday, immediately before the Monday filing deadline. OpenAI proposed a solution enabling Plaintiffs to obtain the requested facts without compromising work product protection. Although Plaintiffs expressed willingness to consider this approach, they nevertheless proceeded to file their motion and still have not responded to the offer.<br><br>OpenAI is willing to confer on additional documents and to determine what additional information Plaintiffs believe is necessary to resolve these disputes, but Plaintiffs filed this motion before further conferral was possible. The Court should order the parties to continue conferring and deny Plaintiffs' motion. |

8

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| [Dkt. 1073](#) (Public Filing) | 1/5/26 | [Dkt. 1113](#) | Additional 30(b)(6) and 30(b)(1) deposition time with OpenAI | Class and News Plaintiffs | OpenAI | Plaintiffs and OpenAI have submitted letter briefing and the Court has not yet heard argument. | **Class and News Plaintiffs' Position:** Class and News Plaintiffs submit this letter to request additional deposition time for OpenAI witnesses. Plaintiffs request 50 additional hours: (A) 30 additional 30(b)(6) deposition hours, to be split among all Plaintiffs, and (B) 20 additional 30(b)(1) deposition hours—10 hours for Class Plaintiffs and 10 hours for News Plaintiffs.<br><br>The request for additional 30(b)(6) time is based on OpenAI's designation of an extraordinary number of 30(b)(6) witnesses—19 separate employees—to testify as Rule 30(b)(6) designees. The request for additional 30(b)(1) deposition time is based on OpenAI's belated disclosure of five additional witnesses under Rule 26, *after* the parties negotiated the deposition hours caps.<br><br>**OpenAI's Position:** Plaintiffs' request is an effort to rewrite the months-negotiated, Court-ordered Deposition Protocol based on misrepresentations. Plaintiffs seek to more than *double* the agreed Rule 30(b)(6) hours and add still more Rule 30(b)(1) hours. Under the Protocol, Plaintiffs already have the benefit of 235 hours of deposition time with OpenAI witnesses, of which 160 remain to be used. Plaintiffs do not satisfy their Rule 26 burden to identify any "good cause," nor explain why the additional 50 hours would not be "unreasonably cumulative" or why they would not otherwise have "ample opportunity to obtain the information" with the 160+ hours they have remaining.<br><br>Plaintiffs blame OpenAI for designating 19 Rule 30(b)(6) witnesses, but this is a reasonable and necessary number to cover the staggering number of topics and subtopics in Plaintiffs' 30(b)(6) notices—notices that Plaintiffs drafted *after* entry of the Protocol. Plaintiffs' request for additional Rule 30(b)(1) deposition time relies on five witnesses included on OpenAI amended initial disclosure in October, but four of these witnesses had ***already been previously disclosed*** prior to the MDL or previously *noticed* for deposition by Plaintiffs themselves when the Protocol was entered. And Plaintiffs request only a half-day with the one "new" witness, which OpenAI is willing to accommodate to provide additional time. |

9

| Motion | Date Filed | Opp. | Topic in Dispute | Moving Party | Responding Party | Status | Parties' Positions |
|---|---|---|---|---|---|---|---|
| | | | | | | | OpenAI and Microsoft have structured their deposition strategies in reliance on the Protocol's hours caps. Defendants have taken care to plan, sequence, and conduct depositions within the agreed caps, including coordinating witnesses and avoiding duplicative testimony as the Protocol contemplates. Plaintiffs should be subject to the same obligations. |