January 28, 2026

>   *In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
>   This Document Relates To: News Cases

Dear Magistrate Judge Wang:

    News Plaintiffs oppose OpenAI's January 15, 2026, motion to seal. Dkt. 1167. On January 5, OpenAI sought a Protective Order seeking to limit the deposition of its President, Greg Brockman. Dkt. 1041. New Plaintiffs opposed, citing various documents produced in this litigation showing Mr. Brockman's central role in the parties' dispute. Dkt. 1103. Despite this Court's order denying OpenAI's motion, Dkt. 1170, OpenAI still seeks to seal substantial portions of News Plaintiffs' brief and exhibits. The motion to seal should be denied.

    ***First,*** the motion to seal does not comply with this Court's Standing Order because OpenAI did not identify the portions of Plaintiffs' brief and exhibits it seeks to seal. Rather, the motion represents that "OpenAI's request is narrowly tailored" since OpenAI seeks to "***seal or redact select exhibits and limited, related portions of Plaintiffs' letter brief***, *leaving the balance of the documents unredacted and open to the public*." Dkt. 1167. Yet nowhere did OpenAI identify the "select exhibits" and "limited portions" of Plaintiffs' brief that OpenAI seeks to seal. This practice is in stark contrast to this Court's Standing Order, which provides: "Where the motion seeks approval to redact information from a document that is to be publicly filed, the filing party shall: (1) publicly file the document with the proposed redactions, and (2) electronically file under seal a copy of the unredacted document with the proposed redactions highlighted." Rule VI.b.

    ***Second,*** OpenAI's request to seal is plainly overbroad. By way of background, in an effort to resolve this dispute without motion practice, News Plaintiffs asked OpenAI to clarify which material it seeks to seal. Ex. 1 (emails between counsel). ***OpenAI responded that it seeks to seal the entirety of all 15 exhibits and every portion of Plaintiffs' brief that cites those exhibits***. *Id.* That position contradicts OpenAI's representation to this Court that its request "leav[es] the balance of the documents unredacted and open to the public." Dkt 1167 at 3. That position likewise contradicts OpenAI's representation that "OpenAI has not sought to seal all material it has designated as Protected Discovery Material under the Protective Order." *Id.* The truth is OpenAI is seeking to seal "all material that it has designated as Protective Discovery Material", i.e., all 15 exhibits and every single citation to those exhibits, which is overbroad on its face.

    ***Third,*** while News Plaintiffs will not belabor it here as the burden was OpenAI's to substantiate the need for sealing, *United States v. Amodeo*, 44 F.3d 141, 148 (2d Cir. 1995), a simple review of the documents at issue makes clear that OpenAI cannot prove that "higher values necessitate [] sealing", such as the need to protect "commercially sensitive information" or "confidential business interests and financial information," *Rand v. Travelers Indem. Co.*, 2023 WL 4636614, at *2 (S.D.N.Y. July 19, 2023). "A party's fear of embarrassment or harm to reputation . . . does not provide grounds for sealing a public record." *Lopez v. JP Morgan Chase*, No. 2:24-CV-10990, 2025 WL 2015001, at *3 (E.D. Mich. Apr. 28, 2025).

2

      Because OpenAI has not complied with the Court's Standing Order, because OpenAI misrepresented the scope of its sealing request which is overbroad on its face, and because there is no basis for sealing the requested documents, which the Court relied on in denying OpenAI's motion for a Protective Order, the motion to seal should be denied, and the Court should order Plaintiffs to publicly file the their letter brief and exhibits at Dkt. 1103.

                Respectfully,

                */s/ Davida Brook*
                Davida Brook
                Susman Godfrey LLP
                Counsel for The New York Times Company
                News Plaintiffs' Liaison Counsel

cc:    All Counsel of Record (via ECF)