UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | 25-md-03143 (SHS) (OTW)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF OPENAI HOLDINGS, LLC'S MOTION FOR SUBSTITUTION** |

Defendant OpenAI Holdings, LLC,[1] through its undersigned counsel, respectively moves for entry of an order pursuant to Fed R. Civ. P. 25(c) to substitute OpenAI Group PBC into the action.[2]

## DISCUSSION

OpenAI Holdings, LLC seeks to substitute a real party in interest as a named defendant in this action. Rule 25(c) provides that "[i]f an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action." Fed. R. Civ. P. 25(c). A Rule 25(c) substitution serves as "a procedural mechanism designed to facilitate the continuation of an action when an interest in a lawsuit is transferred and

---

[1] OpenAI Holdings, LLC merged into OpenAI Group PBC on December 31, 2025 and no longer exists as a standalone entity.

[2] OpenAI reached out to Plaintiffs on February 19, 2026, February 23, 2026, February 26, 2026, February 27, 2026, March 3, 2026, and March 4, 2026, regarding whether Plaintiffs will oppose this motion, and has provided Plaintiffs with a copy of this motion and its accompanying declaration. News Plaintiffs responded on March 4, 2026 stating that they "do not yet have a position on the motion and [ ] will respond in due course once it is filed." *See* 03/04/2026 A. Frawley correspondence to M. Darrow. Class Plaintiffs responded similarly on March 4, 2026, stating that they "do not have a position on the motion at this time" but will "respond in due course once it is filed." *See* 03/04/2026 A. Magee correspondence to M. Darrow.

does not affect the substantive rights of the parties." *Travelers Ins. Co. v. Broadway W. St. Assocs.*, 164 F.R.D. 154, 164 (S.D.N.Y. 1995).

Where a party has assigned all of its rights, title, and interest to another entity, a court may exercise its discretion to substitute the transferee for the original party in that action. *See United States Sec. & Exch. Comm'n. v. Collector's Coffee, Inc.*, 451 F. Supp. 3d 294, 298 (S.D.N.Y. 2020). Substitution may be ordered when "the transferee's presence would facilitate the conduct of the litigation." *Levin v. Raynor*, 03 CIV. 4697 GBDTHK, 2010 WL 2106037, at *2 (S.D.N.Y. May 25, 2010) (*citing* 7C Charles Allan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice and Procedure § 1958 (3d ed.2007) *and Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993)).

OpenAI Holdings, LLC, a named defendant in this action, has transferred its entire interest in this action and is consequently no longer a real party in interest. Specifically, on December 31, 2025, OpenAI Holdings, LLC merged into OpenAI Group PBC and no longer exists as a standalone entity. *See* Declaration of Michael Trinh dated March 4, 2026. A merger is a transfer of interest, and therefore OpenAI Holdings, LLC's assets, liabilities, and litigation interests were transferred by operation of law to OpenAI Group PBC. *See Levin*, 2010 WL 2106037, at *2 (substituting a party's successor-in-interest following a merger). Accordingly, the substitution of OpenAI Group PBC into the action, replacing OpenAI Holdings, LLC as a defendant in this action, would reflect the real parties in interest.

## CONCLUSION

For the foregoing reasons, OpenAI Holdings, LLC respectfully requests this Court order the substitution of OpenAI Group PBC into the action, replacing OpenAI Holdings, LLC as a named defendant.

Dated: March 4, 2026

| | |
|---|---|
| */s/ Allison S. Blanco*  <br>**LATHAM & WATKINS LLP**  <br>Andrew M. Gass (*pro hac vice*)  <br>  *andrew.gass@lw.com*  <br>San Francisco, CA 94111  <br>Telephone: 415.391.0600  <br>  <br>Sarang V. Damle  <br>  *sy.damle@lw.com*  <br>Luke A. Budiardjo  <br>  *luke.budiardjo@lw.com*  <br>1271 Avenue of the Americas  <br>New York, NY 10020  <br>Telephone: 212.906.1200  <br>  <br>Elana Nightingale Dawson (*pro hac vice*)  <br>  *elana.nightingaledawson@lw.com*  <br>555 Eleventh Street, NW, Suite 1000  <br>Washington, D.C. 20004  <br>Telephone: 202.637.2200  <br>  <br>Allison S. Blanco (*pro hac vice*)  <br>  *allison.blanco@lw.com*  <br>650 Town Center Drive, Suite 2000  <br>Costa Mesa, CA 92626  <br>Telephone: (714) 540-1235 | */s/ Rose S. Lee*  <br>**MORRISON & FOERSTER LLP**  <br>Joseph C. Gratz (*pro hac vice*)  <br>  *jgratz@mofo.com*  <br>Tiffany Cheung (*pro hac vice*)  <br>  *tcheung@mofo.com*  <br>Caitlin Sinclaire Blythe (*pro hac vice*)  <br>  *cblythe@mofo.com*  <br>425 Market Street  <br>San Francisco, CA 94105  <br>Telephone: 415.268.7000  <br>  <br>Rose S. Lee (*pro hac vice*)  <br>  *roselee@mofo.com*  <br>707 Wilshire Boulevard, Suite 6000  <br>Los Angeles, CA 90017  <br>Telephone: 213.892.5200  <br>  <br>  <br>*/s/ Michelle S. Ybarra*  <br>**KEKER, VAN NEST & PETERS LLP**  <br>Robert A. Van Nest (*pro hac vice*)  <br>  *rvannest@keker.com*  <br>R. James Slaughter (*pro hac vice*)  <br>  *rslaughter@keker.com*  <br>Paven Malhotra  <br>  *pmalhotra@keker.com*  <br>Michelle S. Ybarra (*pro hac vice*)  <br>  *mybarra@keker.com*  <br>633 Battery St.  <br>San Francisco, CA 94111  <br>Telephone: 415.391.5400 |

*Attorneys for OpenAI*

## CERTIFICATE OF COMPLIANCE

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of Law in Support of OpenAI Holdings, LLC's Motion for Substitution is 554 words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word count feature of the word-processing system used to prepare this memorandum.

Dated: March 4, 2026                                By:  /s/ Rose S. Lee
                                                         Rose S. Lee