# KLARIS

March 13, 2025

**Via ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

>      Re:    ***In re OpenAI, Inc. Copyright Infringement Litigation***, 25-md-03143
>             **This Document Relates To: Case No. 1:25-cv-04315**

Dear Magistrate Judge Wang:

Per the Court's Order (ECF No. 1425), Ziff Davis and OpenAI submit this status update regarding the Ziff Davis disputes (ECF Nos. 1202, 1210, 1322).

## I.    *Joint Statement on n-gram Searching*

The Parties are pleased to report that most of their disputes have been resolved. With respect to Ziff Davis' motion as to n-gram searches and the inspection environment (portion of ECF No. 1322), OpenAI agrees to run n-gram searches using Ziff Davis' Asserted Works in the 29 training datasets set forth in an email between the undersigned dated March 13, 2026 at 8:43 p.m. ("Specification Email"). OpenAI will run the n-gram search using the parameters set forth in the Specification Email. OpenAI will make best efforts to complete the production of n-gram search results and deliver results by March 26, 2026.

Ziff Davis has further requested that OpenAI provide 5 additional Azure Virtual Machines for Ziff Davis to use to run its own n-gram searches in OpenAI's training data.  OpenAI is considering this request and anticipates being able to provide additional resources.

In consideration of the above, and to the extent not already terminated by the Court, Ziff Davis will withdraw its motion as to OpenAI's responses to Interrogatory Nos. 7 and 16 (ECF No. 1210). Assuming the Parties reach agreement on the requested additional resources, Ziff Davis will also withdraw its motion for additional technical discovery (ECF No. 1052), and its request for construction of a Databricks environment (portion of ECF No. 1322).

## II.    *Dkt. 1202 (OpenAI's RFAs)*

Regarding Ziff Davis's motion to compel as to OpenAI's responses to Requests for Admission (Dkt. 1202), OpenAI maintains that its second supplemental responses comply with the Local and Federal Rules. Ziff Davis reserves its right to seek appropriate relief (including from the trial court as provided in Rule 36) based on OpenAI's responses, and withdraws its motion without prejudice.

Klaris Law PLLC                                                    Lance.Koonce@KlarisLaw.com
161 Water Street, Ste 904, New York, NY 10038                                    (917) 612-5861

# KLARIS

OpenAI denies that Ziff Davis would be entitled to any relief—either under its withdrawn motion or in response to any future motion—because OpenAI's recent supplemental responses address the purported issues.

### III.    Post-July 2024 Document Production

**Ziff Davis's Position:**

With respect to Ziff Davis's motion for production by OpenAI of six categories of post-July 2024 documents (ECF. No. 1322, p. 5), Ziff Davis has offered to narrow that request to only two categories of "go gets": (1) documents concerning OpenAI's assignment of rights in output; and (2) analyses, studies, measurements, testing, experimentation, assessments, or other evaluation of the value of Ziff Davis content. These categories are exceedingly limited and go to key issues in the case, namely the CMI "distribution" claim, as the Court has recognized that OpenAI's contractual assignment of rights in output from its products may constitute distribution (ECF No. 968, at 9[1]), and the value of Ziff Davis's content to OpenAI for training and RAG purposes, which is relevant to the fair use analysis and damages.

Contrary to OpenAI's position, at the December discovery conference and in its subsequent Order, while the Court denied Ziff Davis's request that OpenAI update its production through August 2025, it "directed [the parties] to meet and confer on limited post-July 2024 categories for discovery." Dkt. 910 at 2 ¶ 6 (cited with approval by Judge Stein at ECF No. 1228). Ziff Davis has attempted to do so repeatedly as reflected in its submissions to the Court (*see* ECF No. 1274-3 at 12-14; ECF No. 1315), but OpenAI has rejected production of any further documents, notwithstanding that OpenAI itself has continued to seek post-July 2024 document categories from Ziff Davis. Finally, OpenAI's argument that post-July 2024 documents are irrelevant because all in-scope models were trained before July 2024 is baseless, as in-scope models were still *in operation* after that date and are alleged to have used Ziff Davis content in RAG, and are alleged to have caused distribution of Ziff Davis content without CMI, after July 2024.

**OpenAI's Position:**

Ziff Davis's attempt to include the issue of post-July 2024 documents is improper and contravenes Magistrate Judge Wang's and Judge Stein's prior orders. Ziff Davis has no pending motion on this issue,[2] both Magistrate Judge Wang and Judge Stein's orders have squarely foreclosed this issue (*see* ECFs 910, 968; *see also* ECF 1274-3 at 13–15), and Magistrate Judge Wang instructed Ziff

---

[1] "But the FAC alleges more than mere public display. It alleges that OpenAI's LLMs create and provide to third parties copies of Ziff Davis's works without CMI and that OpenAI 'then purports to transfer ownership of the infringing output . . . to its commercial and individual users' pursuant to OpenAI's Terms of Use." (FAC ¶ 170.)

[2] Ziff Davis misleadingly cites to ECF 1322, which is a motion to compel n-gram searches and not a motion to compel post-July 2024 documents.

# KLARIS

Davis not to re-raise this issue "unless and until Judge Stein rules on the motion to stay; and *then only if the [order on the] motion to stay comes out and opens things up*." 12/4/25 Hr'g Tr. at 200:2–5 (emphasis added). Ziff Davis is well aware that Judge Stein's Order did the exact opposite—it expressly narrowed the scope of discovery to mirror the scope across the MDL, closing with GPT-4o mini as the last in-scope model, which was released in July 2024.  ECF 968.

Ziff Davis also had ample opportunity during fact discovery to seek properly tailored "go-get" categories of post-July 2024 documents.  It did not and still has not.  Instead, it has pursued sweeping categories of document production that would require custodial collections and search terms—precisely the type of wholesale discovery that this Court and Judge Stein expressly rejected. *See* ECFs 968, 1228, 1274-3; *see also* 12/4/25 Hr'g Tr. at 199:25–200:1 ("We're not doing compromise offers with limited custodians and limited search terms."); ECF 1228 (ruling that this Court "reasonably determined that she would not 'grant[] wholesale discovery' through August 2025 "especially given the [then-]pending motion to stay" that "in fact did impact-the appropriate scope of discovery here").

Now, Ziff Davis offered a new proposal for the first time nearly two weeks after the close of fact discovery and on the eve of the joint status report. This improper proposal continues to exceed the scope of discovery as defined by Judge Stein (ECF 1228 (narrowing the scope of discovery in the *Ziff Davis* Action to mirror the MDL scope of discovery)) because it seeks documents not relevant to the in-scope models or issues in this Action.  For example, post-July 2024 documents concerning the purported value of Ziff Davis content are not relevant as all in-scope models were trained before July 2024.  And contrary to Ziff Davis's contention, although Judge Stein's Order identifies certain allegations (FAC ¶¶ 166–68) as sufficient to plead a § 1202(b)(3) claim, it does not address Ziff Davis's allegation regarding an assignment of rights (*id.* ¶ 170) and therefore does not find that allegation sufficient to plead the claim.  ECF 968.

Respectfully submitted,

| | |
|---|---|
| /s/ *Lily Li* | /s/ *Lacy H. Koonce, III* |
| Lily Li | Lacy H. Koonce, III |
| Morrison & Foerster LLP | Klaris Law PLLC |
| Counsel for OpenAI Defendants | Counsel for Ziff Davis Plaintiffs |