**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- X
                                               :

*In re OpenAI, Inc. Copyright Infringement*     :       No. 1:25-md-03143-SHS-OTW
*Litigation*                                 :

                                               :
-------------------------------------------------------------- X

**STIPULATION & ORDER RE: OUTPUT DATASET PRINTOUT PROTOCOL**

Upon the stipulation of the parties, the following protocol will apply to printing of portions of below defined OpenAI Output Log Data or the 78M/10M Datasets (collectively, the "OpenAI Conversation Datasets") produced by Defendants OpenAI, Inc., OpenAI, L.P., OpenAI L.L.C., OpenAI OpCo, L.L.C., OpenAI Global L.L.C., OAI Corporation L.L.C., OpenAI Holdings L.L.C., OpenAI GP, L.L.C., OpenAI Startup Fund GP I, L.L.C., OpenAI Startup Fund I, L.P., and OpenAI Startup Fund Management, LLC (collectively, "OpenAI" or "Producing Party") and Microsoft Output Log Data produced by Defendant Microsoft Corporation ("Microsoft" or "Producing Party"):

1.  For purposes of this protocol, the following definitions shall apply:

    a.  "OpenAI Output Log Data" shall be defined as the approximately 20 million deidentified consumer ChatGPT output logs that OpenAI has made available for inspection pursuant to the Court's November 10, 2025 Order, MDL ECF No. 734.

    b.  "78M Dataset" shall be defined as the dataset containing approximately 78 million conversations that OpenAI has made available for inspection pursuant to the Court's March 9, 2026, Order MDL ECF 1419.

    c.  "10M Dataset" shall be defined as the dataset containing approximately 10 million conversations that OpenAI has made available for inspection pursuant to the Court's March 9, 2026, Order, MDL ECF 1419.

    d.  The "78M/10M Datasets" shall be defined as, collectively, both the 78M Dataset and 10M Dataset.

    e.  The "Microsoft Output Log Data" shall be defined as the approximately 8.2 million Copilot output logs that Microsoft has made available for inspection.

1

2.  The OpenAI Conversation Datasets shall be made available for inspection in electronic format on a secured Databricks environment hosted by OpenAI ("OpenAI Secured Environment") that is remotely accessible only via laptops provided and managed by OpenAI (the "Laptops") solely for purposes of the Centralized Actions defined in Paragraph 3. The Microsoft Output Log Data shall be made available for inspection in an electronic format on a secured virtual machine environment hosted by Microsoft ("Microsoft Secured Environment"). Collectively, the OpenAI Secured Environment and the Microsoft Secured Environment are referred to as the Secured Environment, and the OpenAI Conversation Datasets and the Microsoft Output Log Data are referred to as the Conversation Datasets. No copies of the Conversation Datasets may leave the Secured Environment except as provided herein.

3.  The "Inspecting Party" shall be defined as any of the Plaintiffs to *Tremblay, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03233 (N.D. Cal.), *Silverman, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-03416 (N.D. Cal.), *Chabon, et al. v. OpenAI, Inc., et al.*, No. 3:23-cv-04625 (N.D. Cal.), *In re OpenAI ChatGPT Litigation*, No. 3:23-cv-0322 (N.D. Cal.), *Millette v. OpenAI, Inc., et al.*, No. 5:24-cv-04710 (N.D. Cal.), *Authors Guild, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-08292 (S.D.N.Y.), *Alter, et al. v. OpenAI, Inc., et al.*, No. 1:23-cv-10211 (S.D.N.Y.), *The New York Times Co. v. Microsoft Corp., et al.*, No. 1:23-cv-11195 (S.D.N.Y.), *Basbanes, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-01514 (S.D.N.Y.), *Raw Story Media, Inc., et al. v. OpenAI, Inc., et al.*, No. 1:24-cv-01514 (S.D.N.Y.), *The Intercept Media, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-01515 (S.D.N.Y.), *Daily News LP, et al. v. Microsoft Corp., et al.*, No. 1:24-cv-03285 (S.D.N.Y.), *The Center for Investigative Reporting, Inc. v. OpenAI, Inc., et al.*, No. 1:24-cv-04872 (S.D.N.Y.), the *Ziff Davis, Inc. et al. v. OpenAI Inc., et al.*, No. 1:25-cv-4315 (S.D.N.Y.) litigation, and any actions transferred to this Court pursuant to Rule 7.1 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation or otherwise centralized with this litigation (centralized as *In re: OpenAI,*

2

*Inc. Copyright Litigation*, No. 1:25-md-03143 (S.D.N.Y.) and collectively the "Centralized Actions", and each individual action, an "Action"). For the avoidance of doubt, only outside counsel of record of the Inspecting Party, as well as staff under the supervision of said outside counsel of record to whom it is reasonably necessary to disclose for the Action(s), and experts of the Inspecting Party who have been properly disclosed under Paragraph 29 of the Stipulated Protective Order (ECF 367), and staff under the supervision of said experts to whom it is reasonably necessary to disclose for the Action(s), shall be authorized to inspect the Conversation Datasets.

4.      To the extent an Inspecting Party intends to quote directly from the Conversation Datasets (including contents or metadata) in an expert report and exhibits thereto that is served pursuant to Rule 26(a)(2)(B) and the operative scheduling order in the Actions ("Expert Report"), the Inspecting Party may copy and paste reasonable and limited portions of Conversation Data directly from the Secured Environment into a draft of the Expert Report, limited to no greater than 1,000 conversations from each Defendant group per Inspecting Party, provided strict adherence to the following procedures described herein.

a.      Any portions of Conversation Data quoted in an Expert Report shall only be copied by an Inspecting Party directly[1] from the Secured Environment to a draft Expert Report and shall not be otherwise copied, exported, or saved in any other location or in any other medium outside of the Secured Environment. For the avoidance of doubt, such quoted content shall be limited to only reasonable portions necessary for the expert's opinions contained in the Expert Report and shall *only* be saved in drafts of the Expert Report itself. Parties shall not create separate copies of Conversation Data outside of the Secured Environment (*i.e.*, copies of Conversation Data

---

[1] If for legitimate technical reasons it is so required, the Parties agree that Conversation Data from the Conversation Datasets may be temporarily copied to an intermediate temporary document for the sole purpose of facilitating the copying from the secure environment and pasting into an Expert Report, subject to the condition that the temporary document be deleted and destroyed once the Conversation Data is pasted into the Expert Report.

beyond the specific portions quoted in an Expert Report) or otherwise export or copy/paste any content of Conversation Data from the Secured Environment except through printouts created pursuant to Sections 5-10 of this protocol.

b.      Any and all portions of Conversation Data that an Inspecting Party copies from the Secured Environment for quoting in an Expert Report shall be used solely for that purpose without exception. This does not preclude use of any and all portions of Conversation Data that an Inspecting Party copies from the Secured Environment for quoting in an Expert Report during summary judgment.

c.      Conversation Data, including any portions of Conversation Data quoted in an Expert Report, is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the operative Stipulated Protective Order, and further subject to the additional limitations that any portions of Conversation Data quoted in a draft Expert Report shall only be made available to individuals to whom disclosure is reasonably required for purposes of preparing, reviewing, revising, or responding to an Expert Report that contains excerpts of Conversation Data, which may include (i) the Inspecting Party's outside counsel of record in the Actions, as well as staff under the supervision of said outside counsel of record to whom it is reasonably necessary to disclose for the Action(s), (ii) experts of the Inspecting Party and staff under the supervision of said experts to whom it is reasonably necessary to disclose for the Action(s), provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an exhibit to the Stipulated Protective Order, (iii) in-house counsel designated pursuant to paragraph 24(b) of the Protective Order (Dkt. 367) and (iv) the Court and its personnel.

d.      The Producing Party may, after the service of an Inspecting Party's Expert Report, propose additional redactions to any quoted excerpt of Conversation Data that it reasonably determines contains information that could be used to identify the user who generated the

4

Conversation Data, a private individual or any other privacy interest. If the Producing Party makes such a determination, the Producing Party shall promptly notify the Inspecting Parties of the Expert Report and quoted Conversation Data in question and the proposed additional redactions to the quote that it believes are necessary to remedy the issue. To the extent additional redactions are necessary, pursuant to the process described herein, the Inspecting Party who served the Expert Report shall re-issue the Expert Report in question with the additional redactions, and the Parties shall destroy all prior versions of the Expert Report in their possession.

      e.     The Inspecting Party may request changes to any redactions made to specific Conversation Data excerpts quoted in an Expert Report if the redactions inhibit the Inspecting Party's ability to analyze the relevant Conversation Data excerpt for the limited purpose of inclusion in the Expert Report.

      5.     The Inspecting Party may obtain printouts of reasonable and limited portions of the Conversation Datasets with a presumptive limit of no more than 2,000 conversations from each Defendant group per Inspecting Party absent a showing of good cause to prepare court filings or pleadings or other papers by following the procedures provided herein.[2] For purposes of this protocol, references to "print," "printing," or "printouts," with respect to any individual conversation, are understood to refer to Bates-stamped PDF image of the specified, formatted fields associated with the conversation (as described in this Paragraph):

      a.     Any printouts of OpenAI Output Log Data shall include by default the following formatted fields: conversation level fields, including conversation_id, create_time, update_time, is_ephemeral, training disabled, is_archived, is_anonymous, default_model_slug; message level fields, including: message_id,

---

[2] For avoidance of doubt, the numerical conversation limits on copying portions of the Conversation Data into an Expert Report (as described in Section 4 above) and on printouts (as described in Sections 5-10 below) apply independently to each Plaintiff group.

create_time, role (or "author"), recipient, message content (including all subfields), and message metadata (limited to message type, model, model_slug, finish_details, is_complete).

b.      Any printouts of the 78M Dataset shall include all of the available formatted fields ($.id, $.create_time, $.model[],  $.messages[], $.messages[].role, $.messages[].text).

c.      Any printouts of the 10M Dataset shall include the formatted fields ($.md5_organization_id, $.md5_request_id,  $.prompt, $.generation, $["api.model"],  $.max_tokens,  $.text).

d.      Any printouts of Microsoft Output Log Data shall include by default the following formatted fields from TurnView (ConversationId, Author, MessageType, Text, HiddenText, SourceURL, ClientId, ImpressionGuid, FirstEvtTime, EventInfo_Time, CreatedAt, Timestamp).

6.      To make a request, the Inspecting Party shall create a shared folder entitled "Print Request" that is accessible to the Producing Party and provide therein a list of conversation identifiers (*i.e.*, conversation_id), organized by source (*i.e.*, Output Logs, 78M Dataset, or 10M Dataset). Notwithstanding the foregoing, the Inspecting Party shall be permitted to export and share conversation identifiers (conversation_id, $.id, and $.md5_request_id) with individuals authorized to view material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order.  For each print request, the Inspecting Party shall include, for each conversation requested to be printed, at least the source and conversation identifier. For OpenAI Output Log Data, the Inspecting Party may request the inclusion of specific additional fields of the log associated with that conversation identifier for the OpenAI Output Log Data that the Inspecting Party requests to be printed beyond the default fields described in Paragraph 5(a)-(c), with the

understanding that the Producing Party shall have the right to object to some or all of the additional fields, pursuant to the process described in Paragraph 7 below. The Inspecting Party shall alert the Producing Party when it has saved the list of conversation identifiers in the "Print Request" directory that it requests to be printed.

7.      Within five (5) business days from the date of request, the Producing Party shall either (i) produce printouts of the requested portions of the Conversation Datasets to the Inspecting Party's counsel in a readable format[3], or (ii) inform the Inspecting Party that the Producing Party objects that the requested portions are excessive, not for a permitted purpose, require additional redactions (*e.g.*, to protect private or personally identifiable information of the user who generated the Conversation Data, a private individual or any other privacy interest), require the addition or exclusion of specified fields contained in the request, and/or not justified (*see, e.g.*, Fed. R. Civ. P. 26(b)).  In the event that the Inspecting Party requests printouts of more than 100 individual conversations per five (5) business day period, the Producing Party shall be allowed a reasonable amount of time to respond to the request, commensurate with the number of conversations requested to be printed. The Producing Party must limit its review to the sole purpose of determining whether it objects and must include with its objection a specific identification of the conversations or portions it objects to and the specific bases for the objection. In the event the Producing Party objects, the parties shall meet and confer within three (3) business days of the Producing Party's notice of its objection. If, after meeting and conferring, the Producing Party and the Inspecting Party cannot resolve the objection, the Inspecting Party shall be entitled to seek a Court resolution of whether the requested Conversation Data should be printed. Conversation Data, including any printouts of Conversation Data, is designated as "HIGHLY CONFIDENTIAL –

---

[3] In the event that a dispute arises as to the readability of a specific format, the parties agree to meet and confer to try to resolve the matter by agreement.

ATTORNEYS' EYES ONLY" pursuant to the operative Stipulated Protective Order, and further subject to the additional limitations that any printouts of Conversation Data provided for the purpose of preparing court filings or pleadings or other papers (including a testifying expert's expert report) shall only be made available to (i) the Inspecting Party's outside counsel of record in the Actions, as well as staff under the supervision of said outside counsel of record to whom it is reasonably necessary to disclose for the Action(s), (ii) experts of the Inspecting Party and staff under the supervision of said experts to whom it is reasonably necessary to disclose for the Action(s), provided such persons have first executed an Undertaking to be Bound by Protective Order in the form annexed as an exhibit to the Stipulated Protective Order, (iii) in-house counsel designated pursuant to paragraph 24(b) of the Protective Order (Dkt. 367) and (iv) the Court and its personnel.

8.      The Inspecting Party may request changes to any redactions made to specific conversations in the Conversation Datasets if the redactions inhibit the Inspecting Party's ability to analyze that Conversation Data for the limited purposes of the litigation. For example, the Inspecting Party may request that certain redactions in a specific output log or 78M/10M Dataset conversation–which appear to redact non-private and non-identifying information and, as a result, impact the Inspecting Party's ability to analyze the Conversation Data–should be removed and the corresponding output log or 78M/10MDataset conversation should be made available without those redactions in place. For avoidance of doubt, the Producing Party shall maintain redactions of personally identifying information of, and anyone associated with, the user who generated the conversation. However, the Inspecting Party may request the removal of redactions of material from a published news article or book, and the Producing Party may not object to removing such redactions on the basis that they identify the subject of the published news article or book. The Inspecting Party shall include in the request (i) the conversation identifier for the Microsoft Output

Log Data (*i.e.*, ConversationID), OpenAI Output Log Data (*i.e.*, conversation_id) or 78M/10M Dataset data (*i.e.*, $.id or $.md5_request_id) in question (ii) the specific redactions within the record they believe inhibit the Inspecting Party's ability to analyze the Conversation Data and (iii) as to each contested redaction, the basis for such belief. Within five (5) business days from the date of request, the Producing Party shall either (i) provide the corresponding output with the requested update to the redactions, or (ii) inform the Inspecting Party that the Producing Party objects to changing the redactions as requested, and the bases for such objection. In the event that the Producing Party objects, the parties shall meet and confer within three (3) business days of the Producing Party's notice of its objection. If, after meeting and conferring, the Producing Party and the Inspecting Party cannot resolve the objection, the Inspecting Party shall be entitled to seek a Court resolution of whether the requested Conversation Data should be produced with the requested update to the redactions.

9.      The Producing Party may propose additional redactions to any Conversation Data that it reasonably determines contains unredacted information that could be used to identify the user who generated the Conversation Data, a private individual or any other privacy interest. If the Producing Party makes such a determination, the Producing Party shall promptly notify the Inspecting Parties of the conversation identifier of the Conversation Data in question and the proposed additional redactions it believes are necessary to remedy the issue. Upon receipt of such notice, the Inspecting Parties are prohibited from making any additional copies of the Conversation Data without the additional redactions specified in the notice until the question of whether the additional redactions is resolved.

10.     If any of the Inspecting Parties object to the additional redactions proposed in Paragraph 9, those Inspecting Parties shall notify the Producing Party of that objection within five (5) business days of the Producing Party's notice, and shall specify why the Inspecting Party

9

believes that the additional redactions are not necessary. In the event of such an objection, the parties shall meet and confer within three (3) business days of the Inspecting Party's notice of its objection. If, after meeting and conferring, the parties cannot resolve the objection, the Producing Party shall remove the previously produced version of the Conversation Data in question from the Secured Environment and replace it with a new version of the same data with the additional proposed redactions, and the Inspecting Party shall be entitled to seek a Court resolution of whether that replacement should be reversed. If the Court agrees that the additional redactions are appropriate, the Inspecting Parties shall destroy any copies of the previously produced Conversation Data in question in their possession, custody, or control. In the event that no Inspecting Party notifies the Producing Party of an objection to the additional redactions within five (5) business days of the Producing Party's notice, the Producing Party shall remove the previously produced version of the Conversation Data in question from the Secured Environment and replace it with a new version of the same data with the additional proposed redactions, and the Inspecting Parties shall promptly destroy any printouts of the previously produced Conversation Data in question in their possession, custody, or control.

11.     The Conversation Datasets shall be made available for inspection by the Inspecting Party on one of the Laptops or provisioned virtual machines that are used exclusively for this purpose up until the close of summary judgment briefing in the Centralized Actions (currently November 6, 2026). Within seven (7) business days from the date of the close of summary judgment briefing, the Inspecting Party shall return the Laptops provided by OpenAI.

12.     Each person who has access to Conversation Data during the relevant time period for inspection, as described above, shall take all due precautions to prevent unauthorized or inadvertent disclosure of such material. Nothing herein shall preclude the Producing Party from asserting legal claims, or seeking sanctions and/or indemnification arising out of the Inspecting

Party's failure to appropriately protect Conversation Data from unauthorized or inadvertent disclosure.

13.     Even after final disposition of any Action, the confidentiality obligations imposed by this stipulation and the Stipulated Protective Order shall remain in effect until the Producing Party agrees otherwise in writing or a court order otherwise directs. Within sixty (60) days after the final disposition of an Action, as defined in Paragraph 37 of the Stipulated Protective Order, each recipient of Protected Discovery Material must return to the Producing Party or destroy all Protected Discovery Material pursuant to Paragraph 38 of the Stipulated Protective Order. For the avoidance of doubt, "all Protected Discovery Material" includes all printouts, copies, abstracts, compilations, summaries, analyses, and any other format reproducing or capturing any portion of the Conversation Data.

14.     Notwithstanding any provisions of this stipulation or the Stipulated Protective Order, the Parties reserve the right to amend this stipulation either by written agreement or Order of the Court upon showing of good cause.

15.     The Inspecting Party shall under no circumstances make any attempt to use the Conversation Data in order to identify, contact, or be in contact with any users associated with any Conversation Data.  Nothing in this provision shall prevent News Plaintiffs from flagging suspicious activity for potential investigation by Defendants.

**IT IS SO STIPULATED**, through Counsel of Record.

11

Dated: April 22, 2026


/s/ *Justin Nelson*

SUSMAN GODFREY LLP
***Counsel for Class Plaintiffs***


/s/ *Daniel Justice*

Orrick, Herrington & Sutcliffe LLP
***Counsel for Microsoft***


/s/ *Rose Lee*

Morrison & Foerster LLP
***Counsel for OpenAI Defendants***


/s/ *Margaret Graham*

Latham & Watkins LLP
***Counsel for OpenAI Defendants***

/s/ *Davida Brook*

SUSMAN GODFREY LLP
***Counsel for News Plaintiffs***


/s/ *Edward Bayley*

Keker, Van Nest & Peters LLP
***Counsel for OpenAI Defendants***


**SO ORDERED.**

Dated: _____          _____

Hon. Ona T. Wang
United States Magistrate Judge

12