SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1000 LOUISIANA

SUITE 5100

HOUSTON, TX 77002-5096

(713) 651-9366

FAX (713) 654-6666

WWW.SUSMANGODFREY.COM

_____

|  |  |  |
|---|---|---|
| 401 UNION STREET<br>SUITE 3000<br>SEATTLE, WA 98101-2668<br>(206) 516-3880 | ONE MANHATTAN WEST<br>NEW YORK, NY 10001-8602<br>(212) 336-8330 | 1900 AVENUE OF THE STARS<br>SUITE 1400<br>LOS ANGELES, CA 90067<br>(310) 789-3100 |

JUSTIN A. NELSON
DIRECT DIAL 713-653-7895

E-MAIL JNELSON@SUSMANGODFREY.COM

April 29, 2026

**VIA ECF**

Hon. Ona T. Wang
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007

> RE:    OpenAI's Improper Privilege Redactions of "Multimodal Data Source project" (OPCO_MDL_004778475).
>
> *In re OpenAI, Inc. Copyright Infringement Litigation* (No. 1:25-md-03143) This document relates to the following Class Cases: Case No. 1:23-cv-08292, Case No. 1:23-cv-10211, Case No. 1:24-cv-00084, Case No. 1:25-cv-03291, Case No. 1:25-cv-03482, Case No. 1:25-cv-03483.

April 29, 2026
Page 2

Dear Magistrate Judge Wang:

  The day before opening expert reports OpenAI clawed back a two-page document entitled ███████████████████ (OPCO_MDL_004778475) which it had originally produced in December 2025. Ex. 1; Ex. 3. The document was created ████████████████ for a business / technical purpose without the involvement of counsel, and on its face involves no legal analysis.

  Several days after opening reports were served, OpenAI produced a version of the document which redacts non-privileged information that, based on the context of the document, at most relates to ██████████████████████████████ rather than any substantive legal analysis.

  Class Plaintiffs ("Plaintiffs") had reviewed and specifically noted this document—and the newly redacted bullet—shortly after the original production in December 2025. While Plaintiffs are complying with the protective order and will refrain from discussing the newly redacted bullet, there was nothing on the face of the document suggesting any privilege issue.

  Plaintiffs thus request that the Court order immediate production of the unredacted ██████████████████ document, or, in the alternative, *in camera* review of the document and, following that review, immediate reproduction of the unredacted whole.[1]

## I.  *Legal Standard*

  "Attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice." *Op. & Order Re: Privilege*, Dkt. 618 at 2 (citations and quotation marks omitted).

  As the Court has already held, "[t]he burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship, and they must do so by competent and specific evidence, rather than by conclusory or *ipse dixit* assertions." *Id.* at 3 (internal quotation marks and citations omitted); *id.* at 8, 9, n.5, n.12. Assertions of privilege arising from the involvement of in-house counsel in technical and business decisions must be "scrutinized carefully to determine whether the predominant purpose of the communication was to convey business advice and information or, alternatively, to obtain or

---

[1] Class Plaintiffs recognize that the Court is presently conducting *in camera* review of certain OpenAI documents related to, e.g., OpenAI's policies. *See* Dkt. 1383 at 9; Dkt. 1205; Dkt. 1214. Due to the belated nature of this clawback and the close relationship of the issues to the issues under review, Class Plaintiffs are raising this issue now so that, if the Court determines *in camera* review is necessary, it may be dealt with alongside the pending material.

April 29, 2026
Page 3

provide legal advice." *Id.* at n. 9 (quoting *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 323 (S.D.N.Y. 2020)).

Policies are not communications made for the purpose of obtaining or providing legal advice and thus are not privileged. *See United States v. Int'l Bus. Machines Corp.*, 66 F.R.D. 206, 210 (S.D.N.Y. 1974);  *Miller v. Smith Barney, Harris Upham & Co.*, No. 84 CIV. 4307 (JFK), 1986 WL 2762, at *6 (S.D.N.Y. Feb. 27, 1986) (finding internal compliance manuals were not privileged as they did not "constitute legal opinions"); *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. 407, 431 (N.D. Ill.), *supplemented*, 432 F. Supp. 2d 794 (N.D. Ill. 2006) (finding content in manuals which were "no more than an articulation of [the defendant's] policies]" were not privileged); *In re Domestic Drywall Antitrust Litig.*, No. 13-MD-2437, 2014 WL 5090032, at *4 (E.D. Pa. Oct. 9, 2014) (rejecting claim of privilege over antitrust compliance policy because "the policy is primarily a business policy" and finding the defendant's "argument [] no better than a company arguing that because its decision on how to market or advertise a product. . . was based on legal advice . . . the company's business policies are themselves privileged.").

As Judge Stein held in his opinion regarding the deletion of Books1 and Books2: the reasons for treating certain data in a certain way are not privileged, even if the underlying materials reflecting legal analysis may be. *See* Dkt. 1276 at 5-6 (finding that statement that datasets were deleted "due to non-use" did "not reveal any privileged information" because they did not "reveal any legal advice form an attorney to OpenAI").

## II.    The Redacted Content is Plainly Not Privileged

**First,** the document is notes of a discussion among non-lawyers regarding business / technical issues around ███████████████ . It does not involve lawyers, a request for legal advice, or list lawyers as advising in any capacity.

The metadata shows the document was created ████████████ , Ex. 1 at 1, and the notes from OpenAI's ███████████████████████████████████████████████████████████████████████████████████████████ *See* Ex. 2 (OPCO_MDL_004397691) at p. 21 (-710).

All four of the identified employees are researchers/engineers who were working on ███████████████████████ . None of them are attorneys or have ever functioned in a legal capacity at OpenAI. As the Court is aware, ███████████████████████████ were intimately involved in the acquisition of pirated data from LibGen, including via torrenting in October 2019. As the contemporaneous notes make clear, ███████████

April 29, 2026
Page 4

████████████████████████████████████████████████████ *See id.*

The notes memorialize engineers ███████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████
█████████████████████████████████████████████████

This document thus reflects a business and technical discussion between non-lawyers. There is nothing privileged about it.

**_Second_**, to the extent the redacted bullet makes some passing mention of ████████ ██████████████ policies, that would not justify the privilege claim. Such policies are not privileged. *See* Dkt. 1276 at 5-6 (finding that statement that datasets were deleted "due to non-use" did "not reveal any privileged information" because they did not "reveal any legal advice form an attorney to OpenAI"); *Int'l Bus. Machines Corp.*, 66 F.R.D. at 210; *Miller*, 1986 WL 2762, at *6; *In re Sulfuric Acid Antitrust Litig.*, 235 F.R.D. at 431; *In re Domestic Drywall Antitrust Litig.*, 2014 WL 5090032, at *4.

**_Third_**, via email the day of the briefing deadline, OpenAI claimed for the first time that the redacted content ██████████████████████████████████████████████████████ ████████████████████████████████████████████████████ Ex. 3 at 2. Again, while Plaintiffs will not discuss the content of the bullet, this wholly insufficient description and *ipse dixit* would not sustain a claim of privilege. *See, e.g.,* Dkt. 618 at at 8 (rejecting claim of privilege because "OpenAI's conclusory allegations that the messages relate to legal advice sought or received from in-house counsel, as opposed to business discussions, are insufficient to carry their burden . . . particularly given Jason Kwon's role as in-house counsel for OpenAI.").

But even if there were some mention of legal issues in the redacted bullet—and as the Court has already held—discussions of legal issues among non-attorneys are generally not privileged. Dkt. 618. at 5. Instead, given the document's "overwhelmingly business nature" OpenAI cannot sustain its burden on privilege. *See id.* at 3-4; *id.* at 8.

The same would be true for incidental mentions of, e.g., legal approval or blessing. *See, e.g., Libbey Glass, Inc. v. Oneida, Ltd.*, 197 F.R.D. 342, 346-47 (N.D. Ohio 1999) ("Courts have perceived a difference between an opaque reference to an attorney's advice and disclosure that

April 29, 2026
Page 5

illuminates the facts and analysis underlying that advice."); *In re Avandia Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2009 WL 4641707, at *3 (E.D. Pa. Dec. 7, 2009) (attorney's "looks good" response not privileged); *In re Dealer Mgmt. Sys. Antitrust Litig.*, 2020 WL 7865915, at *2 (N.D. Ill. Mar. 30, 2020) ("Legal approved response" not enough to sustain privilege); *AIU Ins. Co. v. TIG Ins. Co.*, 2008 WL 4067437, at *15 (S.D.N.Y. Aug. 28, 2008) ("document reflecting [attorney's] approval" not privileged); *Kadrey v. Meta Platforms, Inc.*, No. 23-cv-03417, Dkt. 627, 654-7 (fact that torrenting was "blocked" by legal was "not privileged"). Nothing about these non-lawyers' notes suggest that the redacted portion references legal advice, much less discloses "facts and analysis underlying that advice." *Libbey Glass*, 197 F.R.D. at 346-47.

Plaintiffs thus respectfully request that the Court order immediate production of the unredacted document or, in the alternative, immediate *in camera* review.

Sincerely,

*/s/Justin A. Nelson*

Susman Godfrey, LLP
Interim Lead Class Counsel