**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------x

IN RE:                                   :

                                        :

OPENAI, INC.,                      :           25-md-3143 (SHS) (OTW)
COPYRIGHT INFRINGEMENT LITIGATION,  :

                                        :          **OPINION & ORDER RE: IN CAMERA**

                                        :          **REVIEW OF MICROSOFT'S PRIVILEGE**

This Document Relates To:           :          **ASSERTIONS (ECF NOS. 1196, 1205,**
**ALL ACTIONS**                      :          **1246, 1259)**

                                          :

------------------------------------------------------------x

**ONA T. WANG**, **United States Magistrate Judge**:

Pending now before the Court is the parties' dispute over 6 documents that Microsoft

has: (1) clawed back due to privilege, and/or (2) withheld or redacted as privileged, and for

which Class Plaintiffs sought *in camera* review to challenge Microsoft's clawbacks and

assertions of attorney-client privilege. The Court has reviewed the submissions and the parties'

motion papers. As explained below, the Court finds that, with some exceptions, the documents

are privileged and that some redactions were overbroad. Accordingly, I find that the privilege

asserts of Exhibits A, B, and C are sound. However, Microsoft is ordered to review their

redactions on Exhibits D, E, and F, and re-produce these documents by **May 22, 2026.**

I.       **BACKGROUND**

The Court assumes familiarity with the facts of this case. On January 30, 2026, Microsoft

filed a motion to enforce the clawback provisions of the protective order. (ECF 1196). That

same day, Class Plaintiffs filed a motion seeking *in camera* review of four redacted documents

and two documents that Microsoft had clawed back. (ECF 1205). At the February 11, 2026,

discovery status conference, I ordered parties to brief the issues and submit the six exhibits for

*in camera* review.

II.    **LEGAL STANDARDS**

A.  Privilege

Generally, parties may obtain discovery on any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1). Communications that are protected by the attorney-client privilege, however, are shielded from discovery. *Hayden v. Int'l Bus. Machs. Corp.*, 21-CV-2485 (VB) (JCM), 2023 WL 4622914, at *3 (S.D.N.Y. July 14, 2023). "Attorney-client privilege protects 'communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice.'" *Id.* (quoting *U.S. v. Mejia*, 655 F.3d 126, 132 (2d Cir. 2011)). Where, as here, a case contemplates federal and state law claims, federal law governs assertions of privilege. *Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc.*, 13-CV-8997 (JPO) (GWG), 2015 WL 3450045, at *2 (S.D.N.Y. May 28, 2015).

Attorney-client privilege only applies where the communication in question is "primarily or predominantly of legal character." *Egiazaryan v. Zalmayev*, 290 F.R.D. 421, 428 (S.D.N.Y. 2013). "Fundamentally, legal advice involves the interpretation and application of legal principles to guide future conduct or to assess past conduct." *In re County of Erie*, 473 F.3d 413, 419 (2d Cir. 2007). Where a party only asserts privilege over a limited portion of a document, courts in this Circuit "routinely consider the predominant purpose of [the] isolated portion." *In re Google Digital Advertising Antitrust Litigation*, 21-MD-3010 (PKC), 2023 WL 196146, at *2 n. 1 (S.D.N.Y. Jan. 17, 2023). "The burden is on a party claiming the protection of a privilege to establish those facts that are the essential elements of the privileged relationship," and they "must do so by competent and specific evidence, rather than by conclusory or *ipse dixit* assertions." *Hayden*, 2023 WL 4522914, at *3.

2

B. Clawback Requests

Federal Rule of Evidence 502(b) provides:

> (b) Inadvertent Disclosure. When made in a federal proceeding or to a federal office or agency, the disclosure [of privileged material] does not operate as a waiver in a federal or state proceeding if:
> (1) the disclosure is inadvertent;
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

Fed. R. Evid. 502(b). Where the parties have executed a protective order governing clawbacks, "courts have held that ... waiver is appropriate only if production of the privileged material was 'completely reckless.' " *Dorce v. City of New York*, No. 19CIV2216JLRSLC, 2024 WL 139546, at *5 (S.D.N.Y. Jan. 12, 2024) (quoting *HSH Nordbank AG N.Y. Branch v. Swedlow*, 259 F.R.D. 64, 75 (S.D.N.Y. 2009) (internal citations omitted). "For a production to be completely reckless, the producing party must have shown no regard for preserving the confidentiality of the privileged documents." *Sure Fit Home Prods., LLC v. Maytex Mills Inc.*, No. 21-CV-02169 (LGS) (GWG), 2022 WL 1597000, at *1 (S.D.N.Y. May 20, 2022) (citations & internal quotation marks omitted).

## III. DISCUSSION[1]

A. Templeton Clawback[2] (Exhibit A)

This document is a thread of three emails sent on or around September 9, 2019, between Kelsey Huebner, Principal Technical Program Manager at Microsoft, and Dee Templeton, Microsoft's Deputy Chief Technology Officer. (ECF 1196). There are no attorneys on the face of this email. Microsoft asserts that Email 1 in this thread contains notes from a

---

[1] The names of any individual acting as an attorney for Microsoft in the communications discussed below will be underlined.

[2] The beginning Bates Number associated with this document is MSFT_AI_MDL_000225116.

3

meeting between Huebner and two attorneys, <u>Annelise Martin</u>, Corporate Counsel at Microsoft, and <u>Laura Ewbank</u>, Assistant General Counsel at Microsoft; Email 2 contains three follow-up questions regarding Email 1 from Templeton to Huebner; and Email 3 contains notes from an additional conversation with <u>Ewbank</u>. <u>Ewbank</u> is only referenced by her first name ("Laura") in the document. Plaintiffs assert that this document is not privileged, and, even if it were, Microsoft waived that privilege by recklessly failing to assert privilege over it on multiple occasions. (ECF 1205 at 1-2).

Attorney-client privilege "protects from disclosure communications among corporate employees that reflect advice rendered by counsel to the corporation." *U.S. v. Global Bus. Travel Grp., Inc.*, 25-CV-215 (JSR) (GS), 2025 WL 1753214, at *3 (S.D.N.Y. June 18, 2025). Based on my review, this document reflects a recounting by Huebner to Templeton of prior legal advice rendered by <u>Martin</u> and <u>Ewbank</u>, and is privileged.

As to enforcement of the clawback provision, Microsoft asserts that their disclosure of this document was the result of a "failure to recognize the document as privileged within an otherwise robust review system," that deployed an initial layer of review by a third-party vendor, a second layer of review for privilege determinations and logging, and a final review by outside counsel if documents were coded as privileged in second-level review. (ECF 1196 at 2). Plaintiffs identify five instances in which Microsoft had the ability to claw back the document before Templeton's January 20, 2026, deposition when Ms. Hurst asserted the clawback: (1) August 19, 2025, when Class Plaintiffs quoted and cited the document in their RFP; (2) September 9, 2025, when Class Plaintiffs attached the document as an exhibit to a motion to compel at ECF 546-6; (3) September 12, 2025, when Microsoft responded to the aforementioned motion and did not raise any objection to the document; (4) on September 15,

4

2025, when Microsoft filed a motion in support of sealing the document in which their Associate General Counsel submitted a declaration in support of sealing, and did not raise privilege; and (5) September 19, 2025, when Microsoft served objections to said RFP and did not object to this document. (ECF 1259 at 2). It is unclear from the briefing when this document was originally produced.

It would be a gross understatement to call discovery in this case voluminous. All parties have been working diligently to implement sophisticated procedures to meet the evolving needs of this case. Microsoft had multiple opportunities before Templeton's January 20, 2026 deposition to claw back this document: Annette Hurst, attorney for Microsoft, signed the September 12 response papers and September 15 motion to seal, and presumably reviewed this document in preparation for those filings to the Court. But nowhere on the face of the document does it state that an attorney is in involved in the correspondence. Given the volume of discovery and notwithstanding sophisticated screening procedures in place, a document that does not directly reference an attorney by name or title, and that does not identify any advice as "legal," can be overlooked more than once. Accordingly, I find that Microsoft was not reckless in failing to claw back this document until Templeton's deposition.

B.  Huynh Clawback[3]

This document contains Slack messages between Vinni Dang and Jamie Huynh, discussing answers to Microsoft's in-house "CELA" attorney Amy Colando's questions regarding the data sharing relationship between OpenAI and Microsoft. Both the questions and answers are redacted. Plaintiffs characterize these messages as "conversations among non-lawyers

---

[3] The beginning Bates Number associated with this document is MSFT_AI_MDL_000775221.

about legal issues." (ECF 1204 at 3). The redacted portion of this document reflects questions solicited by <u>Colando</u>, their responses by Dang, and Huynh's responses to Dang. While no actual legal advice from <u>Colando</u> or any other attorney appears in the document, courts have held that corporate communications among non-lawyers to provide information to counsel or otherwise aid counsel in providing legal advice are eligible for the privilege. *United States v. Glob. Bus. Travel Grp., Inc.,* No. 25CV215 (JSR) (GS), 2025 WL 1753214, at *3 (S.D.N.Y. June 18, 2025) (quoting 27 A.L.R. 5th 76); *Robinson v. De Niro*, 2022 WL 704922, at *5 (S.D.N.Y. Mar. 9, 2022) (recognizing that courts have "applied the privilege to communications among non-lawyer employees of a corporation where the purpose of the communication was to provide information to counsel or aid counsel in providing legal advice."). Accordingly, these messages are privileged.

C.   <u>ECF 1205-4 (Exhibit C)</u>[4]

This document is an internal email thread with the subject line "RE: Building Msft data resiliency for AI" from Jordan Usdan to Dee Templeton, Phil Waymouth, Luis, Vargas, and Karmel Allison, without the presence of an attorney. The two sentences redacted in the three-page document fall under the "Legal" subheading of a broader list of recommendations by Jordan Usdan. Though not apparent on its face, further briefing from Microsoft demonstrates that the redacted material reflects legal discussions received from in-house CELA attorney, <u>Tyler Fuller</u>. Because the narrow redaction recounts legal strategy, this information is privileged. *Global Bus. Travel Grp.*, 2025 WL 1753214, at *3 (protecting from disclosure

---

[4] The beginning Bates Number associated with this document is MSFT_AI_MDL_000513208.

communications among corporate employees that reflect advice rendered by counsel to the corporation).

D.   ECF 1205-5 (Exhibit D)[5]

This document reflects an email chain beginning on May 12 through May 26, 2023, concerning potential changes in terms of service with Azure OpenAI customers. Starting with the May 12th email, this reflects an email drafted by CELA attorney Mary Newcomer Williams, seeking approval on adopting a new policy for Azure OpenAI. This portion is privileged.

The next series of redactions is on May 17, in an email response to Williams from non-lawyer Eric Boyd, responding to her request for approval, recounting legal advice. The next message is from John Montgomery, proposing an alternative agreement to a customer. Another employee, Ali Dalloul, responds in agreement and shares an experience with another customer. The next message in response is from Dom Divakaruni, sharing a portion of OpenAI's policy making a similar suggestion to Williams. Williams then replies with another language suggestion of the policy. The conversation continues with Williams and the employees' drafts of policy language and discussion of the driving forces of the suggestions.

Mircrosoft has not established that all of the redacted language in the email string concerning policies governing use of Azure OpenAI services is privileged. As presently redacted, the communications appear to concern, at least in substantial part, business considerations rather than legal advice. The discussion appears directed to the company's policy preferences regarding customer use of AI tools—including concerns about users developing their own competing or independent AI applications—as well as references to statements or positions

---

[5] The beginning Bates Number associated with this document is MSFT_AI_MDL_000491299.

attributed to a customer. Microsoft has not explained why or how those subjects reflect confidential legal advice as opposed to ordinary business deliberations.

The Court is also concerned that the proffered basis for redaction is framed too broadly. The communications do not appear limited to the drafting of new contractual terms or legal revisions to a terms-of-service agreement. Rather, portions of the discussion appear to involve interpretation of existing language and consideration of whether, <u>as a matter of policy or business judgment</u>, the company wished to accommodate particular customer's requests. The present submission does not adequately distinguish between legal advice and non-privileged business discussions, operational decision-making, or commercial positioning.

To the extent legal and business considerations are intertwined, Microsoft must narrowly redact only the solicitation and provision of legal advice[6].

E. <u>ECF 1205-6 (Exhibit E)</u>[7]

This document, similar to ECF 1205-5, reflects an email chain with <u>Ewbank</u> drafting and discussing potential terms of an agreement with a third-party customer. The iterative process is encompassed in 66 pages of email chain reviewed by the Court, and reflects overbroad redactions that encompass non-privileged material, such as requests to be included in a conversation, and clarification on which company has to pay for costs associated with certain business deals.

---

[6] For example, emails stating, "thank you for your guidance and discussion on this," mentioning of scheduling follow up conversations, and that changes will be made after "careful debate" and making decisions for one customer over another clearly reflect business discussions and not legal advice.

[7] The beginning Bates Number associated with this document is MSFT_AL_MDL_001053370.

F.  ECF 1205-7 (Exhibit F)[8]

This document contains an email thread between Adam Zukor and Mario Madden, a CELA attorney, soliciting advice on how to respond to a media inquiry. Madden responds with guidance for Zukor's response. The reporter's question, while redacted in Zukor's message to Madden, appears unredacted in Zukor's message to other employees. In his initial response, Madden is advising Zukor of the nuances of the situation and how to answer the question while remaining consistent with other public messaging from the company. In this instance, Madden appears to be acting more as a public relations manager than an attorney. For these reasons, Microsoft has not shown that these redactions reflect legal as opposed to business advice.

IV.     **CONCLUSION**

For the foregoing reasons, Microsoft is directed to review its redactions to Exhibits D, E, and F in light of this Opinion, and make a production to Plaintiffs of these exhibits BY May 22, 2026. Exhibit A need not be produced at this time and Exhibits B and C have been narrowly redacted for privilege.

        **SO ORDERED.**

                                                            _s/ Ona T. Wang_
Dated: May 14, 2026                             **Ona T. Wang**
        New York, New York                       United States Magistrate Judge

---

[8] The beginning Bates Number associated with this document is MSFT_AI_000536732.

9