**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

OPENAI, INC.,
COPYRIGHT INFRINGMENT LITIGATION

This Document Relates to:

*Daily News, LP et al. v. Microsoft Corp. et al.*, No.
1-24-cv-3285

Civil Action No. 1:25-md-03143

█████████████████

**DAILY NEWS PLAINTIFFS' RESPONSE TO OPENAI'S MOTION FOR JUDGMENT
ON THE PLEADINGS AND CROSS-MOTION FOR LEAVE TO AMEND**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ 2

INTRODUCTION ............................................................................................................... 4

ARGUMENT ....................................................................................................................... 5

      A.     Good Cause Exists for Amendment ....................................................... 6

      B.     Undue Delay ......................................................................................... 9

      C.     Prejudice ............................................................................................ 10

      D.     Futility ............................................................................................... 11

CONCLUSION .................................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Agerbrink v. Model Serv. LLC*,
155 F. Supp. 3d 448 (S.D.N.Y. 2016) ................................................................. 10, 11

*Bell Atlantic Corp., v. Twombly*,
550 U.S. 554, 570 (2007) ........................................................................................ 11

*Cano v. DPNY, Inc.*,
287 F.R.D. 251 (S.D.N.Y. 2012) ............................................................................ 12

*Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Works, AFL-CIO*,
338 F. Supp. 3d 242 (S.D.N.Y. 2018) .................................................................... 12

*Cox Communications, Inc. v. Sony Music Entertainment*,
146 S. Ct. 959 (2026) ........................................................................................ passim

*Duling v. Gristede's Operating Corp.*,
265 F.R.D. 91 (S.D.N.Y. 2010) ......................................................................... 10, 11

*Elsevier Inc. v. Grossman*,
2017 WL 1843298 (S.D.N.Y. May 8, 2017) .......................................................... 5, 9

*Gershwin Pub'g Corp. v. Columbia Artists Mgmt., Inc.*,
443 F.2d 1159 (2d Cir. 1971) ................................................................................... 6

*Green v. District Council 1707, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*,
2015 WL 4621107 (S.D.N.Y. Aug. 3, 2015) ............................................................. 5

*In re Anderson*,
668 B.R. 753 (Bankr. S.D.N.Y. 2025) ..................................................................... 9

*In re Pfizer Inc. Sec. Litig.*,
2012 WL 983548 (S.D.N.Y. Mar. 22, 2012) .......................................................... 11

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005) ................................................................................................. 9

*Monahan v. New York City Dep't of Corrs.*,
214 F.3d 275 (2d Cir. 2000) ................................................................................... 10

*Shi Ming Chen v. Hunan Manor Enter., Inc.*,
437 F. Supp. 3d 361 (S.D.N.Y. 2020) ...................................................................... 5

*State Tchrs. Ret. Bd. v. Fluor Corp.*,
654 F. 2d 843 (2d Cir. 1981) .................................................................................. 11

*Stillman v. Inservice Am., Inc.*,
   455 F. App'x 48 (2d Cir. 2012) ............................................................................................... 10

*Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*,
   2016 WL 5338550 (S.D.N.Y. Sept. 23, 2016).................................................................... 5, 11

*Wingate v. Gives*,
   2009 WL 424359 (S.D.N.Y. Feb. 13, 2009)........................................................................... 12

*Woodworth v. Erie Ins. Co.*,
   2009 WL 1652258 (W.D.N.Y. June 12, 2009),
   *report and recommendation adopted as modified*, 2009 WL 3671930 (W.D.N.Y. Oct. 29,
   2009) ............................................................................................................................................ 6

**Rules**
Fed. R. Civ. P 12(b)(6)................................................................................................................. 12

Fed. R. Civ. P. 15(a) ..................................................................................................................... 5

Fed. R. Civ. P. 16(b) ..................................................................................................................... 5

## **INTRODUCTION**

Plaintiffs Daily News, LP (the "New York Daily News"); Chicago Tribune Company, LLC, (the "Chicago Tribune"); Orlando Sentinel Communications Company, LLC (the "Orlando Sentinel"); Sun-Sentinel Company, LLC (the "Sun-Sentinel"); San Jose Mercury-News, LLC (the "Mercury News"); DP Media Network, LLC (the "Denver Post"); ORB Publishing, LLC (the "Orange County Register"); and Northwest Publications, LLC (the "Pioneer Press") (collectively the "Daily News Plaintiffs") respectfully submit this response to OpenAI's Motion for Judgment on the Pleadings and cross-move for leave to amend their complaint.[1] A clean copy of the First Amended Complaint and the accompanying exhibits is attached hereto as Exhibit 1 and a redlined copy of the First Amended Complaint and the accompany exhibits is attached hereto as Exhibit 2.

As OpenAI acknowledges in its motion, the Supreme Court's decision in *Cox Communications, Inc. v. Sony Music Entertainment*, 146 S. Ct. 959 (2026), "reshaped" the standard for contributory copyright infringement claims. Mot. at 1. Given this intervening change in governing law during the pendency of this litigation, Daily News Plaintiffs respectfully seek to amend their contributory infringement claims to conform to the *Cox* decision. Specifically, Daily News Plaintiffs seek to (1) amend their contributory infringement claim against Microsoft to conform to the standard set forth in *Cox* and the evidence in the case (Count III) and (2) voluntarily dismiss with prejudice their alternative contributory infringement claim against OpenAI and Microsoft (Count IV). Voluntary dismissal of Daily News Plaintiffs' alternative contributory infringement claim moots OpenAI's motion. *See* ECF 1586. In addition, in the interest of judicial

---

[1] Counsel for OpenAI consented to Daily News Plaintiffs' request to amend, on the condition dismissal of Counts IV, VII, and VIII is with prejudice. As reflected herein, Daily News Plaintiffs have agreed to dismiss these counts with prejudice. Daily News Plaintiffs requested consent from Microsoft to amend and have not received a response.

economy, Daily News Plaintiffs also seek to voluntarily dismiss with prejudice their trademark dilution claims (Counts VII and VIII).

Good cause supports Daily News Plaintiffs' request to amend. The request to drop Counts IV, VII and VIII of Daily News Plaintiffs' Complaint will narrow and streamline the case. Regarding Daily News Plaintiffs' request to amend Count III against Microsoft, "[c]ourts in this Circuit have found good cause to support amendment when plaintiffs have diligently sought leave upon a change in controlling law," *Elsevier Inc. v. Grossman*, 2017 WL 1843298, at *9 (S.D.N.Y. May 8, 2017), or "when a plaintiff seeks to refine the complaint to reflect evidence obtained in discovery"—both circumstances that are present here. *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2016 WL 5338550, at *3 (S.D.N.Y. Sept. 23, 2016). The proposed amendment will not affect the case schedule as Daily News Plaintiffs' allegations are premised entirely upon discovery that has already been produced in this action, and Daily News Plaintiffs do not seek any additional discovery in support of their amended claims.

## **ARGUMENT**

"Rule 15(a) provides that a court 'should freely give leave to amend when justice so requires.'" *Shi Ming Chen v. Hunan Manor Enter., Inc.*, 437 F. Supp. 3d 361, 364 (S.D.N.Y. 2020). "Leave to amend is generally granted in the absence of factors such as bad faith, undue delay, prejudice to the opposing party, or futility of amendment." *Green v. District Council 1707, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 2015 WL 4621107, at *1 (S.D.N.Y. Aug. 3, 2015). "Leave to amend may be appropriate at any stage of litigation." *Id.*

"[W]here amendment is sought after a court 'has already filed a scheduling order that limits the parties' ability to amend the pleadings, the lenient standard under Rule 15(a), which provides leave to amend shall be given freely, must be balanced against the requirement in Rule 16(b) that

the Court's scheduling order shall not be modified except upon a showing of good cause." *Elsevier Inc. v. Grossmann*, 2017 WL 1843298, at \*7 (S.D.N.Y. May 8, 2017). "Courts in this Circuit have found good cause to support amendment when plaintiffs have diligently sought leave upon a change in controlling law." *Id.* at \*9; *Elsevier Inc. v. Grossmann*, 2017 WL 1843298, at \*9 (S.D.N.Y. May 8, 2017); *Woodworth v. Erie Ins. Co.*, 2009 WL 1652258, at \*3 (W.D.N.Y. June 12, 2009), *report and recommendation adopted as modified*, 2009 WL 3671930 (W.D.N.Y. Oct. 29, 2009) ("The 'good cause' standard may be satisfied by a showing that the substantive law changed, or that the moving party discovered new evidence, following the scheduling deadline."). Here, Daily News Plaintiffs seek to do exactly that—i.e., amend their complaint in light of a recent intervening change in controlling law.

### A.    Good Cause Exists for Amendment

On April 30, 2024, Daily News Plaintiffs filed their complaint against Defendants OpenAI and Microsoft, in which they alleged—*inter alia*—two counts of contributory copyright infringement. First, Daily News Plaintiffs alleged that "Microsoft materially contributed to and directly assisted in the direct infringement attributable to the OpenAI Defendants." Daily News Dkt. 1 ¶ 208. Second, Daily News Plaintiffs alleged "[i]n the alternative, to the extent an end-user may be liable as a direct infringer based on output of the GPT-based products, Defendants materially contributed to and directly assisted with the direct infringement perpetrated by end-users of the GPT-based products." *Id.* ¶ 212.

When Daily News Plaintiffs brought these claims against Defendants, there were three recognized contributory infringement theories in this Circuit: (1) a defendant induced the alleged infringement; (2) a defendant's products were tailored to infringement; or (3) a defendant knew of and materially contributed to the infringement. *See Gershwin Pub'g Corp. v. Columbia Artists*

*Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Pursuant to the third theory of liability (material contribution), this Court found that Daily News Plaintiffs had plausibly alleged their contributory copyright infringement claims. Dkt. 514 at 19 ("Accordingly, plaintiffs have plausibly alleged their contributory copyright infringement claims and defendants' motions to dismiss those claims in all three actions are denied.").

On March 25, 2026, the Supreme Court issued its decision in *Cox Communications, Inc. v. Sony Music Entertainment*, in which it held—for the first time—that "[t]he provider of a service is contributorily liable for [a] user's infringement only if it intended that the provided service be used for infringement." *Cox*, 146 S. Ct. at 967. Intent "can be shown only if the party induced the infringement or the provided service is tailored to that infringement." *Id.* A party induces infringement if it "actively encourages infringement through specific acts," and a "service is tailored to infringement if it is not capable of substantial or commercially significant noninfringing uses." *Id.*

Daily News Plaintiffs now—within three months of the Supreme Court's decision—file this cross-motion to amend in order to conform their contributory infringement claims to the standards recognized by *Cox* and to the evidence that has emerged in discovery. Specifically, based on the discovery produced in this action, Daily News Plaintiffs seek to amend their contributory infringement claim against Microsoft to allege that it (1) induced OpenAI's copyright infringement and (2) provided OpenAI with tools tailored to infringement. *See id.*

First, Daily News Plaintiffs seek to allege that Microsoft "actively encourage[d] [OpenAI's] infringement through specific acts." *Cox*, 146 S. Ct. at 967. Specifically, ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████████████████████████

█████  ██████████  ██████  █████  █████  ██████  ███  ██████  ████████  ███

███████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████  ██████  ███  ███  █  ██████  █████  █████  █████  ███  ██████  ████  ██

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████. Therefore, Daily News Plaintiffs'

amended allegations plausibly state that Microsoft induced OpenAI's copyright infringement.

Second, Microsoft provided OpenAI with services tailored to infringement. ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████



*see Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919 (2005) ("We hold that one who distributes a device with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties.").

Based on discovery produced in this action, Daily News Plaintiffs have plausibly asserted that Microsoft both induced OpenAI's infringement and provided OpenAI with services tailored to infringement. *See Cox*, 146 S. Ct. at 967. Given that Daily News Plaintiffs "have diligently sought leave upon a change in controlling law," the Court should find that "[g]ood cause [ ] supports [Daily News Plaintiffs'] motion to amend." *Elsevier Inc.*, 2017 WL 1843298, at *9.

### B.    Undue Delay

Daily News Plaintiffs have promptly sought to amend their contributory infringement claim against Microsoft. The Supreme Court's decision in *Sony v. Cox* was issued less than three months ago, and courts in this Circuit have consistently allowed amendments within such a timeframe. *See In re Anderson*, 668 B.R. at 781 ("After the *Bruce* decision was issued, Plaintiff promptly filed the Motion to Amend four months later. The Court finds that the intervening change in law constitutes a 'valid reason' to seek an amendment."); *Elsevier Inc.*, 2017 WL 1843298, at

9

*9 (finding that "Plaintiffs promptly sought leave to amend their pleadings" where they filed their request eight months after the relevant change in law).

### C. Prejudice

Defendants will suffer no prejudice from Daily News Plaintiffs' proposed amendment. "To determine whether a party will be prejudiced by a proposed amended pleading, courts 'generally consider whether the assertion of the new claim or defense would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, (S.D.N.Y. 2010) (quoting *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 284 (2d Cir. 2000)). "Courts also consider the extent to which the new claims are related to the existing ones and whether a party has had prior notice of a proposed new claim." *Id.* "The non-moving party bears the burden of demonstrating that substantial prejudice would result were the proposed amendment to be granted." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016).

Here, Daily News Plaintiffs' proposed amendments would not require Defendants to seek or produce any additional discovery or cause any delay in the resolution of this dispute. Defendants have been on notice of Daily News Plaintiffs' contributory copyright infringement claims since the inception of this action, and the discovery necessary to prove and defend against these claims has already occurred. Daily News Plaintiffs simply seek to "conform" their pre-existing contributory infringement claim to the evidence produced in discovery and changes in the law. *See Stillman v. Inservice Am., Inc.*, 455 F. App'x 48, 51 (2d Cir. 2012) (holding district court did not abuse its discretion in allowing amendment to the complaint because defendants "were on notice that [Plaintiff] intended to pursue" the claim in question and were also in possession of all evidence

10

"relevant to rebutting" the additional claim). "Courts routinely grant leave to amend when a plaintiff seeks to refine the complaint to reflect evidence obtained in discovery." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2016 WL 5338550, at *3 (S.D.N.Y. Sept. 23, 2016) (quoting *In re Pfizer Inc. Sec. Litig.*, 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012)). Daily News Plaintiffs' proposed amendments to their contributory infringement claim are entirely premised upon discovery already produced in this action.

Furthermore, the amended claim "will not prejudice [D]efendants because the proposed claims are 'related closely to the original claims.'" *Duling*, 265 F.R.D. at 102 (quoting *State Tchrs. Ret. Bd. v. Fluor Corp.*, 654 F. 2d 843, 856 (2d Cir. 1981)). Daily News Plaintiffs' proposed amended contributory claim "arise[] from the same facts pled in the [ ] Complaint"—i.e., Microsoft and OpenAI's concerted efforts to infringe Daily News Plaintiffs' content. *Agerbrink*, 155 F. Supp. 3d at 455. *See, e.g.*, Daily News Dkt. 1 ¶ 204 ("Microsoft controlled, directed, and profited from the infringement perpetrated by Defendants OpenAI LP, OpenAI Global LLC, OpenAI OpCo LLC, and OpenAI, LLC, including the reproduction and distribution of [Daily News Plaintiffs'] Works."); *id.* ¶ 209. There is no "reason why the [amended] claims would materially add to the burden of defending this action." *Duling*, 265 F.R.D. at 103; *id.* at 102 ("The fact that a proposed amendment would add new issues is normally not prejudicial unless the opposing party would be confronted with some unique difficulty in defending against the new issues.").

Finally, for the reasons discussed *supra*, Daily News Plaintiffs did not unduly delay in seeking to amend their contributory infringement claim. Accordingly, Defendants will not be prejudiced by the proposed amendments.

### D.     Futility

11

"To determine whether a proposed pleading is futile, courts analyze whether it would withstand a motion to dismiss." *Agerbrink*, 155 F. Supp. 3d at 456. "Accordingly, the plaintiff must plead sufficient facts to 'state a claim that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp., v. Twombly*, 550 U.S. 554, 570 (2007)). "As when considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts and draw all reasonable inferences in the moving party's favor." *Id.* "Because determination of futility is subject to the same standards as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, 'futility is generally adjudicated without resort to any outside evidence.'" *Cano v. DPNY, Inc.*, 287 F.R.D. 251, 257 (S.D.N.Y. 2012) (quoting *Wingate v. Gives*, 2009 WL 424359, at *5 (S.D.N.Y. Feb. 13, 2009)). "Parties opposing a motion to amend bear the burden of establishing that an amendment would be futile." *Charter Commc'ns, Inc. v. Loc. Union No. 3, Int'l Bhd. of Elec. Works, AFL-CIO*, 338 F. Supp. 3d 242, 255 (S.D.N.Y. 2018).

Daily News Plaintiffs' amended allegations, premised on Defendants' own documents and deposition testimony, are not futile because they plead the elements and requisite intent required for contributory liability under *Cox*.

## CONCLUSION

For the foregoing reasons, Daily News Plaintiffs respectfully requests the Court grant their cross-motion for leave to amend. Daily News Plaintiffs also requests that the Court allow them to incorporate the Exhibits at *Daily News* Dkt. Nos. 1-1 to 1-10 by reference into its First Amended Complaint.

Dated: June 25, 2026                    */s/ Steven Lieberman*

                                        Steven Lieberman (SL8687)
                                        Jennifer B. Maisel (5096995)

12

Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Alexandra Hughes *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(admitted pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
ahughes@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*