UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

OPENAI, INC.,

COPYRIGHT INFRINGEMENT LITIGATION

This Document Relates To:

    *Ziff Davis, Inc. et al. v. OpenAI, Inc. et al.,*
    25-cv-4315

25-md-3143 (SHS) (OTW)

MEMORANDUM ORDER

---

SIDNEY H. STEIN, U.S. District Judge.

Before the Court are OpenAI's[1] motion (Dkt. No. 1586)[2] for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) dismissing Ziff Davis's[3] contributory copyright infringement claim and Ziff Davis's cross motion (Dkt. No. 1608) requesting leave to file a Second Amended Complaint dismissing its contributory copyright infringement, federal trademark dilution, and state-law trademark dilution claims. OpenAI's Rule 12(c) motion is denied as moot. Ziff Davis's contributory copyright infringement claims and trademark dilution claims are dismissed with prejudice as to the active portion of Ziff Davis's case and are dismissed without prejudice as to the stayed portion of Ziff Davis's case.

The Court assumes familiarity with the history of this multidistrict litigation and Ziff Davis's case. Ziff Davis's First Amended Complaint asserted a claim against OpenAI for contributory copyright infringement premised on the theory that OpenAI knew of and "materially contributed" to end users' direct infringement of Ziff Davis's copyrights. (Dkt. No. 300 ¶¶ 226–31). Ziff Davis's First Amended Complaint also asserted claims against OpenAI for trademark dilution under federal and state law. (*Id.* ¶¶ 260–68.) In December 2025, the Court granted OpenAI's motion to stay Ziff Davis's case as to models not otherwise within the scope of the multidistrict litigation—*i.e.*, the

---

[1] "OpenAI" refers to defendants OpenAI, Inc., OpenAI LP, OpenAI GP LLC, OpenAI LLC, OpenAI OpCo LLC, OpenAI Global LLC, OAI Corporation, LLC, and OpenAI Group PBC.

[2] All citations to docket entries are to the docket for Case No. 25-md-3143 unless otherwise noted.

[3] "Ziff Davis" refers to plaintiffs in Case No. 25-cv-4315.

o1, o1 mini, o1-pro, GPT 4.1, GPT-4.5, o3, o3-mini, o4-mini, and GPT-5 models. *See In re OpenAI, Inc. Copyright Infringement Litig.*, No. 25-md-3143, 2025 WL 3635559, at *9–10 (S.D.N.Y. Dec. 15, 2025).

In its recent decision in *Cox Communications, Inc. v. Sony Music Entertainment*, the U.S. Supreme Court held that "material contribution" is not a valid theory of contributory liability for copyright infringement. 146 S. Ct. 959 (2026). Based on *Cox*, OpenAI moved pursuant to Rule 12(c) for judgment on the pleadings dismissing Ziff Davis's contributory copyright infringement claim against OpenAI because it was premised on the impermissible "material contribution" theory of contributory copyright infringement. (Dkt. Nos. 1586; 1587 at 1–2.)

In response to OpenAI's Rule 12(c) motion, Ziff Davis seeks voluntarily to dismiss its contributory copyright infringement claim against OpenAI as well as its federal and state-law trademark dilution claims. (Dkt. No. 1608.) The dispute between OpenAI and Ziff Davis concerns the nature of Ziff Davis's requested dismissal. Because the Court in December 2025 granted OpenAI's motion to stay Ziff Davis's case as to models not otherwise within the scope of the multidistrict litigation, Ziff Davis seeks to dismiss its contributory copyright infringement and trademark dilution claims with prejudice as to Ziff Davis's active claims but without prejudice as to Ziff Davis's stayed claims.

The parties agree that Ziff Davis's active "material contribution" contributory copyright infringement and active trademark dilution claims should be dismissed with prejudice. OpenAI's Rule 12(c) motion is denied as moot because it sought exactly what Ziff Davis has now agreed to: the dismissal with prejudice of Ziff Davis's active contributory copyright infringement claim. Ziff Davis's active "material contribution" contributory copyright infringement claim and active trademark dilution claims are dismissed with prejudice.

Turning to the contested matter before the Court, the Court will permit Ziff Davis to dismiss its stayed contributory copyright infringement claim and stayed trademark dilution claims without prejudice.

Courts in this Circuit consider the factors set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990), when evaluating a request for voluntary dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a) or 15(a). These factors are: (1) "the plaintiff's diligence in bringing the motion"; (2) "any undue vexatiousness on plaintiff's part"; (3) "the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial"; (4) "the duplicative expense of relitigation"; and (5) "the adequacy of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14 (internal quotation marks omitted).

Importantly, a court evaluating a plaintiff's request for voluntary dismissal without prejudice does not simply choose between permitting a voluntary dismissal without prejudice and imposing an involuntary dismissal with prejudice. Rather, the court must determine whether to permit dismissal without prejudice or require the plaintiff to continue to litigate the claims. *See Zebra Strategies, Inc. v. Gonzalez-Nazario*, No. 24-cv-4146, 2025 WL 977592, at *2 (S.D.N.Y. Apr. 1, 2025) ("Case law makes clear that where a plaintiff moving to dismiss a case without prejudice objects to a proposed dismissal with prejudice, a district court cannot force a with prejudice dismissal on the plaintiff."); *accord Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988) ("[F]undamental fairness requires interpreting Rule 41(a)(2) to afford the plaintiff an opportunity to withdraw his motion [to dismiss without prejudice] and proceed with the litigation in the event that a district judge proposes to convert a voluntary dismissal to one with prejudice.").

The *Zagano* factors favor permitting Ziff Davis's requested voluntary dismissal without prejudice of the stayed contributory copyright infringement and trademark dilution claims. The Court, at OpenAI's urging and over the strenuous objection of Ziff Davis, stayed Ziff Davis's case with respect to models not otherwise implicated in the multidistrict litigation, *i.e.*, the o1, o1 mini, o1-pro, GPT 4.1, GPT-4.5, o3, o3-mini, o4-mini, and GPT-5 models. *In re OpenAI, Inc. Copyright Infringement Litig.*, 2025 WL 3635559, at *9–10. That means, in effect, that the litigation as to the stayed claims was frozen at its inception. In light of this posture, Ziff Davis's request to dismiss certain of its stayed claims without prejudice is not unduly vexatious and does not demonstrate a lack of diligence by Ziff Davis. The practical implications of the stay currently in place also mean that permitting Ziff Davis's requested voluntary dismissal without prejudice will not cause any duplicative expense of relitigation of the stayed claims—the partial stay of Ziff Davis's case would have required litigating Ziff Davis's stayed claims separately from its active claims in any event.

Ziff Davis has provided a coherent and adequate explanation for its request to dismiss its stayed claims without prejudice. With respect to Ziff Davis's contributory copyright infringement claim, Ziff Davis correctly notes that *Cox* did not foreclose all theories of contributory copyright infringement. *See Cox*, 146 S. Ct. at 967 (stating that a "provider of a service is contributorily liable" for copyright infringement "if the party induced the infringement or the provided service is tailored to that infringement"). Though it would be too late to permit Ziff Davis to add new theories of contributory liability as to its active contributory copyright infringement claim, Ziff Davis's stayed claim is—pursuant to the stay OpenAI itself requested—in its infancy. Ziff Davis should not at that early stage be barred from pursuing a claim for contributory copyright infringement premised on a theory of inducement or provision of services tailored to infringement as to the stayed portion of its case. Similarly, Ziff Davis has

3

elected not to pursue its active trademark dilution claim with respect to models within the scope of the multidistrict litigation, but OpenAI cannot leverage that election into a de facto ruling on the merits of Ziff Davis's stayed trademark dilution claims with respect to other models. Ziff Davis explains that it has chosen to withdraw its live trademark dilution claims because, in its view, "the record developed during the active portion of the case presents a mixed picture on dilutive uses of the MASHABLE mark by the [in scope] Models, not because the evidence fails to support the fame of the mark," and asserts that "there is evidence in the record already to suggest additional evidence may be adduced to support a trademark dilution claim" based on the out-of-scope models. (Dkt. No. 1651 at 6–7.) This is an adequate explanation that justifies permitting Ziff Davis's requested dismissal of the stayed trademark dilution claims without prejudice.

Accordingly,

1. OpenAI's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) dismissing Ziff Davis's contributory copyright infringement claim is denied as moot.

2. Ziff Davis's cross motion requesting leave to file a Second Amended Complaint dismissing its contributory copyright infringement, federal trademark dilution, and state-law trademark dilution claims is decided as follows:

    a. Ziff Davis's contributory copyright infringement claim that has been stayed and its federal and state-law trademark dilution claims that have been stayed—*i.e.*, those claims that concern the models o1, o1 mini, o1-pro, GPT 4.1, GPT-4.5, o3, o3-mini, o4-mini, and GPT-5—are dismissed without prejudice.

    b. Ziff Davis's active "material contribution" contributory copyright infringement claim and active federal and state-law trademark dilution claims are dismissed with prejudice.

Ziff Davis is directed to file an amended complaint in conformity with this Order within fifteen days.

Dated: New York, New York
August 6, 2026

SO ORDERED:

Sidney H. Stein, U.S.D.J.

4