**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

IN RE:

OPENAI, INC.,
COPYRIGHT INFRINGEMENT LITIGATION,

This Document Relates To:
**All Actions**

---------------------------------------------------------------x

25-MD-3143 (SHS) (OTW)

**ORDER**

**ONA T. WANG**, **United States Magistrate Judge**:

The parties have filed numerous motions to seal various letter briefs and exhibits in this case. For the reasons discussed below, the parties' motions are **GRANTED**.

## I. BACKGROUND

The Court assumes familiarity with the facts and history of this case. Since the MDL was convened, the parties have continued their battle of discovery disputes, filing dozens of motions to compel at the final hour, on the cusp of the close of discovery. Due to the increasingly high-stakes nature and publicity of these cases, as well as the highly sensitive information involved, most of the parties' motions are accompanied by motions to seal.

Across the pending motions to seal, the parties have identified the following general categories of information that they seek to seal:

> (1) Exhibits attached to the parties' letter motions, briefs, and declarations that are documents exchanged between the parties during discovery and that contain business information, or communications designated as "CONFIDENTIAL," "CONFIDENTIAL – SOURCE CODE," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in this case, (*see* ECF 367); and

(2) Portions of the parties' letter motions, briefs, and declarations that describe or summarize information contained in the exhibits described in (1) above.

It appears that none of the motions to seal address in this order are opposed.

## II. LEGAL STANDARD

The common law right of public access to judicial documents is based on "the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995). The First Amendment also secures, to both the public and the press, a right of access to civil proceedings. *Westmoreland v. Columbia Broad. Sys., Inc.*, 752 F.2d 16, 23 (2d Cir. 1984). When determining whether documents at issue on a motion to seal are subject to this common law right, the court must first conclude that the documents at issue are judicial documents. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). If the Court determines that the documents at issue are judicial documents, and that therefore the constitutional and common law presumption of access attaches, it must then determine the presumption's weight. *Id.* Finally, the Court balances competing considerations against the presumption of access. *Id.* at 120 (citing *Amodeo*, 71 F.3d at 1050). Under both constitutional and common law frameworks, the burden of justifying sealing rests with the moving party. *DiRussa v. Dean Witter Reynolds Inc.*, 121 F.3d 818, 826 (2d Cir. 1997).

## III. DISCUSSION

We first consider whether the documents at issue are "judicial documents," and, if so, the weight of any presumption of access that attaches.

A "judicial document" is a filed item relevant to the performance of judicial functions and useful in judicial processes. *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016). Documents that are "simply passed between the parties in discovery" are not ordinarily considered judicial documents. *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). This does not change when a Court assesses such documents in a discovery motion. *Nespresso USA, Inc. v. Williams-Sonoma, Inc.*, 19-CV-4223 (LAP) (KHP), 2021 WL 1812199, at *1 (S.D.N.Y. May 6, 2021). Moreover, when documents are filed "pursuant to a confidentiality agreement," the Second Circuit has held it is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." *Uni-Systems, LLC v. U.S. Tennis Ass'n, Inc.*, 17-CV-147 (KAM) (CLP), 2020 WL 8266015, at *8 (E.D.N.Y. July 6, 2020) (quoting *S.E.C. v. TheStreet.Com*, 273 F.3d 222, 230 (2d Cir. 2001)). Thus, exhibits attached to parties' briefing for discovery disputes are typically non-judicial documents that may be filed under seal. *See Authors Guild v. OpenAI, Inc.*, 23-CV-8292, 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025).

Letter <u>motions</u> that contain or summarize information contained in such exhibits, however, are judicial documents "to which the presumption of public access may apply." *Id.*; *Uni-Systems, LLC*, 2020 WL 8266015, at *9 (citing *Cumberland Packaging Corp. v. Monsanto Co.*, 184 F.R.D. 504, 505 (E.D.N.Y. 1999)). Still, courts in this district, including this one, "have held that redacting portions of such letter motions that reference' information passed between the parties in discovery' where 'the documents referenced have been designated] as confidential under a protective order is appropriate." *Nespresso USA*, 2021 WL 1812199, at *3; *Authors Guild*, 2025 WL 66500, at *2-4.

The parties' motions at ECF Nos. 937, 943, 944, 960, 976, 991 in case no. 25-MD-3143; ECF nos. 848, 855, 860, 917, 925, 941, 949, 1005, 1046, and 1054 in case no. 23-CV-8292; ECF Nos. 1083, 1114, 1123, and 1234 in case No. 23-CV-11195; ECF 266 in case no. 24-CV-1514; and ECF Nos. 623, 656, 689 in case no. 24-CV-3285, seek to seal, *inter alia*, exhibits attached to the parties' briefing of various disputes that have been designated as protected discovery material under the parties' Protective Order. For the reasons described in my January 10, 2025, order, these exhibits are non-judicial documents, "to which the confidentiality agreement may fairly apply with no countervailing public access right," and may be filed under seal. *See Authors Guild*, 2025 WL 66500, at *2.

The parties' motions also seek to seal, *inter alia*, letter motions, briefs, and declarations that summarize or describe information contained in the now-sealed exhibits described above. While these are judicial documents, the parties have successfully rebutted the presumption of public access. First, a low presumption of public access attaches because these documents are related to discovery disputes. *Maxwell*, 929 F.3d at 47-49; *Authors Guild*, 2025 WL 66500, at *2-3.[1] Second, the information the parties seek to seal has been designated as protected discovery material under the parties' Protective Order, and is of the type that courts in this district have routinely found to be appropriate to file under seal: (i) highly sensitive technological markers that would pose data security threats if disclosed (e.g., file names, hyperlinks, URLs, user IDs, technical issues, timelines), *see Rand v. Travelers Indemnity Co.*, 21-CV-10744 (VB) (VF), 2023

[1] To the extent that certain of the parties' motions seek to seal briefs not related to discovery disputes, (*see, e.g.*, ECF 960), sealing of such judicial documents is appropriate where, as here, the moving party seeks to seal limited confidential commercial information that has been marked confidential under the parties' Protective Order. *See IBM Corp. v. Micro Focus (US), Inc.*, 22-CV-9910 (VB) (VR), 2024 WL 495137, at *1-2 (S.D.N.Y. Feb. 8, 2024) (granting sealing motion related to Rule 72 objections). Because the parties' sealing motions as to such judicial documents are narrowly tailored, sealing is appropriate.

WL 4636614, at *2-3 (S.D.N.Y. July 19, 2023) (sealing confidential information that would pose a cybersecurity threat to the moving party); (ii) proprietary commercial information, *see Louis Vuitton Mallatier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (sealing proprietary business information and strategies); *IBM Corp. v. Micro Focus (US), Inc.*, 22-CV-9910 (VB) (VR), 2024 WL 495137, at *1 (S.D.N.Y. Feb. 8, 2024) (same); and (iii) discussions with and/or about current or potential business partners regarding strategic decision-making, *see FuboTV Inc. v. Walt Disney Co.*, 24-CV-1363, 2024 WL 1884974, at *1 (S.D.N.Y. Apr. 30, 2024) (sealing commercially sensitive information regarding business strategy). Third, upon review, the parties' proposed redactions are narrowly tailored. *Nespresso USA*, 2021 WL 1812199, at *3; *Authors Guild*, 2025 WL 66500, at *3.

Accompanying these motions are dozen of "provisional" motions to seal that do not affirmatively seek to seal any material; rather they contain material designated confidential under the Protective Order, and give the party seeking the sealing five business days to file a statement of reasons for why the material should be sealed. (*See, e.g.*, ECF 937). These motions appear at ECF Nos. 834, 835, 836, 861, 868, 871, 872, 873, 876, 879, 880, 881, 888, 895, 930, 955, 976, 979, 1029, 1032, 1034 in case no. 23-CV-8292; ECF Nos. 1088, 1096, 1184, 1240, 1261, 1263, and 1268 in case no. 23-CV-11195; and ECF Nos. 613 and 641 on Docket 24-CV-3285. These motions have been subsequently briefed by separate motions; therefore, these motions are **DENIED** as moot.

Accordingly, the parties' motions to seal are **GRANTED** in their entirety, and the accompanying provisional motions to seal are **DENIED** as moot.

## IV. CONCLUSION

In sum, the parties' outstanding sealing motions are **GRANTED** as proposed by the moving parties.

The Clerk of Court is respectfully directed to close the following ECF Nos. in:

**Case No. 25-MD-3143**: 937, 943, 944, 960, 976, 991, and 1199;

**Case No. 23-CV-8292**: 834, 835, 836, 848, 855, 860, 861, 868, 871, 872, 873, 876, 879, 880, 881, 888, 895, 917, 925, 930, 941, 949, 955, 976, 979, 1005, 1029, 1032, 1034, 1046, and 1054;

**Case No. 23-CV-11195**: 1079, 1083, 1088, 1096, 1114, 1123, 1184, 1234, 1240, 1261, 1263, and 1268;

**Case No. 24-CV-1514**: 266; and

**Case No. 24-CV-3285**: 559, 613, 623, 641, 656, and 689.

**SO ORDERED.**

*s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge

Dated: September 8, 2026
New York, New York