**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates to:<br><br>News Cases<br><br>1:23-cv-11195-SHS-OTW<br>1:24-cv-03285-SHS-OTW<br>1:24-cv-04872-SHS-OTW | 25-md-3143 (SHS) (OTW) |

**NEWS PLAINTIFFS' REPLY TO MICROSOFT CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO NEWS PLAINTIFFS' MOTION FOR SANCTIONS AGAINST OPENAI**

On July 9, 2026, News Plaintiffs filed a motion for sanctions directed to the OpenAI Defendants. Dkt. 1618 ("Mot."). Although not the target of the motion, Microsoft nonetheless filed an opposition, arguing that sanctions against OpenAI would have an incurable spill-over effect and prejudice the jury against Microsoft at trial. Dkt. 1669 ("Opp."). According to Microsoft, "In addition to the obvious effect on the vicarious liability claims against Microsoft that are founded on OpenAI's underlying direct liability, the adverse inference would also flow to News Plaintiffs' direct infringement claims against Microsoft given that those claims also implicate OpenAI's models and grounding." Opp. at 4. Microsoft's arguments fail on numerous grounds.

**ARGUMENT**

Microsoft's arguments rely exclusively on Fed. R. Evid. 403 and case law applying that rule. Opp. at 1-2. But that rule is irrelevant to the relief sought in News Plaintiffs' sanctions motion. Rule 403 says that a court may *exclude* relevant evidence if the probative value of the evidence is "substantially outweighed" by, among other things, the danger of "unfair prejudice." News Plaintiffs' Motion does not call for the Court to admit relevant evidence. Instead, News Plaintiffs first ask the Court to *preclude* OpenAI from relying on a sample of 20 million output logs because, inter alia: (i) the parties agreed to the content of the sample; (ii) OpenAI deleted millions of the logs that should have been in the sample, and (iii) OpenAI replaced the deleted logs with logs of its own choosing. Mot. at 12. Even setting aside other aspects of OpenAI's conduct during discovery (and its misrepresentations to the Court), this premise of News Plaintiffs' sanctions—largely undisputed—is that the sample is not what it purports to be, and OpenAI should not be allowed to rely on it. Rule 403 does not come into play at all.

The same is true with respect to News Plaintiffs' requests for fact-finding sanctions against OpenAI. To summarize, those sanctions stem from OpenAI's failure to disclose other sets of output logs and evaluations of those output logs that OpenAI (and its outside counsel) knew were in its possession but did not produce until after the discovery period ended. Because OpenAI failed to disclose these materials, the parties spent months negotiating a protocol for the preparation and production of the 20-million log sample—a sample that was inferior to the evidence of infringement that OpenAI had already gathered (but not disclosed). More importantly for present purposes, OpenAI's conduct also precluded News Plaintiffs from exploring the output logs and related materials before the end of fact discovery. The purpose of the proposed fact-finding sanctions is to *preclude*

OpenAI from offering evidence, because it would be unfair to News Plaintiffs given OpenAI's litigation misconduct and misrepresentations. Rule 403 is irrelevant here as well.

In fact, Microsoft would have this Court invert the purpose of Rule 403. As discussed above, Microsoft is asking the Court to *admit* evidence *despite* its taint. In the case of the 20-million log sample, that taint derives from the fact that it is not the sample it purports to be, and because News Plaintiffs lacked the opportunity to take discovery on OpenAI's collection, use, and internal analyses of the output logs and other materials that OpenAI withheld in discovery. Not only is there no Federal Rule that supports Microsoft's argument, but if Microsoft's challenge were allowed, then in every case involving a direct tortfeasor and vicarious tortfeasor, the direct tortfeasor would be free to ignore the Federal Rules because of a potential "spill-over" effect from a sanction. Merely having a co-defendant cannot be a get-out-of-jail-free card to commit discovery violations.

Microsoft's arguments should be rejected on other grounds as well, including the fact that any prejudice it might suffer would not be "unfair," under Rule 403 or otherwise. News Plaintiffs' vicarious liability claims against Microsoft stem from the fact that Microsoft partnered with OpenAI to develop OpenAI's ChatGPT models, which was premised on a massive infringement of News Plaintiffs' copyrighted content. [redacted] *See* Declaration of Jennifer Maisel in Support of News Plaintiffs' Reply to Microsoft Corporation's Opposition to Sanctions ("Maisel Decl."), Ex. 68 at 41:24-42:9 (Feb. 4, 2026, S. Nadella 30(b)(1) Dep. Tr.). Microsoft argues that this Court would be unable to cure any prejudice through jury instructions and treats that proposition as an almost-categorical truth. Opp. at 4-5 ("The Second Circuit has found that limiting instructions are generally ineffective to guard against overwhelming spillover prejudice."). Microsoft is wrong on at least two counts.

*First,* Microsoft ignores the Second Circuit's most recent decision on corrective jury instructions. *United States v. Garnes*, 102 F.4th 628 (2d Cir. 2024).[1] In that case, the Second Circuit reversed the district court's refusal to admit into evidence the defendant's prior statements. *Id.* at 635 ("The court also overweighted the prejudicial effect of the statements by failing to recognize the likelihood that the danger of unfair prejudice could be mitigated by a limiting instruction."). The district court refused to allow the government to present evidence of the defendant's prior, inflated statements as to his criminal past, even though the statements were exaggerated and intended to put his victims in fear for their safety. The Second Circuit held that the statements were relevant to the offense and rejected the district court's concern that an instruction would mislead and confuse the jury, concluding "[w]e presume that juries follow limiting instructions." *Id.* at 642 (cleaned up).

*Second*, any corrective jury instructions in this case would be relatively straightforward. Insofar as News Plaintiffs' direct infringement claims against Microsoft relate to Microsoft's own AI products (*e.g.,* CoPilot), a jury would certainly understand an instruction distinguishing evidence directed to Microsoft's products from evidence, including directed fact-finding, relating to OpenAI's underlying models. As to direct infringement claims against Microsoft relating to its facilitation of OpenAI's infringement, for reasons explained above, Microsoft should not be allowed to shield itself from its co-infringer's litigation strategy. If the Court finds that a special instruction would be necessary, however, it can provide instructions to the jury that distinguish between the evidence related to Microsoft's conduct and the evidence related to OpenAI's conduct. As the Second Circuit has recognized, but Microsoft chose to ignore, courts presume that juries will follow limiting instructions in these circumstances. *Garnes*, 102 F.4th at 642.

[1] *Garnes* did not involve the potential "spillover" effect of the evidence at issue, but neither did several of the cases on which Microsoft relies. *See, e.g.*, *Ridge v. Davis*, 639 F. Supp. 3d 465 (S.D.N.Y. 2022).

The most telling aspect of Microsoft's opposition is that it was filed at all. Microsoft's submission is more than a placeholder or reservation of rights. It is an implicit recognition of the magnitude of OpenAI's misconduct, an acknowledgment of the suitability of the sanctions News Plaintiffs are requesting, and a thinly veiled plea for a reprieve from the consequences of OpenAI's discovery misconduct and misrepresentations to the Court. Having allied itself with OpenAI years ago when the two companies joined in the development of their AI models, Microsoft has no ground to ask for leniency because OpenAI's litigation tactics would put Microsoft in a less-than-favorable light.

Finally, this Court should not credit Microsoft's well-worn argument (Opp. at 6) that it would be unfair to grant a discovery motion not because of any relief sought in the motion itself, but because it would require Microsoft to do more work to prepare its defense. Microsoft was a full participant in the discovery process during the entirety of this case, having attended every discovery hearing and listened to arguments on this issue multiple times.

**CONCLUSION**

For the foregoing reasons, as well as the reasons set forth in News Plaintiffs' reply to OpenAI's opposition, News Plaintiffs' motion for sanctions should be granted.

Respectfully submitted,

Dated: September 10, 2026

*/s/ Steven Lieberman*

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Alexandra Hughes *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(pending pro hac vice)*

ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
ahughes@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*

/s/ Ian Crosby

Ian Crosby *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin *(pro hac vice)*
Adnan Muttalib *(pro hac vice)*
Susman Godfrey L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)

Susman Godfrey L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
afrawley@susmangodfrey.com
espanos@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

*/s/ Matthew Topic*

Jon Loevy *(pro hac vice)*
Michael Kanovitz *(pro hac vice)*
Matthew Topic *(pro hac vice)*
Thomas Kayes *(pro hac vice)*
Steven Art *(pro hac vice)*
Kyle Wallenberg *(pro hac vice)*
Shelley Geiszler *(pro hac vice)*
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
matt@loevy.com
kayes@loevy.com
steve@loevy.com
wallenberg@loevy.com

geiszler@loevy.com

Stephen Stich Match (No. 5567854)
Lauren Sonnenberg *(pro hac vice)*
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
match@loevy.com
sonnenberg@loevy.com

*Attorneys for Plaintiff The Center for Investigative Reporting, Inc.*