UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This document relates to:<br><br>News Cases<br><br>1:23-cv-11195-SHS-OTW<br>1:24-cv-01515-SHS-OTW<br>1:24-cv-03285-SHS-OTW<br>1:24-cv-04872-SHS-OTW<br>1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW)<br><br>Hon. Sidney H. Stein<br>Hon. Ona T. Wang |

**OPENAI DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF THEIR BRIEF IN OPPOSITION TO NEWS PLAINTIFFS' MOTION FOR SANCTIONS**

OpenAI Defendants respectfully seek leave to file the accompanying Sur-Reply in further opposition to News Plaintiffs' Motion for Sanctions. News Plaintiffs' Reply Brief (MDL ECF 1932), raises arguments, evidence, and factual allegations for the first time that were not included in the opening motion and to which OpenAI has had no opportunity to respond.

Courts in this District routinely grant leave to file sur-replies "when they address arguments raised for the first time in a reply brief." *SEC v. Ripple Labs, Inc.*, 2022 WL 329211, at *3 (S.D.N.Y. Feb. 3, 2022); *see also* MDL ECF 1406 (granting OpenAI's motion to file a sur reply). That standard is satisfied here because the Reply makes at least three new arguments.

*First*, the Reply (at 7, 10) submits for the first time the Supplemental Expert Report of Dr. Tom Goldstein (Pls.' Ex. 69), containing new statistical analyses—including comparisons of RAG conversation prevalence across the 9 million, 20 million, and 78 million ChatGPT datasets—that

purport to show that the Merits Sample underrepresents certain categories of conversations. These analyses were not presented in the opening motion.

*Second*, the Reply (at 11-12) newly accuses OpenAI of "misrepresent[ing] … its preservation and search capabilities" by suggesting it lacked "any mechanism to search output logs." The Reply further argues (at 12) that OpenAI should have volunteered to search newly generated ChatGPT conversations for Plaintiffs' content "on a weekly basis." Neither argument appeared in the opening motion.

*Third*, the Reply offers a new interpretation of this Court's May 27, 2025 statements regarding "wholesale preservation," arguing for the first time (at 4) that those statements concerned only API and enterprise data—not consumer ChatGPT data. This recharacterization of the Court's prior statements warrants a response.

OpenAI has had no prior opportunity to address any of these arguments. Absent leave to file a sur-reply, these new contentions will go unanswered, creating a risk of prejudice. The proposed Sur-Reply is brief and responds only to arguments raised for the first time in the Reply. OpenAI respectfully requests that the Court grant leave to file the accompanying Sur-Reply.

Respectfully submitted,

Dated: September 24, 2026

By: */s/ Lisa S. Blatt*

LISA S. BLATT
WILLIAMS & CONNOLLY LLP
*680 Maine Avenue SW*
*Washington, DC 20024*
*(202) 434-5000*
*lblatt@wc.com*

By: */s/ R. James Slaughter*

R. JAMES SLAUGHTER
KEKER, VAN NEST & PETERS LLP
*633 Battery Street*
*San Francisco, CA 94111*
*(415) 391-5400*
*rslaughter@keker.com*

By: */s/ Margaret Graham*

MARGARET GRAHAM
LATHAM & WATKINS LLP
*1271 Avenue of the Americas*
*New York, NY 10020*
*(212) 906-1200*
*margaret.graham@lw.com*

By: */s/ Joseph C. Gratz*

JOSEPH C. GRATZ
MORRISON & FOERSTER LLP
*425 Market Street*
*San Francisco, CA 94105*
*(415) 268-7000*
*jgratz@mofo.com*

*Attorneys for Defendants*
OPENAI, INC., OPENAI GP, LLC, OPENAI, LLC, OPENAI OPCO LLC, OPENAI GLOBAL LLC, OAI CORPORATION, LLC, OPENAI HOLDINGS, LLC

* All parties whose electronic signatures are included herein have consented to the filing of this document, as contemplated by Rule 8.5(b) of the Court's ECF Rules and Instructions.