September 29, 2026

*In re OpenAI, Inc.*, *Copyright Infringement Litigation*, 25-md-3143 (SHS) (OTW)
This Document Relates To: All Cases

Dear Judge Wang:

Class Plaintiffs, The New York Times Company, the Daily News Plaintiffs, and Ziff Davis (collectively, "Plaintiffs") and OpenAI jointly write in response to the Court's order at Dkt. 1965 directing the parties to notify the Court if they sought "further guidance … or are still seeking the materials subject to any of" the motions listed in the Court's Order.

**Plaintiffs' Position:**

Plaintiffs note that the parties' *ex parte* submissions of February 2026 (associated with Dkts. 650, 651, and 674 in 23-cv-10211, and also Dkt. 1320 in 25-md-3143) and May 2026 (associated with Dkts. 1517, 1519, 1531, 1533, and 1549 in 25-md-3143) regarding certain of OpenAI's privilege claims remain pending.[1] Plaintiffs in these filings challenged various OpenAI privilege assertions, and the Court has not yet ruled on these challenges. Plaintiffs can re-submit their *ex parte* submissions if the Court requires.

Plaintiffs disagree with OpenAI's contention that the materials are irrelevant or that the motions require no further adjudication. As the Court is aware, summary judgment and *Daubert* briefing are on-going and the materials sought in the above-identified motions are relevant to the issues under consideration. While Plaintiffs will not re-hash the arguments in their *ex parte* briefing in this letter, the briefs make clear the centrality of this material to numerous live issues in front of the Court, including regurgitation of Plaintiffs' copyrighted data, company copyright and data policies, and data acquisition from pirated repositories. The materials sought in these motions are similarly relevant to class certification in the Class cases as well as trial in all of the MDL matters.

OpenAI's argument that Plaintiffs' moving for summary judgment on the schedule set forth by the Court somehow moots any pending discovery dispute is wrong on its face, not least because the Court's order at Dkt. 1965 expressly acknowledges that the parties may still need "materials subject to" these motions. Courts in this circuit frequently address discovery motions even after summary judgment motions are filed. *See, e.g.*, *Jenkins v. Miller*, No. 2:12-CV-184, 2024 WL 3174519, at *1 (D. Vt. June 26, 2024) ("Before the Court can rule on the parties' recently-filed motions for summary judgment, it must address two pending discovery motions . . ."); *Billups v. West*, No. 95CIV.1146(KMW)(HBP), 1997 WL 100798, at *1 n.1 (S.D.N.Y. Mar. 6, 1997), *on*

[1] Plaintiffs submitted their *ex parte* brief regarding the first set of motions on February 20, 2026 to the email address Wang_NYSDChambers@nysd.uscourts.gov with email subject line "[Ex Parte Submission] In Re: OpenAI, Inc. Copyright Infringement Litigation, 25-md-3143, Plaintiffs Response to OpenAI's Feb. 17, 2026 Supplemental Brief." And Class Plaintiffs submitted their *ex parte* brief regarding the second set of motions on May 19, 2026 to the same address with the subject line "[Ex Parte Submission] In Re: OpenAI, Inc. Copyright Infringement Litigation, 25-md-3143, Class Plaintiffs Response to OpenAI's May 15, 2026 Supplemental Brief."

*reargument in part*, No. 95CIV.1146(KMW)(HBP), 1997 WL 177897 (S.D.N.Y. Apr. 11, 1997) (addressing discovery motions prior to addressing already-filed summary judgment motions). OpenAI also ignores that Class Plaintiffs' will move for class certification after summary judgment is adjudicated and that courts often address and/or revisit privilege issues at trial itself. *See, e.g., California v. Meta Platforms, Inc.,* 4:22-md-3047-YGR, Dkt. 3450 at 1-4, (Aug. 26, 2026 N.D. Cal.) (post-trial order in social media MDL finding no privilege applied to redacted internal document between two non-lawyer Meta employees where Meta contended "privilege redactions reflect discussion of attorney legal advice" because, *inter alia*, "[l]itigation risk is but one part of business risk[,] [t]hat a lawyer may approach a business document . . . with an eye for litigation risk does not transform that lawyer's edits from business advice into attorney-client advice."). In short, the motions remain pending and there is no concession, tacit or otherwise, by Plaintiffs that these issues are resolved simply because they moved for summary judgment on the schedule set by the Court.

**OpenAI's Position:**

OpenAI stands behind each of its assertions of privilege, but Plaintiffs' pending motions for summary judgment have mooted the disputes concerning the 25 documents submitted for *in camera* review.[2] Those summary judgment motions are based on over 2,700 purported "facts" with citations to many hundreds of documents and dozens of deposition transcripts. When preparing those papers, Plaintiffs had access to the non-privileged portions of the disputed documents[3] and cited several of them. Against that record, no outcome of Plaintiffs' requested *in camera* review could reasonably impact the arguments presented at summary judgment. Nor do Plaintiffs argue these documents will have any impact.

Plaintiffs' summary judgment motions acknowledge that the disputes are moot, as **every substantive issue for which Plaintiffs sought the disputed discovery is now an issue on which they argue "there is no genuine dispute as to any material fact." Rule 56(a).** In their privilege challenges, Plaintiffs argued the disputed documents reflected (1) "technical issues" relating to alleged "memorization and anti-regurgitation" and (2) corporate policies and other decisions regarding training data allegedly obtained from Library Genesis or other "sources of pirated books data." Dkt. 1258 (Plaintiffs' Feb 4, 2026 motion for *in camera* review); Dkt. 1517 (Plaintiffs' April 29, 2026 motion). Now, News Plaintiffs seek summary judgment on their copyright claims arising from OpenAI's acquisition and use of copyrighted content for pre-training and anti-regurgitation work. Dkt 1977-1 at 31, 35-40. Class Plaintiffs similarly seek summary judgment that OpenAI's alleged acquisition and use of materials obtained from LibGen, Books3, and "'targeted scrapes' of the internet" did not constitute a fair use. Dkt 1982 at 5-7. Plaintiffs' statement above does not dispute that their summary judgment motions place these issues before the Court. By their motions for summary judgment, Plaintiffs have thus "tacitly conced[ed] that the record is complete for proper resolution of all the issues presented." *NYC C.L.A.S.H., Inc. v. City of New York*, 315 F. Supp. 2d 461, 498 (S.D.N.Y. 2004); *see also Hendrix v. Herman*, No.

[2] OpenAI uploaded its February 17, 2026 *ex parte* submission and discovery materials for *in camera* review to a secure folder titled "OpenAI 2.17.26." The May 15, 2026 *ex parte* submission and discovery materials were uploaded to a secure folder titled "OpenAI 5.15.26."

[3] Of the 25 documents at issue, 19 have been produced with narrowly tailored redactions, and the remaining 6 documents comprise only 9 total pages.

CIV-91-6178T, 1992 WL 551144, at *5 (W.D.N.Y. Mar. 30, 1992) ("By moving for summary judgment the plaintiff has conceded that he has completed his discovery").[4]

The privilege motions therefore should be denied as moot.

Respectfully,

*/s/ Davida Brook*___
Davida Brook
Susman Godfrey LLP
*Counsel for The New York Times Company*
*News Plaintiffs' Liaison Counsel*

*/s/ Justin A. Nelson*_____
Justin A. Nelson
Susman Godfrey LLP
*Interim Lead Counsel for Class Plaintiffs*

*/s/ Joseph C. Gratz*
Joseph C. Gratz (*pro hac vice*)
MORRISON & FOERSTER LLP
*Counsel for OpenAI*

cc: All Counsel of Record (via ECF)

[4] *Jenkins* and *Billups* do not suggest otherwise, as neither considers, much less analyzes, whether the discovery dispute was moot in light of the filing of a motion for summary judgment.