**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE OPENAI, INC., COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates to:<br>*All Cases* | No.: 1:25-md-03143 (SHS) (OTW)<br><br>Hon. Sidney H. Stein |

# MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE AI RIGHTS PROJECT FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF PLAINTIFFS

## PRELIMINARY STATEMENT

On August 7, 2026, the Court directed that "[a]nyone wishing to file an amicus brief in connection with the summary judgment motions in this multidistrict litigation shall file a motion requesting leave to file an amicus brief no later than October 16, 2026," and that the motion "shall include the proposed amicus brief, which shall be no more than 6,000 words." Order, Dkt. No. 1663. This motion and the brief attached as Exhibit A comply.

The proposed brief addresses two questions, neither of which the parties' summary judgment briefing presents. The first is a premise embedded in the transformative-use inquiry: whether the creative judgment that inquiry has always presupposed must be human, and what follows if a machine-scale process displaces that premise rather than satisfies it. The second is institutional: whether a court may recalibrate, through purposive construction of 17 U.S.C. § 107, the balance Congress struck within the Intellectual Property Clause.

The AI Rights Project ("*AIRights*") proposes no answer to the fair use question, takes no position on the parties' factual disputes, and supports Plaintiffs only as to the threshold question the brief raises.

## I. INTEREST OF THE PROPOSED AMICUS

*AIRights* is an independent, nonpartisan 501(c)(3) public-interest legal organization that applies its Human Baseline Principle — a framework for identifying when AI systems displace the human-scale assumptions embedded in existing legal doctrine — to precedent-setting AI litigation. Declaration of Jim W. Ko ("Ko Decl.") ¶ 2. *AIRights* does not represent, and has no financial or client relationship with, any party to this litigation; it has no financial stake in the outcome; and it accepts no funding from major AI developers. *Id.* ¶ 3.

Undersigned counsel is both the Founder and Executive Director of *AIRights* and, through Ko IP & AI Law PLLC, its counsel in this matter. *Id.* ¶ 1. He is also the author of the article cited in the proposed brief that develops the framework the brief applies. *Id.* ¶ 5. *AIRights* discloses these relationships so that the Court may weigh the brief with full knowledge of its provenance.

*AIRights* has moved for leave to file a brief raising the same threshold question in *In re Mosaic LLM Litigation*, No. 3:24-cv-01451-CRB (N.D. Cal.) (Dkt. No. 420), where that motion and the parties' summary judgment motions remain pending. *Id.* ¶ 6. The constitutional question presented here was not raised in that filing.

## II. THE PROPOSED BRIEF SATISFIES THE STANDARD FOR LEAVE

As this Court has explained, "[a]n amicus brief should normally be allowed when a party is not represented competently or is not represented at all, when the *amicus* has an interest in some other case that may be affected by the decision in the present case …, or when the *amicus* has unique information or perspective that can help the court beyond the help that lawyers for the parties are able to provide. Otherwise, leave to file an *amicus curiae* brief should be denied." Order, Dkt. No. 440 (Aug. 7, 2025) (quoting *In re Terrorist Attacks on Sept. 11, 2001*, No. 03-md-1570, 2022 WL 17326181, at *2 (S.D.N.Y. Nov. 29, 2022), quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). The third circumstance is present as to each of the two questions the brief addresses.

### A. No party has occasion to address the threshold question.

Defendants ask the Court to resolve the transformative-use question by extension from *Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007 (N.D. Cal. 2025), and *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026 (N.D. Cal. 2025), presenting the question as settled by "the only two courts to address" it. OpenAI Books Mem. 1, 21 (Dkt. No. 1983); *see* Microsoft News Mem. 10 (Dkt. No. 1975).

The proposed brief examines a question those decisions did not reach. *Bartz* rested its transformativeness holding on an analogy between machine training and human reading — "[l]ike any reader aspiring to be a writer" — in the same opinion in which it described training as the statistical discovery of relationships among word fragments. *Bartz*, 787 F. Supp. 3d at 1017, 1022. Neither that court nor *Kadrey* examined whether the analogy holds where a use engages works for their protected expression through a process in which no human creative judgment relates that expression to a new purpose.

Because the parties are adverse and each is properly focused on the outcome it seeks, no party has occasion to address that antecedent question. An amicus with no stake in the outcome is under no such constraint, and can examine the premise without needing the question resolved one way or the other. *AIRights* takes no position on the parties' disputed factual record, and the brief does not dispute Defendants' account of how model training operates.

**B. A constitutional argument is before the Court to which no party has responded on its own terms.**

The United States has filed a Statement of Interest urging the Court to read § 107 to reach AI training and asking the Court to reject "any argument that training LLMs on copyrighted texts violates copyright law." U.S. Statement of Interest 4 (Dkt. No. 1682). It grounds that request in the national policy of "sustain[ing] and enhanc[ing] America's global AI dominance" and in the concern that "[r]ules of law that make it significantly more difficult to develop a robust AI industry in the United States … threaten national security and give a competitive advantage to foreign adversaries." *Id.* at 1–2. It rests the legal argument on the Intellectual Property Clause, reciting the Clause and drawing from it the conclusion that "[t]he primary objective of copyright is not to reward the labor of authors." *Id.* at 5–6.

*AIRights* is aware of no party brief in these proceedings — including the News Plaintiffs' response to the Statement of Interest (Dkt. No. 2071) — that addresses the structure of the Clause the Statement invokes, its statement of an object together with the means of attaining it, or the question of which institution may recalibrate the balance Congress struck within it. *Golan v. Holder*, 565 U.S. 302 (2012), appears in no party's summary judgment brief. *Eldred v. Ashcroft*, 537 U.S. 186 (2003), appears in one, cited not for its holding on institutional allocation, *id.* at 212–13, but for the separate proposition that the facts in a published work are available for public exploitation. OpenAI News Mem. 1, 8 (Dkt. No. 1980) (citing *Eldred*, 537 U.S. at 219).

A constitutional argument advanced by a non-party, unanswered on its own terms, is the paradigm case for amicus participation.

### C. Both questions are material to the pending motions.

The transformativeness inquiry is central to the first fair use factor and, on Defendants' framing, to the disposition of their motions. If the premise on which *Bartz* rested has not been examined, and if examination bears on whether it holds on this record, that question is directly relevant to the Court's resolution of Factor One and to the market inquiry under Factor Four. The institutional question is relevant independently of how the first is resolved: it concerns the method by which § 107 may be construed, whatever result that construction yields.

### D. The brief is not duplicative and advocates no outcome.

The proposed brief includes a Statement of Non-Position identifying the issues *AIRights* does not address, including Defendants' acquisition of copies, any claim concerning outputs, whether a training-data licensing market has been shown on this record, and the policy contentions in the Statement of Interest. *AIRights* supports Plaintiffs only as to the threshold question the brief raises and takes no position on Plaintiffs' own motions.

## III. THE PROPOSED BRIEF COMPLIES WITH THE COURT'S ORDER

The proposed brief contains fewer than 6,000 words, as Dkt. No. 1663 requires, and includes the certification called for by Local Civil Rule 7.1(c). It further states that no party's counsel authored the brief in whole or in part, and that no party, party's counsel, or person other than *AIRights* and its counsel contributed money intended to fund its preparation or submission. *See also* Ko Decl. ¶ 4.

## CONCLUSION

For the foregoing reasons, *AIRights* respectfully requests that the Court grant leave to file the brief attached as Exhibit A.

Dated: October 14, 2026

Respectfully submitted,

KO IP & AI LAW PLLC

By: /s/ Jim W. Ko

Jim W. Ko, SBN 038530 (AZ)
4539 N 22nd St. #4410
Phoenix, AZ 85016
(480) 809-2247
jim@koailaw.com
*Pro hac vice* motion pending (Dkt. No. 1938)

*Attorney for [Proposed] Amicus Curiae The AI Rights Project*