**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>News Cases<br><br>1:23-cv-11195-SHS-OTW<br>1:24-cv-01515-SHS-OTW<br>1:24-cv-03285-SHS-OTW<br>1:24-cv-04872-SHS-OTW<br>1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW) |

# NEWS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SEAL PORTIONS OF THEIR OPPOSITION SUMMARY JUDGMENT BRIEFING AND RESPONSIVE RULE 56.1 STATEMENTS

Under paragraph 34 of the Stipulated Protective Order (Dkt. 367), and paragraph 9 of the Amended Stipulated Omnibus Sealing Order (Dkt. 2101), News Plaintiffs respectfully seek to file under seal limited portions of their omnibus opposition brief to Defendants' motions for summary judgment ("Opposition Brief") and supporting Rule 56.1 papers.

## I. Legal Standard

"[D]ocuments submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Lugosch III v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120-121 (2d Cir. 2006). "[S]ealing of the[se] documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id.* at 124. The party requesting sealing "bears the burden of overcoming the presumption of public access." *Tyson Foods, Inc. V. Keystone Foods Holdings, Ltd.*, No. 19-cv-010125, 2020 WL 5819864, at *1 (S.D.N.Y. Sept. 30, 2020). Categories of documents that are "commonly sealed [include] those containing trade secrets, confidential research and development information, revenue information, pricing information, and the like." *Tyson Foods, Inc.*, 2020 WL 5819864, at *2; *Spencer-Smith v. Ehrlich*, No. 23-cv-2652, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025) ("Courts have also frequently held that protection of confidential commercial information and trade secrets may overcome the presumption of public access."). "Non-public data of this nature 'is sensitive and potentially damaging if shared with competitors.'" *Id.*

## II. The New York Times Company

The New York Times Company ("The Times") respectfully seeks to file under seal the following materials:

- Portions of Paragraphs 62, 86, 87, and 147 of News Plaintiffs' Response to Microsoft's Statements of Undisputed Material Facts.

The Times seeks to seal portions of Paragraphs 62 and 147, as they contain highly sensitive commercial information regarding The Times and Defendants' confidential, non-public licensing negotiations. Indeed, these negotiations are covered by non-disclosure agreements, which forbid The Times from publicly disclosing the contents of the parties' discussions. The Times has only sought to redact portions that discuss pricing and payment terms. *Valassis Commc'ns, Inc. v. News Corp.*, No. 17-cv-7378, 2019 WL 10984156, at *2 (S.D.N.Y. Mar. 11, 2019) (permitting redactions of "specific figures related to profit margins, costs, revenues, pricing, and number of placements of products; and specific contract provisions addressing exclusivity arrangements, profit sharing details, pricing of contracts with retailers of CPGs, payment terms, and retailer commissions").

The Times also seeks to seal portions of Paragraphs 86 and 87, as they contain highly sensitive and confidential business information regarding The Times's financial performance, strategy, and internal metrics, which can be unfairly used by its competitors if made public. Specifically, portions of Paragraph 86 reference an internal board presentation discussing The Times's non-public strategy, and portions of Paragraph 87 discuss a non-public financial spreadsheet which contains confidential commercial information. Such "confidential commercial

information" has regularly been sealed in this district. *Spencer-Smith v. Ehrlich*, 2025 WL 1115019, at *2 (S.D.N.Y. Apr. 15, 2025).

### III. The Daily News Plaintiffs

The Daily News Plaintiffs respectfully seek to file under seal the following materials.

- Two statistics on page 7 of News Plaintiffs' Opposition Brief.
- Portions of paragraphs 97, 103, 109, 115, 121, 127, 133, 139, and 146 of News Plaintiffs' Response to Microsoft's Statements of Undisputed Material Facts.

The Daily News Plaintiffs seek to seal two statistics on page 7 of News Plaintiffs' Opposition Brief. These portions discuss the findings of Daily News Plaintiffs' confidential survey conducted among current and former subscribers. *See* Declaration of Robyn Morris in Support of News Plaintiffs' Motion for Leave to File Under Seal and Redact Portions of their Opposition Summary Judgment Briefing and Responsive Rule 56.1 Statements ("Morris Decl."), ¶ 5. Daily News Plaintiffs seek to seal these limited portions of the statistical findings as such statistics bear on the Daily News Plaintiffs' long-term outlook and current performance, which, if revealed, could cause Daily News Plaintiffs substantial business harm vis-à-vis competition.

The Daily News Plaintiffs also seek to seal statements in paragraphs 97, 103, 109, 115, 121, 127, 133, 139, and 146 of News Plaintiffs' Response to Defendant Microsoft Corporation's Rule 56.1 Statement. These paragraphs contain highly sensitive and confidential business information regarding the Daily News Plaintiffs' internal metrics (e.g., search referrals), which could be unfairly used by its competitors if made public. *See* Morris Decl., ¶ 6. Such "confidential

commercial information" has regularly been sealed in this District. *See, e.g.*, *Spencer-Smith*, 2025 WL 1115019, at *2.

Daily News Plaintiffs also seek to clarify that due to typographical errors, the paragraph numbers referenced in Plaintiffs' Motion to Seal (ECF 1687) and in the associated Declaration of Robyn Morris (ECF 1779) do not correspond with the paragraph numbers in News Plaintiffs' Corrected Combined Rule 56.1 Statement of Material Undisputed Facts ("News Plaintiffs' Corrected Rule 56.1 Statement") (ECF 2036). The following are the correct corresponding paragraph numbers:

| **Paragraphs as Identified in ECF 1687 and 1779** | **Corresponding Paragraphs in ECF 2036** |
|---|---|
| 94 and 1308 | 94 and 1624 |
| 1294 through 1307 | 1610 through 1623 |
| 86, 1270, 1289, 1291, and 1292 | 82, 1586, 1605, 1607, and 1608 |
| 1274 through 1279 | 1590 through 1595 |
| 126 and 127 | 447 and 448 |

Daily News Plaintiffs' reasoning for sealing these corrected corresponding paragraphs in News Plaintiffs' Corrected Rule 56.1 Statement (ECF 2036) is set forth in Plaintiffs' Motion to Seal (ECF 1687) and in the associated Declaration of Robyn Morris (ECF 1779). *See also* Morris Decl., ¶ 7.

## IV. The Center for Investigative Reporting

The Center for Investigative Reporting ("CIR") does not seek to maintain under seal any paragraphs in News Plaintiffs' Opposition Brief, News Plaintiffs' Counterstatement of Material

Facts, Plaintiffs' Response to OpenAI's Statement of Undisputed Material Facts, or News Plaintiffs' Response to Microsoft's Statements of Undisputed Material Facts.

**V. The Intercept**

The Intercept respectfully seeks to maintain under seal portions of paragraphs 265 and 266 of Plaintiffs' Response to OpenAI's Statement of Undisputed Material Facts, as well as The Intercept's responses thereto, which contain statements from The Intercept's confidential Board materials regarding the company's financial forecasts (i.e., fundraising efforts, donations) that The Intercept does not publicly disclose and treats as highly confidential. The Intercept previously moved to seal these same statements in Defendant OpenAI's 56.1 Statement (Dkt. 1735). *See* Dkt. 1942 (News Plaintiffs' Statement in Support of Maintaining Under Seal Portions of Defendants' Summary Judgment Briefs and Rule 56.1 Statements at 5-6; Dkt. 1963 (Declaration of David Bralow in Support of News Plaintiffs' Statement in Support of Maintaining Under Seal Portions of Defendants' Summary Judgment Briefs and Rule 56.1 Statements) at ¶ 5. If the confidential information in these paragraphs and responses was revealed, it would cause The Intercept substantial business harm in that it would contribute to inaccurate speculation in the public about The Intercept's financial position. *Id*. at ¶ 5. Such "confidential commercial information" has regularly been sealed in this District. *Spencer-Smith*, 2025 WL 1115019, at *2; *Tyson Foods, Inc*., 2020 WL 5819864, at *2.

## VI. Ziff Davis Plaintiffs

The Ziff Davis Plaintiffs ("Ziff Davis") respectfully seek to file under seal the following materials.

- Portions of paragraphs 212, 240, 243, 259, 260, 281, 312, 313, and 314 in Plaintiffs' Response to OpenAI's Statement of Undisputed Material Facts.

Ziff Davis seeks to seal portions of these paragraphs as they contain non-public, highly sensitive commercial information regarding the performance of Ziff Davis's business, the disclosure of which would harm Ziff Davis relative to its competitors. *See Tyson Foods, Inc.*, 2020 WL 5819864, at *2, *Valassis Commc'ns, Inc.,* 2019 WL 10984156, at *1. The specific information Ziff Davis seeks to seal concerns traffic to its websites, including traffic trends over time, internal metrics, and the impact of traffic on Ziff Davis's financial performance. *See* Declaration of George Wukoson in Support of News Plaintiffs' Motion to File Under Seal and Redact Portions of their Opposition Summary Judgment Briefing and Responsive Rule 56.1 Statements ("Wukoson Decl."), ¶ 3. Disclosure of this type of non-public information would place Ziff Davis at a competitive disadvantage in the highly competitive market for advertising revenue from search referrals. *See id.*; *see Valassis Commc'ns, Inc.,* 2019 WL 10984156, at *1. Ziff Davis also seeks to seal trade secret information pertaining to its proprietary business methods, such as the manner in which it utilizes and deploys technology across its business. *See* Wukoson Decl. ¶ 4. If Ziff were required to disclose this information, it would provide its competitors with an unfair level of insight into Ziff Davis's operations. *See id.* ¶ 5. Lastly, Ziff Davis seeks to keep under seal portions of its opposition papers that were previously sealed in connection with opening summary judgment

briefing. *See* Dkt. 1942 at 4–5. In sum, sealing is warranted for the limited materials that Ziff Davis seeks to redact in connection with its opposition briefing. *See Tyson Foods, Inc.*, 2020 WL 5819864, at *2, *Valassis Commc'ns, Inc.,* 2019 WL 10984156, at *1.

Dated: October 23, 2026

*/s/ Ian Crosby*

Ian Crosby *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com
kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib *(pro hac vice)*
Susman Godfrey L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
Susman Godfrey L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330

Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

*/s/ Steven Lieberman*

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Alexandra Hughes *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(pending pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com

jcolgate@rothwellfigg.com
ahughes@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*

*/s/ Matthew Topic*

Jon Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Matthew Topic (*pro hac vice*)
Thomas Kayes (*pro hac vice*)
Steven Art (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)
Shelley Geiszler *(pro hac vice*)
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
matt@loevy.com
kayes@loevy.com
steve@loevy.com
wallenberg@loevy.com
geiszler@loevy.com

Stephen Stich Match (No. 5567854)
Lauren Sonnenberg *(pro hac vice)*
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
match@loevy.com
sonnenberg@loevy.com

*Attorneys for Plaintiffs The Center for Investigative Reporting, Inc. and The Intercept Media, Inc.*

*/s/ Lacy H. Koonce, III*
Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Brendan Kehoe
Lucy Hoffman
Maya Katalan

Klaris Law PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klaris.com
matthew.leish@klarislaw.com
brendan.kehoe@klarislaw.com
lucy.hoffman@klarislaw.com
maya.katalan@klarislaw.com

Guy Ruttenberg (*pro hac vice*)
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

*Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc.*