**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *IN RE:*<br>*OpenAI, INC.,*<br>*COPYRIGHT INFRINGEMENT*<br>*LITIGATION* | 25-md-3143 (SHS) (OTW) |

## MOTION FOR LEAVE TO FILE AMICUS BRIEF

## STANDARD OF REVIEW

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F.Supp. 196, 198 (S.D.N.Y. 1992); No specific statute or rule governs in such instances, so courts regularly turn to the analogue Federal Rule of Appellate Procedure 29 for guidance. *Lehman XS Tr., Series 2006-GP2 v. Greenpoint Mortg. Funding, Inc.*, No. 12 Civ. 7935 (ALC) (HBP), 2014 U.S. Dist. LEXIS 11179 at *1 (S.D.N.Y. Jan. 23, 2014). That rule requires that potential amici demonstrate "why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." F.R.A.P. 29(a)(3)(B).

In the Southern District of New York, an amicus should show that either it has a unique interest not represented by the current parties or that it offers "unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Lehman XS*, 2014 U.S. Dist. LEXIS 11179, 2014 WL 265784, at *2 (quoting *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)). *See generally Police Benevolent Ass'n v. City of New York,* 2026 U.S. Dist. LEXIS 162990, *2-4 (S.D.N.Y. July 22, 2026).

## ARGUMENT

In this instance, Amicus's brief is timely—it is filed ahead of the October 30 deadline set by this Court for amicus briefs in its most recent scheduling order. ECF Dkt. 1618. And it clocks in at less than half the word limit set by the Court.

Amicus's brief is both unique and useful. Amicus's mission is simple: to respectfully respond to the Statement of Interest filed by the United States Department of Justice. ECF Dkt. 316. That brief asserts a position on behalf of the Department and the larger Administration in support of the Defendants here. Amicus's brief assembles other material from the Administration's leadership showing the importance of intellectual property protection in the context of Super Intelligence (SI), which points toward a result favoring the plaintiffs. And it provides an argument the parties are not well-suited to develop, namely the impact of SI and IP on national security—a pillar of the United States' interest in this case.

The brief's information is unique. The Press Parties responded to the Department's Statement of Interest already (ECF Dkt. 2017), but from an adversarial perspective that sought to attack and undermine the Department's views and credibility. This amicus brief, by contrast, embraces the Department's foundational precepts but explains how they apply in a way that reaches a different result in this case.

The brief's information is also useful to the Court. The United States is obviously no ordinary litigant; courts frequently accord respect and special status to the views of the United States on litigation matters. The U.S. Supreme Court and this Court frequently invite the Solicitor General or United States Attorney to provide a brief expressing the views of the United States on a contested question because of the

Department's expertise and credibility. *See, e.g., In re Acetaminophen Lit.*, 2023 U.S. Dist. LEXIS 72299, *8 (S.D.N.Y. April 19, 2023). Thus, a brief that directly addresses the Department's Statement of Interest helps the Court fully appreciate the policy interests at stake.

That is particularly true when the Department frames its interest at least partially based on national security concerns. On the one hand, "Our precedents, old and new, make clear that concerns of national security and foreign relations do not warrant abdication of the judicial role." *Holder v. Humanitarian Law Project*, 561 U.S. 1, 34 (2010). At the same time, courts remain mindful that "national security" is "a public interest of the highest order." *ACLU v. Clapper*, 785 F.3d 787, 826 (2d Cir. 2015). Amicus's brief specifically addresses the national security concerns present in the SI context, explaining how strong IP policies guard national security against distillation of our information and innovations by foreign adversaries.

Amicus appreciates that this is a large case with a significant stack of briefs already. However, a major case like this with widespread ramifications beyond the individual parties will naturally attract the interest of many amici. In this instance, this particular amicus brief has a specific scope that will meaningfully assist the Court as it considers the views of the Department as put forward in its Statement of Interest. Even if the Department were just another friend of the court, the Court would still appreciate an amicus brief supporting the plaintiffs that directly addresses the arguments made in a previously filed amicus brief supporting the defendants.

Counsel contacted the parties for consent—Microsoft said it did not oppose the motion, and the other parties did not respond.

The movant asks that the Court grant the motion.

Respectfully submitted,

*/s/ Daniel R. Suhr*

Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614
dsuhr@americanrights.org