# Ethan Jacobs Law Corporation

October 29, 2026

**Via ECF**

The Honorable Sidney H. Stein
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re: *In re OpenAI, Inc. Copyright Infringement Litigation*, No. 1:25-md-03143 (SHS) (OTW) — Letter motion for leave to file brief of Professor Matthew Sag as amicus curiae in support of neither party**

Dear Judge Stein:

Pursuant to the Court's Orders of August 7, 2026 (ECF No. 1663) and September 24, 2026 (ECF No. 2049), and Rule 1.A of Your Honor's Individual Practices, I write on behalf of Professor Matthew Sag to respectfully move for leave to file the attached proposed brief as *amicus curiae* in support of neither party in connection with the pending cross-motions for summary judgment. The proposed brief is attached as Exhibit A, and a proposed order is attached as Exhibit B.

## I. Interest of Amicus

Professor Sag is the Jonas Robitscher Professor of Law in Artificial Intelligence, Machine Learning, and Data Science at Emory University School of Law. For more than fifteen years, his scholarship has addressed how the fair use doctrine applies to technologies that must copy works in order to analyze them, including text and data mining, search, and machine learning. That scholarship has been cited by courts in the United States and abroad, including by the court in *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026, 1052, 1054 (N.D. Cal. 2025), a case broadly analogous to this one. Professor Sag has no personal or financial interest in the outcome of this litigation; his interest is in the coherent development of the fair use doctrine as it is applied to a new technology. No party's counsel authored the proposed brief in whole or in part, and no party, party's counsel, or person other than amicus contributed money intended to fund its preparation or submission.

**II. The Proposed Brief Will Assist the Court**

"District courts have broad discretion to permit or deny the appearance of amici curiae in a given case." *United States v. Ahmed*, 788 F. Supp. 196, 198 n.1 (S.D.N.Y. 1992). Leave is appropriate where the amicus "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (citation omitted), and the Court has already invited amicus participation on these motions. ECF No. 1663.

The proposed brief offers three things the parties are not positioned to provide. First, it gives an independent, scholarly account of the principle that connects the first and fourth fair use factors in the copy-reliant technology cases, expressive substitution, and of how *Andy Warhol Foundation for the Visual Arts, Inc. v. Goldsmith*, 598 U.S. 508 (2023), and the Second Circuit's decisions in *Authors Guild v. Google, Inc.*, 804 F.3d 202 (2d Cir. 2015), *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87 (2d Cir. 2014), and *Romanova v. Amilus Inc.*, 138 F.4th 104 (2d Cir. 2025), bear on the training of large language models. Second, the "market dilution" theory of harm that the plaintiffs advance was first articulated in *Kadrey*, where the only authority the court cited for it was Professor Sag's own article. The proposed brief explains what that article meant and why its narrower concept of indirect expressive substitution does not describe this case. Third, the brief addresses the treatment of training material obtained from so-called shadow libraries, a question on which two analogous cases in the Northern District of California diverge, and proposes a framework for resolving it under the fourth factor without taking a position on how the question should be resolved on this record. A brief of this kind helps "resolv[e] issues of law by explaining or amplifying the issues the parties raised." *United States v. Yaroshenko*, 86 F. Supp. 3d 289, 290 (S.D.N.Y. 2015) (citation omitted).

The proposed brief supports neither party. It contends that the record favors the defendants on whether training was transformative and on the absence of cognizable licensing or dilution harms, while leaving to the Court the narrower questions of indirect substitution and lawful access that the record presents.

**III. Timeliness and Compliance**

This motion is timely under the Court's Orders, which require motions for leave to file amicus briefs, with the proposed brief attached, to be filed by October 30, 2026. ECF Nos. 1663, 2049. The proposed brief contains 5,951 words, including footnotes, as counted by Microsoft Word, within the 6,000-word limit the Court has set. Granting

leave will cause no delay, as the parties' replies are not due until November 20, 2026. Because the Court's Order requires a motion for leave in any event, amicus has not solicited the parties' consent to this filing.

**IV. Conclusion**

For the foregoing reasons, Professor Sag respectfully requests that the Court grant leave to file the proposed brief of *amicus curiae* attached as Exhibit A and enter the proposed order attached as Exhibit B.

Respectfully submitted,

Ethan Jacobs

Ethan Jacobs
*Counsel for Proposed Amicus Curiae*
*Professor Matthew Sag*

Enclosures: Exhibit A (Proposed Brief of Amicus Curiae); Exhibit B (Proposed Order)

cc: All counsel of record (via ECF)