KEKER
VAN NEST
& PETERS

October 28, 2026

***VIA ECF***

Hon. Sidney H. Stein
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

cc: All Counsel of Record (via ECF)

Re: ***Non-Party John Schulman's Motion to Maintain Under Seal Limited Portions of News Plaintiffs' Rule 56.1 Statement (ECF 1730, 1742, 2253-1, 2269-1)***
*In re OpenAI Copyright Infringement Litigation*, No. 1:25-md-03143-SHS-OTW

Dear Judge Stein:

We represent non-party John Schulman, who was deposed in this action. The News Plaintiffs have publicly filed their Rule 56.1 Statement of Material Undisputed Facts (ECF 1730) (the "56.1 Statement") in support of their Motion for Summary Judgment in News Plaintiffs' Consolidated Cases, with portions citing Mr. Schulman's deposition testimony provisionally redacted. News Plaintiffs separately filed under seal an unredacted version of the 56.1 Statement (ECF 1742). Defendants OpenAI and Microsoft filed a counter statement quoting and responding to News Plaintiffs' 56.1 Statement (ECF 2269-1) (the "Counter Statement"), with portions citing Mr. Schulman's deposition testimony provisionally redacted. Defendants separately filed under seal an unredacted version of the counter statement (ECF 2253-1). Mr. Schulman respectfully requests that the Court maintain under seal the limited portions of paragraph 655 of News Plaintiffs' Rule 56.1 Statement of Material Undisputed Facts and Defendants' Counter Statement that disclose his personal, nonpublic financial information concerning his equity compensation from OpenAI. Mr. Schulman seeks to seal nothing else in the 56.1 Statement and Counter Statement.

Courts in this Circuit apply a three-part test: (1) whether the material is a "judicial document," *i.e.*, "relevant to the performance of the judicial function and useful in the judicial process," which creates a presumption of public access to the documents; (2) the weight of the

resulting presumption of public access; and (3) whether countervailing factors outweigh that presumption. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006) (citations omitted). Even where the First Amendment right of access applies, sealing is proper upon findings that it is "essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 120 (citation omitted). Those countervailing interests include "the privacy interests of those resisting disclosure," *id.*, with non-parties' privacy interests weighing heavily in the balance. *United States v. Amodeo*, 71 F.3d 1044, 1050–51 (2d Cir. 1995); *Metcalf v. TransPerfect Translations Int'l Inc.*, 2025 WL 1870887, at *2 (S.D.N.Y. July 7, 2025) (recognizing the privacy interest in individuals' financial information, particularly that of non-parties) (citations omitted).

Mr. Schulman does not dispute that the 56.1 Statement and Counter Statement are judicial documents filed in support of a potentially dispositive motion. But the weight of the presumption "must be governed by the role of the material at issue in the exercise of Article III judicial power," and where information plays "only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Amodeo*, 71 F.3d at 1049–50. The value of Mr. Schulman's OpenAI equity bears on neither News Plaintiffs' copyright claims nor any defense, and the Court need not consider it to decide the motion. Courts in this District accordingly afford only a weak presumption to collateral personal financial details in summary judgment papers. *See City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021) (sealing non-party's deposition testimony concerning his "private financial information," which was "essentially irrelevant to the summary judgment motion" and subject to "only a weak presumption of public access"); *Oliver Wyman, Inc. v. Eielson*, 282 F. Supp. 3d 684, 707 (S.D.N.Y. 2017) (information "collateral to the Court's resolution of the parties' summary judgment motions" carries "a low presumption of access to public records").

Even a strong presumption of access would yield to the privacy interest here. The privacy interest in compensation "will override even a strong presumption in favor of public access." *Metcalf*, 2025 WL 1870887, at *2 (quoting *Rowe v. Google LLC*, 2022 WL 4467628, at *2 (S.D.N.Y. Sep. 26, 2022)). Courts therefore routinely redact individuals' compensation from summary judgment records, including Rule 56.1 statements. *See Oliver Wyman*, 282 F. Supp. 3d at 704–06 (redacting non-parties' compensation from summary judgment briefs and Rule 56.1 statements notwithstanding a strong presumption, of public access, and the redactions are narrowly tailored redaction "vindicates the privacy interest" non-parties have "in sensitive personal information"); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156–57 (S.D.N.Y. 2015) (sealing current and former employees' compensation in summary judgment record because "this type of information . . . overcomes the presumption of public disclosure"); *City of Almaty*, 2021 WL 1177737, at *3 (sealing deposition testimony concerning non-party's finances and directing corresponding redactions to Rule 56.1 statements); *Loomis Sayles Tr. Co., LLC v. Citigroup Glob. Mkts. Inc.*, 2026 WL 1679438, at *3 (S.D.N.Y. June 10, 2026) ("Courts have held that compensation may be shielded from public access," and redacting individual's compensation because his "privacy interest outweighs the presumption of public access").

These considerations apply here. Mr. Schulman's OpenAI equity has not been publicly disclosed. He is not a party and appeared only in response to a compulsory deposition subpoena. He is precisely the kind of third party whose privacy interests "should weigh heavily." *Amodeo*, 71 F.3d at 1050–51. And the request is narrowly tailored: it seeks to seal only a single line of testimony in the 56.1 Statement and Counter Statement. *See Metcalf*, 2025 WL 1870887, at *2 (request is narrowly tailored when it "seeks to seal only that information that must be sealed to preserve higher values"). Mr. Schulman's personal finances should not become public as an incidental byproduct of the parties' dispute.

For these reasons, Mr. Schulman respectfully requests that the Court maintain under seal the references to his OpenAI equity compensation in paragraph 655 of the Rule 56.1 Statement (ECF 1730, 1742) and Counter Statement (ECF 2253-1, 2269-1), consistent with the public redactions (ECF 1730, 2269-1). He reserves all rights concerning the deposition excerpts filed with the parties' Rule 56.1 statements, which are subject to a separate stipulated schedule (ECF 1685). We appreciate the Court's consideration.

Respectfully,

KEKER, VAN NEST & PETERS LLP

*/s/ Paven Malhotra*

*Attorney for Non-Party John Schulman*



6435185