**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *IN RE OPENAI COPYRIGHT INFRINGEMENT LITIGATION* | Case No. 1:25-md-03143<br><br>Judge: Hon. Sidney H. Stein |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF AMICUS CURIAE COPYRIGHT ALLIANCE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The Copyright Alliance respectfully moves for leave to file the accompanying amicus curiae brief in support of Plaintiffs' opposition to Defendants' motions for summary judgment.

## I. INTEREST OF AMICUS CURIAE

The Copyright Alliance is a nonprofit, nonpartisan 501(c)(4) public interest and educational organization dedicated to advocating policies that promote and preserve the value of copyright and protecting the rights of creators. It represents the copyright interests of over 2 million individual creators and over 15,000 organizations across all creative industries, including graphic and visual artists, photographers, writers, musical composers and recording artists, journalists, documentarians and filmmakers, software developers, and the businesses that support them. Copyright Alliance members include companies that have developed their own AI tools, companies that have used AI in some form for many years, and companies that are only beginning to explore generative AI ("GAI")—giving the Alliance a broad, cross-industry vantage point on the licensing markets and fair use questions raised here.

The Alliance and its members have a direct and ongoing interest in the proper application of the fair use doctrine to GAI training, as the outcome of this and similar pending litigation will directly affect the rights and livelihoods of the creators the Alliance represents.

## II. THE PROPOSED BRIEF WILL BENEFIT THE COURT

This case squarely presents questions regarding the proper application of the fair use doctrine, codified at 17 U.S.C. § 107, to the unauthorized use of copyrighted literary works to train GAI models—questions of substantial and growing importance not only to the parties in this action, but to the broader community of creators and copyright owners whose works are being used, without authorization, to train GAI systems nationwide. The Copyright Alliance's proposed brief offers the Court a perspective grounded in its members' direct experience with copyright licensing markets, including the licensing markets that have emerged specifically for GAI training, and addresses recent, directly relevant precedents—including in *Bartz v. Anthropic PBC*, 787 F. Supp. 3d 1007 (N.D. Cal. 2025), *Kadrey v. Meta Platforms, Inc.*, 788 F. Supp. 3d 1026 (N.D. Cal. 2025), and *Thomson Reuters Enterprise Centre GmbH v. Ross Intelligence Inc*, 25-2153, (3rd Cir. 2026)—that bear directly on the first and fourth fair use factor at issue in Defendants' motions.

DATED: October 29, 2026

KELLER ROHRBACK L.L.P.

By *<u>/s/ Ron Kilgard</u>*

Ron Kilgard (SBN 4976916)
rkilgard@kellerrohrback.com
1140 6TH AVE, 9TH FLOOR
NEW YORK, NY 10036
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384

Benjamin Gould
bgould@kellerrohrback.com
1201 Third Ave, Suite 3400
Seattle, WA 98101
TELEPHONE: (206) 623-1900
FACSIMILE: (206) 623-3384
***Attorneys for Amicus Copyright Alliance***

**CERTIFICATE OF COMPLIANCE**

In accordance with Local Civil Rule 7.1(c), I hereby certify that the foregoing Memorandum of Law is 436 words as determined by the word processing program used to prepare it.

Dated: October 29, 2026.

By: */s/ Ron Kilgard*
Ron Kilgard