**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>All Actions | 25-md-3143 (SHS) (OTW) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION BY THE FOUNDATION FOR AMERICAN INNOVATION, DAVID R. SHEDD, LIEUTENANT GENERAL MICHAEL GROEN, U.S. MARINE CORPS (RET.), AND GEORGE BARNES, FOR LEAVE TO FILE AN AMICI CURIAE BRIEF IN SUPPORT OF OPENAI ON THE FOURTH FAIR-USE FACTOR**

The Foundation for American Innovation ("FAI"), David R. Shedd, Lieutenant General Michael Groen, U.S. Marine Corps (Ret.), and George Barnes (collectively, "amici"), respectfully request leave to file the proposed amici curiae brief accompanying their motion as Exhibit A. The brief supports OpenAI on the fourth fair-use factor by addressing the national-security benefits of capabilities developed through AI training and their relevance to the pending summary-judgment motions.

## INTEREST OF AMICI CURIAE

FAI is a nonprofit organization recognized under Section 501(c)(3) of the Internal Revenue Code. Its mission is to develop technology, talent, and ideas that support a better, freer, and more abundant future. FAI advances that mission by helping policymakers promote innovation, encouraging technologists and founders to engage in governance, and informing the public about the relationship between technology and public policy.

FAI has an institutional interest in how copyright and fair-use principles apply to artificial-intelligence development and affect researchers, startups, and the public. Its prior amicus submissions include briefs in *Bartz v. Anthropic PBC*, No. 25-4843 (9th Cir. Aug. 7, 2025), concerning class certification and its implications for AI development, and *Thomson Reuters Enterprise Centre GmbH v. ROSS Intelligence Inc.*, No. 25-2153 (3d Cir. Sept. 29, 2025), concerning fair use and AI training. That work informs FAI's interest in the relationship among copyright, technological capabilities, and the public benefits of innovation.

David R. Shedd served as Deputy Director and later Acting Director of the Defense Intelligence Agency. He previously served as Deputy Director of National Intelligence for Policy, Plans, and Requirements, overseeing the development and implementation of Intelligence

Community policies and strategic planning. He also served as the NSC's Senior Director and Special Assistant to the President for Intelligence.

Lieutenant General Michael Groen, U.S. Marine Corps (Ret.), served as Director of the Department of Defense's Joint Artificial Intelligence Center, where he led efforts to integrate artificial intelligence into military capabilities and departmental processes. He previously served as Director for Intelligence on the Joint Staff and in a senior computer-network-operations role at the National Security Agency.

George Barnes served as the Deputy Director of the U.S. National Security Agency. He currently engages on national security with educational institutions and non-profit organizations, builds and scales new companies in the venture ecosystem, and advises companies in national security and emerging technologies.

David R. Shedd, Lieutenant General Michael Groen, U.S. Marine Corps (Ret.), and George Barnes appear solely in their individual capacities. Titles and affiliations are provided for identification only.

Amici bring together FAI's work on technology policy and the individual amici's experience in intelligence and defense applications of AI. They share an interest in how copyright rules governing AI training affect capabilities used in defense, intelligence, and cybersecurity.

No party's counsel authored the proposed brief in whole or in part. No party or party's counsel contributed money intended to fund its preparation or submission. No person other than amici or their counsel contributed money intended to fund its preparation or submission.

## ARGUMENT

District courts have broad discretion to permit amicus participation where a submission offers information or perspective that assists the court beyond the parties' presentations. *Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J.*, No. 11 Civ. 6746 (RJH), 2011 WL 5865296, at *1–2 (S.D.N.Y. Nov. 22, 2011). A useful specialized perspective may warrant participation even when some arguments overlap with those of the parties. *C&A Carbone, Inc. v. County of Rockland*, No. 08-cv-6459 (ER), slip op. at 8 (S.D.N.Y. Mar. 24, 2014), ECF No. 125.

The Court's August 7, 2026 Order expressly established a procedure for requesting leave to submit amicus briefs concerning the summary-judgment motions and required that each motion include a proposed brief of no more than 6,000 words. ECF No. 1663. The Court extended the amicus deadline to October 30, 2026. Order at 3, *Authors Guild v. OpenAI Inc.*, No. 23-cv-8292 (S.D.N.Y. Sept. 24, 2026), ECF No. 1344. Amici submit their proposed brief within that deadline and word limit.

The proposed brief offers a focused contribution to the fourth-factor analysis. It explains how general capabilities developed through corpus-scale training can support national-security applications, including intelligence analysis and cyber defense. Drawing on legislation, government publications, and technical research, the brief connects the training process to capabilities used in downstream systems and explains why restrictions that materially impair those capabilities may have consequences for national security.

The proposed brief then addresses how the Court should evaluate those benefits under the public-benefit reasoning discussed in *Google LLC v. Oracle America, Inc.*, 593 U.S. 1 (2021). Amici ask the Court to consider national-security benefits that the record links to the challenged training alongside cognizable market harm. The brief recognizes the importance of that

evidentiary connection and leaves the parties' disputes over particular works, licenses, models, and outputs to the summary-judgment record.

This combined technology-policy and national-security perspective can assist the Court in assessing the connection between AI training and the asserted public benefits. The brief supplements the United States' discussion of AI's public benefits and national-security importance with an explanation of how training data supports particular capabilities. Its defined focus provides a reason to consider amici's submission alongside the parties' briefs without requiring the Court to resolve the merits of amici's position at the leave stage.

## CONCLUSION

For these reasons, amici respectfully request that the Court grant leave to file the proposed amici curiae brief attached as Exhibit A to their motion.

Dated: October 30, 2026

Respectfully submitted,

/s/ Tim Hwang

Tim Hwang (pro hac vice pending)
**FOUNDATION FOR AMERICAN INNOVATION**
408 C St NE
Washington, DC 20002
Telephone: 973-960-4955
tim.hwang@thefai.org

*Counsel for Proposed Amici Curiae Foundation for American Innovation, David R. Shedd, Lieutenant General Michael Groen, U.S. Marine Corps (Ret.), and George Barnes*

**CERTIFICATE OF COMPLIANCE**

I certify that this memorandum of law contains 894 words and complies with the word limit in Local Civil Rule 7.1(c). The count includes the memorandum's headings and substantive text and excludes the caption, signature blocks, and this certificate. The count was determined using the word-processing software used to prepare the document.

This memorandum complies with Local Civil Rule 7.1(b): it uses 12-point Times New Roman, one-inch margins, and double-spaced body text.

Dated: October 30, 2026

/s/ Tim Hwang

Tim Hwang