UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>OpenAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>1:23-cv-11195-SHS-OTW<br>1:24-cv-01515-SHS-OTW<br>1:24-cv-03285-SHS-OTW<br>1:24-cv-04872-SHS-OTW<br>1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW) |

**MOTION OF FIRST AMENDMENT SCHOLARS FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF NEWS PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Eleven scholars of First Amendment law (collectively "First Amendment Scholars," listed in Appendix) respectfully submit this motion for leave to file a brief as *amici curiae* (attached as Exhibit A) in support of the News Plaintiffs' Motion for Summary Judgment (ECF No. 1977-1). *Amici curiae* have conferred with counsel for the parties in *New York Times Co. v. Microsoft*, No. 23-cv-11105 (S.D.N.Y.). Counsel for Plaintiff New York Time Co. has consented to this motion, and counsel for Defendants Microsoft Corporation, OpenAI, Inc.; OpenAI LP; OpenAI GP, LL; OpenAI, LLC; OpenAI OPCO LLC; OpenAI Global LLC; OAI Corporation, LLC; and OpenAI Holdings have not objected to *amici*'s plan to file. A proposed order granting this motion is enclosed.

## INTERESTS OF *AMICI CURIAE*

*Amici* are among the nation's leading First Amendment legal scholars. They include law and journalism professors who have studied, taught, and written extensively about the function of journalists and the First Amendment's protections for the press. While *amici* have a range of views on the proper interpretation of the First Amendment, all agree that the First Amendment recognizes the critical role of the press in gathering and disseminating information to the public and holding the powerful to account. By appropriating journalists' copyrighted work without compensation, Defendants' artificial intelligence ("AI") technologies pose an existential risk to the economic model that underwrites an independent press. While the outputs of Defendants' large language models act as a direct competitor to news organizations' and journalists' publications, they do not fulfill the press's constitutional role in our democracy. A decision permitting Defendants to proceed apace risks serious disruption to the proper functioning of American democracy.

No party or counsel for any party authored this brief in whole or in part and no one other than *amici* or their counsel contributed any money intended to fund the preparation or submission of this brief.

## ARGUMENT

While none of the Federal Rules of Civil Procedure, the Southern District's Local Rules, or this Court's Individual Rules of Practice address the submission of amicus briefs, "it is well-settled in this District that resolution of a motion for leave to file an *amicus* brief lies in the firm discretion of the district court." *United States v. Van Dyke*, No. 26-CR-00156 (MMG), 2026 WL 2475255, at *1 (S.D.N.Y. Aug. 24, 2026) (internal quotation marks and alterations omitted); *City of New York v. United States*, 971 F. Supp. 789, 791 (S.D.N.Y. 1997), *aff'd*, 179 F.3d 29 (2d Cir. 1999). A district court should typically allow the filing of an amicus brief "when the amicus has

an interest in some other case that may be affected by the decision in the present case . . . or when the amicus has unique information or perspective that can help the court beyond the help that the lawyer for the parties are able to provide." *In re Terrorist Attacks on Sept. 11, 2001*, No. 01CV10132GBDSN, 2022 WL 17326181, at *2 (S.D.N.Y. Nov. 29, 2022) (internal citation omitted).

*Amici* First Amendment Scholars' brief provides important and unique context on the constitutional roles of the independent press. It explains how the press gather and disseminate new information to the voting public, checking private and public power in the process. It then explains how Defendants' unauthorized use of journalists' work threatens the economic viability of a press already battered by the emergent and disruptive technological developments of the last twenty years. Finally, *amici* explain why Defendants' AI technologies are not yet capable of replicating the work of journalists and how they are uniquely ill-designed and situated to hold those in power to account. In sum, AI models threaten, but cannot replace, the free press, meaning that any ruling permitting Defendants to continue stealing the fruits of the press's labor will weaken our constitutional democracy. *Amici* respectfully submit that their brief helps contextualize stakes of the dispute before the Court.

**CONCLUSION**

For the reasons above, *amici curiae* respectfully request that the Court grant this Motion and permit the filing of the accompanying brief of *amici curiae* First Amendment Scholars.

Dated this 30th day of October, 2026.

October 30, 2026

Respectfully submitted,

/s/ Christina A. Lee
Christina Lee
*Counsel of Record*
John Langford
Dave Schulz
MEDIA FREEDOM &
INFORMATION ACCESS CLINIC
YALE LAW SCHOOL[1]
127 Wall Street
New Haven, CT 06511
(203) 436-5836
christina.a.lee@ylsclinics.edu

*Counsel for First Amendment Scholars as Amici Curiae*

[1] The views expressed herein do not purport to represent the institutional of Yale Law School, if any exist.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c) and the Court's order, I hereby certify that the foregoing proposed amicus brief contains 677 words according to the word-count feature of the word-processing program used to prepare it, and therefore it complies with paragraph 2.C of this Court's Individual Practices.

/s/ Christina A. Lee
Christina A. Lee

## APPENDIX (LIST OF AMICI CURIAE)[2]

**RonNell Andersen Jones**
University Distinguished Professor & Teitelbaum Chair in Law
University of Utah S.J. Quinney College of Law

**Jack M. Balkin**
Knight Professor of Constitutional Law and the First Amendment
Yale Law School

**Erin Carroll**
Professor of Law
Georgetown Law

**Alan Chen**
Distinguished University Professor & Thompson G. Marsh Law Alumni Professor
Sturm College of Law

**Heidi Kitrosser**
William W. Gurley Professor of Law
Northwestern – Pritzker School of Law

**Jane E. Kirtley**
Silha Professor of Media Ethics and Law Emerita
University of Minnesota

**Burt Neuborne**
Norman Dorsen Professor of Civil Liberties Emeritus
New York University School of Law

**Jonathan Peters**
Associate Dean for Academic Affairs
Professor and Carter Chair for Excellence in Journalism
Grady College of Journalism and Mass Communication
University of Georgia

**Victor Pickard**
C. Edwin Baker Professor of Media Policy and Political Economy
University of Pennsylvania

**Francesca Procaccini**
Associate Professor of Law & Robert S. and Theresa L. Reder Faculty Fellow
Vanderbilt Law School

---

[2] Institutional affiliations are stated for purposes of identification only.

**Sonja R. West**
Brumby Distinguished Professor of First Amendment Law
University of Georgia School of Law