**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: OPENAI, INC., COPYRIGHT INFRINGEMENT LITIGATION** | **MDL No. 1:25-md-03143 (SHS) (OTW)** |
| **This Document Relates To:** ***All Related Cases*** | **Hon. Sidney H. Stein** |

**MEMORANDUM OF LAW IN SUPPORT OF PROPOSED AMICI CURIAE E.H. AND W.E.'S MOTION FOR LEAVE TO FILE AMICUS BRIEF**

Proposed amici curiae E.H. and W.E., high school students proceeding pro se, respectfully submit this Memorandum of Law in support of their motion for leave to file the accompanying amicus brief. The proposed brief addresses a discrete issue raised by Defendants' motions for summary judgment: whether the unlicensed use of copyrighted works to train generative artificial-intelligence systems qualifies as a "fair use." Drawing on their experience as high school students and members of the first generation to come of age with generative AI, the proposed amici offer the Court the perspective of the next generation of creators – the "supply side" of the copyright ecosystem – a perspective the party litigants cannot provide.

- **INTEREST OF THE PROPOSED *AMICI CURIAE***

The proposed amici, identified by their initials as E.H. and W.E., are eleventh-grade students in Los Angeles County, within the Las Virgenes Unified School District. They are not corporations, litigation funders, or industry participants. They are students, artists, writers, and musicians, and members of the generation that will come of age alongside generative AI.

The proposed amici have a direct and concrete interest in the questions raised by Defendants' motions. As students who create written, visual, and musical works, they are the nascent supply side of the copyright ecosystem whose future creative labor the Copyright Act is designed to encourage. They are high school students who understand they have a remarkable opportunity to make a difference in their future. They submit this brief in support of Plaintiffs because the protection of copyrighted works from unlicensed extraction bears directly on the market for, and the incentive to create, the works their generation will produce. Their interest is not commercial or strategic; it is the interest of the creators who will inherit the copyright system this litigation will shape.

- **THE PROPOSED BRIEF SATISFIES THE STANDARD FOR LEAVE**

"[T]he decision to grant leave to file a brief as amicus curiae is in the firm discretion of the court." In re Terrorist Attacks on Sept. 11, 2001, 2022 WL 17326181, at *1 (S.D.N.Y. Nov. 29, 2022). In exercising that discretion, courts in

this District look to Rule 29 of the Federal Rules of Appellate Procedure for guidance and consider whether a proposed amicus brief "serves a laudable, rather than distractive, purpose." Id. An amicus brief serves such a purpose, and should be allowed, when "the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." Id. at *2 (quoting Ryan v. Commodity Futures Trading Comm'n, 125 F.3d 1062, 1063 (7th Cir. 1997)); see Auto. Club of N.Y., Inc. v. Port Auth. of N.Y. & N.J., 2011 WL 5865296, at *2 (S.D.N.Y. Nov. 22, 2011) (granting two elected officials representing Staten Island residents leave to file an amicus brief in a case involving bridge toll increases).

- **The Proposed Amici Have Unique Information or Perspective**

Defendants' motions raise the question whether the unlicensed ingestion of copyrighted works to train AI systems is "transformative" and whether it harms the market for the copied works. The proposed amici offer information directly relevant to those questions from a perspective distinct from that of any party: the lived experience of student creators who are both the subjects and the intended future suppliers of copyrighted expression.

That perspective includes matters the corporate parties are not positioned to describe – among them, how the scraping of childhood digital footprints affects young creators before they enter the workforce, and how schools' responses to

generative AI are reshaping the conditions under which the next generation learns to create. This is precisely the kind of "unique information or perspective" that warrants amicus participation, and it may assist the Court in grounding its fair-use analysis in the real-world consequences of the practices at issue.

- **<u>The Proposed Brief Is Not Duplicative</u>**

Although the proposed *amici* support Plaintiffs, their brief does not duplicate Plaintiffs' advocacy. An amicus brief that merely "duplicate[s] the arguments made in the litigants' briefs, in effect merely extending the length of the litigant's brief," should not be allowed. *Ryan*, 125 F.3d at 1063. The proposed brief does not restate the parties' legal or economic arguments. Instead, it supplies the generational perspective of student creators on the consequences of the fair-use question. The brief is therefore additive rather than duplicative, and it serves the "laudable" purpose the standard contemplates.

- **<u>THE PROPOSED BRIEF COMPLIES WITH THE COURT'S ORDER AND THE LOCAL RULES</u>**

The proposed brief complies with the requirements governing its submission. It contains fewer than 6,000 words, as required by the Court's August 7, 2026, Order (Dkt. No. 1663); it includes the certification required by Local Civil Rule 7.1(c); and it complies with Local Civil Rule 7.1(b) and Judge Stein's Individual Practices governing memoranda of law. Because the proposed amici are

minors proceeding without counsel, they intend to submit their filing through the Court's Pro Se Intake Unit, and, pursuant to Federal Rule of Civil Procedure 5.2(a), they are identified herein by their initials.

In addition, no party or party's counsel authored the proposed brief in whole or in part, and no party, party's counsel, or person other than the proposed amici contributed money intended to fund the preparation or submission of the brief.

## CONCLUSION

For the foregoing reasons, the proposed amici curiae respectfully request that the Court grant them leave to file the accompanying amicus brief.

Dated: October 29th, 2026

Respectfully submitted,

/s/ E.H.

**E.H.**

Contact information provided to Court

*Pro Se Amicus Curiae*

/s/ W.E.

**W.E.**

Contact information provided to Court

*Pro Se Amicus Curiae*