**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OpenAI, INC.,<br><br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates To:<br><br>1:23-cv-11195-SHS-OTW<br>1:24-cv-01515-SHS-OTW<br>1:24-cv-03285-SHS-OTW<br>1:24-cv-04872-SHS-OTW<br>1:25-cv-04315-SHS-OTW | 25-md-3143 (SHS) (OTW) |

**NEWS PLAINTIFFS' OPPOSITION TO DEFENDANT MICROSOFT'S REQUESTS TO SEAL CERTAIN MATERIAL IN NEWS PLAINTIFFS' OMNIBUS MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendant Microsoft seeks to seal material on pages 4 and 10 of News Plaintiffs' Omnibus Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment. Both pages contain internal characterizations of the extent to which Microsoft's products are substitutive. While Microsoft claims making these statements public would cause it competitive harm, it has failed to make any specific showing of that, as the First Amendment requires to seal the statements from public view, for the same reasons News Plaintiffs provided regarding efforts to seal passages from News Plaintiff's opening brief. ECF 2083, 2084, 2103.

## I. Legal Standards

News Plaintiffs have set forth the governing legal standard for sealing court records and the common law and First Amendment right to access court documents in their first sealing opposition, filed at docket entry 2083. Those standards apply equally here.

## II. Argument

As explained in News Plaintiffs' first sealing opposition, there can be no dispute that the parties' summary judgment briefs are judicial documents where the presumption of public access is at its highest and the First Amendment right attaches. ECF 2083 at 4; *see, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 123 (2d Cir. 2006) ("documents used by parties moving for, or opposing, summary judgment should not remain under seal ***absent the most compelling reasons***") (internal quotations omitted, emphasis in original). Because the First Amendment right attaches, material in News Plaintiffs' summary judgment opposition may only be sealed if Microsoft "offer[s] specific facts 'demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Wells Fargo Bank, N.A. v. Wales LLC*, 993 F. Supp. 2d 409, 413 (S.D.N.Y. 2014) (quoting *Lugosch*, 435 F.3d at 120); ECF 2083 at 4.

Microsoft has failed to do so. Microsoft's redactions on pages 4 and 10 pertain to high-level internal characterizations of the extent to which its products are substitutive. They do not reveal any specific "technical, research, and financial information" as Microsoft claims. ECF 2284 at 6. Further, it is not plausible, let alone self-evident, that these statements would cause Microsoft competitive harm, and Microsoft has not made a sufficient showing that is the case either. *See In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (the "fact that business documents are secret or that their disclosure might result in adverse publicity does not automatically warrant" sealing); *Gelb v. Am. Tel. & Tel. Co.*, 813 F. Supp. 1022, 1035 (S.D.N.Y. 1993) ("[i]nternal corporate documents do not automatically merit protective orders" and a party is not "entitled" to "keep documents under seal in order to shield the party from negative publicity"). Microsoft's declarant merely parrots its competitive harm claims without providing any context or meaningfully addressing the specific material. ECF 2284-1 at ¶¶ 5-6; *see TileBar v. Glazzio Tiles*,

723 F. Supp. 3d 164, 209 (E.D.N.Y. 2024) ("conclusory statements that documents contain confidential business information are insufficient to justify sealing").

As News Plaintiffs have explained, when a court is asked to seal portions of a summary judgment filing, the First Amendment presumption of access is at its zenith. ECF 2083 at 9-10. Microsoft offers nothing more than broad and conclusory claims that do not overcome the public's presumptive right to access the material under the First Amendment. *Id.* Like Microsoft's other requests to seal embarrassing material that would not cause legitimate competitive harm, *see* ECF 2103, the Court should reject Microsoft's request to seal this information.

Dated: November 19, 2026

/s/ *Matthew Topic*

Jon Loevy (*pro hac vice*)
Michael Kanovitz (*pro hac vice*)
Matthew Topic (*pro hac vice*)
Thomas Kayes (*pro hac vice*)
Steven Art (*pro hac vice*)
Kyle Wallenberg (*pro hac vice*)
Shelley Geiszler (*pro hac vice*)
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900 (p)
312-243-5902 (f)
jon@loevy.com
mike@loevy.com
matt@loevy.com
kayes@loevy.com
steve@loevy.com
wallenberg@loevy.com
geiszler@loevy.com

Stephen Stich Match (No. 5567854)
Lauren Sonnenberg *(pro hac vice)*
LOEVY & LOEVY
222 Sutter Street, Suite 600A
San Francisco, CA 94108
(312) 243-5900
match@loevy.com
sonnenberg@loevy.com

*Attorneys for Plaintiffs The Center for Investigative Reporting, Inc. and The Intercept Media, Inc.*

Q

/s/ *Davida Brook*

Ian Crosby *(pro hac vice)*
Katherine M. Peaslee *(pro hac vice)*
Susman Godfrey L.L.P.
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 516-3880
Facsimile: (206) 516-3883
icrosby@susmangodfrey.com

kpeaslee@susmangodfrey.com

Davida Brook *(pro hac vice)*
Emily K. Cronin (*pro hac vice*)
Adnan Muttalib *(pro hac vice)*
Susman Godfrey L.L.P.
1900 Ave of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
dbrook@susmangodfrey.com
ecronin@susmangodfrey.com
amuttalib@susmangodfrey.com

Elisha Barron (5036850)
Zachary B. Savage (ZS2668)
Alexander Frawley (5564539)
Eudokia Spanos (5021381)
Susman Godfrey L.L.P.
One Manhattan West
New York, NY 10001
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
ebarron@susmangodfrey.com
zsavage@susmangodfrey.com
afrawley@susmangodrey.com
espanos@susmangodfrey.com

/s/ Stevem Lierberman
Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Kristen J. Logan *(pro hac vice)*
Rothwell, Figg, Ernst & Manbeck, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783 6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
klogan@rothwellfigg.com

*Attorneys for Plaintiff*
*The New York Times Company*

/s/ Steven Lieberman

Steven Lieberman (SL8687)
Jennifer B. Maisel (5096995)
Robert Parker *(admitted pro hac vice)*
Jenny L. Colgate *(admitted pro hac vice)*
Alexandra Hughes *(admitted pro hac vice)*
Mark Rawls *(admitted pro hac vice)*
Michael H. Jones *(admitted pro hac vice)*
Kristen J. Logan *(admitted pro hac vice)*
Bryan B. Thompson (6004147)
Mary L. Mullins *(pending pro hac vice)*
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
901 New York Avenue, N.W., Suite 900 East
Washington, DC 20001
Telephone: (202) 783-6040
Facsimile: (202) 783-6031
slieberman@rothwellfigg.com
jmaisel@rothwellfigg.com
rparker@rothwellfigg.com
jcolgate@rothwellfigg.com
ahughes@rothwellfigg.com
mrawls@rothwellfigg.com
mjones@rothwellfigg.com
klogan@rothwellfigg.com
bthompson@rothwellfigg.com
mmullins@rothwellfigg.com

*Attorneys for Daily News Plaintiffs*

/s/ Lacy H. Koonce, III

Lacy H. ("Lance") Koonce, III
Matthew A. Leish
Brendan Kehoe
Lucy Hoffman
Maya Katalan
Klaris Law PLLC
161 Water Street
New York, NY 10038
Telephone: (646) 779-4882
lance.koonce@klaris.com
matthew.leish@klarislaw.com
brendan.kehoe@klarislaw.com

lucy.hoffman@klarislaw.com
maya.katalan@klarislaw.com

Guy Ruttenberg (*pro hac vice*)
Ruttenberg IP Law, A Professional Corporation
1801 Century Park East
Suite 1920
Los Angeles, CA 90067
Telephone: (310) 627-2270
ZD-AICopyright@ruttenbergiplaw.com

John R. Cuti
Cuti Frisch PLLC
233 Broadway, Suite 1720
New York, NY 10279

*Attorneys for Plaintiffs Ziff Davis, Inc., Ziff Davis, LLC, IGN Entertainment, Inc., Everyday Health Media, LLC, Mashable, Inc., and CNET Media, Inc.*