**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE:<br><br>OPENAI, INC.,<br>COPYRIGHT INFRINGEMENT LITIGATION<br><br>This Document Relates to:<br><br>No. 1:23-cv-08292<br>No. 1:23-cv-10211 | Civil Action No. 1:25-md-03143 |

# Defendant Microsoft Corporation's Reply Memorandum Of Law In Support Of Motion For Judgment On The Pleadings On Books Plaintiffs' Contributory Infringement Claim

## TABLE OF CONTENTS

INTRODUCTION ........ 1

ARGUMENT ........ 2

I. Count III Pleads Only The Material Contribution Theory That *Cox* Foreclosed. ........ 2

A. Books Plaintiffs fail to recast allegations of knowledge and contribution as purposeful inducement to infringe. ........ 3

B. Books Plaintiffs did not allege tailoring. ........ 5

C. Microsoft's Answer asserted defenses to the material contribution claim alleged. 6

II. Books Plaintiffs' Unpled Theories Were Not Litigated During Discovery. ........ 7

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advance Local Media LLC v. Cohere Inc.*,
2025 WL 3171892 (S.D.N.Y. Nov. 13, 2025) .......... 5

*Amazon Content Services LLC v. Weibley*,
No. 1:25-CV-00388, 2026 WL 1683119 (M.D. Pa. June 10, 2026) .......... 5

*BWP Media USA Inc. v. Hollywood Fan Sites, LLC*,
69 F. Supp. 3d 342 (S.D.N.Y. 2014) .......... 5

*Cox Communications, Inc. v. Sony Music Entertainment*,
607 U.S. 583 (2026) .......... *passim*

*Davis v. Rumsey Hall Sch., Inc.*,
No. 20-cv-1822, 2023 WL 6379305 (D. Conn. Sept. 29, 2023) .......... 3

*Disney Enterprises, Inc. v. MiniMax*,
839 F. Supp. 3d 1264 (C.D. Cal. 2026) .......... 5

*Energy Intelligence Grp., Inc. v. Jefferies, LLC*,
101 F. Supp. 3d 332 (S.D.N.Y. 2015) .......... 5

*Matthew Bender & Co., Inc. v. West Pub. Co.*,
158 F.3d 693 (2d Cir. 1998) .......... 6, 7

*In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*,
No. 08 Civ. 00312, 2014 WL 494522 (S.D.N.Y. Feb. 6, 2014) .......... 8

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005) .......... 3

*Miller v. Lamanna*,
169 F.4th 118 (2d Cir. 2026) .......... 10

*Santora v. Hachette Book Grp., Inc.*,
2026 WL 1973634 (S.D.N.Y. July 8, 2026) .......... 3

*Sony Corp. of Amer. v. Univ. City Studios, Inc.*,
464 U.S. 417 (1984) .......... 6

*Strike 3 Holdings, LLC v. Meta Platforms, Inc.*,
835 F. Supp. 3d 1026 (N.D. Cal. 2026) .......... 4, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ........................................................................................... 10

Fed. R. Civ. P. 12(c) ............................................................................................1, 2, 10

Fed. R. Civ. P. 30(b)(6) ............................................................................................ 9

## INTRODUCTION

Books Plaintiffs' opposition confirms the fundamental problem with Count III: No factual allegation they invoke, and no piece of discovery they now cite, goes to the inducement or tailored-to-infringement theories of contributory infringement that survived *Cox Communications, Inc. v. Sony Music Entertainment*, 607 U.S. 583, 593 (2026). Instead, they all rehash Books Plaintiffs' familiar refrain that Microsoft knew OpenAI used copyrighted training data and nevertheless invested in OpenAI, built computing infrastructure, or assisted with training. These facts may have some relevance to the material-contribution theory, but knowledge plus assistance is not inducement. Nor does building infrastructure or general-purpose data-acquisition tools for *LLM training* equate to tailoring those systems to *copyright infringement*.

Books Plaintiffs attempt to avoid *Cox* by arguing that they never needed to identify their legal theories in the Complaint. Dkt. No. 2206 (Books 12(c) Opp.) at 7-8. But Microsoft has not demanded labels. The problem here is that Count III stated only one theory with supporting factual allegations that track material contribution precisely, with *nothing* in the Complaint tracking the elements and providing factual allegations that would disclose inducement or tailored-to-infringement claims. That is why *News* Plaintiffs forthrightly attempted to amend their materially identical complaint. This Court correctly held there that *Cox* had invalidated News Plaintiffs' chosen material-contribution theory and denied the motion to amend. Dkt. No. 1662 (August 6, 2026 Mem. Order) at 3-4. Books Plaintiffs fail to distinguish that ruling, and amendment now in the midst of summary judgment briefing would be even more prejudicial.

Deflecting from their failure to plead other theories, Books Plaintiffs fault Microsoft for moving to dismiss under Rule 12(c), citing authority rejecting attacks on

the pleadings after parties have compiled a discovery record on a claim disclosed in the original complaint. That is not the situation here. Microsoft is moving to dismiss a claim that rests exclusively on a theory the Supreme Court has rejected as a matter of law. Rule 12(c) is an appropriate procedural mechanism for doing so, particularly where this Court has already explicitly rejected News Plaintiffs' attempt to amend their materially identical claim, while finding that injecting new theories would require reopening of discovery. And Books Plaintiffs are simply wrong to suggest that the parties built a discovery record on alternative contributory infringement theories. They never disclosed any new theory in responses to contention interrogatories, and Microsoft never had the opportunity to develop defenses.

Books Plaintiffs could have tried to advance inducement and tailored-to-infringement theories in this case. They did not, and this Court should not permit sneaking them in the backdoor. The motion should be granted.

## ARGUMENT

### I. Count III Pleads Only The Material Contribution Theory That *Cox* Foreclosed.

Books Plaintiffs do not dispute that "Count III's contributory infringement allegations against Microsoft track the pre-*Cox* material contribution formulation nearly word-for-word." Dkt. No. 1695 (Msft 12(c) Mot.) 4; *see* Dkt. No. 183 (Consol. Compl.) ("Complaint") ¶¶ 322-23 (alleging that Microsoft "materially contributed and facilitated" OpenAI's copying and "knew, or had reason to know" of it). Nor do they dispute that Microsoft's Rule 12(c) motion is properly directed to dismissing that now defunct theory. They nevertheless argue that they were not required to identify the "legal theories underlying their contributory infringement claim," and should therefore be

allowed to treat the material-contribution theory they alleged as an inducement or tailored-to-infringement theory. Books 12(c) Opp. 7. But as this Court has already explained in this case, the principle that Books Plaintiffs invoke applies only where "varying theories can be supported by [the] factual allegations." Dkt. No. 707 (Order re Microsoft's Mot. to Strike) at 4 (quoting *Davis v. Rumsey Hall Sch., Inc.*, No. 20-cv-1822, 2023 WL 6379305, at *9 (D. Conn. Sept. 29, 2023)). Books Plaintiffs' Complaint alleged only a material contribution theory, and their attempts to recharacterize their allegations as supporting an alternative theory fail.

### A. Books Plaintiffs fail to recast allegations of knowledge and contribution as purposeful inducement to infringe.

To establish inducement, a plaintiff must plead and prove that the defendant "actively encourage[d] infringement through specific acts" evincing an "affirmative intent" for the direct infringer to commit infringement. *Cox*, 607 U.S. at 593-94 (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936, 942 (2005)). Knowledge that a service will be used to infringe is insufficient, *id.* at 594, as is knowledge combined with "insufficient action to prevent it," *id.* at 596. Only "purposeful conduct" undertaken "to encourage another to engage in copyright infringement" can suffice. *Santora v. Hachette Book Grp., Inc.*, 2026 WL 1973634, at *5 (S.D.N.Y. July 8, 2026). Books Plaintiffs do not contest this.

In insisting that their Complaint actually pled this theory all along, Books Plaintiffs cobble together allegations that Microsoft "knew" that OpenAI trained LLMs on copyrighted material and assisted with *LLM training in general*. Books 12(c) Opp. 8-9. But that is precisely what the material contribution theory of infringement was before *Cox*. Books Plaintiffs' central allegation that Microsoft "knew" OpenAI's training

data "included a massive quantity of pirated and copyrighted material," Books 12(c) Opp. 8 (quoting Compl. ¶ 133), is insufficient to raise an inference of culpable intent post-*Cox*. Otherwise they point to allegations that Microsoft engineers "worked closely with OpenAI personnel" on the training process, Books 12(c) Opp. 8-9 (quoting Compl. ¶ 132). But that describes only collaboration on training generally, not purposeful and specific conduct that encouraged copyright infringement. The same goes for the remaining allegations regarding Microsoft's investment in OpenAI, infrastructure, embedded personnel, and product integration, which allege only knowing assistance with LLM development. Books 12(c) Opp. 8-9 (citing Compl. ¶¶ 18, 54, 78, 132-34, 136, 138-39).

Books Plaintiffs' other tactic for claiming an inducement theory is to conflate allegations of *direct* infringement with purported allegations of inducement. For example, they point to allegations that Microsoft "directly made unlicensed copies and provided critical assistance to OpenAI in making unlicensed copies." Books 12(c) Opp. 8 (quoting Compl. ¶ 133). The first half of the allegation—"directly made unlicensed copies"—explicitly states a *direct* infringement theory, not the intent-based purposeful encouragement required for an inducement claim. And the "critical assistance" referenced by the remainder of the allegation is just a conclusory shorthand for the same knowing provision of infrastructure, investment, or generalized collaboration that might have supported a material contribution theory, but does not allege inducement.

Books Plaintiffs are wrong to claim support from the cases they cite. Books 12(c) Opp. 9. Their lead case, *Strike 3 Holdings, LLC v. Meta Platforms, Inc.*, actively undermines their argument. 835 F. Supp. 3d 1026, 1042 (N.D. Cal. 2026). That court found that a defendant providing "access to its servers, data centers, IP addresses,

computers, networks, [and] accounts" generally would be "insufficient under *Cox*." *Id.* at 1042. It sustained the claim at the pleading stage only based on an algorithm and virtual private clouds allegedly "tailored to infringe copyrighted works using BitTorrent," *id.*—conduct that Books Plaintiffs did not allege in the Complaint. The rest of the cases they cite are either pre-*Cox* decisions recognizing material contribution claims, or inducement theories based on advertising, marketing, or deliberate instructions to infringe—quintessential forms of inducement under *Cox* that Plaintiffs do not allege here.[1]

### B. Books Plaintiffs did not allege tailoring.

Books Plaintiffs next contend that Microsoft's "bespoke" supercomputer, "designed specifically to train" OpenAI's models, was a service tailored to infringement. Books 12(c) Opp. 10-11. A service is tailored to infringement only when it is "especially made" or "adapted" for infringement itself. *Cox*, 607 U.S. at 594. As Microsoft's motion explained, every tailoring allegation in the Complaint describes infrastructure built for training generally, and the Complaint *expressly alleges* that OpenAI "could have 'trained' its LLMs on works in the public domain" or "paid a reasonable licensing fee to use copyrighted works" on that same infrastructure. Compl. ¶¶ 9, 54, 127–28, 130. Books Plaintiffs have no response to this and it is dispositive.

---

[1] *See Energy Intelligence Grp., Inc. v. Jefferies, LLC,* 101 F. Supp. 3d 332, 341 (S.D.N.Y. 2015) (material contribution claim); *BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 357 (S.D.N.Y. 2014) (material contribution claim); *Advance Local Media LLC v. Cohere Inc.*, 2025 WL 3171892, at *6 (S.D.N.Y. Nov. 13, 2025) (company advertised allegedly infringing conduct); *Disney Enterprises, Inc. v. MiniMax*, 839 F. Supp. 3d 1264, 1275 (C.D. Cal. 2026) (same); *Amazon Content Services LLC v. Weibley*, No. 1:25-CV-00388, 2026 WL 1683119, at *7–9 & n.11 (M.D. Pa. June 10, 2026) (pirate streaming company promoted infringing streams).

Books Plaintiffs point to the allegation that Microsoft's "supercomputing system … ***directly made unlicensed copies*** and provided critical assistance to OpenAI in making unlicensed copies." Books 12(c) Opp. 10-11 (emphasis in original). If Books Plaintiffs mean to suggest that *Microsoft* directly made unlicensed copies, that is the subject of their direct infringement claim. If Books Plaintiffs mean only to suggest that the computing and cloud system Microsoft provided was used *by OpenAI* to make unlicensed copies, that in no way shows that these systems were tailored to infringement. That is just the same material contribution allegation that is insufficient post-*Cox*.

### C. Microsoft's Answer asserted defenses to the material contribution claim alleged.

Books Plaintiffs argue that the defenses Microsoft included in its Answer suggest that Microsoft interpreted the Complaint to include inducement and tailored-to-infringement theories. Books 12(c) Opp. 11. The only two defenses they cite, however, are directly applicable to the material contribution claim the Complaint exclusively disclosed.

Books Plaintiffs are wrong to suggest that there would have been "no reason" to assert a "Substantial Noninfringing Uses" defense absent a tailored-to-infringement theory in the Complaint. Books 12(c) Opp. 11. That defense has been relevant to any contributory infringement claim based on the provision of equipment or services since *Sony Corp. of Amer. v. Univ. City Studios, Inc.*, 464 U.S. 417, 442 (1984). For example, *Matthew Bender & Co., Inc. v. West Pub. Co.* quoted the then-prevailing rule that contributory infringement can be imposed for "materially contribut[ing]" to infringement; noted that liability could be imposed for "provision of machinery or goods

that facilitate infringement"; but recognized *Sony*'s holding that "substantial noninfringing uses" often foreclose liability for "provision of equipment." 158 F.3d 693, 706 (2d Cir. 1998) (internal quotation marks omitted). That is why Microsoft raised the defense in its motion to dismiss News Plaintiffs' material contribution claim—which, of course, fully refutes any suggestion that Microsoft had no reason to include the defense absent a tailoring claim.[2] No. 1:23-cv-11195-SHS, Dkt. No. 65 at 9-10.

Books Plaintiffs also flag Microsoft's assertion that it is "'not legally responsible for OpenAI's 'reproduction, distribution, or display of infringing outputs.'" Books 12(c) Opp. 11-12 (quoting Dkt. 878 (Msft Answer) at 41). That is nothing but an assertion that Microsoft is not secondarily liable at all.

Because Count III is based exclusively on the material contribution theory *Cox* rejected, it should be dismissed.

## II. Books Plaintiffs' Unpled Theories Were Not Litigated During Discovery.

Books Plaintiffs claim that even if they did not adequately plead inducement or tailored-to-infringement claims, the "evidence produced during discovery would fill any perceived gaps in the complaint." Books 12(c) Opp. 12 (internal quotation marks omitted). To do this, they assemble stray pieces of evidence they say could support the unpled theories. This argument fails for numerous reasons.

*First*, Books Plaintiffs failed to include any inducement or tailored-to-infringement theory in their sworn contention interrogatory responses. Microsoft

---

[2] The only reason Microsoft did not move on the same basis in the Books case is that both Defendants agreed just after Microsoft was brought into the case that (among other things) they would not file any motion to dismiss as part of a global stipulation on the sequencing of procedural stages in this case. Dkt. No. 56, No. 1:23-cv-8292-SHS-OTW (Jan. 22, 2024).

sought the complete basis for Books Plaintiffs' direct and contributory infringement claims, giving Books Plaintiffs every opportunity to list any basis for liability they thought they had alleged in their Complaint. Yet nowhere did they allege purposeful encouragement of OpenAI's alleged infringement, nor include any factual basis for the notion that Microsoft tailored supercomputing infrastructure to infringement specifically. *See* Ex. A (Class Pls.' Suppl. Resps. & Objs. to Microsoft's First Set of Interrogs.) at 7-14. A party's omission of theories of liability from contention interrogatories is binding even on claims that are disclosed in the Complaint. *In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.*, No. 08 Civ. 00312, 2014 WL 494522, at *2 (S.D.N.Y. Feb. 6, 2014). Certainly a party that has *failed* to plead a theory and then omitted it from contention interrogatories cannot claim its adversary had proper notice.

*Second*, Books Plaintiffs fail to address the discovery *Microsoft* would have pursued had the Complaint disclosed inducement or tailored-to-infringement theories. *See* Msft 12(c) Mot. 3. As this Court held in denying News Plaintiffs' attempt to amend, this case featured "[e]xtensive, lengthy, and contentious discovery" that "proceeded . . . on the . . . 'material contribution' theory"; allowing News Plaintiffs to "switch their theories now would require reopening discovery into Microsoft's intent and whether the services Microsoft provided to OpenAI were tailored to infringement." Dkt. No. 1662 at 4; *see* Dkt. No. 1695 at 3. That is equally true here. Microsoft had no opportunity to develop a full record on issues of intent or tailoring because Books Plaintiffs never disclosed a theory of liability turning on those issues. Plaintiffs' attempt to throw together some facts that could seem to be applicable to an inducement or tailoring claim does not address the obvious prejudice to Microsoft.

*Third*, in any event, the purported discovery Books Plaintiffs note simply mirrors the inadequate complaint. Books Plaintiffs describe a 2019 exchange in which Microsoft's Head of Search, Jordi Ribas, offered to help OpenAI with certain training-related activities, followed by transfers of the Bing Index and a list of seeding URLs, and then Microsoft's crawl of half the web for OpenAI under "Project Mango." Books 12(c) Opp. 13-14. As explained above, assistance with training generally is just a material contribution theory. *See supra* 3-5. As for Microsoft's alleged transfers of copyrighted material, that goes to Books Plaintiffs' *direct* infringement claims based on distribution, not an unpled claim based on purposeful encouragement. Beyond that, Books Plaintiffs offer only the same allegations that Microsoft "knew … copyrighted data it procured for OpenAI was, at best, problematic" or "was aware" that OpenAI used materials from "LibGen." *Id.* at 14-15. And again, Microsoft had no opportunity to develop a full factual record into the absence of culpable intent and purposeful encouragement to infringe.

Similarly, Books Plaintiffs try to predicate a tailoring claim on a quote from Microsoft's Rule 30(b)(6) designee describing the use of the Project Mango crawler as "an effort to help OpenAI bootstrap [the] ability to collect as many of the documents as possible for their training—training the large language models," and they note that OpenAI then "used that data to train GPT-4o." *Id.* at 15. That is just another allegation of providing a general-purpose tool that, according to Books Plaintiffs, OpenAI allegedly used to gather materials that it used for training. Neither web crawlers nor training are inherently infringing activities, and Books Plaintiffs point to no evidence that Microsoft somehow adapted a general-purpose web-crawler specifically to an infringing use.

This case is meaningfully different from *Miller v. Lamanna*, 169 F.4th 118 (2d Cir. 2026), the case Books Plaintiffs repeatedly invoke for the notion that discovery somehow allows them to maintain legal theories they never pled or disclosed. In *Miller*, the plaintiff alleged a discrimination claim under the Equal Protection Clause. *Id.* at 122. After years of discovery on that claim, the defendants moved for summary judgment, but *also* asserted that the complaint was "entirely devoid of facts" supporting the claim. *Id.* The district court "convert[ed] defendants' motion for summary judgment into a motion to dismiss" under Rule 12(b)(6) and granted the motion. *Id.* at 123. The Second Circuit reversed. It noted that the parties had "compiled" a record on the disputed claim in the complaint and that defendants' failure to move sooner deprived the plaintiff of the chance to cure any pleading deficiency. *Id.* at 126. And though it noted that a motion under *Rule 12(c)* would have been timely, it said that such a motion should not be granted where discovery had filled factual gaps in the original complaint. *Id.* at 130.

Here, Microsoft is not bringing a Rule 12(c) motion to challenge the adequacy of factual allegations in the original Complaint, nor could it have brought this motion sooner. Microsoft is moving to dismiss a claim that was initially well-pled only under a material-contribution theory that *Cox* later eliminated as a matter of law. Unlike in *Miller*, where full discovery was conducted on the claim that was later challenged under Rule 12, Plaintiffs are asking the Court to piece together bits of scattered evidence uncovered in discovery on other unrelated claims to breathe life into new theories that they never pled. *Miller* does not support that extraordinary proposition, and common sense and basic fairness foreclose it. Microsoft should not be forced to defend against theories that were never pled, and therefore never developed in discovery.

## CONCLUSION

The Court should dismiss Count III of Class Plaintiffs' Consolidated Class Action Complaint with prejudice.

Dated: November 20, 2026

Respectfully submitted,

*/s/ Annette L. Hurst*

ORRICK, HERRINGTON & SUTCLIFFE LLP
Annette L. Hurst (admitted pro hac vice)
Daniel Justice (admitted pro hac vice)
Robert Scott Shwarts
Catherine Lui (admitted pro hac vice)
Amanda H. Schwartz (admitted pro hac vice)
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
Telephone: (415) 773-5700
Facsimile: (415) 773-5759
ahurst@orrick.com
djustice@orrick.com
rshwarts@orrick.com
clui@orrick.com
aschwartz@orrick.com

Christopher J. Cariello
Lisa T. Simpson
Marc Shapiro
Vanessa Sorrentino
Hilda Obeng
51 West 52nd Street
New York, NY 10019
Telephone: (212) 506-3778
Facsimile: (212) 506-5151
ccariello@orrick.com
lsimpson@orrick.com
mrshapiro@orrick.com
vsorrentino@orrick.com
hobeng@orrick.com

Sheryl Koval Garko (admitted pro hac vice)
Laura Brooks Najemy (admitted pro hac vice)
222 Berkeley Street
Boston, MA 02116
Telephone: (617) 880-1800
Facsimile: (617) 880-1801
sgarko@orrick.com
lnajemy@orrick.com

Isaac Sawlih Behnawa (admitted pro hac vice)
Johnathan Vaknin (admitted pro hac vice)
355 S. Grand Ave. Suite 2700
Los Angeles, CA 90071
Telephone: (213) 612-2179
Facsimile: (213) 612-2499
ibehnawa@orrick.com
jvaknin@orrick.com

Monica Svetoslavov (admitted pro hac vice)
Louis Andrew Schreiber
2100 Pennsylvania Avenue NW
Washington, DC 20037
Telephone: (202) 339-8400
Facsimile: (202) 339-8500
msvetoslavov@orrick.com
aschreiber@orrick.com

FAEGRE DRINKER BIDDLE & REATH LLP
Jeffrey S. Jacobson
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 248-3191
jeffrey.jacobson@faegredrinker.com

Jared B. Briant (admitted pro hac vice)
Kirstin L. Stoll-DeBell (admitted pro hac vice)
Timothy Scull (admitted pro hac vice)
Shelby Pickar-Dennis (admitted pro hac vice)
1144 15th Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 607-3588
jared.briant@faegredrinker.com
kirstin.stolldebell@faegredrinker.com
timothy.scull@faegredrinker.com
shelby.pickar-dennis@faegredrinker.com

Lora A. Brzezynski (admitted pro hac vice)

Brianna Lynn Silverstein (admitted pro hac vice)
Faith Maggard (admitted pro hac vice)
1500 K Street NW, Suite 1100
Washington, DC 20005
Telephone: (202) 230-5000
Facsimile: (202) 842-8465
lora.brzezynski@faegredrinker.com
brianna.silverstein@faegredrinker.com
faith.maggard@faegredrinker.com

Carrie A. Beyer (admitted pro hac vice)
320 South Canal Street, Suite 3300
Chicago, IL 60606-5707
Telephone: (312) 569-1000
Facsimile: (312) 569-3000
carrie.beyer@faegredrinker.com

Elizabeth M.C. Scheibel (admitted pro hac vice)
2200 Wells Fargo Center, 90 S. 7th Street
Minneapolis, MN 55402
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
elizabeth.scheibel@faegredrinker.com

Andrew Lawrence Van Houter
600 Campus Drive
Florham Park, NJ 07932
Telephone: (973) 549-7018
Facsimile: (973) 360-9831
andrew.vanhouter@faegredrinker.com

*Attorneys for Defendant Microsoft Corporation*

## CERTIFICATE OF COMPLIANCE

In accordance with Local Civil Rule 7.1(c), I certify that the foregoing Memorandum of Law is **3,040** words, exclusive of the caption page, table of contents, table of authorities, and signature block. The basis of my knowledge is the word-count feature of the word-processing system used to prepare this memorandum.

Dated: November 20, 2026

By: */s/ Annette L. Hurst*

Annette L. Hurst